Adam E. Jones (OSB# 152429)
**FORSBERG & UMLAUF, P.S.**
901 Fifth Avenue, Suite 1400
Seattle, WA 98164
Telephone: 206.689.8500
Fax: 206.689.8501
Email: ajones@foum.law

Brian A. Kelly (*pro hac vice* pending)
**DUANE MORRIS LLP**
One Market Plaza, Spear Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: 415.957.3000
Fax: 415.957.3001
E-mail: bakelly@duanemorris.com

Attorneys for Defendants
CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON AND CERTAIN LONDON MARKET
COMPANIES

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| In re: <br><br> KAISER GYPSUM COMPANY, INC. and HANSON PERMANENTE CEMENT, INC. (f/k/a Kaiser Cement Corporation), <br><br> Debtors. <br><br> KAISER GYPSUM COMPANY, INC. and HANSON PERMANENTE CEMENT, INC. (f/k/a Kaiser Cement Corporation), <br><br> Plaintiffs, <br> v. <br><br> AIU INSURANCE COMPANY et al., <br><br> Defendants. | Case No.: <br><br> **LONDON MARKET INSURERS' NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT TO BANKRUPTCY COURT** <br><br> **DEMAND FOR JURY TRIAL** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD AND TO THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF OREGON:**

Defendants Certain Underwriters at Lloyd's, London and Certain London Market Companies ("London Market Insurers") hereby remove the lawsuit entitled *Kaiser Gypsum Company, Inc. v. AIU Insurance Company*, including all claims, counterclaims, and third-party claims (the "Action"), formerly pending in the Circuit Court of the State of Oregon for the County of Multnomah ("State Court") to the United States Bankruptcy Court for the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1452(a) and FRBP 9027(a), and hereby gives notice of such removal to each of the following:

1. The Circuit Court of the State of Oregon for the County of Multnomah;

2. Plaintiffs Kaiser Gypsum Company ("Kaiser Gypsum") and Hanson Permanente Cement ("Kaiser Cement"; collectively with Kaiser Gypsum, "Kaiser") through their counsel of record C. Marie Eckert, Miller Nash Graham & Dunn LLP, 3400 U.S. Bancorp Tower, 111 S.W. Fifth Avenue, Portland, Oregon 97204; and

3. Each Defendant, except London Market Insurers, at the address of their principal place of business listed in Exhibit 2 to the Complaint.

Removal of the Action is based upon the following facts:

1. On September 29, 2016, Kaiser filed a civil action against Defendants entitled *Kaiser Gypsum Company, Inc. v. AIU Insurance Company* in the Circuit Court of the State of Oregon for the County of Multnomah.

2. In the Action, Kaiser sues for declaratory judgment and breach of contract as more fully set forth in the copy of the Complaint attached hereto as Exhibit A. The Action arises out of insurance policies issued to or subscribed by Defendants in favor of Kaiser. Kaiser claims that it is entitled to insurance coverage under these policies "for costs that Kaiser has incurred and will incur at two environmental cleanup sites." Complaint at ¶ 2 (attached as Exhibit A).

3. The Action is not a proceeding before the United States Tax Court.

4. The Action is not a civil action by a governmental unit to enforce its police or regulatory power.

5. The Action, until the filing of this Notice of Removal and the filing of a copy of this Notice of Removal with the State Court, was pending in the Circuit Court of the State of Oregon for the County of Multnomah.

6. On September 30, 2016, Kaiser filed petitions for relief in the Bankruptcy Court for the Western District of North Carolina under Chapter 11 of the United States Bankruptcy Code, which is currently pending. The case numbers for the two filed cases are: 16-31602 and 16-31614.

7. By the Action, Kaiser sues Defendants to recover money damages for the estate caused by certain Defendants' alleged breach of contracts.

8. The Action is non-core. London Market Insurers do not consent to the Bankruptcy Judge's entry of final orders or judgments.

9. This Court has "related to" jurisdiction over the Action pursuant to 28 U.S.C. § 1334(b).

10. Removal of this Action to this Court is proper pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027.

11. Venue for the Action is proper in this Court under 28 U.S.C. § 1452(a) because this Court is the Bankruptcy Court located in the District where the Action is pending. Concurrently herewith, London Market Insurers are filing a motion to transfer venue to the United States District Court for the Western District of North Carolina, for referral to the United States Bankruptcy Court for the Western District of North Carolina.

12. The removal of this Action is timely. This Action satisfies each of the three independent tests for timeliness: it is filed before 90 days after the order for relief in the bankruptcy case; it is filed before 30 days after entry of an order terminating a stay; and it is filed before at least 30 days after a trustee has been qualified but within 180 days after the order for relief. Fed. R. Bankr. P. 9027(a)(2).

13. Attached as Exhibit A are true and correct copies of all pleadings in the Action prior to removal that London Market Insurers are aware of to date.

14. Promptly after filing the Notice of Removal, London Market Insurers will serve a copy of it on all parties to the Action. Fed. R. Bankr. P. 9027(b).

15. Promptly after filing the Notice of Removal, London Market Insurers will file with the State Court a copy of this Notice of Removal, as required by Federal Rule of Bankruptcy Procedure 9027(c).

16. Within seven days of the undersigned date, London Market Insurers will file in this Court evidence of compliance with the notice requirements of Bankruptcy Rule 9027(b). L.B.R. 9027-1.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 20th day of October, 2016.

Dated: October 20, 2016            **FORSBERG & UMLAUF, P.S.**

By: /s/ *Adam E. Jones*
Adam E. Jones (OSB# 152429)

# CERTIFICATE OF SERVICE

On the date given below I caused to be served the foregoing ***LONDON MARKET INSURERS' NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT TO BANKRUPTCY COURT*** on the following individuals (see attached List) via U.S. Mail:

**SIGNED** this 20th day of October, 2016, at Seattle, Washington.

/s/ Christina Young-Robinson
Christina Young-Robinson

| PARTY | SERVICE ADDRESS |
|---|---|
| Kaiser Gypsum Company, Inc. and Hanson Permanente Cement, Inc. | C/O<br>C. Marie Eckert<br>Miller Nash Graham & Dunn LLP<br>3400 U.S. Bancorp Tower<br>111 S.W. Fifth Avenue<br>Portland, OR 97204<br><br>Kay M. Brady<br>Michael J. Lynch<br>D. Syed Ali<br>K&L Gates, LLP<br>K&L Gates Center<br>210 Sixth Avenue<br>Pittsburgh, PA 15222 |
| AIU Insurance Company | 175 Water Street, 24th Floor New York, NY 10038 |
| Allianz Underwriters Insurance Company *(f/k/a Allianz Underwriters, Inc.)* | 225 W. Washington Street Suite 1800<br>Chicago, IL 60606-3484 |
| Allstate Insurance Company *(as successor-in-interest to Northbrook Excess and Surplus Insurance Company f/k/a Northbrook Insurance Company)* | 3075 Sanders Road<br>Suite G2H<br>Northbrook, IL 60062-7127 |
| Associated International Insurance Company | Ten Parkway North<br>Deerfield, IL 60015 |
| Columbia Casualty Company | 333 South Wabash Avenue<br>Chicago, IL 60604 |
| The Continental Insurance Company *(for itself and as successor-in-interest to Harbor Insurance Company AND as successor to certain policies issued by London Guarantee & Accident Company of New York)* | 333 South Wabash Avenue<br>Chicago, IL 60604 |
| Executive Risk Indemnity, Inc. *(f/k/a Executive Re Indemnity Inc. f/k/a ERIC Reinsurance Company f/k/a American Excess Insurance Company)* | 436 Walnut Street<br>Philadelphia, PA 19106 |
| Fireman's Fund Insurance Company | 225 W. Washington Street Suite 1800<br>Chicago, IL 60606-3484 |
| First State Insurance Company | 100 High Street, Suite 800<br>Boston, MA 02110 |

| PARTY | SERVICE ADDRESS |
|---|---|
| Lexington Insurance Company | 99 High Street, 23rd Floor<br>Boston, MA 02110 |
| London & Edinburgh Insurance Company Ltd. | C/O The Hartford<br>One Hartford Plaza<br>Hartford, CT 06155-0001 |
| Munich Reinsurance America, Inc. *(f/k/a American Re-Insurance Company)* | 555 College Road East<br>Princeton, New Jersey 08543-5241 |
| National Casualty Company | 8877 North Gainey Center Drive Suite A<br>Scottsdale, AZ 85258 |
| National Fire Insurance Company of Hartford *(f/k/a Transcontinental Insurance Company)* | 333 South Wabash Avenue,<br>Chicago, IL 60604 |
| National Union Fire Insurance Company of Pittsburgh, PA *(for itself and as successor by merger to Landmark Insurance Company)* | 175 Water Street<br>18th Floor<br>New York, NY 10038 |
| New England Reinsurance Corporation | 100 High Street, Suite 800<br>Boston, MA 02110 |
| Old Republic Insurance Company | 133 Oakland Avenue<br>Greensburg, PA 15601-0789 |
| Sentry Insurance a Mutual Company *(as assumptive reinsurer of Great Southwest Fire Insurance Company)* | 1800 North Point Drive Stevens Point, WI 54481 |
| TIG Insurance Company *(as successor by merger to International Insurance Company, as successor by merger to International Surplus Lines Insurance Company)* AND *as successor by merger to Fairmont Premier Insurance Company, f/k/a TIG Premier Insurance Company, f/k/a Transamerica Premier Insurance Company)* | 250 Commercial Street<br>Suite 5000<br>Manchester, NH 03101-1116 |

| PARTY | SERVICE ADDRESS |
|---|---|
| Transport Indemnity Company | R&Q Solutions LLC<br>On behalf of Transport Indemnity Company<br>2 Logan Square<br>100 North 18th Street, Suite 600<br>Philadelphia, PA 19103 |
| Truck Insurance Exchange | 6301 Owensmouth Avenue<br>Woodland Hills, CA 91367 |
| Twin City Fire Insurance Company | One Hartford Plaza<br>Hartford, Connecticut 06155-0001 |
| United States Fire Insurance Company *(as successor by novation to Industrial Indemnity Company)* | 305 Madison Avenue<br>Morristown, NJ 07960 |
| Westport Insurance Corporation *(as successor by merger to Employers Reinsurance Corporation)* | 5200 Metcalf Avenue<br>Overland Park, KS 66202-1391 |
| U.S Trustee | U.S. Bankruptcy Administrator Office<br>402 W. Trade Street, Suite 200<br>Charlotte, NC 28202-1669 |
| Assurance Compagniet Baltica-Skandinavia Aktieselskab | C/O Tryg A/S<br>Klausdalsbrovej 601<br>2750 Ballerup<br>Denmark |
| Granite State Insurance Company | 500 West Madison Street Suite 3000<br>Chicago, IL 60661 |
| The Insurance Company of the State of Pennsylvania | 175 Water Street, 18th Floor New York, NY 10038 |

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Kaiser Gypsum Co, Inc + Hanson Permanente Cement, Inc | **DEFENDANTS** AIU Insurance Co, et al. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Miller Nash Graham + Dunn LLP 3400 U.S. Bancorp Tower  503.224.5858 111 SW Fifth Ave, Portland, OR 97204 | **ATTORNEYS** (If Known) For London Market Insurers Adam Jones Forsberg + Umlauf, P.S. 206.689.8500 |
| **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee ☐ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee ☐ Creditor  ☒ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Removal of state court action under 28 USC § 1452(a) and FRBP 9027(a)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☒ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought** Transfer to the Bankruptcy Court for the Western District of North Carolina under 28 USC §§ 1412 and/or 1404

2016 OCT 20 AM 11:03  FILED_DOCKETED_RCD  BANKRUPTCY COURT DISTRICT OF OREGON

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR Kaiser Gypsum Co || BANKRUPTCY CASE NO. 16-bk-31602 ||
| DISTRICT IN WHICH CASE IS PENDING Bankr. W.D.N.C. || DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) [signature] ||||
| DATE 10/20/2016 || PRINT NAME OF ATTORNEY (OR PLAINTIFF) Adam Jones, Counsel for London Market Insurers ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.