C. Marie Eckert, P.C., OSB No. 883490
marie.eckert@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  503.224.5858
Fax:  503.224.0155

Kay M. Brady (admitted pro hac vice)
Michael J. Lynch (admitted pro hac vice)
D. Syed Ali (admitted pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone:  (412) 355-6500

Attorneys for Plaintiffs Kaiser Gypsum Company,
Inc. and Hanson Permanente Cement, Inc.

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>OUT OF DISTRICT & BANKRUPTCY CASE<br><br>KAISER GYPSUM COMPANY, INC., and HANSON PERMANENTE CEMENT, INC. (f/k/a Kaiser Cement Corporation),<br><br>       Debtors.<br>_____<br>KAISER GYPSUM COMPANY, INC., and HANSON PERMANENTE CEMENT, INC. (f/k/a Kaiser Cement Corporation),<br><br>       Plaintiffs, | Adv. Proc. No. 16-03127-rld<br><br>Chapter 11<br><br>PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO REMAND |

**Page 1 of 23**  Plaintiffs' Brief in Support of Motion to Remand

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Case 16-03127-rld   Doc 55   Filed 11/10/16

v.

AIU INSURANCE COMPANY et al.,

Defendants.

## I.  **INTRODUCTION**

This state law action belongs in state court.  Debtors Kaiser Gypsum Company ("Kaiser Gypsum") and Hanson Permanente Cement ("Kaiser Cement," collectively with Kaiser Gypsum, the "Debtors") properly filed this insurance coverage action in the Circuit Court of the State of Oregon for the County of Multnomah ("State Court") before the Debtors filed for bankruptcy relief.  Defendants Certain Underwriters at Lloyd's, London and Certain London Market Companies ("London Market Insurers") removed this action from State Court and filed a Motion to Transfer Venue to the North Carolina Bankruptcy Court ("Venue Motion"), where the Bankruptcy Cases are pending.  The Debtors filed a Brief in Opposition to the Venue Motion on November 3, 2016, and now move for remand to the State Court.

This action presents the question of whether, under Oregon state insurance law, London Market Insurers and other insurers are obligated to provide coverage and pay damages for breaches of their insurance policies with respect to, *inter alia*, the St. Helens environmental contamination site in Oregon.[1]  Oregon has expressed its "substantial public interest in promoting the fair and efficient resolution of environmental claims" involving sites in Oregon by enacting the Environmental Cleanup Assistance Act, ORS 465.475 et seq. (the "OECAA"),

---

[1]  The coverage action involves two sites: (i) a 75 year-old manufacturing facility in St. Helens, Oregon (the facility itself and the surrounding area at which there is alleged environmental property damage are referred to herein as the "St. Helens Site"), and (ii) former cement, gypsum and gypsum accessory manufacturing facilities and related areas located along the Lower Duwamish River in Seattle, Washington (the facilities themselves and the surrounding area at which there is alleged environmental property damage are referred to herein as the "LDW Site"; the LDW Site and the St. Helens Site, collectively the "Sites").  Complaint, ¶¶ 2, 13-34.

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

which, among other things, expressly provides that Oregon law applies to insurance coverage disputes for environmental property damage claims involving a site in Oregon.

Given the state law nature of this action and Oregon's important interest in resolving coverage disputes involving contaminated property in Oregon, there are, as discussed in greater detail below, strong and compelling equitable grounds supporting remand of this action back to State Court pursuant to 28 U.S.C. § 1452(b), including that:

- Remand would avoid imposing an unnecessary burden on the Bankruptcy Court, which would be free to address other matters without the need to devote time and resources to this action and its complex Oregon state law insurance coverage issues.

- This action involves only state law issues and there is no independent basis for federal court jurisdiction outside of "related to" jurisdiction under 28 U.S.C. § 1334.

- Comity will be served by remand, particularly where, as here, the State of Oregon has enacted a statute directly applicable to the dispute.

- This action is independent and remote from the Bankruptcy Cases.

- The Debtors and London Market Insurers have asserted the right to a jury trial, but neither has consented to a jury trial being conducted in the Bankruptcy Court.

- The Debtors will be prejudiced if remand is not granted.

- Removal and transfer of the action will unnecessarily burden the Bankruptcy Court's docket; and

- Through their removal and motion to transfer venue of this action, and their previous filing of a competing coverage action in another jurisdiction after the filing of this action, London Market Insurers are engaging in obvious forum shopping in an apparent attempt to avoid Oregon law and reduce assets available for the estate.

For these reasons and for the reasons set forth below, Kaiser's Motion to Remand should be granted.

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

## II.    BACKGROUND

A.    **The State Court Insurance Coverage Action**

On September 29, 2016, the Debtors filed this insurance coverage action for declaratory relief pursuant to Oregon's Uniform Declaratory Judgments Act, ORS 28.010, *et seq.*, and for breach of contract in Oregon State Court. Complaint, ¶¶ 1-3, 42-56. The Debtors seeks a declaration under state law that they is entitled to insurance coverage under more than 100 insurance policies (the "Policies") issued by the insurance company defendants (the "Defendant Insurers") for costs that the Debtors have incurred and will incur at two environmental cleanup sites, including the St. Helens Site in Oregon.  In addition, the Debtors seek damages based on certain Defendant Insurers' breach of their obligations under their respective Policies for failure to pay losses incurred and to be incurred in the future as a result of alleged environmental property damage at the Sites.

B.    **The Bankruptcy Cases**

On September 30, 2016, the Debtors each filed a petition for Chapter 11 bankruptcy relief in the Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Cases").  In their Bankruptcy Cases, the Debtors intend to seek confirmation of a plan of reorganization to channel approximately 14,000 current asbestos claims and all future asbestos claims to a trust established under section 524(g) of the Bankruptcy Code.  The Debtors also intend to seek a bar date for non-asbestos claims and a discharge of their liabilities at the two environmental Sites.  The Debtors have the ability to confirm a plan of reorganization and emerge from bankruptcy without a resolution of this proceeding.

C.    **Notice of Removal**

On October 20, 2016, the London Market Insurers filed a Notice of Removal, removing this action from the State Court [Dkt. No. 1].  The London Market Insurers filed the Venue Motion [Dkt. No. 3] on the same day, and that motion is currently pending before this Court.

**Page 4 of 19**  Plaintiffs' Brief in Support of Motion to Remand

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Case 16-03127-ltd    Doc 55    Filed 11/10/16

### III. JURISDICTION

The London Market Insurers removed this action pursuant to 28 U.S.C. § 1452(a) and Rule 9027(a) of the Federal Rules of Bankruptcy Procedure. The parties agree that this is a non-core proceeding (see Notice of Removal at ¶ 8 and Response to London Market Insurers' Notice of Removal at ¶ 1). The London Market Insurers have asserted that this Court has "related-to" jurisdiction over this action pursuant to 28 U.S.C. § 1334(b) (Notice of Removal at ¶ 9).

This Court has authority to remand this action pursuant to 28 U.S.C § 1452(b).

### IV. LEGAL STANDARD AND ARGUMENT

A. **Legal Standard**

Under 28 U.S.C. § 1452(b), a court may remand a claim or cause of action "on any equitable ground." This statute provides an "unusually broad grant of authority" for courts to remand a removed case. *In re McCarthy*, 230 B.R. 414, 417 (9th Cir. B.A.P. 1999). Judges may consider any equitable factors, but a number of courts, including courts in the Ninth Circuit, look to seven key factors:

(1) The effect of the action on the administration of the bankruptcy estate;

(2) The extent to which issues of state law predominate;

(3) The difficulty of applicable state law;

(4) Comity;

(5) The relatedness or remoteness of the action to the bankruptcy estate;

(6) The existence of a right to a jury trial; and

(7) Prejudice to the party involuntarily removed from state court.

*Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*, 736 F. Supp 2d 1283, 1290 (W.D. Wash. 2010); *see also Barge v. W. S. Life Ins. Co.*, 307 B.R. 541, 548 (S.D. W. Va. 2004).

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

A number of other courts, including courts in this district, have applied a fourteen factor test, which includes the following factors in addition to the seven factors listed above:

(1) Presence of related proceeding commenced in state court or other non-bankruptcy proceeding;

(2) Jurisdictional basis, if any, other than § 1334;

(3) The substance rather than the form of an asserted core proceeding;

(4) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(5) The burden on the bankruptcy court's docket;

(6) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; and

(7) The presence in the proceeding of nondebtor parties.

*In re Neel*, 554 B.R. 241, 246–47 (Bankr. D. Or. 2016) (recognizing that courts have applied a number of tests, but applying the fourteen factor test where both parties agreed to its application); *Machine Zone, Inc. v. Peak Web LLC* (*In Re: Peak Web LLC*), No. AP 16-3083, 2016 WL 5864500, at *3-6 (Bankr. D. Or. Aug. 24, 2016). In addition, the Court should consider "judicial economy and 'the effect of bifurcating the claims and parties' and 'the possibilities of inconsistent results.'" *Id., citing Cox v. Holcomb Family Ltd. P'ship*, 2015 WL 128001 at *1 (Bankr. D. Or. 2015) (*quoting In re Sequoia Village,* LLC, 2012 WL 478926 at *1 (Bankr. D. Or. 2012)).

B.     **More than Sufficient Equitable Grounds Warrant Remand Here**

On this Motion to Remand, the Court need not find that every factor favors remand. Rather, any single factor "may provide a sufficient basis for equitable remand." *Fed. Home Loan*, 736 F. Supp. 2d at 1291. Here, the overwhelming majority of factors either weigh strongly in favor of remand or are largely neutral.

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

1. **The Effect of the Action on the Administration of the Bankruptcy Estates Supports Remand**

Remanding this action to Oregon state court would be more efficient for the administration of the bankruptcy estates for multiple reasons. First, remand would avoid imposing a needless burden on the Bankruptcy Court, which would be free to address other matters without devoting substantial time and resources to the complex state law insurance coverage issues raised by this action. As one court considering whether to remand an insurance coverage action to state court explained,

> In fact, retention of federal jurisdiction could detract from the efficient administration of the estate and impose an unnecessary burden on the Bankruptcy Court by requiring the bankruptcy court to expend time and resources on the state law action that could otherwise be spent administering to the estate.

*Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 408 (S.D.N.Y. 1991).

Here, the retention of this environmental coverage action would place a considerable burden on the Bankruptcy Court. This action involves numerous insurers and over 100 insurance policies spanning more than four decades. Development of the factual record relevant to the insurance issues will likely involve disputes regarding, and detailed investigations of, the operations and remediation histories of two complicated environmental sites. The legal and factual issues that the Bankruptcy Court will ultimately need to decide will likely include, without limitation:

- Whether the Debtors provided timely notice to the Defendant Insurers of the environmental claims and, possibly, whether the Insurers were prejudiced by any alleged late notice;

- Whether property damage occurred in each policy period so as to trigger all of the insurers' 100-plus policies;

- How the Debtors may be permitted to allocate their investigation and remediation costs among the Defendant Insurers' policies;

- Whether the Debtors "expected or intended" any of the property damage at the sites;

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

- Whether the Debtors' investigation and remediation efforts have been reasonable; and

- Whether any of the insurers' proffered defenses (*e.g.*, policy exclusions) limit or preclude coverage.

Addressing these issues will require the Bankruptcy Court to interpret numerous policies and policy provisions and to consider substantial case and statutory law. The investigations and discovery needed to address the factual aspects of these issues will likely involve scores of depositions and the production of large numbers of documents. If other environmental coverage cases are any guide, the court will be required to resolve on multiple discovery disputes and summary judgment motions. Further, particularly in light of the fact that this case involves two complicated environmental sites, it is likely that the trial of this action will take weeks, if not months. In sum, the drain on the Bankruptcy Court's time and resources would be enormous.

Second, retaining this coverage action will not facilitate or accelerate the administration of the Debtors' bankruptcy estates. The London Market Insurers agree that this proceeding is "non-core," but they do not consent to the Bankruptcy Court's entry of final orders or judgments (Notice of Removal at ¶ 8). Further, the Debtors have requested a jury trial. Thus, the Bankruptcy Court would likely be asked to handle pre-trial matters while the district court would conduct the jury trial. In contrast, the Oregon state court will be able to handle all matters related to the litigation. Because retention of this action will likely require the involvement of two federal courts rather than the one state court, it would be more efficient for the administration of the estates if this litigation proceeded in the state court.

Third, remand is proper since there are no "bankruptcy issues that need to be resolved before the state law claims can be determined." *Machine Zone, Inc. v. Peak Web LLC* (*In Re: Peak Web LLC*), No. AP 16-3083, 2016 WL 5864500, at *3 (Bankr. D. Or. Aug. 24, 2016).

**Page 8 of 19** Plaintiffs' Brief in Support of Motion to Remand

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Finally, resolution of this action is not necessary before confirmation of a plan in the Bankruptcy Cases. Since the administration of the Debtors' estates is not dependent on the outcome of this action, this factor weighs heavily in favor of remand. *Id.*

### 2. This Action Involves Only State Law Issues

In considering a motion to remand, bankruptcy courts have repeatedly recognized that state law claims belong in state court. *See, e.g.*, *In re Peak Web LLC*, No. AP 16-3083, 2016 WL 5864500, at *3 (Bankr. D. Or. Aug. 24, 2016) ("State law issues not only predominate in this litigation; all claims are based on state law, not federal law. There are no bankruptcy issues that need to be determined before the case can be tried. This weighs in favor of remand to state court."); *Mattingly v. Newport Offshore, Ltd.*, 57 B.R. 797, 799-800 (D.R.I. 1986) ("Congress has made it plain that, in respect to noncore proceedings such as this (*i.e.,* cases which assert purely state law causes of action), the federal courts should not rush to usurp the traditional precincts of the state courts."); *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 408 (S.D.N.Y. 1991) ("…the determination of whether there should be a monetary recovery by reason of insurance coverage losses … is … a state-law issue most appropriately decided by the State Court"); *In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 740 (Bankr. C.D. Cal. 2007) (recognizing in determining that remand was appropriate that "[t]he predominance of state law claims is also an important consideration. The central purpose of the bankruptcy courts is to hear bankruptcy cases; this is not a court of general jurisdiction").

Here, the action is based solely on state law claims.[2] The complaint asserts only two claims: (i) declaratory judgment under the Oregon Declaratory Judgment Act, ORS 28.010, *et seq.* and (ii) breach of contract, both of which are governed by Oregon law (at least with respect to the St. Helens Site) in accordance with the OECAA. *See* ORS 465.480(2)(a) ("Oregon

---

[2] *See, e.g.*, *In re GACN, Inc.*, 555 B.R. 684, 699 (B.A.P. 9th Cir. 2016) (recognizing that a complaint for declaratory judgment regarding parties' rights and liabilities under an insurance contract was "wholly governed by state law"); *James v. Lindstrom*, No. 2:15-CV-00919-SU, 2016 WL 4251577, at *2 (D. Or. Aug. 10, 2016) (recognizing that claims under O.R.S. § 28.010 are "state-law claims").

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

law shall be applied in all cases [between an insured and insurer to determine coverage for environmental contamination] where the contaminated property to which the action relates is located within the State of Oregon.")

      3.      **The Difficulty or Unsettled Nature of Applicable State Law Weighs In Favor of Remand**

Environmental insurance coverage disputes, like this action, "are highly complex from an institutional, legal and technical point of view." *Practical Environmental Forensics: Process and Case Histories,* by Patrick J. Sullivan, Franklin J. Agardy, Richard K. Traub, John Wiley & Sons, Inc. 2001, p. 311. As noted, this action involves 100-plus insurance policies with multiple layers of coverage, issued over an extended time period. Although the OECAA provides certainty with respect to many insurance issues under Oregon law, applying that law to the activities at the Sites, which took place over many decades, causing varied types of property damage to different environmental media, will surely be a complicated endeavor. Resolution of state law legal issues will depend on, among other things, testimony by "experts knowledgeable in historical best management practices for the handling of hazardous and toxic wastes, fate and transport of contaminants in the subsurface, subsurface remediation decision making, and effectiveness and costs of selected remedial measures." *Id.* at 312. In addition, in the event that novel issues of state law must be resolved as the action proceeds, the state court would be in the best position to apply state law and resolve any unsettled issues of state law. *See, e.g., In re Constr. Supervision Servs., Inc.*, No. AP 12-00569-8-RDD, 2012 WL 2993891, at *2 (Bankr. E.D.N.C. July 20, 2012) (determining remand was appropriate where, among other things, "the claims in this action involve complex state law issues, which would be better heard in state court.")

Moreover, in the broader context of the London Market Insurers' Venue Motion, in the event this action is not remanded and is instead transferred to North Carolina Bankruptcy Court, the litigation could become even more complex. For example, although Oregon law

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

should apply to Kaiser's claim for coverage of its liabilities arising from the St. Helens site regardless of the venue, the choice of law analysis likely would become more complicated and contested if this action were transferred. Indeed, the likely reason that the London Market Insurers are trying to transfer this action to another state is to try to find a way to avoid the OECAA.[3] The complexity of this state law action and the potential added complication of likely choice of law disputes necessarily weigh in favor of remand.

### 4. Comity Weighs Heavily in Favor of Remand

Courts recognize that comity weighs in favor of a state court forum where the state has a compelling interest in the suit's subject matter. *See In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007) (comity "strongly favors the state court forum" because the state had a compelling interest in the subject matter, protecting children from sexual predators, even though federal constitutional issues were implicated).

Oregon has a compelling interest in ensuring that contaminated property within its borders is remediated and that sufficient insurance assets are available to pay those costs, as evidenced by its passage of the OECAA. ORS 465.478 ("The State of Oregon has a substantial public interest in promoting the fair and efficient resolution of environmental claims while encouraging voluntary compliance and regulatory cooperation."). A state's interest in adjudicating actions involving environmental matters is a uniquely state-specific interest that should not be usurped without an equally compelling interest. *See Sandvik, Inc. v. Cont'l Ins. Co.*, 724 F. Supp. 303, 311 (D.N.J. 1989) (finding, for the purpose of a motion to transfer venue in an environmental insurance coverage action, that the compelling interests of a state in which environmental contamination occurred "dominated" the interests of the plaintiff's home forum).

---

[3] As explained in more detail below, *see infra* at ¶ 10, this is not the London Market Insurers' first attempt to shop forums in a misguided effort to avoid the application of Oregon law to environmental coverage for an Oregon cleanup site. On the day after the Debtors filed their complaint in Oregon state court in this environmental coverage action, the London Market Insurers filed a competing action in California state court that purports to address the same coverage issues (but inexplicably fails to include Kaiser Gypsum as a party) as this case. That action, however, has been stayed pursuant to the Automatic Stay.

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Oregon has made its compelling interest explicit through passage of the OECAA, and no competing federal interest outweighs it. Thus, comity weighs strongly in favor of remand.

   **5.     The Remoteness of the Action to the Bankruptcy Cases
              Weighs in Favor of Remand**

          The parties agree that the Bankruptcy Court only has "related to" jurisdiction over this action. (Notice of Removal at ¶9). As set forth in Section B.1, above, the Debtors' claims in this coverage action are not dependent on the Bankruptcy Cases, nor is resolution of this action a predicate to the Debtors' successful reorganization.

          The fact that this action (a) only involves non-core issues that bear little relation to the main bankruptcy case and (b) need not be resolved prior to confirmation of a reorganization plan weighs in favor of remand. *In re Peak Web LLC*, No. AP 16-3083, 2016 WL 5864500, at *4 (Bankr. D. Or. Aug. 24, 2016) (recognizing that even though the action involved the largest claims against the debtors, "these important claims need not be resolved before the confirmation hearing, and there is no indication that confirmation is dependent on successful prosecution of the litigation"; therefore, this factor weighed in favor of remand); *In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 740 (Bankr. C.D. Cal. 2007); *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405 (S.D.N.Y. 1991) (recognizing in the context of a state law insurance coverage action brought by the debtors that "[w]hile this action is sufficiently related to [plaintiff's] bankruptcy cases for jurisdictional purpose under § 1334(b), it is not sufficiently related to warrant retention of federal jurisdiction over the state law claims it presents"). This factor strongly supports remand.

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

6.      **The Right to a Jury Trial Favors Remand**

Both the Debtors and the London Market Insurers have asserted the right to a jury trial, but neither has consented to the jury trial being conducted in the Bankruptcy Court. Thus, the Bankruptcy Court could not preside over the jury trial, which would have to take place in the District Court. As such, pre-trial and trial activities would be bifurcated. This factor alone has been sufficient for courts to grant motions to remand in non-core cases. *See, e.g.*, *Fed. Home Loan Bank of Seattle v. Deutsche Bank Secs., Inc.*, 736 F. Supp 2d 1283, 1291 (W.D. Wash 2010) ("Courts have granted equitable remand solely on the basis of a party's entitlement to a jury trial.") (citing *Zweygardt v. Colo. Nat'l Bank of Denver*, 52 B.R. 229 (Bankr. D. Colo. 1985)).

It would far more efficient to remand this action, which involves environmental contamination in the state of Oregon and the application of Oregon's laws, to the State Court where the parties can have a jury trial in the same court that would preside over pre-trial matters. *See, e.g.*, *In re Pluma, Inc.*, 2000 WL 33673752 (Bankr. M.D.N.C. Sept. 15, 2000) (deciding to abstain and remanding back to state court where jury trial had been demanded and the parties had not consented to the Bankruptcy Court entering judgment). Further, as stated above, environmental insurance coverage trials, and particularly those involving more than one site, often take weeks to complete. Thus, the right to a jury trial weighs strongly in favor of remand.

7.      **The Debtors and the Estate Would Be Prejudiced Without Remand**

As the parties involuntarily removed from state court, prejudice to the Debtors is a relevant factor. *Fed. Home Loan*, 736 F. Supp. 2d at 1290. Because this Court's most likely options are either to transfer venue of this action to the North Carolina Bankruptcy Court or remand the case to the State Court, it should consider this factor in its deliberations regarding this Motion to Remand. As pointed out in the Debtors' brief in opposition to the Venue Motion, litigation of this action in the North Carolina Bankruptcy Court (and District Court) would be more costly and less convenient for the Debtors.

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

One of the two Sites at issue in the action is in Oregon and the other Site is in nearby Washington State. Complaint, ¶ 2. As a result, a considerable amount of the evidence relevant to this action is located in Oregon and Washington. Declaration of Charles E. McChesney II, ¶¶ 13-18 ("McChesney Decl.") (in support of Plaintiffs' Brief in Opposition to London Market Insurers' Motion to Transfer Venue). Most fact witnesses and likely some of the experts who can be expected to testify are also in Oregon or Washington. McChesney Decl., ¶ 13. Specifically regarding the St. Helens Site, most of the environmental consultants involved in the investigation and remediation of the St. Helens Site are located in Oregon.[4] Further, the only known fact witness with knowledge of the Site's historical operations is an Oregon resident. McChesney Decl., ¶ 14. The testimony of all of these individuals will be important to the efforts of the Debtors to prove coverage, and the latter, and in turn the estate, will be prejudiced if the action is litigated in North Carolina. *See, e.g., In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 741 (Bankr. C.D. Cal. 2007) (denying transfer to New Mexico and remanding to state court in California because plaintiff would be prejudiced by the fact that the events giving rise to the claims occurred in the California and the majority of the plaintiff's witnesses and its documentary evidence was in California).

Further, access to the contaminated sites, which is often of importance in environmental coverage cases, will be facilitated if the action is litigated in Oregon. *See Fimbel Door Corp. v. U.S. Fid. & Guar. Co.,* No. CIV. 90-1187 (CSF), 1990 WL 191920 (D.N.J. Nov. 5, 1990) (granting a motion to transfer an environmental insurance coverage action from the state of the insured's incorporation and principal place of business to the state hosting the environmental site); *see also Sandvik*, 724 F. Supp. at 308 ("Environmental coverage claims cannot be decided in a vacuum; they require investigation into site-specific facts and cannot be

---

[4]   The Debtors are aware of only one consultant who resides in North Carolina.  McChesney Decl., ¶ 16.

70134285.1                                    MILLER NASH GRAHAM & DUNN LLP
                                              ATTORNEYS AT LAW
                                          TELEPHONE: 503.224.5858
                                        3400 U.S. BANCORP TOWER
                                          111 S.W. FIFTH AVENUE

decided merely by reference to the terms of the insurance policy."). Thus, remand would preserve ease of access to various sources of proof.

Finally, although the Ninth Circuit does not recognize mandatory (or discretionary) abstention under the circumstances present here, the Fourth Circuit likely would exercise mandatory (and discretionary) abstention and remand the action to state court.[5] Accordingly, a remand by this Court would prevent prejudice to the Debtors by avoiding further delay and unnecessary costs that would necessarily be incurred in reaching the same result.

## 8. There is No Jurisdictional Basis Other Than § 1334, Which Favors Remand

This is a state law coverage action in which there is no diversity of citizenship, and therefore § 1334 is the only jurisdictional basis on which this action can proceed in the Bankruptcy Court. Diversity jurisdiction does not exist for multiple reasons, including the fact that one Defendant Insurer, National Casualty Company, has its principal place of business in Arizona, where Kaiser Cement is incorporated. Complaint, ¶¶ 5, 7. Because no independent basis for federal jurisdiction exists, this factor favors remand. *See In re Constr. Supervision Servs., Inc.*, No. 12-00569-8-RDD, 2012 WL 2993891, at *5 (Bankr. E.D.N.C. July 20, 2012) ("[T]he Court finds it has no jurisdictional basis over the adversary proceeding other than that provided in 28 U.S.C. § 1334, because the matter involves purely state law issues, which could be more easily and efficiently filed and adjudicated in state court.")

---

[5] Under Fourth Circuit law, district courts and bankruptcy courts must "abstain from hearing a proceeding when the moving party demonstrates that (1) its motion for abstention was timely; (2) the proceeding is based on state law issues; (3) the proceeding is 'related to' a title 11 case but is not a core proceeding; (4) the proceeding otherwise could not have been commenced in the United States courts but for 28 U.S.C. § 1334; (5) there must be an action commenced in state court; and (6) the state action must be one which can be timely adjudicated in a state forum of appropriate jurisdiction." *See In re Pluma, Inc.*, No. AP 99-11104C-11G, 2000 WL 33673752, at *2 (Bankr. M.D.N.C. Sept. 15, 2000) (remanding a transferred case back to the state court in the jurisdiction it was transferred from). If this action is transferred to the North Carolina Bankruptcy Court, the Debtors expressly reserve the right to request both mandatory and discretionary abstention.

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

### 9. The Unnecessary Potential Burden on the Bankruptcy Court's Favors Remand

As set forth above, including sections IV.B.1-3, this action is legally and factually complex, involving dozens of parties, 100-plus policies and likely hundreds of thousands of pages of documents, numerous complex legal and factual issues, and the possibility of a multi-week, if not multi-month, trial. The trial court will be required to address numerous fact and expert discovery disputes, summary judgment motions, and other pre-trial activities, all while applying state law to the substantive issues. The Debtors who filed this action see no benefit to themselves, to the estates or to the Bankruptcy Court in keeping this matter in the Bankruptcy Court.[6] On the contrary, and for the reasons stated above, the burden on the Debtors and the Bankruptcy Court in the absence of remand is likely to be extensive and unnecessary. The state court is perfectly situated to apply Oregon law and fully equipped to handle this action. Accordingly, this factor weighs heavily in favor of remand. *See, e.g., In Re: Peak Web LLC*, 2016 WL 5864500, at *4-5 (recognizing that this factor weighed in favor of remand where the matter involved "complex litigation" and it was "very possible" that there would be "significant pretrial matters" that would "take a significant amount of the trial judge's time").

### 10. The Court Should Reject the London Market Insurers' Forum Shopping

In considering this Motion to Remand, the Court should consider the high likelihood that the London Market Insurers are forum shopping in their removal and effort to transfer venue of this action. As detailed in in the Debtors' Opposition to the Venue Motion, there is little question that the London Market Insurers are forum shopping. They filed a competing action in California state court the day after the Debtors commenced this coverage action and only minutes before the Bankruptcy Cases were filed. McChesney Decl. at ¶ 12. Their motivation here is clear -- they hope to avoid the application of Oregon law in favor of California law or some other law they perceive as more favorable to their attempt to avoid

---

[6] McChesney Decl. at ¶ 25.

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

coverage.  As the London Market Insurers' clear reason for seeking removal and transfer of this action is to engage in forum shopping to the potential detriment of the Debtors and their bankruptcy estates, this factor weighs heavily in favor of remand.[7]

### 11.     Consideration of Bankruptcy Abstention Doctrines Weigh in Favor of Remand

Courts have also considered the bankruptcy abstention doctrines set forth in 28 U.S.C. § 1334(c) as relevant considerations for remand.  For example, courts have "imported" the factors governing permissive abstention under 28 U.S.C. § 1334(c)(1) to apply to equitable remand.  *In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007). Under 28 U.S.C. § 1334(c)(2), a court may abstain from hearing a case "in the interest of justice, or in the interest of comity with State courts or respect for State law[.]"  The factors considered for permissive abstention are generally identical to the factors discussed above.  *See, e.g., In re Constr. Supervision Servs., Inc.*, 2012 WL 2993891, at *4 ("Although remand and permissive abstention are separate doctrines, 'virtually the same (if not the identical) factors have emerged for judging the propriety of permissive abstention under § 1334(c)(1) as have been articulated for deciding the propriety of remand under § 1452(b).'") (internal citations omitted).

Courts have also suggested that a failure to remand when all of the elements of mandatory abstention under § 1334(c)(2) are present would be inequitable and an abuse of discretion. *See Bally Total Fitness Corp. v. Contra Costa Retail Ctr.*, 384 B.R. 566, 570 (Bankr. N.D. Cal. 2008) ("Strictly speaking, these [abstention] statutes do not apply to remand of a removed proceeding [in the Ninth Circuit]. Remand is based on general equitable principles. . . .

---

[7]    Although the London Market Insurers accuse Kaiser of forum shopping, that ignores the difference between a plaintiff selecting the most appropriate forum and a defendant trying to upend that choice. *See, e.g., Federal Court United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 889 (N.D. Ohio 1999) ("... unlike defendant forum shopping, plaintiff forum shopping 'is not an evil to be avoided'.... Having chosen a forum, a plaintiff would lose any advantage if the defendant were able—by scarcely overcoming the plaintiff's choice—to pull the well-placed procedural rug from under the plaintiff's feet.") (citations omitted).

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

However, arguably, failure to remand where all of the elements of mandatory abstention are present would be an abuse of the Court's discretion.").

Here, there is no question that this action is based on state law issues, is not a core proceeding, and could not otherwise have been commenced in federal court but for 28 U.S.C. § 1334. Additionally, there is no reason to believe that the State Court could not timely adjudicate the action. *See Power Plant Entm't Casino Resort Indiana, LLC v. Mangano*, 484 B.R. 290, 297–98 (Bankr. D. Md. 2012) (holding that it should be presumed that trial courts operate with timely and efficient management and the burden is on the party opposing abstention to prove otherwise). Therefore, the factors of mandatory and permissive abstention also weigh in favor of remand.

### 12. Additional Commonly Considered Factors Favor Remand, Are Neutral, or Are Unpersuasive

Although the Court may consider additional factors on a motion for remand, those factors also favor remand, are neutral or are unpersuasive in light of the overwhelming strength of the other factors favoring remand.

## V. <u>CONCLUSION</u>

For all the reasons set forth above, the Debtors respectfully requests that the Court grant the Motion to Remand and remand this action back to the Circuit Court of the State of

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Oregon for the County of Multnomah for adjudication of the Debtors' state law insurance coverage claims.

DATED this 10th day of November, 2016.

MILLER NASH GRAHAM & DUNN LLP

/s/ C. Marie Eckert
C. Marie Eckert, P.C., OSB No. 883490
marie.eckert@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

Kay M. Brady (admitted pro hac vice)
kay.brady@klgates.com
Michael J. Lynch (admitted pro hac vice)
michael.lynch@klgates.com
D. Syed Ali (admitted pro hac vice)
Syed.ali@klgates.com
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501

Attorneys for Plaintiffs Kaiser Gypsum Company, Inc. and Hanson Permanente Cement, Inc. (f/k/a Kaiser Cement Corporation)

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

I hereby certify that I served the foregoing Plaintiffs' Brief in Support of Motion

to Remand on:

Thomas W. Brown
Cosgrave Vergeer Kester LLP
888 SW 5th Avenue, Suite 500
Portland, OR  97204
Phone:  503 323-9000
Fax:  503 232-9019
E-mail:  tbrown@cosgravelaw.com;
        tbrown@cvk-law.com

Adam E. Jones
Fosberg & Umlauf, P.S.
901 Fifth Avenue, Suite 1400
Seattle, WA 98164-2047
Phone:  206-689-8501
E-mail:  ajones@foum.law

Attorney for Defendants AIU Insurance
Company. Granite State Insurance Company,
The Insurance Company of the State of
Pennsylvania, Lexington Insurance Company,
and National Union Fire Insurance Company
of Pittsburgh, PA

Adam E. Jones
Fosberg & Umlauf, P.S.
901 Fifth Avenue, Suite 1400
Seattle, WA  98164-2047
Phone:  206-689-8500
E-mail:  ajones@foum.law

Attorney for Defendants Allianz Underwriters
Insurance Company, Allstate Insurance
Company, Columbia Casualty Company; The
Continental Insurance Company, Fireman's
Fund Insurance Company, National Fire
Insurance Company of Hartford, Old Republic
Insurance Company,  States Fire Insurance
Company, Certain Underwriters at Lloyd's of
London, Certain London Market Insurance
Companies, Accident & Casualty Insurance
Company, Alba General Insurance Company
Ltd., Anglo French Insurance Company
Limited, The Anglo Saxon Insurance
Association, Assurance Compagniet Baltica-
Skandinavia Aktieselskab, Baloise Fire
Insurance Company Limited, Brittany
Insurance Company, CX Reinsurance
Company Limited, The Dominion Insurance
Company Limited, Excess Insurance Company
Limited, Fidelidade Insurance Company,
Harper Insurance Company Limited, The
London and Edinburgh Insurance Company
Limited, Markel International Insurance
Company, National Casualty Company of
America Ltd., River Thames Insurance
Company Limited, The Royal Scottish
Insurance Company Ltd., St. Katherine
Insurance Company Limited, Stronghold
Insurance Company Limited, Tenecom
Limited, Trent Insurance Company Limited,
UnionAmerica Insurance Company Limited,
Winterthur Swiss Insurance Company, World
Auxilliary Insurance Corporation Limited, and
Zurich International Limited

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Damon L. Henrie
Katie L. Smith
Henrie & Smith, LLP
15455 SW Greenbrier Pkwy, Suite 125
Beaverton, OR 97006
Phone: 503-593-8548
E-mail: dhenrie@henriesmith.com

Katherine M. Hance
James P. Ruggeri
Shipman & Goodwin LLP
1875 K. Street NW, Suite 600
Washington, D.C. 20006

Adam E. Jones
Fosberg & Umlauf, P.S.
901 Fifth Avenue, Suite 1400
Seattle, WA 98164-2047
Phone: 206-689-8500
E-mail: ajones@foum.law

Attorneys for First State Insurance Company,
London & Edinburg Insurance Company, Ltd.
New England Reinsurance Corporation, and
Twin City Fire Insurance Company

Adam E. Jones
Fosberg & Umlauf, P.S.
901 Fifth Avenue, Suite 1400
Seattle, WA 98164-2047
Phone: 206-689-8500
E-mail: ajones@foum.law

Jay William Beattie
Jay W Beattie
Lindsay Hart LLP
1300 SW 5th Avenue, Suite 3400
Portland, OR 97201
Phone: 503 226-7677
Fax: 503 226-7697
E-mail: jbeattie@lindsayhart.com

Attorneys for Truck Insurance Exchange

Adam E. Jones
Fosberg & Umlauf, P.S.
901 Fifth Avenue, Suite 1400
Seattle, WA 98164-2047
Phone: 206-689-8500
E-mail: ajones@foum.law

Peter Jeffrey Mintzer
Selman Breitman LLP
800 Fifth Avenue, Suite 4100
Seattle, WA 98104-3100
Phone: 206-447-6461
Fax: 206-447-6461
E-mail: pmintzer@selmanlaw.com

Attorneys for Defendants National Casualty
Company, and Sentry Insurance a Mutual
Company

Douglas R. Pahl
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209
Phone: 503 727-2087
Fax: 503 727-2222
E-mail: dpahl@perkinscoie.com

Attorneys for Owens Corning

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Case 16-03127-rld    Doc 55    Filed 11/10/16

Brandy A. Sargent
Stoel Rives LLP
760 SW Ninth Avenue,  Suite 3000
Portland, OR  97205
Phone:  503 294-9888
Fax:  503 220-2480
E-mail:  brandy.sargent@stoel.com

Attorneys for Armstrong World Industries, Inc.

Adam E. Jones
Fosberg & Umlauf, P.S.
901 Fifth Avenue, Suite 1400
Seattle, WA  98164-2047
Phone:  206-689-8500
E-mail:  ajones@foum.law

Joseph M. Vanleuven
Davis Wright Tremaine LLP
1300 SW 5th Avenue, Suite 2400
Portland, OR  97201
Phone:  503 778-5325
Fax:  503 778-5299
E-mail:  joevanleuven@dwt.com

Attorneys for Transport Indemnity Company

Steven P. Soha
Soha & Lang
1325 4th Avenue, Suite 2000
Seattle, Washington  98101
Phone:  206-654-1690
E-mail:

Attorneys for Westchester Fire Ins. Co., and
Westchester Surplus Lines Insurance Company

by the following indicated method or methods on the date set forth below:

☒ **CM/ECF system transmission.**

☐ **E-mail.**  As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☐ **Facsimile communication device.**

☐ **First-class mail, postage prepaid.**

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

☐ **Hand-delivery.**

DATED this 10th day of November, 2016.

/s/ C. Marie Eckert
C. Marie Eckert
marie.eckert@millernash.com
Phone: (503) 224-5858
Fax: (503) 224-0155

Attorneys for Plaintiffs Kaiser Gypsum
Company, Inc. and Hanson Permanente
Cement, Inc. (f/k/a Kaiser Cement
Corporation)

70134285.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204