Adam E. Jones (OSB# 152429)
**FORSBERG & UMLAUF, P.S.**
901 Fifth Avenue, Suite 1400
Seattle, WA 98164
Telephone: 206.689.8500
Fax: 206.689.8501
Email: ajones@foum.law

Brian A. Kelly (admitted *pro hac vice*)
Russell W. Roten (admitted *pro hac vice*)
**DUANE MORRIS LLP**
One Market Plaza, Spear Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: 415.957.3000
Fax: 415.957.3001
E-mail: bakelly@duanemorris.com
        rwroten@duanemorris.com

Attorneys for Defendants
CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON AND CERTAIN LONDON MARKET
COMPANIES

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

In re:

KAISER GYPSUM COMPANY, INC. and
HANSON PERMANENTE CEMENT, INC.
(f/k/a Kaiser Cement Corporation),

                Debtors.

KAISER GYPSUM COMPANY, INC. and
HANSON PERMANENTE CEMENT, INC.
(f/k/a Kaiser Cement Corporation),

                Plaintiffs,

    v.

AIU INSURANCE COMPANY et al.,

                Defendants.

Case No.: 16-03127-rld

**LONDON MARKET INSURERS'
OPPOSITION TO KAISER'S
MOTION TO REMAND**

DATE OF HEARING: Dec. 12, 2016

TIME OF HEARING: 10:30 AM

i

**Table of Contents**

I.    Introduction ...................................................................................................................1

II.   Argument .......................................................................................................................2

      A.   The Motion Should Be Denied to Allow Efficient Administration of the
           Estate. .............................................................................................................. 2

           1.   Efficiently administering the estate requires that this case be litigated in
                North Carolina. ....................................................................................... 3

           2.   Oregon is not better suited for resolving the claims than the North Carolina
                court, and it is not in the interests of comity to allow Oregon to adjudicate
                this case. ................................................................................................. 10

           3.   The forum shopping factor favors LMI, because LMI would be prejudiced
                by litigating this case in Oregon. .......................................................... 16

           4.   There are no related proceedings pending in Oregon state court.............. 17

           5.   Though this case involves non-debtor parties, these parties are already
                involved in the bankruptcy........................................................................ 17

           6.   Kaiser's right to a jury trial is neutral. ..................................................... 18

           7.   It is immaterial that the only basis for jurisdiction is bankruptcy............. 18

      B.   Neither this Court Nor the North Carolina Bankruptcy Court Would Abstain
           From Hearing this Case. .......................................................................... 18

III.  Conclusion ....................................................................................................................22

LONDON MARKET INSURERS' OPPOSITION TO MOTION TO REMAND

1733631 / 1111.0001

Case 16-03127-rld    Doc 95    Filed 11/30/16

**Federal Cases**

*Aetna Life Ins. Co. v. Dunken*, 266 U.S. 389 (1924) ........................................................ 13

*Anderson Brothers, Inc. v. St. Paul Fire & Marine Ins. Co.,* 729 F.3d 923 (9th Cir. 2013) ............ 14

*In re Arcadius Dev., LLC*, Case No. 07-01462, 2010 Bankr. LEXIS 1728 (Bankr. E.D.N.C. June 9, 2010) ................................................................................................................. 15

*In re B.L. of Miami, Inc.*, 294 B.R. 325 (Bankr. D. Nev. 2003) ........................................... 9

*Bowles v. Massey Energy Co.*, Case No. 2:12-cv-05997, 2012 WL 6628953, 2012 U.S. Dist. LEXIS 179187 (S.D. W. Va. Dec. 19, 2012)................................................... 20–21

*Bunsow v. Davis*, Case No. 12-ap-3113, 2012 Bankr. LEXIS 5280 (Bankr. N.D. Cal. Oct. 31, 2012) ................................................................................................................ 2, 7

*CAMOFI* Master *LDC v. U.S. Coal Corp.,* 527 B.R. 138 (Bankr. S.D.N.Y. 2015) ........................... 3

*City & Borough of Juneau v. Beardsley (In re Fountain Vill. Dev.)*, Case No. 09-bk-39718, 2014 Bankr. LEXIS 4088 (Bankr. D. Alaska Sept. 16, 2014).............................................. 2

*Coar v. Nat'l Union Fire Ins. Co.*, 19 F.3d 247 (5th Cir. 1994)............................................ 8

*Coar v. Nat'l Union Fire Ins. Co.*, Case No. 92-357, 1992 WL 165674, 1992 U.S. Dist. LEXIS 9815 (E.D. La. July 7, 1992)......................................................................... 8, 16

*Cornerstone Dental, PLLC v. Smart Dental Care, LLC*, Case No. 07-ap-09002, 2008 Bankr. LEXIS 1122 (Bankr. D. Idaho Mar. 31, 2008) ....................................................... 2

*In re Cytodyn of N.M., Inc.*, 374 B.R 733 (Bankr. C.D. Cal. 2007). .................................... 16

*Ferens v. John Deere Co.*, 494 U.S. 516 (1990)........................................................... 19

*Fimbel Door Corp. v. United States Fidelity & Guaranty Co.*, Case No. 90-cv-1187, 1990 WL 191920, 1990 U.S. Dist. LEXIS 16032 (D.N.J. 1990) .............................................. 17

*Galaz v. Katona*, Case No. 5:14-cv-967, 2015 WL 5565266, 2015 U.S. Dist. LEXIS 125595 (W.D. Tex. Sept. 21, 2015)......................................................................................... 16

*H.D. Supply Waterworks, Ltd. v. Spivey (In re Constr. Supervision Servs.)*, Case No. 12-bk-00569, 2012 WL 2993891, 2012 Bankr. LEXIS 3340 (Bankr. E.D.N.C. July 20, 2012) ...................... 19

*In re Hanson Permanente Cement, Inc.*, Case No. 16-31614, ECF No. 1, Voluntary Petition at 3–4 (Bankr. W.D.N.C. Sep. 30, 2016)................................................................... 22

*Healy v. Beer Inst.*, 491 U.S. 324 ........................................................................ 13

*Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037 (9th Cir. 2012)...................................... 19

1733631 / 1111.0001

Case 16-03127-rld    Doc 95    Filed 11/30/16

*IBC Mfg. Co. v. Berkshire Hathaway Specialty Ins. Co.*, Case No. 3:16-cv-00908-SI, 2016 U.S. Dist. LEXIS 115240 (D. Or. Aug. 29, 2016) ........................................................................ 14

*Kouveliotes v. USCC Cas. Ins. Co.*, Case No. 12-5273, 2012 WL 4955271, 2012 U.S. Dist. LEXIS 148373 (D.N.J. Oct. 16, 2012) .................................................................................... 13

*Longchamps Elec., Inc. v. Rothenberg (In re Wrenn Assocs.)*, Case No. 04-bk-11408, 2004 Bankr. LEXIS 1083 (Bankr. D.N.H. July 26, 2004) .................................................................. 5, 16

*Machine Zone, Inc. v. Peak Web LLC (In re Peak Web LLC)*, Case No. 16-bk-32311, 2016 Bankr. LEXIS 3149 (Bankr. D. Or. 2016) ............................................................................... 10, 18

*Mattingly v. Newport Offshore, Ltd.*, 57 B.R. 797 (D.R.I.) (1986) .................................................. 10

*Maya, LLC v. Cytodyn of N.M., Inc. (In re Cytodyn of N.M., Inc.)*, 374 B.R. 733 (Bankr. C.D. Cal. 2007) .................................................................................................................................. 16

*McGillis/Eckman Invs. - Billings, LLC v. Sportsman's Warehouse, Inc.*, Case No. 10-cv-26, 2010 WL 3123266, 2010 U.S. Dist. LEXIS 80810 (D. Mont. June 30, 2010) ...................................... 7

*MD Acquisition, LLC v. Myers*, Case No. 2:08-cv-494, 2009 WL 466383, 2009 U.S. Dist. LEXIS 13549 (S.D. Ohio Feb. 23, 2009) ................................................................................... 2

*Meritage Homes Corp. v. JPMorgan Chase Bank, N.A.*, 474 B.R. 526 (Bankr. S.D. Ohio 2012) ..... 2

*Montalvo v. Vela (In re Montalvo)*, Case No. 16-70186, 2016 Bankr. LEXIS 3727 (Bankr. S.D. Tex. Oct. 14, 2016) .......................................................................................... 5, 8, 15–16

*N.Y. City Employees' Ret. Sys. v. Ebbers (In re Worldcom, Inc. Sec. Litig.)*, 293 B.R. 308 (S.D.N.Y. 2003) ........................................................................................................... 21–22

*Nat'l Retail Dev. Partners I, LLC v. Maness (In re Mortgs., Ltd.)*, 399 B.R. 673 (Bankr. D. Ariz. 2008) .................................................................................................................................. 5, 8

*Nemsa Establishment v. Viral Testing Sys. Corp.*, Case No. 95-cv-0277, 1995 WL 489711, 1995 U.S. Dist. LEXIS 11650 (S.D.N.Y. Aug. 14, 1995) ................................................................ 15

*New Eng. Wood Pellet, LLC v. New Eng. Pellet, LLC*, 419 B.R. 133 (D.N.H. 2009) ................. 5, 15

*Nilsen v. Neilson (In re Cedar Funding, Inc.)*, 419 B.R. 807 (9th Cir. BAP) ................................... 3

*Pender v. Bank of Am. Corp.*, 788 F.3d 354 (4th Cir. 2015) ......................................................... 19

*Pettus Props., Inc. v. VFC Partners 8, LLC (In re Pettus Props., Inc.)*, Case No. 10-bk-31632, 2012 WL 956915 (Bankr. W.D.N.C. Mar. 20, 2012) ...................................................................... 3

*Power Plant Entertainment Casino Resort Indiana, LLC v. Mangano*, 484 B.R. 290 (Bankr. D. Md. 2012) .................................................................................................................................. 22

iv

*Principal Life Ins. Co. v. JPMorgan Chase Bank, N.A. (In re Brook Mays Music Co.)*, 363 B.R. 801 (Bankr. N.D. Tex. 2007) ............................................................................. 5, 17–18

*In re Roman Catholic Bishop*, 374 B.R. 756 (Bankr. S.D. Cal. Aug. 4, 2007) ........................ 10

*S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885 (9th Cir. 2003) ........................................ 14

*Sandvik, Inc. v. Continental Ins. Co.*, 724 F. Supp. 303 (D.N.J. 1989) ................................... 16

*Schulman v. California (In re Lazar)*, 237 F.3d 967 (9th Cir. Cal. 2001) ................................ 19

*Sec. Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999 (9th Cir. 1997) ......................... 22

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302 (C.D. Cal. 2010) ............. 15

*In re Talon Holdings, Inc.*, 221 B.R. 214 (Bankr. N.D. Ill. May 28, 1998) ................................ 3

*TIG Ins. Co. v. Smolker (In re TIG Ins. Co.)*, 264 B.R. 661 (Bankr. C.D. Cal. 2001) ................. 10

*In re Torwico Elecs.*, 8 F.3d 146 (3d Cir. 1993) .......................................................................... 4

*United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881 (N.D. Ohio 1999) ........................... 17

*W.R. Grace & Co. v. Continental Cas. Co.*, 896 F.2d 865 (3d Cir. 1990) (*per curiam*) .......... 13

*Walter v. Freeway Foods, Inc. (In re Freeway Foods of Greensboro, Inc.)*, 449 B.R. 860 (Bankr. M.D.N.C. 2011) ....................................................................... 5, 8, 15, 17–18, 20, 22

*In re World Solar Corp.*, 81 B.R. 603 (S.D. Cal. 1988) ............................................................ 21

**State Cases**

*Certain Underwriters at Lloyd's London v. Mass. Bonding & Ins. Co.*, 235 Ore. App. 99 (2010) .... 6

*Hampton Tree Farms v. Jewett*, 320 Or. 599 (1995) ................................................................. 11

*Kaiser Cement v. Ins. Co. of the State of Pennsylvania*, 215 Cal.App.4th 210 (2013) ............. 11, 15

*London Market Insurers v. Superior Court*, 146 Cal.App.4th 648 (2007) ................................ 11, 15

*North Pac. Ins. Co. v. Wilson's Distrib. Serv.*, 138 Or. App. 166 (1995) .................................. 6, 20

*Schnitzer Investment Corp. v. Certain Underwriters at Lloyds, London*, Case No. 990202004 (Or. Cir. Ct., Multnomah Cnty.) ............................................................................................ 6, 21

*Sulzer Pumps (US) Inc. v. Superior Court*, No. B222280, 2010 WL 2000369 (Cal. Ct. App. May 25, 2010) (unpublished) ............................................................................................... 12

*ZRZ Realty Co. v. Bellefonte Re Ins. Co.*, Case No. 970806226 (Or. Cir. Ct., Multnomah Cnty.) 5, 20

*ZRZ Realty Co. v. Beneficial Fire & Cas. Ins. Co.*, 222 Ore. App. 453 (2008) ........................ 6

*ZRZ Realty Co. v. Beneficial Fire & Cas. Ins. Co.*, 349 Or. 117 (2010) ............................................. 6

*ZRZ Realty Co. v. Benefit Fire & Cas. Ins. Co.*, 255 Or. App. 524 (2013) ......................................... 6

*ZRZ Realty Co. v. Benefit Fire & Cas. Ins. Co.*, 351 Or. 255 (2011) ................................................. 6

**Statute**

Or. Rev. Stat. 465.480 ............................................................................................................... 12, 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LONDON MARKET INSURERS' OPPOSITION TO MOTION TO REMAND

1733631 / 1111.0001

Case 16-03127-rld    Doc 95    Filed 11/30/16

1 Defendants Certain Underwriters at Lloyd's, London and Certain London Market
2 Companies ("London Market Insurers" or "LMI") hereby oppose the Motion to Remand (ECF
3 Nos. 54–55) filed by Plaintiffs Kaiser Gypsum Company ("Kaiser Gypsum") and Hanson
4 Permanente Cement ("Kaiser Cement", and collectively with Kaiser Gypsum, "Kaiser" or
5 "Movants"), and in support thereof, respectfully state as follows.

6 **I.    INTRODUCTION**

7 Kaiser faces substantial liabilities from asbestos and environmental claims, though the
8 ultimate amount is presently unknown.  They have alleged their environmental liabilities to be
9 hundreds of millions of dollars[1], and they face claims from over 14,000 persons for asbestos
10 injuries.  They have but one real source of assets to pay these liabilities: their insurance policies.
11 These policies are contracts inchoate; the rights and duties under these policies must be determined
12 before the actual value of the policies as assets of the estate can be known.  The court in North
13 Carolina should make that determination because it is administering Kaiser's estate for all
14 creditors.

15 The policies—and any issues surrounding them—are critical to the administration of
16 Kaiser's bankruptcy estate.  After fifteen years of litigating the interpretation of its insurance
17 policies in California, in this case Kaiser seeks rulings re-interpreting its insurance policies in a
18 brand new forum.  Kaiser has done this ostensibly to avoid the interpretation of key coverage terms
19 that have already been determined in California.  Any attempt to re-litigate the interpretation of
20 their policies would only delay resolution of this case.

21 The resolution of this case directly affects the estate's ability to pay claims:  it will
22 determine the existence and extent of any coverage under the policies for the alleged environmental
23 liabilities.

24 Kaiser filed a Motion to Remand ("Motion") this case to Oregon state court, claiming that
25 this is a state-law case that belongs in state court.  Motion, ECF Nos. 55 at 1.  This assertion seeks

---

[1] London Market Insurers believe that such estimates are exaggerated.

LONDON MARKET INSURERS' OPPOSITION TO MOTION TO REMAND

1733631 / 1111.0001

to avoid policy interpretation decisions already made on these policies in California. This avoidance should not be endorsed by the Court.

Kaiser's Motion blithely ignores the policies' pivotal role as the main asset available to the estate for the payment of the environmental and asbestos claims, depending upon the determination of environmental coverage issues, which determination should be made in the Western District of North Carolina. Remanding this case would derail administration of the estate and delay the ultimate resolution of coverage questions. Efficient administration of the estate requires that all claims against, and claims of, the estate—asbestos and environmental alike—be resolved in the same District by global settlements. However, to have the claims resolved globally requires that they all be resolved at the same time in the same place, *i.e.*, the Western District of North Carolina. This resolution cannot be efficiently accomplished if the asbestos claims are administered in Federal Court in North Carolina and the environmental coverage claims are litigated in state court in Oregon.

For these reasons and others, London Market Insurers respectfully request that the Motion be denied.

## II.    ARGUMENT

### A.    The Motion Should Be Denied to Allow Efficient Administration of the Estate.[2]

The Motion should be denied because if it is granted, it would undermine the efficient administration of the estate.

---

[2]    Alternatively, the Court could transfer this case to the Western District of North Carolina for that court to decide the remand issue. Courts often transfer cases to the home forum of the bankruptcy case, to allow the home forum to adjudicate remand, because "the home court is best positioned to make, and should make, the decision regarding remand." *Cornerstone Dental, PLLC v. Smart Dental Care, LLC*, Case No. 07-ap-09002, 2008 Bankr. LEXIS 1122 at *6 (Bankr. D. Idaho Mar. 31, 2008); *Bunsow v. Davis*, Case No. 12-ap-3113, 2012 Bankr. LEXIS 5280 at *7 (Bankr. N.D. Cal. Oct. 31, 2012); *City & Borough of Juneau v. Beardsley (In re Fountain Vill. Dev.)*, Case No. 09-bk-39718, 2014 Bankr. LEXIS 4088 at *15–16, *19 & n.42 (Bankr. D. Alaska Sept. 16, 2014); *Meritage Homes Corp. v. JPMorgan Chase Bank, N.A.*, 474 B.R. 526, 574 (Bankr. S.D. Ohio 2012); *MD Acquisition, LLC v. Myers*, Case No. 2:08-cv-494, 2009 WL 466383, 2009 U.S. Dist. LEXIS 13549 at *14, *18–19 (S.D. Ohio Feb. 23, 2009).

2

A fourteen factor test governs remand.  *Nilsen v. Neilson (In re Cedar Funding, Inc.)*, 419 B.R. 807, 820 & n.18 (9th Cir. BAP).  Those factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*Id.*  Kaiser bears the burden of proving that remand is warranted.  *CAMOFI Master LDC v. U.S. Coal Corp.,* 527 B.R. 138, 143 (Bankr. S.D.N.Y. 2015) (placing burden on moving party and denying equitable remand under Section 1452(b)); *Pettus Props., Inc. v. VFC Partners 8, LLC (In re Pettus Props., Inc.)*, Case No. 10-bk-31632, 2012 WL 956915 at *4 (Bankr. W.D.N.C. Mar. 20, 2012) ("The burden of proving the grounds for permissive abstention or equitable remand of the Lawsuit rests with Plaintiffs."); *In re Talon Holdings, Inc.,* 221 B.R. 214, 220 (Bankr. N.D. Ill. May 28, 1998) (same).

These factors warrant retaining this case.  The most important factor—the effect of retention on the efficient administration of the estate—supports retention because it would allow the Western District of North Carolina to administer all assets of the estate, including the competing claims against the policies.  The other factors also support retention, or are neutral with respect to remand.

### 1. Efficiently administering the estate requires that this case be litigated in North Carolina.

The first and sixth factors (*i.e.*, effect on administration of the estate and degree of relatedness to the bankruptcy case) support denying the Motion.  Remanding this case would

impede the efficient administration of the estate because it would strip the Bankruptcy Court of its power to determine how claims affecting the estate will be administered.

At the last hearing, Kaiser theorized that the insurance proceeds at issue in this case are irrelevant to its bankruptcy case because the environmental claims will allegedly be paid by its corporate parent. No details were given as to how this might happen; certainly no binding agreements were presented. This suggestion is at best pure speculation and runs directly contrary to common sense. Kaiser's reorganization is premised heavily on one significant asset: its insurance policies. It makes no sense to allow environmental claims to be resolved many years from now in a forum distant to the District where Kaiser's bankruptcy case is being administered, as the ability to fund any trust in Kaiser's bankruptcy will undoubtedly rely on insurance settlements. Moreover, Kaiser has not provided any evidence—let alone anything binding —that its parent will pay the environmental claims regardless of the availability of insurance. If Kaiser is contemplating that its corporate parent will pay the underlying environmental claims rather than its insurers, then it should dismiss this action and withdraw its claim for coverage. Its parent has no rights under the policies at issue here and is not even a party to this action.

Any mechanism for paying environmental claims must be approved by the Bankruptcy Court pursuant to a Plan of Reorganization ("Plan") proposed and approved pursuant to the Bankruptcy Code. Kaiser has presented no Plan, nor is there evidence that a Plan exists. Unless and until Kaiser presents a plausible process for paying the environmental claims as part of a feasible Plan, and obtains confirmation of such Plan in its bankruptcy case, such theories are nothing but speculation with more questions than answers. As a consequence, the Court must proceed with the facts as they exist now: Kaiser asserts that it will seek to discharge its environmental liabilities in connection with its bankruptcy reorganization.[3] Kaiser's exposure in

---

[3] The environmental claims are especially complicated and suited for resolution by a Federal Court. There is a serious legal question as to whether the environmental claims can be discharged in bankruptcy. *See In re Torwico Elecs.*, 8 F.3d 146, 149–52 (3d Cir. 1993) (recognizing that some environmental pollution constitutes a claim in bankruptcy, but other pollution runs with the land and survives bankruptcy).

4

these environmental claims is not presently known, but is alleged to be significant. It will require extensive negotiations among the stakeholders and Kaiser's insurers to attempt to achieve settlements allowing for resolution of such claims as part of Kaiser's reorganization; indeed, Kaiser's insurance policies are the only asset of the bankruptcy estate that might pay such claims.

The most important factor in considering a motion for remand is the effect of remand on the administration of the estate. *Longchamps Elec., Inc. v. Rothenberg (In re Wrenn Assocs.)*, Case No. 04-bk-11408, 2004 Bankr. LEXIS 1083 at *20 (Bankr. D.N.H. July 26, 2004) ("The Court regards this factor as one of the most important in determining whether to remand an action."); *New Eng. Wood Pellet, LLC v. New Eng. Pellet, LLC*, 419 B.R. 133, 144 (D.N.H. 2009) (same). ***Even if every other factor is neutral or supports remand, a remand motion still should be denied if the case "could potentially provide an influx of assets to the bankruptcy estate to pay creditor claims"*** and the Bankruptcy Court has the "ability to efficiently hear the claims . . . ." *Montalvo v. Vela (In re Montalvo)*, Case No. 16-70186, 2016 Bankr. LEXIS 3727 at *27, 31–32 (Bankr. S.D. Tex. Oct. 14, 2016) (denying motions to remand and to abstain in these circumstances); *see also Walter v. Freeway Foods, Inc. (In re Freeway Foods of Greensboro, Inc.)*, 449 B.R. 860, 880–82 (Bankr. M.D.N.C. 2011) (same); *New Eng. Wood Pellet, LLC*, 419 B.R. at 144–45 (stating that the case's effect on estate administration "weigh heavily" against remand and that "[n]one of the remaining factors counsels heavily in remand's favor"); *cf. Nat'l Retail Dev. Partners I, LLC v. Maness (In re Mortgs., Ltd.)*, 399 B.R. 673, 676 (Bankr. D. Ariz. 2008).

The Western District of North Carolina is a more efficient forum than Oregon state court for five reasons. First, the North Carolina court has "familiarity with the parties and the disputes" by virtue of administering the estate. *Principal Life Ins. Co. v. JPMorgan Chase Bank, N.A. (In re Brook Mays Music Co.)*, 363 B.R. 801, 818 (Bankr. N.D. Tex. 2007). The North Carolina court is responsible for administering the many claims against Kaiser's estate. These claims include scheduled pollution and asbestos claims. The only real assets potentially available for paying such claims are the insurance policies.[4] Therefore, the policies are critical to the estate's administration.

---

[4]  To be sure, Kaiser has asserted that it has one other significant asset: a cement operating plant. Kaiser has not, however, asserted that it will use this asset to pay claims.

1   Should the case be transferred, coverage issues will be addressed in the same District as the

2   bankruptcy case.  The North Carolina court can resolve these claims in a reasonable period of time.

3           By comparison, Oregon state court coverage actions can take considerable time.  For

4   example, one Oregon environmental coverage case lasted nearly two decades, from 1997 to 2016.

5   London Market Insurers' Request for Judicial Notice in Support of London Market Insurers'

6   Opposition to Kaiser's Motion to Remand ("RFJN"), Ex. H, Docket of *ZRZ Realty Co. v.*

7   *Bellefonte Re Ins. Co.*, Case No. 970806226 (Or. Cir. Ct., Multnomah Cnty.) at 1, 14, 52.  That

8   case resulted in four published appellate decisions—two in the Oregon Court of Appeals and two

9   in the Oregon Supreme Court—and a related contribution action that also yielded a published

10  appellate decision.  *ZRZ Realty Co. v. Benefit Fire & Cas. Ins. Co.*, 351 Or. 255 (2011); *ZRZ*

11  *Realty Co. v. Beneficial Fire & Cas. Ins. Co.*, 349 Or. 117 (2010); *ZRZ Realty Co. v. Benefit Fire*

12  *& Cas. Ins. Co.*, 255 Or. App. 524 (2013); *ZRZ Realty Co. v. Beneficial Fire & Cas. Ins. Co.*, 222

13  Or. App. 453 (2008); *Certain Underwriters at Lloyd's London v. Mass. Bonding & Ins. Co.*, 235

14  Or. App. 99, 102–07 (2010), *modified*, 245 Ore. App. 101 (2011); RFJN, Ex. N, Docket of *Certain*

15  *Underwriters at Lloyd's London v. Massachusetts Bonding & Ins. Co.*, Case No. 030403995 (Or.

16  Cir. Ct., Multnomah Cnty.) at 1, 5, 59 (filed in 2003 and currently on appeal).  Four other cases

17  took a decade.  RFJN, Ex. L, Docket of *Cascade Corp. v. Am. Home Assurance Co.*, Case No.

18  920503083 (Or. Cir. Ct., Multnomah Cnty.) at 1, 5, 125 (filed in 1992 and concluded in 2007);

19  RFJN, Ex. J, Docket of *St. Paul Fire & Marine Ins. v. McCormick & Baxter Creosoting*, Case No.

20  871107096 (Or. Cir. Ct., Multnomah Cnty.) at 1, 5, 87 (case filed in 1987 and closed in 1998);

21  RFJN, Ex. M, Docket of *Employers Ins. of Wausau v. Tektronix Inc.*, Case No. CCV9908032 (Or.

22  Cir. Ct., Clackamas Cnty.) at 1, 7, 123 (filed in 1999 and judgment entered in 2009); RFJN, Ex. K.,

23  Docket of *Schnitzer Investment Corp. v. Certain Underwriters at Lloyds, London*, Case No.

24  990202004 (Or. Cir. Ct., Multnomah Cnty.) at 1, 6, 44 (case filed in 1999 and closed in 2009).

25          On top of this, Oregon would likely delay the start of environmental coverage litigation

26  until after there is a final judgment in the underlying environmental pollution action.  *North Pac.*

27  *Ins. Co. v. Wilson's Distrib. Serv.*, 138 Or. App. 166, 175–76 (1995) ("stay[ing] th[e] [coverage

28  action] with respect to [the insurer's] obligation to indemnify [the insureds] until the underlying

6

tort action is finally determined").  Here, there has been no final judgment against Kaiser, so an Oregon court would likely stay this case.

Successful and efficient administration of the estate hinges on the asbestos claims and environmental claims being resolved in Kaiser's bankruptcy case.  The Bankruptcy Court will administer the underlying asbestos claims regardless of whether this case is remanded, presumably by a § 524(g) trust and trust distribution procedures under an approved Plan.  Any coverage issues would be obviated by insurers' contributions to the trust and the resultant channeling injunctions.  Any asbestos coverage issues have already been resolved in the California asbestos litigation, now on appeal.

Realistically, the only path toward Plan confirmation requires a consensual settlement of all coverage issues, preferably through negotiations and an amicable compromise.  It will be much harder to achieve a universal settlement if the asbestos claims are administered by the Bankruptcy Court and the environmental coverage claims are administered in Oregon state court.  This split track would likely make it impossible to achieve a global settlement—because if both groups of claims are to be paid out of Kaiser's bankruptcy case, it can only be done using insurance proceeds.  If the claims for such proceeds are proceeding in two different forums, on two different schedules, coordinating settlement would be impossible.  Sending the environmental coverage case to Oregon state court would undermine the ability of the Bankruptcy Court to encourage and to participate actively in leading the parties to an acceptable compromise, because the insurance policies would not be entirely within the Bankruptcy Court's grasp.

Second, adversary proceedings involving multimillion dollar claims should be determined in the District where the bankruptcy case is pending.  Such cases "will potentially have a significant impact on the bankruptcy estate[,] . . . [so] the economics of estate administration are clearly implicated . . . . ."  *McGillis/Eckman Invs. - Billings, LLC v. Sportsman's Warehouse, Inc.*, Case No. 10-cv-26, 2010 WL 3123266, 2010 U.S. Dist. LEXIS 80810 at *17–18 (D. Mont. June 30, 2010), *adopting magistrate judge's findings and recommendations*, 2010 WL 3153416, 2010 U.S. Dist. LEXIS 80809 (D. Mont. Aug. 9, 2010); *see also Bunsow*, 2012 Bankr. LEXIS 5280 at *8 ("[T]he bankruptcy court presiding over the Dewey chapter 11 case understands much better

7

than this court the extent to which it is important to the effective administration of that case that Defendants' indemnity claims be resolved promptly."); *In re Montalvo*, 2016 Bankr. LEXIS 3727 at *27, 31–32 (denying motions to remand and to abstain in these circumstances); *see also In re Freeway Foods of Greensboro, Inc.*, 449 B.R. at 880–82 (same); *cf. In re Mortgs., Ltd.*, 399 B.R. at 676 (stating that "a significant interest in the issue of whether there is any liability for a failure to fund, because that would impair the ability of [the debtor] to collect on the amounts that were lent, which definitely is an asset of the estate."). Kaiser is seeking hundreds of millions of dollars from its insurers, so this action will significantly affect the bankruptcy estate and should be litigated in North Carolina. *See* Complaint at ¶¶ 33, 52 (alleging that the estimated cleanup costs for one site are $342 million and that "Kaiser has already incurred financial losses of more than $350,000").[5] Here, the court in North Carolina is in the best position to understand and implement the most efficient administration to resolve all disputes relating to Kaiser's estate.

Third, courts have denied motions to remand insurance coverage cases because the policies were a major asset of the estate. *Coar v. Nat'l Union Fire Ins. Co.*, 19 F.3d 247 (5th Cir. 1994); *In re Montalvo*, 2016 Bankr. LEXIS 3727 at *22–27; *Coar v. Nat'l Union Fire Ins. Co.*, Case No. 92-357, 1992 WL 165674, 1992 U.S. Dist. LEXIS 9815 at *2–4 (E.D. La. July 7, 1992).

Fourth, litigating in Oregon does not offer any increased efficiency. This is an insurance coverage case. At issue is the interpretation of the polices and whether they provide coverage for the underlying environmental liabilities. There are no percipient witnesses—whether in Oregon or elsewhere—for such questions, because the policies were negotiated both outside the United States and in other states by out-of-state entities, and issued or subscribed by out-of-state entities, for various periods between 1940 and 1988. Complaint at ¶ 35; Declaration of Brian A. Kelly in Support of Opposition to Kaiser's Motion to Remand ("Kelly Dec.") at ¶ 4. The vast majority of relevant witnesses will be out-of-state, especially relevant experts. It makes little difference whether a single "fact witness with knowledge of the Site's historical operations" may be located in Oregon, Declaration of Charles E. McChesney, ECF No. 29 at ¶ 14 ("McChesney Dec."). The

---

[5] As noted previously, the estimate for future liability appears to be exaggerated.

8

vast majority of the witnesses will be elsewhere. Kelly Dec. at ¶ 4. Furthermore, after fifteen years of coverage litigation in California, key determinations regarding the interpretation of the same policies at issue in the environmental claims have already been made. Filing this case in, and seeking a remand to, Oregon is a thinly veiled effort by Kaiser to prolong the coverage determination in a new forum and seek to re-litigate rulings made on these same policies. Such forum shopping is both inefficient and disruptive to the timely resolution of the pending bankruptcy case.

Kaiser's complaint confirms that it ceased operations at the Oregon site in 1978 and ceased operations at the Washington site by 1985. Complaint at ¶¶ 13, 29. Kaiser's counsel managing this case—both in-house and outside—are located in Pennsylvania. Kelly Dec., Ex. A, Deposition of Charles E. McChesney ("McChesney Deposition") at 7:13–8:08; Plaintiffs' Brief in Opposition to London Market Insurers' Motion to Transfer Venue ("Opposition"), ECF No. 28 at 1 (identifying Kaiser's counsel as K&L Gates attorneys in Pennsylvania); *see also* Kelly Dec., Ex. A. McChesney Deposition at 2:7–2:10 (identifying Kaiser's bankruptcy counsel as Jones Day attorneys in Texas); McChesney Dec. at ¶ 4; RFJN, Ex. I, Stipulation of Facts by Kaiser at ¶ 16. "Kaiser Gypsum has no employees," and its "day-to-day operations . . . are conducted in Pittsburgh and Dallas." RFJN, Ex. I, Stipulation of Facts by Kaiser at ¶¶ 15, 17. The management of Kaiser Gypsum's asbestos and environmental liabilities has occurred in Pittsburgh since at least 2010. *Id.* at ¶ 18. As for Kaiser Cement, its "day-to-day operations are similarly split between Pittsburgh and Dallas . . . ." *Id.* at ¶ 24. The relevant documents are primarily stored in Dallas and Pittsburgh, though there are documents scattered across the nation. *See id.* at ¶¶ 21, 26; Kelly Dec., Ex. A, McChesney Deposition at 156:8–156:23. Any records located in Oregon can easily be transported to North Carolina. *See In re B.L. of Miami, Inc.*, 294 B.R. 325, 332–33 (Bankr. D. Nev. 2003) (stating that "in today's electronic age", the "location of original documentation [is] entitled to little weight in choosing between two forums"). Finally, neither Kaiser's principal place of business nor its place of incorporation is in Oregon; in fact, during the time period relevant to the insurance policies at issue in this action, Kaiser had its principal place of business in California, and Kaiser Cement was first incorporated in California. Kelly Dec., Ex. B, Kaiser Cement

9

Corporation's 2004 Supplemental at KINS 152215; *id.*, Ex. C, Kaiser Gypsum Company's 2004 Supplemental Responses at KINS 152277; RFJN, Ex. I, Stipulation of Facts by Kaiser at ¶¶ 7, 12.

Fifth, litigating in Oregon is inefficient. Transferring this adversary proceeding would save the parties', including the estate's, resources because it would reduce legal fees. *Cf. TIG Ins. Co. v. Smolker (In re TIG Ins. Co.)*, 264 B.R. 661, 668 (Bankr. C.D. Cal. 2001) (denying transfer because it would require the parties "to retain and educate new or additional counsel" in the bankruptcy forum). If this action were to proceed in Oregon, all parties to this case—including Kaiser—must employ multiple law firms. Transferring this case to the Western District of North Carolina will allow the parties to forego Oregon counsel, thus saving resources and making litigation of this action more efficient and convenient.

The main cases relied on in the Motion do not apply here. Those cases were already substantially litigated in the state court, so there were real efficiencies in continuing litigation there. *See In re Roman Catholic Bishop*, 374 B.R. 756, 757–58 (Bankr. S.D. Cal. Aug. 4, 2007) (involving several cases removed "on the eve of trial"); *Mattingly v. Newport Offshore, Ltd.*, 57 B.R. 797, 797–98 (D.R.I.) (1986) (involving case removed after eight months in state court); *Machine Zone, Inc. v. Peak Web LLC (In re Peak Web LLC)*, Case No. 16-bk-32311, 2016 Bankr. LEXIS 3149 at *11, *19 (Bankr. D. Or. 2016) (case was in state court for "more than seven months" and had "an early trial date, and the parties had commenced discovery). Here, no litigation has occurred in the Oregon state court because LMI removed the case before filing an answer.[6]

## 2. Oregon is not better suited for resolving the claims than the North Carolina court, and it is not in the interests of comity to allow Oregon to adjudicate this case.

The second, third, and thirteenth factors (*i.e.*, the extent to which state law predominates; the difficulty of applying state law; and comity) support denying the Motion. The policies must be interpreted under California law, not Oregon law, so Oregon courts are not better suited for

---

[6]     In fact, these authorities would support the pursuit of the litigation in California, and not Oregon, before the same Court which has already interpreted the policies at issue in this action.

10

resolving the issues. Nor would it be in the interests of comity to allow Oregon courts to adjudicate other states' laws.

### a. Oregon law does not govern the policies at issue in this case.

Oregon law does not govern the insurance policies at issue in this case because Kaiser has argued for and obtained rulings under the policies based upon California law, and is judicially estopped from now arguing that Oregon law governs the policies. In addition, although LMI do not at this point draw into question the constitutionality of Oregon's attempted regulation of insurance policies entered into outside of Oregon by non-Oregon entities, and this Court is not being asked to decide any such issue, such an argument might be raised in the future. Reply, ECF No. 50 at 8–11.

### i. Kaiser is judicially estopped from asserting Oregon law applies.

Kaiser is judicially estopped from arguing that non-California law governs LMI's policies. In previous coverage litigation involving the same policies at issue in this case, Kaiser contended that California, not Oregon, law applied. *E.g.*, RFJN, Ex. D, Kaiser Cement and Gypsum Corporation's Opening Phase II Trial Brief, March 13, 2015, at 8–9. As a result, the courts consistently applied California law to interpret the same Kaiser insurance policies at issue in this action. *See, e.g.*, *Kaiser Cement v. Ins. Co. of the State of Pennsylvania*, 215 Cal.App.4th 210 (2013); *London Market Insurers v. Superior Court*, 146 Cal.App.4th 648 (2007). Kaiser is thus judicially estopped from asserting otherwise. *Hampton Tree Farms v. Jewett*, 320 Or. 599, 612–13 & n.8 (1995) (stating a litigant "is bound by choice of a substantive right in earlier judicial proceeding and, thus, is precluded from making wholly inconsistent claim in a subsequent judicial proceeding").

The California courts so ruled because the policies at issue were entered into by Kaiser when it was located in California and covered Kaiser's nationwide operations. *See, e.g.*, Kelly Dec., Ex. E, Policy No. 69700 at 355 (providing coverage for certain losses "arising out of each occurrence happening anywhere in the world"); *id.* at 353, 361, 365 (identifying Kaiser as having a California address; requiring that Kaiser give notice of occurrences on London Market Insurers at a

11

California address; requiring service of process in New York; and identifying California as the primary location where taxes on the policy were paid); *id.*, Ex. F., Policy No. 834/58548/84 at 485, 490 (same, except not providing information on tax payments).

### ii. Oregon's regulation of insurance policies entered into by non-Oregon entities outside of Oregon.

LMI do not at this point argue that the Oregon Environmental Cleanup Assistance Act ("OECAA") is unconstitutional, nor do LMI otherwise challenge that law. However, it might become necessary in the future to make such an argument, and LMI request that the Court consider the possible impact if such an argument were to be made and accepted by the applicable Court in the future.

Despite Kaiser's consistent position over the last decade and a half, it now claims Oregon law applies to the insurance policies due to the OECAA. Opposition, ECF No. 28 at 3, 11–12, 15. This Act states that "Oregon law shall be applied in all cases where the contaminated property to which the action relates is located within the State of Oregon." Or. Rev. Stat. 465.480(2)(a). However, Kaiser's application of the OECAA is contrary to past court opinions. Courts have held that when, as is the case with nearly all—if not all—of Kaiser's policies, the dispute focuses on the interpretation of insurance policies issued and negotiated in California, California has a greater interest in resolving the dispute than Oregon, regardless of an allegedly-contaminated site in Oregon. *See, e.g.*, *Sulzer Pumps (US) Inc. v. Superior Court*, No. B222280, 2010 WL 2000369 at *3–6 (Cal. Ct. App. May 25, 2010) (unpublished).

The Court need not reach this issue because Kaiser is judicially estopped from asserting that Oregon law applies. However, if the Court were to deem LMI's analysis constructive and relevant on the issues that are now presented to the Court, applying the OECAA here would likely be determined to be unconstitutional for two reasons. First, Oregon cannot constitutionally regulate contracts affecting nationwide operations that are entered into by non-Oregon citizens outside Oregon. That would violate the dormant Commerce Clause. *See Healy v. Beer Inst.*, 491 U.S. 324, 336 ("[T]he Commerce Clause . . . precludes the application of a state statute to commerce that takes place wholly outside of the State's borders, whether or not the commerce has effects within

12

the State." (quotation mark omitted)); *Aetna Life Ins. Co. v. Dunken*, 266 U.S. 389, 391, 399–400 (1924) (holding unconstitutional a Texas statute mandating the application of Texas law to policies insuring current Texas citizens when the policy was originally issued outside Texas to a then–non-Texas citizen). *See also W.R. Grace & Co. v. Continental Cas. Co.*, 896 F.2d 865, 883 (3d Cir. 1990) (*per curiam*) ("We are not persuaded that the language of the statute mandates the application of Texas law in this case where the contracts of insurance are not payable to Texas citizens or inhabitants, but to W.R. Grace. . . . ***Laws [requiring the application of a state's own law to an insurance policy] are constitutional only to the extent that they are not given an extraterritorial effect***[,] *Aetna Life Ins. Co. v. Dunken*, 266 U.S. 389, 45 S. Ct. 129, 69 L. Ed. 342 (1924), and may not be used to regulate business outside of the state in which they are enacted." (emphasis added)); *Kouveliotes v. USCC Cas. Ins. Co.*, Case No. 12-5273, 2012 WL 4955271, 2012 U.S. Dist. LEXIS 148373 at *8–9 (D.N.J. Oct. 16, 2012) ("[T]his Court finds that the Texas Code should not apply here, 'since the effect of such application would be to regulate business outside the state of Texas and control contracts made by citizens of other states in disregard of their laws.' *Aetna Life Ins. Co. v. Dunken*, 266 U.S. 389, 400, 45 S. Ct. 129, 69 L. Ed. 342 (1924). As the insurance contract at issue here was assumedly formed and executed under the laws of New Jersey, any claim of breach or wrongdoing shall find relief under such accordingly.").

No court appears to have decided whether the OECAA can constitutionally require that Oregon law be applied to an insurance policy covering nationwide liabilities that was entered into by non-Oregon entities outside of Oregon. However, the Supreme Court has held that a similar law was unconstitutional as applied because "[t]he [state] statute was incapable of being constitutionally applied to [the insurance policy] since the effect of such application would be to regulate business outside th[at state]." *Aetna Life Ins. Co. v. Dunken*, 266 U.S. at 399. One recent decision acknowledges the parties' dispute over the OECAA and the governing law. *IBC Mfg. Co. v. Berkshire Hathaway Specialty Ins. Co.*, Case No. 3:16-cv-00908-SI, 2016 U.S. Dist. LEXIS 115240 at *12–13 n.3 (D. Or. Aug. 29, 2016) (one party contending Tennessee law governs all policies issued to Tennessee insureds; other party contending Oregon law applied due to the OECAA). But that court did not resolve the issue and instead dismissed the action, in deference to

a parallel litigation on the same claims in a different state. *Id.* at *15 (allowing litigation to proceed in Tennessee).

Second, the OECAA was passed in 1999 and cannot constitutionally alter the substance of the insurance policies (the applicable law)—which all predate the OECAA by at least a decade—because that would violate the Contracts Clause. *See S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003) (stating Contracts Clause is violated when a statute "substantially impair[s]" a contract for a reason that cannot survive strict scrutiny); *see also* Complaint at ¶ 35 (stating that the policies cover various periods between 1940 and 1988); Or. Rev. Stat. 465.480, History; 1999 Ore. SB 1205. Thus the OECAA cannot affect such pre-existing contracts.[7]

However, to be clear, LMI do not challenge or otherwise draw into question the constitutionality of OECAA at this time.

> **b. Because California law governs LMI's policies, it is not in the interests of comity to allow Oregon courts to adjudicate this case.**

Oregon law does not govern LMI's policies, so Oregon legal issues do not predominate in this case. California law and California legal issues do predominate. Oregon courts are not experts on California law; they are no better than the North Carolina court in adjudicating California legal issues. *New Eng. Wood Pellet, LLC*, 419 B.R. at 145 ("There is no reason to believe that the New Hampshire Superior Court has any particular expertise in applying Connecticut law."); *see Nemsa Establishment v. Viral Testing Sys. Corp.*, Case No. 95-cv-0277, 1995 WL 489711, 1995 U.S. Dist. LEXIS 11650 at *38 n.12 (S.D.N.Y. Aug. 14, 1995) ("[T]he forum's familiarity with the governing law does not point strongly towards either New York or Texas. Neither party has established the

---

[7]  *Anderson Brothers, Inc. v. St. Paul Fire & Marine Ins. Co.*, 729 F.3d 923 (9th Cir. 2013) is not on point. That case involved an argument that the OECAA unconstitutionally expanded the scope of coverage by altering the definition of "suit" in insurance policies. *Anderson Bros., Inc.*, 729 F.3d at 935–36 (holding the statute constitutional because the term "suit" was ambiguous and the "OECAA merely 'codified' for environmental cases the broad common law definition of 'suit' that Oregon courts had previously adopted in construing insurance contracts"). This does not address LMI's argument that Oregon cannot constitutionally (1) regulate policies insuring nationwide liabilities entered into by non-Oregon entities outside of Oregon or (2) change the law governing already-existing policies from another state's to Oregon's.

14

1733631 / 1111.0001

Case 16-03127-rld    Doc 95    Filed 11/30/16

applicability of the laws of a particular jurisdiction."); *see also Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 312 (C.D. Cal. 2010) ("comity does not require remand" because (i) "[t]he case is in its infancy and was removed before any motions to dismiss or responsive pleadings were filed" and (ii) "the California state court system does not have a strong interest in adjudication [of] . . . claims for violation of federal securities laws"); *In re Freeway Foods of Greensboro, Inc.*, 449 B.R. at 888 (finding that the "considerations of comity [we]re neutral" partly because the state court action had not "progressed much, if any, beyond the pleading stage"); c*f. In re Freeway Foods of Greensboro, Inc.*, 449 B.R. at 888 (stating that comity factor supports "deferring to the North Carolina Business Court when . . . issues of North Carolina [a]re involved"); *In re Arcadius Dev., LLC*, Case No. 07-01462, 2010 Bankr. LEXIS 1728 at *12 (Bankr. E.D.N.C. June 9, 2010) (concluding that "notions of comity and judicial efficiency compel deference to the North Carolina Business Court to address these complex and novel issues of North Carolina law").[8]

What's more, Federal Courts often adjudicate state law when that benefits the efficient administration of the estate. *See, e.g.*, *In re Freeway Foods of Greensboro, Inc.*, 449 B.R. at 884–87, 889–90 (denying remand motion in case governed by state law); *In re Montalvo*, 2016 Bankr. LEXIS 3727 at *24–25, *36–37 (same); *Longchamps Elec., Inc.*, 2004 Bankr. LEXIS 1083 at *22–23 (same); *Coar*, 1992 U.S. Dist. LEXIS 9815 at *3–4 (E.D. La. 1992) (same).

Movant's citation to *Maya, LLC v. Cytodyn of N.M., Inc. (In re Cytodyn of N.M., Inc.)*, 374 B.R. 733 (Bankr. C.D. Cal. 2007), is not persuasive. In that case, remand was principally founded on the rationale that the debtor's bankruptcy filing was "a highly bad faith attempt" to avoid an impending trial date. *In re Cytodyn of N.M., Inc.*, 374 B.R. at 741–42. There is no similar

---

[8] If any location outside of North Carolina were appropriate, the interests of comity only support hearing this case in California state court. Kaiser and its insurers litigated these policies for fifteen years in California. This litigation yielded many rulings—including two appellate decisions—on the scope of coverage under the policies. *See, e.g.*, *Kaiser Cement v. Ins. Co. of the State of Pennsylvania*, 215 Cal.App.4th 210 (2013); *London Market Insurers v. Superior Court*, 146 Cal.App.4th 648 (2007). California has the greatest interest—not Oregon—of ensuring that its interpretation of these insurance policies is enforced.

15

contention in this case. Similarly, the Motion's reliance on *Sandvik, Inc. v. Continental Ins. Co.*, 724 F. Supp. 303 (D.N.J. 1989), is not persuasive, because that case did not involve a bankruptcy.

### 3. The forum shopping factor favors LMI, because LMI would be prejudiced by litigating this case in Oregon.

The tenth factor (*i.e.,* forum shopping), and the fourteenth factor (*i.e.,* prejudice) supports denying the Motion. Kaiser filed this case in Oregon, and the next day filed its bankruptcy petition in North Carolina. By any definition that is forum shopping.

As discussed above, LMI would be prejudiced by litigating this case in Oregon because California law applies and LMI should not be forced to litigate issues of California law in Oregon courts. Moreover, if the case proceeds in Oregon, LMI must retain counsel for both the North Carolina action and the Oregon action. To avoid this prejudice, the case should not be remanded to Oregon. Instead, it should be transferred to North Carolina so that this duplicative counsel expense is avoided.

Despite Kaiser's contentions the removal by LMI does not constitute forum shopping. By removing cases to bankruptcy courts, defendants are "simply exercising [their] rights afforded them under the law—rights which can serve their interest in selecting the forum they deem most favorable, but which are no less rights entitled to vindication regardless the motivation behind their use." *Galaz v. Katona*, Case No. 5:14-cv-967, 2015 WL 5565266, 2015 U.S. Dist. LEXIS 125595 at *26–27 (W.D. Tex. Sept. 21, 2015). "For forum shopping to become a significant factor[,] . . . it must rise to a level demonstrating an attempt to abuse or manipulate the judicial process." *Id.* **In contrast, when the removed "case is closely related to the bankruptcy action[,] . . . . the forum shopping factor is neutral.**" *Id.* (emphasis added).

Here, this case is closely related to Kaiser's bankruptcy case for the reasons already discussed. LMI's attempt to remove this case and transfer it to the bankruptcy forum does not constitute forum shopping. However, Kaiser's filing of this case in Oregon does, and it prejudices LMI.[9]

---

[9] Kaiser's citations of *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 889 (N.D. Ohio 1999), and *Fimbel Door Corp. v. United States Fidelity & Guaranty Co.*, Case No. 90-cv-

1733631 / 1111.0001

### 4. There are no related proceedings pending in Oregon state court.

The fourth factor (*i.e.,* related proceedings in state court) supports denying the Motion. If

the Court retains and then transfers this case, there would be no related proceeding remaining in

Oregon state court. *In re Freeway Foods of Greensboro, Inc.*, 449 B.R. at 881.

### 5. Though this case involves non-debtor parties, these parties are already involved in the bankruptcy.

The twelfth factor (*i.e.,* the presence of non-debtor parties) supports denying the Motion. If

the non-debtor parties are involved in the bankruptcy case, this factor does not support remand,

because those parties are not inconvenienced by litigating in Federal Court, as they are already

active in the bankruptcy case. *In re Freeway Foods of Greensboro, Inc.*, 449 B.R. at 887; *In re*

*Brook Mays Music Co.*, 363 B.R. at 818.

Here, the non-debtor parties will be and are active in the administration of Kaiser's

bankruptcy estate for the reasons already discussed: they will be asserting their respective position

on coverage of Kaiser's environmental and asbestos claims. In fact, the following non-debtor

Defendants have already appeared in Kaiser's bankruptcy case, including: London Market Insurers;

Columbia Casualty Company, National Fire Insurance Company of Hartford and The Continental

Insurance Company; Allstate Insurance Company; First State Insurance Company; National

Casualty Company; New England Reinsurance Corporation; and Truck Insurance Exchange.

RFJN, Ex. G, Docket of *In re Kaiser Gypsum Company*, Case No. 16-31602 (Bankr. W.D.N.C.) at

2–7. First State participated in McChesney's deposition in the bankruptcy case. Kelly Dec., Ex. A,

McChesney Deposition at 2:20–2:24. And several insurers filed objections. RFJN, Ex. G. at 24–

25 (objections filed by LMI, First State, and New England Reinsurance Corporation).

Additionally, the Unsecured Creditors Committee and the Oregon Department of Environmental

Quality have also appeared in Kaiser's bankruptcy case. RFJN, Ex. G, Docket of *In re Kaiser*

1187, 1990 WL 191920, 1990 U.S. Dist. LEXIS 16032 (D.N.J. 1990), are unpersuasive because they do not involve bankruptcies—they do not address situations where a plaintiff files for bankruptcy in one jurisdiction and files a case in another.

*Gypsum Company*, Case No. 16-31602 (Bankr. W.D.N.C.) at 35–36; *In re Kaiser Gypsum Company*, Case No. 16-31602, ECF No. 172 (Bankr. W.D.N.C. Oct. 27, 2016).

### 6.  Kaiser's right to a jury trial is neutral.

The eleventh factor (*i.e.,* jury trial right) is neutral.  The right to a jury trial is immaterial because the District Court can withdraw the reference.  *See In re Brook Mays Music Co.*, 363 B.R. at 818 (denying remand and stating that the court will "recommend that the district court withdraw the reference, to conduct a jury trial in this matter"); *In re Freeway Foods of Greensboro, Inc.*, 449 B.R. at 889–90 (denying remand even though there was a right to a jury trial).  The North Carolina District Court could also withdraw the reference to conduct a jury trial.

### 7.  It is immaterial that the only basis for jurisdiction is bankruptcy.

The fifth factor (*i.e.,* other jurisdictional basis) is neutral.  "[W]hether or not there is a basis for diversity jurisdiction is *not an important factor* in deciding whether to remand in this case."  *In re Peak Web LLC*, 2016 Bankr. LEXIS 3149 at *14 (emphasis added).  Even though "[t]here are no federal law claims," "[t]here [still] is no question that this court could retain the litigation in bankruptcy court as related to the bankruptcy case, pursuant to 28 U.S.C. § 1334."  *Id.*  Thus, "[t]his factor is . . . neutral."  *Id.*

### B.  Neither this Court Nor the North Carolina Bankruptcy Court Would Abstain From Hearing this Case.

The Motion raises the issue of abstention.  Motion at 17–18.  Additionally, at the hearing on the Motion to Transfer, the Unsecured Creditors' Committee argued that North Carolina is merely an "intermediate step" because North Carolina would abstain and this case would be heard in Oregon.

Kaiser has not filed a motion to abstain.  Nor has the Unsecured Creditors' Committee. Nevertheless, should either do so, such motion would not be granted.  (LMI reserve the right to fully brief the abstention issue should it ever actually be presented.)

Permissive abstention is not appropriate for the same reasons that the case should not be remanded.  *H.D. Supply Waterworks, Ltd. v. Spivey (In re Constr. Supervision Servs.)*, Case No. 12-bk-00569, 2012 WL 2993891, 2012 Bankr. LEXIS 3340 at *11 (Bankr. E.D.N.C. July 20,

18

2012) ("Although remand and permissive abstention are separate doctrines, 'virtually the same (if not the identical) factors have emerged for judging the propriety of permissive abstention under § 1334(c)(1) as have been articulated for deciding the propriety of remand under § 1452(b).'").

Mandatory abstention is also not warranted. Ninth Circuit law on mandatory abstention will apply even if this case is transferred to the Western District of North Carolina, and the Ninth Circuit does not allow abstention under these facts. *Ferens v. John Deere Co.*, 494 U.S. 516, 528–31 (1990) ("[T]he decision to transfer venue under § 1404(a) should turn on considerations of convenience rather than on the possibility of prejudice resulting from a change in the applicable law. . . . [W]e again conclude that the transferor law should apply regardless of who makes the § 1404(a) motion [to transfer]."); *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1045–46 (9th Cir. 2012) (concluding that "***when the law of the United States is geographically non-uniform, a transferee court should use the rule of the transferor forum***" (internal brackets omitted and emphasis added)); *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 370 (4th Cir. 2015) (holding that the transferor circuit's law applied to the issue). A litigant does "get a change of law as a bonus for a change of venue"; the governing law remains the same. *Pender*, 788 F.3d at 370 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 635–36 (1964); *Hooper*, 688 F.3d at 1045–46.

In the Ninth Circuit, mandatory abstention does not apply to removed cases. *See Schulman v. California (In re Lazar)*, 237 F.3d 967, 981–82 (9th Cir. Cal. 2001) (holding that mandatory abstention does not apply in removed cases because "no other related state proceeding thereafter exists" (internal brackets omitted)). Accordingly, this Court need not analyze mandatory abstention further.

Nevertheless, the result is the same even if the transferee Circuit's law applies. The Fourth Circuit Court of Appeals has not decided whether mandatory abstention applies to removed cases. Thus, there is no controlling authority in the Fourth Circuit, and mandatory abstention should not be available for the same reasons as explained by the Ninth Circuit.

Nonetheless, even if mandatory abstention were to apply to removed cases in the Fourth Circuit, its requirements are not met. For mandatory abstention to apply, Kaiser must prove, among other things, that this case "can be timely adjudicated . . . in a state forum of appropriate

19

jurisdiction." *In re Freeway Foods of Greensboro, Inc.*, 449 B.R. at 878–79 ("The burden of proving timely adjudication is on the party seeking abstention."); *Bowles v. Massey Energy Co.*, Case No. 2:12-cv-05997, 2012 WL 6628953, 2012 U.S. Dist. LEXIS 179187 at *32 (S.D. W. Va. Dec. 19, 2012) ("This Court therefore views the burden better placed on . . . the party seeking abstention.").  This determination requires analyzing seven factors:

> (1) the backlog of the state court and federal court calendars; (2) the status of the proceeding in state court prior to being removed; (3) the status of the proceeding in the bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the underlying bankruptcy case is a reorganization or a liquidation case.

*In re Freeway Foods of Greensboro, Inc.*, 449 B.R. at 878; *Bowles*, 2012 U.S. Dist. LEXIS 179187 at *30.  Kaiser cannot meet that burden.  The Motion spends two paragraphs discussing mandatory abstention and does not discuss any of these factors.  Motion at 17–18.

What's more, this case cannot be timely adjudicated in Oregon.  In a similar environmental pollution coverage case, discussed above, an Oregon court took almost two decades to resolve it. RFJN, Ex. H, Docket of *ZRZ Realty Co. v. Bellefonte Re Ins. Co.*, Case No. 970806226 (Or. Cir. Ct., Multnomah Cnty.) at 1, 14, 52 (case initiated in 1997 and closed in 2016).  Other cases have taken at least a decade.[10]  And a coverage case in Oregon state court would likely not begin until there is a final judgment against Kaiser in an underlying pollution action.  *North Pac. Ins. Co. v. Wilson's Distrib. Serv.*, 138 Or. App. at 175–76.

This is a problem because "[t]imeliness is of greater significance where a Chapter 11 reorganization is pending."  *Bowles v. Massey Energy Co.*, 2012 U.S. Dist. LEXIS 179187 at *35;

---

[10] RFJN, Ex. N., Docket of *Certain Underwriters at Lloyd's London v. Massachusetts Bonding & Ins. Co.*, Case No. 030403995 (Or. Cir. Ct., Multnomah Cnty.) at 1, 5, 59; RFJN, Ex. L, Docket of *Cascade Corp. v. Am. Home Assurance Co.*, Case No. 920503083 (Or. Cir. Ct., Multnomah Cnty.) at 1, 5, 125; RFJN, Ex. J, Docket of *St. Paul Fire & Marine Ins. v. McCormick & Baxter Creosoting*, Case No. 871107096 (Or. Cir. Ct., Multnomah Cnty.) at 1, 5, 87; RFJN, Ex. M, Docket of *Employers Ins. of Wausau v. Tektronix Inc.*, Case No. CCV9908032 (Or. Cir. Ct., Clackamas Cnty.) at 1, 7, 123; RFJN, Ex. K., Docket of *Schnitzer Investment Corp. v. Certain Underwriters at Lloyds, London*, Case No. 990202004 (Or. Cir. Ct., Multnomah Cnty.) at 1, 6, 44.

20

1733631 / 1111.0001

Case 16-03127-rld    Doc 95    Filed 11/30/16

*In re World Solar Corp.*, 81 B.R. 603, 612 (S.D. Cal. 1988) ("[T]imely adjudication necessarily weighs heavily [in favor of not abstaining] for a Chapter 11 debtor."). In Chapter 11 cases, "the court must be sensitive to the needs of the debtor attempting to reorganize. Lengthy delays in collecting outstanding accounts or resolving other claims which might substantially enhance the viability of the estate, may prove fatal to reorganization efforts." *In re World Solar Corp.*, 81 B.R. 603, 612–13 (Bankr. S.D. Cal. 1988) (holding that "mandatory abstention is not appropriate"). No court will be more sensitive to the needs of the debtor than Courts in the Western District of North Carolina, where Kaiser's bankruptcy case is pending under Chapter 11. Moreover, as discussed above, the reorganization efforts hinge on the efficient global administration of claims, including Kaiser's claims for insurance policy proceeds.

Mandatory abstention is also not appropriate when the case has not yet been litigated in state court. *Walter*, 449 B.R. at 878 (declining to exercise mandatory abstention partly because "[o]nly [two of six defendants] have answered, and no discovery has occurred"); *Bowles*, 2012 U.S. Dist. LEXIS 179187 at *34 (exercising mandatory abstention partly because "this proceeding has been pending in state court for years and substantial progress has been made"). Here, no litigation has occurred in Oregon because the Complaint was removed seventeen days after its filing, with no party filing an answer.

Moreover, mandatory abstention is not appropriate when a large corporation files Chapter 11 and the adversary proceeding has a close connection to the debtor. *N.Y. City Employees' Ret. Sys. v. Ebbers (In re Worldcom, Inc. Sec. Litig.)*, 293 B.R. 308, 331 (S.D.N.Y. 2003) ("The size of the WorldCom bankruptcy, the close connections between the defendants in this action and the debtor, and the complexity of this litigation suggest the contrary: remanding to state court could slow the pace of litigation dramatically."). Here, Kaiser comprises two large corporations—both with assets and liabilities estimated in the range of $100–500 million. *In re Hanson Permanente Cement, Inc.*, Case No. 16-31614, ECF No. 1, Voluntary Petition at 3–4 (Bankr. W.D.N.C. Sep. 30, 2016); *In re Kaiser Gypsum Co., Inc.*, Case No. 16-31602, ECF No. 1, Voluntary Petition at 3–4 (Bankr. W.D.N.C. Sep. 30, 2016). These liabilities include substantial asbestos and environmental

1733631 / 1111.0001

bankruptcy claims against Kaiser. This case is closely connected to those claims because the insurance policies at issue in this case are the only assets of Kaiser available to pay such claims.

The Motion's citation to *Power Plant Entertainment Casino Resort Indiana, LLC v. Mangano*, 484 B.R. 290, 297–98 (Bankr. D. Md. 2012), is unpersuasive for two reasons. First, *Power Plant Entertainment* is contrary to a North Carolina case placing the burden of proof on the party moving for abstention to prove that adjudication in state court would not be timely. *In re Freeway Foods of Greensboro, Inc.*, 449 B.R. at 878–79. Second, in *Power Plant Entertainment*, "neither party offered evidence with respect to the ability of the state court to timely adjudicate this case . . . ." *Power Plant Entm't Casino Resort Indiana, LLC*, 484 B.R. at 299. Here, LMI have provided evidence showing that litigation of this case in state court could take many years. Kaiser has not provided any contrary evidence.

The Motion implies that a court's failure to remand could be "an abuse of discretion." Motion at 17. That implication is misleading and untrue. A decision denying remand is not appealable, so there can be no abuse of discretion. 28 U.S.C. § 1452(b); *Sec. Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1009 n.7 (9th Cir. 1997) ("[W]e may not review its decision not to remand. . . . To the extent that [the] appeal from the district court's withdrawal of the reference is really an appeal from its decision not to remand, we are without jurisdiction to review that decision.").

III.    CONCLUSION

For the foregoing reasons, the Motion should be denied.

Dated: November 30, 2016                    **FORSBERG & UMLAUF, P.S.**



By: */s/ Adam E. Jones*
          Adam E. Jones (OSB# 152429)

1733631 / 1111.0001

## CERTIFICATE OF SERVICE

On the date given below I caused to be served the foregoing ***LONDON MARKET INSURERS' OPPOSITION TO KAISER'S MOTION TO REMAND*** on all counsel of record via CM/ECF.

**SIGNED** this 30th day of November, 2016, at Seattle, Washington.


/s/ Christina Young-Robinson
Christina Young-Robinson

1733631 / 1111.0001

Adam E. Jones (OSB# 152429)
**FORSBERG & UMLAUF, P.S.**
901 Fifth Avenue, Suite 1400
Seattle, WA 98164
Telephone: 206.689.8500
Fax: 206.689.8501
Email: ajones@foum.law

Brian A. Kelly (admitted *pro hac vice*)
Russell W. Roten (admitted *pro hac vice*)
**DUANE MORRIS LLP**
One Market Plaza, Spear Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: 415.957.3000
Fax: 415.957.3001
E-mail: bakelly@duanemorris.com
         rwroten@duanemorris.com

Attorneys for Defendants
CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON AND CERTAIN LONDON MARKET
COMPANIES

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| In re:<br><br>KAISER GYPSUM COMPANY, INC. and<br>HANSON PERMANENTE CEMENT, INC.<br>(f/k/a Kaiser Cement Corporation),<br><br>       Debtors. | Case No.: 16-03127-rld<br><br>**DECLARATION OF BRIAN A. KELLY IN SUPPORT OF LONDON MARKET INSURERS' OPPOSITION TO KAISER'S MOTION TO REMAND** |
| KAISER GYPSUM COMPANY, INC. and<br>HANSON PERMANENTE CEMENT, INC.<br>(f/k/a Kaiser Cement Corporation),<br><br>       Plaintiffs,<br><br>   v.<br><br>AIU INSURANCE COMPANY et al.,<br><br>       Defendants. | DATE OF HEARING: Dec. 12, 2016<br><br>TIME OF HEARING: 10:30 AM |

1

I, Brian A. Kelly, pursuant to 28 U.S.C. § 1746, declare as follows:

1.   I am an attorney duly licensed to practice in all of the courts of the State of California and am a partner of Duane Morris LLP, attorney of record for Defendants Certain Underwriters at Lloyd's, London and Certain London Market Companies ("London Market Insurers") and have been *admitted pro hac vice* in this action. I also serve as attorney of record for London Market Insurers in other actions involving Plaintiffs Kaiser Gypsum Company ("Kaiser Gypsum") and Hanson Permanente Cement ("Kaiser Cement"; collectively with Kaiser Gypsum, "Kaiser"), including Kaiser's bankruptcy case in the Bankruptcy Court for the Western District of North Carolina and an insurance coverage action in California. I also served as trial attorney for London Market Insurers in connection with a declaratory relief action filed in 2001 in Los Angeles Superior Court in California, relating to insurance coverage disputes arising from Kaiser's asbestos bodily injury claims ("ABIC") and resulted in a Final Judgment entered by the trial court on September 13, 2016 (hereafter "California Insurance Coverage Action").

2.   I am over the age of 18 years old and have personal knowledge of all matters stated herein. If called as a witness in this matter, I could and would competently testify thereto.

3.   This declaration is submitted in support of London Market Insurers' Opposition to Kaiser's Motion to Remand.

4.   In insurance coverage litigation, one of the more significant disputes to be resolved relates to policy interpretation—determining whether the policies cover the claimed losses. For example, the California Insurance Coverage Action that involved ABIC—which like environmental coverage claims often involve multiple policy periods--focused heavily on the meaning of various provisions in Kaiser's primary and excess insurance policies. Most of the policies at issue in the California Insurance Coverage Action are also at issue in this action. During the course of the California Insurance Coverage Action, which lasted over 15 years, a significant focus of the lawsuit related to the insurance policies and their interpretation. In the California Insurance Coverage Action, the insurers and Kaiser asserted that these same insurance policies that are now at issue in this Oregon action filed by Kaiser were subject to interpretation under California law—even though the ABIC arose in many different states and involved underlying

2

1   lawsuits throughout the country, including Oregon. No party ever asserted that the interpretation

2   of Kaiser's insurance policies should be governed by Oregon law. Based upon my involvement as

3   lead counsel with responsibility for discovery and trial over more than a decade, I am familiar with

4   Kaiser's insurance policies and its history. Based upon my familiarity, all of Kaiser's policies

5   placed in the London insurance market identify Kaiser with an address in California. To my

6   knowledge, and based upon a review of Kaiser's allegations in this action, none of Kaiser's

7   insurers is based in Oregon. To my knowledge, there are no known percipient witnesses who

8   reside in Oregon who were involved in the negotiation or underwriting of the policies at issue in

9   this action or who can testify on the meaning of London Market Insurers' insurance policies

10   subscribed in favor of Kaiser. These policies were subscribed many decades ago, with policies

11   allegedly incepting as early as 1940.

12         5.     Attached as Exhibit A is a true and correct copy of excerpts of the transcript for the

13   deposition of Charles E. McChesney, which was taken in the course of Kaiser's bankruptcy case in

14   the Bankruptcy Court for the Western District of North Carolina.

15         6.     Attached as Exhibit B is a true and correct copy of excerpts of Kaiser Cement's

16   2004 Supplemental Responses to Plaintiffs' Standard Interrogatories to All Defendants from

17   California litigation.

18         7.     Attached as Exhibit C is a true and correct copy of excerpts of Kaiser Gypsum's

19   2004 Supplemental Responses to Plaintiffs' Standard Interrogatories to All Defendants from

20   California litigation.

21         8.     Attached as Exhibits E and F are true and correct copies of two exemplar London

22   Market Insurers' Policies that were included in a policy stipulation between parties to the Asbestos

23   Coverage Action in California that was marked as Trial Exhibit 152. The excerpted policies

24   include pages 352–372 and 482–513 of Trial Exhibit 152.

25         9.     The Exhibits have been highlighted to emphasize the pincited material.

26

27

28

1  I declare under penalty of perjury that the foregoing is true and correct.

2  Executed on November 30, 2016.

3                                                    *s/ Brian A. Kelly*_____
                                                    Brian A. Kelly
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DECLARATION OF BRIAN KELLY IN SUPPORT OF OPPOSITION TO MOTION TO REMAND

## CERTIFICATE OF SERVICE

On the date given below I caused to be served the foregoing ***DECLARATION OF BRIAN A. KELLY IN SUPPORT OF LONDON MARKET INSURERS' OPPOSITION TO KAISER'S MOTION TO REMAND*** on all counsel of record via CM/ECF.

**SIGNED** this 30th day of November, 2016, at Seattle, Washington.

*/s/ Christina Young-Robinson*
Christina Young-Robinson

# Exhibit A

UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

- - - - -

In re:                    ) Chapter 11
                          )
KAISER GYPSUM COMPANY,    )
INC., et al.              )
                          ) Case No. 16-31602(JCW)
        Debtors.          )


- - - - -


DEPOSITION OF CHARLES E. McCHESNEY II, ESQ.
a 30(b)(6) witness for Kaiser Gypsum herein,
called by Certain Kaiser Gypsum Claimants, for
examination, taken pursuant to the Federal and
Bankruptcy Rules of Civil Procedure, by and
before Michelle L. Hall, a Registered Merit
Reporter and Notary Public in and for the
Commonwealth of Pennsylvania, at the law
offices of Jones Day, 4500 BNY Mellon Center,
500 Grant Street, Pittsburgh, Pennsylvania, on
Monday, October 24, 2016, at 9:34 a.m.

- - - - -


Job no. 114552

1  CHARLES E. McCHESNEY II, ESQ.
2  COUNSEL PRESENT:
3  For the Certain Kaiser Gypsum Claimants:
4  Natalie Ramsey, Esquire
   Mark Fink, Esquire (via telephone)
5  MONTGOMERY McCRACKEN WALKER & RHOADS
   123 South Broad Street
6  Philadelphia, PA 19109
7  For the Debtors:
8  Basheer Ghorayeb, Esquire
   Dan Prieto, Esquire
9  JONES DAY
   2727 North Harwood Street
10 Dallas, TX 75201
11 For the Official Committe of Asbestos Personal
   Injury Claims:
12
13 Todd Phillips, Esquire
   Sally Sullivan, Esquire
14 CAPLIN & DRYSDALE
   One Thomas Circle, NW
15 Washington, DC 20005
16 For the Future Claimants' Representative:
17 Sharon Zieg, Esquire
   Elizabeth Justison, Esquire
18 YOUNG CONAWAY STARGATT & TAYLOR
   1000 North King Street
19 Wilmington, DE 19801
20
21 For First State Insurance Company:
22 Craig Goldblatt, Esquire
   WILMERHALE
23 1875 Pennsylvania Avenue, NW
   Washington, DC 20006
24
25

1  CHARLES E. McCHESNEY II, ESQ.
2
3  I N D E X
4  - - - - -
5
6  WITNESS:  CHARLES E. McCHESNEY II, ESQ.
7
8  E X A M I N A T I O N:        PAGE
9
10 BY MS. RAMSEY                5
11 BY MR. GOLDBLATT            183
12
13 E X H I B I T S :
14
15 EXHIBIT 1  Notice of Intent to take     30
16    30(b)(6) Deposition
17 EXHIBIT 2  Amended Notice of Intent to  30
18    take 30(b)(6) Deposition
19 EXHIBIT 3  Declaration of Charles E.    35
20    McChesney II in Support of
21    First Day Pleadings
22 EXHIBIT 4  Debtors' Objection to Motion 44
23    of Certain Claimants to
24    Transfer Venue
25

1  EXHIBIT 5  Articles of Conversion of    48
2    Kaiser Gypsum Company, Inc., a
3    Washington corporation into
4    Kaiser Gypsum Company, Inc., a
5    North Carolina corporation
6  EXHIBIT 6  PowerPoint Project Daybreak  72
7    KGC000046 to KGC000060
8  EXHIBIT 7  E-mails between Dan Prieto  102
9    and Mark Fink.  Subject:
10   KG - Summaries
11 EXHIBIT 8  PowerPoint Project Daybreak 103
12   KGC000061 to KGC000077
13 EXHIBIT 9  Bank of America Bank        126
14   Statements Hanson Permanente
15   Cement, Inc., 7/29/16 to 8/31/16
16 EXHIBIT 10 Bank of America Merrill Lynch 126
17   Your Full Analysis Business
18   Checking for August 24, 2016,
19   to August 31, 2016
20 EXHIBIT 11 Spreadsheet KGC000045      164
21 EXHIBIT 12 Hanson Kaiser Pendings by  170
22   Disease and State
23 EXHIBIT 13 Spreadsheet                173
24 EXHIBIT 14 Participating Parties to the 176
25   LDW Allocation

1  CHARLES E. McCHESNEY II, ESQ.
2  P R O C E E D I N G S
3  - - - - -
4  CHARLES E. McCHESNEY II, ESQ.
5  a 30(b)(6) witness for Kaiser Gypsum herein,
6  having been first duly sworn, was examined and
7  testified as follow
8  - - - - -
9  EXAMINATION
10 BY MS. RAMSEY:
11 Q.   Mr. McChesney, for the record, my
12 name is Natalie Ramsey.  I represent David
13 Hoff, Ronald and Shirlee Auen, and Richard and
14 Charlene Hoffmeister.  We have called ourselves
15 in the case the Certain Kaiser Gypsum
16 Claimants.  For today's purpose, I will call
17 them the Certain Claimants.  I'm going to be
18 asking you some questions this morning.
19      Have you ever been deposed before?
20 A.   No.
21 Q.   You are a lawyer by training though;
22 correct?
23 A.   I am.
24 Q.   Okay.  So I'm going to review the
25 deposition rules; although, you're probably

Case 16-03127-rld   Doc 95   Filed 11/30/16

1    CHARLES E. McCHESNEY II, ESQ.
2  familiar with them.  The deposition is being
3  recorded.  For the benefit of the court
4  reporter, please respond orally to my
5  questions.  Please allow me to finish a
6  question before you begin to answer, and I will
7  try to allow you to finish your answer before I
8  ask another question.
9       If you don't understand a question,
10  please ask me to rephrase it, and I'm happy to
11  do that.  And if you do answer, I will assume
12  that you understood the question.
13     A.   (Witness nods).
14     Q.   If you remember later something that
15  you neglected to say in response to one of my
16  questions, please tell me, and complete your
17  answer at that point.  And we will take breaks
18  any time you like.
19     A.   Okay.
20     Q.   Are all of those instructions clear?
21     A.   Yes.
22     Q.   Okay.  Is there any reason today
23  that you are unable to answer the questions
24  truthfully, completely, and accurately?
25     A.   No.

1    CHARLES E. McCHESNEY II, ESQ.
2     Q.   No medication, drugs, anything else
3  that would interfere with your ability to be
4  deposed today?
5     A.   No.
6       MS. RAMSEY:  All right.  Shall
7  we do usual stipulations, except as to form,
8  all objections reserved?  Is that --
9       MR. GHORAYEB:  Just go by the
10  Rules, yes.  We will do objection to form.
11       MS. RAMSEY:  Okay.
12  BY MS. RAMSEY:
13     Q.   All right.  Mr. McChesney, can you
14  first start off, please, telling me a little
15  bit about yourself.  Where do you live?
16     A.   I live in Pennsylvania.
17     Q.   And where in Pennsylvania?
18     A.   Not in Pittsburgh.  I live in
19  Claysville, Pennsylvania.
20     Q.   And where is Claysville,
21  Pennsylvania?
22     A.   Southwest of Pittsburgh about 25
23  minutes.
24     Q.   Where do you work, sir?
25     A.   I work for Three Rivers Management

1    CHARLES E. McCHESNEY II, ESQ.
2  in, it's Scott Township.  It has a Pittsburgh
3  ZIP code.
4     Q.   And can you tell me the address of
5  Three Rivers Management.
6     A.   Sure.  It is Manor Oak One, Suite
7  200, 1910 Cochran Road, Pittsburgh,
8  Pennsylvania, 15220.
9     Q.   And how long have you worked for
10  Three Rivers Management?
11     A.   About 11 and a half years.
12     Q.   What did you do before you began
13  work there?
14     A.   I was in private practice.
15     Q.   And what kind of private practice
16  were you in?
17     A.   I was a litigator with K&L Gates, at
18  that time known as Kirkpatrick Lockhart.  Some
19  iteration thereof.
20     Q.   How long had you been with
21  Kirkpatrick & Lockhart?
22     A.   Since '99.
23     Q.   Did you graduate from law school in
24  '99?
25     A.   I did.

1    CHARLES E. McCHESNEY II, ESQ.
2     Q.   And where did you attend law school?
3     A.   Ohio State.
4     Q.   And is that your only advanced
5  degree?
6     A.   No.  I have a Master's in public
7  policy and public management from -- also from
8  Ohio State.
9     Q.   And when did that -- did you obtain
10  that degree?
11     A.   I graduated with that degree in
12  1998.
13     Q.   And did that Master's degree
14  immediately follow your college years?
15     A.   No.  I worked for several years
16  after college.
17     Q.   And what did you do after college
18  before you attended graduate school?
19     A.   It's a laundry list, if you want it.
20  Immediately after graduating from undergrad, I
21  worked in retail management with Kmart
22  Fashions.  And after that, ooh, I moved back to
23  where I graduated from undergrad, primarily
24  because my then-girlfriend, but now wife, was
25  not done with school yet, and worked a variety

Case 16-03127-rld    Doc 95    Filed 11/30/16

CHARLES E. McCHESNEY II, ESQ.

of jobs, none of which is particularly
meaningful to what I do today.

But, gosh. I waited tables for a
period of time; worked in a goat cheese factory
for a period of time; and worked -- what else
did I do -- oh, I worked for, an account
manager for Rent-A-Center for a period of time.
I think I worked front desk nights at a hotel.
I did do that. Yeah.

Q. Thank you.

A. That was a two-year stint of odd
jobs.

Q. And during that two-year stint,
where did you live?

A. I lived in Ithaca, New York.

Q. And where did you go to college?

A. Cornell.

Q. And what was your degree at Cornell?

A. I have a Bachelor of Arts in
economics.

Q. Returning to your employment with
Three Rivers Management.

A. Uh-huh.

Q. What is your current position?

CHARLES E. McCHESNEY II, ESQ.

A. I am chief legal counsel.

Q. And as chief legal counsel, what are
your day-to-day responsibilities?

A. I manage the other attorneys in the
office. I am principally responsible for all
things legal related to our company operations.
I have some reporting duties and, you know,
manage litigations, outside counsel, et cetera.

Q. And how long have you held that
position?

A. Since 2010.

Q. And before 2010, what was your
position?

A. Immediately before 2010, I was
senior counsel, and before that, environmental
counsel.

Q. How many attorneys does Three Rivers
Management employ?

A. Currently, we have two attorneys and
a temporary attorney because one of our
attorneys is on disability.

Q. And what are the titles of the other
two attorneys?

A. Senior counsel and environmental

CHARLES E. McCHESNEY II, ESQ.

counsel.

Q. Do you hold any other titles with
Three Rivers Management?

A. I am an officer and a director of
Three Rivers Management.

Q. In your capacity as an officer, what
titles do you hold?

A. I'm vice president and secretary.

Q. And as vice president of Three
Rivers Management, what are your
responsibilities?

A. Largely similar to what I currently
described as my chief legal counsel duties. In
addition, I would be called upon to advise the
Board on any kind of meaningful Board
resolution. And as a Board member, I would
also be voting on those resolutions.

Q. Okay. So, how large is Three Rivers
Management?

A. We're approximately 20 employees.

Q. Okay. And what does Three Rivers
Management do?

A. Three Rivers Management manages
asbestos, environmental, non-asbestos, product

CHARLES E. McCHESNEY II, ESQ.

liability, real estate. Essentially, legacy
liabilities for what we would call our
discontinued business operations, which are
mostly liabilities that arise out of business
that we no longer engage in.

Q. And when you say, "we no longer
engage in," who are you referring to as "we"?

A. So the parent company has a number
of subsidiaries who fit that bill. They either
are operating companies that have certain
businesses that they no longer engage in, or we
have companies that ceased their business
operations years ago, but continue to have
these legacy liabilities. Pursuant to
contract, Three Rivers manages those
liabilities on behalf of those companies.

Q. Who is the parent corporation that
you're referring to?

A. So, in the United States, it's
Lehigh Hanson, Inc.

Q. Is there another parent corporation?

A. There is, above Lehigh Hanson,
there's HeidelbergCement AG, which is a German
publicly traded company.

Case 16-03127-rld    Doc 95    Filed 11/30/16

CHARLES E. McCHESNEY II, ESQ.

1        CHARLES E. McCHESNEY II, ESQ.
2    Q.   On a day-to-day basis, who are your
3  primary interactions with?
4    A.   My primary interactions would be
5  with folks in my office.  Rob Markwell is the
6  president of Three Rivers Management.  He is
7  the director of our office.  Kind of the top
8  guy in the office.  I interact with the two
9  attorneys that report to me:  Mary Wright, and
10  right now it's a temporary attorney named Tim
11  Bytner.  I also interact with we have a number
12  of environmental professionals who manage
13  environmental sites.  We have four of those.  I
14  interact with those folks regularly.  And then
15  also with our accounting group.
16    Q.   And with respect to reporting to or
17  the parent corporation, who do you primarily
18  report to?
19    A.   So, I typically report to the Three
20  Rivers Board.  And there would be, we do have
21  periodic meetings with representatives of
22  Lehigh Hanson.  But, I mean, those happen, we
23  have monthly hour-long calls, and then twice a
24  year we have in-person meetings.
25    Q.   And do you attend those monthly

CHARLES E. McCHESNEY II, ESQ.

1        CHARLES E. McCHESNEY II, ESQ.
2  calls?
3    A.   I do.
4    Q.   And in-person meetings?
5    A.   I do.
6    Q.   Going back to your position as a
7  director for a moment, are you on any special
8  committees of the Board?
9    A.   The Board does not have any special
10  committees.
11    Q.   How many people are on the Board of
12  Three Rivers Management?
13    A.   At present, I believe it's three.
14    Q.   Can you give me their names, please.
15    A.   Myself, Robert Markwell, and William
16  Venema.
17    Q.   Does William Venema hold other
18  positions within Three Rivers Management?
19    A.   He is a vice president.
20    Q.   How many vice presidents are there?
21    A.   I believe three.
22    Q.   And other than you and Mr. Venema,
23  who would be the other?
24    A.   Kathryn Mehta, M-E-H-T-A.
25    Q.   In connection with your positions at

CHARLES E. McCHESNEY II, ESQ.

1        CHARLES E. McCHESNEY II, ESQ.
2  Three Rivers Management, are you familiar with
3  the asbestos and environmental legacy liability
4  of Kaiser Gypsum?
5    A.   I am.
6    Q.   And what has your involvement with
7  that legacy liability been?
8    A.   I manage the -- or supervise the
9  attorney who is primarily responsible for
10  management of the asbestos liabilities.  And I
11  am the assigned attorney to both the Lower
12  Duwamish and the St. Helens sites.  Those are
13  environmental sites.
14    Q.   When you say the attorney who is
15  primarily responsible for management of
16  asbestos liabilities, to whom do you refer?
17    A.   That's Mary Wright.
18    Q.   How long has Ms. Wright been with
19  Three Rivers Management?
20    A.   I don't know for sure.  It predates
21  my involvement with the company.  I would say
22  she has been with Three Rivers, I want to say
23  2002 or 2003 on.  And prior to that, she was in
24  private practice doing work for the company.
25  Or for Three Rivers.

CHARLES E. McCHESNEY II, ESQ.

1        CHARLES E. McCHESNEY II, ESQ.
2    Q.   And what did Ms. Wright do in her
3  capacity as being responsible for overseeing
4  the asbestos liabilities of Kaiser Gypsum?
5    A.   Mary Wright would have -- she would
6  have interacted directly with defense counsel,
7  and she would also have interacted with,
8  directly with the claims representatives with
9  the primary insurer, Truck Insurance Exchange.
10  And she would also interact with, we have
11  certain folks in our office who are responsible
12  for processing claims as they are received and
13  would ensure the claims are being timely
14  assigned to whoever the defense counsel would
15  be on a particular claim.
16    Q.   Did Kaiser Gypsum -- and I'll refer
17  to Hanson Permanente as HPCI, if that's okay.
18    A.   Okay.
19    Q.   Did they use national coordinating
20  asbestos defense counsel, personal injury
21  defense counsel?
22    A.   They did.
23    Q.   And who was that?
24    A.   That is Williams Kastner.
25    Q.   And where is Williams Kastner

CHARLES E. McCHESNEY II, ESQ.

depositions and certify that the document
requests and searches for documents be
officers, so that would account for Mary Wright
and Amy Yi being officers within our
organization.

So, Dave VanBenschoten is actually a
tax guy. We typically make sure we have a tax
person as an assistant secretary on all of the
companies that we manage. That allows them to
sign tax documents. Mr. Wallmann is an
attorney in the Dallas office, and he typically
signs any corporate organization documents that
need to be filed with state secretaries of
state.

And then Miss Binkowski is actually
a -- is, I believe, our corporate treasurer in
Dallas for all of the Lehigh Hanson companies.
And it is typical for us to have her as an
officer on all of our Boards. And then the
remaining folks are out of our Pittsburgh
office. So that would be Mr. Markwell, Miss
Mehta, myself, and Mary Wright.

And Mr. Venema is general counsel of
Lehigh Hanson, and it's corporate practice for

CHARLES E. McCHESNEY II, ESQ.

us to have him be an officer of all companies
that are indirectly owned or directly owned by
Lehigh Hanson. That's how you get to nine.
Q. Other than Mr. Venema, are there any
other of the officers of Kaiser Gypsum who also
are either officers of or on the Board of
Lehigh Hanson?
A. I am not, as I sit here, sure who
the officers of Lehigh Hanson are and -- but I
do know Mr. Venema is an officer. I -- yeah.
And other than that, I'm not absolutely sure.
Q. Turning to HPCI.
A. Uh-huh.
Q. Does it have employees?
A. No. HPCI, just like Kaiser Gypsum,
has no employees. The officers and directors
are not employees of the company.
Q. Okay. Can you identify the
directors of HPCI.
A. The directors of HPCI are William
Venema, Robert Markwell, and myself.
Q. And with respect to the officers of
HPCI, and please feel free to refer to your
Declaration if that's helpful, could you

CHARLES E. McCHESNEY II, ESQ.

identify the officers of HPCI.
A. Yes. It's actually all of the same
officers I previously identified, with the
addition of John Hutchinson. John is also a
tax guy.
Q. I'm going to hand you what I'm going
to ask be marked as CC-5.
(CC Exhibit No. 5 was marked
for identification.)
Q. Are you familiar with this document?
A. I am.
Q. And can you describe it, please.
A. Yeah. These are the Articles of
Conversion that converted Kaiser Gypsum from a
Washington corporation to a North Carolina
corporation.
Q. And can you tell me when that was
accomplished.
A. They were filed on May 23 of 2016.
Q. And looking at this document, I see
that Mr. Wallmann was the individual who signed
the Articles of Conversion. I believe you
testified that Mr. Wallman is an attorney?
A. He is.

CHARLES E. McCHESNEY II, ESQ.

Q. Okay. And I believe that you
testified that he was located out of the Dallas
office?
A. Correct. And I should qualify, when
I say Dallas, the actual address is Irving,
Texas, but we refer to it as Dallas.
Q. Did you participate in the decision
to reincorporate Kaiser Gypsum in North
Carolina?
A. I did.
Q. Who first suggested reincorporating
Kaiser Gypsum in North Carolina?
A. That would have been the subject of
conversations that we had with Jones Day.
Q. Do you recall when those
conversations were initially commenced? Let me
rephrase.
Do you recall the first date on
which the suggestion of reincorporation was
raised?
A. So, I do not.
Q. Do you recall the rough time period
that would have been?
A. I don't recall when we first

1  CHARLES E. McCHESNEY II, ESQ.
2  discussed it.  I do know internally we
3  discussed conversion prior to May 23, but not a
4  whole lot prior.
5  Q.  Other than conversations with Jones
6  Day, did you have any other conversations with
7  anyone concerning reincorporating Kaiser Gypsum
8  in North Carolina?
9  A.  Yes.  The Board of Kaiser Gypsum,
10  obviously, was consulted and voted in favor of
11  reincorporation.
12  Q.  Do you know when that Board vote was
13  taken?
14  A.  I do not recall exactly when.
15  Q.  Would it have been relatively
16  shortly before the reincorporation was
17  accomplished?
18  A.  Yes.
19  Q.  Was there any discussion of
20  reincorporating Kaiser Gypsum in any location
21  other than in North Carolina?
22  A.  There were -- so, there were
23  discussions with Jones Day regarding venue that
24  I think get close to privileged information.
25  MR. GHORAYEB:  I'll object to

1  CHARLES E. McCHESNEY II, ESQ.
2  the extent that the discussions, she's asking
3  about Jones Day discussions, would only be
4  non-privileged that you would be allowed to
5  answer today.
6  Q.  Without disclosing communications
7  with your counsel, do you have an understanding
8  of the reasons that Kaiser Gypsum was
9  reincorporated in North Carolina?
10  A.  I do.  Kaiser Gypsum was
11  reincorporated in North Carolina -- well,
12  "converted" I think is the technical term -- in
13  North Carolina in order to create the
14  opportunity to file bankruptcy in North
15  Carolina.
16  Q.  Without revealing communications
17  with your counsel, do you have an understanding
18  of why it was considered desirable to have the
19  opportunity to file for bankruptcy in North
20  Carolina?
21  A.  The North Carolina Court had recent
22  asbestos experience, or asbestos bankruptcy
23  experience, and that was the opportunity that
24  -- we were creating that opportunity for
25  ourselves.

1  CHARLES E. McCHESNEY II, ESQ.
2  Q.  Do you have an understanding of
3  whether any other Bankruptcy Courts in other
4  districts have experienced recent experience
5  with asbestos bankruptcy matters?
6  A.  I am aware that other jurisdictions
7  have experience with asbestos bankruptcies.
8  Q.  Would Pennsylvania, and specifically
9  the Court in the Western District, the
10  Bankruptcy Court in the Western District of
11  Pennsylvania, be one of those Courts?
12  A.  I -- so, I'm going to qualify my
13  answer because your prior request asked about
14  recent.  I don't know how recently the Western
15  District of Pennsylvania has had asbestos
16  bankruptcy experience.  I do know that the
17  Western District of Pennsylvania has asbestos
18  bankruptcy experience.
19  Q.  With respect to the District of
20  Delaware, do you have an understanding of
21  whether it has recent asbestos bankruptcy
22  experience?
23  A.  I -- it would be the same answer.  I
24  understand that it has asbestos bankruptcy
25  experience, but I don't know how recent.

1  CHARLES E. McCHESNEY II, ESQ.
2  Q.  I believe earlier you identified EFH
3  and Reichhold as two of the cases in which
4  Three Rivers Management had been faced with the
5  decision of whether to file Proof of Claim.  Do
6  you know where those cases are pending?
7  A.  I don't.  I don't remember.
8  Q.  Do you have an understanding of
9  whether the Northern District of California has
10  recent experience with asbestos bankruptcy
11  cases?
12  A.  I do not.
13  Q.  Do you have an understanding of
14  whether the Bankruptcy Courts in Texas have
15  recent experience with asbestos bankruptcy
16  matters?
17  A.  I do not.
18  Q.  Are you familiar, sitting here
19  today, with any bankruptcy, asbestos
20  bankruptcy, matters have been handled by any of
21  the Bankruptcy Courts in Texas?
22  A.  I don't.
23  Q.  And would your answer be the same
24  with respect to Delaware?
25  A.  I know Delaware has experience with

1    CHARLES E. McCHESNEY II, ESQ.
2  asbestos bankruptcies.  But as far as recent or
3  specifically which bankruptcies, I don't.
4      Q.   I apologize if I asked this before,
5  I'm not remembering my question if I did, or
6  your answer.  Other than North Carolina, were
7  there other venues that were considered for
8  purposes of converting or your incorporation so
9  that an opportunity would be afforded to file
10  bankruptcy there?  Do you understand my
11  question?  That was kind of --
12      A.   Yeah.  Could you --
13      Q.   Shall I try that again?
14      A.   I thought you were going down one
15  path, and then you went down another one and I
16  got confused.
17      Q.   Was there any discussion of either
18  reincorporating or converting the corporation
19  of Kaiser Gypsum to a state other than North
20  Carolina?
21      A.   Other than conversations with Jones
22  Day --
23      Q.   For right now, I'm just asking yes
24  or no.  Was -- were there -- were there
25  discussions about other jurisdictions?

1    CHARLES E. McCHESNEY II, ESQ.
2      A.   We had Jones Day analyze venue,
3  okay, and that's the subject of an extensive
4  legal analysis.  So, I don't want to divulge
5  that because I believe that to be privileged.
6        Within the company, there would not
7  have been discussions about reincorporating
8  Kaiser Gypsum, other than discussions about
9  reincorporating in North Carolina that would
10  not have been effectively a regurgitation of
11  Jones Day's legal analysis; so --
12        MR. GHORAYEB:  I mean, I'm
13  going to pose -- I would object to questions
14  about which venues, how many more than North
15  Carolina, as being privileged if it's
16  discussions with Jones Day or discussing the
17  advice that Jones Day gave you.
18        THE WITNESS:  Right.
19  BY MS. RAMSEY:
20      Q.   So, Mr. McChesney, I believe you
21  said that we asked Jones Day to analyze venue.
22  Who was the "we"?
23      A.   Kaiser Gypsum.
24      Q.   And what was the purpose of Kaiser
25  Gypsum asking Jones Day to analyze venue?

1    CHARLES E. McCHESNEY II, ESQ.
2      A.   I -- so that -- can you repeat that
3  question?  Because I want to make sure that I
4  heard you right.
5      Q.   What was the purpose of Kaiser
6  Gypsum asking Jones Day to analyze venue?
7      A.   So, I don't want to divulge
8  something privileged.
9        MR. GHORAYEB:  And I would
10  instruct you only to answer it if you are able
11  to answer it without --
12      A.   I don't think I can answer that
13  question without divulging privileged
14  conversations.
15      Q.   Just to be clear --
16      A.   Yes.
17      Q.   -- what I'm asking is what you
18  asked -- what your thinking was in making the
19  request of Jones Day, not any advice that Jones
20  Day provided to you.
21        MR. GHORAYEB:  Object on
22  privilege, to the extent the witness is also a
23  lawyer for some of these entities.  I'm making
24  sure he's being clear, the answer is only
25  non-privileged information you have access to.

1    CHARLES E. McCHESNEY II, ESQ.
2      A.   We requested that Jones Day do
3  certain legal analysis as part of the
4  consideration of bankruptcy as an option for
5  the company.  Anything beyond that I think gets
6  into substantive legal advice that Jones Day
7  gave us.
8      Q.   As part of the legal analysis that
9  you asked Jones Day to provide, I believe your
10  testimony is, though, that you specifically
11  asked for Jones Day to analyze venue.
12      A.   I don't think that was my testimony.
13      Q.   Okay.  Can you tell me what your
14  testimony is.
15      A.   My testimony is that we retained
16  Jones Day to advise the company with respect to
17  filing an asbestos bankruptcy as a potential
18  option, and those discussions beyond that would
19  have gone into strategic thinking, and Jones
20  Day's legal advice to and from us.
21      Q.   Okay.  Was there any discussion of
22  reincorporating HPCI, to the extent that you
23  can answer without disclosing confidential
24  communications with your counsel?
25      A.   There were not any non-privileged

CHARLES E. McCHESNEY II, ESQ.

1      A.   Well, it was a sweep account up
2 until the filing. So it didn't -- it would
3 never really have a balance.
4      Q.   I see.
5      A.   Because each 24-hour period it swept
6 up.
7      Q.   Was that the only bank account that
8 HPCI maintains?
9      A.   To my knowledge, yes.
10      Q.   With respect to the asbestos books
11 and records, where are those maintained?
12      A.   So, what do you mean by the asbestos
13 books and records?
14      Q.   The historical records regarding --
15 that would be asked for in asbestos litigation
16 such as content of asbestos and the product.
17      A.   Uh-huh. Okay.
18      Q.   If they existed, sales and
19 distribution --
20      A.   So historic sales, plant documents,
21 you know, product documents, those types of
22 things?
23      Q.   Yes.
24      A.   So, there -- and to understand this,

CHARLES E. McCHESNEY II, ESQ.

1 this is going to be a lengthy explanation.
2      Q.   That's okay.
3      A.   There are different sets of those
4 documents. There is the, in the broadest
5 sense, there are all of the corporate records
6 that existed at the time Kaiser Cement and
7 Kaiser Gypsum came into the Hanson family of
8 companies.
9      Q.   Okay.
10      A.   That would have been the earliest
11 that we have records of what records there
12 were. Those are maintained in their native
13 state, with a very high-level index, and those
14 are -- those boxes are maintained by Iron
15 Mountain. They are physically located in
16 several different locations.
17      As prep for this deposition, I had
18 Iron Mountain run a search of what we had.
19 They are not labeled Kaiser Gypsum and Kaiser
20 Cement or Kaiser Gypsum and Hanson Permanente
21 Cement. They are all just labeled Hanson
22 Permanente Cement.
23      And with respect to the boxes that
24 are Kaiser asbestos related that are maintained

CHARLES E. McCHESNEY II, ESQ.

1 by the Pittsburgh office -- well, there are
2 some that have been created by the Pittsburgh
3 office in the history of asbestos litigation
4 and our management of it at TRMI -- sorry,
5 there's what we refer to Three Rivers as --
6 those would be -- those take a little more work
7 because they are classified by Iron Mountain as
8 being Pittsburgh boxes, and then we have our
9 own records database where we can search for
10 the ones that relate to Kaiser.
11      So those boxes, and there are --
12 it's more than 10,000, less than 13,000, and
13 that includes corporate operational records
14 since those early days. I don't have any way
15 to quickly segregate that. Those are located
16 in California. There are some in Oakland;
17 there are some in Sacramento; there are some in
18 San Diego; and there are some in Los Angeles.
19      There are some in Dallas, Texas;
20 there are some in Pittsburgh, Pennsylvania;
21 there are some in Portland, Oregon; and there
22 are some in Seattle, Washington. And that's
23 the broadest sense of Kaiser records.
24      With respect to historic sales,

CHARLES E. McCHESNEY II, ESQ.

1 plant operational, health and safety, product
2 information, there is a subset that was
3 generated from that broader set of documents.
4 Those were created based on a review of
5 documents by a national coordinating counsel
6 about 15 to 18 years ago. Those are stored in
7 paper form in a warehouse in Oakland,
8 California, and we refer to those as the Graf,
9 G-R-A-F, documents because the company that
10 stores them is called Graf.
11      And then there is a subset that
12 we -- that our current national coordinating
13 counsel, Williams Kastner, I don't know what
14 criteria they used, but they took some of those
15 documents and digitized them and used them to
16 run searches.
17      Q.   Who was the former national
18 coordinating counsel 15 to 18 years ago that
19 first did the compilation?
20      A.   So, I'm not going to remember the
21 name because it was before my time with the
22 company, but prior to Williams Kastner, the
23 national coordinating counsel was Jackson
24 Wallace. Williams Kastner got the job when

Case 16-03127-rld    Doc 95    Filed 11/30/16

CHARLES E. McCHESNEY II, ESQ.

1  Jackson Wallace separated, and it was the
2  national coordinating counsel before Jackson
3  Wallace.  And I honestly don't -- I think they
4  were in California.
5        I know there was one early national
6  coordinating counsel that was in D.C., and I
7  know -- but I don't know which one ran -- did
8  that document pull.
9     Q.   Okay.  Would it be fair to describe
10 the documents, the Graf documents, as the
11 principal asbestos production file?
12    A.   So, not everything in that
13 collection is asbestos related.  But it would
14 relate to the era when the company was using
15 asbestos, so it would be information both about
16 asbestos and non-asbestos.  It is the
17 collection -- I believe the criteria was these
18 are documents that would potentially be
19 relevant in asbestos litigation.
20    Q.   With respect to the documents that
21 were compiled for to respond to production
22 requests by the pre-petition ACC, would they
23 have been pulled from these various locations
24 that you've just identified?

CHARLES E. McCHESNEY II, ESQ.

1     A.   No.  Most of the documents that we
2  pulled and generated to respond to the
3  pre-petition ACC's document requests would have
4  come out of corporate records.  And some of
5  them were not documents, but were interrogatory
6  responses where they were -- the responses were
7  developed based on review of existing
8  interrogatory responses in asbestos litigation.
9     Q.   Okay.
10    A.   Yeah, honestly, I don't think we
11 pulled anything from the Graf collection.
12    Q.   Okay.  Would they have been pulled
13 from the other locations, the four California
14 locations, the Dallas location, and the
15 Pittsburgh?
16    A.   I think some of the corporate
17 documents were called back from Iron Mountain,
18 but I don't know what Iron Mountain facility
19 was storing them.
20    Q.   Okay.  With respect to Williams
21 Kastner -- well, let me strike that.  Let me
22 start again.
23        Are you familiar with estimation
24 proceedings in asbestos bankruptcy cases?

CHARLES E. McCHESNEY II, ESQ.

1     A.   I would say I have a very limited,
2  but I'm not unfamiliar.
3     Q.   And in litigated estimation
4  proceedings, do you have an understanding of
5  the role of national asbestos coordinating
6  defense counsel?
7     A.   I don't.
8     Q.   Okay.  Do you have any understanding
9  that national coordinating defense counsel
10 would or would not be involved in an estimation
11 proceeding in a bankruptcy case?
12    A.   Based on my understanding of
13 estimation, I wouldn't really see a role for
14 them at all.
15    Q.   Would you be surprised to find that
16 they had been involved in other cases in
17 estimation proceedings?
18    A.   Given that I have no familiarity, I
19 wouldn't be surprised or unsurprised.
20    Q.   I just want to --
21    A.   Uh-huh.
22    Q.   -- close the loop to make sure that
23 I've covered some of this.
24        I think that you have previously

CHARLES E. McCHESNEY II, ESQ.

1  testified that you are not aware of any
2  corporate records that would reflect where
3  asbestos-containing Kaiser Gypsum wallboard
4  accessories or fiberboard products were sold;
5  is that correct?
6     A.   No.  I think you previously asked me
7  if there was a compilation that showed the
8  relative proportion of sales in different
9  jurisdictions.
10    Q.   Okay.
11    A.   I'm not aware of that information.
12    Q.   Okay.
13    A.   Information existing.  But I do
14 believe the Graf documents include sales
15 records for asbestos-containing and non-
16 asbestos-containing product sales in different
17 jurisdictions.
18        MS. RAMSEY:  We're going to
19 want to make a request for those documents.
20    Q.   Other than the Graf documents, are
21 there other records that you believe exist that
22 would show where Kaiser Gypsum products,
23 asbestos-containing products, were sold?
24    A.   The -- well, I don't know for sure

Case 16-03127-rld   Doc 95   Filed 11/30/16

CHARLES E. McCHESNEY II, ESQ.

A.   No.

Q.   And you were there in court when Mr. Gordon said that that deductible exposure didn't itself cause the bankruptcy?

A.   Did in itself?

Q.   It did not in itself cause the bankruptcy?

A.   Yeah, I don't think that deductible exposure caused the bankruptcy.

Q.   Let me ask you this question.  As you sit here, in light of what you know about the likely participants in the bankruptcy, can you identify any jurisdiction that would be materially more convenient than North Carolina for the parties' interest in the aggregate?

A.   No.

MR. GOLDBLATT:  Okay.  I have nothing further.

MR. GHORAYEB:  Do you have anything, counsel?

MS. SULLIVAN:  No.

MS. ZIEG:  No.

MS. JUSTISON:  No.

MR. GHORAYEB:  We reserve our

CHARLES E. McCHESNEY II, ESQ. questions.

THE COURT REPORTER:  Are you going to read or waive?

MR. GHORAYEB:  We will read.

(Signature not waived.)

(Whereupon, the above-entitled matter was concluded at 3:07 p.m.)

- - - - -

_____

CHARLES E. McCHESNEY II, ESQ.

Subscribed and sworn to before me this         day of          2016.

--------------------------------

NAME OF CASE:

DATE OF DEPOSITION:

NAME OF WITNESS:

Reason Codes:

1. To clarify the record.

2. To conform to the facts.

3. To correct transcription errors.

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

Page _____ Line _____ Reason _____

From _____ to _____

_____

COMMONWEALTH OF PENNSYLVANIA)
COUNTY OF ALLEGHENY        )

I, Michelle L. Hall, a Registered Merit Reporter and a Notary Public in and for the Commonwealth of Pennsylvania, do hereby certify that the witness, CHARLES E. McCHESNEY II, ESQ., was by me first duly sworn to testify the truth, the whole truth, and nothing but the truth; that the foregoing deposition was taken at the time and place stated herein; and that the said deposition was recorded stenographically by me and then reduced to typewriting under my direction, and constitutes a true record of the testimony given by said witness, all to the best of my skill and ability.

I further certify that the inspection, reading and signing of said deposition were not waived by counsel for the respective parties and by the witness and if after 30 days the transcript has not been signed by said witness that the witness received notification and has failed to respond and the deposition may then be used as though signed.

I further certify that I am not a relative, or employee of either counsel, and that I am in no way interested, directly or indirectly, in this action.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal of office this 26th day of October, 2016.

-------------------------
Michelle L. Hall, RMR

-------------------------

Case 16-03127-rld    Doc 95    Filed 11/30/16

# Exhibit B

JOHN R. WALLACE, ESQ. (State Bar No. 85709)
BRUCE D. ROGIE, ESQ. (State Bar No. 54431)
JACKSON & WALLACE LLP
55 Francisco Street, 6th Floor
San Francisco, CA 94133
(415) 982-6300

Attorneys For Defendant
KAISER CEMENT CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| IN RE: SAN FRANCISCO COUNTY COMPLEX ASBESTOS LITIGATION | ) No. 828684<br>)<br>) **KAISER CEMENT CORPORATION'S**<br>) **2004 SUPPLEMENTAL RESPONSES**<br>) **TO PLAINTIFFS' STANDARD**<br>) **INTERROGATORIES TO ALL**<br>) **DEFENDANTS**<br>)<br>)<br>)<br>) |

## PREFACE

These Interrogatories are to be answered pursuant to San Francisco Superior Court General

Order No. 129.

Unless otherwise specifically set forth, the time frame for response to these Interrogatories is

from 1930 until 1985; except where otherwise specifically set forth, each Interrogatory and each

Response are intended and should be construed as including and being limited to such time frame.

Where expressly stated with reference to the date and circumstances justifying use of such date, the

responding party may limit any such response to dates subsequent to 1930, but which in no event

RCVD I&W

NOV 1 0 2004

KINS 152207

Case 16-03127-rld    Doc 95    Filed 11/30/16

1  are later than the inception of the responding party, including the inception of any predecessor in
2  interest.
3      Unless otherwise specifically set forth, the geographic scope for response to these Interrogatories
4
5  by domestic corporations is the United States. Hospitals and other health care entity defendants
6  shall provide responses related only to that defendant's physical facilities and shall not be required
7  to disclose any information related to the furnishing of services to patients.
8                                    **DEFINITIONS**
9      1.      "ASBESTOS-CONTAINING PRODUCT(S)" shall mean a product(s) which THIS
10  DEFENDANT knows or believes to have contained any amount of the mineral asbestos at any
11  time.
12      2.      "COMPANY" means any private enterprise including corporations, partnerships,
13  joint ventures, and sole proprietorships. For purposes of Interrogatory No. 19, the term
14  "COMPANY" includes organizations, associations or groups of manufacturers, miners,
15
16  distributors, importers, labelers, suppliers and/or sellers of asbestos-containing products, of which
17  the responding defendant was a member.
18      3.      A "CONTRACT UNIT" shall mean a branch, division, subsidiary or other affiliated
19  entity of a DEFENDANT which has been or is now engaged in installation, disturbing or handling
20  and/or removal of RAW ASBESTOS and/or ASBESTOS-CONTAINING PRODUCTS.
21
22      4.      "DOCUMENT(S)" or "WRITING(S)" shall include all writings as defined by Section
23  250 of the California Evidence Code.
24      5.      "GEOGRAPHIC AREA" means the 46 counties of Northern California (Alameda,
25  Alpine, Amador, Butte, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado, Fresno, Glenn,
26
27                                         2
28
1596233.1

**KINS 152208**

Humboldt, Kern, Kings, Lake, Lassen, Marin, Mariposa, Mendocino, Merced, Modoc, Mono, Monterey, Napa, Nevada, Placer, Plumas, Sacramento, San Francisco, San Joaquin, San Mateo, Santa Clara, Santa Cruz, Shasta, Sierra, Siskiyou, Solano, Sonoma, Stanislaus, Sutter, Tehama, Trinity, Tulare, Tuolumne, Yolo, Yuba) and military facilities/installations in the State of California, or the following shipyards: Bethlehem Shipbuilding, San Pedro; California Shipbuilding, Terminal Island; Consolidated Steel Shipyard, Wilmington; Los Angeles Shipbuilding and Dry Dock aka L.A. Ship, San Pedro; National Steel and Shipbuilding Corporation, San Diego; Todd Shipyards Corporation, San Pedro; Triple "A" Machine, San Diego; Western Pipe and Steel Company, Los Angeles and San Pedro Divisions; Naval Air Station, North Island; Thirty-second Street Naval Repair Facility, San Diego; Long Beach Naval Shipyard; and San Diego Destroyer Base.

6.    A request to "IDENTIFY" a "WRITING" or "DOCUMENT" or study shall mean a request to either attach such an exhibit to your answers to these Interrogatories, or to describe such with sufficient particularity that it may be made the subject of a request for production of documents. YOUR description should include an indication of: (a) the author; (b) addressee(s); (c) date of origin; (d) the nature of the writing or document (e.g., letter, telephone memorandum, audio tape recording, photograph, etc.); and (e) its present location, name and present address of custodian thereof.

7.    A request to "IDENTIFY" an oral communication shall mean a request to describe the communication with particularity, and shall include the following information; (a) the identity of all parties to the communication; (b) the identity of the person whom you contend initiated the communication; (c) the identity of all persons present at the time of the communication; and (d) the

3

1596233.1

KINS 152209

time, date and place of the communication.

8.     A request to "IDENTIFY" or to state the "IDENTITY" of a person or individual means to state his or her name, the place of employment, job title, present business or present or last known home address, years of employment and last known telephone number if not employed by DEFENDANT.

9.     A request to "IDENTIFY" the product shall mean a request to describe the product, the material or compound by the following means: (1) by nickname or slang name used in your industry and/or occupation; (2) by the name under which it is sold in othe marketplace (trade name); (3) by its generic name; and (4) by manufacturer.

10.     "MARKETING" or "MARKETED" shall mean the mining, supply, sale, labeling, distribution, importing, processing or manufacture of RAW ASBESTOS and/or ASBESTOS-CONTAINING PRODUCT(S).

11.     A request to describe the "NATURE" of a product means to describe the: (a) color; (b) texture; (c) form (i.e., powder, liquid, paste, solid, board, cloth, blanket, wire insulation, etc.); (d) physical dimensions, if solid (length, width and height); (e) the type of shipping package and shipping package dimensions if not solid; (f) type of asbestos fiber used in the composition of the product (e.g., chrysotile, amosite, crocidolite); (g) the intended use or function of such product as recommended by this DEFENDANT as the miner, producer, supplier, contractor, manufacturer, distributor, owner or seller; and (h) the type of worksite in which it was intended to be used (e.g., shipyard, refinery, commercial building construction, manufacturing plant, home, power generating plant, etc.).

12.     "PREMISES" includes, but is not limited to, buildings, structures in a refinery,

4

1596233.1

**KINS 152210**

boilers, generators, tract housing, commercial buildings and other such structures.

13. "RAW ASBESTOS" means asbestos fiber mined or milled, either packaged or in bulk, not compounded with other substances and essentially pure with the exception of naturally occurring trace amounts of other substances.

14. "THIS DEFENDANT" or "DEFENDANT" shall mean the named defendant herein, all of its divisions and subsidiaries in which it holds a controlling interest, and all "alternate entities" as defined and identified by name in any complaint pending against YOU as of the date of your answers.

15. "YOU" and "YOUR" refer to the DEFENDANT who is named above as responding party.

PRELIMINARY STATEMENT

Hanson Permanent Cement, Inc. f/k/a Kaiser Cement Corporation ("Kaiser Cement") submits this preliminary statement to memorialize certain steps taken to implement the standard discovery regimen adopted by the revised General Orders filed November 15, 1996, governing "asbestos-related" personal injury and wrongful death cases filed in San Francisco Superior Court. Under the terms of General Order No. 129, all defendants must respond to the Plaintiffs' Standard Interrogatories to All Defendants without objection, even where those interrogatories appear objectionable under the rules defined by California statutes and appellate precedent. The General Orders do contemplate that plaintiffs' counsel must meet and confer with the defendants and consider a specific defendant's concerns with the standard interrogatories as applied to that defendant's factual and litigation circumstances. In Kaiser Cement's case, that process proved sufficiently successful so that Kaiser Cement did not believe it necessary to file a motion seeking

5

Case 16-03127-rld    Doc 95    Filed 11/30/16

1  judicial relief from the burdensomeness that would arise in Kaiser Cement's circumstances from

2  responding to the literal terms of the discovery.

3      During a "meet and confer session," that was held on May 15, 1997, agreements were

4  reached on the interpretation of numerous specific provisions of the subject standard

5  interrogatories. The agreements were subsequently concurred in by plaintiffs' counsel that did not

6

7  attend the May 15, 1997 meeting. Kaiser Cement's non-pursuit of its burdensome objections

8  remain contingent on the continued realization of the agreements reached at the May 15, 1997,

9  meeting.

10     Kaiser Cement also stated other objections to the subject Plaintiffs' Standard Interrogatories

11  during the course of the proceedings leading to their adoption. Those objections concerned both

12  the concept of using standard interrogatories for discovery unrelated to the resolution of cases or

13  controversies before the Court, objections to the procedures underlying the development and

14  adoption of the standard interrogatories, and objections to specific aspects of the interrogatories on

15  grounds other than burdensomeness, all of which objections were either accepted or implicitly

16

17  rejected through adoption of the final standard interrogatories. Kaiser Cement hereby makes

18  express on the record that by serving its responses to Plaintiffs' Standard Interrogatories To All

19  Defendants, Kaiser Cement neither intends to nor does it waive its right to press those objections at

20  an appropriate future opportunity, both in context of specific cases before the Superior Court and

21  on appellate review.

22

23     Kaiser Cement objects to Plaintiffs' Standard Interrogatories To All Defendants to the extent

24  that they call for information protected by the attorney-client privilege or work-product doctrine.

25     This preliminary Statement and the objections contained herein are incorporated into each of

26

6

27  _____

1596233.1

KINS 152212

Case 16-03127-rld   Doc 95   Filed 11/30/16

the responses set forth below.

## KAISER CEMENT'S RESPONSES TO INTERROGATORIES

Kaiser Cement has not manufactured or sold products which contained chrysotile asbestos as a component since 1976. Accordingly, Kaiser Cement's Responses to Plaintiffs' Standard Interrogatories to All Defendants are based almost entirely on its ongoing review of documents presently available to Kaiser Cement. The information in these discovery requests involves events that occurred many years prior and is, therefore, difficult or impossible to secure or reconstruct. These interrogatory responses reflect Kaiser Cement's knowledge at this time and supersede any previous interrogatory answers. Kaiser Cement reserves the right to further supplement these responses in the event that more complete information becomes available.

All responses contained herein are based only upon such information and documents which are presently available to and specifically known to Kaiser Cement. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses herein set forth.

## INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY the person verifying these answers on YOUR behalf.

### ANSWER:

Carroll LaGraffe, Kaiser Cement Company Inc., 2680 Bishop Drive, Suite 225, San Ramon, California 94583, (510) 328-1800.

7

1596233.1

KINS 152213

Case 16-03127-rld    Doc 95    Filed 11/30/16

**INTERROGATORY NO. 2:**

State the date of first employment with YOU, and the dates and titles of each job position the person verifying these interrogatories has held while employed by YOU.

**ANSWER:**

February 1, 2001. Legal Assistant, Assistant Secretary and Records Custodian.

**INTERROGATORY NO. 3:**

State whether or not YOU are a corporation, and if so, state:

A.     YOUR correct corporate name;

B.     YOUR state of incorporation;

C.     The date of YOUR incorporation;

D.     The address of YOUR principal place of business;

E     Whether or not YOU have ever held a certificate of authority to do business in the State of California, and if so, the inclusive dates of any certificate;

F.     If YOU are wholly owned or the majority interest of YOUR company is owned by another business entity, state the entity's name and principal place of business;

G.     Whether YOU have any business offices in California, and, if so, YOUR principal place of business in California.

**ANSWER:**

Kaiser Cement is a corporation.

A.     Hanson Permanente Cement, Inc., f/k/a Kaiser Cement Corporation (hereinafter "Kaiser Cement").

B.     Arizona.

<div align="center">8</div>

L596233.1

KINS 152214

Case 16-03127-rld   Doc 95   Filed 11/30/16

C.    Kaiser Cement was first incorporated in California in 1932; it later became a Delaware corporation; it became an Arizona corporation in1989.

D.    Kaiser Cement's principal place of business is 2680 Bishop Drive, Suite 225, San Ramon, California 94583, (510) 328-1800.

E.    Yes, 1939 to present.

F.    Kaiser Cement is indirectly owned through other corporate entities by Hanson PLC, which is organized under the laws of the United Kingdom and has its principle place of business in the United Kingdom.

G.    2680 Bishop Drive, Suite 225, San Ramon, California 94583, (510) 328-1800.

**INTERROGATORY NO. 4:**

Have YOU ever been identified, known, or done business under any other name in the State of California?

**ANSWER:**

Yes.

**INTERROGATORY NO. 5:**

If your answer to Interrogatory No. 4 is in the affirmative, please state such name or names and the time period during which THIS DEFENDANT was so known or identified.

**ANSWER:**

Kaiser Cement did business under the name Permanente Corporation between 1939 and 1943; Permanente Cement Company between 1943 and 1964; Kaiser Cement & Gypsum Company between 1964 and 1979; Kaiser Cement Corporation between 1979 and 1999; and Hanson Permanente Cement, Inc. since 1999.

9

1596233.1

**KINS 152215**

**C.** State the dates, port and pier involved for each occasion;

**D.** Either (1) attach all DOCUMENTS evidencing the information sought in this Interrogatory and its subparts to your answers to these Interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

**ANSWER:**

Kaiser Cement has no knowledge that it transported raw asbestos or products that contained chrysotile asbestos through ports in the Geographic Area.

Dated: November _6O_ ,2004

JACKSON & WALLACE LLP

By _____

Attorneys for Defendant
Kaiser Cement Corporation

57

1596233.1

KINS 152263

## VERIFICATION

[original signed verification, to follow]

*In Re:* San Francisco County
Complex Asbestos Litigation
SFSC 828684

---

KAISER CEMENT CORPORATION'S 2004 SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS

KINS 152264

## VERIFICATION

I, CARROLL LaGRAFFE, declare as follows:

I am the Assistant Secretary of Kaiser Cement Corporation, a defendant in these proceedings and am authorized to verify these responses on behalf of Kaiser Cement Corporation. I have reviewed Defendant Kaiser Cement Corporation's 2004 Supplemental Responses to Plaintiff's Standard Interrogatories to All Defendants, and I am informed and believe that these responses are true and correct to the best of my knowledge at this time.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ____ day of November, 2004, at San Ramon, California.

_____
CARROLL LaGRAFFE

58

1596233.1

KINS 152265

## PROOF OF SERVICE BY MAIL
(Code Civ. Proc., §§ 1013, 2015.5)

### STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I, the undersigned, declare as follows:

I am over 18 years of age and not a party to the within action; my business address is 55 Francisco Street, 6th Floor, San Francisco, California 94133; I am employed in San Francisco County, California.

I am readily familiar with my employer's practices for collection and processing of correspondence for mailing with the United States Postal Service. On the date shown below, I served a copy, with all exhibits, of the following document(s):

**KAISER CEMENT CORPORATION'S 2004 SUPPLEMENTAL RESPONSES TO PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS**

on the interested parties in the above-referenced case by following ordinary business practices and placing for collection and mailing at 55 Francisco Street, San Francisco on the date shown below, a true copy of the above-referenced document(s), enclosed in a sealed envelope; in the ordinary course of business, the above document(s) would have been deposited for first-class delivery with the United States Postal Service the same day they were placed for deposit, with postage thereon fully prepaid.

The foregoing envelope(s) was/were addressed as follows:

   [SEE ATTACHED SERVICE LIST]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 12, 2004.

_____
Colleen Kottage

V:\0400\~InReComplex\KCgs12IRresp2004-Verify+POS.wpd

---

KAISER CEMENT CORPORATION'S 2004 SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS

KINS 152266

## SERVICE LIST

**Street Address:**
Bruce L. Ahnfeldt, Esq.
Law Offices of Bruce L. Ahnfeldt
1005 Jefferson Street
Napa, CA 94559
Phone: (707) 224-6547    Fax: (707) 224-2518

**Mail Address:**
LAW OFFICES OF BRUCE L. AHNFELDT
P.O. Box 6078
Napa, CA 94581
**

**Street Address:**
BRAYTON ✦ PURCELL
222 Rush Landing Road
Novato, CA 94948-6169

Phone: (415) 898-1555    Fax: (415) 898-1247

**Mail Address:**
BRAYTON ✦ PURCELL
P.O. BOX 6169
NOVATO, CA 94948-6169

CLAPPER & PATTI
Marina Office Plaza
2330 Marinship Way, Ste. 140
Sausalito, CA 94965

Phone: (415) 332-4262    Fax: (415) 331-5387
**

LAW OFFICES OF
CHRISTOPHER E. GRELL
360 - 22nd Street, Suite 320
Oakland, CA 94612

Phone: (510) 832-2980    Fax: (510) 832-2986
**

PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710

Phone: (510) 559-9980    Fax: (510)559-9970
**

KAZAN, McCLAIN, ABRAMS,
FERNANDEZ, LYONS & FARRISE
171 - Twelfth Street, Suite 300
Oakland, CA 94607

Phone: (510) 465-7728    Fax: (510) 835-4913
**

LEVIN SIMES & KAISER LLP
One Bush Street, 14th Floor
San Francisco, CA 94104

Phone: (415) 646-7160    Fax: (415) 981-1270
**

LEWIS & SCHOLNICK
555 South Flower Street, Suite 4520
Los Angeles, CA 90071-2300

Phone: (213) 627-0800    Fax: (213) 627-7262
**

HOBIN, SHINGLER & SIMON LLP
1011 "A" Street
Antioch, CA 94509-2323

Phone: (925) 757-7585    Fax: (925) 757-0153
**

VISSE & YANEZ, L.L.P.
1375 Sutter Street, Suite 120
San Francisco, CA 94109

Phone: (415) 441-1707    Fax: (415) 441-2045
**

THE WARTNICK LAW FIRM
650 California Street, 15th Floor
San Francisco, CA 94108

Phone: (415) 986-5566    Fax: (415) 986-5896
**

HAROWITZ & TIGERMAN LLP
One Bush Street, 14th Floor
San Francisco, CA 94104

Phone: (415) 788-1588    Fax: (415) 788-1598
**

V:\0400\~InReComplex\KCgo129Resp2004-Verify+POS.wpd

KAISER CEMENT CORPORATION'S 2004 SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS

KINS 152267

## VERIFICATION

I, CARROLL LaGRAFFE, declare as follows:

I am the Assistant Secretary of Kaiser Cement Corporation, a defendant in these proceedings and am authorized to verify these responses on behalf of Kaiser Cement Corporation I have reviewed Defendant Kaiser Cement Corporation's 2004 Supplemental Responses to Plaintiff's Standard Interrogatories to All Defendants, and I am informed and believe that these responses are true and correct to the best of my knowledge at this time.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of November, 2004, at San Ramon, California.

CARROLL LaGRAFFE

58

Case 16-03127-rld    Doc 95    Filed 11/30/16

# Exhibit C

JOHN R. WALLACE, ESQ. (State Bar No. 85709)
BRUCE D. ROGIE, ESQ. (State Bar No. 54431)
JACKSON & WALLACE LLP
55 Francisco Street, 6th Floor
San Francisco, CA 94133
(415) 982-6300

Attorneys For Defendant
KAISER GYPSUM COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | | |
|---|---|---|
| IN RE: SAN FRANCISCO COUNTY COMPLEX ASBESTOS LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | No. 828684<br><br>**KAISER GYPSUM COMPANY'S 2004 SUPPLEMENTAL RESPONSES TO PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS** |

## PREFACE

These Interrogatories are to be answered pursuant to San Francisco Superior Court General Order No. 129.

Unless otherwise specifically set forth, the time frame for response to these Interrogatories is from 1930 until 1985; except where otherwise specifically set forth, each Interrogatory and each Response are intended and should be construed as including and being limited to such time frame. Where expressly stated with reference to the date and circumstances justifying use of such date, the responding party may limit any such response to dates subsequent to 1930, but which in no event are

RCVD J&W
NOV 1 0 2004

Case 16-03127-rld    Doc 95    Filed 11/30/16

later than the inception of the responding party, including the inception of any predecessor in interest.

Unless otherwise specifically set forth, the geographic scope for response to these Interrogatories by domestic corporations is the United States. Hospitals and other health care entity defendants shall provide responses related only to that defendant's physical facilities and shall not be required to disclose any information related to the furnishing of services to patients.

## DEFINITIONS

1. "ASBESTOS-CONTAINING PRODUCT(S)" shall mean a product(s) which THIS DEFENDANT knows or believes to have contained any amount of the mineral asbestos at any time.

2. "COMPANY" means any private enterprise including corporations, partnerships, joint ventures, and sole proprietorships. For purposes of Interrogatory No. 19, the term "COMPANY" includes organizations, associations or groups of manufacturers, miners, distributors, importers, labelers, suppliers and/or sellers of asbestos-containing products, of which the responding defendant was a member.

3. A "CONTRACT UNIT" shall mean a branch, division, subsidiary or other affiliated entity of a DEFENDANT which has been or is now engaged in installation, disturbing or handling and/or removal of RAW ASBESTOS and/or ASBESTOS-CONTAINING PRODUCTS.

4. "DOCUMENT(S)" or "WRITING(S)" shall include all writings as defined by Section 250 of the California Evidence Code.

5. "GEOGRAPHIC AREA" means the 46 counties of Northern California (Alameda, Alpine, Amador, Butte, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado, Fresno, Glenn, Humboldt, Kern, Kings, Lake, Lassen, Marin, Mariposa, Mendocino, Merced, Modoc, Mono,

2

1596308.1

**KINS 152270**

Monterey, Napa, Nevada, Placer, Plumas, Sacramento, San Francisco, San Joaquin, San Mateo, Santa Clara, Santa Cruz, Shasta, Sierra, Siskiyou, Solano, Sonoma, Stanislaus, Sutter, Tehama, Trinity, Tulare, Tuolumne, Yolo, Yuba) and military facilities/installations in the State of California, or the following shipyards: Bethlehem Shipbuilding, San Pedro; California Shipbuilding, Terminal Island; Consolidated Steel Shipyard, Wilmington; Los Angeles Shipbuilding and Dry Dock aka L.A. Ship, San Pedro; National Steel and Shipbuilding Corporation, San Diego; Todd Shipyards Corporation, San Pedro; Triple "A" Machine, San Diego; Western Pipe and Steel Company, Los Angeles and San Pedro Divisions; Naval Air Station, North Island; Thirty-second Street Naval Repair Facility, San Diego; Long Beach Naval Shipyard; and San Diego Destroyer Base.

6.    A request to "IDENTIFY" a "WRITING" or "DOCUMENT" or study shall mean a request to either attach such an exhibit to your answers to these Interrogatories, or to describe such with sufficient particularity that it may be made the subject of a request for production of documents. YOUR description should include an indication of: (a) the author; (b) addressee(s); (c) date of origin; (d) the nature of the writing or document (e.g., letter, telephone memorandum, audio tape recording, photograph, etc.); and (e) its present location, name and present address of custodian thereof.

7.    A request to "IDENTIFY" an oral communication shall mean a request to describe the communication with particularity, and shall include the following information; (a) the identity of all parties to the communication; (b) the identity of the person whom you contend initiated the communication; (c) the identity of all persons present at the time of the communication; and (d) the time, date and place of the communication.

8.    A request to "IDENTIFY" or to state the "IDENTITY" of a person or individual

3

means to state his or her name, the place of employment, job title, present business or present or last known home address, years of employment and last known telephone number if not employed by DEFENDANT.

9. A request to "IDENTIFY" the product shall mean a request to describe the product, the material or compound by the following means: (1) by nickname or slang name used in your industry and/or occupation; (2) by the name under which it is sold in the marketplace (trade name); (3) by its generic name; and (4) by manufacturer.

10. "MARKETING" or "MARKETED" shall mean the mining, supply, sale, labeling, distribution, importing, processing or manufacture of RAW ASBESTOS and/or ASBESTOS-CONTAINING PRODUCT(S).

11. A request to describe the "NATURE" of a product means to describe the: (a) color; (b) texture; (c) form (i.e., powder, liquid, paste, solid, board, cloth, blanket, wire insulation, etc.); (d) physical dimensions, if solid (length, width and height); (e) the type of shipping package and shipping package dimensions if not solid; (f) type of asbestos fiber used in the composition of the product (e.g., chrysotile, amosite, crocidolite); (g) the intended use or function of such product as recommended by this DEFENDANT as the miner, producer, supplier, contractor, manufacturer, distributor, owner or seller; and (h) the type of worksite in which it was intended to be used (e.g., shipyard, refinery, commercial building construction, manufacturing plant, home, power generating plant, etc.).

12. "PREMISES" includes, but is not limited to, buildings, structures in a refinery, boilers, generators, tract housing, commercial buildings and other such structures.

13. "RAW ASBESTOS" means asbestos fiber mined or milled, either packaged or in

4

1596308.1

KINS 152272

1  bulk, not compounded with other substances and essentially pure with the exception of naturally

2  occurring trace amounts of other substances.

3      14.    "THIS DEFENDANT" or "DEFENDANT" shall mean the named defendant herein,

4  all of its divisions and subsidiaries in which it holds a controlling interest, and all "alternate entities"

5  as defined and identified by name in any complaint pending against YOU as of the date of your

6  answers.

7      15.    "YOU" and "YOUR" refer to the DEFENDANT who is named above as responding

8  party.

9  
10  <center>**PRELIMINARY STATEMENT**</center>

11      Kaiser Gypsum Company, Inc. ("Kaiser Gypsum") submits this preliminary statement to

12  memorialize certain steps taken to implement the standard discovery regimen adopted by the revised

13  General Orders filed November 15, 1996, governing "asbestos-related" personal injury and wrongful

14  death cases filed in San Francisco Superior Court. Under the terms of General Order No. 129, all

15  defendants must respond to the Plaintiffs' Standard Interrogatories to All Defendants without

16  objection, even where those interrogatories appear objectionable under the rules defined by

17  California statutes and appellate precedent. The General Orders do contemplate that plaintiffs'

18  counsel must meet and confer with the defendants and consider a specific defendant's concerns with

19  the standard interrogatories as applied to that defendant's factual and litigation circumstances. In

20  Kaiser Gypsum's case, that process proved sufficiently successful so that Kaiser Gypsum did not

21  believe it necessary to file a motion seeking judicial relief from the burdensomeness that would arise

22  in Kaiser Gypsum's circumstances from responding to the literal terms of the discovery.

23      During a "meet and confer session," that was held on May 15, 1997, agreements were

<center>5</center>

1596308.1

**KINS 152273**

reached on the interpretation of numerous specific provisions of the subject standard interrogatories. The agreements were subsequently concurred in by plaintiffs' counsel that did not attend the May 15, 1997 meeting. Kaiser Gypsum's non-pursuit of its burdensome objections remain contingent on the continued realization of the agreements reached at the May 15, 1997, meeting.

Kaiser Gypsum also stated other objections to the subject Plaintiffs' Standard Interrogatories during the course of the proceedings leading to their adoption. Those objections concerned both the concept of using standard interrogatories for discovery unrelated to the resolution of cases or controversies before the Court, objections to the procedures underlying the development and adoption of the standard interrogatories, and objections to specific aspects of the interrogatories on grounds other than burdensomeness, all of which objections were either accepted or implicitly rejected through adoption of the final standard interrogatories. Kaiser Gypsum hereby makes express on the record that by serving its responses to Plaintiffs' Standard Interrogatories To All Defendants, Kaiser Gypsum neither intends to nor does it waive its right to press those objections at an appropriate future opportunity, both in context of specific cases before the Superior Court and on appellate review.

Kaiser Gypsum objects to Plaintiffs' Standard Interrogatories To All Defendants to the extent that they call for information protected by the attorney-client privilege or work-product doctrine.

This preliminary Statement and the objections contained herein are incorporated into each of the responses set forth below.

## KAISER GYPSUM'S RESPONSES TO INTERROGATORIES

Kaiser Gypsum was formed in 1952 and ceased all manufacturing operations in 1978. Kaiser Gypsum has not manufactured products that contained chrysotile asbestos as a constituent since

6

1596308.1

KINS 152274

early 1976. Thus, all Kaiser Gypsum sales of products that contained chrysotile asbestos occurred between 1952 and 1976. Therefore, Kaiser Gypsum's Responses to Plaintiff's Standard Interrogatories to All Defendants are based almost entirely on its ongoing review of documents presently available to Kaiser Gypsum. The information in these discovery requests involves events that occurred many years prior and is, therefore, difficult or impossible to secure or reconstruct. These interrogatory responses reflect Kaiser Gypsum's knowledge at this time and supersede any previous interrogatory answers. Kaiser Gypsum reserves the right to further supplement these responses in the event that more complete information becomes available.

All responses contained herein are based only upon such information and documents which are presently available to and specifically known to Kaiser Gypsum. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses herein set forth.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

IDENTIFY the person verifying these answers on YOUR behalf.

**ANSWER:**

Carroll LaGraffe, Kaiser Gypsum Company Inc., 2680 Bishop Drive, Suite 225, San Ramon, California 94583, (510) 328-1800.

**INTERROGATORY NO. 2:**

State the date of first employment with YOU, and the dates and titles of each job position the

7

1596308.1

KINS 152275

person verifying these interrogatories has held while employed by YOU.

**ANSWER:**

February 1, 2001. Legal Assistant, Assistant Secretary and Records Custodian.

**INTERROGATORY NO. 3:**

State whether or not YOU are a corporation, and if so, state:

A.    YOUR correct corporate name;

B.    YOUR state of incorporation;

C.    The date of YOUR incorporation;

D.    The address of YOUR principal place of business;

E    Whether or not YOU have ever held a certificate of authority to do business in the State of California, and if so, the inclusive dates of any certificate;

F.    If YOU are wholly owned or the majority interest of YOUR company is owned by another business entity, state the entity's name and principal place of business;

G.    Whether YOU have any business offices in California, and, if so, YOUR principal place of business in California.

**ANSWER:**

Kaiser Gypsum is a corporation.

A.    Kaiser Gypsum Company, Inc.

B.    Washington.

C.    On June 19, 1952, Permanente Cement Company (later known as Kaiser Cement Corporation) formed a wholly owned subsidiary named Kaiser Gypsum Company, a California Corporation. On December 1, 1952, Kaiser Gypsum Company, a California Company, was merged

8

KINS 152276

into Pacific Coast Cement Company, another subsidiary of Permanente Cement Company, and the name was changed to Kaiser Gypsum Company, Inc. (hereinafter Kaiser Gypsum).

    D.    Kaiser Gypsum's principal place of business is 2680 Bishop Drive, Suite 225, San Ramon, California 94583, (510) 328-1800.

    E.    Kaiser Gypsum has held a certificate of authority to do business in California from 1952 to present.

    F.    Kaiser Gypsum is a wholly owned subsidiary of Hanson Permanente Cement, Inc. f/k/a Kaiser Cement Corporation, whose principle place of business is located at 2680 Bishop Drive, Suite 225, San Ramon, California 94583.

    G.    Kaiser Gypsum's principle place of business in California is 2680 Bishop Drive, Suite 225, San Ramon, California 94583, (510) 328-1800.

**INTERROGATORY NO. 4:**

Have YOU ever been identified, known, or done business under any other name in the State of California?

**ANSWER:**

See response to Interrogatory No. 3.C. above as if fully incorporated herein.

**INTERROGATORY NO. 5:**

If your answer to Interrogatory No. 4 is in the affirmative, please state such name or names and the time period during which THIS DEFENDANT was so known or identified.

**ANSWER:**

See response to Interrogatory No. 3.C. above as if fully incorporated herein.

**INTERROGATORY NO. 6:**

9

1596308.1

KINS 152277

Berth 154; Terminal 1, Berth 3; Encinal Terminal; San Francisco; 9th Avenue Pier, Oakland; and

Berth 0, 7th Street, Oakland.

Dated: November _10_, 2004

JACKSON & WALLACE LLP

By _____

Attorneys for Defendant
Kaiser Gypsum Company, Inc.

89

1596308.1

KINS 152357

1
2
3
4
## VERIFICATION

5

6
[original signed verification, to follow]

7
8
9
10
11
*In Re:* San Francisco County
Complex Asbestos Litigation
12
SPSC 828684
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAISER GYPSUM COMPANY'S 2004 SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS

KINS 152358

KINS 152359

## VERIFICATION

I, CARROLL LaGRAFFE, declare as follows:

I am the Assistant Secretary of Kaiser Gypsum Company, Inc., a defendant in these proceedings and am authorized to verify these responses on behalf of Kaiser Gypsum Company, Inc. I have reviewed Defendant Kaiser Gypsum Company, Inc.'s 2004 Supplemental Responses to Plaintiff's Standard Interrogatories to All Defendants, and I am informed and believe that these responses are true and correct to the best of my knowledge at this time.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ____ day of November, 2004, at San Ramon, California.

_____
CARROLL LaGRAFFE

90

KAISER GYPSUM COMPANY, INC.'S 2004 SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS

1596308.1

## PROOF OF SERVICE BY MAIL
### (Code Civ. Proc., §§ 1013, 2015.5)

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I, the undersigned, declare as follows:

I am over 18 years of age and not a party to the within action; my business address is 55 Francisco Street, 6th Floor, San Francisco, California 94133; I am employed in San Francisco County, California.

I am readily familiar with my employer's practices for collection and processing of correspondence for mailing with the United States Postal Service. On the date shown below, I served a copy, with all exhibits, of the following document(s):

**KAISER GYPSUM COMPANY'S 2004 SUPPLEMENTAL RESPONSES TO PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS**

on the interested parties in the above-referenced case by following ordinary business practices and placing for collection and mailing at 55 Francisco Street, San Francisco on the date shown below, a true copy of the above-referenced document(s), enclosed in a sealed envelope; in the ordinary course of business, the above document(s) would have been deposited for first-class delivery with the United States Postal Service the same day they were placed for deposit, with postage thereon fully prepaid.

The foregoing envelope(s) was/were addressed as follows:

[SEE ATTACHED SERVICE LIST]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 12, 2004.

*Colleen Kottage*
_____
Colleen Kottage

V:\D4XX\~InReComplex\KGyp12SResp2004-Verify+POS.wpd

---

KAISER GYPSUM COMPANY'S 2004 SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS

KINS 152360

| | |
|---|---|
| 1 | |
| 2 | **SERVICE LIST** |
| | **Street Address:** |
| 3 | Bruce L. Ahnfeldt, Esq. |
| | Law Offices of Bruce L. Ahnfeldt |
| 4 | 1005 Jefferson Street |
| | Napa, CA 94559 |
| 5 | Phone: ( 707) 224-6547    Fax: (707) 224-2518 |

SERVICE LIST

**Street Address:**
Bruce L. Ahnfeldt, Esq.
Law Offices of Bruce L. Ahnfeldt
1005 Jefferson Street
Napa, CA 94559
Phone: ( 707) 224-6547    Fax: (707) 224-2518

**Mail Address:**
Law Offices of Bruce L. Ahnfeldt
P.O. Box 6078
Napa, CA 94581
*

**Street Address:**
BRAYTON ❖ PURCELL
222 Rush Landing Road
Novato, CA  94948-6169

Phone: (415) 898-1555    Fax: (415) 898-1247

**Mail Address:**
BRAYTON ❖ PURCELL
P.O. BOX 6169
NOVATO, CA  94948-6169
**

CLAPPER & PATTI
Marina Office Plaza
2330 Marinship Way, Ste. 140
Sausalito, CA 94965

Phone: (415) 332-4262    Fax: (415) 331-5387
**

LAW OFFICES OF
CHRISTOPHER E. GRELL
360 - 22nd Street, Suite 320
Oakland, CA 94612

Phone: (510) 832-2980    Fax: (510) 832-2986
**

PAUL, HANLEY & HARLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California  94710

Phone: (510) 559-9980    Fax: (510)559-9970
**

V:\0400\ – InReComplex\KGgo129Resp2004-Verify+POS.wpd

KAZAN, McCLAIN, ABRAMS,
  FERNANDEZ, LYONS & FARRISE
171 - Twelfth Street, Suite 300
Oakland, CA 94607

Phone: (510) 465-7728    Fax: (510) 835-4913
**

LEVIN SIMES & KAISER LLP
One Bush Street, 14th Floor
San Francisco, CA 94104

Phone: (415) 646-7160    Fax: (415) 981-1270
**

LEWIS & SCHOLNICK
555 South Flower Street, Suite 4520
Los Angeles, CA 90071-2300

Phone: (213) 627-0800    Fax: (213) 627-7262
**

HOBIN, SHINGLER & SIMON LLP
1011 "A" Street
Antioch, CA  94509-2323

Phone: (925) 757-7585    Fax: (925) 757-0153
**

VISSE & YANEZ, L.L.P.
1375 Sutter Street, Suite 120
San Francisco, CA 94109

Phone: (415) 441-1707    Fax: (415) 441-2045
**

THE WARTNICK LAW FIRM
650 California Street, 15th Floor
San Francisco, CA 94108

Phone: (415) 986-5566    Fax: (415) 986-5896
**

HAROWITZ & TIGERMAN LLP
One Bush Street, 14th Floor
San Francisco, CA 94104

Phone: (415) 788-1588    Fax: (415) 788-1598
**

---

KAISER GYPSUM COMPANY'S 2004 SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS

**KINS 152361**

## VERIFICATION

I, CARROLL LaGRAFFE, declare as follows:

I am the Assistant Secretary of Kaiser Gypsum Company, Inc., a defendant in these proceedings and am authorized to verify these responses on behalf of Kaiser Gypsum Company, Inc. I have reviewed Defendant Kaiser Gypsum Company, Inc.'s 2004 Supplemental Responses to Plaintiff's Standard Interrogatories to All Defendants, and I am informed and believe that these responses are true and correct to the best of my knowledge at this time.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of November, 2004, at San Ramon, California.

CARROLL LaGRAFFE

90

KAISER GYPSUM COMPANY, INC.'S 2004 SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' STANDARD INTERROGATORIES TO ALL DEFENDANTS

1596308.1

KINS 152362

Case 16-03127-rld    Doc 95    Filed 11/30/16

# Exhibit E

Certificate No. LI. 59700

AS TO INSURANCE PROCURED FROM

# Landis Pelletier & Parrish Inc.

ASSURED

PERMANENTE CEMENT COMPANY

ET AL

Expires DECEMBER 31st, 1964

## NOTICE

You are requested to read this Certificate,
and if incorrect, please return it immediately
for alteration.

In Case of Loss or Damage Notify Us
Immediately by Wire or Telephone

UNDERWRITERS
SERVICE INC.
INSURANCE BROKERS AND ADVISORS
YUKON 6-0922
350 PINE STREET          SAN FRANCISCO 4

KINS 121133

MPF 005699

LMIPOLSTIP000310

**TRIAL EX. 152**
**Page 352**

# Certificate of Insurance

LL_____69700_____(L)

effected by

**LANDIS PELLETIER & PARRISH INC.**

through J. H. MINET & CO., LTD., LONDON, ENGLAND, with UNDERWRITERS AT LLOYD'S, LONDON (hereinafter called the "UNDERWRITERS")

In accordance with authorization granted by the Underwriters under evidence of authorization on file in the office of LANDIS PELLETIER & PARRISH INC, in accordance with which the Underwriters have bound themselves, each for his own part, and not one for another, in favor of PERMANENTE CEMENT COMPANY, ET AL

(SEE ENDORSEMENT NO. 1)

(hereinafter called the "Assured")

Address: 300 LAKESIDE DRIVE, OAKLAND, CALIFORNIA

during the period commencing December 31st, 1961

and ending December 31st, 1964 both days at noon

Standard Time, at Assured's address shown.

Hereon 69.9 % of the amount of the coverage and premium shown.

| AMOUNT | RATE | PREMIUM |
|---|---|---|
| $1,000,000.00 | | $ AS SHOWN |
| | | $ ON ENDORSE- |
| | | $ MENT #2 |
| STATE TAX | | $ " |
| STAMPING FEE | | $ " |
| FEDERAL TAX | | $ " |
| STAMP & SERVICE FEE | | $ " |
| TOTAL | | $ " |

Documentary Stamps in the amount of $.......
Calculated at ....01....cents for each dollar or fraction thereof
of premium are affixed to the "first instrument of insurance" and
any additional premium endorsement thereto retained in the
office of LANDIS PELLETIER & PARRISH INC. The law provides
for no Federal Tax refund once the insurance attaches.

On— UMBRELLA LIABILITY COVERAGE (AS PER FORM ATTACHED)

This insurance is effected with and bound by the individual Underwriters at Lloyd's, London each acting and contracting individually and not one for another. The undersigned is not one of the Underwriters or Assurers, but is acting solely as the Assured's representative in the negotiation of the insurance herein referred to, and in no event is the undersigned to be liable for any loss sustained by the Assured in connection with this undertaking.

In case any claim is made under this Certificate the Assured shall give immediate written or telegraphic notice of such claim together with full particulars thereof accompanied by all papers and documents having reference to same to Landis Pelletier & Parrish Inc., at the address shown hereon.

It is agreed that all premiums provided for herein are due and payable within Thirty (30) days from the attachment of this insurance.

If the Assured shall make any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this certificate shall become void, and all claims hereunder shall be forfeited.

This insurance is made and accepted subject to all the provisions, conditions and warranties set forth herein and in any forms attached hereto, all of which are to be considered as incorporated herein, and any provisions or conditions appearing in any forms attached hereto which alter the certificate provisions stated above shall supersede such certificate provisions in so far as they are inconsistent therewith.

This certificate of insurance shall not be assigned either in whole or in part, without the written consent of Landis Pelletier & Parrish Inc., endorsed hereon.

This document is intended for use as evidence that insurance described herein has been effected, against which Underwriters' Policy(ies) will be duly issued. It is understood and agreed that this insurance is subject to all the terms, conditions and provisions of said Underwriters' Policy(ies) which shall, in the event of conflict herewith, be controlling.

This certificate shall not be valid unless signed by LANDIS PELLETIER & PARRISH INC.

E. & O. E.

DATED AT San Francisco, California , this 13 day of March , 19 62

LANDIS PELLETIER & PARRISH INC.

By _____

FORM A-3

LM100167

MPF 005584

LMIPOLSTIP000311

**TRIAL EX. 152**
**Page 353**

# Certificate of Insurance

LL __69700__ (C)

effected by

## LANDIS PELLETIER & PARRISH INC.

through J. H. MINET & CO., LTD., LONDON, ENGLAND, with Certain Insurance Companies (hereinafter called the "UNDERWRITERS")

In accordance with authorization granted by the Underwriters under evidence of authorization on file in the office of LANDIS PELLETIER & PARRISH INC, in accordance with which the Underwriters have bound themselves, each for his own part, and not one for another, in favor of PERMANENTE CEMENT COMPANY, ET AL (SEE ENDORSEMENT NO. 1)

(hereinafter called the "Assured")

Address: 300 LAKESIDE DRIVE, OAKLAND, CALIFORNIA

| AMOUNT | RATE | PREMIUM |
|--------|------|---------|
| $1,000,000.00 | | AS SHOWN |
| | | ON ENDORSE- |
| | | MENT #2 |
| STATE TAX | | $ |
| STAMPING FEE | | $ |
| FEDERAL TAX | | $ |
| STAMP & SERVICE FEE | | $ |
| TOTAL | | $ |

during the period commencing   December 31st, 1961

and ending   December 31st, 1964 both days at noon

Standard Time, at Assured's address shown.

Hereon 30.1% of the amount of the coverage and premium shown.

On  UMBRELLA LIABILITY COVERAGE (AS PER FORM ATTACHED)

*Documentary Stamps in the amount of $ ....... Calculated at .50?.....cents for each dollar or fraction thereof of premium are affixed to the "First Instrument of Insurance" and any additional premium endorsement thereto retained in the office of LANDIS PELLETIER & PARRISH INC. this law provides for an Federal Tax refund note the insurance attaches.*

It is understood and agreed that this Certificate shall run concurrently with and be subject to the same gross rate, terms, conditions and endorsements as more particularly set forth in and/or as may from time to time be added in Certificate Number 69700(L), issued by Lloyd's Underwriters on the identical subject matter and risk.

This insurance is effected with and bound by the individual Insurance Companies each acting and contracting individually and not one for another. The undersigned is not one of the Underwriters or Assurers, but is acting solely as the Assured's representative in the negotiation of the insurance herein referred to, and in no event is the undersigned to be liable for any loss sustained by the Assured in connection with this undertaking.

In case any claim is made under this Certificate the Assured shall give immediate written or telegraphic notice of such claim together with full particulars thereof accompanied by all papers and documents having reference to same to Landis Pelletier & Parrish Inc., at the address shown hereon.

It is agreed that all premiums provided for herein are due and payable within Thirty (30) days from the attachment of this Insurance.

If the Assured shall make any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this certificate shall become void, and all claims hereunder shall be forfeited.

This insurance is made and accepted subject to all the provisions, conditions and warranties set forth herein and in any forms attached hereto, all of which are to be considered as incorporated herein, and any provisions or conditions appearing in any forms attached hereto which alter the certificate provisions stated above shall supersede such certificate provisions in so far as they are inconsistent therewith.

This certificate of insurance shall not be assigned either in whole or in part, without the written consent of Landis Pelletier & Parrish Inc., endorsed hereon.

This document is intended for use as evidence that insurance described herein has been effected, against which Underwriters' Policy(ies) will be duly issued. It is understood and agreed that this insurance is subject to all the terms, conditions and provisions of said Underwriters' Policy(ies) which shall, in the event of conflict herewith, be controlling.

This certificate shall not be valid unless signed by LANDIS PELLETIER & PARRISH INC.

E. & O. E.

DATED AT San Francisco, California , this 13 day of March , 19 62

LANDIS PELLETIER & PARRISH INC.

By _RUL Inform_

FORM A-3

LMI00169

MPF 005586

LMIPOLSTIP000312

**TRIAL EX. 152**
**Page 354**

## UMBRELLA POLICY.

**Named Assured:**   As stated in Item 1 of the Declarations forming a part hereof and/or subsidiary, associated, affiliated companies or owned and controlled companies as now or hereafter constituted and of which prompt notice has been given to Underwriters. (Hereinafter called the "Named Assured").

### INSURING AGREEMENTS

1. **COVERAGE –**

Underwriters hereby agree, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability

   (a)   imposed upon the Assured by law,

or (b)   assumed under contract or agreement by the Named Assured and/or officer, director, stockholder, partner or employee of the Named Assured, while acting in his capacity as such,

for damages, direct or consequential and expenses, all as more fully defined by the term 'ultimate net loss' on account of:–

   (i)     Personal Injuries, including death at any time resulting therefrom,

   (ii)    Property Damage,

   (iii)   Advertising liability,

caused by or arising out of each occurrence happening <mark>anywhere in the world.</mark>

II. **LIMIT OF LIABILITY –**

Underwriters hereon shall only be liable for the ultimate net loss the excess of either

   (a)   the limits of the underlying insurances as set out in the attached schedule in respect of each occurrence covered by said underlying insurances,

or (b)   $25,000 ultimate net loss in respect of each occurrence not covered by said underlying insurances, (hereinafter called the "underlying limits")

and then only up to a further sum as stated in Item 2 (a) of the Declarations in all in respect of each occurrence – subject to a limit as stated in Item 2(b) of the Declarations in the aggregate for each annual period during the currency of this Policy, separately in respect of Products Liability and in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured.

In the event of reduction or exhaustion of the aggregate limits of liability under said underlying insurances by reason of losses paid thereunder, this policy shall

   (1)   in the event of reduction pay the excess of the reduced underlying limit

   (2)   in the event of exhaustion continue in force as underlying insurance.

The inclusion or addition hereunder of more than one Assured shall not operate to increase Underwriters' limit of liability

THIS POLICY IS SUBJECT TO THE FOLLOWING DEFINITIONS:

1. **ASSURED –**

The unqualified word "Assured", wherever used in this policy, includes not only the Named Assured but also:–

   (a)   any officer, director, stockholder, partner or employee of the Named Assured, while acting in his capacity as such, and any organisation or proprietor with respect to real estate management for the Named Assured;

   (b)   Any person, organization, trustee or estate to whom the Named Assured is obligated by virtue of a written contract or agreement to provide insurance such as is afforded by this policy, but only in respect of operations by or on behalf of the Named Assured or of facilities of the Named Assured or used by them;

   (c)   any additional assured (not being the Named Assured under this policy) included in the Underlying insurances, subject to the provisions in Condition B; but not for broader coverage than is available to such additional Assured under any underlying insurances as set out in attached Schedule;

   (d)   with respect to any automobile owned by the Named Assured or hired for use in behalf of the Named Assured, or to any aircraft owned by or hired for use in behalf of the Named Assured, any person while using such automobile or aircraft and any organization legally responsible for the use thereof, provided the actual use of the automobile or aircraft is with the permission of the Named Assured.  The insurance extended by this sub-division (d) with respect to any person or organization other than the Named Assured, shall not apply:–

THE PROVISIONS ON THE FOLLOWING PAGES OF THIS FORM ARE HEREBY REFERRED TO AND MADE A PART HEREOF

ATTACHED TO POLICY NO..   LL 69700           OF THE UNDERWRITERS AT LLOYD'S &
                                                              COMPANIES IN ENGLAND

CONFIDENTIAL SUBJECT
TO PROTECTIVE ORDER
TRK 0457181

MPF 005634

LMIPOLSTIP000313

**TRIAL EX. 152**
**Page 355**

1. to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station, or public parking place, with respect to any occurrence arising out of the operation thereof;

2. to any manufacturer of aircraft, engines, or aviation accessories, or any aviation sales or service or repair organization or airport or hangar operator or their respective employees or agents with respect to any occurrence arising out of the operation thereof;

3. with respect to any hired automobile or aircraft, to the owner thereof or any employee of such owner. This sub-division (d) shall not apply if it restricts the insurance granted under sub-division (c) above.

**2. PERSONAL INJURIES –**

The term "Personal Injuries" wherever used herein means bodily injury, mental injury, mental anguish, shock, sickness, disease, disability, false arrest, false imprisonment, wrongful eviction, detention, malicious prosecution, discrimination, humiliation; also libel, slander or defamation of character or invasion of rights of privacy, except that which arises out of any Advertising activities.

**3. PROPERTY DAMAGE –**

The term "Property Damage" wherever used herein shall mean loss of or direct damage to or destruction of tangible property (other than property owned by the Named Assured).

**4. ADVERTISING LIABILITY –**

The term "Advertising Liability" wherever used herein shall mean –

1) Libel, slander or defamation;

2) Any infringement of copyright or of title or of slogan;

3) Piracy or unfair competition or idea misappropriation under an implied contract;

4) Any invasion of right of privacy;

committed or alleged to have been committed in any advertisement, publicity article, broadcast or telecast and arising out of the Named Assured's Advertising activities.

**5. OCCURRENCE –**

The term "Occurrence" wherever used herein shall mean an accident or a happening or event or a continuous or repeated exposure to conditions which unexpectedly and unintentionally results in personal injury, property damage or advertising liability during the policy period. All such exposure to substantially the same general conditions existing at or emanating from one premises location shall be deemed one occurrence.

**6. ULTIMATE NET LOSS –**

The term "Ultimate Net Loss" shall mean the total sum which the Assured, or any company as his insurer, or both, become obligated to pay by reason of personal injury, property damage or advertising liability claims, either through adjudication or compromise, and shall also include hospital, medical and funeral charges and all sums paid as salaries, wages, compensation, fees, charges and law costs, premiums on attachment or appeal bonds, interest, expenses for doctors, lawyers, nurses and investigators and other persons, and for litigation, settlement, adjustment and investigation of claims and suits which are paid as a consequence of any occurrence covered hereunder, excluding only the salaries of the Assured's or of any underlying insurer's permanent employees.

The Underwriters shall not be liable for expenses as aforesaid when such expenses are included in other valid and collectible insurance.

**7. AUTOMOBILE –**

The term "Automobile", wherever used herein, shall mean a land motor vehicle, trailer or semi-trailer.

**8. AIRCRAFT –**

The term "Aircraft", wherever used herein, shall mean any heavier than air or lighter than air aircraft designed to transport persons or property.

**9. PRODUCTS LIABILITY –**

The term "Products Liability" means

(a) Liability arising out of goods or products manufactured, sold, handled or distributed by the Named Assured or by others trading under his name if the occurrence occurs after possession of such goods or products has been relinquished to others by the Named Assured or by others trading under his name and if such occurrence occurs away from premises owned, rented or controlled by the Named Assured; provided such goods or products shall be deemed to include any container thereof, other than a vehicle, but shall not include any vending machine or any property, other than such container, rented to or located for use of others but not sold;

(b) Liability arising out of operations, if the occurrence occurs after such operations have been completed or abandoned and occurs away from premises owned, rented or controlled by the Named Assured; provided operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to an agreement; provided further that the following shall not be deemed to be "operations" within the meaning of this paragraph: (i) pick-up or delivery, except from or onto a railroad car, (ii) the maintenance of vehicles owned or used by or in behalf of the Assured, (iii) the existence of tools, uninstalled equipment and abandoned or unused materials.

CONFIDENTIAL SUBJECT
TO PROTECTIVE ORDER
TRK 0457195

10. ANNUAL PERIOD –

The term "each Annual Period" shall mean each consecutive period of one year commencing from the inception date of this Policy.

THIS POLICY IS SUBJECT TO THE FOLLOWING EXCLUSIONS:

This policy shall not apply: –

(a)  to any obligation for which the Assured or any company as its insurer may be held liable under any Workmen's Compensation, unemployment compensation or disability benefits law provided, however, that this exclusion does not apply to liability of others assumed by the Named Assured under contract or agreement;

(b)  to claims made against the Assured:

    (i)   for repairing or replacing any defective product or products manufactured, sold or supplied by the Assured or any defective part or parts thereof nor for the cost of such repair or replacement;

    (ii)   for the loss of use of any such defective product or products or part or parts thereof;

    (iii)   for improper or inadequate performance, design or specification; but nothing herein contained shall be construed to exclude claims made against the Assured for personal injuries or property damage (other than damage to a product of the Assured) resulting from improper or inadequate performance, design or specification;

(c)  with respect to advertising activities, to claims made against the Assured for:

    (i)   failure of performance of contract, but this shall not relate to claims for unauthorized appropriation of ideas based upon alleged breach of an implied contract;

    (ii)   infringement of registered trade mark, service mark or trade name by use thereof as the registered trade mark, service mark or trade name of goods or services sold, offered for sale or advertised, but this shall not relate to titles or slogans;

    (iii)   incorrect description of any article or commodity;

    (iv)   mistake in advertised prices;

(d)  except in respect of occurrences taking place in the United States of America, its territories or possessions, or Canada, to any liability of the Assured directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign enemies, hostilities, (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction of or damage to property by or under the order of any government or public or local authority.

Except insofar as coverage is available to the Assured in the underlying insurances as set out in the attached Schedule, this policy shall not apply:

(e)  to liability of any Assured hereunder for assault and battery committed by or at the direction of such Assured except liability for Personal Injury or Death resulting from any act alleged to be assault and battery committed for the purpose of preventing or eliminating danger in the operation of aircraft, or for the purpose of preventing personal injury or property damage; it being understood and agreed that this exclusion shall not apply to the liability of the Named Assured for personal injury to their employees, unless such liability is already excluded under Exclusion (a) above;

(f)  with respect to any aircraft owned by the Assured except liability of the Named Assured for aircraft not owned by them; it being understood and agreed that this exclusion shall not apply to the liability of the Named Assured for personal injury to their employees, unless such liability is already excluded under Exclusion (a) above;

(g)  with respect to any watercraft owned by the Assured, while away from premises owned, rented or controlled by the Assured, except liability of the Named Assured for watercraft not owned by them; it being understood and agreed that this exclusion shall not apply to the liability of the Named Assured for personal injury to their employees, unless such liability is already excluded under Exclusion (a) above;

(h)  to any employee with respect to injury to or the death of another employee of the same Employer injured in the course of such employment.

THIS POLICY IS SUBJECT TO THE FOLLOWING CONDITIONS: –

A.  PREMIUM. –

Unless otherwise provided for the premium for this Policy is a flat premium and is not subject to adjustment except as provided in Conditions B. and F.

B.  In the event of additional assureds being added to the coverage under the Underlying Insurances during currency hereof prompt notice shall be given to Underwriters hereon and if an additional premium has been charged for such addition on the Underlying Insurances, Underwriters shall be entitled to charge an appropriate additional premium hereon.

C.  PRIOR INSURANCE AND NON CUMULATION OF LIABILITY –

It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued to the Assured prior to the inception date hereof the limit of liability hereon as stated in Item 2 of the Declarations shall be reduced by any amounts due to the Assured on account of such loss under such prior insurance.

Subject to the foregoing paragraph and to all the other terms and conditions of this policy in the event that personal injury or property damage arising out of an occurrence covered hereunder is continuing at the time of termination of this policy Underwriters will continue to protect the Assured for liability in respect of such personal injury or property damage without payment of additional premium.

–3–

CONFIDENTIAL SUBJECT
TO PROTECTIVE ORDER
TRK 0457186

MPF 005639

LMIPOLSTIP000315

**TRIAL EX. 152**
**Page 357**

—4—

D. SPECIAL CONDITIONS APPLICABLE TO OCCUPATIONAL DISEASE –

As regards personal injury (fatal or non-fatal) by occupational disease sustained by any employee of the Assured, this policy is subject to the same warranties, terms and conditions (except as regards the premium, the amount and limits of liability and the renewal agreement, if any) as are contained in or as may be added to the underlying insurances prior to the happening of an occurrence for which claim is made hereunder.

E. INSPECTION AND AUDIT –

Underwriters shall be permitted at all reasonable times during the policy period to inspect the premises, plants, machinery and equipment used in connection with the Assured's business, trade or work, and to examine the Assured's books and records at any time during the currency hereof and within one year after final settlement of all claims so far as the books and records relate to any payments made on account of occurrences happening during the term of this policy.

F. CROSS LIABILITY –

In the event of claims being made by reason of personal injuries suffered by any employee or employees of one Assured hereunder for which another Assured hereunder is or may be liable, then this policy shall cover such Assured against whom a claim is made or may be made in the same manner as if separate policies had been issued to each Assured hereunder.

In the event of claims being made by reason of damage to property belonging to any Assured hereunder for which another Assured is, or may be, liable then this policy shall cover such Assured against whom a claim is made or may be made in the same manner as if separate policies had been issued to each Assured hereunder.

Nothing contained herein shall operate to increase Underwriters' limit of liability as set forth in Insuring Agreement II.

G. NOTICE OF OCCURRENCE –

Whenever the Assured has information from which the Assured may reasonably conclude that an occurrence covered hereunder involves injuries or damages which, in the event that the Assured should be held liable, is likely to involve this Policy, notice shall be sent as stated in Item 3 of the Declarations as soon as practicable, provided, however, that failure to give notice of any occurrence which at the time of its happening did not appear to involve this policy but which, at a later date, would appear to give rise to claims hereunder, shall not prejudice such claims.

H. ASSISTANCE AND CO-OPERATION –

The Underwriters shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Assured but Underwriters shall have the right and shall be given the opportunity to associate with the Assured or the Assured's underlying insurers, or both, in the defense and control of any claim, suit or proceeding relative to an occurrence where the claim or suit involves, or appears reasonably likely to involve Underwriters, in which event the Assured and Underwriters shall co-operate in all things in the defense of such claim, suit or proceeding.

I. APPEALS –

In the event the Assured or the Assured's underlying insurers elect not to appeal a judgment in excess of the underlying limits, Underwriters may elect to make such appeal at their cost and expense, and shall be liable for the taxable costs and disbursements and interest incidental thereto, but in no event shall the liability of Underwriters for ultimate net loss exceed the amount set forth in Insuring Agreement II for any one occurrence and in addition the cost and expense of such appeal.

J. LOSS PAYABLE –

Liability under this policy with respect to any occurrence shall not attach unless and until the Assured, or the Assured's underlying insurer, shall have paid the amount of the underlying limits on account of such occurrence. The Assured shall make a definite claim for any loss for which the Underwriters may be liable under the policy within twelve (12) months after the Assured's liability shall have been paid an amount of ultimate net loss in excess of the amount borne by the Assured or after the Assured's liability shall have been fixed and rendered certain either by final judgment against the Assured after actual trial or by written agreement of the Assured, the claimant, and Underwriters. If any subsequent payments shall be made by the Assured on account of the same occurrence, additional claims shall be made similarly from time to time. Such losses shall be due and payable within thirty (30) days after they are respectively claimed and proven in conformity with this policy.

K. BANKRUPTCY AND INSOLVENCY–

In the event of the bankruptcy or insolvency of the Assured or any entity comprising the Assured, the Underwriters shall not be relieved thereby of the payment of any claims hereunder because of such bankruptcy or insolvency.

L. OTHER INSURANCE –

If other valid and collectible insurance with any other insurer is available to the Assured covering a loss also covered by this policy, other than insurance that is in excess of the insurance afforded by this policy, the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance. Nothing herein shall be construed to make this policy subject to the terms, conditions and limitations of other insurance.

M. SUBROGATION –

Inasmuch as this policy is "Excess Coverage", the Assured's right of recovery against any person or other entity cannot be exclusively subrogated to the Underwriters. It is, therefore, understood and agreed that in case of any payment hereunder, the Underwriters will act in concert with all other interests (including the Assured) concerned, in the exercise of such rights of recovery. The apportionment of any amounts which may be so recovered shall follow the principle that any interest (including the Assured) that shall have pr¹ an amount over and above any payment

CONFIDENTIAL SUBJECT
TO PROTECTIVE ORDER
TRK 0457184

MPF 005637

LMIPOLSTIP000316

**TRIAL EX. 152**
**Page 358**

hereunder, shall first be reimbursed... up to the amount paid by them; the Underwriters are then to be reimbursed out of any balance then remaining up to the amount paid hereunder; lastly, the interests (including the Assured) of whom this coverage is in excess are entitled to claim the residue, if any. Expenses necessary to the recovery of any such amounts shall be apportioned between the interests (including the Assured) concerned, in the ratio of their respective recoveries as finally settled.

### N. CHANGES –

Notice to or knowledge possessed by any person shall not effect a waiver or change in any part of this policy or estop Underwriters from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part hereof, signed by Underwriters.

### O. ASSIGNMENT –

Assignment of interest under this policy shall not bind Underwriters unless and until their consent is endorsed hereon.

### P. CANCELLATION –

This policy may be cancelled by the Named Assured or by the Underwriters or their representatives by sending by registered mail notice to the other party stating when, not less than thirty (30) days thereafter, cancellation shall be effective. The mailing of notice as aforesaid by Underwriters or their representatives to the Named Assured at the address shown in this policy shall be sufficient proof of notice, and the insurance under this policy shall end on the effective date and hour of cancellation stated in the notice. Delivery of such written notice either by the Named Assured or by the Underwriters or their representatives shall be equivalent to mailing.

If this policy shall be cancelled by the Named Assured the Underwriters shall retain the customary short rate proportion of the premium for the period this policy has been in force. If this policy shall be cancelled by the Underwriters the Underwriters shall retain the pro rata proportion of the premium for the period this policy has been in force. Notice of cancellation by the Underwriters shall be effective even though Underwriters make no payment or tender of return premium with such notice.

### Q. CURRENCY –

The premiums and losses under this policy are payable in the currency stated in Item 4 of the Declarations. Payment of Premium shall be made as stated in Item 5 of the Declarations.

### R. CONFLICTING STATUTES –

In the event that any provision of this policy is unenforceable by the Assured under the laws of any State or other jurisdiction wherein it is claimed that the Assured is liable for any injury covered hereby, because of non-compliance with any statute thereof, then this policy shall be enforceable by the Assured with the same effect as if it complied with such Statute.

### S. SERVICE OF SUIT CLAUSE –

It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Assured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made as stated in Item 6 of the Declarations, and that in any suit instituted against any one of them upon this policy, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal. The person or firm named in Item 6 are authorized and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Assured to give a written undertaking to the Assured that they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officers specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this policy of insurance, and hereby designate the above named or the person to whom the said officer is authorized to mail such process or a true copy thereof.

### T. MAINTENANCE OF UNDERLYING INSURANCES –

It is a condition of this policy that the policy or policies referred to in the attached "Schedule of Underlying Insurances", shall be maintained in full effect during the currency of this policy, except for any reduction of the aggregate limit or limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this policy. Failure of the Assured to comply with the foregoing shall not invalidate this policy but in the event of such failure, the Underwriters shall only be liable to the same extent as they would have been had the Assured complied with the said condition.

(OVER)

PGS/SC    LRD.    May 1960
4.5.60.

–5–

CONFIDENTIAL SUBJECT
TO PROTECTIVE ORDER
TRK 0457188

MPF 005641

LMIPOLSTIP000317

**TRIAL EX. 152**
**Page 359**

<u>SCHEDULE OF UNDERLYING INSURANCE(S)</u>

1. COMPREHENSIVE GENERAL LIABILITY
   providing the following limits and coverages:
   Covering accidents or occurrences within the continental
   limits of the United States of America, its territories or
   possessions (other than Guam), or Canada. Claims
   occurring outside this territorial limitation, with the exception
   of certain communistic dominated or controlled countries,
   are covered if claim is made or suit on the merits of the
   claim is originally brought within the policy territorial
   limits cited above. Coverage is specifically assumed as
   respects the Assured's operations conducted at San Marcos
   Island, Mexico.

   BODILY INJURY..................$200,000.00 each person
                                  $300,000.00 each occurrence
                                  $300,000.00 Aggregate Products

   AUTOMOBILE PROPERTY DAMAGE..... $ 25,000.00 each occurrence

2. THIRD PARTY PROPERTY DAMAGE
   providing the following limits:

   PROPERTY DAMAGE..............  $100,000.00 each occurrence
                                  $100,000.00 Aggregate

3. EMPLOYERS LIABILITY
   providing the following limit:

   Employers Liability in the
   United States of America except
   In Monopolistic States......... $500,000.00 any one accident

4. PROPERTY DAMAGE LIABILITY
   (except Automobile) as respects
   Watercraft owned by Pacific
   Building Materials Division of
   Glacier Sand and Gravel Company
   and other miscellaneous watercraft
   owned by the Assured,
   providing the following limit:

   PROPERTY DAMAGE............    $500,000.00 each accident and
                                  in the aggregate

5. FOREIGN COMPREHENSIVE GENERAL
   LIABILITY providing the following limits:

   BODILY INJURY................  $ 25,000.00 each person
                                  $25,000.00  each accident
                                  $ 25,000.00 Aggregate Products

Covering claims occurring in countries outside the continental limits
of the United States of America, its territories or possessions (other
than Guam), or Canada, providing that the claim or suit is originally
brought within these countries. Coverage is excluded in certain
communistic dominated or occupied countries, and at San Marcos Island,
Mexico, but operations on the Island of Guam are included within the
policy territorial definition.

CONFIDENTIAL SUBJECT
TO PROTECTIVE ORDER
TRK 0457190

MPF 005643

LMIPOLSTIP000318

TRIAL EX. 152
Page 360

DECLARATIONS.

ITEM 1.    Named Assured:    PERMANENTE CEMENT COMPANY, ET AL
                            (SEE ENDORSEMENT NO. 1)

ITEM 2.    Limit of Liability —as Insuring
           Agreement 11

           (a) Limit in all in respect of        $1,000,000.00
               each occurrence

           (b) Limit in the aggregate for        $1,000,000.00
               each annual period where
               applicable

ITEM 3.    Notice of Occurrence (Condition    LANDIS PELLETIER & PARRISH INC.
           G) to:—                            558 Sacramento Street
                                              San Francisco, California

ITEM 4.    Currency (Condition Q):—           UNITED STATES OF AMERICA

ITEM 5.    Payment of Premium (Condition      LANDIS PELLETIER & PARRISH INC.
           Q) to:—

ITEM 6.    Service of Process (Condition      MENDES & MOUNT
           S) upon:—                          27 William Street
                                              New York, New York

LRD.    May, 1960

PGS/SC
4.5.60.

CONFIDENTIAL SUBJECT
TO PROTECTIVE ORDER
IRK 0467192

MPF 005645

LMIPOLSTIP000319

TRIAL EX. 152
Page 361

Case 16-03127-rld   Doc 95   Filed 11/30/16

NAME OF ASSURED.......................PERMANENTE CEMENT COMPANY, ET AL........................

TYPE OF RISK.........................UMBRELLA LIABILITY COVERAGE....................................

I.   It is understood and agreed that the Named Assured as shown on Umbrella Policy Form is amended to read as follows:

        NAMED ASSURED:   As stated in Item 1 of the Declarations forming a part hereof and wherever used, includes any subsidiary of the Named Assured and any other Company of which it is assumes active management, provided that new acquisition are engaged in the same type of endeavor.

II.  It is understood and agreed that exclusion (g) of the Certificate to which this endorsement attaches is amended to read as follows:

        (g) with respect to the following Watercraft:

            1.   SS "PERMANENTE CEMENT"
            2.   SS "PERMANENTE SILVERBOW"
            3.   SS "HARRY LUNDEBERG"
            4.   SS "OCEAN CARRIER"

III.a) It is understood and agreed that the United States of America (Department of the Navy) is added as an additional Assured with respect to the Named Assured's operations conducted on Cabras Island situated in Apra Harbor, Island of Guam.

    b) It is further understood and agreed that Oahu Railway & Land Company & Oahu Railway Terminal Warehousing Company, Ltd. are added as additional Assureds as respects lease of land adjacent to Pier 32, Honolulu, Hawaii.

    c) It is further agreed that the inclusion of the above additional Assureds does not increase Underwriters' limit of liability.

IV.  It is understood and agreed that the "Definitions" as shown on Page 2 of the form attached hereto, paragraph (d) 3, is amended to read as follows:

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

THIS ENDORSEMENT IS ATTACHED TO AND MADE A PART OF POLICY/CERTIFICATE No.

..............LL..69700...............OF THE UNDERWRITERS AT LLOYD'S, LONDON.

(CONTRACT.........................................)

EFFECTIVE DATE OF THIS ENDORSEMENT:

.......................December 31st    19 61

LANDIS PELLETIER & PARRISH INC.
*Managing General Agents*

By.........................................

L-111
GRAY'S OFFSET

LMI00177

MPF 005594

LMIPOLSTIP000320

**TRIAL EX. 152**
**Page 362**

NAME OF ASSURED............PERMANENTE CEMENT COMPANIK, ET. AL...........

TYPE OF RISK................UMBRELLA LIABILITY COVERAGE..............

3. With respect to any hired automobile or aircraft, to the owner thereof or any employee of such owner, unless the Named Assured has contracted or during the currency of this Certificate may contract under written contract usual or incidental to such Named Assured's business to procure for or on behalf of the owner such Insurance as is afforded by this Certificate.

V. It is further understood and agreed that so far as insurance is afforded by Primary Lloyd's Third Party Property Damage coverage, Underwriters agree to follow all terms and conditions of Primary Policy subject to Insuring Agreement II (b) - LIMIT OF LIABILITY.

VI. It is also understood and agreed that this Certificate is extended to follow all terms and conditions of Medical Professional Liability afforded under Underlying Comprehensive General Liability Insurance.

VII. It is hereby understood and agreed that the following is added as an additional Named Assured hereunder:

PACIFIC BUILDING MATERIALS - READYMIX COMPANY

It is further agreed that the inclusion of the above Named Assured does not increase Underwriters' liability.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

THIS ENDORSEMENT IS ATTACHED TO AND MADE A PART OF POLICY/CERTIFICATE No.

.........69700.........OF THE UNDERWRITERS AT LLOYD'S, LONDON.

(CONTRACT..............................)

EFFECTIVE DATE OF THIS ENDORSEMENT:

.................December 31, 1961.

L-111
ONNIE'S OFFICE

LANDIS PELLETIER & PARRISH INC.
*Managing General Agents.*

By

LM100179

MPF 005596

LMIPOLSTIP000321

**TRIAL EX. 152**
**Page 363**

NAME OF ASSURED...................PERMANENTE CEMENT COMPANY, ET AL.....................

TYPE OF RISK..................... .....UMBRELLA LIABILITY COVERAGE.....................................

It is understood and agreed that the premium and taxes for this Certificate shall
be apportioned by States as follows:

|  | CALIF.(65.94%) | WASHINGTON(18.77) | OREGON(12.93) | OTHERS(2.36 |
|---|---|---|---|---|
| PREMIUM | $14,836.50 | $4,223.25 | $2,909.25 | $531.00 |
| STATE TAX | 445.10 | 84.47 | 65.46 | ---- |
| STAMPING FEE | 111.27 | 31.67 | 3.64 | ---- |
| FEDERAL TAX | 593.46 | 168.93 | 116.37 | 21.24 |
| POLICY STAMP & FEE | 1.00 | ------ | ------ | ---- |
| TOTAL PREMIUM | $15,987.33 | $4,508.32 | $3,094.72 | $552.24 |

It is hereby agreed that the above premium for this Certificate is a three year
Minimum and Deposit Premium subject to adjustment with the Earned Premium to be
calculated at the rate of $ .40 per $1,000.00 of the Assured's Straight Time
Payroll. The Assured shall declare to Underwriters as soon as possible after
each anniversary date the total amount of their Straight Time Payroll during
the preceding annual period and should the Earned Premium for the said annual
period exceed one-third of the Minimum and Deposit Premium then the balance shall
be payable by the Assured to the Underwriters. On expiry of this Certificate a
final adjustment shall be made and any difference between the total premium paid
by the Assured and the Total Earned Premium hereon shall be adjusted subject to
Underwriters retaining the Minimum Premium hereon for the policy period.

It is also agreed that, notwithstanding anything contained herein to the
contrary, if this Certificate shall be cancelled by the Assured, the Underwriters
shall be entitled to the Earned Premium for the period that this Certificate has
been in force or the short rate proportion of the Minimum Premium, whichever
is the greater. If this insurance shall be cancelled by the Underwriters they
shall be entitled to the Earned Premium for the period that this insurance has
been in force or pro rata of the Minimum Premium, whichever is the greater.


ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

THIS ENDORSEMENT IS ATTACHED TO AND MADE A PART OF POLICY/CERTIFICATE No.

.................LL 69700..........OF THE UNDERWRITERS AT LLOYD'S, LONDON.

(CONTRACT..........................)                    LANDIS PELLETIER & PARRISH INC.
                                                        *Managing General Agents*
EFFECTIVE DATE OF THIS ENDORSEMENT:

.................December 31st..., 1961            By.................................................

L-111
GRACE 3 OFFSET

LM100175

MPF 005592

LMIPOLSTIP000322

**TRIAL EX. 152**
**Page 364**

NAME OF ASSURED........................PERMANENTE CEMENT COMPANY, ET AL..............................

TYPE OF RISK...........................UMBRELLA LIABILITY COVERAGE

In consideration of a Flat Additional Premium and Taxes apportioned by States as follows:

| | CALIF. (65.94) | WASHINGTON (18.77) | OREGON (12.93) | OTHERS (2.36) |
|---|---|---|---|---|
| PREMIUM 4,500·°° | $2,967.30 | $844.67 | $581.85 | $106.20 |
| STATE TAX | 89.02 | 16.89 | 13.09 | ----- |
| STAMPING FEE | 22.25 | 6.33 | .73 | ----- |
| FEDERAL TAX | 118.69 | 33.79 | 23.27 | 4.25 |
| TOTAL PREMIUM | $3,197.26 | $901.66 | $618.94 | $110.45 |

This Certificate is extended as follows:—

To indemnify the Assured against any claim or claims for breach of professional duty which may be made against them during the period of this Certificate by reason of any negligent acts, errors or omissions, whenever or wherever committed or alleged to have been committed, on the part of the Assured or any person who has been, is now, or may hereafter during the subsistence of this Insurance be employed by the Assured (other than Contractors or Sub-Contractors) in the conduct of any business conducted by or on behalf of the Assured.

Provided always that the Underwriters shall not be liable for any claim or claims unless the amount of claim exceeds the amount stated in the said Certificate as the deductible, which stated amount shall be deducted from each claim and borne by the Assured at their own risk and the Underwriters shall only be liable for the excess of such stated amount.

If during the subsistence hereof the Assured shall become aware of any occurrence which may subsequently give rise to a claim against them by reason of any negligent act, error or omission and shall during the subsistence hereof give written notice to the Underwriters of such occurrence, any claim which may subsequently be made against the Assured arising out of that negligent act, error or omission shall be deemed for the purpose of this Insurance to have been made during the subsistence hereof.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

THIS ENDORSEMENT IS ATTACHED TO AND MADE A PART OF POLICY/CERTIFICATE No.

............LL. 697.00............OF THE UNDERWRITERS AT LLOYD'S, LONDON.

(CONTRACT...................................................)

EFFECTIVE DATE OF THIS ENDORSEMENT:

...............December 31st........19 61

LANDIS PELLETIER & PARRISH INC.
*Managing General Agents*

By ........................................................

LITH
BASIC & OFFSET

LMI00171

MPF 005588

LMIPOLSTIP000323

**TRIAL EX. 152**
**Page 365**

NAME OF ASSURED ........... PERMANENTE CEMENT COMPANY, ET AL .............. ...

TYPE OF RISK ........................ UMBRELLA LIABILITY COVERAGE ........................

It is further understood and agreed that as respects coverage under this Endorsement exclusion (b) of the Certificate to which this Endorsement attaches shall not apply.

However, the Underwriters shall not be liable in respect of any claim against the Assured which is based on or is attributable to any failure or omission on the part of the Assured to effect or maintain Insurance.

Underwriters' Liability in respect of the additional coverage provided by this Endorsement shall not exceed $1,000,000.00 in the aggregate any one annual period.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

THIS ENDORSEMENT IS ATTACHED TO AND MADE A PART OF POLICY/CERTIFICATE No.

........ LL 69700 ............OF THE UNDERWRITERS AT LLOYD'S, LONDON.

(CONTRACT.................................)

EFFECTIVE DATE OF THIS ENDORSEMENT:

.................... December 31st, 1961.

LANDIS PELLETIER & PARRISH INC.
*Managing General Agents*

By ...........................................

LMI00173

MPF 005590

LMIPOLSTIP000324

**TRIAL EX. 152**
**Page 366**

ENDORSEMENT No._____

NAME OF ASSURED_____ PERMANENTE CEMENT COMPANY, ET AL

TYPE OF RISK_____ UMBRELLA LIABILITY COVERAGE

It is understood and agreed that the Oahu Railway &
Land Company & Oahu Railway Terminal Warehousing
Company, Ltd. previously shown as additional Assureds
hereunder are hereby deleted and DILLINGHAM CORPORATION,
P.O. BOX 3468, HONOLULU, HAWAII are added as additional
Assureds as respects lease of land adjacent to Pier 32,
Honolulu, Hawaii.

It is further agreed that the inclusion of the above
additional Assureds does not increase Underwriters'
limit of liability.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

THIS ENDORSEMENT IS ATTACHED TO AND MADE A PART OF POLICY/CERTIFICATE No.   LL 69700

EFFECTIVE DATE OF THIS ENDORSEMENT:                    LANDIS PELLETIER & PARRISH INC.

_____ December 5 , 19 62      1-22-63    By _____




LMI00181

MPF 005598

LMIPOLSTIP000325

**TRIAL EX. 152**
**Page 367**

ORSEMENT No._____

NAME OF ASSURED_____ PERMANENTE CEMENT COMPANY, ET al.

TYPE OF RISK_____ UMBRELLA LIABILITY COVERAGE

It is hereby understood and agreed that the Name of the
Assured is amended to read as follows:

KAISER CEMENT & GYPSUM CORPORATION including
any Subsidiary of the Named Assured and any
other Company of which it assumes active
management, provided that new acquisition are
engaged in the same type of endeavor.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

THIS ENDORSEMENT IS ATTACHED TO AND MADE A PART OF POLICY/CERTIFICATE No.   LL 69790

EFFECTIVE DATE OF THIS ENDORSEMENT:                      LANDIS PELLETIER & PARRISH INC.

_____July 1st_____ 19 64     9/3/64     By_____

LMI00183

MPF 005600

LMIPOLSTIP000326

**TRIAL EX. 152**
**Page 368**

Endorsement No. 1 dated 23.8.62 attaching to Policy No. 61560

effected with Lloyd's Underwriters Issued to Permanente Cement Co. Etal.

1. It is understood and agreed that the Named Assured as shown on Umbrella Policy Form is amended to read as follows:

   NAMED ASSURED: As stated in Item 1 of the Declarations forming a part hereof and wherever used, included any subsidiary of the Named Assured and any other Company of which it assumes active management, provided that new acquisitions are engaged in the same type of endeavor.

II. It is understood and agreed that exclusion (g) of the Policy to which this endorsement attaches is amended to read as follows:

   (g) with respect to the following Watercraft:

   1. SS "PERMANENTE CEMENT"
   2. SS "PERMANENTE SILVERBOW"
   3. SS " HARRY LUNDEBERG"
   4. SS "OCEAN CARRIER"

III. a) It is understood and agreed that the United States of America (Department of the Navy) is added as an additional Assured with respect to the Named Assured's operations conducted on Cabras Island situated in Apra Harbor, Island of Guam.

   b) It is further understood and agreed that Oahu Railway & Land Company & Oahu Railway Terminal Warehousing Company, Ltd., are added as additional Assureds as respect lease of land adjacent to Pier 32, Honolulu, Hawaii in respect of the operations of Permanente Cement Company Etal, only.

   c) It is further agreed that the inclusion of the above additional Assureds does not increase Underwriters' limit of liability.

IV. It is understood and agreed that the "Definitions" as shown on Page 2 of the form attached hereto, paragraph (d) 3, is amended to read as follows:

Page 1. Continued.....

*All other terms, conditions and limitations of this policy remain unchanged.*

Confidential Subject to
Protective Order

LMI 2369

MPF 004355

LMIPOLSTIP000327

**TRIAL EX. 152**
**Page 369**

Case 16-03127-rld    Doc 95    Filed 11/30/16

"5.    With respect to any hired automobile or aircraft,
to the owner thereof or any employee of such
owner, unless the Named Assured has contracted or
during the currency of this Policy may contract
under written contract usual or incidental to such
Named Assured's business to procure for or on behalf
of the owner such insurance as is afforded by this
Policy."

V.    It is further understood and agreed that so far as insurance
is afforded by Primary Lloyd's Third Party Property Damage
coverage, Underwriters agree to follow all terms and conditions
of Primary Policy subject to Insuring Agreement II ~ LIMIT OF
LIABILITY.

VI.    It is also understood and agreed that this Policy is extended
to follow all terms and conditions of Medical Professional Liab-
ility afforded under Underlying Comprehensive General Liability
Insurance.

VII.    It is hereby understood and agreed that the following is added
as an additional Named Assured hereunder:

PACIFIC BUILDING MATERIALS ~ READYMIX COMPANY

It is further agreed that the inclusion of the above Named
Assured does not increase Underwriters' liability.

Page 2.

*All other terms, conditions and limitations of this policy remain unchanged.*

LMI 2370

Confidential Subject to
Protective Order

MPF 004356

LMIPOLSTIP000328

**TRIAL EX. 152**
**Page 370**

Endorsement No. 2 ....dated 23.9.62... attaching to POLICY No. 61560 .............

effected with Lloyd's Underwriters ...... Issued to ... Permanente Cement Co. Etal.

In consideration of a flat additional premium, included in the Policy premium, this Policy is extended as follows:-

To indemnify the Assured against any claim or claims for breach of professional duty which may be made against them during the period of this Policy by reason of any negligent acts, errors or omissions, whenever or wherever committed or alleged to have been committed, on the part of the Assured or any person who has been, is now, or may hereafter during the subsistence of this Insurance be employed by the Assured (other than Contractors or Sub-Contractors) in the conduct of any business conducted by or on behalf of the Assured.

Provided always that the Underwriters shall not be liable for any claim or claims unless the amount of claim exceeds the amount stated in the said Policy as the deductible, which stated amount shall be deducted from such claim and borne by the Assured at their own risk and the Underwriters shall only be liable for the excess of such stated amount.

If during the subsistence hereof the Assured shall become aware of any occurance which may subsequently give rise to a claim against them by reason of any negligent act, error or omission and shall during the subsistence hereof give written notice to the Underwriters of such occurrence, any claim which may subsequently be made against the Assured arising out of that negligent act, error or omission shall be deemed for the purpose of this Insurance to have been made during the subsistence hereof.

It is further understood and agreed that as respects coverage under this Endorsement exclusion (b) of the Policy to which this Endorsement attaches shall not apply.

However, the Underwriters shall not be liable in respect of any claim made against the Assured which is based on or is attributable to any failure or omission on the part of the Assured to effect or maintain Insurance.

Page 1,                                          continued......

*All other terms, conditions and limitations of this policy remain unchanged.*

LMI 2367

Confidential Subject to
Protective Order

MPF 004353

**TRIAL EX. 152**
**Page 371**

Case 16-03127-rld    Doc 95    Filed 11/30/16

Endorsement No. 2 dated 23.3.63 attaching to Policy No. 61960

effected with Lloyds Underwriters Issued to Permanente Cement Co. Ltd.

Underwriters liability in respect of the additional coverage
provided by this Endorsement shall not exceed $1,000,000
in the aggregate any one annual period.

Page 2.

*All other terms, conditions and limitations of this policy remain unchanged.*

LMI 2368

Confidential Subject to
Protective Order

MPF 004354

LMIPOLSTIP000330

**TRIAL EX. 152**
**Page 372**

# Exhibit F

# Lloyd's Policy



Lloyd's, London

J(A)

KINS 120513

MPF 005130

LMIPOLSTIP000425

**TRIAL EX. 152**
**Page 482**



# Lloyd's Policy

**Whereas** the Assured named in the Schedule herein has paid the premium specified in the Schedule to the Underwriting Members of Lloyd's who have hereunto subscribed their Names (hereinafter called 'the Underwriters'),

**Now We the Underwriters** hereby agree to insure against loss, damage or liability to the extent and in the manner hereinafter provided.

If the Assured shall make any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this Policy shall become void and all claim hereunder shall be forfeited.

**Now know Ye** that We the Underwriters, Members of the Syndicates whose definitive numbers in the after-mentioned List of Underwriting Members of Lloyd's are set out in the attached Table, hereby bind ourselves each for his own part and not one for another, our Heirs, Executors and Administrators and in respect of his due proportion only, to pay or make good to the Assured or to the Assured's Executors or Administrators or to indemnify him or them against all such loss, damage or liability as herein provided, after such loss, damage or liability is proved and the due proportion for which each of Us, the Underwriters, is liable shall be ascertained by reference to his share, as shown in the said List, of the Amount, Percentage or Proportion of the total sum insured hereunder which is in the Table set opposite the definitive number of the Syndicate of which such Underwriter is a Member AND FURTHER THAT the List of Underwriting Members of Lloyd's referred to above shows their respective Syndicates and Shares therein, is deemed to be incorporated in and to form part of this Policy, bears the number specified in the attached Table and is available for inspection at Lloyd's Policy Signing Office by the Assured or his or their representatives and a true copy of the material parts of the said List certified by the General Manager of Lloyd's Policy Signing Office will be furnished to the Assured on application.

**In Witness** whereof the General Manager of Lloyd's Policy Signing Office has subscribed his Name on behalf of each of Us.

LLOYD'S POLICY SIGNING OFFICE.
*General Manager*

LLOYD'S
POLICY SIGNING
OFFICE
EMBOSSMENT
APPEARS HERE
ON ORIGINAL
DOCUMENT.

J(A) NMA 2002 (11.4.74)
Form approved by Lloyd's Underwriters' Non-Marine Association.
Printed by The Carlton Barts Co. Ltd.

KINS 120514

MPF 005131

LMIPOLSTIP000426

**TRIAL EX. 152**
**Page 483**

The Assured is requested to read this Policy and, if it is incorrect, return it immediately for alteration.

In all communications the Policy Number appearing in line one of the Schedule should be quoted.

In the event of any occurrence likely to result in a claim under this Policy, immediate notice should be given to:

KINS 120515

MPF 005132

LMIPOLSTIP000427

**TRIAL EX. 152**
**Page 484**

## Schedule

Policy or Certificate No.  834 / 58548/84  ~~Contract No. (if any)~~ xx

The name and address of the Assured

Kaiser Cement Corporation as set forth in the
Underlying Policy (ies)
300 Lakeside Drive
Oakland
California 94612

The risk and sum insured hereunder

This policy being for 14.0351% part of 100% of 35% insures it
pro rata proportion of the limit(s) of liability expressed
in the attached wording.

Percentages signed in the Table of Definitive Numbers of Syndicates
are percentages of 35% of the limits of liability expressed
herein.

The Premium  US$1535.16 part of US$10,938.02 part of US$ 31,251.47

The period of Insurance from   1st May 1984        to    1st April 1985
both days ~~inclusive~~ and for such further period or periods as may be mutually agreed upon
at 12.01 a.m Local Standard Time.

Dated in    LONDON                      the    16TH November 1984

J or J(A) (Schedule) NMA 2003 for attachment to NMA 2001, NMA 2002, NMA 2004 or NMA 2005

KINS 120516

MPF 005133

LMIPOLSTIP000428

**TRIAL EX. 152**
**Page 485**

INSURING AGREEMENTS:

I    COVERAGE -

The Underwriters hereby agree, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability caused by or arising out of the hazards covered by and as more fully defined in the Underlying Umbrella Policy/ies stated in Item 2 of the Declarations.

II    LIMIT OF LIABILITY -

It is expressly agreed that liability shall attach to the Underwriters only after the Underlying Umbrella Insurers (as specified in Item 2 of the Declarations) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability as follows:

| | |
|---|---|
| $(as stated in Item 3 of the Declarations) | ultimate net loss in respect of each occurrence, but |
| $(as stated in Item 4 of the Declarations) | in the aggregate for each annual period during the currency of this Policy, separately in respect of each hazard insured with an aggregate limit in the Underlying Umbrella Policy/ies |

and the Underwriters shall then be liable to pay only the excess thereof up to a further

| | |
|---|---|
| $(as stated in Item 5 of the Declarations) | ultimate net loss in all in respect of each occurrence - subject to a limit of |
| $(as stated in Item 6 of the Declarations) | in the aggregate for each annual period during the currency of this Policy, separately in respect of each hazard insured with an aggregate limit in the Underlying Umbrella Policy/ies. |

WDXTXOD2

KINS 120522

MPF 005139

LMIPOLSTIP000429

TRIAL EX. 152
Page 486

Case 16-03127-rld    Doc 95    Filed 11/30/16

<u>CONDITIONS</u>

1. <u>PRIOR INSURANCE AND NON CUMULATION OF LIABILITY</u> -

It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued to the Assured prior to the inception date hereof the limit of liability herein as stated in Items 5 and 6 of the Declarations shall be reduced by any amounts due to the Assured on account of such loss under such prior insurance.

2. <u>MAINTENANCE OF UNDERLYING UMBRELLA INSURANCE</u> -

This Policy is subject to the same terms, definitions, exclusions and conditions (except as regards the premium, the amount and limits of liability and except as otherwise provided herein) as are contained in or as may be added to the Underlying Umbrella Policy/ies stated in Item 2 of the Declarations prior to the happening of an occurrence for which claim is made hereunder. Provided always that this Policy shall not apply until the Underlying Umbrella Insurers have paid or have been held liable to pay the full amount of their respective ultimate net loss in accordance with Insuring Agreement II. Should, however, any alteration be made in the premium for the Underlying Umbrella Policy/ies during the currency of this Policy, Underwriters reserve the right to adjust the premium hereon accordingly.

It is a condition of this Policy that the Underlying Umbrella Policy/ies shall be maintained in full effect during the currency hereof except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this Policy, or by the operation of a clause contained in said Underlying Umbrella Policy/ies similar to Condition 1 above.

3. <u>ASSISTANCE AND CO-OPERATION</u> -

The Underwriters shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Assured but Underwriters shall have the right and shall be given the opportunity to associate with the Assured or the Assured's underlying insurers, or both, in the defense and control of any claim, suit or proceeding relative to an occurrence where the claim or suit involves, or appears reasonably likely to involve Underwriters, in which event the Assured and Underwriters shall co-operate in all things in the defense of such claim, suit or proceeding.

WDXTX0D2

- 2 -

KINS 120523

MPF 005140

LMIPOLSTIP000430

**TRIAL EX. 152**
**Page 487**

4. CANCELLATION

This Policy may be cancelled by the Named Assured or by the
Underwriters or their representatives by mailing written notice to
the other party stating when, not less than thirty (30) days
thereafter, cancellation shall be effective. The mailing of
notice as aforesaid by Underwriters or their representatives to
the Named Assured at the address shown in this Policy shall be
sufficient proof of notice, and the insurance under this Policy
shall end on the effective date and hour of cancellation stated in
the notice. Delivery of such written notice either by the Named
Assured or by Underwriters or their representatives shall be
equivalent to mailing.

If this Policy shall be cancelled by the Named Assured the
Underwriters shall retain the customary short rate proportion of
the premium for the period this Policy has been in force. If this
Policy shall be cancelled by the Underwriters the Underwriters
shall retain the pro rata proportion of the premium for the period
this Policy has been in force. Notice of cancellation by the
Underwriters shall be effective even though the Underwriters make
no payment or tender of return premium with such notice.

5. OTHER INSURANCE -

If other valid and collectible insurance with any other insurer is
available to the Assured covering a loss also covered by this
Policy, other than insurance that is specifically stated to be in
excess of this Policy, the insurance afforded by this Policy shall
be in excess of and shall not contribute with such other
insurance. Nothing herein shall be construed to make this Policy
subject to the terms, conditions and limitations of other
insurance.

6. NOTICE OF OCCURRENCE -

Whenever the Assured has information from which they may
reasonably conclude that an occurrence covered hereunder involves
injuries or damages which, in the event that the Assured should be
held liable, is likely to involve this Policy, notice shall be
sent as stated in Item 8 of the Declarations as soon as
practicable, provided, however, that failure to give notice of any
occurrence which at the time of its happening did not appear to
involve this Policy, but which, at a later date would appear to
give rise to claims hereunder, shall not prejudice such claims.

WDXTXOD2

- 3 -

KINS 120524

MPF 005141

LMIPOLSTIP000431

**TRIAL EX. 152**
**Page 488**

7. SERVICE OF SUIT CLAUSE -

It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Assured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made as stated in Item 9 of the Declarations, and that in any suit instituted against any one of them upon this Policy, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal. The person or firm named in Item 9 of the Declarations are authorised and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Assured to give a written undertaking to the Assured that they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this policy of insurance, and hereby designate the above-named as the person to whom the said officer is authorised to mail such process or a true copy thereof.

WDXTX0D2

- 4 -

KINS 120525

MPF 005142

LMIPOLSTIP000432

**TRIAL EX. 152**
**Page 489**

Case 16-03127-rld   Doc 95   Filed 11/30/16

<u>DECLARATIONS</u>

ITEM 1.  a) NAMED ASSURED: KAISER CEMENT CORPORATION AND AS MORE
         FULLY SET FORTH IN THE UNDERLYING
         UMBRELLA POLICY/IES

         b) ADDRESS OF NAMED ASSURED: 300 LAKESIDE DRIVE, OAKLAND,
            CALIFORNIA 94612

ITEM 2.  a) UNDERLYING UMBRELLA POLICY NO(S): A) 523-317273  C) 6184 4363
                                              B) XS106751    D) TEL 90037

         b) UNDERLYING UMBRELLA INSURER(S): A) INTERNATIONAL INSURANCE
                                               COMPANY
                                            B) ASSOCIATED INTERNATIONAL
                                               INSURANCE COMPANY
                                            C) GRANITE STATE INSURANCE
ITEM 3.  UNDERLYING UMBRELLA LIMITS                COMPANY
         (Insuring Agreement II): $30,000,000  D) TRANSIT INDEMNITY COMPANY

ITEM 4.  UNDERLYING UMBRELLA AGGREGATE LIMITS
         (Insuring Agreement II): $30,000,000

ITEM 5.  LIMIT OF LIABILITY
         (Insuring Agreement II): $20,000,000

ITEM 6.  AGGREGATE LIMIT OF LIABILITY
         (Insuring Agreement II): $20,000,000

ITEM 7.  POLICY PERIOD: 1st MAY 1984 TO 1st APRIL 1985 BOTH DAYS AT
         12.01 A.M. LOCAL STANDARD TIME

ITEM 8.  NOTICE OF OCCURRENCE (Condition 6) to: ALEXANDER AND ALEXANDER
                                                SUITE 1700
                                                THREE EMBARCADERO CENTER
                                                SAN FRANCISCO, CALIFORNIA
                                                94111
ITEM 9.  SERVICE OF PROCESS (Condition 7) upon: MENDES AND MOUNT
                                                3 PARK AVENUE
                                                NEW YORK, NY 10016

**KINS 120526**

MPF 005143

**LMIPOLSTIP000433**

**TRIAL EX. 152**
**Page 490**

Definitive Numbers of Syndicates and Amount, Percentage or Proportion of the Total Sum Insured hereunder shared between the Members of those Syndicates.

| FOR LPSO USE ONLY | BROKER | LPSO NO. & DATE | | | |
|---|---|---|---|---|---|
| CPD33R 3110 2252 | 834 | 62714 | 1 | 10 | 84 |

| AMOUNT, PERCENTAGE OR PROPORTION | SYNDICATE | UNDERWRITER'S REF. | PAGE |
|---|---|---|---|
| PERCENT 14.0351 | 210 | G2017777 | 1 |

THE LIST OF UNDERWRITING MEMBERS
OF LLOYDS IS NUMBERED 1984/ 10.

| TOTAL LINE | NO. OF SYND. | FOR LPSO USE ONLY |
|---|---|---|
| 14.0351 | 1 | USB1 210 |

KINS 120527

MPF 005144

LMIPOLSTIP000434

TRIAL EX. 152
Page 491

ISSUED TO:      KAISE. .EMENT CORPORATION

ISSUED BY:      CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, ENGLAND

ENDORSEMENT NUMBER:   ONE

It is hereby understood and agreed that the team "annual period" wherever used herein shall be deemed to mean the period from May 1st 1984 to April 1st 1985.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED

MC0496

KINS 120521

MPF 005138

LMIPOLSTIP000435

**TRIAL EX. 152**
**Page 492**

ATTACHING TO AND FORMING PART OF POLICY NUMBER: 834/38548/84

ISSUED TO:      KAISL.. CEMENT CORPORATION.

ISSUED BY:.     CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, ENGLAND

_____

ENDORSEMENT NUMBER:  TWO

Notwithstanding anything to the contrary stated elsewhere herein Condition 4
of this policy is amended to provide not less than 75 days notice of cancellation.

ALL OTHER TERMS AND CONDITONS OF THIS POLICY REMAIN UNCHANGED.

MC2374

KINS 120520

MPF 005137

LMIPOLSTIP000436

**TRIAL EX. 152**
**Page 493**

ISSUED TO:   KAISER CEMENT CORPORATION

ISSUED BY:   CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON ENGLAND

ENDORSEMENT NUMBER: THREE

It is hereby understood and agreed that with effect from Inception,
no coverage shall be afforded by this policy for Environmental
Impairment Liability which results in bodily injury, property damage,
impairment or diminution or interference with any environmental right protected by
law, and/or clean up costs.

Environmental impairment means damage to the environment caused by:

1.  The emission, discharge, disposal, dispersal, release, seepage,
    or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic
    chemicals, liquids or gases, waste materials or other irritants,
    contaminants or pollutants, into or upon land, the atmosphere
    of any watercourse or body of water, or

2.  The generation of odor, noises, vibrations, light, electricity,
    radiation, changes in temperature, or any other sensory phenomena
    arising out of or in the course of the Insured's operations
    provided 1 and 2 are gradual and fortuitous and neither expected
    nor intended by the Insured.

Clean up costs:   The term "clean up costs" means costs and expenses
of operations designed to remove, neutralize, or clean up any released
or escaped substance which has caused environmental impairment or
could cause environmental impairment if not removed, neutralized
or cleaned up.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

HC263031

KINS 120519

MPF 005136

LMIPOLSTIP000437

**TRIAL EX. 152**
**Page 494**

ISSUED TO:   KAISER CEMENT CORPORATION.

ISSUED BY:   CERTAIN UNDERWRITERS AT LLOYDS OF LONDON, ENGLAND

---

ENDORSEMENT NUMBER:   FOUR

It is hereby understood and agreed that this policy is subject to the terms
and conditions of the attached N.M.A. Clauses, numbered 1256, 1477. and (where
applicable) 1546.

U.S.A.

RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE—LIABILITY—DIRECT
(Approved by Lloyd's Underwriters' Non-Marine Association)

For attachment (in addition to the appropriate Nuclear Incident Exclusion Clause—Liability—
Direct) to liability insurances affording worldwide coverage.

In relation to liability arising outside the U.S.A., its Territories or Possessions, Puerto Rico or the
Canal Zone, this Policy does not cover any liability of whatsoever nature directly or indirectly caused by
or contributed to by or arising from ionising radiations or contamination by radioactivity from any
nuclear fuel or from any nuclear waste from the combustion of nuclear fuel.

13/2/64
N.M.A. 1477

Page 1 of 2.

KINS 120517

MPF 005134

LMIPOLSTIP000438

**TRIAL EX. 152**
**Page 495**

U.S.A.

NUCLEAR INCIDENT EXCLUSION CLAUSE—LIABILITY—DIRECT (BROAD)
(Approved by Lloyd's Underwriters' Non-Marine Association)
For attachment to insurances of the following classifications in the U.S.A., its Territories and
Possessions, Puerto Rico and the Canal Zone:—
Owners, Landlords and Tenants Liability, Contractual Liability, Elevator Liability, Owners
or Contractors (including railroad) Protective Liability, Manufacturers and Contractors
Liability, Product Liability, Professional and Malpractice Liability, Storekeepers Liability,
Garage Liability, Automobile Liability (including Massachusetts Motor Vehicle or Garage
Liability),
not being insurances of the classifications to which the Nuclear Incident Exclusion Clause—Liability—
Direct (Limited) applies.

This policy¹                                                                              does not apply:—

I.  Under any Liability Coverage, to injury, sickness, disease, death or destruction
    (a)  with respect to which an insured under the policy is also an insured under a nuclear energy
         liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic
         Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an
         insured under any such policy but for its termination upon exhaustion of its limit of liability; or
    (b)  resulting from the hazardous properties of nuclear material and with respect to which (1) any
         person or organization is required to maintain financial protection pursuant to the Atomic
         Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not
         been issued would be, entitled to indemnity from the United States of America, or any agency
         thereof, under any agreement entered into by the United States of America, or any agency
         thereof, with any person or organization.

II. Under any Medical Payments Coverage, or under any Supplementary Payments Provision relating to
    immediate medical or surgical relief, to expense incurred with respect to bodily injury, sickness, disease
    or death resulting from the hazardous properties of nuclear material and arising out of the operation of a
    nuclear facility by any person or organization.

III. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the
     hazardous properties of nuclear material, if
     (a)  the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an
          insured or (2) has been discharged or dispersed therefrom;
     (b)  the nuclear material is contained in spent fuel or waste at any time possessed, handled, used,
          processed, stored, transported or disposed of by or on behalf of an insured; or,
     (c)  the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of
          services, materials, parts or equipment in connection with the planning, construction,
          maintenance, operation or use of any nuclear facility, but if such facility is located within the
          United States of America, its territories or possessions or Canada, this exclusion (c) applies only
          to injury to or destruction of property at such nuclear facility.

IV. As used in this endorsement:
    "hazardous properties" include radioactive, toxic or explosive properties; "nuclear material" means
    source material, special nuclear material or byproduct material; "source material", "special nuclear
    material", and "byproduct material" have the meanings given them in the Atomic Energy Act 1954 or in
    any law amendatory thereof; "spent fuel" means any fuel element or fuel component, solid or liquid,
    which has been used or exposed to radiation in a nuclear reactor; "waste" means any waste material (1)
    containing byproduct material and (2) resulting from the operation by any person or organization of any
    nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;
    "nuclear facility" means
        (a)  any nuclear reactor,
        (b)  any equipment or device designed or used for (1) separating the isotopes of uranium or
             plutonium, (2) processing or utilising spent fuel, or (3) handling, processing or packaging
             waste,
        (c)  any equipment or device used for the processing, fabricating or alloying of special nuclear
             material if at any time the total amount of such material in the custody of the insured at the
             premises where such equipment or device is located consists of or contains more than 25 grams
             of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium
             235,
        (d)  any structure, basin, excavation, premises or place prepared or used for the storage or disposal
             of waste,
    and includes the site on which any of the foregoing is located, all operations conducted on such site and all
    premises used for such operations; "nuclear reactor" means any apparatus designed or used to sustain
    nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.
    With respect to injury to or destruction of property, the word "injury" or "destruction" includes all
    forms of radioactive contamination of property.

It is understood and agreed that, except as specifically provided in the foregoing to the contrary, this clause is subject
to the terms, exclusions, conditions and limitations of the Policy to which it is attached.

*NOTE:—As respects policies which afford liability coverages and other forms of coverage in addition, the words
underlined should be amended to designate the liability coverage to which this clause is to apply.

17/3/60
N.M.A. 1256

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Page 2 of 2

KINS 120518

MPF 005135

LMIPOLSTIP000439

TRIAL EX. 152
Page 496



PSAC
POLICY

No. 59549/84.

Name ....KAISER..CEMENT..CORPORATION.............

Expiry Date .1st..APRIL..1985.........................

No. 59549/84.

PSAC
C.P.

P'94110150004854

KINS-1352

MPF 005065

LMIPOLSTIP000440

**TRIAL EX. 152**
**Page 497**

In all communications please quote the
policy number appearing in the schedule
overleaf

# COMPANIES INSURANCE POLICY

KINS 120495

MPF 005112

LMIPOLSTIP000441

**TRIAL EX. 152**
**Page 498**

# PSAC POLICY

IN CONSIDERATION of the Insured named in the Schedule hereto having paid the premium stated in the said Schedule to the Insurers named herein who have hereunto subscribed their Names ("the Insurers")

THE INSURERS HEREBY SEVERALLY AGREE each for the proportion set against its own name to indemnify the Insured or the Insured's Executors and Administrators against loss, damage or liability to the extent and in the manner set forth herein. Provided that the aggregate liability of the Insurers shall not exceed the Sum Insured or other limits as are set forth in the Schedule.

If the Insured shall make any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this Policy shall become void and all claim hereunder shall be forfeited.

*PSAC P.F.*

IN WITNESS WHEREOF the Policy Signing Manager of THE POLICY SIGNING & ACCOUNTING CENTRE LIMITED ("PSAC") has subscribed his name on behalf of each of the PSAC Companies and (where the Companies Collective Signing Agreement ("CCSA") is being implemented) on behalf of the Leading CCSA Company which is a PSAC member and authorised to sign this Policy (either itself or by delegation to PSAC) on behalf of all the other CCSA Companies.

Signed: ...............................................
*Policy Signing Manager*

Policy Department
Seal

Date as in the Schedule.

PSAC POL. 1 REVISED 9/78

KINS 120496

MPF 005113

LMIPOLSTIP000442

**TRIAL EX. 152**
**Page 499**

# THE SCHEDULE

**The Insured**  Kaiser Cement Corporation as set forth in the Underlying Policy(ies)
300 Lakeside Drive -
Oakland
California 94612

**Premium**    US$9402.86 part of US$10,938.02 partof US$31,251.47

**Sum Insured**  As set forth herein

**The Interest Insured**    As set forth herein.

Hereon 85.9649% part of 100% of 35%

Percentages signed in the Schedule of Insurers are percentages of 35% of the limits
of liability expressed herein.

**Insured Perils**

        Excess Umbrella liability

**Period of Insurance**

From  1st May 1984           To    1st April 1985    both days at 12.01 a.m
Local Standard Time.
and for such further period or periods as may be mutually agreed.

~~COINSURANCE CLAUSE~~

~~It is warranted that this Policy shall run concurrently with and be subject to the same terms,
provisions, and limitations as are contained in Policy No.
issued by                      covering the identical subject
matter and risk.~~

KINS-1351

MPF 005064

LMIPOLSTIP000443

**TRIAL EX. 152**
**Page 500**

| The Insurers | SA/PSAC Company Number | Whether CCSA or not | Proportion | Reference Numbers |
|---|---|---|---|---|
| (50%) (12 1/2%) Sovereign Marine & General Insurance Company Limited | | | | |
| (37 1/2%) The Tokio Marine & Fire Insurance Company (UK) Limited | | | | |
| (25%) Taisho Marine & Fire Insurance Company (UK) Limited | | | | |
| (15%) Allianz International Insurance Company Limited | | | | |
| (10%) Storebrand Insurance Company (UK) Limited | | | | |
| (50%) Sovereign Marine & General Insurance Company Limited "C" A/C Per Willis Faber (Underwriting Management) Limited | S0065 | | 26.58% | S716484 |
| Sovereign Marine & General Insurance Company Limited No 12 A/C Per Willis Faber (Underwriting Management) Limited | S0099 | | 7.8947% | S716484 |
| Heddington Insurance (UK) Limited Per Willis Faber (Underwriting Management) Limited | H0119 | | 5.2632% | S716484 |

KINS-1354

MPF 005067

LMIPOLSTIP000444

**TRIAL EX. 152**
**Page 501**

| The Insurers | PSAC Company Number | Whether OCSA or not | Propon | Reference Numbers |
|---|---|---|---|---|
| CNA Reinsurance of London Limited | C4009 | | 26.3158% | H353653 B76811 |
| (50% (12 1/2% Sovereign Marine & General Insurance Company Limited | | | | |
| (37 1/2% The Tokio Marine & Fire Insurance Company (UK) Limited | | | | |
| (25% Taisho Marine & Fire Insurance Company (UK) Limited | | | | |
| (15% Allianz International Company (UK) Limited | | | | |
| (10% Storebrand Insurance Company (UK) Limited | | | | |
| 50% Sovereign Marine & General Insurance Company Limited "C" A/C Per Willis Faber (Underwriting Management) Limited | 80065 | | 25.0877% | S716384 |
| Sovereign Marine & General Insurance Company Limited No. 12 A/C Per Willis Faber (Underwriting Management) Limited | 80099 | | 17.5439% | S716384 |
| Heddington Insurance (UK) Limited Per Willis Faber (Underwriting Management) Limited | 80119 | | 7.0175% | S716384 |

KINS 120497

MPF 005114

LMIPOLSTIP000445

**TRIAL EX. 152**
**Page 502**

NUCLEAR INCIDENT EXCLUSION CLAUSE—LIABILITY—DIRECT (BROAD)

(Approved by Lloyd's Underwriters' Non-Marine Association)

*For attachment to insurances of the following classifications in the U.S.A., its Territories and Possessions, Puerto Rico and the Canal Zone:—*

*Owners, Landlords and Tenants Liability, Contractual Liability, Elevator Liability, Owners or Contractors (including railroad) Protective Liability, Manufacturers and Contractors Liability, Product Liability, Professional and Malpractice Liability, Storekeepers Liability, Garage Liability, Automobile Liability (including Massachusetts Motor Vehicle or Garage Liability),*

*not being insurances of the classifications to which the Nuclear Incident Exclusion Clause—Liability— Direct (Limited) applies.*

This policy*

does not apply:—

I.  Under any Liability Coverage, to injury, sickness, disease, death or destruction
 (a)  with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or
 (b)  resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

II.  Under any Medical Payments Coverage, or under any Supplementary Payments Provision relating to immediate medical or surgical relief, to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

III.  Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if
 (a)  the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;
 (b)  the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or
 (c)  the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

IV.  As used in this endorsement:
 "hazardous properties" include radioactive, toxic or explosive properties; "nuclear material" means source material, special nuclear material or byproduct material; "source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act 1954 or in any law amendatory thereof; "spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor; "waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof; "nuclear facility" means,
 (a)  any nuclear reactor,
 (b)  any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,
 (c)  any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,
 (d)  any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,
 and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations; "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.
 With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

It is understood and agreed that, except as specifically provided in the foregoing to the contrary, this clause is subject to the terms, exclusions, conditions and limitations of the Policy to which it is attached.

*NOTE:—As respects policies which afford liability coverages and other forms of coverage in addition, the words underlined should be amended to designate the liability coverage to which this clause is to apply.

13/3/60
NMA1256

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Page 2 of 2

London 16th August 1985
834/58548/84    AI/PMS

KINS 120499

MPF 005116

LMIPOLSTIP000446

**TRIAL EX. 152**
**Page 503**

ATTACHING TO AND FORMING PART OF POLICY NUMBER: .834/5 48/84

ISSUED TO:        KAISER CEMENT CORPORATION

ISSUED BY:        CERTAIN INSURANCE COMPANIES

ENDORSEMENT NUMBER: ONE

It is hereby understood and agreed that the term "annual period"
whereever used herein shall be deemed to mean the period from May 1st 1984
to April 1st 1985.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED

London 12th August 1985
834/58548/84a  AI/PMS

KINS 120502

MPF 005119

LMIPOLSTIP000447

**TRIAL EX. 152**
**Page 504**

ATTACHING TO AND FORMING PART OF POLICY NUMBER:   B34/SP 48/84

ISSUED TO:      KAISER CEMENT CORPORATION

ISSUED BY:      CERTAIN INSURANCE COMPANIES

---

ENDORSEMENT NUMBER: TWO

Notwithstanding anything to the contrary stated elsewhere herein Condition
4 of this policy is amended to provide not less than 75 days notice of
cancellation.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED

London 12th AUGUST 1985
B34/58548/84b  AI/PMS

KINS 120501

MPF 005118

LMIPOLSTIP000448

**TRIAL EX. 152**
**Page 505**

ISSUED TO:     KAISER CEMENT CORPORATION

ISSUED BY:     CERTAIN INSURANCE COMPANIES

---

ENDORSEMENT NUMBER: THREE

It is hereby understood and agreed that with effect from Inception, no coverage shall be afforded by this policy for Environmental Impairment Liability which results in bodily injury, property damage, impairment or diminution or interference with any environmental right protected by law, and/or clean up costs.

Environmental impairment means damage to the environment caused by:

1. The emission, discharge, disposal, dispersal, release, seepage, or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants, into or upon land, the atmosphere of any watercourse or body of water, or

2. The generation of odor, noises, vibrations, light, electricity, radiation, changes in temperature, or any other sensory phenomena arising out of or in the course of the Insured's operations provided 1 and 2 are gradual and fortuitous and neither expected nor intended by the Insured.

Clean up costs:    The term "clean up costs" means costs and expenses of operations designed to remove, neutralize, or clean up any released or escaped substance which has caused environmental impairment or could cause environmental impairment if not removed, neutralized or cleaned up.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED

London 12th August 1985
834/58548/84c  AI/PMS

KINS 120500

MPF 005117

LMIPOLSTIP000449

**TRIAL EX. 152**
**Page 506**

ISSUED TO:          KAISER CEMENT CORPORATION

ISSUED BY:          CERTAIN INSURANCE COMPANIES

ENDORSEMENT NUMBER: FOUR

It is hereby understood and agreed that this policy is subject to the terms and conditons of the attached N.M.A. Clauses, numbered 1256, 1477 and (where applicable) 1546.

### U.S.A.

#### RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE—LIABILITY—DIRECT
*(Approved by Lloyd's Underwriters' Non-Marine Association)*

*For attachment (in addition to the appropriate Nuclear Incident Exclusion Clause—Liability—Direct) to liability insurances affording worldwide coverage.*

In relation to liability arising outside the U.S.A., its Territories or Possessions, Puerto Rico or the Canal Zone, this Policy does not cover any liability of whatsoever nature directly or indirectly caused by or contributed to by or arising from ionising radiations or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel.

13/2/64
N.M.A. 1477

### U.S.A.

#### 4% TAX CLAUSE
*(Approved by Lloyd's Underwriters' Non-Marine Association)*

Notice is hereby given that the Underwriters have agreed to allow for the purpose of paying the Federal Excise Tax, 4% of the premium payable hereon to the extent such premium is subject to Federal Excise Tax.

It is understood and agreed that in the event of any return of premium becoming due hereunder the Underwriters will deduct 4% from the amount of the return and the Assured or his agent should take steps to recover the Tax from the U.S. Government.

19/3/64
N.M.A. 1546

Page 1 of 2

KINS 120498

MPF 005115

LMIPOLSTIP000450

**TRIAL EX. 152**
**Page 507**

INSURING AGREEMENTS:

I    COVERAGE -

The Underwriters hereby agree, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability caused by or arising out of the hazards covered by and as more fully defined in the Underlying Umbrella Policy/ies stated in Item 2 of the Declarations.

II   LIMIT OF LIABILITY -

It is expressly agreed that liability shall attach to the Underwriters only after the Underlying Umbrella Insurers (as specified in Item 2 of the Declarations) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability as follows:

| | |
|---|---|
| $(as stated in Item 3 of the Declarations) | ultimate net loss in respect of each occurrence, but |
| $(as stated in Item 4 of the Declarations) | in the aggregate for each annual period during the currency of this Policy, separately in respect of each hazard insured with an aggregate limit in the Underlying Umbrella Policy/ies |

and the Underwriters shall then be liable to pay only the excess thereof up to a further

| | |
|---|---|
| $(as stated in Item 5 of the Declarations) | ultimate net loss in all in respect of each occurrence - subject to a limit of |
| $(as stated in Item 6 of the Declarations) | in the aggregate for each annual period during the currency of this Policy, separately in respect of each hazard insured with an aggregate limit in the Underlying Umbrella Policy/ies. |

WDXTXOD2

—    1    —

KINS 120503

MPF 005120

LMIPOLSTIP000451

**TRIAL EX. 152**
**Page 508**

CONDITIONS

1. **PRIOR INSURANCE AND NON CUMULATION OF LIABILITY** –

It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued prior to the inception date hereof the limit of liability hereon as stated in Items 5 and 6 of the Declarations shall be reduced by any amounts due to the Assured on account of such loss under such prior insurance.

2. **MAINTENANCE OF UNDERLYING UMBRELLA INSURANCE** –

This Policy is subject to the same terms, definitions, exclusions and conditions (except as regards the amount and limits of liability and except as otherwise provided herein) as are contained in or as may be added to the Underlying Umbrella Policy/ies stated in Item 2 of the Declarations prior to the happening of an occurrence for which claim is made hereunder. Provided always that this Policy shall not apply until the Underlying Umbrella Insurers have paid or have been held liable to pay the full amount of their respective ultimate net loss in accordance with Insuring Agreement II. Should, however, any alteration be made in the premium for the Underlying Umbrella Policy/ies during the currency of this Policy, Underwriters reserve the right to adjust the premium hereon accordingly.

It is a condition of this Policy that the Underlying Umbrella Policy/ies shall be maintained in full effect during the currency hereof except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this Policy, or by the operation of a clause contained in said Underlying Umbrella Policy/ies similar to Condition 1 above.

3. **ASSISTANCE AND CO-OPERATION** –

The Underwriters shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Assured but Underwriters shall have the right and shall be given the opportunity to associate with the Assured or the Assured's underlying insurers, or both, in the defense and control of any claim, suit or proceeding relative to an occurrence where the claim or suit involves, or appears reasonably likely to involve Underwriters, in which event the Assured and Underwriters shall co-operate in all things in the defense of such claim, suit or proceeding.

WDXTX0D2

– 2 –

KINS 120504

MPF 005121

LMIPOLSTIP000452

**TRIAL EX. 152**
**Page 509**

4. CANCELLATIO.

This Policy may be cancelled by the Named Assured or by the Underwriters or their representatives by mailing written notice to the other party stating when, not less than thirty (30) days thereafter, cancellation shall be effective. The mailing of notice as aforesaid by Underwriters or their representatives to the Named Assured at the address shown in this Policy shall be sufficient proof of notice, and the insurance under this Policy shall end on the effective date and hour of cancellation stated in the notice. Delivery of such written notice either by the Named Assured or by Underwriters or their representatives shall be equivalent to mailing.

If this Policy shall be cancelled by the Named Assured the Underwriters shall retain the customary short rate proportion of the premium for the period this Policy has been in force. If this Policy shall be cancelled by the Underwriters the Underwriters shall retain the pro rata proportion of the premium for the period this Policy has been in force. Notice of cancellation by the Underwriters shall be effective even though the Underwriters make no payment or tender of return premium with such notice.

5. OTHER INSURANCE –

If other valid and collectible insurance with any other insurer is available to the Assured covering a loss also covered by this Policy, other than insurance that is specifically stated to be in excess of this Policy, the insurance afforded by this Policy shall be in excess of and shall not contribute with such other insurance. Nothing herein shall be construed to make this Policy subject to the terms, conditions and limitations of other insurance.

6. NOTICE OF OCCURRENCE –

Whenever the Assured has information from which they may reasonably conclude that an occurrence covered hereunder involves injuries or damages which, in the event that the Assured should be held liable, is likely to involve this Policy, notice shall be sent as stated in Item 8 of the Declarations as soon as practicable, provided, however, that failure to give notice of any occurrence which at the time of its happening did not appear to involve this Policy, but which, at a later date would appear to give rise to claims hereunder, shall not prejudice such claims.

WDXTXOD2

— 3 —

KINS 120505

MPF 005122

LMIPOLSTIP000453

**TRIAL EX. 152**
**Page 510**

Case 16-03127-rld    Doc 95    Filed 11/30/16

7. SERVICE OF _ .T CLAUSE –

It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Assured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made as stated in Item 9 of the Declarations, and that in any suit instituted against any one of them upon this Policy, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal. The person or firm named in Item 9 of the Declarations are authorised and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Assured to give a written undertaking to the Assured that they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this policy of insurance, and hereby designate the above-named as the person to whom the said officer is authorised to mail such process or a true copy thereof.

WDXTXOD2

- 4 -

KINS 120506

MPF 005123

LMIPOLSTIP000454

**TRIAL EX. 152**
**Page 511**

<u>DECLARATIONS</u>

ITEM 1.  a)  NAMED ASSURED:  KAISER CEMENT CORPORATION AND AS MORE
             FULLY SET FORTH IN THE UNDERLYING
             UMBRELLA POLICY/IES

         b)  ADDRESS OF NAMED ASSURED: 300 LAKESIDE DRIVE, OAKLAND,
             CALIFORNIA 94612

ITEM 2.  a)  UNDERLYING UMBRELLA POLICY NO(S):  A)  523-317273   C) 6184 4363
                                                B)  XS106751     D) TEL 90037:

         b)  UNDERLYING UMBRELLA INSURER(S): A) INTERNATIONAL INSURANCE
                                                COMPANY
                                             B) ASSOCIATED INTERNATIONAL
                                                INSURANCE COMPANY
                                             C) GRANITE STATE INSURANCE
ITEM 3.      UNDERLYING UMBRELLA LIMITS          COMPANY
             (Insuring Agreement II): $30,000,000 D) TRANSIT INDEMNITY COMPANY

ITEM 4.      UNDERLYING UMBRELLA AGGREGATE LIMITS
             (Insuring Agreement II):  $30,000,000

ITEM 5.      LIMIT OF LIABILITY
             (Insuring Agreement II):  $20,000,000

ITEM 6.      AGGREGATE LIMIT OF LIABILITY
             (Insuring Agreement II): $20,000,000

ITEM 7.      POLICY PERIOD: 1st MAY 1984 TO 1st APRIL 1985 BOTH DAYS AT
             12.01 A.M. LOCAL STANDARD TIME

ITEM 8.      NOTICE OF OCCURRENCE (Condition 6) to:  ALEXANDER AND ALEXANDER
                                                     SUITE 1700
                                                     THREE EMBARCADERO CENTER
                                                     SAN FRANCISCO, CALIFORNIA
                                                     94111
ITEM 9.      SERVICE OF PROCESS (Condition 7) upon:  MENDES AND MOUNT
                                                     3 PARK AVENUE
                                                     NEW YORK, NY 10016

KINS 120507

MPF 005124

LMIPOLSTIP000455

**TRIAL EX. 152**
**Page 512**

# THE SCHEDULE

The Insured  Kaiser Cement Corporation as set forth in the Underlying Policy(ies)
             300 Lakeside Drive -.
             Oakland
             California 94612

Premium      US$9402.86 part of US$10,938.02 partof US$31,251.47

Sum Insured  As set forth herein

The Interest Insured
             As set forth herein.

Hereon 85.9649% part of 100% of 35%

Percentages signed in the Schedule of Insurers are percentages of 35% of the limits
of liability expressed herein.
Insured Perils

             Excess Umbrella liability

Period of Insurance

From  1st May 1984          To    1st April 1985    both days. at 12.01 a.m
and for such further period or periods as may be mutually agreed.    Local Standard Time.

COINSURANCE CLAUSE

It is warranted that this Policy shall run concurrently with and be subject to the same terms,
provisions, and limitations as are contained in Policy No.
issued by                                      covering the identical subject
matter and risk.

KINS 120508

MPF 005125

LMIPOLSTIP000456

**TRIAL EX. 152**
**Page 513**

Adam E. Jones (OSB# 152429)
**FORSBERG & UMLAUF, P.S.**
901 Fifth Avenue, Suite 1400
Seattle, WA 98164
Telephone: 206.689.8500
Fax: 206.689.8501
Email: ajones@foum.law

Brian A. Kelly (admitted *pro hac vice*)
Russell W. Roten (admitted *pro hac vice*)
**DUANE MORRIS LLP**
One Market Plaza, Spear Tower, Suite 2200
San Francisco, CA  94105-1127
Telephone: 415.957.3000
Fax: 415.957.3001
E-mail:  bakelly@duanemorris.com
         rwroten@duanemorris.com

Attorneys for Defendants
CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON AND CERTAIN LONDON MARKET
COMPANIES

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| In re:<br><br>KAISER GYPSUM COMPANY, INC. and<br>HANSON PERMANENTE CEMENT, INC.<br>(f/k/a Kaiser Cement Corporation),<br><br>        Debtors.<br><hr>KAISER GYPSUM COMPANY, INC. and<br>HANSON PERMANENTE CEMENT, INC.<br>(f/k/a Kaiser Cement Corporation),<br><br>        Plaintiffs,<br><br>   v.<br><br>AIU INSURANCE COMPANY et al.,<br><br>        Defendants. | Case No.: 16-03127-rld<br><br>**LONDON MARKET INSURERS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF LONDON MARKET INSURERS' OPPOSITION TO KAISER'S MOTION TO REMAND**<br><br>DATE OF HEARING: Dec. 12, 2016<br><br>TIME OF HEARING: 10:30 AM |

1

Pursuant to Federal Rule of Evidence 201, Defendants Certain Underwriters at Lloyd's, London and Certain London Market Companies respectfully request that the Court take judicial notice of the following documents:

1. Exhibit D: Kaiser's Opening Phase II Trial Brief in the California Insurance Coverage Action discussed in the Declaration of Brian Kelly in Support of London Market Insurers' Opposition to Kaiser's Motion to Remand, California Superior Court, County of Los Angeles, Case No. BC249550.

2. Exhibit G: the docket Kaiser Gypsum's bankruptcy case in the Bankruptcy Court for the Western District of North Carolina, Case No. 16-31602.

3. Exhibit H: the docket for *ZRZ Realty Co. v. Bellefonte Re Ins. Co.*, Case No. 970806226 (Or. Cir. Ct., Multnomah Cnty.).

4. Exhibit I: Kaiser's Stipulation of Facts filed in the Bankruptcy Court for the Western District of North Carolina, Case No. 16-31602.

5. Exhibit J: the docket for *St. Paul Fire & Marine Ins. v. McCormick & Baxter Creosting*, Case No. 871107096 (Or. Cir. Ct., Multnomah Cnty.).

6. Exhibit K: the docket for *Schnitzer Investment Corp. v. Certain Underwriters at Lloyds, London*, Case No. 990202004 (Or. Cir. Ct., Multnomah Cnty.).

7. Exhibit L: the docket for *Cascade Corp. v. Am. Home Assurance Co.*, Case No. 920503083 (Or. Cir. Ct., Multnomah Cnty.).

8. Exhibit M: the docket for *Employers Ins. of Wausau v. Tektronix Inc.*, Case No. CCV9908032 (Or. Cir. Ct., Clackamas Cnty.).

9. Exhibit N: the docket for Docket of *Certain Underwriters at Lloyd's London v. Massachusetts Bonding & Ins. Co.*, Case No. 030403995 (Or. Cir. Ct., Multnomah Cnty.).

"The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Taking judicial notice of public records is proper. *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006) ("[J]udicial notice may be taken of public records."); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may take judicial notice of 'matters of public record.'").

The Exhibits have been highlighted to emphasize the pincited material.

///

///

///

## CONCLUSION

For the foregoing reasons, London Market Insurers respectfully request that the Court take judicial notice of Exhibits D and G–N.

Dated: November 30, 2016

**FORSBERG & UMLAUF, P.S.**

By: _/s/ Adam E. Jones_
    Adam E. Jones (OSB# 152429)

LONDON MARKET INSURERS' REQUEST FOR JUDICIAL NOTICE

1733677 / 1111.0001

Case 16-03127-rld    Doc 95    Filed 11/30/16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

On the date given below I caused to be served the foregoing **LONDON MARKET INSURERS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF LONDON MARKET INSURERS' OPPOSITION TO KAISER'S MOTION TO REMAND** on all counsel of record via CM/ECF.

**SIGNED** this 30th day of November, 2016, at Seattle, Washington.

/s/ Christina Young-Robinson
Christina Young-Robinson

LONDON MARKET INSURERS' REQUEST FOR JUDICIAL NOTICE

1733677 / 1111.0001

Case 16-03127-rld    Doc 95    Filed 11/30/16

# Exhibit D



1   Philip E. Cook (State Bar No. 149067)
        pcook@cooklawfirm.la
2   Ann E. Grant (State Bar No. 157522)
        agrant@cooklawfirm.la
3   THE COOK LAW FIRM, P.C.
    707 Wilshire Boulevard, Suite 3600
4   Los Angeles, CA 90017
    Telephone: (213) 988-6100
5   Facsimile: (213) 988-6099

6   David W. Steuber (State Bar No. 58398)
        dsteuber@jonesday.com
7   Jason C. Wright (State Bar No. 261471)
        jcwright@jonesday.com
8   JONES DAY
    555 South Flower Street, 50th Floor
9   Los Angeles, CA 90071-2300
    Telephone: (213) 489-3939
10  Facsimile: (213) 243-2539

11  Attorneys for Defendants and Cross-Complainants
    KAISER CEMENT AND GYPSUM
12  CORPORATION and KAISER GYPSUM
    COMPANY
13

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                  FOR THE COUNTY OF LOS ANGELES

16                         CENTRAL CIVIL WEST

17

18  TRUCK INSURANCE EXCHANGE,          | Case No. BC249550

19              Plaintiff,             | Assigned for all purposes to
                                       | Honorable Kenneth R. Freeman
20      vs.                            | Department 310-CCW

21  KAISER CEMENT AND GYPSUM           | **KAISER CEMENT AND GYPSUM
    CORPORATION,                       | CORPORATION'S OPENING
22                                     | PHASE II TRIAL BRIEF**

23              Defendant.             | Complaint Filed:   Apr. 30, 2001
                                       | Trial Date:        Apr. 27, 2015
24  AND RELATED CROSS-ACTION.

25

26

27

28

---
**KAISER'S PHASE II OPENING TRIAL BRIEF**

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................................1

II.   FACTS .....................................................................................................................2

      A.    Truck's Policies ...........................................................................................2

      B.    Truck Files This Lawsuit to Avoid Its Obligations .................................4

      C.    Truck Moves for Summary Judgment and Stops Indemnifying Kaiser ........5

      D.    Truck Wipes the Slate Clean and Devises a New Coverage Scheme to
            Minimize Its Liability ................................................................................6

III.  ANALYSIS...............................................................................................................7

      A.    Kaiser Has the Right to Select a Truck Policy to Pay "All Sums."..........7

      B.    Equitable Contribution Does Not Apply Here..........................................9

            1.    Truck Cannot Rely on Equity to Obviate the Legal Obligations to
                  which It Is Bound Contractually....................................................10

            2.    "Contribution" Is Solely an Equitable Claim Between or Among
                  Insurers............................................................................................12

            3.    Truck's Allocation of 1974 Policy Payments to Other Truck
                  Policies Prejudices Kaiser.............................................................13

      C.    Truck Is Judicially Estopped From Allocating a Loss Paid Under the 1974
            Policy to Any Other Truck Policy ............................................................14

IV.   CONCLUSION......................................................................................................18

i

Page

CASES

*Aerojet-General Corp. v. Transport Indemnity Co.*
(1997) 17 Cal.4th 38 ..................................................................................5, 8, 11

*Armstrong World Industries v. Aetna Casualty & Surety Co.*
(1996) 45 Cal.App.4th 1 ..................................................................................*passim*

*California Food Serv. Corp. v. Great American Ins. Co.*
(1982) 130 Cal.App.3d 892 ..................................................................................13

*Dart Industries, Inc. v. Commercial Union Ins. Co.*
(2002) 28 Cal.4th 1059 ..................................................................................10, 11

*Dickson, Carlson & Campillo v. Pole*
(2000) 83 Cal.App.4th 436 ..................................................................................11

*Fireman's Fund Ins. Co. v. Maryland Casualty Co.,*
(1998) 65 Cal.App.4th 1279 ..................................................................................12

*Golden Eagle Ins. Co. v. Foremost Ins. Co.*
(1993) 20 Cal.App.4th 1372 ..................................................................................13

*Kaiser Cement and Gypsum Corp. v. Ins. Co. of the State of Penn.*
(2013) 215 Cal.App.4th 210 ..................................................................................7, 9, 17, 18

*Lodi v. Lodi*
(1985) 173 Cal.App.3d 629 ..................................................................................13

*London Market Insurers v. Superior Court*
(2007) 146 Cal.App.4th 648 ..................................................................................5, 16

*Maryland Casualty Co. v. Nationwide Ins. Co.*
(1998) 65 Cal.App.4th 21 ..................................................................................13

*Montrose Chem. Corp. v. Admiral Ins. Co.*
(1995) 10 Cal.4th 645 ..................................................................................8

*Owens v. County of Los Angeles*
(2013) 220 Cal.App.4th 107 ..................................................................................15

ii

*Paulfrey v. Blue Chip Stamps*
    (1983) 150 Cal.App.3d 187 ..................................................................................................13

*Rohr Industries, Inc. v. First State Ins. Co.*
    (1997) 59 Cal.App.4th 1480 ...............................................................................................8

*Signal Cos., Inc. v. Harbor Ins. Co.*
    (1980) 27 Cal.3d 359 ........................................................................................................12

*State v. Continental Ins. Co.*
    (2009) 170 Cal.App.4th 160 .........................................................................................8, 9

*Stonelight Tile, Inc. v. California Ins. Guarantee Assn.*
    (2007) 150 Cal.App.4th 19 ...............................................................................................8

STATUTES

Cal. Civ. Proc. Code, § 1432 ............................................................................................12

OTHER AUTHORITIES

16 COUCH ON INSURANCE, "Contribution & Apportionment,"
    § 62:142 ..........................................................................................................................13

2 Pomeroy, EQUITY JURISPRUDENCE (5th ed. 1941) § 385...........................................11

iii

KAISER'S PHASE II OPENING TRIAL BRIEF

# I.    INTRODUCTION

From the time that *Armstrong World Industries v. Aetna Casualty & Surety Co.* (1996) 45 Cal.App.4th 1 was decided almost a decade ago, California law has expressly recognized a policyholder's right to select any policy that is triggered by a claim for continuing injury, and to enforce that policy's promise to pay "all sums" covered by the policy. "*All* sums."

In August 2004, Kaiser Cement and Gypsum Corporation (and its subsidiary Kaiser Gypsum Company, Inc., together "Kaiser") selected the 1974 Truck Insurance Exchange ("Truck") primary policy to pay "all sums" required for any asbestos bodily injury claim ("ABIC") alleging a date of first exposure ("DOFE") before January 1, 1975, up to that policy's limit of $500,000 per claim. "*All* sums."

Yet Truck waited 3 years to recognize Kaiser's selection of the 1974 policy. And now, in Phase II of this case, Truck seeks to circumvent its obligation to pay "all sums" under its 1974 policy by internally allocating the payments it makes under that policy to the other 18 policies it sold to Kaiser. Policies that Kaiser has not selected to respond at this time. Policies that Kaiser has elected to keep for future liabilities, rather than exhaust now. And yet Truck seeks relief from the Court in Phase II that will ignore Kaiser's choice of the 1974 Truck policy and that will allow Truck to pay only "some sums" under the 1974 policy.

Certainly, in recognizing an insured's right to select a triggered policy, California law also recognizes Truck's right to seek contribution from other insurers whose policies are triggered. But the equitable considerations that apply to contribution for a loss between insurers do not relieve Truck of its contractual obligation to fully indemnify Kaiser under the selected policy, up to its limits. Truck's attempt to spread indemnity paid under its 1974 policy to its policies with aggregate limits will result in the exhaustion of those aggregate limit policies and, for the later policy years, leave Kaiser exposed to ABIC without any insurer who has a duty to defend, and leave Kaiser much narrower coverage than Kaiser has under the existing Truck policies. Truck's efforts to allocate to its own policies for its own financial gain, and to Kaiser's significant detriment, must be denied.

1

## II. FACTS

### A. Truck's Policies

Truck issued primary comprehensive general liability policies to Kaiser covering the period from December 31, 1964 through April 1, 1983.[1] Each of those policies provide coverage for bodily injury up to "per occurrence" limits of liability.[2] Some of the policies contain aggregate limits; others do not:

- The policies in effect from December 31, 1964 to January 30, 1971 have a $100,000 per person limit, a $300,000 per occurrence limit and a $300,000 *annual aggregate* limit for all bodily injury products liability claims.[3]

- The policies in effect from January 30, 1971 to April 1, 1980 have per occurrence limits of $500,000 for bodily injury with *no annual or other aggregate* limits for products liability claims.[4]

- And the policies in effect from April 1, 1980 to April 1, 1983 have per occurrence limits of $500,000 for bodily injury and $1,500,000 *annual aggregate* limits for products liability claims.[5]

When the first ABIC were filed in the late 1970s, Kaiser turned to Truck, who was then its current primary insurer.[6] Truck initially allocated ABIC to a single policy year, but by the late 1980s it began to spread each ABIC payment across all of its policy years.[7] Truck chose to treat

---

[1] Trial Ex. 106 [Corrected Stipulated Facts re (1) Truck "Per Occurrence" Deductible Billings, and (2) Truck Equitable Allocation, filed Jun. 11, 2014] ("Stipulated Facts (Set 1)"), ¶ 6.

[2] *Id.,* ¶ 6.

[3] *Id.,* ¶ 6.a.

[4] *Id.,* ¶ 6.b.

[5] *Id.,* ¶ 6.c.

[6] *Id.,* ¶ 7; see Trial Ex. 24 [Sept. 13, 1988 letter from M. Youngman to "All Primary Carriers"].

[7] Truck's initial motive for internally allocating ABIC loss was driven by its reinsurance recovery. See Trial Ex. 17 [Mar. 4, 1987 internal Truck memorandum from E. Morris to J. Davis]. As the issue of internal ABIC allocation became more "complicated," Truck eventually spread ABIC loss across all triggered policy years. Stipulated Facts (Set One), ¶ 15; see Trial Ex. 21 [Apr. 26, 1988 internal Truck memorandum from J. Davis to R. Kitto]. This approach ultimately became the "billing convention" under which Truck billed deductibles to Kaiser. E.g., Trial Ex. 16 [Mar. 5, 1986 letter from E. Morris to John F. Sullivan], p. 1 (based upon Truck's reinsurance arrangement, "[t]he per occurrence deductible language in the [Truck] policy is interpreted as *a premium determination device* and the stated deductible does not apply to each

2

1   all ABIC as a single occurrence to maximize its recovery from Truck's reinsurers.[8] As a result,

2   while Truck spread each ABIC payment across all policy years, it charged Kaiser only a single

3   deductible for each of those years.[9] The parties found this "non-binding" billing convention

4   mutually beneficial and continued it through the 1990s.[10] And all the while Truck, because it had

5   issued policies without aggregate limits, told Kaiser it would always be on the risk, was in it for

6   the "long haul," and *would be "unable to" exhaust* its policy limits.[11]

7       Kaiser was also insured by three other primary carriers: Fireman's Fund Insurance

8   Company ("Fireman's Fund") from 1947 through 1964; The Home Indemnity Company

9

10  individual asbestos-related bodily injury claim"), italics added.

11  [8] If each ABIC were counted as a separate occurrence for reinsurance purposes, Truck's indemnity payments for ABIC would not likely have implicated its reinsurers' obligations because, at the time, most ABIC were settled for small amounts. (See Patterson Depo. [5/20/14] at 29:13-30:5; Trial Ex. 10 [Sept. 2, 1982 letter from D. Comport to Kincaid law firm].) To avoid that outcome and maximize its reinsurance recovery, Truck urged its reinsurers to treat each ABIC as a single occurrence. (Trial Ex. 4 [Aug. 4, 1981 letter from D. Comport to John F. Sullivan Co.]; Patterson Depo. [5/20/2014] at 37:7-10 (testifying that Truck's reinsurance proceeds would be "maximized" if asbestos liabilities arose from a single occurrence rather than each claim being an occurrence).) The reinsurers eventually agreed. (Trial Ex. 316 [Nov. 15, 1982 letter from D. Comport to Lord, Bissel & Brook]; Trial Ex. 12 [Mar. 28, 1983 letter from D. Comport to John F. Sullivan Co.]; see generally Kaiser's Phase I Opening Trial Brief, filed June 16, 2014, at 5:6-6:4 (and evidence cited).)

17  [9] Trial Ex. 106 [Stipulated Facts (Set One)], ¶¶ 14-15.

18  [10] Trial Ex. 106 [Stipulated Facts (Set One)], ¶ 16; Patterson Depo. [5/20/14] at 35:6-16 (testifying that the billing convention was reached as an interim agreement in light of the various uncertainties in how to apply the policy to ABIC); Trial Ex. 40 [June 21, 1991 letter from C. Pagter to G. Najarian], p. 2 ("Kaiser hereby reserves its right to further consider and, as may be appropriate with respect to policy terms and conditions, to challenge the convention established by [Truck] of combining all asbestosis claims into one master claim per policy period.").

21  [11] Trial Ex. 360 [May 27, 1997 Truck inter-office correspondence from D. Patterson to F. Brooks] ("Truck had nine of nineteen years without aggregate limits and would be in this litigation for the long haul"); Trial Ex. 333 [Aug. 23, 1994 letter from P. Miller to C. Pagter] ("since some of the Truck policies have no aggregate limits," Truck "would be unable to erode limits"); see also Pagter Depo. [5/4/04] at 531:12-24, 533:23-534:17, 600:20-601:3; Pagter Depo. [6/7/04] at 670:11-671:14, 677:10-678:3.

24  It was not until November 1998 that Truck first told Kaiser that any of its policies would exhaust, and then Truck only claimed that ABIC had exhausted its earliest non-aggregate policies, covering 1965 through 1970. See Trial Ex. 90 [Nov. 5, 1998 letter from D. Patterson to M. Wright]; Trial Ex. 91 [Jan. 18, 1999 internal Truck memorandum from P. Miller to D. Patterson, cc'ing M. Wright]; Trial Ex. 337 [Jul. 30, 1999 internal Truck memorandum from P. Miller to D. Patterson]; Trial Ex. 339 [Feb. 22, 2000 internal Truck memorandum from P. Miller to D. Patterson]. In response to this news, Kaiser never agreed that any of Truck's non-aggregate policies had, in fact, been exhausted. E.g., Trial Ex. 93 [Feb. 14, 2002 letter from A. Chute to S. Hoyt].

3

**KAISER'S PHASE II OPENING TRIAL BRIEF**

("Home") from 1983 through 1985; and National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") from 1985 through 1987.[12] Truck and Kaiser settled with each of these insurers in the early 1990s.[13] In contrast with Truck's policies, which would not exhaust, the primary policies issued by Fireman's Fund, Home and National Union all contained aggregate limits; between 2001 and 2004, each of those policies eventually exhausted.[14]

## B.    Truck Files This Lawsuit to Avoid Its Obligations.

In 2001, Truck made its first "about face." Contrary to its prior representations to Kaiser, Truck filed this lawsuit and claimed all its policies were exhausted. Truck argued that ABIC constituted a single occurrence, and Truck therefore had to exhaust only a single occurrence limit for each policy year.[15]

A few years later, starting July 1, 2004, Truck began allocating to Kaiser a pro rata share of each ABIC settlement, requiring Kaiser to fund approximately 70 percent of ABIC settlement payments.[16] Truck claimed it had the right to allocate to Kaiser the percentage of ABIC payments that related to those policy years containing aggregate limits, which Truck argued were exhausted.[17] But Truck's allocation of ABIC settlement payments to Kaiser was a blatant violation of California law, which requires an insurer to completely defend and indemnify its insured. In a letter the following month, Kaiser objected and expressly selected the 1974 or 1975 Truck policy years to respond to, and pay "all sums" required for, each ABIC:

> Truck . . . has unilaterally decided to allocate indemnification costs across primary policy limits, leaving Truck paying only 15-30% of indemnification costs for any given claim that triggers coverage under Truck's non-aggregate policies and the balance being billed to Kaiser.

---

[12] Trial Ex. 106 [Stipulated Facts (Set 1)], ¶¶ 3-5.

[13] Id., ¶ 9 ("Coverage litigation . . . ended when Truck and Kaiser entered into three separate settlement agreements with Fireman's Fund, Home and National Union in late 1992 and early 1993."); see also Trial Ex. 114 [Sept. 23, 1991 Fourth Amended Complaint].

[14] Id., ¶¶ 3-5.

[15] Trial Ex. 340 [Truck Original Complaint, filed Apr. 30, 2001], ¶¶ 6-8.

[16] Trial Ex. 140 [Stipulated Facts Re: Truck's Equitable Allocation Claims (Phase II), filed 8/28/2014] ("Stipulated Facts, (Set 2)"), ¶ K.

[17] Trial Ex. 98 [Aug. 31, 2004 letter from P. Cook to S. Hoyt].

4

\*     \*     \*

> Although Truck could potentially seek contribution from other primary carriers for the costs of indemnification ([Armstrong, 45 Cal. App. 4th] at 53), this contribution right does not allow recovery from the policyholder, even where other primary carriers' policies are exhausted. *American Continental Ins. Co. v. Amer. Cas. Ins. Co.*, 86 Cal. App. 4th 929 (2001); *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal. App. 4th 1279 (1998); see also Armstrong, 45 Cal. App. 4th at 54 n.17. Rather, under the "all sums" language in Truck's triggered policies, Truck must pay all of the indemnity costs of ABIC, and Kaiser is "covered (up to the policy limits) for the full extent of its liability and need not pay a pro rata share." *Armstrong*, 45 Cal. App. 4th at 57.

\*     \*     \*

> Kaiser has the right under California law to select any triggered policy under which coverage will be provided. See Aerojet, 17 Cal. 4th at 71; Armstrong, 45 Cal. App. 4th at 54 n.15. Accordingly, Kaiser expects Truck to respond to ABIC under either the 1974-75 or 1975-76 years.[18]

Despite this clear selection, based on well-established California law, Truck ignored Kaiser's rights and allocated settlement payments to its insured for almost three years.

### C.  Truck Moves for Summary Judgment and Stops Indemnifying Kaiser.

In 2004, Truck moved for summary adjudication , arguing that it had exhausted each of the limits for each of the 19 policy years it issued to Kaiser. (*London Market Insurers v. Superior Court* (2007) 146 Cal.App.4th 648, 652 ("LMI").) The trial court (Judge Carl J. West) granted Truck's motion in January 2006. (*Id.* at p. 654) Truck then withdrew all defense and indemnity for ABIC, forcing Kaiser to bear the entire burden.[19]

On January 9, 2007, the Court of Appeal reversed the trial court's order. (*LMI, supra*, 146 Cal.App.4th at pp. 652, 672-673.) On remand, the trial court ruled that each ABIC was a separate occurrence within the meaning of the Truck policies.[20] Truck resumed the defense and indemnity of ABIC, conceding that it had to reimburse Kaiser for over $77 million that Kaiser had wrongfully been forced to incur in defense and indemnity costs between July 1, 2004 and

---

[18] Trial Ex. 98 [Aug. 31, 2004 letter from P. Cook to S. Hoyt], italics added.

[19] Trial Ex. 106 [Stipulated Facts (Set 1)], ¶ 24.

[20] *Id.*, ¶¶ 25-26.

September 1, 2007.[21]

### D. Truck Wipes the Slate Clean and Devises a New Coverage Scheme to Minimize Its Liability.

Having lost its attempt to avoid coverage entirely, and three years after Kaiser had selected the 1974 policy to respond to ABIC, Truck finally acknowledged Kaiser's rights under California law and agreed to adjust ABIC prospectively under the 1974 policy for any ABIC that triggered the policy.[22] At the same time, Truck *for the first time,* and *unilaterally,* departed from the parties' billing convention and reallocated all of the historical ABIC claims, even those resolved decades earlier, to the 1974 policy.[23] In essence, Truck erased everything done before and started over.

Truck took this new approach for a specific reason: With each ABIC having been ruled a separate occurrence, if Truck had to use all of its 19 policies' occurrence limits, it initially would have had to pay up to $8.3 million to resolve each ABIC (i.e., the separate occurrence limits in its 19 policy years). Once Truck's 10 aggregate limit policies exhausted, it would have had to pay up to $4.5 million for each ABIC (i.e., the separate occurrence limits in its 9 non-aggregate policy years, from 1971 through 1979), as long as ABIC continued to be filed.

To avoid that outcome, Truck wiped the slate clean and started a new scheme, under which it allocated all ABIC to the 1974 policy year, going back to the initial claims resolved in the early 1980s.[24] Truck's reallocation permitted Truck to assess over $9.5 million in deductibles it charged to Kaiser for ABIC that Truck had settled over the previous 24 years.[25] And with its reallocation, Truck took a new position—that the 1974 policy was the sole primary policy available for ABIC.[26] Truck argued that the excess insurers had to indemnify Kaiser for any ABIC settlement or judgment in excess of the $500,000 per occurrence limit in the 1974 policy.

---

[21] Trial Ex. 106 [Stipulated Facts (Set 1)], ¶ 27.

[22] Trial Ex. 101 [July 23, 2007 letter from C. Nelson to P. Cook].

[23] *Ibid.*; Trial Ex. 106 [Stipulated Facts (Set 1)], ¶ 28.

[24] Trial Ex. 101 [July 23, 2007 letter from C. Nelson to P. Cook].

[25] *Id.* at p. 3.

[26] *Id.*; Trial Ex. 362 [Truck Memorandum of Points and Authorities in Response/Opposition to Kaiser's Motion for Coverage Rights, filed May 12, 2008] at 18:9-19:6.

6

1  In 2008, Kaiser moved for a determination of its coverage rights, arguing that vertical

2  exhaustion applied because the 1974 first layer excess policy issued by The Insurance Company

3  of the State of Pennsylvania ("ICSOP") indemnified Kaiser once the "underlying" 1974 Truck

4  policy exhausted.[27] Truck sought the same result, but argued that its 1974 policy language made it

5  the only available primary policy; once its occurrence limit exhausted, ICSOP had to indemnify

6  Kaiser.[28] The trial court agreed with Truck.[29] When Kaiser re-filed the motion as one for

7  summary judgment in 2009, the trial court again adopted Truck's argument and ruled that the

8  1974 policy was the only available primary policy for each ABIC.[30]

9  ICSOP appealed, and Truck continued to advocate the same position. On June 3, 2011, the

10  Court of Appeal agreed with Truck, ruling that the 1974 policy was the only available Truck

11  policy for an ABIC that triggered it, and thus Truck's exposure for ABIC was limited to the

12  policy's $500,000 per occurrence limit. (*Kaiser Cement and Gypsum Corp. v. Ins. Co. of the State*

13  *of Penn.* (2013) 215 Cal.App.4th 210, 214 ("ICSOP").) The Supreme Court granted review on

14  August 24, 2011, but stayed the case pending a decision in another matter. On October 31, 2012,

15  the Supreme Court transferred the matter back to the Court of Appeal with instructions to vacate

16  its June 2011 decision and to reconsider it in light of *State of California v. Continental Ins. Co.*

17  (2012) 55 Cal.4th 186. On April 8, 2013, the Court of Appeal issued another decision, again

18  adopting Truck's contention that its 1974 policy was the only available Truck policy to cover

19  ABIC. (*ICSOP, supra*, 215 Cal.App.4th at p. 214).

20  **III.    ANALYSIS**

21  **A.    Kaiser Has the Right to Select a Truck Policy to Pay "All Sums."**

22  Coverage cases involving continuous loss, that triggered multiple, successive policy years,

23  spawned a new world for insurance law. The first question was what insurance policies applied:

24

---

25  [27] Trial Ex. 361 [Kaiser Motion to Determine Kaiser's Coverage Rights, filed April 11, 2008].

26  [28] Trial Ex. 362 [Truck Memorandum of Points and Authorities in Response/Opposition to Kaiser's Motion for Coverage Rights, filed May 12, 2008] at 18:9-19:6.

27  [29] Trial Ex. 363 [Court's Order re: Kaiser's Motion to Determine Coverage Rights, filed June 30, 2008].

28  [30] Trial Ex. 364 [Court's Order re: Kaiser's Motion for Summary Judgment, filed Dec. 4, 2009].

7

1   the policy issued when a person was exposed to asbestos; the policy issued when the plaintiff's

2   harm manifested; or every policy issued from the exposure forward. California courts chose the

3   last method, called continuous trigger. (*Montrose Chem. Corp. v. Admiral Ins. Co.* (1995) 10

4   Cal.4th 645, 678). The next question was what insurance policy indemnified a policyholder where

5   a claim triggered multiple policies. From the outset, California law uniformly, and without

6   exception, has enforced the "all sums" promise that permits a policyholder to pick any one of the

7   triggered policies, and to require the insurer to fully defend and indemnify up to policy limits,

8   regardless of whether other policies are triggered. (E.g., *Armstrong World Indus. v. Aetna*

9   *Casualty & Surety Co.* (1996) 45 Cal.App.4th 1, 57 ["We interpret [the "all sums" promise] to

10   mean that once coverage is triggered, the insurer's obligation to the policyholder is to cover the

11   policyholder's liability "in full" up to the policy limits. It is irrelevant that only part of the

12   asbestos-related disease developed during any single policy period or during a period in which the

13   manufacturer had no insurance."]; *Stonelight Tile, Inc. v. California Ins. Guarantee Assn.* (2007)

14   150 Cal.App.4th 19, 37 ["When a continuous loss is covered by multiple policies, the insured

15   may elect to seek indemnity under a single policy with adequate policy limits. If that policy

16   covers 'all sums' for which the insured is liable, as most CGL policies do, that insurer may be

17   held liable for the entire loss," with the right to "seek contribution from the other insurers on the

18   risk"].)

19         In its seminal decisions concerning continuous loss claims that trigger multiple policy

20   periods, our Supreme Court has made clear that an insurer may be held liable for the entire loss

21   up to the policy limits. (*Montrose Chemical Corp. v. Admiral Ins. Co.* (1995) 10 Cal.4th 645,

22   678; *Aerojet-General Corp. v. Transport Indemnity Co.* (1997) 17 Cal.4th 38, 55-57.) Other

23   insurers on the risk are separately and independently obligated to fully indemnify the insured.

24   (*Aerojet, supra,* 17 Cal.4th at p. 57, fn. 10, quoting *Montrose, supra,* 10 Cal.4th at pp. [636-87,

25   81, fn. 19], italics added.) Importantly, "all sums" is not joint and several liability; rather, each

26   insurer is severally liable on its own policy. (*State v. Continental Ins. Co.* (2009) 170 Cal.App.4th

27   160; see *Rohr Industries, Inc. v. First State Ins. Co.* (1997) 59 Cal.App.4th 1480, 1489.) Thus,

28   when there is a continuous loss spanning multiple policy periods, any insurer that covered any

KAISER'S PHASE II OPENING TRIAL BRIEF

1   policy period is liable for the *entire* loss. (*State v. Continental Ins. Co., supra,* [88 Cal. Rptr. at

2   p. 301].)

3         Here, the 1974 Truck policy requires Truck to indemnify Kaiser for "all sums" that Kaiser

4   becomes legally obligated to pay as a result of an "occurrence" that causes injury during the

5   period of the policy:

6           [Truck] . . . agrees . . . [t]o pay on behalf of the insured all sums
          which the insured shall become obligated to pay, as damages or

7           otherwise, by reason of the liability imposed upon him by law . . .
          or by reason of any other legal liability of the insured however

8           arising or created or alleged to have risen or to have been created
          because of . . . [p]ersonal injury, sickness, disease, including death .

9           . . including all loss arising therefrom.

10                     *      *      *

11           This policy applies only to occurrences during the policy period.

12                     *      *      *

13           [T]he word "occurrence"' means an event, or continuous or
          repeated exposure to conditions which results in personal injury or

14           property damage during the policy period. . . . Personal [i]njury
          means bodily injury, sickness or disease, including death at any

15           time resulting therefrom[.][31]

16   As the Court of Appeal already has ruled, this language means that the "all sums" approach

17   applies to Kaiser's coverage. (*ICSOP, supra,* 215 Cal.App.4th at p. 239; see Stipulated Facts

18   (Set 1), ¶ 36 ["The 'continuous trigger' and 'all sums' approach, as applied in *Aerojet* and

19   *Armstrong*, are the law of the case and support Kaiser's selection of the Truck 1974 policy, when

20   triggered, to respond to ABIC."].

21       **B.**    **Equitable Contribution Does Not Apply Here.**

22         Once an insurer is selected to pay "all sums," it may seek contribution from *other*

23   *insurers*. (*Armstrong, supra,* 45 Cal.App.4th at p. 52 ["A policyholder may obtain full

24   indemnification and defense from *one insurer*, leaving the targeted insurer to seek contribution

25   from *other insurers* covering the same loss"], italics added.) Truck relies on principles of

26   equitable contribution to argue that it can allocate indemnity payments from its 1974 policy to

27

28   [31] (Trial Ex. 302 [Truck 1974 Policy, Insuring Agreement § I], p. 4, [Policy Period § IV], p. 8, [Condition III.(i)-(j)], pp. 13-14.)

<div align="center">9</div>

<div align="center">KAISER'S PHASE II OPENING TRIAL BRIEF</div>

Truck's other policy years. Truck is wrong for several reasons.

First, contribution is a claim by one insurer against another insurer. The claim exists equitably between insurers because there is no contractual relationship between them. Of course, Truck and Kaiser have a contractual relationship that requires Truck to fully indemnify and defend Kaiser under the 1974 policy; Truck cannot escape its legal obligations based on some equitable notion.

Second, although Truck repeatedly has ignored it, California does not permit an insurer whose policy has been selected to pay "all sums" to allocate indemnity payments where it would result in a reduction of coverage for the insured. (*Dart Industries, Inc. v. Commercial Union Ins. Co.* (2002) 28 Cal.4th 1059, 1080; *Armstrong World Industries, Inc. v. Aetna Casualty & Surety Co.* (1996) 45 Cal.App.4th 1.) Allocation of a covered loss among insurers—whether under a policy's "Other Insurance" clause or equitable contribution—does not alter the selected insurer's duty to fully indemnify its insured. (*Armstrong, supra*, 45 Cal.App.4th at pp. 49-50.) No decisions since the *Montrose/Aerojet/Armstrong* line of cases have changed this fundamental principle of California insurance coverage law, nor do any decisions permit Truck to allocate in a manner that would reduce its obligation to fully defend and indemnify Kaiser for ABIC.

Third, allocation across Truck's aggregate and non-aggregate policies that Kaiser *has not* selected to respond to ABIC will prejudice Kaiser by reducing the insurance coverage it purchased from Truck. Specifically, it would leave Kaiser without an insurer having a duty to defend certain ABIC.

For all these reasons, the Court should not accept Truck's novel view of equitable contribution, and should not extend that claim to allow Truck to spread ABIC indemnity payments over its own 19 policy years.

### 1. Truck Cannot Rely on Equity to Obviate the Legal Obligations to which It Is Bound Contractually.

Truck's and Kaiser's legal relationship is defined, as Truck successfully argued to the Court of Appeal, by the 1974 policy. Kaiser has the right to select the 1974 policy to respond to ABIC and, under that contract, Truck must fully indemnify and defend Kaiser. Truck's argument

10

1  here in Phase II assumes that equity somehow can trump Truck's legal obligation to fully

2  indemnify Kaiser under the 1974 policy. Essentially, Truck claims that equitable principles allow

3  it to ignore Kaiser's choice of the 1974 policy and, over Kaiser's objection, instead decide that all

4  of its policies will equally respond to ABIC.

5     There is no support for Truck's approach. Quite the opposite: Our Supreme Court has

6  stated that the contribution principles that apply between insurers has no effect on, and cannot

7  derogate from the insurer's legal obligation to, the insured. (See *Armstrong, supra*, 45

8  Cal.App.4th at pp. 56-57 ["[A]pportionment among multiple insurers . . . has no bearing upon the

9  obligations of the insurers to the insured. . . . [O]nce coverage is triggered, the insurer's

10 obligation to the policyholder is to cover the policyholder's liability 'in full' up to policy

11 limits."]; *Dart Industries, Inc. v. Commercial Union Ins. Co.* (2002) 28 Cal.4th 1059, 1080

12 ["'Apportionment among multiple insurers must be distinguished from apportionment between an

13 insurer and its insured. When multiple policies are triggered on a single claim, the insurers'

14 liability is apportioned pursuant to the 'other insurance' clauses of the policies or under the

15 equitable doctrine of contribution. That apportionment, however, has no bearing upon the

16 insurers' obligations to the policyholder. A pro rata allocation among insurers 'does not reduce

17 their respective obligations to their insured.' The insurers' contractual obligation to the

18 policyholder is to cover the full extent of the policyholder's liability (up to the policy limits)"],

19 quoting *Armstrong, supra*, citations omitted].)

20     In short, "fairness" and equitable doctrines play no part in deciding a policyholder's

21 rights; they are solely a matter of contract—not equity. (E.g., *Aerojet-General Corp. v. Transport

22 *Indemnity Co.* (1997) 17 Cal.4th 38, 75.)[32]

---

[32] In any event, a party who seeks equity must do equity. (*Dickson, Carlson & Campillo v. Pole* (2000) 83 Cal.App.4th 436, 445); 2 Pomeroy, EQUITY JURISPRUDENCE (5th ed. 1941) § 385, pp. 51-53. And there is nothing equitable about allowing Truck to allocate payments under its 1974 policy to its other 18 policy years and evade its obligation to pay "all sums." Nor does Truck seek this remedy with clean hands.

- For decades, *Truck* represented to Kaiser, during the time the parties operated under their billing convention, that because of its non-aggregate limit policies, Truck would be required to defend and indemnify Kaiser for the "long haul," and would be "unable to erode limits." (See fn. 8, *supra*.) Yet it reversed course, and filed this action.

- From 2004 through 2007, Truck ignored Kaiser's selection of the 1974 policy to respond

11

## 2. "Contribution" Is Solely an Equitable Claim Between or Among Insurers.

Trying to support its attempt to allocate payments made under its 1974 policy to other policies it issued to Kaiser, Truck claims that it is merely seeking "contribution" from the other policies it issued to Kaiser. But contribution, under California law, is necessarily an adjustment of rights between insurers. Indeed, the express language of each of the cases Truck cites makes it apparent that those cases address rights between or among insurers—and not an insurer's right to allocate to or among its own policies. Not surprisingly, Truck has cited no authority where a court ruled that an insurer can obtain contribution from itself.

In *Fireman's Fund Ins. Co. v. Maryland Casualty Co.* (1998) 65 Cal.App.4th 1279, the court explained the policy considerations that limit the application of equitable contribution *to co-insurers* for defense and indemnity coverage. Under the "all sums" approach, the insurer who issued the policy chosen by the insured must fully indemnify the insured. Because it would be an undue burden for a single insurer to bear the entire loss where other insurers' policies are triggered, equitable contribution permits reimbursement to the insurer that paid on the loss. (*Id.* at pp. 1293-1294.) The purpose of this rule of equity is to equalize the common burden shared by co-insurers, and to prevent one insurer from profiting at the expense of others. (*Ibid.*, citing Cal. Civ. Code, § 1432;[33] *Signal Cos., Inc. v. Harbor Ins. Co.* (1980) 27 Cal.3d 359, 369 ["The

---

to ABIC and pay "all sums," forcing Kaiser to bear the burden of risks covered by Truck's policies.

- In judicial submissions Truck argued that it had no other available and collectible insurance to satisfy Kaiser's claims, and the excess insurers were responsible once it paid its $500,000 limit. Yet it now reverses course again, arguing that it does indeed have other insurance—its own policies—and that the Court must allow it to allocate to those other policies, exhausting many of them and taking coverage away from Kaiser.

Truck has not done equity, but instead has repeatedly devised schemes to avoid its obligations for ABIC. To the extent that the Court finds that Truck somehow has equitable rights against Kaiser (beyond the rights and obligations spelled out in their contracts of insurance, and the burdens and benefits of those arms-length bargains), it should reject Truck's remedy because of Truck's inequitable conduct.

[33] Section 1432 makes clear that contribution under California law is a claim between different parties:

> [A] party to a joint, or joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him.

12

1   reciprocal rights and duties of several insurers who have covered the same event do not arise out

2   of contract, for their agreements are not with each other[.] Their respective obligations flow from

3   equitable principles designed to accomplish ultimate justice in the bearing of a specific burden."];

4   *Maryland Casualty Co. v. Nationwide Ins. Co.* (1998) 65 Cal.App.4th 21, 26-27; *Golden Eagle*

5   *Ins. Co. v. Foremost Ins. Co.* (1993) 20 Cal.App.4th 1372, 1390; *California Food Serv. Corp. v.*

6   *Great American Ins. Co.* (1982) 130 Cal.App.3d at 892, 901-902; 16 COUCH ON INSURANCE,

7   "Contribution & Apportionment," § 62:142, at pp. 611-612.)

8           In sum, despite Truck's deliberate misuse of the word "contribution" for what is actually

9   "allocation," California law is clear:  Contribution is solely an equitable claim between co-

10  insurers, and does not apply to Truck's attempt, as a single insurer with multiple policies, to get

11  "contribution" from itself.[34]

12                  **3.     Truck's Allocation of 1974 Policy Payments to Other Truck Policies**
                           **Prejudices Kaiser.**
13
14          The duty of good faith and fair dealing is implied in every contract. In the insurance

15  context, this means the insurer must give equal weight to the insured's interest as to the insurer's

16  interests. *(Paulfrey v. Blue Chip Stamps* (1983) 150 Cal.App.3d 187, 192 ["In order for the

17  insurer to fulfill its obligation not to impair the right of the insured to receive the benefits

18  contracted for, the governing standard is that the insurer must give at least as much consideration

19  to the insured's interests as it does to its own."].) Here, Truck seeks to ignore Kaiser's selection of

20  the 1974 policy and allocate indemnity payments to its other 18 years of coverage, many of which

21  have aggregate limits (i.e., 1965-1970 and 1980-1983). In doing so, Truck will extinguish

22  Kaiser's contractual rights under those 10 policy years with aggregate limits, even though Kaiser

23  has decided not to use those policies it purchased, at this time, for ABIC that triggers the 1974

24  policy. And this prejudices Kaiser. In particular, Truck's proposed allocation would exhaust

25  _____
    [34] (See, e.g., *Lodi v. Lodi* (1985) 173 Cal.App.3d 629, 630 [affirming trial court's dismissal of a
26  suit in which the plaintiff sued himself as defendant, notwithstanding the fact "no party sought
    dismissal or objected to entry of judgment as requested"; "in the arena of pleadings, the one at
27  issue here is a slam-dunk frivolous complaint"].) With its tongue firmly in its cheek, the *Lodi*
    court also considered whether to award the defendant/respondent his costs of suit on appeal,
28  "which he could thereafter recover from himself," but held instead that "we believe the equities
    are better served by requiring each party to bear his own costs on appeal." (*Id.* at p. 632.)

**KAISER'S PHASE II OPENING TRIAL BRIEF**

Kaiser's post-1979 Truck coverage and deprive Kaiser of coverage for claims that have a date of first exposure ("DOFE") after 1979.

The concern is more than hypothetical. For instance, on January 30, 2015, Kaiser tendered to Truck an ABIC claim alleging exposure to asbestos-containing products from 1981-2005. Nolan Lamb v. Kaiser Gypsum Co., Inc., Contra Costa Superior Court, Case No. C15-00057 ["Nolan Lamb"].[35] In its February 2, 2015 reservation of rights letter for the Nolan Lamb claim, Truck forebodingly explains that depending on the outcome of pending litigation (i.e., this Phase II trial), it is possible that there may not be Truck coverage for either defense or indemnification of the Nolan Lamb claim.[36]

Kaiser's expert for Phase II, Mr. Ross Mishkin, will explain at trial that the Nolan Lamb claim only triggers insurance covering 1981 or later. If Kaiser has additional ABIC filed against it that allege a DOFE after 1979, and the $4 million remaining aggregate Truck coverage for 1980-1983 becomes exhausted (whether by further claims alleging a DOFE after 1979, which Mr. Mishkin will explain is the trend in asbestos claims, or by Truck's internal allocation to those policies), Kaiser would have no primary coverage for such claims—leaving it with no insurer that has a duty to defend ABIC. Remaining excess coverage for the 1980-1983 policy years is narrower than the coverage Truck's policies provide, which is one of the reasons that Kaiser has not picked any of the 1980-1983 Truck policies to respond to ABIC that trigger the 1974 policy.

In sum, Truck's obligation to pay "all sums," and Kaiser's right to select which policy will respond, would be rendered meaningless if Truck is permitted to spread losses from the non-aggregate 1974 policy Kaiser has selected to Truck's aggregate policies, thereby dissipating them, and evading completely its coverage obligations under them.

**C. Truck Is Judicially Estopped From Allocating a Loss Paid Under the 1974 Policy to Any Other Truck Policy.**

Judicial estoppel is designed to maintain the integrity of the courts and to protect the parties from unfair strategies. The doctrine prohibits a party from asserting a position in a legal

---

[35] Trial Ex. 359 [Feb. 2, 2015 letter from M. Charbonnet to M. Wright].
[36] Ibid.

14

1 proceeding that contradicts a position the party successfully asserted in the same or some other

2 earlier proceeding. (*Owens v. County of Los Angeles* (2013) 220 Cal.App.4th 107, 121.) It may be

3 found when (1) the same party has taken two positions; (2) the positions were taken in judicial or

4 quasi-judicial administrative proceedings; (3) the party was successful in asserting the first

5 position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are

6 totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud or

7 mistake. (*Ibid.*)

8         Over the years, and even during this litigation, Truck has repeatedly shifted positions to

9 optimize its financial interest. But now, the Court must draw the line and estop Truck from its

10 most recent attempt at financial gain. Beginning in the 1980s, and until the 2007 Court of Appeal

11 decision rejecting Truck's argument, Truck took the position that the production of asbestos-

12 containing products constituted a single occurrence.[37] It did so to maximize how much it

13 recovered from its reinsurers.[38] And beginning with the filing of this lawsuit, Truck also took the

14 position that its obligation was solely to exhaust the occurrence limit for each year in which it

15 issued a policy.[39]

16         Once the Court of Appeal rejected Truck's original position in 2007, and the trial court

17 determined on remand that each ABIC was a separate occurrence, Truck crafted a new position,

18 deliberately and unilaterally allocating all historical ABIC to the 1974 policy.[40] It then argued to

19 the trial court and Court of Appeal that the 1974 policy was the only Truck-issued policy

20 available to respond to ABIC.[41] Now, Truck changes course once again—arguing that its other

21 policies do, in fact, cover ABIC, despite Kaiser's selection of the 1974 policy. Truck should be

22

23 [37] Trial Ex. 106 [Stipulated Facts (Set 1)], ¶ 13; e.g., Trial Ex. 4 [Aug. 4, 1981 letter from D. Comport to John F. Sullivan Co.].

24 [38] See *supra*, fn. 8.

25 [39] Trial Ex. 340 [Truck's Original Complaint, filed Apr. 30, 2001], ¶¶ 7-8; Trial Ex. 366 [2004 Memorandum in Support of Truck's Motion for Summary Judgment] at pp. 9:8-14, 13:3-8, 23:11-14.

26 [40] Trial Ex. 101 [Jul. 23, 2007 letter from C. Nelson to P. Cook].

27 [41] Trial Ex. 364 [Dec. 4, 2009 Order re Kaiser's Motion for Summary Adjudication]; Trial Ex. 365 [Truck's Feb. 5, 2011 Response to Brief of *Amicus Curiae* London Market Insurers ("Truck Response Brief")].

28

estopped from this most recent change in position, made for its own financial gain and to the significant detriment of its policyholder Kaiser.

In response to Kaiser's 2008 motion for a threshold determination concerning its coverage rights, Truck argued that under its 1974 policy language, no other Truck policy was available to respond to ABIC.[42] The trial court agreed with Truck; when the parties refiled the issue as one for summary judgment, the trial court again agreed with Truck. In a December 4, 2009 Order, Judge West ruled:

> The Court concludes . . . that the language of the Truck policy precludes a finding that there is 'other valid and collectable [sic] insurance' or 'other underlying collectable [sic] insurance' on other policies issued by Truck.[43]

Truck seized upon this ruling, incorporating it into its arguments on ICSOP's ensuing appeal. In February 2011, Truck filed an appellate brief responding to the arguments of *amici curiae* London Market Insurers ("LMI"), citing the trial court's ruling that the language of the 1974 Truck policy precluded a finding that Truck provided "other valid and collectable insurance."[44] Truck asserted that its single occurrence limit of $500,000 in the selected 1974 policy precluded a finding that other insurance was available or collectible:

> [T]he plain language of . . . the Truck Policy make[s] it patently apparent that . . . *there is no 'available,' 'collectible' or 'valid' other insurance issued by Truck* . . . .[45]

Truck repeated its assertion that there was no available and collectible primary insurance other than the selected 1974 Truck policy in its submission to the Court of Appeal:

- "the only limits available beyond those of the scheduled underlying policies are those that are *applicable*—in the situation presented here, where Truck's liability is unambiguously limited to a single 'per occurrence' limit, the limits of other underlying Truck policies are simply inapplicable."[46]

---

[42] Trial Ex. 362 [Truck Memorandum of Points and Authorities in Response/Opposition to Kaiser's Motion for Coverage Rights, filed May 12, 2008] at pp. 18:9-19:6.

[43] Trial Ex. 364 [Dec. 4, 2009 Order] at p. 14:1-4.

[44] Trial Ex. 365 [Truck Response Brief] at p. 15.

[45] *Id.* at p. 17, italics added.

[46] *Id.* at p. 13.

16

- "the only available, *collectible*, or *valid* underlying Truck insurance liability is satisfied for any single occurrence by the payment of its $500,000 per occurrence limit."[47]

- "the trial court necessarily looked to the Truck Policy selected by Kaiser to respond to *make that exact determination—whether in fact such 'valid and collectible' other insurance existed*. Then, and only then, the trial court interpreted the unambiguous language of the Truck Policy, which limits Truck's liability *per occurrence* (critically, not per year or per policy period) to a single occurrence limit of $500,000, to mean exactly what it says. Thus the trial court concluded, again referencing the limiting language in the ICSOP Policy, that a finding that Truck provided 'other valid and collectible insurance' was precluded."[48]

- "LMI's argument on page 10 of its Brief that the Court must look in isolation to the terms of the excess policy is nonsensical. While this may be correct as to the scope of the excess insurer's drop down duty, i.e., over scheduled and unscheduled underlying or just scheduled underlying, it is always ultimately necessary to look to the primary policy to determine exactly what primary (if any) is applicable, collectible or available."[49]

- "But the plain language of both the ICSOP Policy and the Truck Policy make it patently apparent that even if the horizontal exhaustion rule is applicable here, *there is no 'available,' 'collectible' or 'valid' other insurance issued by Truck* for ICSOP to turn to. As the trial court explained, the unambiguous language of the 1974 Truck Policy selected by Kaiser makes it clear that although it has no aggregate limits, Truck agreed to provide only a single limit for any one occurrence of $500,000, and no more."[50]

- "As discussed in Truck's Respondent's Brief, a 'per occurrence' limit means exactly that—Truck agreed to pay a maximum of $500,000 *per occurrence*, not per policy period, not per year. Thus, whether or not other Truck policies triggered by that claim are considered to be "underlying" insurance is irrelevant."[51]

On April 8, 2013, after review by the Supreme Court, the Court of Appeal again adopted Truck's position and affirmed the trial court's determination that Truck's primary policy limits

---

[47] Trial Ex. 365 [Truck Response Brief], p. 14, fn. 4.

[48] *Id.* at p. 15 (referring to the December 4, 2009 trial court order, in which Judge West ruled) Trial Ex. 364 [Dec. 4, 2009 Trial Order] at p. 14:

> The Court concludes, for the reasons stated below, that the language of the Truck policy precludes a finding that there is "other valid and collectable [sic] insurance" or "other underlying collectable [sic] insurance" on other policies issued by Truck.

[49] *Id.* at p. 15.

[50] *Id.* at pp. 17-18, italics and bold added.

[51] *Id.* at p. 18.

17

1   could not be "stacked." (*ICSOP, supra*, 215 Cal.App.4th 210.) Siding with Truck, the Court of

2   Appeal based its decision on the language of Truck's 1974 policy, ruling that for any single

3   occurrence, Truck is liable up to the 1974 policy occurrence limit, and no more. (*Id.* at p. 303.)

4        Truck advocated that only its 1974 policy was available to Kaiser for a specific reason—

5   to limit how much it paid for ABIC. Under the ruling Truck successfully obtained that is now law

6   of the case, only the 1974 policy responds to an ABIC; once its $500,000 occurrence limit is

7   exhausted, the excess insurers must indemnify Kaiser. But in Phase II, Truck takes a 180-degree

8   turn, telling the Court that it has *other valid and collectible insurance* available for ABIC to

9   which it should be allowed to allocate payments it makes under the 1974 policy. Truck's

10   argument in Phase II cannot be reconciled with the successful argument Truck made in prior

11   proceedings; it flatly contradicts the trial court ruling upon which Truck relied when it

12   represented to the Court of Appeal that there was no other available Truck insurance. Judicial

13   estoppel prevents Truck from, once again, reversing course.

14   **IV.    CONCLUSION**

15        For all of the foregoing reasons, Kaiser respectfully requests that the Court reject Truck's

16   attempt to allocate indemnity payments it makes for ABIC against Kaiser to all of its other

17   triggered policies, and (1) enter judgment against Truck, and in favor of Kaiser and the other

18   defendants, on the declaratory relief sought by Truck in its First Cause of Action, paragraphs 39

19   and 40, and (2) expressly find that Truck's allegation in paragraph 47 of its Second Cause of

20   Action is false, and contrary to California law.

21   DATED: March 13, 2015            Respectfully submitted,

22                         THE COOK LAW FIRM, P.C.

23

24                         By: _____

25                            Philip E. Cook

26                         Attorneys for Defendants and Cross-
                            Complainants KAISER CEMENT AND
                            GYPSUM CORPORATION and KAISER

27                         GYPSUM COMPANY

28   LAI-383235050v2

**KAISER'S PHASE II OPENING TRIAL BRIEF**

## PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 S. Flower Street, 50th Floor, Los Angeles, California, 90071.

On March 13, 2015, I served the foregoing documents described as:

### KAISER CEMENT AND GYPSUM CORPORATION'S OPENING PHASE II TRIAL BRIEF

☐ **(U.S. MAIL)** I placed true copies of the documents, enclosed in sealed envelopes, and caused such envelopes to be deposited in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(ELECTRONIC SERVICE)** Pursuant to Court Order establishing case website and authorizing service of documents, dated February 25, 2004, this document has been electronically served and shall be deemed served as of the date and time it is posted by LexisNexis File and Serve on its website (https://litigator.lexisnexis.com).

☐ **(FACSIMILE)** I caused the above-named document(s) to be transmitted by facsimile transmission on this date to the persons and facsimile numbers shown in the attached Service List following ordinary business practices in the United States at Los Angeles, California. The transmission was reported as complete without error and a transmission report was properly issued by the transmitting facsimile machine whose number is (213) 243-2539.

☐ **(OVERNIGHT DELIVERY)** I caused the documents to be delivered via Federal Express or similar overnight courier service, by depositing in a box or other facility regularly maintained by such overnight delivery service, or delivering such envelope to a courier or driver authorized by said overnight delivery service to receive documents, in an envelope designated by said overnight delivery service with delivery fees paid or provided for, addressed to the names and addresses shown in the attached Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on March 13, 2015, at Los Angeles, California.

Diane Finegan

LA1-2158819v1

PROOF OF SERVICE

# Exhibit G

**TRANSCRIPT, JOINTADMIN, LEAD, PlnDue, DsclsDue**

# U.S. Bankruptcy Court
## Western District of North Carolina (Charlotte)
### Bankruptcy Petition #: 16-31602

*Date filed:* 09/30/2016
*341 meeting:* 11/29/2016

*Assigned to:* J. Craig Whitley
Chapter 11
Voluntary
Asset

| | |
|---|---|
| ***Debtor*** | represented by **Shelley Koon Abel** |
| **Kaiser Gypsum Company, Inc.** | Rayburn Cooper & Durham |
| 300 E. John Carpenter Freeway | 227 W. Trade St., Suite 1200 |
| Irving, TX 75062 | Charlotte, NC 28202 |
| DALLAS-TX | (704) 334-0891 |
| Tax ID / EIN: 94-1230188 | Fax : (704) 334-0395 |
| | Email: sabel@rcdlaw.net |

**Kay M. Brady**
K & L Gates, LLP
210 Sixth Avenue
Pittsburgh, PA 15222
412-355-6235
Email: kay.brady@klgates.com

**Phillip E. Cook**
The Cook Law Firm, P.C.
707 Wilshire Blvd., Suite 3600
Los Angeles, CA 90017
213-988-6100
Email: pcook@cooklawfirm.la

**Basheer Ghorayeb**
Jones Day
2727 North Harwood Street
Dallas, TX 75201
214-969-5100
Email: bghorayeb@jonesday.com

**Gregory M. Gordon**
2727 North Harwood Street
Dallas, TX 75201
214-220-3939
Email: gmgordon@jonesday.com

**Steven F. Hill**

Miller Nash Graham & Dunn LLP
500 Broadway Street, Suite 400
Vancouver, WA 98660
360-699-4771
Email: steve.hill@millernash.com

**John R. Miller, Jr.**
RAYBURN COOPER & DURHAM,
P.A.
1200 The Carillon
227 West Trade Street
Charlotte, NC 28202
704-334-0891
Email: jmiller@rcdlaw.net

**Daniel B. Prieto**
Jones Day
2727 North Harwood Street
Dallas, TX 75201
214-220-3939
Email: dbprieto@jonesday.com

**Amanda Suzuki**
Jones Day
2727 North Harwood Street
Dallas, TX 75201
214-220-3939
Email: asuzuki@jonesday.com

*U.S. Trustee*
**U.S. Bankruptcy Administrator Office**
402 W. Trade Street
Suite 200
Charlotte, NC 28202-1669
(704)350-7587

*Interested Party*                     represented by **Joseph W. Grier, III**
**Truck Insurance Exchange**                      Grier, Furr & Crisp, P.A.
                                                 101 N. Tryon Street, Suite 1240
                                                 One Independence Center
                                                 Charlotte, NC 28246
                                                 (704) 332-0201
                                                 Fax : 704 332-0215
                                                 Email: jgrier@grierlaw.com

                                                 **David L. Neale**
                                                 Levene Neale Bender Yoo Brill L.L.P.
                                                 10250 Constellation Blvd. Suite 1700
                                                 Los Angeles, CA 90067
                                                 310 229-1234

Fax : 310 229 1244
Email: dln@lnbyb.com

**Interested Party**                              represented by **Craig Goldblatt**
**First State Insurance Company**                Wilmer Cutler Pickering Hale & Dorr
c/o Lisa P. Sumner                               LLP
Poyner Spruill LLP                               1875 Pennsylvania Avenue N.W.
PO Box 1801                                      Washington, DC 20006
Raleigh, NC 27602-1801                           Email: craig.goldblatt@wilmerhale.com
919-783-2869

                                                 **Katherine M. Hance**
                                                 Shipman & Goodwin LLP
                                                 1875 K Street, NW
                                                 Washington, DC 20006
                                                 Email: khance@goodwin.com

                                                 **Nancy Lynn Manzer**
                                                 Wilmer Cutler Pickering Hale and Dorr
                                                 LLP
                                                 1875 Pennsylvania Avenue N.W.
                                                 Washington, DC 20006
                                                 202-663-6183
                                                 Fax : 202-663-6363
                                                 Email: nancy.manzer@wilmerhale.com

                                                 **Christine L. Myatt**
                                                 P. O. Box 3463
                                                 Greensboro, NC 27402
                                                 (336) 373-1600
                                                 Email: cmyatt@nexsenpruet.com

                                                 **James P. Ruggeri**
                                                 Shipman & Goodwin, LLP
                                                 1875 K Street NW
                                                 Washington, DC 20006
                                                 Email: jruggeri@goodwin.com

**Interested Party**                              represented by **Jeff D. Kahane**
**Certain Underwriters Lloyd's, London**          Duane Morris LLP
                                                 865 S. Figueroa
                                                 Los Angeles, CA 90017

                                                 **Jeff D. Kahane**
                                                 Duane Morris LLP
                                                 865 S. Figueroa Street
                                                 Suite 3100
                                                 Los Angeles, CA 90017
                                                 213 689-7431
                                                 Fax : 213 689-7401
                                                 Email: JKahane@duanemorris.com

**Brian A. Kelly**
Duane Morris LLP
Spear Tower One Market Plaza
Suite 2200
CA
San Francisco, CA 94105
415 957-3000
Fax : 415 957-3001
Email: bakelly@duanemorris.com

**Phillip R. Matthews**
Duane Morris LLP
865 S. Figueroa
Suite 3100
Los Angeles, CA 90017

**Russell W. Roten**
Duane Morris LLP
865 S. Figueroa St. Suite 3100
Los Angeles, CA 90017
213-689-7400
Fax : 213-689-7401
Email: rroten@duanemorris.com

*Interested Party*                         represented by **Hillary B. Crabtree**
**Lehigh Hanson, Inc.**                                     Moore & Van Allen PLLC
                                                            100 N. Tryon Street, Suite 4700
                                                            Charlotte, NC 28202-4003
                                                            (704) 331-3571
                                                            Fax : (704) 335-5968
                                                            Email: hillarycrabtree@mvalaw.com

*Interested Party*                         represented by **Christine L. Myatt**
**New England Reinsurance Corporation**                     (See above for address)

*Interested Party*                         represented by **Kristen P. Miller**
**Westchester Fire Insurance Company**                      Poyner Spruill LLP
Poyner Spruill LLP                                          PO Box 353
c/o Lisa Sumner                                             Rocky Mount, NC 27802-0353
P. O. Box 1801                                              252-972-7042
Raleigh, NC 27602                                           Fax : 252-972-7045
                                                            Email: kprice@poynerspruill.com

                                                            **Lisa P. Sumner**
                                                            Poyner Spruill LLP
                                                            P.O. Box 1801
                                                            Raleigh, NC 27602-1801
                                                            919-783-2869
                                                            Fax : 919-783-1075

Email: lsumner@poynerspruill.com

| | |
|---|---|
| **Interested Party**<br>**Fireman's Fund Insurance Company**<br>Poyner Spruill LLP<br>c/o Lisa Sumner<br>P. O. Box 1801<br>Raleigh, NC 27602 | represented by **Kristen P. Miller**<br>(See above for address)<br><br>**Lisa P. Sumner**<br>(See above for address) |
| **Interested Party**<br>**Allianz Underwriters Insurance Company**<br>**f/k/a Allianz Underwriters Inc.**<br>Poyner Spruill LLP<br>c/o Lisa Sumner<br>P. O. Box 1801<br>Raleigh, NC 27602 | represented by **Belinda Y. Liu**<br>Crowell & Moring LLP<br>275 Battery Street<br>23rd Floor<br>San Francisco, CA 94111<br><br>**Kristen P. Miller**<br>(See above for address)<br><br>**Mark D. Plevin**<br>Crowell & Moring LLP<br>275 Battery Street<br>23rd Floor<br>San Francisco, CA 94111<br><br>**Lisa P. Sumner**<br>(See above for address)<br><br>**Tacie H. Yoon**<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 |
| **Interested Party**<br>**Lawrence Fitzpatrick, *Future Claimant's***<br>***Representative***<br>c/o Felton Parrish<br>Hull & Chandler, PA<br>1001 Morehead Square Drive, #450<br>Charlotte, NC 28203<br>704-375-8488 | represented by **Edwin J. Harron**<br>Young Conaway Stargatt & Taylor,<br>LLP<br>Rodney Square<br>1000 North Kind Street<br>Wilmington, DE 19801<br><br>**Hull & Chandler, P.A.**<br>1001 Morehead Square Drive<br>Suite 450<br>Charlotte, NC 28203<br>704-375-8488<br>Fax : 704-375-8487<br><br>**Felton Parrish**<br>Hull & Chandler, P.A.<br>1001 Morehead Square Drive, Suite 450 |

Charlotte, NC 28203
704-375-8488
Email: fparrish@lawyercarolina.com

**Young Conaway Stargatt & Taylor,
LLP**
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
Fax : (302) 571-1253

| | | |
|---|---|---|
| *Interested Party*<br>**Allstate Insurance Company** | represented by | **Brad A Berish**<br>Adelman Gettleman LTD<br>53 W. Jackson Blvd<br>Suite 1050<br>IL<br>Chicago, IL 60604<br>312-435-1050<br>Fax : 312-435-1059<br>Email: bberish@ag-ltd.com |
| *Interested Party*<br>**Associated International Insurance<br>Company** | represented by | **D. Kyle Deak**<br>Troutman Sanders, L.L.P.<br>Post Office Drawer 1389<br>Raleigh, NC 27602-1389<br>919-835-4133<br>Fax : 919-829-8725<br>Email: kyle.deak@troutmansanders.com |
| *Interested Party*<br>**TIG Insurance Company (formerly known<br>as Transamerica Company and as successor<br>by merger to International Insurance<br>Company)** | represented by | **D. Kyle Deak**<br>(See above for address) |
| *Interested Party*<br>**Oregon Department of Environmental<br>Quality** | represented by | **Carolyn G. Wade**<br>Oregon Department of Justice<br>1162 Court Street NE<br>Salem, OR 97301<br>541.686.7846<br>Fax : 503.373.7067<br>Email: Carolyn.G.Wade@doj.state.or.us |
| *Interested Party*<br>**Great Southwest Fire Insurance Company** | represented by | **Ilya A Kosten**<br>SELMAN BREITMAN LLP<br>11766 Wilshire Blvd. 6th Floor<br>Los Angeles, CA 90025<br>3106897049<br>Fax : 3104732525 |

Email: ikosten@selmanlaw.com

**Interested Party**                          represented by **Ilya A Kosten**
**NATIONAL CASUALTY COMPANY**                                (See above for address)

**Creditor Committee**                        represented by **Caplin & Drysdale, Chartered**
**Official Committee of Asbestos Personal**                  One Thomas Circle
**Injury Claimants**                                         Washington, DC 20005

**Sara W. Higgins**
Higgins & Owens, PLLC
524 East Boulevard
Charlotte, NC 28203
(704) 366-4607
Fax : (704) 749-9451
Email: shiggins@higginsowens.com

**Elihu Inselbuch**
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500
(212) 319-7125
Fax : (212) 644-6755

**Kevin C. Maclay**
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

**Todd E. Phillips**
Caplin Drysdale Chartered
One Thomas Circle NW
11th floor
Washington, DC 20005
202-862-7850
Email: tphillips@capdale.com

**Todd E. Phillips**
Caplin & Drysdale, Chartered
One Thomas Circle, NW
Suite 1100
Washington, DC 20005

**Sally J. Sullivan**
Caplin & Drysdale, Chartered
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
202-862-7810

| Filing Date | # | Docket Text |
|---|---|---|
| 09/30/2016 | <u>1</u><br>(21 pgs) | Voluntary Petition Under Chapter 11 - Filing Fee Amount $ 1717 (Miller, John) (Entered: 09/30/2016) |
| 09/30/2016 | | Receipt of Filing Fee for Voluntary Petition Under Chapter 11(16-31602) [misc,volp11] (1717.00). Receipt number 7410364, amount $1717.00. (U.S. Treasury) (Entered: 09/30/2016) |
| 09/30/2016 | <u>2</u><br>(26 pgs) | List of Creditors. filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 09/30/2016) |
| 09/30/2016 | <u>3</u><br>(4 pgs) | Corporate Ownership Statement filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 09/30/2016) |
| 09/30/2016 | <u>4</u><br>(12 pgs) | Motion to Jointly Administer Cases filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. Hearing scheduled for 9/27/2016 at 09:30 AM at 3-LTB Courtroom 1-5. (Miller, John) (Entered: 09/30/2016) |
| 09/30/2016 | <u>5</u><br>(13 pgs) | Motion *Debtors' Motion for an Order: (1) Authorizing the Filing of (A) Consolidated Master List of Creditors, (B) Consolidated List of Top Unsecured Creditors and (C) Consolidated List of the Thirty Asbestos Plaintiff Firms with the Largest Number or Scope of Asbestos Cases Against the Debtors; (II) Implementing Certain Notice Procedures for Asbestos Claimants; and (III) Approving the Form and Manner of Notice of Commencement*. filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. Hearing scheduled for 10/4/2016 at 09:30 AM at 3-LTB Courtroom 1-5. (Miller, John) (Entered: 09/30/2016) |
| | <u>6</u><br>(37 pgs; 4 docs) | Motion *Debtors' Application for an Order Authorizing the Appointment of Prime Clerk LLC as Notice, Claims and Solicitation Agent as of the Petition Date*. filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. Hearing scheduled for 10/4/2016 at 09:30 AM at 3-LTB Courtroom 1-5. (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C) (Miller, John) (Entered: |

| 09/30/2016 | | 09/30/2016) |
|---|---|---|
| 09/30/2016 | [7](#)<br>(81 pgs) | Motion to Incur Debt *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Them to Obtain PostPetition Financing on a Superpriority, Secured Basis, (II) Granting Liens and Superpriority Claims, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing* with Notice of Hearing. filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. Hearing scheduled for 10/4/2016 at 09:30 AM at 3-LTB Courtroom 1-5. (Miller, John) (Entered: 09/30/2016) |
| 09/30/2016 | [8](#)<br>(14 pgs) | Motion *Debtors' Motion for an Order: (I) Approving the Continued use of their Bank Accounts and Business Forms; and (II) Authorizing the Debtors' Banks to Charge Certain Fees and Other Amounts.* filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. Hearing scheduled for 10/4/2016 at 09:30 AM at 3-LTB Courtroom 1-5. (Miller, John) (Entered: 09/30/2016) |
| 09/30/2016 | [9](#)<br>(8 pgs) | Motion to Extend Time to file Missing Schedules and Statements with Notice of Hearing. filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. Hearing scheduled for 10/4/2016 at 09:30 AM at 3-LTB Courtroom 1-5. (Miller, John) (Entered: 09/30/2016) |
| 09/30/2016 | [10](#)<br>(7 pgs) | Motion to Appear Pro Hac Vice *Motion for Admission Pro Hac Vice for Amanda M. Suzuki* (Fee Amount $ 276) filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 09/30/2016) |
| 09/30/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7410462, amount $ 276.00. (U.S. Treasury) (Entered: 09/30/2016) |
| 09/30/2016 | [11](#)<br>(7 pgs) | Motion to Appear Pro Hac Vice *Motion for Admission Pro Hac Vice for Dan B. Prieto* (Fee Amount $ 276) filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 09/30/2016) |

| 09/30/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7410465, amount $ 276.00. (U.S. Treasury) (Entered: 09/30/2016) |
|---|---|---|
| 09/30/2016 | 12 (7 pgs) | Motion to Appear Pro Hac Vice *Motion for Admission Pro Hac Vice for Gregory M. Gordon* (Fee Amount $ 276) filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 09/30/2016) |
| 09/30/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7410468, amount $ 276.00. (U.S. Treasury) (Entered: 09/30/2016) |
| 09/30/2016 | 13 (23 pgs) | Affidavit *Declaration of Charles E. McChesney II in Support of First Day Pleadings* (RE: related document(s)4 Motion to Jointly Administer Cases filed by Debtor Kaiser Gypsum Company, Inc., 5 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., 6 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., 7 Motion to Incur Debt filed by Debtor Kaiser Gypsum Company, Inc., 8 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., 9 Motion to Extend filed by Debtor Kaiser Gypsum Company, Inc.) filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 09/30/2016) |
| 09/30/2016 | 14 (7 pgs) | Motion *Debtors' Ex Parte Motion for an Order Suspending Entry and Service of Standard Notice of Commencement.* filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. Hearing scheduled for 10/4/2016 at 09:30 AM at 3-LTB Courtroom 1-5. (Miller, John) (Entered: 09/30/2016) |
| 09/30/2016 | 15 (428 pgs; 3 docs) | Third-Party Complaint by Kaiser Gypsum Company, Inc. against Those Parties Listed on Appendix A to complaint and John and Jane Does 1-1000 .. (Attachments: # 1 Appendix A # 2 Appendix B) (Miller, John) Modified on 10/3/2016 (cas). DISREGARD: Entered in case in error. (Entered: 09/30/2016) |
| | 16 | Adversary case 16-03313. Complaint 91 *Debtors'* |

| | | |
|---|---|---|
| 09/30/2016 | (428 pgs; 3 docs) | *Complaint for Injunctive and Declaratory Relief Extending and Applying the Automatic Stay to Certain Non-Debtors* by Kaiser Gypsum Company, Inc. et al against Those Parties Listed on Appendix A to complaint and John and Jane Does 1-1000 - Fee Amount $ 350. Pre-Trial Order due by 01/30/2017. (Attachments: # 1 Appendix A # 2 Appendix B) (Miller, John) (Entered: 09/30/2016) |
| 09/30/2016 | 17 (13 pgs) | Motion *Debtors' Motion for Entry of an Order (I) Scheduling an Expedited Hearing on First Day Pleadings and (II) Approving the Form and Manner of Limited Notice Thereof.* filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. Hearing scheduled for 10/4/2016 at 09:30 AM at 3-LTB Courtroom 1-5. (Miller, John) (Entered: 09/30/2016) |
| 09/30/2016 | 18 (3 pgs) | Notice of Hearing *on First Day Pleadings* (RE: related document(s)4 Motion to Jointly Administer Cases filed by 3rd Party Plaintiff Kaiser Gypsum Company, Inc., Debtor Kaiser Gypsum Company, Inc., 5 Motion (Other) filed by 3rd Party Plaintiff Kaiser Gypsum Company, Inc., Debtor Kaiser Gypsum Company, Inc., 6 Motion (Other) filed by 3rd Party Plaintiff Kaiser Gypsum Company, Inc., Debtor Kaiser Gypsum Company, Inc., 7 Motion to Incur Debt filed by 3rd Party Plaintiff Kaiser Gypsum Company, Inc., Debtor Kaiser Gypsum Company, Inc., 8 Motion (Other) filed by 3rd Party Plaintiff Kaiser Gypsum Company, Inc., Debtor Kaiser Gypsum Company, Inc., 9 Motion to Extend filed by 3rd Party Plaintiff Kaiser Gypsum Company, Inc., Debtor Kaiser Gypsum Company, Inc.) filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. Hearing scheduled for 10/4/2016 at 09:30 AM at 3-LTB Courtroom 1-5. (Miller, John) Modified on 10/3/2016 (cas). CORRECTIVE ENTRY: Docket text changed to remove - filed by 3rd Party Plaintiff Kaiser Gypsum Company, Inc. (Entered: 10/01/2016) |
| 10/03/2016 | 19 (1 pg) | Court Notice of Deficient Filing - Creditor Matrix Not Uploaded (RE: related document(s)1 Voluntary Petition Under Chapter 11 filed by Debtor Kaiser Gypsum Company, Inc.). Creditor Upload due by 10/11/2016. (ale) (Entered: 10/03/2016) |

| | | |
|---|---|---|
| 10/03/2016 | 20<br>(1 pg) | Court Notice of Deficient Filing (RE: related document(s)1 Voluntary Petition Under Chapter 11 filed by Debtor Kaiser Gypsum Company, Inc.). (ale) (Entered: 10/03/2016) |
| 10/03/2016 | 21<br>(3 pgs) | Bankruptcy Administrator's Notice to 20 Largest Unsecured Creditors (Scholz, BA) (Entered: 10/03/2016) |
| 10/03/2016 | 22<br>(70 pgs) | List of Creditors. filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) Modified on 10/4/2016 (cas). DISREGARD: Entered in error. (Entered: 10/03/2016) |
| 10/03/2016 | 23<br>(1 pg) | Order Changing Case Assignment. Case is reassigned to Judge J. Craig Whitley. (cas) (Entered: 10/03/2016) |
| 10/03/2016 | 24<br>(3 pgs) | Notice of Appearance and Request for Notice filed by Lisa P. Sumner on behalf of The Hartford Financial Services Group. (Sumner, Lisa) (Entered: 10/03/2016) |
| 10/03/2016 | 25<br>(2 pgs) | Order Granting Debtors' Ex Parte Motion for an Order Suspending Entry and Service of Standard Notice of Commencement (Related Doc # 14) (cas) (Entered: 10/03/2016) |
| 10/03/2016 | 26<br>(2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Gregory M. Gordon (Related Doc # 12) (cas) (Entered: 10/03/2016) |
| 10/03/2016 | 27<br>(2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Dan B. Prieto (Related Doc # 11) (cas) (Entered: 10/03/2016) |
| 10/03/2016 | 28<br>(2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Amanda M. Suzuki (Related Doc 10) (cas) (Entered: 10/03/2016) |
| 10/03/2016 | 29<br>(3 pgs) | Order Granting Debtors' Motion for Entry of an Order (I) Scheduling an Expedited Hearing on First Day Pleadings and (II) Approving the Form and Manner of Limited Notice Thereof (Related Doc # 17) (cas) (Entered: 10/03/2016) |
| | 30 | Notice of Appearance and Request for Notice filed |

| 10/03/2016 | (4 pgs) | by David L. Neale on behalf of Truck Insurance Exchange. (Neale, David) (Entered: 10/03/2016) |
| 10/03/2016 | [31](#) (6 pgs) | Chapter 11 Operating Order. (RE: related document(s)[1](#) Voluntary Petition Under Chapter 11 filed by Debtor Kaiser Gypsum Company, Inc.) (cas) (Entered: 10/03/2016) |
| 10/03/2016 | [32](#) (12 pgs) | Affidavit *Affidavit of Service* (RE: related document(s)[4](#) Motion to Jointly Administer Cases filed by Debtor Kaiser Gypsum Company, Inc., [5](#) Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., [6](#) Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., [7](#) Motion to Incur Debt filed by Debtor Kaiser Gypsum Company, Inc., [8](#) Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., [9](#) Motion to Extend filed by Debtor Kaiser Gypsum Company, Inc., [13](#) Affidavit filed by Debtor Kaiser Gypsum Company, Inc., [14](#) Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., [17](#) Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., [18](#) Notice of Hearing filed by Debtor Kaiser Gypsum Company, Inc.) filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 10/03/2016) |
| 10/03/2016 | [33](#) (4 pgs) | Response *to Debtors' Requests for First-Day Relief* Hearing scheduled for 10/04/2016 at 9:30 AM at 3-LTB-Charlotte Courtroom 1-5 (RE: related document(s)[7](#) Motion to Incur Debt filed by Debtor Kaiser Gypsum Company, Inc.) Filed by Lisa P. Sumner on behalf of First State Insurance Company. (Sumner, Lisa) (Entered: 10/03/2016) |
| 10/03/2016 | [34](#) (4 pgs) | Motion to Appear Pro Hac Vice *(Nancy Manzer)* (Fee Amount $ 276) filed by Lisa P. Sumner on behalf of Lisa P. Sumner. (Sumner, Lisa) (Entered: 10/03/2016) |
| 10/03/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7412810, amount $ 276.00. (U.S. Treasury) (Entered: 10/03/2016) |
| 10/03/2016 | [35](#) (7 pgs) | Motion to Appear Pro Hac Vice *(Craig Goldblatt)* (Fee Amount $ 276) filed by Lisa P. Sumner on behalf of Lisa P. Sumner. (Sumner, Lisa) (Entered: |

| 10/03/2016 | | 10/03/2016) |
|---|---|---|
| 10/03/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7412815, amount $ 276.00. (U.S. Treasury) (Entered: 10/03/2016) |
| 10/03/2016 | [36](#) (4 pgs) | Motion to Appear Pro Hac Vice *(James Ruggeri)* (Fee Amount $ 276) filed by Lisa P. Sumner on behalf of Lisa P. Sumner. (Sumner, Lisa) (Entered: 10/03/2016) |
| 10/03/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7412819, amount $ 276.00. (U.S. Treasury) (Entered: 10/03/2016) |
| 10/03/2016 | [37](#) (4 pgs) | Motion to Appear Pro Hac Vice *(Katherine Hance)* (Fee Amount $ 276) filed by Lisa P. Sumner on behalf of Lisa P. Sumner. (Sumner, Lisa) (Entered: 10/03/2016) |
| 10/03/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7412823, amount $ 276.00. (U.S. Treasury) (Entered: 10/03/2016) |
| 10/04/2016 | [38](#) (2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Nancy Manzer (Related Doc # [34](#)) (cas) (Entered: 10/04/2016) |
| 10/04/2016 | [39](#) (2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Craig Goldblatt (Related Doc # [35](#)) (cas) (Entered: 10/04/2016) |
| 10/04/2016 | [40](#) (2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for James Ruggeri (Related Doc # [36](#)) (cas) (Entered: 10/04/2016) |
| | | Disposition of Hearing Held before the Honorable J. Craig Whitley: (RE: related document(s)[4](#) Motion to Jointly Administer Cases filed by Debtor Kaiser Gypsum Company, Inc. - APPROVED, [5](#) Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc. - APPROVED, [6](#) Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc. - APPROVED WITH CLARIFICATIONS, [8](#) |

| | | |
|---|---|---|
| 10/04/2016 | | Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc. - APPROVED, 9 Motion to Extend filed by Debtor Kaiser Gypsum Company, Inc. - APPROVED). (tes) (Entered: 10/04/2016) |
| 10/04/2016 | | Disposition of Hearing before the Honorable J. Craig Whitley: APPROVED WITH CONDITIONS IN INTERIM; CONTINUED (Number of Times Continued: 1) (RE: related document(s)7 Motion to Incur Debt filed by Debtor Kaiser Gypsum Company, Inc.). Hearing scheduled for 10/24/2016 at 09:30 AM at 3-JCW Courtroom 1-4. (tes) (Entered: 10/04/2016) |
| 10/04/2016 | 41 (1 pg) | Exhibit List for hearing held on October 4, 2016. (tes) (Entered: 10/04/2016) |
| 10/04/2016 | 42 (4 pgs) | Ex Parte Motion to Appear Pro Hac Vice - *David L. Neale on behalf of Truck Insurance Exchange* (Fee Amount $ 276) filed by Joseph W. Grier III on behalf of Truck Insurance Exchange. (Grier, Joseph) (Entered: 10/04/2016) |
| 10/04/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7414228, amount $ 276.00. (U.S. Treasury) (Entered: 10/04/2016) |
| 10/05/2016 | 43 (2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Katherine Hance (Related Doc # 37) (cas) (Entered: 10/05/2016) |
| 10/05/2016 | 44 (1 pg) | Certificate of Service for Chapter 11 Operating Order (RE: related document(s)31 Order (other)) filed by U.S. Bankruptcy Administrator Office . (Scholz, BA) (Entered: 10/05/2016) |
| 10/05/2016 | 45 (1 pg) | 🔊 Courtroom Recording. Court Date & Time [ 10/04/2016 09:08:00 AM ]. (Entered: 10/05/2016) |
| 10/05/2016 | 46 (4 pgs) | Notice of Appearance and Request for Notice filed by Rory D. Whelehan on behalf of Armstrong World Industries, Inc.. (Whelehan, Rory) (Entered: 10/05/2016) |
| 10/05/2016 | 47 | Ex Parte Order Granting Motion to Appear Pro Hac |

| | | |
|---|---|---|
| 10/05/2016 | (2 pgs) | Vice for David L. Neale (Related Doc # 42) (cas) (Entered: 10/05/2016) |
| 10/05/2016 | 48 | Request For Transcript for hearing on DATE: 10/4/2016 by Cheryl Nuccio. (cas) (Entered: 10/05/2016) |
| 10/05/2016 | 49 | Request For Transcript for hearing on DATE: 10/4/2016 by Janice Russell. (cas) (Entered: 10/05/2016) |
| 10/05/2016 | 50 (2 pgs) | Notice of Appearance and Request for Notice filed by Russell W. Roten on behalf of Certain Underwriters Lloyd's, London. (Roten, Russell) (Entered: 10/05/2016) |
| 10/05/2016 | 51 (2 pgs) | BNC Certificate of Mailing (RE: related document (s)19 Notice of Deficient/Defective Filing). No. of Notices: 1. Notice Date 10/05/2016. (Admin.) (Entered: 10/06/2016) |
| 10/06/2016 | 52 (5 pgs) | Notice of Appearance and Request for Notice filed by Hillary B. Crabtree on behalf of Lehigh Hanson, Inc.. (Crabtree, Hillary) (Entered: 10/06/2016) |
| 10/06/2016 | 53 | Transcript for Hearing/Trial held on 10/4/2016. For a copy of the Transcript, contact the Transcriber Cheryl Nuccio, 401 West Trade Street, Room 210, Charlotte, NC. 28202, 704-350-7494. Transcript access will be restricted through 01/4/2017. (Nuccio, Cheryl) (Entered: 10/06/2016) |
| 10/07/2016 | 54 (5 pgs) | Order Directing the Joint Administration of the Debtor's Chapter 11 Cases; Lead case. (Related Doc # 4) (cas) (Entered: 10/07/2016) |
| 10/07/2016 | 55 (3 pgs) | Order Granting Motion (I) Approving the Continued use of their Bank Accounts and Business Forms; and (II) Authorizing the Debtors' Banks to Charge Certain Fees and Other Amounts (Related Doc # 8) (cas) (Entered: 10/07/2016) |
| 10/07/2016 | 56 (5 pgs) | Order Granting the Appointment of Prime Clerk LLC as Notice, Claims and Solicitation Agent as of the Petition Date. (Related Doc # 6) (cas) (Entered: 10/07/2016) |
| | | |

| | | |
|---|---|---|
| 10/07/2016 | [57](#)<br>(3 pgs) | Order Granting Motion (1) Authorizing the Filing of (A) Consolidated Master List of Creditors, (B) Consolidated List of Top Unsecured Creditors and (C) Consolidated List of the Thirty Asbestos Plaintiff Firms with the Largest Number or Scope of Asbestos Cases Against the Debtors; (II) Implementing Certain Notice Procedures for Asbestos Claimants; and (III) Approving the Form and Manner of Notice of Commencement (Related Doc # [5](#)) (cas) (Entered: 10/07/2016) |
| 10/07/2016 | [58](#)<br>(2 pgs) | Order Granting Motion To Extend Time to file Missing Schedules and Statements by 11/14/2016 (Related Doc # [9](#)) Schedule A/B due 11/14/2016. Schedule D due 11/14/2016.Schedule E/F due11/14/2016. Schedule G due 11/14/2016. Schedule H due 11/14/2016. 106/206: Summary of schedules/Statistical Summary due 11/14/2016. Statement of Financial Affairs due 11/14/2016. Declaration due 11/14/2016 Atty Disclosure Statement due 11/14/2016. Exhibit A - Corporation due 11/14/2016 (cas) (Entered: 10/07/2016) |
| 10/07/2016 | [59](#)<br>(1 pg) | Notice of Transcript Filing and of Deadlines Related to Restriction and Redaction. (RE: related document(s)[53](#) Transcript) (cas) (Entered: 10/07/2016) |
| 10/07/2016 | [60](#) | Transcript for Hearing/Trial held on 10/4/2016. For a copy of the Transcript, contact the Transcriber Janice Russell, 1418 Red Fox Circle, Severence, CO. 80550, 757-422-9089. Transcript access will be restricted through 01/5/2017. (Russell, Janice) (Entered: 10/07/2016) |
| 10/07/2016 | [61](#)<br>(3 pgs) | Notice of Appearance and Request for Notice filed by Glenn C. Thompson on behalf of Certain Kaiser Gypsum Claimants. (Thompson, Glenn) (Entered: 10/07/2016) |
| 10/07/2016 | [62](#)<br>(58 pgs; 4 docs) | Motion to Transfer Case To *The United States District Court for The Western District of Washington* filed by Glenn C. Thompson on behalf of Certain Kaiser Gypsum Claimants. Hearing scheduled for 10/24/2016 at 09:30 AM at 3-JCW Courtroom 1-4. (Attachments: # [1](#) Exhibit A-D # [2](#) Notice of Hearing # [3](#) Certificate of Service) (Thompson, Glenn) (Entered: 10/07/2016) |

| | | |
|---|---|---|
| 10/09/2016 | [63](#)<br>(2 pgs) | BNC Certificate of Mailing (RE: related document(s)[59](#) Order (other)). No. of Notices: 5. Notice Date 10/09/2016. (Admin.) (Entered: 10/10/2016) |
| 10/10/2016 | [64](#)<br>(6 pgs) | Amended Notice of Hearing *Amended to Reflect Objection Deadline* (RE: related document(s)[62](#) Motion to Transfer Case filed by Creditor Certain Kaiser Gypsum Claimants) filed by Glenn C. Thompson on behalf of Certain Kaiser Gypsum Claimants. Hearing scheduled for 10/24/2016 at 09:30 AM at 3-JCW Courtroom 1-4. (Thompson, Glenn) (Entered: 10/10/2016) |
| 10/10/2016 | [65](#)<br>(4 pgs) | Certificate of Service *Amended Certificate of Service* (RE: related document(s)[62](#) Motion to Transfer Case filed by Creditor Certain Kaiser Gypsum Claimants) filed by Glenn C. Thompson on behalf of Certain Kaiser Gypsum Claimants. (Thompson, Glenn) (Entered: 10/10/2016) |
| 10/11/2016 | [66](#)<br>(1 pg) | Notice of Transcript Filing and of Deadlines Related to Restriction and Redaction. (RE: related document(s)[60](#) Transcript) (cas) (Entered: 10/11/2016) |
| 10/11/2016 | [67](#)<br>(5 pgs) | Request for Notice. (eDkt) (Entered: 10/11/2016) |
| 10/11/2016 | [68](#)<br>(37 pgs; 2 docs) | Motion *Joint Application of the Debtors and Proposed Official Committee of Asbestos Personal Injury Claimants for an Order Appointing Lawrence Fitzpatrick as Legal Representative for Future Asbestos Claimants*. filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. Hearing scheduled for 10/18/2016 at 09:30 AM at 3-JCW Courtroom 1-4. (Attachments: # [1](#) Notice of Hearing) (Miller, John) (Entered: 10/11/2016) |
| 10/11/2016 | [69](#)<br>(18 pgs; 2 docs) | Motion *Joint Motion of Debtors and Proposed Official Committee of Asbestos Personal Injury Claimants for an Order Appointing Official Committee of Asbestos Personal Injury Claimants*. filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. Hearing scheduled for 10/18/2016 at 09:30 AM at 3-JCW Courtroom 1-4. (Attachments: # [1](#) Notice of Hearing) (Miller, John) (Entered: 10/11/2016) |

| | | |
|---|---|---|
| 10/11/2016 | [70](#)<br>(4 pgs) | Ex Parte Motion to Shorten Notice (RE: related document(s)[68](#) Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., [69](#) Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc.) filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 10/11/2016) |
| 10/12/2016 | [71](#)<br>(3 pgs) | Notice of Appearance and Request for Notice filed by Robert H. Pryor on behalf of Ford Motor Company. (Pryor, Robert) (Entered: 10/12/2016) |
| 10/12/2016 | [72](#)<br>(6 pgs) | Motion to Appear Pro Hac Vice -- *K. Elizabeth Sieg for Ford Motor Company* (Fee Amount $ 276) filed by Robert H. Pryor on behalf of Ford Motor Company. (Pryor, Robert) (Entered: 10/12/2016) |
| 10/12/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7423212, amount $ 276.00. (U.S. Treasury) (Entered: 10/12/2016) |
| 10/12/2016 | [73](#)<br>(5 pgs; 3 docs) | Motion to Appear Pro Hac Vice *for Jeff D. Kahane* (Fee Amount $ 276) filed by Russell W. Roten on behalf of Certain Underwriters Lloyd's, London. (Attachments: # [1](#) Affidavit of Jeff Kahane # [2](#) Proposed Order) (Roten, Russell) (Entered: 10/12/2016) |
| 10/12/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7423854, amount $ 276.00. (U.S. Treasury) (Entered: 10/12/2016) |
| 10/12/2016 | [74](#)<br>(5 pgs; 3 docs) | Motion to Appear Pro Hac Vice *of Brian A. Kelly* (Fee Amount $ 276) filed by Russell W. Roten on behalf of Certain Underwriters Lloyd's, London. (Attachments: # [1](#) Affidavit of Brian A. Kelly # [2](#) Proposed Order) (Roten, Russell) (Entered: 10/12/2016) |
| 10/12/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7423857, amount $ 276.00. (U.S. Treasury) (Entered: 10/12/2016) |
| 10/13/2016 | [75](#)<br>(2 pgs) | Ex Parte Order Granting Motion to Shorten Notice (Related Doc # [70](#)) (cas) (Entered: 10/13/2016) |

| | | |
|---|---|---|
| 10/13/2016 | [76](#)<br>(2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice (Related Doc # [72](#)) (cas) (Entered: 10/13/2016) |
| 10/13/2016 | [77](#)<br>(4 pgs) | Motion to Appear Pro Hac Vice *for Natalie D. Ramsey* (Fee Amount $ 276) filed by Glenn C. Thompson on behalf of Certain Kaiser Gypsum Claimants. (Thompson, Glenn) (Entered: 10/13/2016) |
| 10/13/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7425618, amount $ 276.00. (U.S. Treasury) (Entered: 10/13/2016) |
| 10/13/2016 | [78](#)<br>(4 pgs) | Motion to Appear Pro Hac Vice *for Mark A. Fink* (Fee Amount $ 276) filed by Glenn C. Thompson on behalf of Certain Kaiser Gypsum Claimants. (Thompson, Glenn) (Entered: 10/13/2016) |
| 10/13/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7425628, amount $ 276.00. (U.S. Treasury) (Entered: 10/13/2016) |
| 10/13/2016 | [79](#)<br>(4 pgs) | Motion to Appear Pro Hac Vice *for Laurie A. Krepto* (Fee Amount $ 276) filed by Glenn C. Thompson on behalf of Certain Kaiser Gypsum Claimants. (Thompson, Glenn) (Entered: 10/13/2016) |
| 10/13/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7425632, amount $ 276.00. (U.S. Treasury) (Entered: 10/13/2016) |
| 10/13/2016 | [81](#)<br>(2 pgs) | BNC Certificate of Mailing (RE: related document (s)[66](#) Order (other)). No. of Notices: 5. Notice Date 10/13/2016. (Admin.) (Entered: 10/14/2016) |
| 10/14/2016 | [82](#)<br>(58 pgs) | Interim Order Granting Motion (I) Authorizing Them to Obtain Post Petition Financing on a Superpriority, Secured Basis, (II) Granting Liens and Superpriority Claims, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing (Related Doc # [7](#)) (cas) (Entered: 10/14/2016) |
| | | |

| | | |
|---|---|---|
| 10/14/2016 | [83](#)<br>(5 pgs) | Responses to Creditors' Committee Notice (RE: related document(s)[21](#) BA Notice to 20 Largest Unsecured Creditors) filed by U.S. Bankruptcy Administrator Office . (Scholz, BA) (Entered: 10/14/2016) |
| 10/14/2016 | [84](#)<br>(1 pg) | Order Appointing Unsecured Creditors Committee. (cas) (Entered: 10/14/2016) |
| 10/14/2016 | [85](#)<br>(1 pg) | Certificate of Service (RE: related document(s)[84](#) Order Appointing Creditors Committee) filed by U.S. Bankruptcy Administrator Office . (Scholz, BA) (Entered: 10/14/2016) |
| 10/14/2016 | [86](#)<br>(2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Natalie D. Ramsey (Related Doc # [77](#)) (cas) (Entered: 10/14/2016) |
| 10/14/2016 | [87](#)<br>(2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Mark A. Fink (Related Doc # [78](#)) (cas) (Entered: 10/14/2016) |
| 10/14/2016 | [88](#)<br>(2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Laurie A. Krepto (Related Doc [79](#)) (cas) (Entered: 10/14/2016) |
| | [89](#)<br>(8 pgs) | Certificate of Service *of Michael Callo Regarding Order Granting Debtors Ex Parte Motion for Order Suspending Entry and Service of Standard Notice of Commencement, Chapter 11 Operating Order, Order Directing the Joint Administration of the Debtors Chapter 11 Cases, Order: (I) Approving the Continued Use of the Debtors Bank Accounts and Business Forms; and (II) Authorizing the Debtors Banks to Charge Certain Fees and Other Amounts, Order Appointing Prime Clerk LLC as Notice, Claims and Solicitation Agent, Order: (I) Authorizing the Filing of (A) Consolidated Master List of Creditors, (B) Consolidated List of Top Unsecured Creditors and (C) Consolidated List of the Thirty Asbestos Plaintiff Firms with the Largest Number or Scope of Asbestos Cases against the Debtors; (II) Implementing Certain Notice Procedures for Asbestos Claimants; and (III) Approving the Form and Manner of Notice of Commencement and Order Extending the Time within which the Debtors Must File Their Schedules and Statements of Financial Affairs* (RE: related |

| | | |
|---|---|---|
| 10/14/2016 | | document(s)25 Order on Motion (Other), 31 Order (other), 54 Order on Motion to Jointly AdministerCases, 55 Order on Motion (Other), 56 Order on Motion (Other), 57 Order on Motion (Other), 58 Order on Motion to Extend) filed by Heather L Aaronson on behalf of Prime Clerk LLC. (Aaronson, Heather) (Entered: 10/14/2016) |
| 10/14/2016 | 90 (7 pgs) | Certificate of Service *of Michael Callo Regarding Joint Application of the Debtors and Proposed Official Committee of Asbestos Personal Injury Claimants for an Order Appointing Lawrence Fitzpatrick as Legal Representative for Future Asbestos Claimants, Joint Motion of Debtors and Proposed Official Committee of Asbestos Personal Injury Claimants for an Order Appointing Official Committee of Asbestos Personal Injury Claimants, and Ex Parte Motion for Order Shortening Notice* (RE: related document(s)68 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., 69 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., 70 Motion to Shorten Notice filed by Debtor Kaiser Gypsum Company, Inc.) filed by Heather L Aaronson on behalf of Prime Clerk LLC. (Aaronson, Heather) (Entered: 10/14/2016) |
| 10/14/2016 | 91 (58 pgs) | Notice of Hearing *Notice of Final Hearing on the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Them to Obtain Postpetition Financing on a Superpriority, Secured Basis, (II) Granting Liens and Superpriority Claims, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing* (RE: related document(s)7 Motion to Incur Debt filed by Debtor Kaiser Gypsum Company, Inc.) filed by Shelley Koon Abel on behalf of Kaiser Gypsum Company, Inc.. Hearing scheduled for 10/24/2016 at 09:30 AM at 3-JCW Courtroom 1-4. (Abel, Shelley) (Entered: 10/14/2016) |
| 10/17/2016 | 92 (2 pgs) | *Notice of Proposed Agenda of Matters Scheduled for Hearing on Tuesday, October 18, 2016 at 9:30 am* filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 10/17/2016) |
| | 93 (15 pgs) | Notice To Take Deposition *30(b)(6) of Debtors* filed by Glenn C. Thompson on behalf of Certain Kaiser Gypsum Claimants. (Thompson, Glenn) (Entered: |

| 10/17/2016 | | 10/17/2016) |
|---|---|---|
| 10/18/2016 | | Disposition of Hearing Held before the Honorable J. Craig Whitley: (RE: related document(s)68 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc. - APPROVED, 69 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc. - APPROVED). (cas) (Entered: 10/18/2016) |
| 10/18/2016 | 94 (3 pgs) | Notice of Appearance and Request for Notice filed by Douglas R. Pahl on behalf of Owens Corning. (Pahl, Douglas) (Entered: 10/18/2016) |
| 10/18/2016 | 95 (7 pgs) | Motion to Appear Pro Hac Vice *Motion for Admission Pro Hac Vice for Basheer Ghorayeb* (Fee Amount $ 276) filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 10/18/2016) |
| 10/18/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7430874, amount $ 276.00. (U.S. Treasury) (Entered: 10/18/2016) |
| 10/18/2016 | 96 (7 pgs) | Certificate of Service *of Michael Callo Regarding Order Shortening Notice* (RE: related document(s) 75 Order on Motion to Shorten Notice) filed by Heather L Aaronson on behalf of Prime Clerk LLC. (Aaronson, Heather) (Entered: 10/18/2016) |
| | 97 (3 pgs) | Certificate of Service *(Supplemental) of Michael Callo Regarding First Day Motions, Applications and Orders, Notice of Expedited Hearing on First Day Pleadings and Declaration of Charles E. McChesney II* (RE: related document(s)4 Motion to Jointly Administer Cases filed by Debtor Kaiser Gypsum Company, Inc., 5 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., 6 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., 7 Motion to Incur Debt filed by Debtor Kaiser Gypsum Company, Inc., 8 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., 9 Motion to Extend filed by Debtor Kaiser Gypsum Company, Inc., 13 Affidavit filed by Debtor Kaiser Gypsum Company, Inc., 14 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., 17 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., 18 Notice of Hearing filed by Debtor Kaiser Gypsum |

| | | |
|---|---|---|
| 10/18/2016 | | Company, Inc., 25 Order on Motion (Other), 31 Order (other), 54 Order on Motion to Jointly AdministerCases, 55 Order on Motion (Other), 56 Order on Motion (Other), 57 Order on Motion (Other), 58 Order on Motion to Extend, 68 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., 69 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., 70 Motion to Shorten Notice filed by Debtor Kaiser Gypsum Company, Inc.) filed by Heather L Aaronson on behalf of Prime Clerk LLC. (Aaronson, Heather) (Entered: 10/18/2016) |
| 10/19/2016 | 98 (2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Basheer Ghorayeb (Related Doc # 95) (cas) (Entered: 10/19/2016) |
| 10/19/2016 | 99 (4 pgs) | Order Granting Motion Appointing Lawrence Fitzpatrick as Legal Representative for Future Asbestos Claimants (Related Doc # 68) (cas) (Entered: 10/19/2016) |
| 10/19/2016 | 100 (4 pgs) | Order Granting Motion Appointing Official Committee of Asbestos Personal Injury Claimants (Related Doc # 69) (cas) (Entered: 10/19/2016) |
| 10/19/2016 | 101 (4 pgs) | Notice of Substitution of Counsel filed by Christine L. Myatt on behalf of New England Reinsurance Corporation, First State Insurance Company. (Myatt, Christine) (Entered: 10/19/2016) |
| 10/19/2016 | 102 (5 pgs) | Motion to Appear Pro Hac Vice *of Brad A. Berish* (Fee Amount $ 276) filed by Holmes P. Harden on behalf of Allstate Insurance Company. (Harden, Holmes) (Entered: 10/19/2016) |
| 10/19/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7431939, amount $ 276.00. (U.S. Treasury) (Entered: 10/19/2016) |
| 10/19/2016 | 103 (1 pg) | 🔊 Courtroom Recording. Court Date & Time [ 10/18/2016 09:21:52 AM ]. (Entered: 10/19/2016) |
| | 104 (14 pgs; 2 docs) | Objection to Other Document (RE: related document (s)62 Motion to Transfer Case filed by Creditor Certain Kaiser Gypsum Claimants) filed by Russell |

| 10/19/2016 | | W. Roten on behalf of Certain Underwriters Lloyd's, London. (Attachments: # 1 Certificate of Service) (Roten, Russell) (Entered: 10/19/2016) |
| 10/19/2016 | 105 (17 pgs) | Objection to Other Document (RE: related document(s)62 Motion to Transfer Case filed by Creditor Certain Kaiser Gypsum Claimants) filed by Christine L. Myatt on behalf of First State Insurance Company, New England Reinsurance Corporation. Hearing scheduled for 10/24/2016 at 09:30 AM at 3-JCW Courtroom 1-4. (Myatt, Christine) (Entered: 10/19/2016) |
| 10/19/2016 | 106 (3 pgs) | *Notice of Appearance* filed by Lisa P. Sumner on behalf of Westchester Fire Insurance Company, Fireman's Fund Insurance Company, Allianz Underwriters Insurance Company f/k/a Allianz Underwriters Inc.. (Sumner, Lisa) (Entered: 10/19/2016) |
| 10/19/2016 | 107 (4 pgs) | Notice of Appearance and Request for Notice filed by Holmes P. Harden on behalf of Allstate Insurance Company. (Harden, Holmes) (Entered: 10/19/2016) |
| 10/19/2016 | 108 (3 pgs) | *Notice of Appearance* filed by Kristen P. Miller on behalf of Allianz Underwriters Insurance Company f/k/a Allianz Underwriters Inc., Fireman's Fund Insurance Company, Westchester Fire Insurance Company. (Miller, Kristen) (Entered: 10/19/2016) |
| 10/19/2016 | 109 (4 pgs) | Motion to Appear Pro Hac Vice *of Mark D. Plevin* (Fee Amount $ 276) filed by Lisa P. Sumner on behalf of Allianz Underwriters Insurance Company f/k/a Allianz Underwriters Inc., Fireman's Fund Insurance Company, Westchester Fire Insurance Company. (Sumner, Lisa) (Entered: 10/19/2016) |
| 10/19/2016 | 110 (8 pgs) | Motion to Continue/Reschedule Hearing (RE: related document(s)62 Motion to Transfer Case filed by Creditor Certain Kaiser Gypsum Claimants) filed by Rory D. Whelehan on behalf of Armstrong World Industries, Inc.. (Whelehan, Rory) (Entered: 10/19/2016) |
| 10/19/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7432587, amount $ 276.00. (U.S. Treasury) (Entered: 10/19/2016) |

| | | |
|---|---|---|
| 10/19/2016 | [111](#)<br>(33 pgs) | Ex Parte Application w/Affidavit to Employ Attorney *Young Conaway Stargatt & Taylor, LLP* filed by Felton Parrish on behalf of Lawrence Fitzpatrick. (Parrish, Felton) (Entered: 10/19/2016) |
| 10/19/2016 | [112](#)<br>(7 pgs) | Ex Parte Motion to Shorten Notice (RE: related document(s)[110](#) Motion to Continue/Reschedule Hearing filed by Creditor Armstrong World Industries, Inc.) filed by Rory D. Whelehan on behalf of Armstrong World Industries, Inc.. (Whelehan, Rory) (Entered: 10/19/2016) |
| 10/19/2016 | [113](#)<br>(25 pgs) | Ex Parte Application w/Affidavit to Employ Attorney *Hull & Chandler, P.A.* filed by Felton Parrish on behalf of Lawrence Fitzpatrick. (Parrish, Felton) (Entered: 10/19/2016) |
| 10/19/2016 | [114](#)<br>(22 pgs) | Ex Parte Application w/Affidavit to Employ Professional *Ankura Consulting Group, LLC* filed by Felton Parrish on behalf of Lawrence Fitzpatrick. (Parrish, Felton) (Entered: 10/19/2016) |
| 10/19/2016 | [115](#)<br>(4 pgs) | Motion to Appear Pro Hac Vice *of Tacie H. Yoon* (Fee Amount $ 276) filed by Lisa P. Sumner on behalf of Allianz Underwriters Insurance Company f/k/a Allianz Underwriters Inc., Fireman's Fund Insurance Company, Westchester Fire Insurance Company. (Sumner, Lisa) (Entered: 10/19/2016) |
| 10/19/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7432635, amount $ 276.00. (U.S. Treasury) (Entered: 10/19/2016) |
| 10/19/2016 | [116](#)<br>(4 pgs) | Motion to Appear Pro Hac Vice *of Belinda Y. Liu* (Fee Amount $ 276) filed by Lisa P. Sumner on behalf of Allianz Underwriters Insurance Company f/k/a Allianz Underwriters Inc., Fireman's Fund Insurance Company, Westchester Fire Insurance Company. (Sumner, Lisa) (Entered: 10/19/2016) |
| 10/19/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7432661, amount $ 276.00. (U.S. Treasury) (Entered: 10/19/2016) |
| | [117](#)<br>(9 pgs) | Certificate of Service *of Ian Stern Regarding Interim Order (I) Authorizing the Debtors to Obtain Post* |

| | | |
|---|---|---|
| 10/19/2016 | | *Petition Financing on a Superpriority, Secured Basis, (II) Granting Liens and Superpriority Claims, (111) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing, and Notice of Final Hearing on the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Them to Obtain Postpetition Financing on a Superpriority, Secured Basis, (11) Granting Liens and Superpriority Claims, (111) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing* (RE: related document(s)82 Order on Motion to Incur Debt, 91 Notice of Hearing filed by Debtor Kaiser Gypsum Company, Inc.) filed by Heather L Aaronson on behalf of Prime Clerk LLC. (Aaronson, Heather) (Entered: 10/19/2016) |
| 10/19/2016 | 118 (8 pgs) | Motion to Continue/Reschedule Hearing (RE: related document(s)7 Motion to Incur Debt filed by Debtor Kaiser Gypsum Company, Inc.) filed by Rory D. Whelehan on behalf of Armstrong World Industries, Inc.. (Whelehan, Rory) (Entered: 10/19/2016) |
| 10/19/2016 | 119 (7 pgs) | Ex Parte Motion to Shorten Notice (RE: related document(s)118 Motion to Continue/Reschedule Hearing filed by Creditor Armstrong World Industries, Inc.) filed by Rory D. Whelehan on behalf of Armstrong World Industries, Inc.. (Whelehan, Rory) (Entered: 10/19/2016) |
| 10/19/2016 | 120 (5 pgs; 3 docs) | Motion to Appear Pro Hac Vice *of Philip R. Matthews* (Fee Amount $ 276) filed by Russell W. Roten on behalf of Certain Underwriters Lloyd's, London. (Attachments: # 1 Affidavit of Philip Matthews # 2 Proposed Order) (Roten, Russell) (Entered: 10/19/2016) |
| 10/19/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7432883, amount $ 276.00. (U.S. Treasury) (Entered: 10/19/2016) |
| 10/20/2016 | 121 (2 pgs) | Order Granting Motion to Appear Pro Hac Vice for Mark D. Plevin. (Related Doc # 109) (tes) (Entered: 10/20/2016) |
| | 122 (1 pg) | Order Granting Motion to Appear Pro Hac Vice of Brad A. Berish (Related Doc # 102) (tes) (Entered: |

| 10/20/2016 | | 10/20/2016) |
|---|---|---|
| 10/20/2016 | [123](#) (2 pgs) | Order Granting Ex Parte Motion to Shorten Notice (Related Doc # [112](#)) (tes) (Entered: 10/20/2016) |
| 10/20/2016 | [124](#) (2 pgs) | Order Granting Ex Parte Motion to Shorten Notice (Related Doc # [119](#)) (tes) (Entered: 10/20/2016) |
| 10/20/2016 | [125](#) (3 pgs) | Ex Parte Order Granting Application to Employ Young Conaway Stargatt & Taylor, LLP, as Attorney for the Future Claimants' Representative (Related Doc # [111](#)) (tes) (Entered: 10/20/2016) |
| 10/20/2016 | [126](#) (3 pgs) | Ex Parte Order Granting Application to Employ Hull & Chandler, P.A. as Attorney for Future Claimants' Representative (Related Doc # [113](#)) (tes) (Entered: 10/20/2016) |
| 10/20/2016 | [127](#) (3 pgs) | Ex Parte Order Granting Application to Employ Ankura Consulting Group, LLC, as Claims Evaluation Consultants (Related Doc # [114](#)) (tes) (Entered: 10/20/2016) |
| 10/20/2016 | [128](#) (31 pgs) | Response *Debtors' Objection to Motion of Certain Claimants to Transfer Venue* Hearing scheduled for 10/24/2016 at 9:30 AM at 3-JCW-Charlotte Courtroom 1-410/24/2016 (RE: related document(s) [62](#) Motion to Transfer Case filed by Creditor Certain Kaiser Gypsum Claimants) Filed by Shelley Koon Abel on behalf of Kaiser Gypsum Company, Inc.. (Abel, Shelley) (Entered: 10/20/2016) |
| 10/20/2016 | [129](#) (2 pgs) | Order Granting Motion to Appear Pro Hac Vice of Tacie H. Yoon (Related Doc # [115](#)) (tes) (Entered: 10/20/2016) |
| 10/20/2016 | [130](#) (2 pgs) | Order Granting Motion to Appear Pro Hac Vice of Belinda Y. Liu (Related Doc # [116](#)) (tes) (Entered: 10/20/2016) |
| 10/20/2016 | [131](#) (8 pgs) | Ex Parte Motion to Appear Pro Hac Vice *of Edwin J. Harron* (Fee Amount $ 276) filed by Felton Parrish on behalf of Lawrence Fitzpatrick. (Parrish, Felton) (Entered: 10/20/2016) |
| | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number |

| | | |
|---|---|---|
| 10/20/2016 | | 7433807, amount $ 276.00. (U.S. Treasury) (Entered: 10/20/2016) |
| 10/20/2016 | [132](#) (32 pgs) | Ex Parte Application w/Affidavit to Employ Attorney *Ex Parte Application to Employ Rayburn Cooper & Durham, P.A. as Co-Counsel for Debtors and Debtors-in-Possession as of the Petition Date* filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 10/20/2016) |
| 10/20/2016 | [133](#) (3 pgs) | Notice of Appearance and Request for Notice filed by Alan D. Smith on behalf of The Boeing Company. (Smith, Alan) (Entered: 10/20/2016) |
| 10/20/2016 | [134](#) (3 pgs) | *Verified Statement of Perkins Coie LLP Pursuant to Bankruptcy Rule 2019* filed by Douglas R. Pahl on behalf of Perkins Coie LLP. (Pahl, Douglas) (Entered: 10/20/2016) |
| 10/20/2016 | [135](#) (60 pgs) | Ex Parte Application w/Affidavit to Employ Attorney *Debtors' Ex Parte Application for an Order Authorizing Them to Retain and Employ Jones Day as Counsel as of the Petition Date* filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 10/20/2016) |
| 10/20/2016 | [136](#) (64 pgs) | Ex Parte Application w/Affidavit to Employ Professional *Debtors' Ex Parte Application to Retain and Employ PricewaterhouseCoopers LLP as Financial Advisors as of the Petition Date* filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 10/20/2016) |
| 10/20/2016 | [137](#) (4 pgs) | Response *Joinder in Objection to Motion to Transfer Venue* Hearing scheduled for 10/24/2016 at 9:30 AM at 3-JCW-Charlotte Courtroom 1-410/24/2016 (RE: related document(s)[62](#) Motion to Transfer Case filed by Creditor Certain Kaiser Gypsum Claimants) Filed by Lisa P. Sumner on behalf of Allianz Underwriters Insurance Company f/k/a Allianz Underwriters Inc.. (Sumner, Lisa) (Entered: 10/20/2016) |
| | [138](#) (36 pgs) | Ex Parte Application w/Affidavit to Employ Attorney *Ex Parte Application to Retain and Employ Caplin & Drysdale, Chartered as Counsel to the Official Committee of Asbestos Personal Injury* |

| | | |
|---|---|---|
| 10/20/2016 | | *Claimants* filed by John David Hurst on behalf of Official Committee of Asbestos Personal Injury Claimants. (Hurst, John) (Entered: 10/20/2016) |
| 10/21/2016 | [139](#) (2 pgs) | Ex Parte Order Granting Application to Employ Attorney - Rayburn Cooper & Durham, P.A. as of the Petition Date (Related Doc # [132](#)) (cas) (Entered: 10/21/2016) |
| 10/21/2016 | [140](#) (2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice of Edwin J. Harron (Related Doc # [131](#)) (cas) (Entered: 10/21/2016) |
| 10/21/2016 | [141](#) (3 pgs) | Amended Notice To Take Deposition *30(b)(6) of Debtors* filed by Glenn C. Thompson on behalf of Certain Kaiser Gypsum Claimants. (Thompson, Glenn) (Entered: 10/21/2016) |
| 10/21/2016 | [142](#) (3 pgs) | Notice of Appearance and Request for Notice filed by Kristie Carevich Elliott on behalf of King County. (Elliott, Kristie) (Entered: 10/21/2016) |
| 10/21/2016 | [143](#) (2 pgs) | Order Granting Motion to Continue/Reschedule Hearing (Related Doc # [118](#)) Hearing scheduled for 11/3/2016 at 09:30 AM at 3-JCW Courtroom 1-4. (cas) (Entered: 10/21/2016) |
| 10/21/2016 | [144](#) (2 pgs) | Order Granting Motion to Continue/Reschedule Hearing (Related Doc # [110](#)) Hearing scheduled for 11/3/2016 at 09:30 AM at 3-JCW Courtroom 1-4. (cas) (Entered: 10/21/2016) |
| 10/21/2016 | [145](#) (3 pgs) | Ex Parte Order Granting Application to Employ Attorney Jones Day as of the Petition Date (Related Doc # [135](#)) (cas) (Entered: 10/21/2016) |
| 10/21/2016 | [146](#) (3 pgs) | Ex Parte Order Granting Application to Employ Professional - PricewaterhouseCoopers LLP as Financial Advisors as of the Petition Date (Related Doc # [136](#)) (cas) (Entered: 10/21/2016) |
| 10/21/2016 | [147](#) (1 pg) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Phillip R. Matthews (Related Doc # [120](#)) (cas) (Entered: 10/21/2016) |
| | [148](#) (1 pg) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Jeff D. Kahane (Related Doc # [73](#)) (cas) |

| 10/21/2016 | | (Entered: 10/21/2016) |
|---|---|---|
| 10/21/2016 | [149](#)<br>(1 pg) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Brian A. Kelly (Related Doc # [74](#)) (cas) (Entered: 10/21/2016) |
| 10/21/2016 | [150](#)<br>(2 pgs) | Ex Parte Order Granting Application to Employ Attorney Caplin & Drysdale, Chartered (Related Doc # [138](#)) (cas) (Entered: 10/21/2016) |
| 10/21/2016 | 151 | Request For Transcript for hearing on DATE: 10/18/2016 by Ilene Watson. (cas) (Entered: 10/21/2016) |
| 10/21/2016 | [152](#)<br>(5 pgs) | Response *Joinder in Responses filed in opposition to Motion to Transfer Venue* Hearing scheduled for 11/03/2016 at 9:30 AM at 3-JCW-Charlotte Courtroom 1-4 (RE: related document(s)[62](#) Motion to Transfer Case filed by Creditor Certain Kaiser Gypsum Claimants) Filed by Brad A Berish on behalf of Allstate Insurance Company. (Berish, Brad) (Entered: 10/21/2016) |
| 10/21/2016 | [153](#)<br>(2 pgs) | *Joint Notice of Chapter 11 Bankruptcy Cases* (RE: related document(s)[1](#) Voluntary Petition Under Chapter 11 filed by Debtor Kaiser Gypsum Company, Inc.) filed by Shelley Koon Abel on behalf of Kaiser Gypsum Company, Inc.. (Abel, Shelley) (Entered: 10/21/2016) |
| 10/21/2016 | [154](#)<br>(1 pg) | Attorney Disclosure Statement (RE: related document(s)[58](#) Order on Motion to Extend) filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 10/21/2016) |
| 10/21/2016 | [155](#)<br>(4 pgs) | *Notice of Proposed Agenda of Matters Scheduled for Hearing on Monday, October 24, 2016 at 9:30 am* filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 10/21/2016) |
| 10/21/2016 | [156](#)<br>(5 pgs) | Certificate of Service (RE: related document(s)[150](#) Order on Application to Employ) filed by John David Hurst on behalf of Official Committee of Asbestos Personal Injury Claimants. (Hurst, John) (Entered: 10/21/2016) |
| | | |

| | 157 | Transcript for Hearing/Trial held on 10/18/2016. For a copy of the Transcript, contact the Transcriber Janice Russell, 1418 Red Fox Circle, Severence, CO. 80550, 757-422-9089. Transcript access will be restricted through 01/20/2017. (Russell, Janice) (Entered: 10/22/2016) |
| 10/22/2016 | | |
| | 158 (9 pgs) | Certificate of Service *of Docket Nos. 111, 113, 114, 125, 126, and 127* filed by Felton Parrish on behalf of Lawrence Fitzpatrick. (Parrish, Felton). CORRECTIVE ENTRY: Docket text changed to include - Related document(s) 111 Ex Parte Application w/Affidavit to Employ Attorney *Young Conaway Stargatt & Taylor, LLP* filed by Interested Party Lawrence Fitzpatrick, 113 Ex Parte Application w/Affidavit to Employ Attorney *Hull & Chandler, P.A.* filed by Interested Party Lawrence Fitzpatrick, 114 Ex Parte Application w/Affidavit to Employ Professional *Ankura Consulting Group, LLC* filed by Interested Party Lawrence Fitzpatrick, 125 Order on Application to Employ, 126 Order on Application to Employ, 127 Order on Application to Employ. Modified on 10/25/2016 (cas). (Entered: 10/24/2016) |
| 10/24/2016 | | |
| | | Disposition of Hearing before the Honorable J. Craig Whitley: CONTINUED - NO HEARING HELD (RE: related document(s)7 Motion to Incur Debt filed by Debtor Kaiser Gypsum Company, Inc., 62 Motion to Transfer Case filed by Creditor Certain Kaiser Gypsum Claimants). Hearing scheduled for 11/3/2016 at 09:30 AM at 3-JCW Courtroom 1-4. (cas) (Entered: 10/24/2016) |
| 10/24/2016 | | |
| | 159 (7 pgs) | Certificate of Service *Of Hassan Alli-Balogun Regarding Order Appointing Lawrence Fitzpatrick as Legal Representative for Future Claimants and Order Appointing Official Committee of Asbestos Personal Injury Claimants* (RE: related document(s) 99 Order on Motion (Other), 100 Order on Motion (Other)) filed by Heather L Aaronson on behalf of Prime Clerk LLC. (Aaronson, Heather) (Entered: 10/24/2016) |
| 10/24/2016 | | |
| | 160 (2 pgs) | Amendment to *Joint Notice of Chapter 11 Bankruptcy Cases* (RE: related document(s)153 Other Document filed by Debtor Kaiser Gypsum Company, Inc.) filed by Shelley Koon Abel on behalf of Kaiser Gypsum Company, Inc.. (Abel, |

| 10/25/2016 | | Shelley) (Entered: 10/25/2016) |
|---|---|---|
| 10/25/2016 | [161](link) (2 pgs) | Notice of Appearance and Request for Notice filed by Jeff D. Kahane on behalf of Certain Underwriters Lloyd's, London. (Kahane, Jeff) (Entered: 10/25/2016) |
| 10/25/2016 | [162](link) (3 pgs) | Notice of Appearance and Request for Notice filed by D. Kyle Deak on behalf of Associated International Insurance Company, TIG Insurance Company (formerly known as Transamerica Company and as successor by merger to International Insurance Company). (Deak, D.) (Entered: 10/25/2016) |
| 10/26/2016 | [163](link) (19 pgs; 2 docs) | Motion*Debtors' Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*. filed by Shelley Koon Abel on behalf of Kaiser Gypsum Company, Inc.. Hearing scheduled for 11/3/2016 at 09:30 AM at 3-JCW Courtroom 1-4. (Attachments: # [1](link) Notice of Hearing) (Abel, Shelley) (Entered: 10/26/2016) |
| 10/26/2016 | [164](link) (4 pgs) | Motion to Shorten Notice (RE: related document(s) [163](link) Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc.) filed by Shelley Koon Abel on behalf of Kaiser Gypsum Company, Inc.. (Abel, Shelley) (Entered: 10/26/2016) |
| | [165](link) (49 pgs) | Certificate of Service *of Ian Stern Regarding Order Shortening Notice regarding Motion of Unsecured Creditors Committee to Continue Hearing on Motion of Certain Kaiser Gypsum Claimants to Transfer Chapter 11 Cases to the United States District Court for the Western District of Washington, Order Shortening Notice regarding Motion of Unsecured Creditors Committee to Continue Final Hearing on Debtors Motion for Entry of Interim and Final Orders (I) Authorizing Them to Obtain Postpetition Financing on Superpriority, Secured Basis, (II) Granting Liens and Superpriority Claims, (III) Modifying the Automatic Stay, and (IV) Scheduling Final Hearing, Debtors' Objection to Motion of Certain Claimants to Transfer Venue, Ex Parte Application to Employ Rayburn Cooper & Durham, P.A. as Co-Counsel for Debtors and Debtors-in-Possession as of the Petition Date, Debtors Ex Parte* |

*Application for an Order Authorizing Them to Retain and Employ Jones Day as Counsel as of the Petition Date, Debtors Ex Parte Application to Retain and Employ PricewaterhouseCoopers LLP as Financial Advisors as of the Petition Date, Ex Parte Order Approving Employment of Rayburn Cooper & Durham, P.A. as Attorneys for Debtors and Debtors-in-Possession as of the Petition Date, Order Granting Motion of Unsecured Creditors Committee, By and Through Its Constituent Members, to Continue Final Hearing on Debtors Motion for Entry of Interim and Final Orders (I) Authorizing Them to Obtain Postpetition Financing on Superpriority, Secured Basis, (II) Granting Liens and Superpriority Claims, (III) Modifying the Automatic Stay, and (IV) Scheduling Final Hearing, Order Granting Motion of Unsecured Creditors Committee, By and Through Its Constituent Members, to Continue Hearing on Motion of Certain Kaiser Gypsum Claimants to Transfer Chapter 11 Cases to the United States District Court for the Western District of Washington, Ex Parte Order Authorizing the Debtors to Retain and Employ Jones Day as Counsel as of the Petition Date, Ex Parte Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Financial Advisors as of the Petition Date, Notice of Commencement and Notice of Proposed Agenda of Matters Scheduled for Hearing on Monday, October 24, 2016 at 9:30 a.m. EDT.* (RE: related document(s) 123 Order on Motion to Shorten Notice, 124 Order on Motion to Shorten Notice, 128 Response filed by Debtor Kaiser Gypsum Company, Inc., 132 Application to Employ filed by Debtor Kaiser Gypsum Company, Inc., 135 Application to Employ filed by Debtor Kaiser Gypsum Company, Inc., 136 Application to Employ filed by Debtor Kaiser Gypsum Company, Inc., 139 Order on Application to Employ, 143 Order on Motion Continue/Reschedule Hearing, 144 Order on Motion Continue/Reschedule Hearing, 145 Order on Application to Employ, 146 Order on Application to Employ, 153 Other Document filed by Debtor Kaiser Gypsum Company, Inc., 155 Other Document filed by Debtor Kaiser Gypsum Company, Inc.) filed by Heather L Aaronson on behalf of Prime Clerk LLC. (Aaronson, Heather) (Entered: 10/26/2016)

10/26/2016

| | | |
|---|---|---|
| 10/27/2016 | 166<br>(2 pgs) | Ex Parte Order Granting Motion to Shorten Notice (Related Doc # 164) (cas) (Entered: 10/27/2016) |
| 10/27/2016 | 167<br>(4 pgs) | Notice of Appearance and Request for Notice filed by Carolyn G. Wade on behalf of Oregon Department of Environmental Quality. (Wade, Carolyn) (Entered: 10/27/2016) |
| 10/27/2016 | 168<br>(48 pgs) | Certificate of Service *of Hassan Alli-Balogum Regarding Amended Joint Notice of Chapter 11 Bankruptcy Cases* (RE: related document(s)160 Amended Document filed by Debtor Kaiser Gypsum Company, Inc.) filed by Heather L Aaronson on behalf of Prime Clerk LLC. (Aaronson, Heather) (Entered: 10/27/2016) |
| 10/27/2016 | 169<br>(8 pgs) | Certificate of Service *of Hassan Alli-Balogun Regarding Debtors' Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, and Ex Parte Motion for Order Shortening Notice* (RE: related document(s)163 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc., 164 Motion to Shorten Notice filed by Debtor Kaiser Gypsum Company, Inc.) filed by Heather L Aaronson on behalf of Prime Clerk LLC. (Aaronson, Heather) (Entered: 10/27/2016) |
| 10/28/2016 | 170<br>(38 pgs) | Ex Parte Application w/Affidavit to Employ Attorney - *Debtors' Ex Parte Application for an Order Authorizing Them to Retain and Employ the Cook Law Firm, P.C. as Special Insurance Counsel as of the Petition Date* filed by Shelley Koon Abel on behalf of Kaiser Gypsum Company, Inc.. (Abel, Shelley) (Entered: 10/28/2016) |
| 10/28/2016 | 171<br>(3 pgs) | Notice of Appearance and Request for Notice filed by Ilya A Kosten on behalf of Great Southwest Fire Insurance Company, NATIONAL CASUALTY COMPANY. (Kosten, Ilya) (Entered: 10/28/2016) |
| 10/28/2016 | 172<br>(3 pgs) | Notice of Appearance and Request for Notice filed by Andrew T. Houston on behalf of Official Committee Of Unsecured Creditors. (Houston, Andrew) (Entered: 10/28/2016) |
| | 173<br>(3 pgs) | Notice of Appearance and Request for Notice filed by Andrew T. Houston on behalf of Official |

| | | |
|---|---|---|
| 10/28/2016 | | Committee Of Unsecured Creditors. (Houston, Andrew) (Entered: 10/28/2016) |
| 10/28/2016 | [174](#) (49 pgs) | Ex Parte Application w/Affidavit to Employ Attorney *Debtors' Ex Parte Application for an Order Authorizing Them to Retain and Employ K&L Gates LLP as Special Insurance Counsel as of the Petition Date* filed by Shelley Koon Abel on behalf of Kaiser Gypsum Company, Inc.. (Abel, Shelley) (Entered: 10/28/2016) |
| 10/28/2016 | [175](#) (89 pgs; 5 docs) | Ex Parte Application w/Affidavit to Employ Attorney *Miller Nash Graham & Dunn LLP as Special Environmental and Insurance Counsel as of the Petition Date* filed by Shelley Koon Abel on behalf of Kaiser Gypsum Company, Inc.. (Attachments: # [1](#) Exhibit A - part 1 # [2](#) Exhibit A - part 2 # [3](#) Exhibit A - part 1 # [4](#) Exhibits B-D) (Abel, Shelley) (Entered: 10/28/2016) |
| 10/28/2016 | [176](#) (23 pgs) | *Debtors' Motion for an Order Authorizing Them to Enter into Interim Cost Sharing Agreement* filed by Shelley Koon Abel on behalf of Kaiser Gypsum Company, Inc.. (Abel, Shelley) Modified on 10/31/2016 (cas). SEE DEFECTIVE NOTICE #[182](#). (Entered: 10/28/2016) |
| 10/28/2016 | [177](#) (4 pgs) | Motion to Continue/Reschedule Hearing (RE: related document(s)[62](#) Motion to Transfer Case filed by Creditor Certain Kaiser Gypsum Claimants) filed by Andrew T. Houston on behalf of Official Committee Of Unsecured Creditors. (Houston, Andrew) (Entered: 10/28/2016) |
| 10/28/2016 | [178](#) (2 pgs) | Notice of Hearing (RE: related document(s)[177](#) Motion to Continue/Reschedule Hearing filed by Creditor Official Committee Of Unsecured Creditors) filed by Andrew T. Houston on behalf of Official Committee Of Unsecured Creditors. Hearing scheduled for 10/31/2016 at 02:00 PM at 3-JCW Courtroom 1-4. (Houston, Andrew) (Entered: 10/28/2016) |
| 10/28/2016 | [179](#) (5 pgs) | Objection to Other Document (RE: related document (s)[177](#) Motion to Continue/Reschedule Hearing filed by Creditor Official Committee Of Unsecured Creditors) filed by Glenn C. Thompson on behalf of Certain Kaiser Gypsum Claimants. (Thompson, |

| 10/28/2016 | | Glenn) (Entered: 10/28/2016) |
|---|---|---|
| 10/31/2016 | [180](#) (3 pgs) | Ex Parte Order Granting Application to Employ The Cook Law Firm, P.C. as Special Insurance Counsel (Related Doc # [170](#)) (cas) (Entered: 10/31/2016) |
| 10/31/2016 | [181](#) (3 pgs) | Ex Parte Order Granting Application to Employ K & L Gates, LLP as Special Insurance Counsel (Related Doc # [174](#)) (cas) (Entered: 10/31/2016) |
| 10/31/2016 | [182](#) (1 pg) | Court Notice of Defective Filing (RE: related document(s)[176](#) Other Document filed by Debtor Kaiser Gypsum Company, Inc.). (cas) (Entered: 10/31/2016) |
| 10/31/2016 | | Disposition of Hearing Held before the Honorable J. Craig Whitley: GRANTED (RE: related document(s) [177](#) Motion to Continue/Reschedule Hearing filed by Creditor Official Committee Of Unsecured Creditors). (tes) (Entered: 10/31/2016) |
| 10/31/2016 | [183](#) (7 pgs) | Certificate of Service *of Hassan Alli-Balogun Regarding Ex Parte Motion for Order Shortening Notice* (RE: related document(s)[166](#) Order on Motion to Shorten Notice) filed by Heather L Aaronson on behalf of Prime Clerk LLC. (Aaronson, Heather) (Entered: 10/31/2016) |
| 10/31/2016 | [184](#) (3 pgs) | Ex Parte Order Granting Application to Employ Attorney - Miller Nash Graham & Dunn LLP (Related Doc # [175](#)) (cas) (Entered: 10/31/2016) |
| 10/31/2016 | [185](#) (1 pg) | Correspondence (RE: related document(s)[39](#) Order on Motion to Appear Pro Hac Vice, [40](#) Order on Motion to Appear Pro Hac Vice, [43](#) Order on Motion to Appear Pro Hac Vice) filed by Christine L. Myatt . (tes) (Entered: 10/31/2016) |
| 10/31/2016 | [186](#) (2 pgs) | Notice of Hearing (RE: related document(s)[176](#) Other Document filed by Debtor Kaiser Gypsum Company, Inc.) filed by Shelley Koon Abel on behalf of Kaiser Gypsum Company, Inc.. Hearing scheduled for 11/22/2016 at 09:30 AM at 3-JCW Courtroom 1-4. (Abel, Shelley) (Entered: 10/31/2016) |
| | [187](#) (3 pgs) | *Notice of Proposed Agenda of Matters Scheduled for Hearing on Thursday, November 3, 2016 at 9:30 a.m.* |

| | | |
|---|---|---|
| 11/01/2016 | | filed by Shelley Koon Abel on behalf of Kaiser Gypsum Company, Inc.. (Abel, Shelley) (Entered: 11/01/2016) |
| 11/02/2016 | [188](#) (2 pgs) | Notice of Appearance and Request for Notice filed by Brian A. Kelly on behalf of Certain Underwriters Lloyd's, London. (Kelly, Brian) (Entered: 11/02/2016) |
| 11/02/2016 | [189](#) (2 pgs) | Notice of Appearance and Request for Notice filed by Philip R Matthews on behalf of Certain Underwriters Lloyd's, London. (Matthews, Philip) (Entered: 11/02/2016) |
| 11/02/2016 | [190](#) (5 pgs; 3 docs) | Motion to Appear Pro Hac Vice *as to Todd E. Phillips* (Fee Amount $ 276) filed by Sara W. Higgins on behalf of Official Committee of Asbestos Personal Injury Claimants. (Attachments: # [1](#) Exhibit Declaration of Todd E. Phillips for Admission to Practice Pro Hac Vice # [2](#) Proposed Order) (Higgins, Sara) (Entered: 11/02/2016) |
| 11/02/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7449308, amount $ 276.00. (U.S. Treasury) (Entered: 11/02/2016) |
| 11/02/2016 | [191](#) (5 pgs; 3 docs) | Motion to Appear Pro Hac Vice *as to Kevin C. MaClay* (Fee Amount $ 276) filed by Sara W. Higgins on behalf of Official Committee of Asbestos Personal Injury Claimants. (Attachments: # [1](#) Exhibit Declaration of Kevin C. MaClay for Admission to Practice Pro Hac Vice # [2](#) Proposed Order) (Higgins, Sara) Modified on 11/2/2016 (cas). CORRECTIVE ENTRY: Docket text changed from Kevin MaClay to Kevin Maclay. (Entered: 11/02/2016) |
| 11/02/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7449319, amount $ 276.00. (U.S. Treasury) (Entered: 11/02/2016) |
| 11/02/2016 | [192](#) (5 pgs; 3 docs) | Motion to Appear Pro Hac Vice *as to Sally J. Sullivan* (Fee Amount $ 276) filed by Sara W. Higgins on behalf of Official Committee of Asbestos Personal Injury Claimants. (Attachments: # [1](#) Exhibit Declaration of Sally J. Sullivan for Admission to Practice Pro Hac Vice # [2](#) Proposed Order) (Higgins, |

| 11/02/2016 | | Sara) (Entered: 11/02/2016) |
|---|---|---|
| 11/02/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7449328, amount $ 276.00. (U.S. Treasury) (Entered: 11/02/2016) |
| 11/02/2016 | 193 (5 pgs) | Certificate of Service (RE: related document(s)190 Appear Pro Hac Vice filed by Creditor Committee Official Committee of Asbestos Personal Injury Claimants, 191 Appear Pro Hac Vice filed by Creditor Committee Official Committee of Asbestos Personal Injury Claimants, 192 Appear Pro Hac Vice filed by Creditor Committee Official Committee of Asbestos Personal Injury Claimants) filed by Sara W. Higgins on behalf of Official Committee of Asbestos Personal Injury Claimants. (Higgins, Sara) (Entered: 11/02/2016) |
| 11/02/2016 | 194 (9 pgs) | Certificate of Service *Of Michael Callo Regarding Debtors Motion for an Order Authorizing Them to Enter into Interim Cost Sharing Agreement, Ex Parte Order Authorizing the Debtors to Retain and Employ the Cook Law Firm, P.C. as Special Insurance Counsel as of the Petition Date, Ex Parte Order Authorizing the Debtors to Retain and Employ K&L Gates LLP as Special Insurance Counsel as of the Petition Date, Ex Parte Order Authorizing the Debtors to Retain and Employ Miller Nash Graham & Dunn LLP as Special Environmental and Insurance Counsel as of the Petition Date and Notice of Hearing to be Held on November 22, 2016 at 9:30 a.m. (EDT)* (RE: related document(s)176 Other Document filed by Debtor Kaiser Gypsum Company, Inc., 180 Order on Application to Employ, 181 Order on Application to Employ, 184 Order on Application to Employ, 186 Notice of Hearing filed by Debtor Kaiser Gypsum Company, Inc.) filed by Heather L Aaronson on behalf of Prime Clerk LLC. (Aaronson, Heather) (Entered: 11/02/2016) |
| 11/02/2016 | 195 (1 pg) |  Courtroom Recording. Court Date & Time [ 10/31/2016 1:45:56 PM ]. (Entered: 11/02/2016) |
| 11/03/2016 | 196 (1 pg) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Todd E. Phillips (Related Doc # 190) (cas) (Entered: 11/03/2016) |

| | | |
|---|---|---|
| 11/03/2016 | 197<br>(1 pg) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Kevin Maclay (Related Doc # 191) (cas) (Entered: 11/03/2016) |
| 11/03/2016 | 198<br>(1 pg) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Sally J. Sullivan (Related Doc # 192) (cas) (Entered: 11/03/2016) |
| 11/03/2016 | | Disposition of Hearing before the Honorable J. Craig Whitley: CONTINUED TO NOVEMBER 22, 2016 AT 9:30 AM (Number of Times Continued: 2) (RE: related document(s)62 Motion to Transfer Case filed by Creditor Certain Kaiser Gypsum Claimants). (krt) (Entered: 11/03/2016) |
| 11/03/2016 | | Disposition of Hearing before the Honorable J. Craig Whitley: CONTINUED (Number of Times Continued: 2) (RE: related document(s)7 Motion to Incur Debt filed by Debtor Kaiser Gypsum Company, Inc.). Hearing scheduled for 11/22/2016 at 09:30 AM at 3-JCW Courtroom 1-4. (krt) (Entered: 11/03/2016) |
| 11/03/2016 | | Disposition of Hearing Held before the Honorable J. Craig Whitley: APPROVED AS MODIFIED (RE: related document(s)163 Motion (Other) filed by Debtor Kaiser Gypsum Company, Inc.). (krt) (Entered: 11/03/2016) |
| 11/03/2016 | 199<br>(3 pgs) | Order Granting Motion to Continue/Reschedule Hearing on Motion to Transfer Venue (Related Doc # 177) Hearing scheduled for 11/22/2016 at 9:30 am in Charlotte, NC. (cas) (Entered: 11/03/2016) |
| 11/03/2016 | 201<br>(35 pgs) | Ex Parte Application w/Affidavit to Employ Professional *Debtors' Ex Parte Application for an Order Authorizing them to Retain and Employ NERA Economic Consulting as Consultants as of October 4, 2016* filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 11/03/2016) |
| 11/04/2016 | 202<br>(6 pgs; 2 docs) | Ex Parte Motion to Appear Pro Hac Vice *Regina Stango Kelbon of Blank Rome LLP* (Fee Amount $ 276) filed by Andrew T. Houston on behalf of Official Committee Of Unsecured Creditors. (Attachments: # 1 Affidavit of Regina Stango Kelbon) (Houston, Andrew) (Entered: 11/04/2016) |
| | | |

| | | |
|---|---|---|
| 11/04/2016 | 203<br>(5 pgs; 2 docs) | Ex Parte Motion to Appear Pro Hac Vice *Ira L. Herman of Blank Rome, LLP* (Fee Amount $ 276) filed by Andrew T. Houston on behalf of Official Committee Of Unsecured Creditors. (Attachments: # 1 Affidavit of Ira L. Herman) (Houston, Andrew) (Entered: 11/04/2016) |
| 11/04/2016 | 204<br>(5 pgs; 2 docs) | Ex Parte Motion to Appear Pro Hac Vice *Jeffrey Rhodes of Blank Rome, LLP* (Fee Amount $ 276) filed by Andrew T. Houston on behalf of Official Committee Of Unsecured Creditors. (Attachments: # 1 Affidavit of Jeffrey Rhodes) (Houston, Andrew) (Entered: 11/04/2016) |
| 11/04/2016 | 205<br>(5 pgs; 2 docs) | Ex Parte Motion to Appear Pro Hac Vice *Evan J. Zucker of Blank Rome, LLP* (Fee Amount $ 276) filed by Andrew T. Houston on behalf of Official Committee Of Unsecured Creditors. (Attachments: # 1 Affidavit of Evan J. Zucker) (Houston, Andrew) (Entered: 11/04/2016) |
| 11/04/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7452061, amount $ 276.00. (U.S. Treasury) (Entered: 11/04/2016) |
| 11/04/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7452061, amount $ 276.00. (U.S. Treasury) (Entered: 11/04/2016) |
| 11/04/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7452061, amount $ 276.00. (U.S. Treasury) (Entered: 11/04/2016) |
| 11/04/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7452061, amount $ 276.00. (U.S. Treasury) (Entered: 11/04/2016) |
| 11/04/2016 | 206<br>(3 pgs) | Ex Parte Order Granting Application to Employ Professional - NERA Economic Consulting (Related Doc # 201) (cas) (Entered: 11/04/2016) |
| 11/04/2016 | 207<br>(2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Regina Stango Kelbon (Related Doc # 202) (cas) (Entered: 11/04/2016) |

| | 208<br>(2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Ira L. Herman (Related Doc # 203) (cas) (Entered: 11/04/2016) |
| 11/04/2016 | | |
| | 209<br>(2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Jeffrey Rhodes (Related Doc # 204) (cas) (Entered: 11/04/2016) |
| 11/04/2016 | | |
| | 210<br>(2 pgs) | Ex Parte Order Granting Motion to Appear Pro Hac Vice for Evan J. Zucker (Related Doc # 205) (cas) (Entered: 11/04/2016) |
| 11/04/2016 | | |
| | 211<br>(8 pgs) | Certificate of Service *of Michael Callo Regarding Notice of Proposed Agenda of Matters Scheduled for Hearing on Thursday, November 3, 2016 at 9:30 a.m.* (RE: related document(s)187 Other Document filed by Debtor Kaiser Gypsum Company, Inc.) filed by Heather L Aaronson on behalf of Prime Clerk LLC. (Aaronson, Heather) (Entered: 11/04/2016) |
| 11/04/2016 | | |
| | 212<br>(3 pgs; 2 docs) | Response *Joinder By Truck Insurance Exchange In Debtors' Opposition To Motion To Transfer Venue Of Chapter 11 Cases* Hearing scheduled for 11/22/2016 at 9:30 AM at 3-JCW-Charlotte Courtroom 1-4 (RE: related document(s)62 Motion to Transfer Case filed by Creditor Certain Kaiser Gypsum Claimants) Filed by Joseph W. Grier III on behalf of Truck Insurance Exchange. (Attachments: # 1 Certificate of Service) (Grier, Joseph) (Entered: 11/04/2016) |
| 11/04/2016 | | |
| | 213<br>(4 pgs) | Certificate of Service *(Amended)* (RE: related document(s)212 Response filed by Interested Party Truck Insurance Exchange) filed by Joseph W. Grier III on behalf of Truck Insurance Exchange. (Grier, Joseph) (Entered: 11/04/2016) |
| 11/04/2016 | | |
| | 214<br>(6 pgs; 3 docs) | Motion to Appear Pro Hac Vice (Fee Amount $ 276) filed by D. Kyle Deak on behalf of Associated International Insurance Company, TIG Insurance Company (formerly known as Transamerica Company and as successor by merger to International Insurance Company). (Attachments: # 1 Affidavit # 2 Proposed Order) (Deak, D.) (Entered: 11/04/2016) |
| 11/04/2016 | | |
| | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7453191, amount $ 276.00. (U.S. Treasury) (Entered: 11/04/2016) |
| 11/04/2016 | | |

| | 215<br>(6 pgs; 3 docs) | Motion to Appear Pro Hac Vice (Fee Amount $ 276) filed by D. Kyle Deak on behalf of Associated International Insurance Company, TIG Insurance Company (formerly known as Transamerica Company and as successor by merger to International Insurance Company). (Attachments: # 1 Affidavit # 2 Proposed Order) (Deak, D.) (Entered: 11/04/2016) |
| 11/04/2016 | | |
| 11/04/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7453195, amount $ 276.00. (U.S. Treasury) (Entered: 11/04/2016) |
| 11/07/2016 | 216<br>(6 pgs) | Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Related Doc # 163) (cas) (Entered: 11/07/2016) |
| 11/08/2016 | 217<br>(2 pgs) | Motion to Appear Pro Hac Vice *Elihu Inselbuch* (Fee Amount $ 276) filed by Caplin & Drysdale, Chartered, Sara W. Higgins on behalf of Official Committee of Asbestos Personal Injury Claimants. (Higgins, Sara) (Entered: 11/08/2016) |
| 11/08/2016 | | Receipt of Filing Fee for Appear Pro Hac Vice(16-31602) [motion,mprohac] ( 276.00). Receipt number 7456113, amount $ 276.00. (U.S. Treasury) (Entered: 11/08/2016) |
| 11/08/2016 | 218<br>(2 pgs) | Exhibit(s) *Declaration of Elihu Inselbuch for Admission to Practice Pro Hac Vice* (RE: related document(s)217 Appear Pro Hac Vice filed by Creditor Committee Official Committee of Asbestos Personal Injury Claimants) filed by Sara W. Higgins on behalf of Official Committee of Asbestos Personal Injury Claimants. (Higgins, Sara) (Entered: 11/08/2016) |
| 11/08/2016 | 219<br>(2 pgs) | Exhibit(s) *Proposed Order of Admission of Elihu Inselbuch to Practice Pro Hac Vice* (RE: related document(s)217 Appear Pro Hac Vice filed by Creditor Committee Official Committee of Asbestos Personal Injury Claimants) filed by Sara W. Higgins on behalf of Official Committee of Asbestos Personal Injury Claimants. (Higgins, Sara) (Entered: 11/08/2016) |
| | 220 | Certificate of Service *(Supplemental)* of Nelson J. |

| | | |
|---|---|---|
| 11/08/2016 | (3 pgs) | *Rodriguez Regarding Amended Joint Notice of Chapter 11 Bankruptcy Cases* (RE: related document(s)160 Amended Document filed by Debtor Kaiser Gypsum Company, Inc.) filed by Heather L Aaronson on behalf of Prime Clerk LLC. (Aaronson, Heather) (Entered: 11/08/2016) |
| 11/09/2016 | 221 (7 pgs) | Trustee's Memorandum from 341(a) Meeting of Creditors CONTINUED - DEBTOR(S) SWORN 341(a) meeting to be held on 11/29/2016 at 10:00 AM at 3-Charlotte First Meeting Room (Scholz, BA) (Entered: 11/09/2016) |
| 11/09/2016 | 222 (13 pgs) | Certificate of Service *of Ian Stern Regarding Ex Parte Order Authorizing the Debtors to Retain and Employ NERA Economic Consulting as Consultants as of October 4, 2016, and Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (RE: related document(s)206 Order on Application to Employ, 216 Order on Motion (Other)) filed by Heather L Aaronson on behalf of Prime Clerk LLC. (Aaronson, Heather) (Entered: 11/09/2016) |
| 11/09/2016 | 223 (26 pgs) | Ex Parte Application w/Affidavit to Employ Attorney *Ex Parte Application to Retain and Employ Higgins & Owens, PLLC as Local Co-Counsel to the Official Committee of Asbestos Personal Injury Claimants* filed by Todd E. Phillips on behalf of Official Committee of Asbestos Personal Injury Claimants. (Phillips, Todd) (Entered: 11/09/2016) |
| 11/09/2016 | 224 (28 pgs) | Ex Parte Application w/Affidavit to Employ Attorney *Blank Rome LLP as Counsel for the Official Committee of Unsecured Creditors* filed by Andrew T. Houston on behalf of Official Committee Of Unsecured Creditors. (Houston, Andrew) (Entered: 11/09/2016) |
| 11/10/2016 | 225 (1 pg) | Order Granting Motion to Appear Pro Hac Vice for Elihu Inselbuch (Related Doc # 217) (cas) (Entered: 11/10/2016) |
| | 226 (14 pgs) | *Periodic Report Regarding Values, Operations and Profitability of Entities in which Kaiser Gypsum Company, Inc. and Hason Permanente Cement, Inc. hold a Substantial or Controlling Interest* filed by John R. Miller Jr. on behalf of Kaiser Gypsum |

| 11/10/2016 | | Company, Inc.. (Miller, John) (Entered: 11/10/2016) |
|---|---|---|
| 11/10/2016 | [227](#) (2 pgs) | Ex Parte Order Granting Application to Employ Attorney (Related Doc # [223](#)) (cas) (Entered: 11/10/2016) |
| 11/10/2016 | [228](#) (3 pgs) | Ex Parte Order Granting Application to Employ Attorney - Blank Rome LLP (Related Doc # [224](#)) (cas) (Entered: 11/10/2016) |
| 11/10/2016 | [229](#) (21 pgs) | Ex Parte Application w/Affidavit to Employ Attorney *Moon Wright & Houston, PLLC as Local Co-Counsel to the Official Committee of Unsecured Creditors* filed by Andrew T. Houston on behalf of Official Committee Of Unsecured Creditors. (Houston, Andrew) (Entered: 11/10/2016) |
| 11/11/2016 | [230](#) (8 pgs) | Ex Parte Motion to Extend Time to file Missing Schedules and Statements. filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 11/11/2016) |
| 11/11/2016 | [231](#) (2 pgs) | Attorney Disclosure Statement filed by John R. Miller Jr. on behalf of Kaiser Gypsum Company, Inc.. (Miller, John) (Entered: 11/11/2016) |
| 11/14/2016 | [232](#) | Transcript for Hearing/Trial held on 10/31/2016. For a copy of the Transcript, contact the Transcriber Janice Russell, 1418 Red Fox Circle, Severence, CO. 80550, 757-422-9089. Transcript access will be restricted through 02/13/2017. (Russell, Janice) (Entered: 11/14/2016) |
| 11/14/2016 | [233](#) (4 pgs) | *Statement of Official Committee of Unsecured Creditors in Support of (1) Debtors Choice of Venue and (2) Debtors Objection to Motion of Certain Claimants to Transfer Venue* (RE: related document(s)[128](#) Response filed by Debtor Kaiser Gypsum Company, Inc.) filed by Andrew T. Houston on behalf of Official Committee Of Unsecured Creditors. (Houston, Andrew) (Entered: 11/14/2016) |
| | [234](#) (5 pgs) | Response *THE FIRST STATE INSURANCE COMPANIES RESPONSE TO DEBTORS MOTION FOR ORDER AUTHORIZING INTERIM COST-SHARING AGREEMENT* Hearing scheduled for 11/22/2016 at 9:30 AM at 3-JCW-Charlotte Courtroom 1-4 (RE: related document(s)[176](#) Other |

| 11/14/2016 | | Document filed by Debtor Kaiser Gypsum Company, Inc.) Filed by Christine L. Myatt on behalf of First State Insurance Company, New England Reinsurance Corporation. (Myatt, Christine) (Entered: 11/14/2016) |
|---|---|---|

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/14/2016 17:01:12 | | | |
| **PACER Login:** | duanemorris:2538019:0 | **Client Code:** | 02047-00201 |
| **Description:** | Docket Report | **Search Criteria:** | 16-31602 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 26 | **Cost:** | 2.60 |

# Exhibit H

Current on Bloomberg Law as of Nov. 18, 2016 08:45:14

**Oregon 4th Judicial Circuit**
**Multnomah County**
**Docket for Case#: 970806226**

# Z R Z REALTY COMPANY vs. BELLEFONTE RE INSURANCE COMPAN

Date Filed:                    Aug 8, 1997
Status:                        Closed
Case location:                 Multnomah County
Case Type:                     Contract

## Parties and Attorneys

| Plaintiff | **PON EXPLORATIONS INC**<br>Formerly Known As: **ZIDELL EXPLORATIONS INC** | |
|---|---|---|
| Representation | **JONATHAN H SINGER**<br>(503) 205-2324<br>Retained | Edward J Stein<br>(203) 388-7945<br>Retained |

| Plaintiff | **TUBE FORGINGS OF AMERICA INC** | |
|---|---|---|
| Representation | **JONATHAN H SINGER**<br>(503) 205-2324<br>Retained | **DEAN D DECHAINE**<br>(503) 984-3303<br>Retained |
| | Edward J Stein<br>(203) 388-7945<br>Retained | **RICHARD J MCCAIN**<br>(301) 695-1533<br>Retained |
| | **STEVEN J DOLMANISTH**<br>(202) 728-3100<br>Retained | |

| Plaintiff | **Z R Z REALTY COMPANY** | |
|---|---|---|
| Representation | **JONATHAN H SINGER**<br>(503) 205-2324<br>Retained | **BRUCE L CAMPBELL**<br>(503) 205-2419<br>Retained |
| | **DEAN D DECHAINE**<br>(503) 984-3303<br>Retained | Edward J Stein<br>(203) 388-7945<br>Retained |
| | **RICHARD J MCCAIN** | **STEVEN J DOLMANISTH** |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Case 16-03127-rld    Doc 95    Filed 11/30/16

| | | | |
|---|---|---|---|
| (301) 695-1533 Retained | | (202) 728-3100 Retained | |

---

**Plaintiff** — **ZIDELL MARINE CORPORATION**

**Representation**

| | |
|---|---|
| JONATHAN H SINGER (503) 205-2324 Retained | DEAN D DECHAINE (503) 984-3303 Retained |
| Edward J Stein (203) 388-7945 Retained | RICHARD J MCCAIN (301) 695-1533 Retained |
| STEVEN J DOLMANISTH (202) 728-3100 Retained | |

---

**Plaintiff** — **ZIDELL REMEDIATION FUNDING**

**Representation**

| | |
|---|---|
| JONATHAN H SINGER (503) 205-2324 Retained | DEAN D DECHAINE (503) 984-3303 Retained |
| Edward J Stein (203) 388-7945 Retained | RICHARD J MCCAIN (301) 695-1533 Retained |
| STEVEN J DOLMANISTH (202) 728-3100 Retained | |

---

**Defendant** — **A J DRIESSEN QQ**

---

**Defendant** — **ALLIANCE ASSURANCE COMPANY**

---

**Defendant** — **ALLIANCE ASSURANCE CY LTD**

---

**Defendant** — **AMSTERDAMSCHE ZEE-EN BRAND ASS**

---

**Defendant** — **ANGLO FRENCH INSURANCE COMPANY**

---

**Defendant** — **ASSICURAZIONI GENERALI**

---

**Defendant** — **BALOISE MARINE INSURANCE COMPA**

**Bloomberg Law**®     © 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Case 16-03127-rld    Doc 95    Filed 11/30/16

| | |
|---|---|
| Defendant | **BALTICA INSURANCE COMPANY (UK)** |
| Defendant | **BEKOUW & MIJNSSEN** |
| Defendant | **BELLEFONTE RE INSURANCE COMPAN**<br>Inactive<br>Removed: 04/07/2003 |
| Representation | **James T Waldron**<br>(503) 796-2945<br>Retained |
| Defendant | **BELLEFONTE RE INSURANCE COMPAN**<br>Inactive<br>Removed: 04/07/2003 |
| Defendant | **BENEFICIAL FIRE AND CASUALTY**<br>Dismissed<br>Removed: 04/07/2003 |
| Representation | **James T Waldron**<br>(503) 796-2945<br>Retained |
| Defendant | **BENEFICIAL FIRE AND CASUALTY** |
| Defendant | **BENEFICIAL FIRE AND CASUALTY I**<br>Inactive<br>Removed: 04/07/2003 |
| Defendant | **BISHOPGATE INSURANCE COMPANY** |
| Defendant | **BOOT GIPON & CO QQ** |
| Defendant | **BRITISH & FOREIGN INSURANCE CO** |
| Defendant | **BRITISH COMMONWEALTH INSURANCE** |
| Defendant | **BRITISH FIRE INSURANCE COMPANY** |

**Bloomberg Law**®   © 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| | |
|---|---|
| Defendant | **BRITISH LAW INSURANCE COMPANY** |
| Defendant | **C A PARR AGENCIES LIMITED** |
| Defendant | **CENTURY INDEMNITY COMPANY**<br>Also Known As:  **CIGNA**<br>Doing Business As:  **CIGNA PROPERTY AND CASUALTY IN** |
| Representation | **RICHARD A LEE**<br>(503) 243-1022<br>Retained |
| Defendant | **CENTURY INDEMNITY COMPANY**<br>Also Known As:  **CIGNA** |
| Representation | **RICHARD A LEE**<br>(503) 243-1022<br>Retained |
| Defendant | **CERTAIN SUBSCRIBING EUROPEAN I**<br>Dismissed<br>Removed: 04/07/2003 |
| Defendant | **CERTAIN UNDERWRITERS AT LLOYDS**<br>Also Known As:  **LLOYDS** |
| Representation | **LAWRENCE GOTTLIEB**<br>206 292-9988 x8688(W)<br>Retained      **Sarah M Shields**<br>(206) 292-9988<br>Retained |
| Defendant | **CIGNA PROPERTY AND CASUALTY IN**<br>Also Known As:  **CIGNA**<br>Inactive<br>Removed: 04/07/2003 |
| Defendant | **CIGNA SPECIALTY INSURANCE COMP**<br>Doing Business As:  **CIGNA** |
| Defendant | **CLASIE EN DE GRAAF QQ** |
| Defendant | **COMMERCIAL UNION ASSURANCE COM** |

**Bloomberg Law®**

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| | |
|---|---|
| Defendant | **CONDOR MARINE & REINSURANCE CO** |

| | |
|---|---|
| Defendant | **CONDORE CO & INSURANCE RE MARI** |

| | |
|---|---|
| Defendant | **CONTINENTAL ASSURANCE COMPANY** |

| | |
|---|---|
| Defendant | **CONTINENTAL INSURANCE COMPANY**<br>Doing Business As: **CNA INSURANCE COMPANIES**<br>Dismissed<br>Removed: 04/07/2003 |
| Representation | **THOMAS A GORDON**<br>(360) 379-6598<br>Retained |

| | |
|---|---|
| Defendant | **CORNHILL INSURANCE COMPANY LIM** |

| | |
|---|---|
| Defendant | **DE WAAL & ZOON** |

| | |
|---|---|
| Defendant | **DOMINION INSURANCE COMPANY LIM** |

| | |
|---|---|
| Defendant | **DRAKE INSURANCE COMPANY LIMITE** |

| | |
|---|---|
| Defendant | **EAGLE STAR INSURANCE COMPANY** |

| | |
|---|---|
| Defendant | **ECONOMIC INSURANCE COMPANY LIM** |

| | |
|---|---|
| Defendant | **EDINBURGH ASSURANCE COMPANY LI** |

| | |
|---|---|
| Defendant | **EICKHOLF DER KINDEREN & BEUKE** |

| | |
|---|---|
| Defendant | **EMPLOYERS MUTUAL CASUALTY COMP**<br>Doing Business As: **MUTUAL MARINE OFFICE INC** |
| Representation | **Estate of Dianne K Dailey**<br>(303) 296-3286<br>Retained |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Case 16-03127-rld    Doc 95    Filed 11/30/16

| | |
|---|---|
| **Defendant** | **ES OROBIO DE CASTRO & ZOON** |

| | |
|---|---|
| **Defendant** | **GLENS FALL INSURANCE COMPANY**<br>Doing Business As: **CNA INSURANCE COMPANIES**<br>Dismissed<br>Removed: 04/07/2003 |
| **Representation** | **THOMAS A GORDON**<br>(360) 379-6598<br>Retained |

| | |
|---|---|
| **Defendant** | **GOUDA & TER MEULEN** |

| | |
|---|---|
| **Defendant** | **GRANITE STATE INSURANCE COMPAN**<br>Also Known As: **AIG**<br>Doing Business As: **AMERICAN INTERNATIONAL GROUP I**<br>Dismissed<br>Removed: 04/07/2003 |

| | |
|---|---|
| **Defendant** | **H NE KROLLER & CO 1931** |

| | |
|---|---|
| **Defendant** | **HANOVER INSURANCE COMPANY**<br>Doing Business As: **ALLMERICA PROPERTY & CASUALTY**<br>Inactive<br>Removed: 04/07/2003 |

| | |
|---|---|
| **Defendant** | **HIGHLANDS INSURANCE COMPANY**<br>Also Known As: **CIGNA**<br>Doing Business As: **CIGNA PROPERTY AND CASUALTY IN** |
| **Representation** | **RICHARD A LEE**<br>(503) 243-1022<br>Retained |

| | |
|---|---|
| **Defendant** | **HIGHLANDS INSURANCE COMPANY** |
| **Representation** | **RICHARD A LEE**<br>(503) 243-1022<br>Retained |

| | |
|---|---|
| **Defendant** | **HOME INDEMNITY COMPANY**<br>Dismissed<br>Removed: 04/07/2003 |
| **Representation** | **Estate of Dianne K Dailey**<br>(303) 296-3286 |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Case 16-03127-rld   Doc 95   Filed 11/30/16

Retained

---

| | |
|---|---|
| **Defendant** | **HOME INSURANCE COMPANY**<br>Dismissed<br>Removed: 04/07/2003 |
| **Representation** | **Estate of Dianne K Dailey**<br>(303) 296-3286<br>Retained |

---

| | |
|---|---|
| **Defendant** | **INDEMNITY MARINE ASSOCIATION** |

---

| | |
|---|---|
| **Defendant** | **INDUSTRIAL INDEMNITY COMPANY**<br>Doing Business As: **CRUM & FORSTER HOLDINGS INC**<br>Doing Business As: **TALEGEN HOLDINGS INC**<br>Dismissed<br>Removed: 04/07/2003 |
| **Representation** | **JOHN M SILK**<br>(206) 623-4100<br>Retained |

---

| | |
|---|---|
| **Defendant** | **INDUSTRIAL INDEMNITY COMPANY**<br>Doing Business As: **CRUM & FORSTER HOLDINGS INC**<br>Doing Business As: **TALEGEN HOLDINGS INC** |
| **Representation** | **JOHN M SILK**<br>(206) 623-4100<br>Retained |

---

| | |
|---|---|
| **Defendant** | **INSURANCE COMPANY OF NORTH AME**<br>Also Known As: **CIGNA**<br>Doing Business As: **CIGNA SPECIALTY INSURANCE COMP** |
| **Representation** | **RICHARD A LEE**<br>(503) 243-1022<br>Retained |

---

| | |
|---|---|
| **Defendant** | **INSURANCE COMPANY OF NORTH AME**<br>Doing Business As: **CIGNA** |
| **Representation** | **RICHARD A LEE**<br>(503) 243-1022<br>Retained |

---

| | |
|---|---|
| **Defendant** | **J HENRIJEAN & SES FILS AND SUB**<br>Dismissed |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Case 16-03127-rld    Doc 95    Filed 11/30/16

Removed: 04/07/2003

| | |
|---|---|
| Defendant | **JAN TER MEULEN & CO AMSTERDAM** |
| Defendant | **JC PENNEY LIFE INSURANCE CO**<br>Dismissed<br>Removed: 04/07/2003 |
| Defendant | **KEHRER & ZOON QQ** |
| Defendant | **KEUNING KLEIJN & SCHAINK QQ** |
| Defendant | **L URBAINE & LA MARITIME INSURA** |
| Defendant | **LA BALOISE** |
| Defendant | **LANGEVELDT DE VOS DE WAAL & ZO**<br>Dismissed<br>Removed: 04/07/2003 |
| Representation | **JEFFREY M EDELSON**<br>503 295-3085 x132(W)<br>Retained |
| Defendant | **LANGEVELDT SCHRODER QQ** |
| Defendant | **LIMITED & ASSOCIATED COMPANIES** |
| Defendant | **LMI INSURANCE COMPANY**<br>Inactive<br>Removed: 04/07/2003 |
| Defendant | **LONDON & HULL INSURANCE COMPAN** |
| Defendant | **LONDON & HULL MARITIME INSURAN** |
| Defendant | **LONDON & OVERSEAS INSURANCE CO** |

Case 16-03127-rld    Doc 95    Filed 11/30/16

| | |
|---|---|
| Defendant | **LUMBERMENS MUTUAL INSURANCE CO**<br>Inactive<br>Removed: 04/07/2003 |

| | |
|---|---|
| Defendant | **MAINE BONDING AND CASUALTY COM**<br>Doing Business As: **MARYLAND CASUATLTY COMPANY**<br>Doing Business As: **ZURICH INSURANCE COMPANY** |
| Representation | **MARGARET FIORINO**<br>(503) 224-1551<br>Retained |

| | |
|---|---|
| Defendant | **MANHATTAN FIRE AND MARINE INSU**<br>Doing Business As: **EMPLOYERS REINSURANCE CORP** |
| Representation | **JEFFREY V HILL**<br>(503) 417-1104<br>Retained |

| | |
|---|---|
| Defendant | **MANHATTAN FIRE AND MARINE INSU**<br>Inactive<br>Removed: 04/07/2003 |

| | |
|---|---|
| Defendant | **MARINE INSURANCE COMPANY LIMIT** |

| | |
|---|---|
| Defendant | **MASSACHUSETTS BONDIND AND INSU**<br>Inactive<br>Removed: 04/07/2003 |

| | |
|---|---|
| Defendant | **MASSACHUSETTS BONDING AND INSU**<br>Doing Business As: **ALLMERICA PROPERTY & CASUALTY**<br>Inactive<br>Removed: 04/07/2003 |

| | |
|---|---|
| Defendant | **MINISTER INSURANCE COMPANY LIM** |

| | |
|---|---|
| Defendant | **MOES & CARIET QQ** |

| | |
|---|---|
| Defendant | **N V ASSURANTIE MAATSCHAPPIJ BR** |

| | |
|---|---|
| Defendant | **N V ASSURANTIEBEDRIJK V** |



© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Case 16-03127-rld    Doc 95    Filed 11/30/16

| Defendant | **NATIONAL PROVINCIAL INSURANCE** |
|---|---|

| Defendant | **NATIONAL UNION FIRE INSURANCE**<br>Also Known As: **AIG**<br>Doing Business As: **AMERICAN INTERNATIONAL GROUP I**<br>Dismissed<br>Removed: 04/07/2003 |
|---|---|

| Defendant | **NEW ZEALAND INSURANCE COMPANY** |
|---|---|

| Defendant | **NIC DRUKKER QQ** |
|---|---|

| Defendant | **NIPPON FIRE & MARINE INSURANCE** |
|---|---|

| Defendant | **NORTHEASTERN INSURANCE COMPANY**<br>Also Known As: **NORTHEASTERN INSURANCE CO OF H**<br>Inactive<br>Removed: 04/07/2003 |
|---|---|

| Defendant | **NORTHWESTERN NATIONAL INSURANC**<br>Inactive<br>Removed: 04/07/2003 |
|---|---|

| Defendant | **NORWICH UNION FIRE INSURANCE** |
|---|---|

| Defendant | **OCEAN MARINE ASSURANCE COMPANY** |
|---|---|

| Defendant | **OREGON INSURANCE GUARANTY ASSO** |
|---|---|
| Representation | **JOHN L LANGSLET**<br>(503) 224-3113<br>Retained |

| Defendant | **PENNSYLVANIA LUMBERMENS MUTUAL**<br>Inactive<br>Removed: 04/07/2003 |
|---|---|

| Defendant | **PHOENIX ASSURANCE COMPANY LIMI** |
|---|---|

| Defendant | **PP ROLAND HOLST & ZN QQ** |
|---|---|

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| | |
|---|---|
| Defendant | **PRUDENTIAL INSURANCE COMPANY** |
| Defendant | **PURITAN INSURANCE COMPANY**<br>Doing Business As: **EMPLOYERS REINSURANCE CORP** |
| Representation | **JEFFREY V HILL**<br>(503) 417-1104<br>Retained |
| Defendant | **PURITAN INSURANCE COMPANY**<br>Inactive<br>Removed: 04/07/2003 |
| Defendant | **R L I INSURANCE COMPANY** |
| Representation | **ERIC J NEIMAN**<br>(971) 712-2802<br>Retained |
| Defendant | **RANGER INSURANCE COMPANY**<br>Inactive<br>Removed: 04/07/2003 |
| Defendant | **RELIANCE INSURANCE COMPANY** |
| Defendant | **REPUBLIC INSURANCE COMPANY**<br>Inactive<br>Removed: 04/07/2003 |
| Defendant | **RIVER THAMES INSURANCE COMPANY** |
| Defendant | **ROAD TRANSPORT & GENERAL INSUR** |
| Defendant | **ROYAL INSURANCE COMPANY LIMITE** |
| Defendant | **SCOTTISH LION INSURANCE COMPAN** |
| Defendant | **SICKLER BONGER & CO QQ** |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Case 16-03127-rld    Doc 95    Filed 11/30/16

| | |
|---|---|
| Defendant | **SIRIUS ( U K) INSURANCE PLC** |
| Defendant | **SKANDIA MARINE INSURANCE COMPA** |
| Defendant | **SOUTH BRITISH INSURANACE COMPA** |
| Defendant | **SPHERE DRAKE INSURANCE CO PLC** |
| Defendant | **SPHERE DRAKE INSURANCE COMPANY** |
| Defendant | **SPHERE INSURANCE CO LTD** |
| Representation | **ERIC J NEIMAN**<br>(971) 712-2802<br>Retained |
| Defendant | **SUMIMOTO MARINE & FIRE INSURAN** |
| Defendant | **SUN INSURANCE OFFICE** |
| Defendant | **SWISS UNION GENERAL INSURANCE** |
| Defendant | **SWITZERLAND GENERAL INSURANCE** |
| Defendant | **SWITZERLAND GENERAL INSURANCE** |
| Defendant | **THREADNEEDLE INSURANCE COMPANY** |
| Defendant | **TOLLENAAR & WEGENER** |
| Defendant | **TRANSPORTVERZEKERING MAATSCHAP** |
| Defendant | **TRAVELERS INDEMNITY COMPANY**<br>Dismissed<br>Removed: 04/07/2003 |
| Representation | **EVERETT W JACK, Jr** |

**Bloomberg Law**®            © 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

(503) 778-5218
Retained

---

| Defendant | ULSTER MARINE INSURANCE COMPAN |
|---|---|

---

| Defendant | UNITED SCOTTISH INSURANCE COMP |
|---|---|

---

| Defendant | UNITED STATES FIRE INSURANCE C |
|---|---|
| | Doing Business As: **CRUM & FORSTER HOLDINGS INC** |
| | Doing Business As: **INDUSTRIAL INDEMNITY CO** |
| | Dismissed |
| | Removed: 04/07/2003 |
| Representation | **JOHN M SILK** |
| | (206) 623-4100 |
| | Retained |

---

| Defendant | VAN ES & VAN OMMEVEN QQ |
|---|---|

---

| Defendant | VAN LENNEP & CO QQ |
|---|---|

---

| Defendant | VD LEEUW & FANOY QQ |
|---|---|

---

| Defendant | VERZEKERINGSBANK DE NIEUWE EER |
|---|---|

---

| Defendant | VOOR SYNDICAAT NO 40 GARANTIEK |
|---|---|

---

| Defendant | VOORHOEVE & SCHOUTEN QQ |
|---|---|

---

| Defendant | W DE LORME VAN ROSSEN QQ |
|---|---|

---

| Defendant | WAMBERSIE & ZOON C V O A QQ |
|---|---|

---

| Defendant | WESTPORT INSURANCE CORPORATION |
|---|---|
| | Doing Business As: **EMPLOYERS REINSURANCE CORP** |
| Representation | **JEFFREY V HILL** |
| | (503) 417-1104 |
| | Retained |

---

**Bloomberg Law**® © 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| | |
|---|---|
| Defendant | **WORLD AUXILIARY INSURANCE CORP** |

| | |
|---|---|
| Defendant | **XCF ACCEPTANCE CORPORATION**<br>Dismissed<br>Removed: 04/07/2003 |
| Representation | **James T Waldron**<br>(503) 796-2945<br>Retained |

| | |
|---|---|
| Defendant | **YASUDA FIRE & MARINE INSURANCE** |

| | |
|---|---|
| Defendant | **YORKSHIRE INSURANCE COMPANY** |

# Judgments

| Date | Amount | Status | For Party | Against Party | Date Satisfied | Comments |
|---|---|---|---|---|---|---|
| Apr 5, 2004 | $268,988.15 | Unsatisfied | Z R Z REALTY COMPANY | CERTAIN UNDERWRITERS AT LLOYDS | 04/19/2004 | Award Type: Judgment Attorney Fees<br>Total: $268988.15 |
| Apr 5, 2004 | | Unsatisfied | TUBE FORGINGS OF AMERICA INC; | | 04/19/2004 | Total: $268988.15 |
| Mar 11, 2014 | $84,358.50 | Satisfied | Z R Z REALTY COMPANY | CERTAIN UNDERWRITERS AT LLOYDS | 05/04/2014 | Award Type: Judgment Attorney Fees<br>Total: $446764.60 |
| Mar 11, 2014 | $362,406.10 | Satisfied | CERTAIN UNDERWRITERS AT LLOYDS | Z R Z REALTY COMPANY | 05/04/2014 | Award Type: Judgment Court Costs<br>Total: $446764.60 |

# Docket Entries

| Entry # | Filing Date | Description |
|---|---|---|
| BL-1 | July 22, 1988 | Memorandum - Support Motion; Comment: London Market DEFTS Memo in Response to PTFS Supplmntl Mem re;Bad Faith |
| BL-2 | Aug 8, 1997 | Complaint; Comment: Breach of Contract, Mis- representation, Fraud, Breach of the Duty of Good Faith & Fair Dealing, Unjust Enrich- ment, Reformation/Estoppel NOT SUBJ TO MAND ARBITRATION |
| BL-3 | Oct 8, 1997 | Complaint - Amended; Comment: FIRST (Breach/contract; decl jgmt; misrep.;fraud; breach of duty good faith/fair deal; un- just enrichmnt; reform./estop- pel) INAC D DEFS 1,21,22,28,29 31,33,34 &43; ADDED DEFS 46&47 |
| BL-4 | Oct 12, 1997 | Notice - Rule 7 - 63 Day |
| | Oct 15, 1997 | Motion; Comment: Designate this matter as a Complex Case w/exhibits |

**Bloomberg Law** ®

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-5 | | |
|---|---|---|
| BL-6 | Oct 16, 1997 | Service - Acceptance; Comment: (Stamped Copy) accepted by def Sec 9/8 w/summons |
| BL-7 | Oct 16, 1997 | Service - Acceptance; Comment: Accepted by atty (unable to read name) 10/15 w/summons |
| BL-8 | Oct 21, 1997 | Answer - Affirmative Defense; Comment: to 1st Amended Comp |
| BL-9 | Nov 5, 1997 | Service - Acceptance; Comment: Accepted by counsel (unable to read name) 10/24 w/summons |
| BL-10 | Nov 5, 1997 | Service - Acceptance; Comment: Accepted by atty Eric J. Nei- man 10/23 w/summons |
| BL-11 | Nov 5, 1997 | Service - Acceptance; Comment: Accepted by Consel (unable to read name) 10/20 w/summons |
| BL-12 | Nov 5, 1997 | Service - Acceptance; Comment: Accepted by counsel (unable to read name) 10/22 w/summons |
| BL-13 | Nov 5, 1997 | Service - Acceptance; Comment: Accepted by counsel (unable to read name) 10/22 w/summons |
| BL-14 | Nov 5, 1997 | Service - Acceptance; Comment: Acccepted by counsel (unable to read name) 10/24 w/summons |
| BL-15 | Nov 6, 1997 | Motion; Comment: to Admit Pro Hac Vice re Pamela Lang & Evelyn Boss of Soha & Lang Seattle WA for DEFS 3 thru 9 (1st appear fee not paid) |
| BL-16 | Nov 6, 1997 | Affidavit; Comment: of Pamela Lang |
| BL-17 | Nov 6, 1997 | Affidavit; Comment: of Evelyn Boss |
| BL-18 | Nov 6, 1997 | Order; Judicial Officer: Bearden, Frank L; Comment: Admitting Pro Hac Vice as to Pamela Lang & Evelyn Boss of Soha & Lang PS Seattle WA for Defs 3 thru 9; Court Action: Signed; Court Action Date: 11/06/1997; Judge: Frank L Bearden; Signed: 11/06/1997 |
| BL-19 | Nov 6, 1997 | Service - Acceptance; Comment: Accepted by counsel (unable to read name) 10/24 w/summons |
| BL-20 | Nov 10, 1997 | Order - Continue; Judicial Officer: LONDER, DONALD; Comment: 28 day continuance, w/Motion to Reinstate; Room: XCNT; Court Action: Signed; Court Action Date: 11/10/1997; Judge: DONALD H LONDER; Signed: 11/10/1997 |
| BL-21 | Nov 10, 1997 | Affidavit - Supporting Motion; Comment: for Continuance by Dean D Dechaine, trial atty for Ptfs |
| BL-22 | Nov 10, 1997 | Service - Acceptance; Comment: Accepted by atty (not able to read the name) 11/6 |
| BL-23 | Nov 17, 1997 | Motion; Comment: To Admit Out Of State Attorney/To Disqualify Attorney Dean CeChaine/Patricia Doast; Room: TFLB; Time: 8:30AM; Est Length of Time: 20 Minute(s) |
| BL-24 | Nov 19, 1997 | Notice - Rule 7 - 91 Day |
| BL-25 | Nov 19, 1997 | Motion; Comment: for Admissions Pro Hac Vice |
| BL-26 | Nov 19, 1997 | Affidavit - Supporting Motion; Comment: for Admissions Pro Hac Vice by Robert M Horkovich, atty, with attached |
| BL-27 | Nov 19, 1997 | Affidavit - Supporting Motion; Comment: for Admission Pro Hac Vice by Steven Dolmanisth, atty, with attached |
| BL-28 | Nov 19, 1997 | Affidavit - Supporting Motion; Comment: for Admission Pro Hac Vice by Edward J Stein, atty, with attached |
| BL-29 | Nov 19, 1997 | Certificate - Service; Comment: Motion for Admissions Pro Hac Vice & Affidavits upon persons listed in file by mail on 11/18/97 |
| BL-30 | Nov 19, 1997 | Certificate - Service; Comment: by mailing on the Director of Oregon Dept of Consumer 11/19 |
| BL-31 | Nov 19, 1997 | Certificate - Service; Comment: by mailing on the Director of Oregon Dept of Consumer 11/19 |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-32 | Nov 19, 1997 | Certificate - Service; Comment: by mailing on the Director of OR Dept of Consumer 11/19 |
| BL-33 | Nov 19, 1997 | Certificate - Service; Comment: by mailing on the Director of OR Dept of Consumer 11/19 |
| BL-34 | Nov 19, 1997 | Certificate - Service; Comment: by mailing on the Director of OR Dept of Consumer 11/19 |
| BL-35 | Nov 19, 1997 | Certificate - Service; Comment: by mailing on the Director of Oregon Dept of Consumer 11/19 |
| BL-36 | Nov 20, 1997 | Proof - Service; Comment: Serving Tracy Wasson, clerk 11/14 w/summons |
| BL-37 | Nov 20, 1997 | Proof - Service; Comment: Serving Sandy Youngers, Auth to accept 11/5 w/summons |
| BL-38 | Nov 20, 1997 | Proof - Service; Comment: Serving Sandy Youngers, person in charge 11/5 w/summons |
| BL-39 | Nov 20, 1997 | Proof - Service; Comment: Serving Jerry Packman, R/A 11/11 w/summons |
| BL-40 | Nov 20, 1997 | Proof - Service; Comment: Serving Sandy Youngers, person in charge 11/5 w/summons |
| BL-41 | Nov 20, 1997 | Proof - Service; Comment: Serving Sandy Youngers 11/5 w/ summons |
| BL-42 | Nov 20, 1997 | Proof - Service; Comment: SErving Patty McGriff, clerk 11/11 w/summons |
| BL-43 | Nov 20, 1997 | Certificate - Service; Comment: by mail 11/20 |
| BL-44 | Nov 20, 1997 | Proof - Service; Comment: Serving Sheila Ho, clerk 11/11 w/summons |
| BL-45 | Nov 20, 1997 | Certificate - Service; Comment: by mail 11/20 |
| BL-46 | Nov 20, 1997 | Proof - Service; Comment: Serving Sandy Youngers 11/5 w/summons |
| BL-47 | Nov 20, 1997 | Proof - Service; Comment: Serving Sandy Youngers 11/5 w/summons |
| BL-48 | Nov 20, 1997 | Proof - Service; Comment: Serving Sandy Youngers 11/5 w/ summons |
| BL-49 | Nov 20, 1997 | Proof - Service; Comment: Serving Sandy Youngers 11/5 w/summons |
| BL-50 | Nov 20, 1997 | Proof - Service; Comment: Serving Jerry Packam, R/A 11/ 11 w/summons |
| BL-51 | Nov 20, 1997 | Proof - Service; Comment: Serving Sandy Youngers 11/5 w/ summons |
| BL-52 | Nov 20, 1997 | Proof - Service; Comment: Serving Sandy Youngers 11/5 w/ summons |
| BL-53 | Nov 20, 1997 | Proof - Service; Comment: Serving Sandy Youngers 11/5 w/ summons |
| BL-54 | Nov 20, 1997 | Proof - Service; Comment: Serving Sandy Youngers 11/5 w/summons |
| BL-55 | Nov 20, 1997 | Proof - Service; Comment: Serving Sandy Youngers 11/5 w/summons |
| BL-56 | Nov 20, 1997 | Proof - Service; Comment: Serving Sandy Youngers 11/5 w/ summons |
| BL-57 | Nov 25, 1997 | Motion; Comment: Disqualify PTFS Counsel |
| BL-58 | Nov 25, 1997 | Memorandum - Support Motion |
| BL-59 | Nov 25, 1997 | Affidavit; Comment: of Robert L Wainess |
| BL-60 | Nov 25, 1997 | Affidavit; Comment: of Gary L Leshko |
| BL-61 | Nov 25, 1997 | Affidavit; Comment: of Fred Gregory |
| BL-62 | Nov 25, 1997 | Proof - Service |
| BL-63 | Nov 28, 1997 | Letter; Comment: Dated 11/26/97 TO: Circuit Ct. FROM: Patricia Dost RE: Inad- vertently omitting exhibit 1 w/attached |
| BL-64 | Dec 2, 1997 | Order - Designating Complex Case; Judicial Officer: Keys, William J; Comment: DESIGNATING COMPLEX CASE AND ASSIGN TO JG NELY L JOHNSON; Room: CPX ; |

**Bloomberg Law**®   © 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| | | Time: 9:12AM; Court Action: Signed; Court Action Date: 12/02/1997; Judge: William J Keys; Signed Date: 12/02/1997 |
|---|---|---|
| BL-65 | Dec 2, 1997 | Assignment - Trial Judge; Judicial Officer: JOHNSON, NELY; Comment: COMPLEX CASE; Room: TNLJ; Event Status: Cancelled |
| BL-66 | Dec 2, 1997 | Letter; Comment: to Judge Londer from Dean DeChaine dated 12/1/97 re: list of attorneys representing parties |
| BL-67 | Dec 4, 1997 | Motion - Change Judge; Comment: (Judge Nely Johnson) |
| BL-68 | Dec 4, 1997 | Affidavit; Comment: of Thomas A Gordon |
| BL-69 | Dec 4, 1997 | Memorandum - Opposing Motion; Comment: for Admission Pro Hac |
| BL-70 | Dec 9, 1997 | Order - Changing Judge; Judicial Officer: Keys, William J; Comment: ALLOWED; Court Action: Signed; Court Action Date: 12/09/1997; Judge: William J Keys; Signed: 12/09/1997 |
| BL-71 | Dec 17, 1997 | Order - Continue; Judicial Officer: Keys, William J; Comment: 60 days for service on defs/ case designated complex case on 12/2/97/now assigned to Judge Wm J Keys; Court Action: Granted; Court Action Date: 12/17/1997 |
| BL-72 | Dec 17, 1997 | Affidavit - Supporting Motion |
| BL-73 | Dec 19, 1997 | Order - Designating Complex Case; Judicial Officer: Bearden, Frank L; Comment: AMENDED DESIGNATING COMPLEX CASE AND REASSIGN TO JG WILLIAM J. KEYS; Room: CPX ; Time: Jan 1 1900 10:07AM; Court Action: Signed; Court Action Date: 12/19/1997; Judge: Frank L Bearden; Signed Date: 12/19/1997 |
| BL-74 | Dec 19, 1997 | Assignment - Trial Judge |
| BL-75 | Dec 19, 1997 | Assignment - Trial Judge; Judicial Officer: Keys, William J; Comment: COMPLEX CASE; Room: TWJK |
| BL-76 | Dec 19, 1997 | Other; Comment: Master Service List Dec 18, 1997 |
| BL-77 | Dec 19, 1997 | Notice; Comment: of Status Conference |
| BL-78 | Dec 19, 1997 | Affidavit - Service; Comment: Pursuant to ORS 731.34 and ORS 60.121 Re: service on def 20 w/attached |
| BL-79 | Dec 23, 1997 | Proof - Service; Comment: (alias) Serving Tracy Wasson, clerk 11/14 w/summons |
| BL-80 | Dec 23, 1997 | Certificate - Service; Comment: of office service 11/14 and mailed 12/23 |
| BL-81 | Dec 29, 1997 | Proof - Service; Comment: Serving G Jones 12/9 w/summons |
| BL-82 | Feb 2, 1998 | Hearing - Further Proceedings; (9:00 AM) ; Comment: STATUS CONFERENCE (2 HOURS) |
| BL-83 | Feb 6, 1998 | Other; Comment: Master Service List (Feb 6,1998); Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC |
| BL-84 | Feb 6, 1998 | Other; Comment: Record of Status Conference Held Feb 2, 1998; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC |
| BL-85 | Feb 9, 1998 | Complaint - Amended; Comment: SECOND (br/contract;decl jgmt; misrep; fraud; contract I bad faith cl-handling; common law/ tort bad faith clms-handling; unjust enrich &reformation) w/ attached CONTINUED ON EVENT 87 |
| BL-86 | Feb 9, 1998 | Miscellaneous; Comment: CONTINUED FROM EVENT 86 adding & certain John Doe Ins Com- panies, Defs 48&49, INACTIVA- TED DEFS 2,5,7,12,13,25,27,42 & 45, ADDED AKA s 48&49; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC |
| BL-87 | Mar 2, 1998 | Motion; Comment: Make More Definate & Certain Everett Jack Court Reporter Needed OFF PER JACK; Room: TWJK; Time: 8:30AM; Event Status: Cancelled; Est Length of Time: 10 Minute(s) |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-88 | Mar 2, 1998 | Motion - Rule 21; Comment: Make More Definite & Certain w/exhibits |
| BL-89 | Mar 2, 1998 | Certificate - Compliance; Comment: w/UTCR 5.010 |
| BL-90 | Mar 2, 1998 | Motion - Rule 21 |
| BL-91 | Mar 2, 1998 | Memorandum - Support Motion; Comment: w/exhibits |
| BL-92 | Mar 3, 1998 | Motion; Comment: for Order Permitting Associa- tion of Counsel |
| BL-93 | Mar 3, 1998 | Affidavit - Supporting Motion; Comment: for Order Permitting Associa- tion of Counsel by John M Silk |
| BL-94 | Mar 3, 1998 | Affidavit - Supporting Motion; Comment: for Order Permit g Association of counsel by Dennis Smith of the WA State Bar, w/attached |
| BL-95 | Mar 3, 1998 | Affidavit - Opposing Motion; Comment: to Disqualify Ptfs Counsel by non-party XCF Acceptance Corp submitted by Edward J Stein , atty, w/attached exhibits |
| BL-96 | Mar 3, 1998 | Affidavit - Opposing Motion; Comment: to Disqualify Ptfs Counsel by non-party XCF Acceptance Corp submitted by Richard J McCain of Ptf corp, w/attached exhibs |
| BL-97 | Mar 3, 1998 | Affidavit - Opposing Motion; Comment: to Disqualify Ptfs Counsel by non-party XCF Acceptance Corp submitted by Nicholas J Zoog- man, atty, w/attached exhibit |
| BL-98 | Mar 3, 1998 | Affidavit - Opposing Motion; Comment: to Disqualify Ptfs Counsel by non-party XCF Acceptance Corp submitted by Donis Wolff of Anderson Kill & Olick P.C. |
| BL-99 | Mar 3, 1998 | Affidavit - Opposing Motion; Comment: to Disqualify Ptfs Counsel by non-party XCF Acceptance Corp submitted by Steven J Dolman- isth, atty |
| BL-100 | Mar 3, 1998 | Affidavit - Opposing Motion; Comment: to Disqualify Ptfs Counsel by non-party XCF Acceptance Corp submitted by Robert M Horko- vich, atty, w/attached exhibit |
| BL-101 | Mar 3, 1998 | Opposition; Comment: to non-party XCF Acceptance Corp s Motion to Disqualify Ptfs counsel,; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC |
| BL-102 | Mar 3, 1998 | Affidavit; Comment: of William G Passannante, atty |
| BL-103 | Mar 3, 1998 | Affidavit; Comment: of Lawrence Kill, atty, with attached exhibits |
| BL-104 | Mar 3, 1998 | Other; Comment: Master Service List of counsel in this case as of 3/3/98 |
| BL-105 | Mar 3, 1998 | Order; Judicial Officer: Keys, William J; Comment: ALLOWING Dennis Smith to assoc -iate as counsel for U.S. Fire Ins Co; Court Action: Signed; Court Action Date: 03/02/1998; Judge: William J Keys; Signed: 03/02/1998 |
| BL-106 | Mar 3, 1998 | Motion; Comment: Join Lloyd s rule 21 |
| BL-107 | Mar 3, 1998 | Order; Judicial Officer: Keys, William J; Comment: with Motion GRANTING Thomas S James Jr permission to appear pro hac vice as atty for Def Travelers Indemnity Co; Court Action: Signed; Court Action Date: 03/02/1998; Judge: William J Keys; Signed: 03/02/1998 |
| BL-108 | Mar 3, 1998 | Affidavit - Supporting Motion; Comment: & Order for Out-of-State coun- sel pro hac vice by Thomas S James Jr, marked Exhibit A, with attached |
| BL-109 | Mar 3, 1998 | Affidavit - Supporting Motion; Comment: & Order for Out-of-State coun- sel pro hac vice submitted by Everett Jack Jr,marked exhib B |
| BL-110 | Mar 3, 1998 | Motion; Comment: for Admission Pro Hac Vice |
| BL-111 | Mar 3, 1998 | Order; Judicial Officer: Keys, William J; Comment: ADMITTING Mark E Johnson & Tammy L Lewis as attorneys pro hac vice for Lloyds; Court Action: Signed; Court Action Date: 03/02/1998; Judge: William J Keys; Signed: 03/02/1998 |
| BL-112 | Mar 4, 1998 | Motion - Rule 21 |
| BL-113 | Mar 6, 1998 | Miscellaneous; Comment: Mo21 ret d to atty for 1st appear fees; Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Case 16-03127-rld   Doc 95   Filed 11/30/16

| BL-114 | Mar 6, 1998 | Motion - Rule 21 |
|---|---|---|
| BL-115 | Mar 9, 1998 | Miscellaneous; Comment: Mo21(joinder)ret d to atty for 1st appear fees; Defendant: BELLEFONTE RE INSURANCE COMPAN |
| BL-116 | Mar 9, 1998 | Other; Comment: Joinder of Def United States Fire Ins Co in the Rule 21 Motions of Defs Lloyd s and Travelers; Defendant: UNITED STATES FIRE INSURANCE C |
| BL-117 | Mar 9, 1998 | Other; Comment: Declaration of Service re: Joinder of Def U.S. Fire Ins. Co in the Rule 21 Motions of Defs Lloyds & Travelers to counsel listed by mail 3/5/98 (with attached); Defendant: UNITED STATES FIRE INSURANCE C |
| BL-118 | Mar 10, 1998 | Appearance; Comment: Beneficial Fire & Casualty Ins Co s Joinder to Rule 21 Motion submitted by Lloyd s Defs & to the Rule 21D Motion submitted by the Travelers |
| BL-119 | Mar 10, 1998 | Motion - Rule 21 |
| BL-120 | Mar 19, 1998 | Memorandum - Support Motion; Comment: Reply re Motion Disqualify Ptf Counsel |
| BL-121 | Mar 19, 1998 | Affidavit; Comment: of Robert L Wainess Supplemental |
| BL-122 | Mar 23, 1998 | Certificate - Service; Comment: Serving Patty McGriff, person in charge 3/17 w/summons |
| BL-123 | Mar 24, 1998 | Memorandum - Opposing Motion; Comment: consolidated re: Rule 21 Motions |
| BL-124 | Mar 24, 1998 | Other; Comment: unreported decisions/rulings referred to in Ptfs consolida- ted Memo in Opposition to Defs Rule 21 Motions, with attached; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC |
| BL-125 | Mar 26, 1998 | Certificate - Service; Comment: office service by mailing 3/24 w/summons |
| BL-126 | Mar 27, 1998 | Memorandum - Opposing Motion; Comment: to Rule 21 Motion of Defs.3 & 14 |
| BL-127 | Mar 30, 1998 | Hearing - Motion; (1:30 PM) Result: Cancelled; Cancelled; Comment: MOTION TO DISQUALIFY ATTORNEY (2 HOURS); ; Event Status: Cancelled |
| BL-128 | Mar 31, 1998 | Hearing - Motion; (10:00 AM) Result: Cancelled; Cancelled; Comment: MOTION TO DISQUALIFY ATTORNEY (2 HOURS); ; Event Status: Cancelled |
| BL-129 | Apr 1, 1998 | Memorandum - Opposing Motion; Comment: Rule 21 (condensed consoli- dated) |
| BL-130 | Apr 1, 1998 | Other; Comment: Master Service List (4/1/98); Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC |
| BL-131 | Apr 2, 1998 | Reply; Comment: to Rule 21 motion |
| BL-132 | Apr 2, 1998 | Reply; Comment: in support of Rule 21 motions for & by Lloyds defs |
| BL-133 | Apr 3, 1998 | Hearing - Motion; (9:00 AM) Result: Cancelled; Cancelled; Comment: RULE 21 MOTIONS (3 HOURS); ; Event Status: Cancelled |
| BL-134 | Apr 7, 1998 | Hearing - Motion; (9:00 AM) ; Comment: RULE 21 MOTIONS (3 HOURS) |
| BL-135 | Apr 20, 1998 | Other; Comment: Master Service List (4/17/98); Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC |
| BL-136 | Apr 21, 1998 | Miscellaneous; Comment: Appearance of deft ret d to atty for 1st appear fees; Defendant: LANGEVELDT DE VOS DE WAAL & ZO |
| BL-137 | Apr 23, 1998 | Motion; Comment: for Admission PRO HAC VICE of Joseph L Ruby |
| BL-138 | Apr 23, 1998 | Affidavit; Comment: of Joseph L Ruby w/attachments |
| BL-139 | Apr 23, 1998 | Certificate - Mailing; Comment: Motion for admission by mail 4/23 |
| BL-140 | Apr 23, 1998 | Motion; Comment: for Admission Pro Hac Vice |

**Bloomberg Law**®  © 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-141 | Apr 27, 1998 | Affidavit - Supporting Motion; Comment: for Admission Pro Hac Vice by Joseph L Ruby, atty, w/attachd |
| BL-142 | Apr 27, 1998 | Order; Judicial Officer: Keys, William J; Comment: GRANTING Admission of Joseph L Ruby to appear pro hac vice for Maine Bonding; Court Action: Signed; Court Action Date: 04/24/1998; Judge: William J Keys; Signed: 04/24/1998 |
| BL-143 | Apr 27, 1998 | Certificate - Mailing; Comment: Def 23 s Motion for Admission Pro Hac Vice of Joseph L Ruby & Order Grant g Admission upon persons listed in file by mail on 4/23/98 |
| BL-144 | Apr 30, 1998 | Certificate - Mailing; Comment: Proposed Order re Rule 21 Motions heard 4/7/98 on the current Master Service List (4/17/98) on 4/20/98 |
| BL-145 | May 1, 1998 | Motion; Comment: Out of State Counsel Cathy L Croshaw |
| BL-146 | May 1, 1998 | Affidavit; Comment: of Cathy L Croshaw to appear PRO HAC VICE w/exhibits |
| BL-147 | May 1, 1998 | Motion; Comment: for Admission of Out of State Counsel,James A Goniea |
| BL-148 | May 1, 1998 | Affidavit; Comment: of James A Goniea,PRO HAC VICE w/exhibits |
| BL-149 | May 1, 1998 | Order - Rule 21; Judicial Officer: Keys, William J; Comment: (heard 4/7/98) Motion to Dis- miss 3rd cl/relief GRANTED IN PART/DENIED IN PART, 6th & 7th claims GRANTED, claims #5 & 8 DENIED SEE FILE FOR ADDITIONAL INFO; Court Action: Signed; Court Action Date: 04/30/1998; Judge: William J Keys; Signed: 04/30/1998 |
| BL-150 | May 11, 1998 | Motion; Comment: for Admission of Mr Goniea as out of state counsel pro hac vice, with attached |
| BL-151 | May 11, 1998 | Motion; Comment: for admission of Ms Crowshaw as out of state counsel pro hac vice, with attached |
| BL-152 | May 11, 1998 | Order; Judicial Officer: Keys, William J; Comment: California attorneys Cathy L Croshaw & James A Goniea are admitted pro hac vice; Court Action: Signed; Court Action Date: 05/11/1998; Judge: William J Keys; Signed: 05/11/1998 |
| BL-153 | May 15, 1998 | Other; Comment: Table of Contents to Third Amended Complaint |
| BL-154 | May 15, 1998 | Complaint - Amended; Comment: THIRD (Breach/Contract; decl jgmt; misrepresentation;fraud; contractual bad faith claims - handling; & reformation) ADDED DEFS 50 &51 (w/attached exhib) NOT SUBJ/MANDATORY ARBITRATION |
| BL-155 | May 21, 1998 | Judgment - Dismissal; Judicial Officer: Keys, William J; Comment: w/prejudice & w/o costs or atty fees re Def 11 & Def 26; Court Action: Stipulated; Court Action Date: 05/20/1998; ; DEF:GRANITE STATE INSURANCE COMPAN; DEF:NATIONAL UNION FIRE INSURANCE; JUD:KEYS WILLIAM J; PTF:Z R Z REALTY COMPANY |
| BL-156 | May 25, 1998 | Notice - Judgment Entry |
| BL-157 | June 5, 1998 | Answer - Affirmative Defense |
| BL-158 | June 9, 1998 | Hearing - Further Proceedings; (1:30 PM) ; Comment: STATUS CONFERENCE TO DISCUSS CASE MANAGEMENT (1/2 HOUR) |
| BL-159 | June 16, 1998 | Order - Dismissal; Judicial Officer: Keys, William J; Comment: of Def Langeveldt De Vos, De Waal & Zoon ALLOWED, without prejudice & without costs; Court Action: Signed; Court Action Date: 06/15/1998; Judge: William J Keys; Signed: 06/15/1998 |
| BL-160 | June 19, 1998 | Answer - Affirmative Defense; Comment: to 3rd Amended Comp |
| BL-161 | June 19, 1998 | Answer - Affirmative Defense |
| BL-162 | June 19, 1998 | Answer - Affirmative Defense |
| BL-163 | June 19, 1998 | Answer - Affirmative Defense; Comment: & Counterclaim |
| BL-164 | June 19, 1998 | Answer - Affirmative Defense |
| BL-165 | June 22, 1998 | Answer - Affirmative Defense; Comment: to 3rd amended complaint |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-166 | June 22, 1998 | Other; Comment: Master Service List (June 22,1998); Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC |
| --- | --- | --- |
| BL-167 | June 22, 1998 | Answer; Comment: (no Oregon atty named) |
| BL-168 | June 23, 1998 | Response; Comment: to Ptfs Second Request for Production of Documents |
| BL-169 | June 26, 1998 | Answer - Affirmative Defense; Comment: to 3rd Amended Comp |
| BL-170 | June 26, 1998 | Answer - Affirmative Defense; Comment: to 3rd Amended Comp |
| BL-171 | June 26, 1998 | Answer; Comment: to 4th Amended Comp |
| BL-172 | June 29, 1998 | Answer - Amended; Comment: Affirmative Defenses,to 3rd Amended Comp |
| BL-173 | June 29, 1998 | Answer - Affirmative Defense |
| BL-174 | June 30, 1998 | Order; Judicial Officer: Keys, William J; Comment: case management; Court Action: Signed; Court Action Date: 06/29/1998; Judge: William J Keys; Signed: 06/29/1998 |
| BL-175 | July 2, 1998 | Answer - Affirmative Defense |
| BL-176 | July 2, 1998 | Answer - Affirmative Defense |
| BL-177 | July 8, 1998 | Reply; Comment: to the Affirmative Defenses of Def Sphere Ins Co |
| BL-178 | July 8, 1998 | Reply; Comment: to the Affirmative Defenses & Counterclaims of Defs Century Indemnity Co, Highlands Ins Co & Century Indemnity Co |
| BL-179 | July 8, 1998 | Reply; Comment: to the Affirmative Defenses of Def Westport Ins Corp |
| BL-180 | July 8, 1998 | Reply; Comment: to the Affirmative Defenses of Def Employers Mutual Casualty Co |
| BL-181 | July 8, 1998 | Reply; Comment: to the Affirmative Defenses of Def RLI Ins Co |
| BL-182 | July 8, 1998 | Reply; Comment: to the Affirmative Defenses & Counterclaim of Defs Certain Underwriters at Lloyd s & Cer- tain Market Companies |
| BL-183 | July 8, 1998 | Reply; Comment: to the Affirmative Defenses of Def The Home |
| BL-184 | July 8, 1998 | Reply; Comment: to the Affirmative Defenses of Certain Underwriters subscrib- ing to the policies of insur- ance issued by J Henrijean & SES Fils (Brussels) (the Hen- rijean Haenecour Underwriters) |
| BL-185 | July 8, 1998 | Reply; Comment: to the Affirmative Defenses of Def Maine Bonding & Casualty Ins Co |
| BL-186 | July 8, 1998 | Reply; Comment: to the Affirmative Defenses of Defs Continental Ins Co and Glens Falls Ins Co (CNA) |
| BL-187 | July 8, 1998 | Reply; Comment: to the Affirmative Defenses of Def U.S. Fire Ins Co |
| BL-188 | July 8, 1998 | Reply; Comment: to the Affirmative Defenses of Def Travelers Indemnity Co |
| BL-189 | July 13, 1998 | Order; Judicial Officer: Ellis, James R; Comment: letter from Thomas M Jones dated 7/9/98 re Judgment of Dismissal & request to remove Cozen & O Connor from mailing lists allowed; Court Action: Signed; Court Action Date: 07/22/1998; Judge: James R Ellis; Signed: 07/22/1998 |
| BL-190 | July 16, 1998 | Hearing - Motion; (2:00 PM) Result: Cancelled; Cancelled; Comment: RULE 21 MOTION AGAINST COMPLAINT (2 HOURS); ; Event Status: Cancelled |
| BL-191 | Aug 4, 1998 | Order; Judicial Officer: Keys, William J; Comment: PROTECTIVE - documents & other confidential material to be marked accordingly, shown only to persons listed in file and used only for this litigation, w/attached- SEE FILE FOR ADD L; Court Action: Signed; Court Action Date: 06/24/1998; Judge: William J Keys; Signed: 06/24/1998 |
| BL-192 | Aug 6, 1998 | Hearing - Motion; (1:30 PM) Result: Cancelled; Cancelled; Comment: RULE 21 MOTION AGAINST ANSWER (2 HOURS); ; Event Status: Cancelled |

**Bloomberg Law**®  © 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-193 | Sept 4, 1998 | Other; Comment: Master Service List of counsel |
|---|---|---|
| BL-194 | Sept 8, 1998 | Judgment - Dismissal; Judicial Officer: Keys, William J; Comment: STIPULATED, with prejudice and without costs re Defs 24,32 & 41 (only); Court Action: Signed; Court Action Date: 09/08/1998; ; DEF:MANHATTAN FIRE AND MARINE INSU; DEF:PURITAN INSURANCE COMPANY; DEF:WESTPORT INSURANCE CORPORATION; JUD:KEYS WILLIAM J; PTF:Z R Z REALTY COMPANY; PTF:ZIDELL REMEDIATION FUNDING; PTF:ZIDELL MARINE CORPORATION; PTF:TUBE FORGINGS OF AMERICA INC; Signed: 09/08/1998 |
| BL-195 | Sept 10, 1998 | Notice - Judgment Entry |
| BL-196 | Oct 1, 1998 | Hearing - Further Proceedings; (1:30 PM) ; Comment: SETTLEMENT DISCUSSION (15 MINUTES) |
| BL-197 | Oct 9, 1998 | Motion; Comment: RENEWED,for Admiss Pro Hac Vic |
| BL-198 | Oct 9, 1998 | Withdrawal; Comment: of Motion to Disqualify Ptf Counsel and Memorandum Opposing the Admission of Ptf Counsel Pro Hac Vice |
| BL-199 | Oct 19, 1998 | Hearing - Further Proceedings; (9:00 AM) Result: Cancelled; Cancelled; Comment: CONFERENCE RE: BENEFICIAL FIRE (15 MINUTES); ; Event Status: Cancelled |
| BL-200 | Oct 20, 1998 | Hearing - Motion; (9:00 AM) ; Comment: PLAINTIFF S RENEWED MOTION FOR PRO HAC VICE (15 MINUTES) |
| BL-201 | Oct 21, 1998 | Order; Comment: ADMISSION PRO HAC VICE,for Rob ert M Horkovich,Edward J Stein & Steven J Dolmanish |
| BL-202 | Nov 17, 1998 | Hearing - Motion; (1:30 PM) Result: Cancelled; Cancelled; Comment: SUMMARY JUDGMENT MOTION (3 HOURS); ; Event Status: Cancelled |
| BL-203 | Nov 20, 1998 | Motion - Protective Order; Comment: for Deposition of Ronald L Boeve |
| BL-204 | Nov 24, 1998 | Judgment - Dismissal Stipulated; Judicial Officer: Keys, William J; Comment: w/prejudice & w/o costs or atty fees re Employers Mutual Casualty Co & Mutual Marine Office Inc; Court Action: Signed; Court Action Date: 11/24/1998; ; DEF:EMPLOYERS MUTUAL CASUALTY COMP; JUD:KEYS WILLIAM J; PTF:Z R Z REALTY COMPANY; Signed: 11/24/1998 |
| BL-205 | Nov 30, 1998 | Notice - Judgment Entry |
| BL-206 | Dec 4, 1998 | Other; Comment: Master Service List (December 3, 1998); Plaintiff: Z R Z REALTY COMPANY |
| BL-207 | Dec 4, 1998 | Request - Admission |
| BL-208 | Dec 10, 1998 | Judgment - Dismissal Stipulated; Judicial Officer: Keys, William J; Comment: w/prejudice & w/o costs or attorney fees re defs 2/44/48; Court Action: Signed; Court Action Date: 12/09/1998; ; DEF:BENEFICIAL FIRE AND CASUALTY; DEF:XCF_ACCEPTANCE CORPORATION; DEF:JC_PENNEY LIFE INSURANCE CO; JUD:KEYS WILLIAM J; PTF:Z R Z REALTY COMPANY; Signed: 12/09/1998 |
| BL-209 | Dec 14, 1998 | Notice - Judgment Entry |
| BL-210 | Jan 7, 1999 | Hearing - Further Proceedings; (10:00 AM) ; Comment: STATUS CONFERENCE (30 MINUTES) |
| BL-211 | Jan 19, 1999 | Objection; Comment: of Century West Engineering Co to Subpoena Duces TEcum |
| BL-212 | Feb 4, 1999 | Motion - Compel Production; Comment: of Docs w/exhibits |
| BL-213 | Feb 5, 1999 | Motion; Comment: to Extend Discovery Cutoff |
| BL-214 | Feb 5, 1999 | Affidavit; Comment: of John Folawn w/exhibits |
| BL-215 | Feb 8, 1999 | Motion; Comment: for pro hac vice admission for Certain Underwriters at Lloyds of London & Certain London Market Insurance Co |
| BL-216 | Feb 8, 1999 | Affidavit - Supporting Motion; Comment: Richard F Allen |
| | Feb 8, 1999 | Order; Judicial Officer: Ellis, James R; Comment: for pro hac vice admission of Richard F Allen |

**Bloomberg Law**®          © 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-217 | | Washington St attorney for participation & preparation of trial; Court Action: Signed; Court Action Date: 02/08/1999; Judge: James R Ellis; Signed: 02/08/1999 |
|---|---|---|
| BL-218 | Feb 8, 1999 | Order; Judicial Officer: Ellis, James R; Comment: w/Mot & Aff to take out of state depo w/attachment; Court Action: Signed; Court Action Date: 02/08/1999; Judge: James R Ellis; Signed: 02/08/1999 |
| BL-219 | Feb 8, 1999 | Judgment - Dismissal; Comment: w/ORCP 54A1 Notice as to def Travelers Indemnity Insurance Co w/o prejudice /s/Judge William J Keys no sig date; ; PTF:Z R Z REALTY COMPANY |
| BL-220 | Feb 9, 1999 | Affidavit - Service; Comment: (copy) motion praecipe on 2/4/99 |
| BL-221 | Feb 10, 1999 | Notice - Judgment Entry |
| BL-222 | Feb 16, 1999 | Motion - Compel Production; Comment: of Docs & Knowledgeable Witnesses from Def Maine Bond- ing & Casualty Co |
| BL-223 | Feb 16, 1999 | Memorandum - Reply; Comment: in Support of Lloyd s and London Market Def s Motion to Compel |
| BL-224 | Feb 16, 1999 | Response; Comment: To Lloyds & London Market Comp Def s Motion to Compel Product of Financial Records |
| BL-225 | Feb 16, 1999 | Response; Comment: to Lloyds & London Market Comp Def s Motion to Compel Product of Settlement Agreement w/attached |
| BL-226 | Feb 16, 1999 | Affidavit; Comment: Of Dean D Dechaine In Suport of Ptf s Response to Lloyds & London Market Company Def s Motion to compel Production of Settlement Agreements & Financial Records |
| BL-227 | Feb 17, 1999 | Hearing - Motion; (9:30 AM) ; Comment: MOTION TO COMPEL (30 MINUTES) |
| BL-228 | Feb 19, 1999 | Motion - Compel Production; Comment: FIRST,of Document by London Market DEFTS w/exhibits |
| BL-229 | Feb 23, 1999 | Motion - Compel Production; Comment: in response to CNA s second request for production |
| BL-230 | Feb 23, 1999 | Motion - Compel Production; Comment: production of documents |
| BL-231 | Feb 23, 1999 | Affidavit; Comment: of Russel W. Pike in support of DEF CNA s motion to compel production in response to CNA s second request for production w/ attached |
| BL-232 | Feb 24, 1999 | Motion; Comment: Admission of Marilyn E Kerst PRO HAC VICE |
| BL-233 | Feb 24, 1999 | Affidavit; Comment: of Marilyn E Kerst w/exhibits |
| BL-234 | Feb 25, 1999 | Motion; Comment: for pro hac vice admission of Cathy Ann Spicer Washington St atty for defs Lloyds & London Market Companies |
| BL-235 | Feb 25, 1999 | Affidavit - Supporting Motion; Comment: Cathy Ann Spicer |
| BL-236 | Feb 25, 1999 | Order; Judicial Officer: Ellis, James R; Comment: granting pro hac vice admissn of Washington St attorney Cathy Ann Spicer; Court Action: Signed; Court Action Date: 02/25/1999; Judge: James R Ellis; Signed: 02/25/1999 |
| BL-237 | Feb 25, 1999 | Motion; Comment: for pro hac vice admission of Patrick R Okell Washington St for Certain Underwriters at Lloyds of London |
| BL-238 | Feb 25, 1999 | Affidavit - Supporting Motion; Comment: Patrick R Okell |
| BL-239 | Feb 25, 1999 | Order; Judicial Officer: Ellis, James R; Comment: granting pro hac vice admissn of Washington State attorney; Court Action: Signed; Court Action Date: 02/25/1999; Judge: James R Ellis; Signed: 02/25/1999 |
| BL-240 | Feb 25, 1999 | Order; Judicial Officer: Ellis, James R; Comment: w/motion & affidavit for commission to take o state deposition in NY State Burrough of Manhattan to be effective 45 days from date of signing by clerk; Court Action: Signed; Court Action Date: 02/25/1999; Judge: James R Ellis; Signed: 02/25/1999 |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-241 | Mar 1, 1999 | Memorandum - Opposing Motion; Comment: to Compel Production of Documents and Acknowledgeable Witness |
| BL-242 | Mar 1, 1999 | Affidavit; Comment: of Marilyn Kerst w/attached |
| BL-243 | Mar 3, 1999 | Order; Judicial Officer: Keys, William J; Comment: granting admission pro hac vice to marilyn E Kerst; Court Action: Signed; Court Action Date: 03/03/1999; Judge: William J Keys; Signed: 03/03/1999 |
| BL-244 | Mar 4, 1999 | Affidavit; Comment: of Therese Hansen |
| BL-245 | Mar 4, 1999 | Order; Judicial Officer: Ellis, James R; Comment: admitting pro hac vice Theresa Hansen of Soha & Lang PS of Seattle; Court Action: Signed; Court Action Date: 03/04/1999; Judge: James R Ellis; Signed: 03/04/1999 |
| BL-246 | Mar 5, 1999 | Motion; Comment: admit Therese Hansen pro hac vice |
| BL-247 | Mar 5, 1999 | Hearing - Further Proceedings; (11:00 AM) ; Comment: STATUS/DISCOVERY CONFERENCE (1 HOUR) |
| BL-248 | Mar 8, 1999 | Motion - Compel Production; Comment: 2nd; of Documents by the London Market Defs w/exhibits |
| BL-249 | Mar 8, 1999 | Hearing - Further Proceedings; (9:00 AM) Result: Cancelled; Cancelled; Comment: STATUS/DISCOVERY CONFERENCE (3 HOURS) (reset to 3/12/99); ; Event Status: Cancelled |
| BL-250 | Mar 9, 1999 | Response; Comment: London Market Defendants To Ptfs 1st Motion to Compel Production of Documents w/attached |
| BL-251 | Mar 10, 1999 | Order; Judicial Officer: Keys, William J; Comment: w/motion to allow ptfs opposit ion to CNA motion strike confi dential designation of ptfs environmental consultants report to be filed under seal; Court Action: Signed; Court Action Date: 03/09/1999; Judge: William J Keys; Signed: 03/09/1999 |
| BL-252 | Mar 10, 1999 | Opposition; Comment: to CNA motion strike confident ial designation of ptfs enviro nmental consultants report; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC |
| BL-253 | Mar 10, 1999 | Opposition; Comment: to CNA s Motion to Compel Production of Documents (Non-Moody Avenue Properties) w/attached; Plaintiff: Z R Z REALTY COMPANY |
| BL-254 | Mar 11, 1999 | Order; Judicial Officer: BERGMAN, LINDA; Comment: w/Motion and Affidavit for Commission to Take Out of State Depsition; Commission Shall be Effective 60 days from the Date of Signing by the Clerk; Court Action: Signed; Court Action Date: 03/11/1999; Judge: LINDA LOUISE BERGMAN; Signed: 03/11/1999 |
| BL-255 | Mar 11, 1999 | Motion - Protective Order; Comment: re: 3 ORCP 39C.(6) Deposition Notices re: Insurance w/exhibits |
| BL-256 | Mar 11, 1999 | Response; Comment: to CNA s Motion to Compel Prod of Docs (2nd request for Production) |
| BL-257 | Mar 12, 1999 | Other; Comment: Amendment to defs oppo to ptfs mot to compel in order to in- form court of def 23s decision not to prod discrete docs which it agreed to produce re Zidells mot to compel; Defendant: MAINE BONDING AND CASUALTY COM |
| BL-258 | Mar 12, 1999 | Hearing - Further Proceedings; (1:30 PM) ; Comment: STATUS/DISCOVERY CONFERENCE (3 HOURS) |
| BL-259 | Mar 15, 1999 | Motion; Comment: Plaint s List of Potential Pretrial Motions |
| BL-260 | Mar 15, 1999 | Reply; Comment: memo in support of PTF s 1st motion to compel prod.of docs by London Market DEF s w/attached |
| BL-261 | Mar 16, 1999 | Motion - Protective Order; Comment: Re: Amended Notice of ORCP 39C and CNA s ORCP 39C w/Attachments Oral Argument Requested |
| BL-262 | Mar 18, 1999 | Response; Comment: to Mot for Protective Ord |
| | Mar 19, 1999 | Brief; Comment: Supplemental; In Opposition To Motion To Compel Testimony; Defendant: |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Case 16-03127-rld    Doc 95    Filed 11/30/16

| BL-263 | | MAINE BONDING AND CASUALTY COM |
| --- | --- | --- |
| BL-264 | Mar 24, 1999 | Reply; Comment: Sur to Def Maine Bonding & Casualty Company s Opposition to Ptf s Motion to Compel ORCP 39C(6) Testimony |
| BL-265 | Mar 26, 1999 | Opposition; Comment: To Ptfs 2nd Motion to Compel Production of Documents w/attached; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-266 | Apr 6, 1999 | Copy; Comment: Declaration of Peter Miesner in Support of London Market Defs Opposition to Ptfs 2nd Motion to Compel Production of Documents; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-267 | Apr 6, 1999 | Hearing - Further Proceedings; (10:00 AM) ; Comment: STATUS CONFERENCE (1 HOUR) |
| BL-268 | Apr 13, 1999 | Order; Judicial Officer: Keys, William J; Comment: Appointing Discovery Referee Richard Spier,appointed; Court Action: Signed; Court Action Date: 04/13/1999; Judge: William J Keys; Signed: 04/13/1999 |
| BL-269 | Apr 16, 1999 | Order; Judicial Officer: Maurer, Jean Kerr; Comment: w/Motion & Aff for Commission to Take out of state Depo ALLOWED,shall be effective for 45 days from date of signing; Court Action: Signed; Court Action Date: 04/16/1999; Judge: Jean Kerr Maurer; Signed: 04/16/1999 |
| BL-270 | May 4, 1999 | Other; Comment: Index of Unreported, Out-Of- State, & Miscellaneous Authorities Cases |
| BL-271 | May 10, 1999 | Hearing - Further Proceedings; (9:00 AM) Result: Cancelled; Cancelled; Comment: CONFERENCE RE: DISPOSITIVE MOTIONS & PRETRIAL (3 HOURS); ; Event Status: Cancelled |
| BL-272 | May 12, 1999 | Order; Judicial Officer: Ellis, James R; Comment: w/motion & affidavit for commission to issue out of state deposition (California) effective 28 days frm signing by clerk; Court Action: Signed; Court Action Date: 05/12/1999; Judge: James R Ellis; Signed: 05/12/1999 |
| BL-273 | May 14, 1999 | Notice; Comment: of appeal of discovry referree ruling on ptf 2nd motion to compel w/attached |
| BL-274 | May 17, 1999 | Motion; Comment: for Judgment of Dismissal Under ORCP 54.A as to the Henrijean Defs w/Prejudice & Without Costs or Atty Fees |
| BL-275 | May 17, 1999 | Judgment - Dismissal; Judicial Officer: Keys, William J; Comment: as to Henrijean DEFTS w/prej & w/o costs; Court Action: Signed; Court Action Date: 05/14/1999; ; DEF:J HENRIJEAN & SES FILS AND SUB; DEF:CERTAIN SUBSCRIBING EUROPEAN I; JUD:KEYS WILLIAM J; PTF:Z R Z REALTY COMPANY; Signed: 05/14/1999 |
| BL-276 | May 19, 1999 | Notice - Judgment Entry |
| BL-277 | May 21, 1999 | Motion - Summary Judgment; Comment: Partial; RE:(1) Volunteer Payments Defense, (2) Duty to Defend and (3)Investigation Costs Oral Arguments Requested |
| BL-278 | May 21, 1999 | Memorandum - Support Motion; Comment: for Partial Summary Judgement on Certain DEFs Voluntary Payments Defense |
| BL-279 | May 21, 1999 | Memorandum - Support Motion; Comment: for Partial Summ. Jgm. that Investigation Costs are Defense Costs |
| BL-280 | May 21, 1999 | Memorandum - Support Motion; Comment: For Partial Summ. Jgm. on the Duty to Defend Under Primary General Liability Insurance Policies |
| BL-281 | May 21, 1999 | Affidavit; Comment: of Jerry B. Hodson in Supp. of Motions for Partial Summ. Judgement w/ attached exhinits |
| BL-282 | May 24, 1999 | Motion - Summary Judgment; Comment: Partial; Re:(1) Owned Property , (2)Trigger of Coverage, (3)Pollution Clean- Up Costs, (4) Known Loss |
| BL-283 | May 24, 1999 | Memorandum - Support Motion; Comment: for Part Summ jg as to Ins Co DEFTS Alleged Affirm Def |
| BL-284 | May 24, 1999 | Memorandum - Support Motion; Comment: for Part Summ Jg on Ins Co DEF that Pollution Cleanup Costs are not Damages & not Covered |
| BL-285 | May 24, 1999 | Memorandum - Support Motion; Comment: for Part Summ Jg as to the Sta ndard for Trigger of Coverage Under DEFTS Liability Ins Pol- icies |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-286 | May 24, 1999 | Memorandum - Support Motion; Comment: for Part Summ jg re:Various DEFTS Owned-Property Defense w/attachments |
| BL-287 | May 26, 1999 | Motion; Comment: for Order Allowing Sub Serv on Langeveldt Subscribing Underwriter DEFTS |
| BL-288 | May 26, 1999 | Affidavit - Supporting Motion; Comment: of Brian T Burton w/attachments |
| BL-289 | May 26, 1999 | Hearing; (9:30 AM) ; Comment: DISCOVERY APPEAL (1 HOUR) |
| BL-290 | May 27, 1999 | Order; Judicial Officer: Keys, William J; Comment: Allowing sub service on Lange- veldt Subscribing Underwriter defendants, motion of atty Brian T Burton; Court Action: Signed; Court Action Date: 05/26/1999; Judge: William J Keys; Signed: 05/26/1999 |
| BL-291 | May 27, 1999 | Order - Stipulated; Judicial Officer: Keys, William J; Comment: re:Summary Jgmnt Briefing Schedule; Court Action: Signed; Court Action Date: 05/26/1999; Judge: William J Keys; Signed: 05/26/1999 |
| BL-292 | June 4, 1999 | Motion - Summary Judgment; Comment: partial |
| BL-293 | June 4, 1999 | Affidavit; Comment: of Margaret Fiorino |
| BL-294 | June 4, 1999 | Motion - Summary Judgment; Comment: partial re polluters exclusion & expected intended language of liability insuranc policies |
| BL-295 | June 4, 1999 | Memorandum - Support Motion |
| BL-296 | June 4, 1999 | Memorandum - Support Motion |
| BL-297 | June 4, 1999 | Motion - Summary Judgment; Comment: re reformation |
| BL-298 | June 4, 1999 | Motion - Summary Judgment; Comment: re misrepresentation |
| BL-299 | June 4, 1999 | Motion - Summary Judgment; Comment: re bad faith |
| BL-300 | June 4, 1999 | Affidavit; Comment: of Tammy L Lewis w/attachments |
| BL-301 | June 4, 1999 | Affidavit - Supporting Motion; Comment: Cathy A Spicer on partial summary judgment re allocation w/attachments |
| BL-302 | June 4, 1999 | Motion - Summary Judgment; Comment: partial re legal standards for allocation of indemnity costs |
| BL-303 | June 4, 1999 | Affidavit; Comment: of Brett W Sommemeyer in support of motion for partial summary judgment re legal standard for allocation of indemnity costs w/attachments |
| BL-304 | June 4, 1999 | Motion - Summary Judgment; Comment: dismissing fraud claim |
| BL-305 | June 4, 1999 | Memorandum - Support Motion |
| BL-306 | June 4, 1999 | Affidavit - Supporting Motion; Comment: Therese Hansen w/attachments |
| BL-307 | June 4, 1999 | Motion - Summary Judgment; Comment: partial re bad faith claim |
| BL-308 | June 4, 1999 | Affidavit - Supporting Motion; Comment: Therese Hansen w/attachments |
| BL-309 | June 4, 1999 | Affidavit - Supporting Motion; Comment: Pamela Lang |
| BL-310 | June 4, 1999 | Motion - Summary Judgment; Comment: partial re 3rd claim of relief misrepresentation |
| BL-311 | June 4, 1999 | Affidavit - Supporting Motion; Comment: Christie Helmer re ptfs motion s for partial summary judgment w/attached |
| BL-312 | June 7, 1999 | Other; Comment: Joinder in CNA & Underwriters motion re legal standard for allocation of indemnity costs; Defendant: CENTURY INDEMNITY COMPANY Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-313 | June 8, 1999 | Order; Judicial Officer: Keys, William J; Comment: DENYING London Market DEFTS Appeal of Discovery Referee s Ruling on PTFS 2nd Mot to Comp el Prod of Docs; Court Action: Denied; Court Action Date: 06/08/1999 |

**Bloomberg Law** ®

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-314 | June 8, 1999 | Order; Judicial Officer: Keys, William J; Comment: Allow Sub Serv on Langeveldt Subscribing Underwriter DEFTS; Court Action: Allowed; Court Action Date: 06/08/1999 |
| BL-315 | June 8, 1999 | Motion - Summary Judgment; Comment: Partial; RE: Ptfs Contractual Bad Faith Claim |
| BL-316 | June 8, 1999 | Affidavit; Comment: of Brett w. Sommermeyer In Support of Motions for Summary Jdgm w/attached |
| BL-317 | June 9, 1999 | Judgment - Dismissal Stipulated; Judicial Officer: Keys, William J; Comment: of DEFTS The Home Indemnity Co & the Home Insurance Co w/out prej & w/o costs; Court Action: Signed; Court Action Date: 06/09/1999; ; DEF:HOME INDEMNITY COMPANY; DEF:HOME INSURANCE COMPANY; JUD:KEYS WILLIAM J; PTF:Z R Z REALTY COMPANY; Signed: 06/09/1999 |
| BL-318 | June 10, 1999 | Motion; Comment: AMENDED,for Part Summ Jg re; The Legal Standard for Alloca- tion of Indemnity Costs |
| BL-319 | June 10, 1999 | Motion; Comment: JOINDER in Support of Under- writers at Lloyd s & Lond Mar ket Co Mot for Part Summ Jg re 3rd claim for Relief;Misrep; & 6th claim for Relief;Reforma tion |
| BL-320 | June 10, 1999 | Motion; Comment: AMENDED JOINDER in Support of Underwirters at Lloyd s & Lond Market Co Mot for Part Summ Jg re;PTFS Contractual Bad Fiath Claim |
| BL-321 | June 11, 1999 | Notice - Judgment Entry |
| BL-322 | June 14, 1999 | Answer; Comment: to 3rd Amended Comp |
| BL-323 | June 16, 1999 | Order; Judicial Officer: Keys, William J; Comment: re Maine Bonding & Casualty Co appeal of discovery referees 5/28/99 order; Court Action: Signed; Court Action Date: 06/16/1999; Judge: William J Keys; Signed: 06/16/1999 |
| BL-324 | June 18, 1999 | Motion; Comment: to Reschedule Fact-Specific Mots filed by DEFTS |
| BL-325 | June 18, 1999 | Motion; Comment: to Discovery Referee to Compel Depo & Prod of Docs by London Market DEFTS |
| BL-326 | June 18, 1999 | Affidavit - Supporting Motion; Comment: of Dean D.Dechaine w/attachments |
| BL-327 | June 22, 1999 | Notice; Comment: of place/time re ptfs motions reschedule fact-specific motio ns & to discovery referee to compel deposition & productn of documents by London Market defs |
| BL-328 | June 22, 1999 | Memorandum - Opposing Motion; Comment: re motion for continuance |
| BL-329 | June 22, 1999 | Opposition; Comment: to ptf motion compel depositns & production of documents by London Market defs; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-330 | June 22, 1999 | Other; Comment: declaration of Mark Edwin Johnson in support |
| BL-331 | June 22, 1999 | Affidavit - Supporting Motion; Comment: Cathy A Spicer |
| BL-332 | June 22, 1999 | Judgment - Dismissal Stipulated; Judicial Officer: Keys, William J; Comment: of Industrial Indemnity Co & United States Fire Insurance Co,w/prej & w/o costs; Court Action: Allowed; Court Action Date: 06/21/1999; ; DEF:INDUSTRIAL INDEMNITY COMPANY; DEF:UNITED STATES FIRE INSURANCE C; JUD:KEYS WILLIAM J; PTF:Z R Z REALTY COMPANY; PTF:ZIDELL REMEDIATION FUNDING; PTF:ZIDELL MARINE CORPORATION; PTF:TUBE FORGINGS OF AMERICA INC |
| BL-333 | June 23, 1999 | Hearing - Further Proceedings; (9:30 AM) ; Comment: HEARING RE: DISCOVERY (1 HOUR) |
| BL-334 | June 24, 1999 | Notice - Judgment Entry |
| BL-335 | June 24, 1999 | Response; Comment: to Defs Underwriters at Lloyds & London Market Companies Motion for Summ Jgmt |
| BL-336 | June 25, 1999 | Opposition; Comment: to ptfs motion reschedule fact specific motions filed by defs w/attached; Defendant: HIGHLANDS INSURANCE COMPANY Defendant: CENTURY INDEMNITY COMPANY Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Case 16-03127-rld   Doc 95   Filed 11/30/16

| BL-337 | June 28, 1999 | Memorandum - Opposing Motion; Comment: to Ptf s Motions for Partial Summary Jgmt w/Respect to Insurance Company of North America s Marine Liability Policy HU 31 03 67 |
| BL-338 | June 28, 1999 | Memorandum - Opposing Motion; Comment: for Partial Summ Jgmt on Standard of Trigger |
| BL-339 | June 28, 1999 | Memorandum - Opposing Motion; Comment: Of Certain Insurers in Opposition to Ptfs motion partial summ jgmt re Pollution Clean Up Costs are Damages |
| BL-340 | June 28, 1999 | Opposition; Comment: to Ptfs Motion for Partial Summ Jgmt & Joinder (partial) in Certain Defs Response Re Owned Property Defense; Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-341 | June 28, 1999 | Affidavit; Comment: of Pamela Lang in Suport of Defs Highlands & Centurys Opposition to Ptfs Motion for Partial Summ Jgmt & Joinder (partial) in Certain Defs Response re Owned Property def |
| BL-342 | June 28, 1999 | Memorandum - Opposing Motion; Comment: to Ptfs Motion for Partial Summ Jgmt on Polluters (Xidells) Exclusion & Cross Motion for Summ Jgmt |
| BL-343 | June 28, 1999 | Affidavit; Comment: of Pamela Lang in Support of Defs Highlands & Centurys Memo in Opposition to Ptfs Motion for Part Summ Jgmt on Polluters (Zidells) Exclusion & Highlands & Centurys Cross |
| BL-344 | June 28, 1999 | Statement - Facts; Comment: In Support of Defs Highlands & Century Indemnity s Opposition to Ptfs Motion for Part Summ Jgmt on Polluters (Zidells) Exclusion & in suppo of cross motion for s/j w/atta |
| BL-345 | June 28, 1999 | Response; Comment: to Ptf s Motion for Partial Summ Jgmt on Duty to Defend |
| BL-346 | June 28, 1999 | Response; Comment: To Ptfs Motion for Partial Summ Jgmt Re Investigation Costs & Cross-Motion |
| BL-347 | June 28, 1999 | Affidavit; Comment: of Tammy L Lewis w/attached |
| BL-348 | June 28, 1999 | Opposition; Comment: to ptfs motion for partial summ jgmt re Known Loss; Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: CONTINENTAL INSURANCE COMPANY Defendant: GLENS FALL INSURANCE COMPANY Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-349 | June 28, 1999 | Opposition; Comment: to Ptfs Motion for Partial Summ Jgmt Re Expected & Intended; Defendant: MAINE BONDING AND CASUALTY COM Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: CONTINENTAL INSURANCE COMPANY Defendant: GLENS FALL INSURANCE COMPANY Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-350 | June 28, 1999 | Opposition; Comment: To Ptfs Motion for Partial Summ Jgmt Re Voluntary Payments Defense; Defendant: MAINE BONDING AND CASUALTY COM Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: CONTINENTAL INSURANCE COMPANY Defendant: GLENS FALL INSURANCE COMPANY Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-351 | June 28, 1999 | Affidavit; Comment: of Cathy A Spicer in Support of Certain Defs Opposition to Ptfs Motion for Partial Summ Jgmt Re Voluntary Payment Defense w/attached |
| BL-352 | June 28, 1999 | Brief; Comment: of Defs London Market Insurers & Maine Bonding In Opposition to Zidell s Motion Regarding Pollution Exclusions; Defendant: MAINE BONDING AND CASUALTY COM Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-353 | June 28, 1999 | Affidavit; Comment: of Tammy L Lewis in Support of Defs Response to Partail Summ Jgmt Motions Re Expected/ Intended & Known Loss w/attached |
| BL-354 | June 28, 1999 | Response; Comment: to Certain Insurers Motion for Partial Summ Jgmt Regardin the Legal Standard for Allocation of Indemnity Costs Ptfs Cross Motion for Partial Summ Jgmt Re All Sums Obligati |
| BL-355 | June 28, 1999 | Other; Comment: Ptfs Material Facts & Insurance Charts Re Allocation; Plaintiff: Z R Z REALTY COMPANY |
| BL-356 | June 28, 1999 | Affidavit; Comment: of Richard G Thorne in Support of Ptfs Position re the Partial Summ Jgmts Re Allocation & All Sums Obligation |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-357 | June 28, 1999 | Affidavit; Comment: of Dean D Dechaine re Allocati (In Support of Ptfs Response to Certain Insurers Motion for Partial Summ Jgmt Regardin Legal Standard for Allocation of Indemnity Costs; Cross Moti |
| BL-358 | June 28, 1999 | Memorandum - Opposing Motion; Comment: for partial summ jgmt on drop down |
| BL-359 | June 28, 1999 | Memorandum - Opposing Motion; Comment: to summ jgmt motions regarding bad faith (lloyd s & CNA) |
| BL-360 | June 28, 1999 | Affidavit; Comment: of Richard J McCain in Support of Ptfs Response to Defs Motions for Summ Jgmt Regardin Bad Faith & Misrepresentation w/attached |
| BL-361 | June 28, 1999 | Affidavit; Comment: of Dean D DeChanine in Support of Ptfs Opposition to Certain Insurers Motions for Partial Summ Jgmt Re Misrepresentation Fraud & Bad Faith w/attached w/attached |
| BL-362 | June 28, 1999 | Memorandum - Opposing Motion; Comment: to Cigna s Mot for Summ Jg |
| BL-363 | June 29, 1999 | Other; Comment: Declaration of Mark Edwin Johnson in Support if London Underwriters Opposition to Ptfs Motions: (1) to reschedu fact-specific Motions & (2) Compel Depositions & Productio; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-364 | June 29, 1999 | Affidavit; Comment: Of Cathy A Spicer In Support of London Underwriters Opposition to Ptfs Motion to Compel Depositions & Productio of Documents by London Market Defs |
| BL-365 | June 30, 1999 | Motion; Comment: JOINDER of DEFT Continental Ins Co in the Highlands & Century Indemnity Oppos to PTF Mot for Part Summ jg on Zidells Exclusions |
| BL-366 | June 30, 1999 | Judgment - Dismissal Stipulated; Judicial Officer: Keys, William J; Comment: w/prej & w/o costs as to Industrial Indemnity Co & United States Fire Ins Co; Court Action: Signed; Court Action Date: 06/30/1999; ; DEF:INDUSTRIAL INDEMNITY COMPANY; DEF:UNITED STATES FIRE INSURANCE C; JUD:KEYS WILLIAM J; PTF:Z R Z REALTY COMPANY; Signed: 06/30/1999 |
| BL-367 | July 1, 1999 | Motion - Reconsider; Comment: And Vacate Orders of May 26 & June 8, 99 allowing substit service w/attached (Aon Risk Services Inc of Oregon) |
| BL-368 | July 2, 1999 | Notice - Judgment Entry |
| BL-369 | July 2, 1999 | Reply; Comment: to Zidell s Opposition to Misrepresentation, Fraud, Bad Faith Summ Jgmt |
| BL-370 | July 2, 1999 | Memorandum - Reply; Comment: In Support of Motion for Summ Jgmt w/attached |
| BL-371 | July 2, 1999 | Affidavit; Comment: of John Folawn in Support of Underwriters at Lloyd s London & London Market Companies Reply Memorandum in Support of of Motion for Summ Jgmt (Bad Faith) w/attached |
| BL-372 | July 2, 1999 | Affidavit; Comment: of Mark Edwin Johnson in Support of Underwriters at Lloyd s, London & London Market Companies Reply Memo in Support of Motion for Summ Jgmt (Bad Faith) |
| BL-373 | July 2, 1999 | Affidavit; Comment: of John Folawn in Support of Certain Insurers Reply Brief Re Allocation w/attached |
| BL-374 | July 2, 1999 | Memorandum - Reply; Comment: In Support of Motion for Summ Jgmt (Reformation) |
| BL-375 | July 2, 1999 | Response; Comment: Ptfs Response to Def Century Indemnity s Memorandum Re Partial Summ Jgmt Motions with Respect to the Insurance Comp of North America s ( INA ) Marine Liability Policy HU 31 |
| BL-376 | July 2, 1999 | Memorandum - Reply; Comment: on Polluter s Exclusion (Including Response to Highlands & Century s Cross- Motion on this Issue) w/attached |
| BL-377 | July 2, 1999 | Affidavit; Comment: of M.Christie Helmer Identifyi Deposition Excerpts (Polluters Exclusion Motion & Cross- Motion) w/attached |
| BL-378 | July 2, 1999 | Affidavit; Comment: of Richard G Thorne Identifyin Insurance Policies (Zidell s Motion for Partial Summ Jgmt Re Polluter s Exclusion) w/attached |
| BL-379 | July 2, 1999 | Reply; Comment: to Defs Opposition to Ptfs Motion for Partial Summ Jgmt Regarding Known Loss |
|  | July 2, 1999 | Memorandum - Reply; Comment: In Support of Ptfs Motion for Partial Summ Jgmt On the Insur |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-380 | | Companies Defense that Pollut Cleanup Costs Are Not Damages & Are Not Covered |
|---|---|---|
| BL-381 | July 2, 1999 | Reply; Comment: to defs Opposition to Ptfs Motion for Partial Summ Jgmt as to Standard for Trigger of Coverage Under Defs Liability Insurance Policies w/attached |
| BL-382 | July 2, 1999 | Memorandum - Reply; Comment: in Support of Ptfs Motion for Partial Summ Jgmt Re Various Defs Owned-Property Defense & In Opposition to Highlands & Century s Cross-Motion Re No Legal Liability |
| BL-383 | July 2, 1999 | Affidavit; Comment: Supplemental of Jerry B Hodson in Support of Ptfs Motion for Summ Jgmt re Various Defs Owned Property Defense & in Opposition to Highlands & Century s Cross-Motion re No L |
| BL-384 | July 2, 1999 | Memorandum - Reply; Comment: in support of ptfs motion for partial summ jgmt that investi costs are defense costs & in opposition ot defs cross moti |
| BL-385 | July 2, 1999 | Memorandum - Reply; Comment: in support of ptfs motion for partial summ jgmt on duty to defend under primary general liability insurance policies w/attached |
| BL-386 | July 2, 1999 | Memorandum - Reply; Comment: in support of ptfs motion for to strike various defs voluntary payments defense |
| BL-387 | July 2, 1999 | Reply; Comment: to defs opposition to ptfs motion for partial summ jgmt regarding expected & intended |
| BL-388 | July 2, 1999 | Affidavit; Comment: of Paula Bresnan Gibson in Support of Ptfs Reply to defs opposition to ptfs motion for partial summ jgmt regarding expected & intended w/attached |
| BL-389 | July 2, 1999 | Brief - Reply; Comment: In Further Support of Legal Standard for Allocation of Indemnity Costs & Opposition to Ptfs Cross Motion for Partial Summ Jgmt re All Sums Obligation; Defendant: CONTINENTAL INSURANCE COMPANY Defendant: GLENS FALL INSURANCE COMPANY |
| BL-390 | July 2, 1999 | Affidavit; Comment: of Brett W Sommermeyer in Support of Def Insurers Reply Brief in Further Support of Legal Standard for Allocation of Indemnity Costs w/attached |
| BL-391 | July 2, 1999 | Reply; Comment: in Support of its Motion for Partial Summ Jgmt on Drop Down w/attached |
| BL-392 | July 2, 1999 | Affidavit; Comment: of Amy Richardson w/attached |
| BL-393 | July 2, 1999 | Reply; Comment: memo in support of PTF s motion to strike (Copy) (DISREGARD ENTRY DATE SHOULD BE 7/7/99) |
| BL-394 | July 2, 1999 | Hearing - Further Proceedings; (9:30 AM) ; Comment: HEARING RE: EXTENSION OF TIME/RECONSIDERATION (1 HOUR) |
| BL-395 | July 6, 1999 | Memorandum - Support Motion; Comment: for partial summ jgmt that investigation costs are defense costs & in opposition to defs cross-motion |
| BL-396 | July 6, 1999 | Memorandum - Reply; Comment: in support of ptfs motion for partial summ jgmt on duty to defend under primary general liability insurance policies w/attached |
| BL-397 | July 6, 1999 | Reply; Comment: to defs opposition to ptfs motion for partial summ jgmt regarding expected & intended |
| BL-398 | July 6, 1999 | Affidavit; Comment: of Paula Bresnan Gibson in Support of Ptfs Reply to Defs Opposition to Ptfs Motion for Partial Summ Jgmt Regarding Expected & Intended w/attached |
| BL-399 | July 6, 1999 | Memorandum - Reply; Comment: in support of ptfs motion to strike various defs voluntary payments defense |
| BL-400 | July 7, 1999 | Reply; Comment: And Joinder in Support of Summ Jgmt Motion Re: Contractual Bad Faith |
| BL-401 | July 8, 1999 | Order; Judicial Officer: Ellis, James R; Comment: w/Motion & Aff for Commission to take out of state Depo of John Dewey in California; Court Action: Allowed; Court Action Date: 06/17/1999 |
| BL-402 | July 8, 1999 | Other; Comment: Joinder of Defs Highlands, Century & Century (Marine Policy) in CNA s & Underwriter Reply Brief Regarding Legal Standard for allocation of Indemnity Costs; Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-403 | July 9, 1999 | Order; Judicial Officer: Ellis, James R; Comment: w/Mot & Aff take out of state Depos on Gus Lange in Wash St; Court Action: Allowed; Court Action Date: 07/09/1999 |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**Bloomberg Law**®

| BL-404 | July 9, 1999 | Affidavit; Comment: of Ronald Boer |
| BL-405 | July 9, 1999 | Motion - Summary Judgment; Comment: partial/dismissing contract claims on manuscript policies |
| BL-406 | July 9, 1999 | Memorandum - Support Motion; Comment: w/attachments |
| BL-407 | July 9, 1999 | Motion - Summary Judgment; Comment: London Market Insurers Motion for Partial Summary Judgment Re Policy No. O.C. 14168 |
| BL-408 | July 12, 1999 | Motion - Summary Judgment; Comment: partial against late notice defenses alleged by CNA CIGNA MAINE BONDING and LONDON MARKET defs w/attachments |
| BL-409 | July 12, 1999 | Motion - Summary Judgment; Comment: partial & memorandum against misrepresentation & concealing defenses alleged by CIGNA MAINE BONDING and LONDON MARKET Defs |
| BL-410 | July 12, 1999 | Motion - Strike; Comment: & memorandum re Highlands Insurance Co and Century Indem nity Co affirmative defense of manifestation w/attachments |
| BL-411 | July 12, 1999 | Affidavit; Comment: of Edward J Stein w/attachments |
| BL-412 | July 13, 1999 | Motion - Summary Judgment; Comment: Defs Underwriters at Lloyd s & London Market Companies partial re OC 14597 Pollution Clause |
| BL-413 | July 13, 1999 | Affidavit; Comment: Of John S Folawn in Support of Underwriters Motions for Partial Summary Judgment re OC 14597 Pollution Clause & OC 14168 Contract w/attached |
| BL-414 | July 13, 1999 | Motion - Summary Judgment; Comment: Underwriters at Lloyd s London & London Market Companies Motion for Summ Jgmt |
| BL-415 | July 14, 1999 | Motion; Comment: for Protective Order and Recovery of Costs (Oral Argument Requested) |
| BL-416 | July 14, 1999 | Affidavit - Supporting Motion; Comment: of Pamela Lang w/attachments |
| BL-417 | July 16, 1999 | Response; Comment: to defs 3,6,7 & 14s motion for protective order and for recovery of costs (George Cummings Depo) |
| BL-418 | July 16, 1999 | Affidavit; Comment: Amended of Pamela Lang In Support of Highlands & Century s Motion for Protectiv Order & for Recovery of Costs w/attached |
| BL-419 | July 19, 1999 | Other; Comment: JOINDER in DEFTS Oppos to PTFS Mot for Part SJ re; KNOWN LOSS; Defendant: MAINE BONDING AND CASUALTY COM |
| BL-420 | July 19, 1999 | Other; Comment: JOINDER in Cert DEFT Insurers Mot for Part SJ re;Legal Stan- dard for Allocation of Indemni ty Costs; Defendant: MAINE BONDING AND CASUALTY COM |
| BL-421 | July 19, 1999 | Memorandum - Opposing Motion; Comment: SUPPLEMENTAL,to Cig s Mot for Summ Jg,etc w/attachments |
| BL-422 | July 20, 1999 | Affidavit - Supporting Motion; Comment: of Brian T. Burton w/attachment |
| BL-423 | July 21, 1999 | Memorandum - Opposing Motion; Comment: SUPPLEMENTAL,re;Bad Faith |
| BL-424 | July 21, 1999 | Affidavit - Supporting Motion; Comment: of Edward J Stein w/attachments |
| BL-425 | July 21, 1999 | Hearing - Further Proceedings; (9:30 AM) Result: Cancelled; Cancelled; Comment: TELEPHONE CONFERENCE RE: CANCELLED DEPOSITION (5 MIN.); ; Event Status: Cancelled |
| BL-426 | July 22, 1999 | Motion - Strike; Comment: Zidells supplemental memo re misrep/fraud/bad faith claims & reply to same |
| BL-427 | July 22, 1999 | Memorandum; Comment: Supplemental on Meaning of Expected |
| BL-428 | July 22, 1999 | Brief - Supplemental; Comment: Regarding Owned Property Exclusion; Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: CONTINENTAL INSURANCE COMPANY Defendant: GLENS FALL INSURANCE COMPANY |
| BL-429 | July 22, 1999 | Affidavit; Comment: of Brett W Sommermeyer In Support of Certain Defs Supplemental Brief Regarding Owned Property Exclusion |

**Bloomberg Law**®    © 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Case 16-03127-rld    Doc 95    Filed 11/30/16

| BL-430 | July 22, 1999 | Brief - Supplemental; Comment: Regarding Legal Standard for Allocation of Indemnity Costs; Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: CONTINENTAL INSURANCE COMPANY Defendant: GLENS FALL INSURANCE COMPANY |
| --- | --- | --- |
| BL-431 | July 22, 1999 | Memorandum - Opposing Motion; Comment: Supplemental to Maine Bonding & Casulty Company s Motion for Partial Summary Judgment on Drop Down w/attached |
| BL-432 | July 22, 1999 | Memorandum; Comment: Supplemental Regarding Ptfs Motion for Partial Summ Jgmt on Expected & Intended |
| BL-433 | July 22, 1999 | Memorandum; Comment: Supplemental Regarding the Legal Standard for Allocation of Indemnity Costs |
| BL-434 | July 22, 1999 | Affidavit - Supporting Motion; Comment: of John Folawn |
| BL-435 | July 22, 1999 | Memorandum; Comment: Supplemental in Opposition to Summary Judgment Motion Regarding Bad Faith (London Market Defs) |
| BL-436 | July 22, 1999 | Affidavit; Comment: of Edward J Stein In Support of Ptfs July 21, 1999 Motion to Compel & Supplemental Opposition to Summ Jgmt Motion Regarding Bad Faith (London Market Defs) |
| BL-437 | July 22, 1999 | Affidavit; Comment: of Edward J Stein Pursuant to ORCP 47F in Opposition to Summ Jgmt Motion Regarding Bad Faith (London Market Defs) w/attached |
| BL-438 | July 22, 1999 | Brief - Supplemental; Comment: Maine Bonding & Casualty Company s In Support of Its Motion for Partial Summary Judgment on Drop-Down; Defendant: MAINE BONDING AND CASUALTY COM |
| BL-439 | July 23, 1999 | Memorandum; Comment: supplemental on Zidells motion for summary judgment on owned prpoerty defense |
| BL-440 | July 23, 1999 | Affidavit; Comment: of M Christie Helmer on owned perperty defense w/attached |
| BL-441 | July 23, 1999 | Brief - Supplemental; Comment: on owned property issues; Defendant: CENTURY INDEMNITY COMPANY Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-442 | July 23, 1999 | Hearing - Motion; (9:00 AM) ; Comment: SUMMARY JUDGMENT MOTIONS (ALL DAY) |
| BL-443 | July 30, 1999 | Response; Comment: to London Market Insurers Mot for Part Summ Jg re Policy # OC 14168 |
| BL-444 | July 30, 1999 | Memorandum; Comment: Supplemental,in Support of PTF Mot for Part Summ Jg re Pol- luter s Exclusions |
| BL-445 | July 30, 1999 | Affidavit - Supporting Motion; Comment: w/attachment |
| BL-446 | July 30, 1999 | Opposition; Comment: re;Underwirts & London Market Mot for Part Summ Jg on issue of Bad Faith; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC |
| BL-447 | July 30, 1999 | Opposition; Comment: re;Underwriters & London Marke t mot for Part Summ Jg re OC 14597 Pollution; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC |
| BL-448 | July 30, 1999 | Memorandum; Comment: Supplemental,re;Voluntary Payments Defense |
| BL-449 | July 30, 1999 | Memorandum; Comment: Supplemental Memo re;the owned-Property Exclusion w/respect to groundwater property damage (re Olds- Olympic ) |
| BL-450 | July 30, 1999 | Affidavit - Supporting Motion; Comment: of Brian T Burton w/attachments |
| BL-451 | July 30, 1999 | Brief - Supplemental; Comment: re;Allocation of Indemnity Costs;w/attachments; Defendant: BELLEFONTE RE INSURANCE COMPAN |
| BL-452 | July 30, 1999 | Affidavit; Comment: (2nd supplemental) of Jerry B Hodson Re: Expert Testimony Concerning Third Party Property Damage |
| BL-453 | July 30, 1999 | Hearing - Further Proceedings; (9:00 AM) ; Comment: HEARING ON BAD FAITH MOTION (1-1/2 HOURS) |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-454 | Aug 2, 1999 | Memorandum; Comment: Supplemental re Non Allocation of Damages to Policyholders Post-1985 |
| BL-455 | Aug 2, 1999 | Affidavit; Comment: of Richard G Thorne In Support of Ptfs Memorandum Regarding Post-1985 Allocation |
| BL-456 | Aug 2, 1999 | Affidavit; Comment: of Dean D DeChaine in Support Ptfs Response to Underwriters Motion for Partial Summ Jgmt Re OC 14597 Pollution Clause w/attached |
| BL-457 | Aug 2, 1999 | Brief; Comment: Second,Re;Owned Property Exclu sion;w/attachment; Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: CONTINENTAL INSURANCE COMPANY Defendant: GLENS FALL INSURANCE COMPANY |
| BL-458 | Aug 3, 1999 | Memorandum; Comment: in Opposition to Ptf s Motion to Strike Manifestation Defense w/certificate of service |
| BL-459 | Aug 4, 1999 | Memorandum - Opposing Motion; Comment: For Partial Summary Jdgm w/attached |
| BL-460 | Aug 4, 1999 | Affidavit; Comment: Of Dean D. Dechaine RE: Sum- mary Jdgm Motion On The Manu- script Policies w/attached |
| BL-461 | Aug 5, 1999 | Memorandum - Reply; Comment: in support of Mot for Summ Jg |
| BL-462 | Aug 5, 1999 | Memorandum; Comment: Supplemental,re: Sudden,Uninte nded & Unexpected Pollution Exclusion |
| BL-463 | Aug 5, 1999 | Memorandum; Comment: Supplemental re;Pollution Exclusion |
| BL-464 | Aug 6, 1999 | Reply; Comment: in support of motion for part summ jgmt re OC 14597 pollutio clause |
| BL-465 | Aug 6, 1999 | Affidavit; Comment: of Milo Petranovich in support of defs reply in support of motion for partial summ jgmt re OC 14597 pollution clause w/attached |
| BL-466 | Aug 6, 1999 | Reply; Comment: to ptfs response to motion for partial summ jgmt re: policy no OC 14168 |
| BL-467 | Aug 6, 1999 | Affidavit; Comment: of John Folawn in Support of Defs Reply to Ptfs Response to London Market Insurers Motion for Partial Summ Jgmt Regarding Policy No OC 14168 w/attached |
| BL-468 | Aug 6, 1999 | Affidavit; Comment: of Steven A Kraemer |
| BL-469 | Aug 10, 1999 | Reply; Comment: to Cigna s Opposition to Plaintiff s Motion to Strike Manifestation Defense w/certificate of service |
| BL-470 | Aug 11, 1999 | Order; Judicial Officer: Keys, William J; Comment: GRANTING,Mot for Summ Jg on Misrepresentation & Fraud Claims; Court Action: Signed; Court Action Date: 08/10/1999; Judge: William J Keys; Signed: 08/10/1999 |
| BL-471 | Aug 11, 1999 | Motion - File Amended Answer; Comment: w/attached |
| BL-472 | Aug 11, 1999 | Reply; Comment: in Support of Mot for Summ Jg on Manuscript Policies & Mot to Strike |
| BL-473 | Aug 11, 1999 | Affidavit - Supporting Motion; Comment: of Pamela Lang w/attachments |
| BL-474 | Aug 13, 1999 | Opposition; Comment: to London Underwriters Mot to File Amended Answer w/attachments; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC |
| BL-475 | Aug 17, 1999 | Response; Comment: and motion to strike Zidell s supplemental memo |
| BL-476 | Aug 17, 1999 | Hearing - Motion; (10:30 AM) ; Comment: MOTION HEARING RE: AMENDED ANSWER (30 MINUTES) |
| BL-477 | Aug 19, 1999 | Opinion; Comment: to London Underwriters motion to file amended answer (Original) |
| BL-478 | Aug 23, 1999 | Affidavit; Comment: of Cathy A Spicer In Support of Supplemental Brief re Motion for Partial Summary Judgment |
| BL-479 | Aug 23, 1999 | Brief; Comment: Supplemental re Motion for Partial Summary Judgment; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-480 | Aug 23, 1999 | Motion; Comment: Strike Thorne Affidavit or for Leave to Submit Evidence |
| BL-481 | Aug 23, 1999 | Other; Comment: Copy of Motion Praecipe w/affidavit of service; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-482 | Aug 23, 1999 | Affidavit; Comment: of Richard G Thorne Re the Reformation Discovery Issue |
| BL-483 | Aug 26, 1999 | Memorandum - Response To Motion; Comment: to Strike Thorne Affidavit or (2)Submit Evidence re Non- Allocation of Damages to Policyholders Post-1985 |
| BL-484 | Aug 26, 1999 | Affidavit; Comment: 3rd Supplemental of Jerry B Hodson Re Expert Testimony Concerning 3rd Party Property Damage |
| BL-485 | Aug 27, 1999 | Motion - Summary Judgment; Comment: Defs Underwriters at Lloyd s & London Market Companies Motion for Partial Summ Jgmt Re Stevedoring Liability Policies & Coverages |
| BL-486 | Aug 27, 1999 | Affidavit; Comment: of Mark Edwin Johnson in Support of Def Underwriters at Lloyd s & London Market Compan Motion for Partial Summ Jgmt Re Stevedoring Liability Policies & Coverages w/attache |
| BL-487 | Aug 27, 1999 | Motion - Summary Judgment; Comment: Partial Judgment Re Marine Open Cover Ship Scrapping Contracts |
| BL-488 | Aug 27, 1999 | Affidavit; Comment: of Stephen P McCarthy In Support of Defs Underwriters at Lloyd s & London Market Companies Motion for Partial Summary Judgment Re Marine Open Cover Ship ... w/attached |
| BL-489 | Aug 27, 1999 | Motion - Summary Judgment; Comment: London Market Insurers Partia Summ Jgmt Re Composite Marine Open Cover Contracts |
| BL-490 | Aug 27, 1999 | Affidavit; Comment: of Stephen P McCarthy in Support of London Market Insurers Motion for Partial Summ Jgmt Re Composite Marine Open Cover Contracts w/attached |
| BL-491 | Aug 27, 1999 | Motion - Summary Judgment; Comment: London Underwriters Partial Regarding Missing Policies |
| BL-492 | Aug 27, 1999 | Affidavit; Comment: of Martin Jaqua in Support of London Underwriters Motion for Partial Summ Jgmt Regarding Missing Policies w/attached |
| BL-493 | Aug 27, 1999 | Affidavit; Comment: of Martin Jaqua In Support of London Market Insurers Motion for Partial Summ Jgmt re Assignment of Claims |
| BL-494 | Aug 27, 1999 | Motion - Summary Judgment; Comment: London Market Insurers Motion for Partial Summ Jgmt re Named Insureds & Assignment of Claims w/attached sealed envelope |
| BL-495 | Aug 27, 1999 | Affidavit; Comment: of Cathy A Spicer in Support of Def Insurers Motion for Partial Summ Jgmt re Ptfs Breach of Contract Claim w/attached |
| BL-496 | Aug 27, 1999 | Memorandum - Support Motion; Comment: for Summ Jmgt re Ptfs Breach of Contract Claim |
| BL-497 | Aug 27, 1999 | Copy; Comment: Letter Dated 8/25/99 TO: Judge Keys FROM: Pamela Lang RE: Joint proposed order based on court s ruling w/attached |
| BL-498 | Aug 27, 1999 | Judgment - Dismissal Stipulated; Judicial Officer: Keys, William J; Comment: w/prejudice w/o costs; Court Action: Signed; Court Action Date: 08/26/1999; ; DEF:SPHERE DRAKE INSURANCE CO PLC_; DEF:SPHERE INSURANCE CO LTD; JUD:KEYS WILLIAM J; PTF:Z R Z REALTY COMPANY; Signed: 08/26/1999 |
| BL-499 | Aug 27, 1999 | Hearing - Motion; (9:00 AM) ; Comment: MOTION FOR SUMMARY JUDGMENT (1/2 DAY) |
| BL-500 | Aug 27, 1999 | Trial - Jury; (9:00 AM) Result: Cancelled; Cancelled; Comment: (5 WEEKS) cancelled due to new date; ; Event Status: Cancelled |
| BL-501 | Aug 31, 1999 | Notice - Judgment Entry |
| BL-502 | Aug 31, 1999 | Answer - Amended; Comment: to 3rd amended complaint |
| BL-503 | Sept 2, 1999 | Affidavit; Comment: 4th Supplemental of Jerry B Hodson Re Expert Testimony Concerning 3rd Party Property Damage |
| BL-504 | Sept 2, 1999 | Memorandum; Comment: Supplemental on Burden of Proof w/attached |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-505 | Sept 3, 1999 | Response; Comment: PTF s response to Supoena Duces Tecum Consultants |
| BL-506 | Sept 3, 1999 | Motion - In Limine |
| BL-507 | Sept 3, 1999 | Affidavit; Comment: of Brett W Sommermeyer in Support of Defs Glens Falls Insurance & Continental Insurance Companies Motions in Limine w/attached |
| BL-508 | Sept 3, 1999 | Motion - In Limine; Comment: Precluding London Underwriter Defs From Submitting Evidence Inconsistent with the Discover Stipulation & Order of Discovery Referee #9 w/attached |
| BL-509 | Sept 3, 1999 | Motion - In Limine; Comment: Regarding Exclusion of Evidence that Ptfs Allegedly Violated a Law, Regulation, Rule or Ordinance, Particularl Related to Air Emissions #8 w/attached |
| BL-510 | Sept 3, 1999 | Motion - In Limine; Comment: Ptfs Omnibus Motions 1-7 |
| BL-511 | Sept 3, 1999 | Motion - In Limine; Comment: Regarding Construction of Insurance Policies #15 |
| BL-512 | Sept 3, 1999 | Motion - In Limine; Comment: to Exclude Testimony or Preclu Introduction of Evidence that Defs Claimed was Protected from Discovery #10 by the Atty Client Privledge or the Work Product Doctrine |
| BL-513 | Sept 3, 1999 | Motion - In Limine; Comment: to Preclude Defs From Using Evidence About Which Defs ORCP 39C(6) Designated Witnesses Failed to Provide Testimony #11 w/attached |
| BL-514 | Sept 3, 1999 | Motion - In Limine; Comment: to Preclude Defs From Offering Evidence of Alleged Prejudice Where They Have Failed to Provide Such Requested Evidence in Discovery #12 w/attached |
| BL-515 | Sept 3, 1999 | Motion - In Limine; Comment: that Umbrella Insurance Provides even more Comprehensi Coverage than Primary CGL Coverage #13 |
| BL-516 | Sept 3, 1999 | Motion - In Limine; Comment: Regarding Burden of Proof for Lost or Missing Policies #14 w/attached |
| BL-517 | Sept 3, 1999 | Affidavit; Comment: of John G Nevius In Support of Ptfs Motion in Limine to Preclude the Cigna Defs From Presenting Evidence at Trial Regarding the Alleged Affirmat Defenses.. etc #16 w/attahced |
| BL-518 | Sept 3, 1999 | Motion - In Limine; Comment: to Preclude CNA Defs from Offering Evidence Beyond Scope of Investigation Conducted Before Making Coverage Determination #17 w/attached |
| BL-519 | Sept 3, 1999 | Motion - In Limine |
| BL-520 | Sept 3, 1999 | Motion; Comment: To Exclude Evidence of Policy Admin Details & Evidence of Other Claims, Defense Costs, Resolved Claims,Outdated Plead -ings Related Companies & Joinder Motions In Limine |
| BL-521 | Sept 3, 1999 | Motion - Summary Judgment; Comment: RE: Breach of Contract Claim |
| BL-522 | Sept 3, 1999 | Memorandum - Opposing Motion; Comment: to def Lloyds & Londons Motion for Partial Summ Jgmt re Stevedoring Liability Policies & Coverages |
| BL-523 | Sept 3, 1999 | Affidavit; Comment: of Dean D Dechaine re the Stevedoring Policies/Coverage w/attached |
| BL-524 | Sept 3, 1999 | Response; Comment: to London Market Insurers Motion for Partial Summ Jgmt Regarding Composite Marine Open Cover Contracts |
| BL-525 | Sept 3, 1999 | Response; Comment: to London Underwirters Motion for Partial Summ Jgmt Regarding Missing Policies |
| BL-526 | Sept 3, 1999 | Affidavit; Comment: Of Richard G Thorne Regarding Missing Stevedore Policies |
| BL-527 | Sept 3, 1999 | Response; Comment: to London Market Insurers Motion for Partial Summ Jgmt Regarding Marine Open Covers Ship Scrapping Contracts w/attached |
| BL-528 | Sept 3, 1999 | Affidavit; Comment: of Richard G Thorne Regarding Ship Scrapping Contracts w/attached |
| BL-529 | Sept 3, 1999 | Affidavit; Comment: of Richard J McCain re the Assignment Zidell Corporate Ownership & Named Insured Issues w/attached |
| BL-530 | Sept 3, 1999 | Response; Comment: to defs motion for summ jgmt re ptfs breach of contract claim |

**Bloomberg Law** ®

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-531 | Sept 3, 1999 | Affidavit; Comment: of Dean D DeChaine re the breach of contract claim damages w/attached |
| BL-532 | Sept 7, 1999 | Copy; Comment: To Judge Keys from Therese Hansen re: requesting extensio of time to exchange exhibits for 1 week following mediation until 9/24; Plaintiff: Z R Z REALTY COMPANY |
| BL-533 | Sept 8, 1999 | Brief; Comment: London Market Insurers brief regarding agency of Insruance Brokers; Privately Retained: JOHN FOLAWN Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-534 | Sept 8, 1999 | Affidavit; Comment: of Cathy A S icer in support o f London Market Insurers Brief regarding agency of Insu regarding agency of Insurance Brokers w/attached exhibits |
| BL-535 | Sept 9, 1999 | Affidavit; Comment: of Cathy A Spicer In Support of London Market Insurers Brief Regarding Agency of Insurance Brokers |
| BL-536 | Sept 9, 1999 | Memorandum - Trial; Comment: that insurance agents/brokers are agents of insurance companies |
| BL-537 | Sept 10, 1999 | Memorandum - Reply; Comment: Re Named Insureds & Assignment of Claims & Motio to Strike Portion of McCain Affidavit |
| BL-538 | Sept 10, 1999 | Affidavit; Comment: of John Folawn in Support of London Market Insurers Reply Brief Re Named Insureds & Assignment of Claims w/attached |
| BL-539 | Sept 10, 1999 | Memorandum - Reply; Comment: in Support of Motion for Summ Jgmt |
| BL-540 | Sept 10, 1999 | Reply; Comment: In Support of Motion for Part Summ Jgmt Re Composite Marine Open Cover Contracts |
| BL-541 | Sept 10, 1999 | Motion - Summary Judgment; Comment: Partial re Marine Open Cover Ship Scrapping Contracts |
| BL-542 | Sept 10, 1999 | Affidavit; Comment: of John S Folawn in Support of Defs Underwriters at Lloyds & London Market Companies Reply Memorandum for Part Summ Jgmt re Marine Open Cover Ship Scrapping Contracts...w/attach |
| BL-543 | Sept 10, 1999 | Reply; Comment: to Ptfs Memorandum in Oppositi to Lloyd s of Londons Motion for Part Summ Jgmt Re Stevedoring Liability Policies & Coverages/Motion Strike Affidavit of Dean De Chaine |
| BL-544 | Sept 10, 1999 | Brief - Reply; Comment: for Motion for Part Summ Jgmt Regarding Missing Policies; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-545 | Sept 10, 1999 | Affidavit; Comment: of John Folawn in Support of London Underwriters Reply Brief for Motion for Partial Summ Jgmt Regarding Missing Policies w/attached |
| BL-546 | Sept 10, 1999 | Response; Comment: to Underwriters supplemental memo on Burden of Proof |
| BL-547 | Sept 13, 1999 | Motion - In Limine; Comment: to preclude the CIGNA DEF s from presenting evidence at trial re alleged affirmative defenses |
| BL-548 | Sept 13, 1999 | Response; Comment: to certain insurers (Highland & Century s) five motions in limine |
| BL-549 | Sept 13, 1999 | Memorandum - Opposing Motion; Comment: of PTF s motion in limine |
| BL-550 | Sept 13, 1999 | Affidavit; Comment: of John Folawn in support of underwriters memo in opposition to PTF s motion in limine w/attached |
| BL-551 | Sept 13, 1999 | Response; Comment: to Glens Falls/Continental five motions in limine |
| BL-552 | Sept 13, 1999 | Other; Comment: Exhibits to PTf s response to Glens Falls/Continental s Five Motion in Limine w/attached & 2 exhibits # 17 & 18 filed under seal; Plaintiff: Z R Z REALTY COMPANY |
| BL-553 | Sept 13, 1999 | Response; Comment: to London Underwriters Seven Motions in Limine |
| BL-554 | Sept 13, 1999 | Other; Comment: Exhibits to PTF s response to London Underwriters Seven Motions in Limine w/attached |
| BL-555 | Sept 13, 1999 | Response; Comment: to Ptfs Motions in Limine Nos 5,15 & 17 |
| BL-556 | Sept 13, 1999 | Affidavit; Comment: of Brett W Sommermeyer in Support of Defs Glens Falls Insurance & |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| | | Continental Insura Companies Response to Ptfs Motions in Limine Nos 5,15,&17 w/attached |
|---|---|---|
| BL-557 | Sept 13, 1999 | Opposition; Comment: to Ptf s Motion to Compel Production of Ship Register & Certification Documents by London Underwriters; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-558 | Sept 13, 1999 | Affidavit; Comment: of John Folawn w/attached |
| BL-559 | Sept 14, 1999 | Brief; Comment: RE: Agency of Insurance Brokers; Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-560 | Sept 14, 1999 | Affidavit; Comment: of Pamela Lang in support of Brief regarding Agency of Brokers w/attached |
| BL-561 | Sept 14, 1999 | Other; Comment: Declaration of Christopher Nicoll re: Zidell s Motion to Compel |
| BL-562 | Sept 15, 1999 | Other; Comment: Exhibits to Motion to the Discovery Referee to Compel Documents & Testimony & Motion to Court for Sanctions Against the London Underwriters; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC |
| BL-563 | Sept 15, 1999 | Motion; Comment: to discovery referee to compel documents & testimony/motion to court for sanctions against London Underwriters |
| BL-564 | Sept 15, 1999 | Response; Comment: supplemental to London Underw iters motions for partial summary judgmnt re Marine Open Cover Ship Scrapping Contracts & Composite Marine Open Cover Contracts |
| BL-565 | Sept 15, 1999 | Response; Comment: supplemental to London Underw iters motion for partial summa ry judgmnt re Missing Policies |
| BL-566 | Sept 15, 1999 | Affidavit - Supporting Motion; Comment: Edward J Stein |
| BL-567 | Sept 15, 1999 | Affidavit - Supporting Motion; Comment: Edward J Stein |
| BL-568 | Sept 15, 1999 | Affidavit; Comment: Supplemental in support of DEF s Underwriters at Lloyd reply memo for partial summary judgment re: marine open cover ship scrapping contracts & composite w/attached |
| BL-569 | Sept 16, 1999 | Hearing - Motion; (9:30 AM) ; Comment: MOTION IN LIMINE (ALL DAY) |
| BL-570 | Sept 17, 1999 | Hearing - Motion; (9:00 AM) Result: Cancelled; Cancelled; Comment: MOTION IN LIMINE (ALL DAY); ; Event Status: Cancelled |
| BL-571 | Sept 21, 1999 | Affidavit; Comment: of Russell W Pike |
| BL-572 | Sept 21, 1999 | Memorandum; Comment: DEF s Glenn Falls & Continenta l Insurance Co. s Memorandum in support of motion regarding admissibilty of expert testimony |
| BL-573 | Sept 21, 1999 | Affidavit; Comment: Brett W Sommermeyer in support of DEF s Glen FallsIns. and continential Ins. Co. s memorandumin support of motion RE admissibilty of Exper restimony |
| BL-574 | Sept 21, 1999 | Brief; Comment: Supplemental; In Support of Supplemental; In Support of Motions For Partial Summary Jdgm RE: Marine Open Cover Contracts: Builder s Risk; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-575 | Sept 21, 1999 | Affidavit; Comment: of Tammy Lewis In Support of Supplemental Brief In Support of Motions For Partial Summary Jdgm w/attached copies |
| BL-576 | Sept 21, 1999 | Copy; Comment: letter to Judge Keys dated 9/21/99 from Tom A Gordon re: Zidell s efforts to prevent DEF s from obtaining discovery |
| BL-577 | Sept 22, 1999 | Affidavit; Comment: of Tammy Lewis in support of Underwriters supp brief in support of mot/partial sum judgment re Builder s risk (NO ATTACHMENTS - aff referred to Exhibits, but not attached) |
| BL-578 | Sept 22, 1999 | Affidavit; Comment: of Tammy Lewis in support of Underwriters at Lloyd s & London Markets Co s mot/part sum judg re general protection and indemnity coverage of composit marine contracts |
| BL-579 | Sept 22, 1999 | Miscellaneous; Comment: (Continuation of Evt 577) No Exhibits attached to Aff |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-580 | Sept 22, 1999 | Memorandum - Opposing Motion; Comment: Underwriters opposition to pltf s mot/compel & sanctions (w/attachments) |
| BL-581 | Sept 22, 1999 | Affidavit; Comment: of Mark Edwin Johnson in support of London Markets response to pltf s mot/compel and for sanctions |
| BL-582 | Sept 22, 1999 | Affidavit; Comment: of John Folawn in support of London Markets response to pltfs mot/compel and for sanctions |
| BL-583 | Sept 22, 1999 | Affidavit; Comment: Amended of Russell W Pike (w/attach) |
| BL-584 | Sept 23, 1999 | Affidavit; Comment: of Tammy L Lewis in Support of Underwriters Opposition Re Ptf s Motion to Compel |
| BL-585 | Sept 23, 1999 | Hearing - Motion; (9:30 AM) ; Comment: MOTION RE: MAUL FOSTER (1 HOUR) |
| BL-586 | Sept 24, 1999 | Affidavit - Opposing Motion; Comment: Brian T Burton supporing ptf supplemental memo in oppo to defs Underwriters at Lloyds & London Mark Companies motion for partial summ jdgmnt re general protection&idemnity |
| BL-587 | Sept 24, 1999 | Memorandum - Opposing Motion; Comment: supplemental |
| BL-588 | Sept 24, 1999 | Brief - Supplemental; Comment: re English low of agency of insurance brokers; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-589 | Sept 24, 1999 | Brief - Supplemental; Comment: re subsidiary or affiliated &/or associated companies; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-590 | Sept 24, 1999 | Affidavit; Comment: Martin Jaqua supporting Under- writers supplemental brief w/attached |
| BL-591 | Sept 24, 1999 | Memorandum - Opposing Motion; Comment: Supplemental for Partial Summ Jgmt re Named Insureds & Assignment of Claims w/attached |
| BL-592 | Sept 24, 1999 | Affidavit; Comment: Supplemental of Richard J McCain Regarding the History of Zidell Corporate Ownwership FILED UNDER SEAL |
| BL-593 | Sept 24, 1999 | Affidavit; Comment: Of Gerald P Cummings Re Named Insured & Assignment of Claims FILED UNDER SEAL |
| BL-594 | Sept 28, 1999 | Response; Comment: in oppo to ptf motion compel production of docs based on waiver of privilege by disclos ure to London Brokers w/attached |
| BL-595 | Sept 28, 1999 | Other; Comment: Declaration of Martin W Jaqua; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-596 | Sept 30, 1999 | Motion - In Limine |
| BL-597 | Sept 30, 1999 | Affidavit; Comment: of Paul E McBeth in Support of Defs Glens Falls Insurance & Continental Insurance Companies Motion in Limine Regarding Alleged Admission |
| BL-598 | Sept 30, 1999 | Motion; Comment: Leave to file 4th amended complaint |
| BL-599 | Sept 30, 1999 | Complaint - Amended; Comment: PURPOSED 4TH |
| BL-600 | Sept 30, 1999 | Motion; Comment: PTF s opposition to motion corecting the name of certain defendants known as Century Indemnity |
| BL-601 | Oct 1, 1999 | Hearing - Further Proceedings; (10:00 AM) ; Comment: HEARING RE:OBJECTIONS TO TRIAL EXHIBITS & DEPOSITIONS(4 HRS.) |
| BL-602 | Oct 4, 1999 | Memorandum - Reply; Comment: Of Certain Defs in Support of Motion Change of Name (INA) filed by atty Pamela Lang WSB #08275 of Soha & Lang,P.S. w/attached |
| BL-603 | Oct 4, 1999 | Complaint - Amended; Comment: Fourth; Breach of Contract, Declaratory Jdgm & Reformation ADDED PTF #5 NOT SUJB TO MAND ARBITRATION ADDED DEFS #52 THROUGH #138 |
| BL-604 | Oct 4, 1999 | Trial - Jury; (9:00 AM) Result: Cancelled; Cancelled; Comment: TRIAL MUST END NO LATER THAN NOVEMBER 19, 1999; ; Event Status: Cancelled |
| BL-605 | Oct 5, 1999 | Opposition; Comment: to 4th amended complaint; Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |

**Bloomberg Law**®

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-606 | Oct 5, 1999 | Affidavit; Comment: of Richard A Lee w/attached |
| BL-607 | Oct 5, 1999 | Memorandum - Opposing Motion; Comment: to Ptfs Motion to File 4th Amended Complaint w/attached |
| BL-608 | Oct 5, 1999 | Affidavit; Comment: of Tammy L Lewis in support of Underwriters motion for partial summary judgment re: named insureds & assignment of claims w/attach |
| BL-609 | Oct 5, 1999 | Memorandum; Comment: in opposition to PTF s motion to file 4th amended complaint |
| BL-610 | Oct 6, 1999 | Memorandum; Comment: PTF s Second supplemental memorandum regarding Named insureds and assignment |
| BL-611 | Oct 7, 1999 | Order; Judicial Officer: Keys, William J; Comment: on Highlands/Century Indemnity motion partial summary judgmnt dismissing contract claims on manuscript policies heard Aug 27 1999; Court Action: Denied; Court Action Date: 10/06/1999 |
| BL-612 | Oct 7, 1999 | Judgment - Dismissal Stipulated; Judicial Officer: Keys, William J; Comment: w/prejudice w/o costs or atty fees re Maine Bonding & Casual ty Co; Court Action: Signed; Court Action Date: 10/07/1999; ; DEF:MAINE BONDING AND CASUALTY COM; JUD:KEYS WILLIAM J; PTF:Z R Z REALTY COMPANY; Signed: 10/07/1999 |
| BL-613 | Oct 7, 1999 | Hearing - Motion; (9:45 AM) ; Comment: MOTION RE: AMENDED COMPLAINT (1 HOUR) |
| BL-614 | Oct 8, 1999 | Hearing - Further Proceedings; (11:00 AM) ; Comment: PROPOSED ORDER FOR 7/23 AND 8/17 SUMMARY JUDGMENT MOTIONS |
| BL-615 | Oct 11, 1999 | Notice - Judgment Entry |
| BL-616 | Oct 11, 1999 | Affidavit; Comment: of Richard G Thorne re: builders risk w/attached |
| BL-617 | Oct 11, 1999 | Affidavit; Comment: of Jack Breshears re: builders risk w/attached |
| BL-618 | Oct 11, 1999 | Hearing - Further Proceedings; (9:00 AM) ; Comment: TELEPHONE CONFERENCE CONCERNING NEW TRIAL DATE |
| BL-619 | Oct 11, 1999 | Trial - Court; (9:00 AM) Result: Cancelled; Cancelled; Event Status: Cancelled |
| BL-620 | Oct 12, 1999 | Trial - Court; (9:30 AM) Result: Cancelled; Cancelled; Comment: CONTINUATION OF TRIAL; ; Event Status: Cancelled |
| BL-621 | Oct 13, 1999 | Trial - Court; (9:00 AM) Result: Cancelled; Cancelled; Comment: CONTINUATION OF TRIAL; ; Event Status: Cancelled |
| BL-622 | Oct 14, 1999 | Trial - Court; (9:30 AM) Result: Cancelled; Cancelled; Comment: CONTINUATION OF TRIAL; ; Event Status: Cancelled |
| BL-623 | Oct 15, 1999 | Order - Summary Judgment; Judicial Officer: Keys, William J; Comment: on Mots heard 7-23-99 & 8-17- 99;DENIED in part,GRANTED in part(see file); Court Action: Signed; Court Action Date: 10/14/1999; Judge: William J Keys; Signed: 10/14/1999 |
| BL-624 | Oct 15, 1999 | Other; Comment: demand for findings of fact & conclusions of law; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-625 | Oct 15, 1999 | Trial - Court; (9:00 AM) Result: Cancelled; Cancelled; Comment: CONTINUATION OF COURT TRIAL; ; Event Status: Cancelled |
| BL-626 | Oct 18, 1999 | Memorandum; Comment: PTF s RE: Loss and /or damage and/or expense in a ship repair liuability clause of Marine policy |
| BL-627 | Oct 18, 1999 | Other; Comment: submission re expense as subsumed w/in loss or damage; Defendant: CENTURY INDEMNITY COMPANY |
| BL-628 | Oct 18, 1999 | Other; Comment: excert of approx 20 pages of deposition questions by Mr Dolmanisth & answers by Martin Bahr underwritr for INA policy supprt of Highlands/Century appeal of 10/12 disc master Or; Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-629 | Oct 19, 1999 | Trial - Court; (3:00 PM) ; Comment: JUDGE KEYS TO VISIT ZIDELL SITE. |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Case 16-03127-rld   Doc 95   Filed 11/30/16

| BL-630 | Oct 20, 1999 | Motion; Comment: to dismiss declaratory jgmt claim re: future liabilities |
|---|---|---|
| BL-631 | Oct 20, 1999 | Order - Summary Judgment; Judicial Officer: Keys, William J; Comment: Granted in part Denied in part; Court Action: Signed; Court Action Date: 10/19/1999; Judge: William J Keys; Signed: 10/19/1999 |
| BL-632 | Oct 20, 1999 | Affidavit; Comment: of Jim Fox |
| BL-633 | Oct 20, 1999 | Affidavit; Comment: of Jerry B hodson regarding Gemeral protection & indemnity coverage for Crane Barges |
| BL-634 | Oct 20, 1999 | Memorandum - Trial; Comment: PTF s Trial Memorandum regarding alleged missing orig.London market subscriber & the assumption of direct coverage liab. by Eqyitas w/attachments |
| BL-635 | Oct 20, 1999 | Memorandum - Trial; Comment: PTF s trial memorandum regardi ng London underwriters Broad fromgeneralliab.insruance (1956-1965) |
| BL-636 | Oct 20, 1999 | Memorandum - Trial; Comment: PTF s trial memorandum regardi ng coverage for paint overspaying |
| BL-637 | Oct 20, 1999 | Memorandum - Trial; Comment: PTF S Trial memorandum: The quality Pplluter s exclusion does not apply to products |
| BL-638 | Oct 20, 1999 | Memorandum - Trial; Comment: PTF s Trial memorandum regarding concurrent caustion |
| BL-639 | Oct 20, 1999 | Memorandum - Trial; Comment: PTF s Trial memorandum regarding prejudice elements of London underwriters vol. payments, failure to mitigate and laches & defenses |
| BL-640 | Oct 20, 1999 | Trial - Court; (9:00 AM) ; Comment: RECESS |
| BL-641 | Oct 21, 1999 | Request; Comment: for findings of fact & conclusions of law |
| BL-642 | Oct 21, 1999 | Memorandum - Trial; Comment: re: expected or intended property damage w/attached |
| BL-643 | Oct 21, 1999 | Trial - Court; (9:30 AM) |
| BL-644 | Oct 22, 1999 | Order; Judicial Officer: Keys, William J; Comment: on Mot to Correct the Name of Certain Defendants;DEFERRED; Court Action: Signed; Court Action Date: 10/21/1999; Judge: William J Keys; Signed: 10/21/1999 |
| BL-645 | Oct 22, 1999 | Trial - Court; (9:00 AM) |
| BL-646 | Oct 25, 1999 | Trial - Court; (9:00 AM) |
| BL-647 | Oct 26, 1999 | Memorandum - Trial; Comment: regarding coverage for paint overspraying |
| BL-648 | Oct 26, 1999 | Trial - Court; (10:00 AM) |
| BL-649 | Oct 27, 1999 | Finding - Facts & Conclusions of Law; Comment: (underwriters first) for def London Market |
| BL-650 | Oct 27, 1999 | Order; Judicial Officer: Keys, William J; Comment: Proposed on motions heard 9/23/99;MO/1 GRANTED,2,3,4, GRANTED in part #5 DENIED,#6 DEF insurers stip that all premiums are paid (SEE FILE for details); Court Action: Signed; Court Action Date: 10/26/1999; Judge: William J Keys; Signed: 10/26/1999 |
| BL-651 | Oct 27, 1999 | Trial - Court; (9:00 AM) |
| BL-652 | Oct 28, 1999 | Memorandum; Comment: re use of employees deposition testimony as admission against employer |
| BL-653 | Oct 28, 1999 | Motion; Comment: to recoup payments made for defense cost or motion file supplemental answer w/attached |
| BL-654 | Oct 28, 1999 | Affidavit - Supporting Motion; Comment: Richard A Lee |
| BL-655 | Oct 28, 1999 | Other; Comment: draft proposal to assist court in making findings of fact & conclusions of law; Defendant: HIGHLANDS INSURANCE COMPANY |
| | Oct 28, 1999 | Trial - Court; (10:00 AM) |

**Bloomberg Law**®

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-656 | | |
|---|---|---|
| BL-657 | Oct 29, 1999 | Trial - Court; (9:00 AM) |
| BL-658 | Nov 1, 1999 | Memorandum - Trial; Comment: underwriters re covered losses |
| BL-659 | Nov 1, 1999 | Brief - Trial; Comment: of London Market Insurers re missing market issues |
| BL-660 | Nov 1, 1999 | Trial - Court; (9:00 AM) |
| BL-661 | Nov 2, 1999 | Order; Judicial Officer: Keys, William J; Comment: on motions heard Sept 16 1999; Court Action: Signed; Court Action Date: 11/01/1999; Judge: William J Keys; Signed: 11/01/1999 |
| BL-662 | Nov 2, 1999 | Trial - Court; (9:45 AM) |
| BL-663 | Nov 3, 1999 | Brief - Supplemental; Comment: (Paint Overspray); Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-664 | Nov 3, 1999 | Reply; Comment: to plaintiffs trial memoran- dum re pollution exclusion s application to products |
| BL-665 | Nov 3, 1999 | Affidavit; Comment: Second; of Richard Thorne re the reformation discovery issue |
| BL-666 | Nov 3, 1999 | Finding - Facts & Conclusions of Law; Comment: underwriters second |
| BL-667 | Nov 3, 1999 | Trial - Court; (9:00 AM) |
| BL-668 | Nov 4, 1999 | Trial - Court; (9:45 AM) |
| BL-669 | Nov 5, 1999 | Trial - Court; (9:00 AM) Result: Cancelled; Cancelled; Comment: (RECESS); ; Event Status: Cancelled |
| BL-670 | Nov 8, 1999 | Trial - Court; (9:00 AM) |
| BL-671 | Nov 9, 1999 | Brief; Comment: London Market Insurers re: Bumbershoot coverage & owned property; Defendant: BENEFICIAL FIRE AND CASUALTY I |
| BL-672 | Nov 9, 1999 | Memorandum - Trial; Comment: re Agency of Durham & Bates |
| BL-673 | Nov 9, 1999 | Other; Comment: Underwriters joinder in mo- tion to recoup defense costs |
| BL-674 | Nov 9, 1999 | Memorandum - Trial; Comment: Underwriters re breach of the duty to defend |
| BL-675 | Nov 9, 1999 | Finding - Facts & Conclusions of Law; Comment: 2nd proposed |
| BL-676 | Nov 9, 1999 | Memorandum - Trial; Comment: RE BREACH OF CONTRACT DAMAGES |
| BL-677 | Nov 9, 1999 | Brief; Comment: re;Crane Barges; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-678 | Nov 9, 1999 | Judgment - Dismissal Stipulated; Judicial Officer: Keys, William J; Comment: of Glens Falls Insurance Co & the Continental Insurance Co w/prej & w/o costs; Court Action: Allowed; Court Action Date: 11/09/1999; ; DEF:CONTINENTAL INSURANCE COMPANY; DEF:GLENS FALL INSURANCE COMPANY; JUD:KEYS WILLIAM J; PTF:Z R Z REALTY COMPANY |
| BL-679 | Nov 9, 1999 | Trial - Court; (1:30 PM) |
| BL-680 | Nov 10, 1999 | Other; Comment: Amendment to motion to recoup payments mae for defense costs; Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-681 | Nov 10, 1999 | Memorandum - Trial; Comment: On Scope of Covrarge Under Def s Manuscript Policy |
| BL-682 | Nov 10, 1999 | Memorandum - Trial; Comment: RE: London Underwriters Bumbershoot Coverage |
| BL-683 | Nov 10, 1999 | Trial - Court; (1:30 PM) |
| BL-684 | Nov 11, 1999 | Notice - Judgment Entry |
| BL-685 | Nov 12, 1999 | Memorandum; Comment: Re: Determining Subjective State of Mind as a Matter of Law |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-686 | Nov 12, 1999 | Memorandum - Trial; Comment: Regarding Proof of Defense Costs |
| BL-687 | Nov 12, 1999 | Response; Comment: to Underwriters Assertions Re Unidentified Subscribing Insurers w/attached |
| BL-688 | Nov 12, 1999 | Response; Comment: Supplemental to London Market Insurers Trial Brief Regardin Bumbershoot Coverage & Owned Property |
| BL-689 | Nov 12, 1999 | Opposition; Comment: to DEFENSE COSTS BRIEF,Submit ed by Century & Highlands w/attachments; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC Plaintiff: PON EXPLORATIONS INC |
| BL-690 | Nov 12, 1999 | Opposition; Comment: to Underwriters Mot to Dism Declaratory Jg Claims re; Future Liabilities; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC Plaintiff: PON EXPLORATIONS INC |
| BL-691 | Nov 12, 1999 | Response; Comment: to London Market Insurers Trial Memo re;THE AGENCY OF DURHAM & BATES w/attachments |
| BL-692 | Nov 12, 1999 | Memorandum; Comment: re:Repealed Oregon Statute Def ining Insurance |
| BL-693 | Nov 12, 1999 | Opposition; Comment: to DEFENSE COSTS BRIEF, submit ted by Century & Highlands; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC Plaintiff: PON EXPLORATIONS INC |
| BL-694 | Nov 15, 1999 | Brief; Comment: trial/supplemental re covered losses(marine fortuity) of London Market Insurers |
| BL-695 | Nov 15, 1999 | Trial - Court; (9:45 AM) |
| BL-696 | Nov 16, 1999 | Trial - Court; (10:00 AM) Result: Cancelled; Cancelled; Event Status: Cancelled |
| BL-697 | Nov 17, 1999 | Response; Comment: To Supplemental Trial Brief RE: Covered Losses Marine Fortuity |
| BL-698 | Nov 17, 1999 | Response; Comment: to Def Insurers Request For Credit For Payments Made By Other Insurance Companies (Setoff) |
| BL-699 | Nov 17, 1999 | Response; Comment: To ptfs trial memorandum re Bumbershoot coverage (1970-1977) |
| BL-700 | Nov 18, 1999 | Brief; Comment: costs; Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-701 | Nov 18, 1999 | Trial - Court; (9:45 AM) |
| BL-702 | Nov 19, 1999 | Trial - Court; (9:00 AM) |
| BL-703 | Nov 22, 1999 | Other; Comment: Summary of closing argument re Soils,Groundwater |
| BL-704 | Nov 22, 1999 | Other; Comment: Summary of closing Argument RE: soils,groundwater- w/objections |
| BL-705 | Nov 22, 1999 | Copy; Comment: Finding of Fact |
| BL-706 | Nov 22, 1999 | Copy; Comment: Find of Fact |
| BL-707 | Nov 22, 1999 | Other; Comment: Finding of Facts re Insurance Issues; Filed by London Underwriters |
| BL-708 | Nov 24, 1999 | Trial - Court; (9:15 AM) |
| BL-709 | Nov 28, 1999 | Other; Comment: draft proposal assisting court w/findings of fact conclusions of law re manuscript policies; Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-710 | Dec 2, 1999 | Memorandum - Trial; Comment: on post 1985 loss allocation |
| BL-711 | Dec 2, 1999 | Memorandum - Trial; Comment: on drop down issues |
|  | Dec 2, 1999 | Trial - Court; (9:00 AM) Result: Cancelled; Cancelled; Comment: REFORMATION TRIAL (2 |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-712 | | DAYS); ; Event Status: Cancelled |
|--------|--------------|-----------------------------------------------------------------------------------------------------------------------------------------------|
| BL-713 | Dec 3, 1999  | Memorandum; Comment: Re Allocation Formula for Soil Groundwater & Sediments |
| BL-714 | Dec 6, 1999  | Trial - Court; (10:00 AM) ; Comment: CONTINUATION OF TRIAL (4 DAYS) |
| BL-715 | Dec 8, 1999  | Brief - Trial; Comment: w/attachments; Defendant: LONDON & HULL MARITIME INSURAN Defendant: LONDON & OVERSEAS INSURANCE CO |
| BL-716 | Dec 10, 1999 | Other; Comment: sixth proposed findings of fact (amended); Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-717 | Dec 10, 1999 | Objection; Comment: to plaintiff s proposed find- ings of fact (12/9/99) |
| BL-718 | Dec 10, 1999 | Opposition; Comment: Zidell s opposition to London Market Insurers supple Trial Brief regarding pre 1956 & oist 1985 allocation; Defendant: BENEFICIAL FIRE AND CASUALTY |
| BL-719 | Dec 13, 1999 | Memorandum; Comment: re FLEMING w/attached |
| BL-720 | Dec 13, 1999 | Memorandum; Comment: supplemental re credit for settlements w/attached |
| BL-721 | Dec 13, 1999 | Memorandum; Comment: re applicability/legislative history of ORS 742.2469(2) FLEMING to Highlands/Century policie |
| BL-722 | Dec 13, 1999 | Affidavit; Comment: of Roger C Abele re type size Fleming/ORS 742.246(2) |
| BL-723 | Dec 13, 1999 | Trial - Court; (10:00 AM) Result: Cancelled; Cancelled; Comment: ALLOCATION TRIAL (2 DAYS); ; Event Status: Cancelled |
| BL-724 | Dec 13, 1999 | Trial - Court; (10:00 AM) ; Comment: CONTINUATION OF COURT TRIAL |
| BL-725 | Dec 14, 1999 | Memorandum; Comment: re defense costs under London Underwriters Ship Dismantling & Bumbershoot Policies |
| BL-726 | Dec 14, 1999 | Other; Comment: conclusions of law; Defendant: CIGNA PROPERTY AND CASUALTY IN Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-727 | Dec 14, 1999 | Settlement; Comment: Credit for; Defendant: CIGNA PROPERTY AND CASUALTY IN Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-728 | Dec 14, 1999 | Trial - Court; (11:00 AM) ; Comment: ALLOCATION TRIAL |
| BL-729 | Dec 14, 1999 | Trial - Court; (11:00 AM) Result: Cancelled; Cancelled; Comment: (DUPLICATE ENTRY); ; Event Status: Cancelled |
| BL-730 | Dec 15, 1999 | Other; Comment: Supplemental trial brief re- garding defense costs under ship dismantling & bumbershoot policies by underwriters |
| BL-731 | Dec 16, 1999 | Brief - Trial; Comment: London Market Insurers Supplemental Trial Brief Regarding Level at Which Bumbershoot Policies Incept; Privately Retained: JOHN FOLAWN |
| BL-732 | Dec 17, 1999 | Response; Comment: to underwriters supplemental trial brief re costs under ship dismitling & bumbershoot policies |
| BL-733 | Dec 17, 1999 | Trial - Court; (10:00 AM) ; Comment: CONTINUATION:FINDINGS OF FACT/ CONCLUSIONS OF LAW (10AM-3PM) |
| BL-734 | Dec 23, 1999 | Brief - Trial; Comment: Second; RE: Defense Costs Under Ship Dismantling Policies Filed by London Underwriters |
| BL-735 | Dec 27, 1999 | Trial - Court; (9:00 AM) ; Comment: ALLOCATION |
| BL-736 | Dec 28, 1999 | Memorandum; Comment: re: resubmission of trial exhibits w/attached |
| BL-737 | Dec 28, 1999 | Brief; Comment: Allocation (Copy); Privately Retained: RICHARD A LEE Privately Retained: RICHARD A LEE Privately Retained: RICHARD A LEE Privately Retained: RICHARD A LEE Privately Retained: RICHARD A LEE Privately Retained: RICHARD A LEE |
| BL-738 | Dec 28, 1999 | Other; Comment: Conclusions of Law (COPY); Privately Retained: RICHARD A LEE Privately Retained: RICHARD A LEE Privately Retained: RICHARD A LEE Privately Retained: |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

RICHARD A LEE Privately Retained: RICHARD A LEE Privately Retained: RICHARD A LEE

| BL-739 | Dec 28, 1999 | Trial - Court; (9:30 AM) ; Comment: ALLOCATION |
|---|---|---|
| BL-740 | Dec 30, 1999 | Memorandum - Trial; Comment: by Underwriters on Lamb-West- on issues |
| BL-741 | Dec 30, 1999 | Brief; Comment: allocation by Highland & by Century; Defendant: CENTURY INDEMNITY COMPANY Defendant: HIGHLANDS INSURANCE COMPANY |
| BL-742 | Dec 30, 1999 | Hearing - Further Proceedings; (9:45 AM) Result: Cancelled; Cancelled; Comment: DISCUSSION WITH PARTIES FOLAWN AND DE CHAINE ABOUT ALLOCATION; ; Event Status: Cancelled |
| BL-743 | Jan 3, 2000 | Trial - Court; (9:00 AM) ; Comment: ALLOCATION (3 DAYS) |
| BL-744 | Jan 4, 2000 | Trial - Court; (9:30 AM) ; Comment: ALLOCATION |
| BL-745 | Jan 5, 2000 | Trial - Court; (9:00 AM) ; Comment: ALLOCATION |
| BL-746 | Feb 4, 2000 | Motion; Comment: Memo To Reopen The Case To Receive Newly Discovered Evidence From Durham & Bates |
| BL-747 | Feb 4, 2000 | Affidavit; Comment: of Dean D. Dechaine Re Reopen- ing of Case For Additional Evidence From Newly Discovered Durham & Bates Insurance Records w/attached |
| BL-748 | Feb 22, 2000 | Memorandum - Opposing Motion; Comment: to reopen |
| BL-749 | Feb 28, 2000 | Memorandum; Comment: PTF s memorandum on legal standards to reopen the case to receive newly discovered evidence from Durhan & Bates |
| BL-750 | May 2, 2000 | Order; Judicial Officer: Keys, William J; Comment: DEF Century,successor to CCI as successor to Insurance Co of North America,is entitled to summ/jgmt on PTF s claim for coverage under Ship Repair ers Legal Liab.,#HU310367; Court Action: Signed; Court Action Date: 05/01/2000; Judge: William J Keys; Signed: 05/01/2000 |
| BL-751 | June 22, 2000 | Judgment - Dismissal; Judicial Officer: Keys, William J; Comment: w/prejudice w/o cost or atty fees as to defs Highland Ins Co/Century Indemnity Co succes sor of CCI Ins Co & sucessor dcas c mcr evt *firsta; Court Action: Stipulated; Court Action Date: 06/22/2000; ; DEF:HIGHLANDS INSURANCE COMPANY; DEF:CENTURY INDEMNITY COMPANY; DEF:CENTURY INDEMNITY COMPANY; DEF:HIGHLANDS INSURANCE COMPANY; DEF:INSURANCE COMPANY OF NORTH AME; JUD:KEYS WILLIAM J |
| BL-752 | June 26, 2000 | Notice - Judgment Entry |
| BL-753 | June 28, 2000 | Memorandum; Comment: Underwriter s supplemental memorandum in oppositon to Zidell s motion to reopen trial |
| BL-754 | June 28, 2000 | Affidavit; Comment: of Tanya A Durkeein support of underwriters supplemental memorandum in opposition to Zidell s motion to reopen trial |
| BL-755 | July 5, 2000 | Response; Comment: to London s supp memo of 6/28/00 in supp of ptfs mot to reopen the case to receive newly-discovered evidence fr Durham & Bates |
| BL-756 | July 5, 2000 | Affidavit - Counsel; Comment: 2nd of Dean D Dechaine re reopening of case for addtn l ecidence from newly-discovered Durham & Bates documents w/attachments |
| BL-757 | July 5, 2000 | Affidavit; Comment: of Nancy J Kauffman re reopen- ing of case for additional ev- idence from newly discovered Durham & Bates documents |
| BL-758 | July 7, 2000 | Affidavit; Comment: of Edward J Stein re Reopening of Case for Additional Evidence from Newly-Discovered Durham & Bates Documents |
| BL-759 | Aug 9, 2000 | Finding - Facts & Conclusions of Law |
| BL-760 | Dec 27, 2000 | Hearing - Motion; (10:00 AM) ; Comment: RE:Allocation; ; Est length of time: 2 Hour(s) |
| BL-761 | Jan 3, 2001 | Memorandum; Comment: re:Burden of proof re: other Good, valid, & collectible insurance for Lamb-Weston consideration |
| BL-762 | Jan 3, 2001 | Memorandum; Comment: RE Lamb-Weston burden of proof |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-763 | Feb 12, 2001 | Other; Comment: supplemental proposed findings of fact & conclusion of law; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-764 | Feb 13, 2001 | Hearing - Motion; (9:00 AM) ; Est length of time: 1 Hour(s) |
| BL-765 | June 28, 2001 | Memorandum; Comment: in support of PTF s right to recover atty fees w/attached |
| BL-766 | June 28, 2001 | Affidavit; Comment: re Defense Costs as to 6/28/01 |
| BL-767 | July 3, 2001 | Conference - Judicial Settlement; (1:30 PM) ; Est length of time: 2 Hour(s) |
| BL-768 | Aug 28, 2001 | Memorandum - Opposing Motion; Comment: re Zidells claim for atty fees by London Market Insurers |
| BL-769 | Dec 21, 2001 | Affidavit; Comment: of Dean D Dechane in support ot PTF s claim for atty fees |
| BL-770 | Dec 21, 2001 | Memorandum - Reply; Comment: in support of PTF s right to recover atty fees |
| BL-771 | Jan 7, 2002 | Hearing - Motion; (10:30 AM) ; Comment: re: Findings of Fact, Conclusion of Law,Allocation Attorney fees |
| BL-772 | Jan 8, 2002 | Hearing - Motion; (9:00 AM) ; Comment: re: Findings of Fact Conclusion of Law -Allocation Attorney Fees |
| BL-773 | May 6, 2002 | Assignment - Trial Judge; Room: TWJK |
| BL-774 | June 7, 2002 | Statement - Attorney Fees; Comment: Costs & Disbursements |
| BL-775 | June 7, 2002 | Memorandum - At Law; Comment: In Support of Statement of Atty Fees, Costs & Disbursements |
| BL-776 | June 7, 2002 | Other; Comment: Summary of Miller Nash Bills For Atty Fees & Expenses Covering Services from 9/6/94- 4/30/02 w/attached *FILED UNDER SEAL*; Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE |
| BL-777 | June 7, 2002 | Affidavit; Comment: of Dean D. Dechaine In Suport of Statement of Atty Fees, Costs & Disbursement **FILED UNDER SEAL** |
| BL-778 | June 7, 2002 | Other; Comment: Summary of Miller Nash Bills For Atty Fees & Expenses from 9/6/94-4/30/02 *FILED UNDER SEAL* w/attached; Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE |
| BL-779 | June 7, 2002 | Affidavit; Comment: of Richard J. McCain In Support of Statemente of Atty Fees, Costs & Disbursemetns |
| BL-780 | June 7, 2002 | Affidavit; Comment: of Kathleen M. Thompson In Support of Statement of Atty Fees, Costs & Disbursements **FILED UNDER SEAL** |
| BL-781 | June 7, 2002 | Affidavit; Comment: Of Edward J. Stein In Support of Statement of Atty Fees, Costs & Disbursements w/attached **FILED UNDER SEAL** |
| BL-782 | June 7, 2002 | Other; Comment: Exhibits To Affidavit of Edward J. Stein In Support of Statement of Atty Fees, Costs & Disbursements Spreadsheets Tabs 17-37 Volume II w/attached; Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE |
| BL-783 | June 7, 2002 | Other; Comment: Notebook of Miller Nash Bills Fpr Atty Fees & Expenses Covering Services From 9/6/94- 4/30/02 w/attached; Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE Privately Retained: DEAN D DECHAINE |
| BL-784 | June 7, 2002 | Other; Comment: Exhibits To Affidavit of Edward J. Stein In Support of Atty Fees, Costs & Disbuese -ment; Spreadsheets Tabs 1-10 FILWED UNDER SEAL Volume 1 a/ttatched; Plaintiff: Z R Z REALTY COMPANY |
| BL-785 | June 10, 2002 | Notice; Comment: of Filing Original Signature Page of Afidavit of Richard J McCain in Support of Ptfs Statement of Atty Fees and Costs and Disbursements w/attached |

| BL-786 | July 17, 2002 | Finding - Facts & Conclusions of Law; Judicial Officer: Keys, William J; Comment: (General Combined); Court Action: Signed; Court Action Date: 07/15/2002; Judge: William J Keys; Signed: 07/15/2002 |
| BL-787 | Aug 14, 2002 | Opposition; Comment: to PTF s statement of atty fees,costs & disb. w/attached to PTF s statement of atty fees (exh A,B,C,D,E,G filed under seal) 1envelope; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-788 | Aug 19, 2002 | Other; Comment: Notebook of Miller Nash Bills Covering Services From 9/6/94 Through 4/30/02 (FILED UNDER SEAL); Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC Plaintiff: PON EXPLORATIONS INC |
| BL-789 | Aug 19, 2002 | Other; Comment: Exhibits To Affidavit of Edward J. Stein In Support of Statement of Atty Fees, Costs & Disbursements (FILED UNDER SEAL) Volume 1 of 2; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC Plaintiff: PON EXPLORATIONS INC |
| BL-790 | Aug 19, 2002 | Other; Comment: Exhibits To Affidavit of Ed- ward J. Stein In Support of Atty Fees Costs, & Disburse- ments Spread Sheets Tabs 1-16 Volume 2 of 2 FILED UNDER SEAL; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC Plaintiff: PON EXPLORATIONS INC |
| BL-791 | Sept 24, 2002 | Memorandum - Reply; Comment: in Support of Ptfs Atty Fee Statement **CONFIDENTIAL FILED UNDER SEAL** |
| BL-792 | Oct 7, 2002 | Affidavit; Comment: of Kathleen M Thompson in Support of Ptf s Statement of Atty Fees; Costs; & Disbursements on Issue of Richard J McCain s Fees |
| BL-793 | Oct 7, 2002 | Order; Judicial Officer: Frantz, Julie E.; Comment: enclosed document is sealed only to be opened by court (no document attached); Court Action: Signed; Court Action Date: 10/04/2002; Judge: Julie E. Frantz; Signed: 10/04/2002 |
| BL-794 | Oct 7, 2002 | Order; Judicial Officer: Frantz, Julie E.; Comment: affidavit of Kathleen M Thompson is SEALED - only to be opend by order of the court; Court Action: Signed; Court Action Date: 10/04/2002; Judge: Julie E. Frantz; Signed: 10/04/2002 |
| BL-795 | Oct 9, 2002 | Affidavit; Judicial Officer: Frantz, Julie E.; Comment: of Kthleen M Thompson (SEALED PER ORDER); Court Action: Signed; Court Action Date: 10/04/2002; Judge: Julie E. Frantz; Signed: 10/04/2002 |
| BL-796 | Oct 9, 2002 | Other; Judicial Officer: Frantz, Julie E.; Comment: PTF s setoff information 10/2/ 02 (FILED UNDER SEAL); Court Action: Signed; Court Action Date: 10/04/2002; Judge: Julie E. Frantz; Date 2: 10/04/2002 |
| BL-797 | Oct 10, 2002 | Affidavit; Comment: Supplemental of Dean D Dechaine in support of PTf s statement of atty fees,costs & disbursements w/attached |
| BL-798 | Dec 13, 2002 | Order; Judicial Officer: Keys, William J; Comment: & Award on Ptfs Statement of Atty Fees; Costs; & Disbursements; & Defs London Primary General Liability Underwriters Opposition; Court Action: Signed; Court Action Date: 12/13/2002; Judge: William J Keys; Signed: 12/13/2002 |
| BL-799 | Dec 17, 2002 | Finding - Facts & Conclusions of Law; Judicial Officer: Keys, William J; Comment: Second (Allocation); Court Action: Signed; Court Action Date: 12/13/2002; Judge: William J Keys; Signed: 12/13/2002 |
| BL-800 | Mar 25, 2003 | Hearing - Case Management; (2:00 PM) ; Comment: Status/Request for new judge assignment (WJK no longer hearing this matter); ; Est length of time: 10 Minute(s) |
| BL-801 | Mar 31, 2003 | Order; Judicial Officer: KOCH, DALE; Comment: To set motion on the Judgment & attorney fee s Set by Presiding Court; Court Action: Signed; Court Action Date: 03/31/2003; Judge: DALE R KOCH; Signed: 03/31/2003 |
| BL-802 | Apr 2, 2003 | Statement - Attorney Fees; Comment: supplementa; FILED UNDER SEAL |
| BL-803 | Apr 2, 2003 | Affidavit; Comment: of Edward J Stein in support PTF s supplemental statement of atty fees, costs, disbursements, regarding items after 4/30/02 FILED UNDER SEAL |

**Bloomberg Law**®     © 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-804 | Apr 3, 2003 | Call; (9:00 AM) ; Comment: JUDGMENT ONLY Attorney fee s to be set with assigned judge Set by Presiding Court |
| BL-805 | Apr 7, 2003 | Memorandum; Comment: in support of PTF s Judgment respects joint for entry of Judgment |
| BL-806 | Apr 7, 2003 | Closed |
| BL-807 | Apr 7, 2003 | Judgment - Money; Judicial Officer: ROSENBLUM, ELLEN F; Court Action: Signed; Court Action Date: 04/07/2003; ; JUD:ROSENBLUM ELLEN F; Signed: 04/07/2003 |
| BL-808 | Apr 7, 2003 | Hearing - Show Cause; (9:30 AM) ; Comment: JUDGMENT ONLY Attorney fee s to be set with assigned judge; ; Est length of time: 60 Minute(s) |
| BL-809 | Apr 8, 2003 | Notice - Judgment Entry |
| BL-810 | Apr 9, 2003 | Notice - Appeal; Comment: w/designation of record-4/7/03 judgment by Judge Ellen F Rosenblum w/exhibits A & B filed by defs/appellnts *copy* |
| BL-811 | Apr 16, 2003 | Opposition; Comment: to PTf s supplemental statement of atty fees costs & disb w/attached; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-812 | Apr 21, 2003 | Bond - Appeal Supersedeas; Comment: Carolina Casualty Insurance Co surety- will pay damages,cost & disb awarded against London Underwriters not exceeding $500.00 w/attached |
| BL-813 | Apr 22, 2003 | Bond - Appeal Supersedeas; Comment: Carolina Casualty Insurance Co as surety will pay damages for London Underwriters not to exceed $500.00 w/attached |
| BL-814 | Apr 24, 2003 | Certificate; Comment: of notice to reporter/transcri ber re transcript due date 5/7/03 |
| BL-815 | May 6, 2003 | Notice - Cross Appeal; Comment: designating rcord 4/7/03 judgment by Judge Ellen F Rosenblum w/exhibit A & B; Plaintiff: Z R Z REALTY COMPANY Plaintiff: ZIDELL REMEDIATION FUNDING Plaintiff: ZIDELL MARINE CORPORATION Plaintiff: TUBE FORGINGS OF AMERICA INC Plaintiff: PON EXPLORATIONS INC |
| BL-816 | May 29, 2003 | Memorandum - Reply; Comment: on its supplemental ORCP 68 (4) statement of atty fees FILED UNDER SEAL |
| BL-817 | June 3, 2003 | Order; Judicial Officer: ROSENBLUM, ELLEN F; Comment: re Reporting of Proceedings by Stenographic Means; Court Action: Signed; Court Action Date: 06/03/2003; Judge: ELLEN F ROSENBLUM; Signed: 06/03/2003 |
| BL-818 | June 3, 2003 | Hearing - Motion; (9:00 AM) ; Comment: orcp 68; ; Est length of time: 2 Hour(s) |
| BL-819 | June 17, 2003 | Certificate; Comment: amended of notice to reporter/ transcriber of transcript due date 5/7/03 |
| BL-820 | June 17, 2003 | Request - Extradition; Comment: from 6/11/03 to 7/11/03 for transcript preparation |
| BL-821 | July 1, 2003 | Copy; Comment: of Letter from Judge Rosenblum to Attys Folawn & Helmer re Award of Atty Fees |
| BL-822 | July 3, 2003 | Transcript - Appeal; Comment: re 12/6/99 hearing before Judge William J Keys /s/ Pamela Smith court rep |
| BL-823 | July 3, 2003 | Notice; Comment: of filing w/proof of service |
| BL-824 | July 31, 2003 | Transcript - Appeal; Comment: vol 30 re 11/15/99 hearing before Jg William J Keys |
| BL-825 | July 31, 2003 | Transcript - Appeal; Comment: vol 40 re 12/27/99 hearing before Jg William J Keys |
| BL-826 | July 31, 2003 | Transcript - Appeal; Comment: vol 41 re 12/28/99 hearing before Jg William J Keys |
| BL-827 | July 31, 2003 | Transcript - Appeal; Comment: vol 42 re 12/30/99 hearing before Jg William J Keys |
| BL-828 | July 31, 2003 | Transcript - Appeal; Comment: vol 43 re 1/3/00 hearing before Jg William J Keys |
| BL-829 | July 31, 2003 | Proof - Service; Comment: re transcript vol 30/40/41/42/ 43 /s/ Dennis Apodaca court rep |
| BL-830 | Aug 1, 2003 | Notice; Comment: of filing & proof of service 2 volume heard 7/31/03; Court Action: Served; Court Action Date: 07/31/2003 |

**Bloomberg Law**®  © 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-831 | Aug 1, 2003 | Transcript - Proceedings; Comment: Volume 44 - heard 2/24/2000 |
| BL-832 | Aug 1, 2003 | Transcript - Proceedings; Comment: 1 volume - held 6/26/99 |
| BL-833 | Aug 27, 2003 | Transcript - Appeal; Comment: (6) vol 1-11 12-18 19-20 30-38 39-52 53-59 /s/ Barbara Shipp RPR |
| BL-834 | Aug 27, 2003 | Notice; Comment: of filing w/proof of service |
| BL-835 | Aug 27, 2003 | Notice; Comment: from transcript co-ordinator: binders do not include vol 7 18b 19b 20b 21b 22b 23b 24b 25 26b 27b 28 30b 31b 37b 38b 40b 41 42 43 44 59 (diff court rep for these #s) |
| BL-836 | Sept 12, 2003 | Exhibit; Comment: Election |
| BL-837 | Sept 12, 2003 | Exhibit; Comment: Medical Records from Terri Martin, LMT (1/8 ) |
| BL-838 | Dec 3, 2003 | Transcript - Appeal; Comment: (14 volumes)18b thru 27b/28/ 31b/37b/38b Jennifer L Wiles CSR RPR |
| BL-839 | Dec 3, 2003 | Notice; Comment: of filing w/proof of service |
| BL-840 | Jan 5, 2004 | Motion - Time Extension; Comment: to file response |
| BL-841 | Jan 5, 2004 | Affidavit - Supporting Motion; Comment: to extend time to file response of Victoria Blachly w/attached |
| BL-842 | Jan 8, 2004 | Hearing; (9:30 AM) ; Comment: Re: briefing schedule; ; Est length of time: 15 Minute(s) |
| BL-843 | Jan 28, 2004 | Case Notes; Comment: 2/27 Mr. Folawn 3/5 Ms. Helmer per telephone conference with EFR on 1/8/04 |
| BL-844 | Mar 5, 2004 | Objection; Comment: of LPGL Underwriters To Pro- posed Findings & Conlclusions on Ptf s Supplemental ORCP 68 C(4) Statement of Atty Fees |
| BL-845 | Mar 5, 2004 | Objection; Comment: To LPGL Underwriters To Supplemental Jdgm & Money Award |
| BL-846 | Mar 11, 2004 | Order - Correct Transcript; Judicial Officer: KOCH, DALE; Comment: Stipulated w/motion (See File); Court Action: Signed; Court Action Date: 03/11/2004; Judge: DALE R KOCH; Signed: 03/11/2004 |
| BL-847 | Apr 6, 2004 | Reply; Comment: to LPGL Underwriters objectns to proposed findings and conclusions on supplemental atty fees |
| BL-848 | Apr 6, 2004 | Finding - Facts & Conclusions of Law; Judicial Officer: ROSENBLUM, ELLEN F; Comment: revised/re ptfs supplemental statement of atty fees 4/5/04; Judge: ELLEN F ROSENBLUM |
| BL-849 | Apr 6, 2004 | Judgment - Supplemental - Creates Lien; Judicial Officer: ROSENBLUM, ELLEN F; Comment: revised form; Court Action: Signed; Court Action Date: 04/05/2004; ; JUD:ROSENBLUM ELLEN F; Signed: 04/05/2004 |
| BL-850 | Apr 20, 2004 | Notice - Judgment Entry |
| BL-851 | Apr 28, 2004 | Affidavit; Comment: of Katherine B Werner atty for Carolina Casualty Ins Co. w/attached |
| BL-852 | Apr 28, 2004 | Bond; Comment: Supersedeas - on behalf of DEF s Certain Underwriters at Lloyd s London & Certain London Market Co - not to exceed $370,000. |
| BL-853 | Apr 28, 2004 | Notice - Amended Appeal; Comment: from 4/19/04 supplemental judgment by Judge Ellen F Rosenblum |
| BL-854 | May 13, 2004 | Order; Judicial Officer: KOCH, DALE; Comment: Stipulated to amend order to correct transcript w/attached; Court Action: Signed; Court Action Date: 05/13/2004; Judge: DALE R KOCH; Signed: 05/13/2004 |
| BL-855 | May 20, 2004 | Transcript - Appeal; Comment: re 4/7/03 hearing before Judge Ellen Rosenblum /s/ Barbara Shipp RPR |
| BL-856 | May 20, 2004 | Transcript - Appeal; Comment: re 6/3/03 hearing before Judge Ellen Rosenblum /s/ Barbara Shipp RPR |

**Bloomberg Law**®

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-857 | June 17, 2004 | Case Notes; Comment: order settling transcript was signed by EFR on 6/16/04 |
| BL-858 | June 18, 2004 | Order - Settling Transcript; Judicial Officer: ROSENBLUM, ELLEN F; Court Action: Signed; Court Action Date: 06/16/2004; Judge: ELLEN F ROSENBLUM; Signed: 06/16/2004 |
| BL-859 | Mar 29, 2005 | Order; Judicial Officer: BREWER, DAVID; Comment: CAA121145 supplementing record w/trial judge letter 8/20/99 & transcripts refered to by trial court in findings of fact & conclusions of law (by defs/appellants/respndnts); Court Action: Signed; Court Action Date: 03/24/2005; Judge: DAVID V BREWER; Signed: 03/24/2005 |
| BL-860 | Apr 7, 2005 | Stipulation; Comment: re trial transcript |
| BL-861 | Apr 7, 2005 | Transcript - Appeal; Comment: 23 vol re 10/22/99 thru 10/29/99 hearings;24 vol re 11/01/99 thru 11/24/99 hearing 10 vol 12/6/99 thru 12/30/99; 8 vol 1/3/00 2/3 7/6 7/24 8/7 8/8 8/9 12/27;2 vol 2/11/01 & |
| BL-862 | Apr 7, 2005 | Transcript - Appeal; Comment: (CONT D) 7/3/01 2 vol 1/7/02 & 1/8/02 |
| BL-863 | June 13, 2006 | Order; Judicial Officer: BREWER, DAVID; Comment: supplementing record & giving leave to file extended brief re Zidells cross-opening brief CAA121145 copy/orig filed in court of appeals*; Court Action: Signed; Court Action Date: 06/08/2006; Judge: DAVID V BREWER; Signed: 06/08/2006 |
| BL-864 | Mar 22, 2011 | Other; Comment: Rider to Supersedeas Bond #089855 surety changed to Berkeley Ins Co for $370,000 w/exhibit 1; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-865 | Mar 22, 2011 | Other; Comment: Rider to Supersedeas Bond No 074442 surety named on bond changed to Berkeley Regional Ins Co for $370,000 w/exhibit 1; Defendant: CERTAIN UNDERWRITERS AT LLOYDS |
| BL-866 | Mar 5, 2014 | Notice - Substitution of Attorney; Comment: Lawrence Gottlieb to be sub- stituted as atty for def in place of John Folawn |
| BL-867 | Mar 11, 2014 | Order - Reversing On Appeal; Comment: in part |
| BL-868 | Mar 11, 2014 | Order - Remand on Appeal |
| BL-869 | Mar 11, 2014 | Judgment - Enforce Appellate; Comment: A121145 & Supp Jgm w/Money Award; appeal & x-appeal reversed in part & remanded for further proceedings Effective date: 02/25/14; Event Status: Satisfied; Event Status Date: 04/14/2014 |
| BL-870 | Mar 11, 2014 | Reinstated |
| BL-871 | Mar 18, 2014 | Hearing - Case Management; (3:00 PM) ; Comment: CASE RETURNED FROM COURT OF APPEALS - NEEDS REASSIGNMENT; ; Est length of time: 10 Minute(s) |
| BL-872 | Mar 19, 2014 | Order - Designating Complex Case; Judicial Officer: Waller, Nan G; Comment: w/Motion from Conference w/Presiding Judge; Designating Case as Complex & Assigning Case to Judge Wittmayer For All Pre-Trial & Trial Matters; Room: CPX ; Court Action: Signed; Court Action Date: 03/18/2014; Judge: Nan G Waller; Signed Date: 03/18/2014 |
| BL-873 | Mar 24, 2014 | Satisfaction; Comment: Stipulation; re 02/25/14 COA jgm satisfied w/attached *NOT NOTARIZED* |
| BL-874 | Mar 26, 2014 | Miscellaneous; Comment: Returned from COA-A121145. 62 Files & Exh.(missing P 4027a). |
| BL-875 | Apr 1, 2014 | Notice - Judgment Entry |
| BL-876 | Apr 1, 2014 | Assignment - Trial Judge; Judicial Officer: WITTMAYER, JOHN; Comment: Complex |
| BL-877 | Apr 10, 2014 | Notice - Substitution of Attorney; Comment: Bruce L Campbell of Miller Nash LLP in place of former atty |
| BL-878 | Apr 14, 2014 | Satisfaction; Comment: & stipulation full re appellate jgm |
| BL-879 | Apr 15, 2014 | Return - Mail; Comment: Notice of entry of jgm FORWARD TIME EXPIRED |
| BL-880 | Apr 18, 2014 | Statement; Comment: of Proceduaral History & Issues On Remand |
|  | Apr 22, 2014 | Affidavit; of Darlene A. Bornt |

**Bloomberg Law**®

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-881 | | |
|--------|--------|--------|
| BL-882 | May 5, 2014 | Declaration; of Lawrence Gottlieb; Page Count: 20 |
| BL-883 | May 5, 2014 | Response |
| BL-884 | May 9, 2014 | Hearing; (8:30 AM) ; Comment: scheduling conference in chambers; ; Est length of time: 30 Minute(s) |
| BL-885 | June 20, 2014 | Notice; of Appearance |
| BL-886 | June 30, 2014 | Declaration; In Support Brief Regarding Implied Fortuity Aspect of Marine Insurance Policies |
| BL-887 | June 30, 2014 | Declaration; In Support Brief Regarding Application of All-Sums Rule vs. Time-on-the-risk Allocation |
| BL-888 | June 30, 2014 | Notice; Brief er implied Fortuity Aspect of Marine Imsurance Policies |
| BL-889 | June 30, 2014 | Notice; Brief Re Application of All-Sums Rule vs Time-On-The-Risk Allocation |
| BL-890 | Aug 28, 2014 | Order; Judicial Officer: WITTMAYER, JOHN; W/Motion to Admit Pro Hac Vice Sarah M Shields; Signed: 08/28/2014 |
| BL-891 | Sept 12, 2014 | Reply; Brief Re Application of All-Sums Rule vs Time-On-The-Risk Allocation |
| BL-892 | Sept 12, 2014 | Reply; Brief Re Implied Fortuity Aspect of Marine Insurance Policies |
| BL-893 | Sept 16, 2014 | Notice; Brief Re The Fortuity Aspect of Marine Insurance Policies |
| BL-894 | Sept 16, 2014 | Declaration |
| BL-895 | Sept 16, 2014 | Notice; Brief Re Application of All Sums vs Time-on-The-Risk Allocation |
| BL-896 | Sept 16, 2014 | Declaration; of Lawrence Gottlieb in support |
| BL-897 | Oct 3, 2014 | Motion; For Leave to Ffile Sur-reply Re: Implied Fortuity Aspect of Marien Insurance Policies |
| BL-898 | Oct 3, 2014 | Reply; Sur Reply To Ptfs Reply Brief Re: Implied Fortuity Aspect of Marine Insurance Policies |
| BL-899 | Oct 3, 2014 | Notice; Appendix of Authorities Cited In Proposed Sur-Reply To Ptfs Reply Brief Re; Implied Fortuity Aspec of Marine Insurance Policies. |
| BL-900 | Oct 9, 2014 | Motion; For Admission of Edward J Stein To Appear & Particiapte Pro Hac Vice |
| BL-901 | Oct 9, 2014 | Order; Judicial Officer: WITTMAYER, JOHN; Granting Ptfs Motion For Admission of Edward J Stein To Appear & Participate Pro Hac Vice; Signed: 10/09/2014 |
| BL-902 | Oct 17, 2014 | Hearing - Motion; Time: 9:00 AM; Judicial Officer WITTMAYER, JOHN |
| BL-903 | Oct 21, 2014 | Motion - Summary Judgment; Partial |
| BL-904 | Oct 21, 2014 | Notice; of outstanding fees re: motion for summary jgm **charge to ZRZ Realty** |
| BL-905 | Nov 3, 2014 | Motion - Summary Judgment; Partial Cross-motions of Certain Underwriters at Lloyd's and "Certain London Market Insurance Companies' re: time-on-risk & express fortuity |
| BL-906 | Nov 4, 2014 | Order; Judicial Officer: WITTMAYER, JOHN; on Cross Motions for Partial Summary JGM; Signed: 11/04/2014 |
| BL-907 | Nov 6, 2014 | Notice; of outstanding fees re: Cross-motions for summary jgm **fee charged to Certain Underwriters** |
| BL-908 | Nov 7, 2014 | Order; Judicial Officer: WITTMAYER, JOHN; on Def's Motion for Leave to File Sur-Reply to Ptfs' Reply Brief RE Implied Fortuity Aspect of Marine Insurance Policies; Signed: 11/07/2014 |
| BL-909 | Dec 19, 2014 | Hearing; Time: 9:00 AM; Judicial Officer WITTMAYER, JOHN; scheduling conference |
| BL-910 | Dec 23, 2014 | Motion - Out of State Attorney |

**Bloomberg Law**®

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| BL-911 | Jan 6, 2015 | Order; Judicial Officer: WITTMAYER, JOHN; Granting Pro Hac Vice Jeremy R Schulze; Signed: 01/06/2015 |
| BL-912 | Jan 9, 2015 | Notice - Withdrawal of Attorney |
| BL-913 | Jan 21, 2015 | Order; Judicial Officer: WITTMAYER, JOHN; Case management -; Signed: 01/21/2015 |
| BL-914 | Apr 8, 2015 | Motion - Summary Judgment |
| BL-915 | Apr 8, 2015 | Declaration; of Kathryn M Silva in Support of Partial Motion for Summary Jgm |
| BL-916 | Apr 30, 2015 | Response; to Ptf's Motion for Partial Summary Judgment re: Policy Selection |
| BL-917 | Apr 30, 2015 | Declaration; of Lawrence Gottlieb in support |
| BL-918 | May 1, 2015 | Notice; Def charged $100 for response to MSJ filed 4/30/15 |
| BL-919 | May 14, 2015 | Declaration; Johnathan Singer in Support |
| BL-920 | May 14, 2015 | Reply; in Support of Summary Judgment |
| BL-921 | May 28, 2015 | Hearing - Summary Judgment; Time: 8:30 AM; Judicial Officer WITTMAYER, JOHN; 05/15/2015; Reset by Court to 05/28/2015 |
| BL-922 | May 29, 2015 | Order; Judicial Officer: WITTMAYER, JOHN; Re:Reporting by Stenographic Means; Signed: 05/28/2015 |
| BL-923 | June 4, 2015 | Motion - Protective Order |
| BL-924 | June 4, 2015 | Declaration; Bruce L Campbell in Support |
| BL-925 | June 4, 2015 | Declaration; Edward J Stein in Support |
| BL-926 | June 12, 2015 | Motion - Compel Production; On Remand |
| BL-927 | June 12, 2015 | Order - Proposed; **Unsigned** |
| BL-928 | June 12, 2015 | Declaration; Of Larry Gottlieb in Support of Motion to Compel on Remand |
| BL-929 | June 12, 2015 | Additional Authorities; Appendix of Non Oregon Authority Cited |
| BL-930 | June 18, 2015 | Response; to Motion for Protective Order |
| BL-931 | June 18, 2015 | Declaration; Lawrence Gottlieb in Support of Response |
| BL-932 | June 18, 2015 | Additional Authorities |
| BL-933 | June 29, 2015 | Declaration; of Jonathan H. Singer |
| BL-934 | June 29, 2015 | Response; to Defendants' motion to compel |
| BL-935 | July 2, 2015 | Reply; in Support of Motion for Protective Order |
| BL-936 | July 8, 2015 | Reply; In Support of Motion to Compel on Remand |
| BL-937 | July 8, 2015 | Declaration; of Lawrence Gottlieb in Support of Reply |
| BL-938 | July 16, 2015 | Order; Judicial Officer: WITTMAYER, JOHN; Denying Summary Judgment; Signed: 07/16/2015 |
| BL-939 | July 17, 2015 | Hearing - Motion; Time: 10:30 AM; Judicial Officer WITTMAYER, JOHN; Ptfs' Motion for Protective Order; Def Lloyds Motion to Compel; 07/15/2015; Reset by Court to 07/17/2015; Result: Held |
| BL-940 | Dec 7, 2015 | Hearing; Time: 8:30 AM; Judicial Officer WITTMAYER, JOHN; status check - via conference call |
| BL-941 | Dec 14, 2015 | Trial; Time: 8:30 AM; Judicial Officer WITTMAYER, JOHN; Stipulated by Parties |

**Bloomberg Law**®

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

| | | |
|---|---|---|
| BL-942 | Jan 28, 2016 | Hearing - Conference Call; Time: 8:30 AM; Judicial Officer WITTMAYER, JOHN; status check via conference call |
| BL-943 | Feb 16, 2016 | Trial; Time: 8:30 AM; Judicial Officer WITTMAYER, JOHN; Stipulated by Parties |
| BL-944 | Mar 16, 2016 | Motion - Dismiss with Prejudice |
| BL-945 | Mar 31, 2016 | Hearing - Conference Call; Time: 8:30 AM; Judicial Officer WITTMAYER, JOHN; status check |
| BL-946 | May 23, 2016 | Digitized Judgment Document; Judicial Officer: WITTMAYER, JOHN; General Dismissal; Signed Date: 05/23/2016 |
| BL-947 | May 25, 2016 | Notice - Judgment Entry |
| BL-948 | May 25, 2016 | Closed |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**Bloomberg Law**®

Case 16-03127-rld    Doc 95    Filed 11/30/16

Current on Bloomberg Law as of Nov. 18, 2016 08:45:14

# Z R Z REALTY COMPANY vs. BELLEFONTE RE INSURANCE COMPAN

This does not constitute the official record of the court. The information is provided "as is" and may be subject to errors or omissions.

Bloomberg Law®

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service
// PAGE 53

# General Information

**Court**      Oregon 4th Judicial Circuit, Multnomah County

**Docket Number**   970806226

**Status**      Closed

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Case 16-03127-rld  Doc 95  Filed 11/30/16

# Exhibit I

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| KAISER GYPSUM COMPANY, INC., *et al.*[1] | : | Case No. 16-31602 (JCW) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

STIPULATION OF FACTS FOR HEARING ON
MOTION OF CERTAIN KAISER GYPSUM CLAIMANTS
TO TRANSFER CHAPTER 11 CASES TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

The undersigned parties hereby stipulate to the following facts in connection with the

Motion of Certain Kaiser Gypsum Claimants to Transfer Chapter 11 Cases to the United States

District Court for the Western District of Washington Pursuant to 28 U.S.C. §§ 1408 and 1412

and Rule 1014 of the Federal Rules of Bankruptcy Procedure [D.I. 62] (the "Motion"):

## BACKGROUND

1.     Kaiser Gypsum Company, Inc. ("Kaiser Gypsum") and Hanson Permanente

Cement, Inc. ("HPCI", and with Kaiser Gypsum, the "Debtors") filed for protection under

chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on September 30,

2016 (the "Petition Date") in the Western District of North Carolina – Charlotte Division (the

"North Carolina Court").

2.     On October 7, 2016, Patricia Hoff, individually and as personal representative of

David Hoff, Ronald and Shirlee Auen, and Richard and Charlene Hoffmeister (collectively, the

"Movants" or "Certain Kaiser Gypsum Claimants" filed the Motion.

{00366032.DOC V. E162.024054;}

3.      On October 20, 2016, the Debtors filed an objection to the Motion [D.I. 128].

4.      On November 18, 2016, the Movants filed a reply in support of the Motion [D.I. 246].

5.      The Movants and the Debtors are referred to herein collectively as the "Parties."

## CORPORATE DOMICILE

6.      Kaiser Gypsum was formerly known as Pacific Coast Cement Company ("PCCC"), which was incorporated in Washington on or about November 28, 1927.  A company called "Kaiser Gypsum Company" was incorporated in California in 1952 and then merged into PCCC later that year.  PCCC was the surviving company but its name was changed to Kaiser Gypsum Company, Inc.  Kaiser Gypsum remained a Washington corporation until May 23, 2016.

7.      On May 23, 2016, Kaiser Gypsum filed Articles of Conversion to convert Kaiser Gypsum to a North Carolina corporation.

8.      Kaiser Gypsum was converted to a North Carolina corporation in order to create the opportunity to file bankruptcy in North Carolina.

9.      Mr. McChesney, the Debtors' 30(b)(6) witness, testified that it was desirable to have the opportunity to file for bankruptcy in North Carolina because "the North Carolina Court had recent asbestos bankruptcy experience, or asbestos bankruptcy experience, and that was the opportunity that – we were creating the opportunity for ourselves."  McChesney Tr. 10/24/2016 at 51:18-25.

10.     Kaiser Gypsum filed its bankruptcy 130 days after the Articles of Conversion were filed in North Carolina.

---

[1]     The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Kaiser Gypsum Company, Inc. (0188) and Hanson Permanente Cement, Inc.

{00366032.DOC V. E162.024054;}

11.     Kaiser Gypsum based the venue of its bankruptcy filing on its status as a North Carolina corporation.

12.     The company today known as HPCI is the result of a merger in 1989 between a Delaware corporation named Kaiser Cement Corporation and an Arizona corporation named Superlite Builders Supply, Inc. ("Superlite"). Superlite was the survivor of the merger and immediately changed its name to Kaiser Cement Corporation, and it has remained an Arizona corporation since that 1989 merger. In February 1999, the corporation changed its name to Hanson Permanente Cement, Inc.

13.     HPCI based the venue of its bankruptcy filing in North Carolina on its status as an affiliate of Kaiser Gypsum.

## PRINCIPAL PLACE OF BUSINESS

14.     Kaiser Gypsum's voluntary petition lists its principal place of business as Irving, Texas ("Dallas").

15.     Kaiser Gypsum has no employees. Its sole business activity since 1978 has been the management of legacy asbestos-related and environmental liabilities.

16.     Three Rivers Management, Inc., which managed the Debtors' legacy liabilities before the commencement of the bankruptcy cases and is the primary interface for the bankruptcy professionals, has its principal place of business in Pittsburgh, Pennsylvania. None of the individuals who are employed by Three Rivers Management are located in North Carolina. Rob Markwell, Mary Wright, and Charles E. McChesney, II of Three Rivers Management are located near Pittsburgh, Pennsylvania.

17.     The day-to-day operations of Kaiser Gypsum are conducted in Pittsburgh and Dallas.

---

(7313). The Debtors' list their addresses as 300 E. John Carpenter Freeway, Irving, Texas 75062.
{00366032.DOC V. E162.024054;}

18.     Since 1997, management of the asbestos liabilities of Kaiser Gypsum has occurred in Pittsburgh.  Since 2010, management of environmental liabilities for Kaiser Gypsum has occurred in Pittsburgh.

19.     Management of the asbestos liabilities of Kaiser Gypsum included interfacing with Truck Insurance, overseeing coverage litigation with Truck Insurance, and, with respect to activities not performed by Truck, management of asbestos cases and professionals engaged in connection with such cases.

20.     Management of the environmental liabilities of Kaiser Gypsum included interfacing with insurers on environmental matters, interfacing with regulatory agencies, and oversight of professionals engaged with respect to the company's environmental liabilities.

21.     Certain Kaiser Gypsum corporate records, including corporate minutes and  board resolutions, are maintained in Dallas.  Other corporate records of Kaiser Gypsum, including asbestos and environmental files and records and historical documents, are maintained in Pittsburgh.   Through a shared services arrangement with Lehigh Hanson, financial records, including financial ledgers and tax records, are maintained in Dallas.  Kaiser Gypsum's corporate actions, including appointment of officers, take place in both Dallas and Pittsburgh.

22.     The Kaiser Gypsum record custodian, Amy Yi, is located near Dallas.

23.     Neither Kaiser Gypsum nor HPCI ever maintained a principal place of business in North Carolina.

24.     HPCI's day-to-day operations are similarly split between Pittsburgh and Dallas with the exception that HPCI owns a cement plant in Northern California.  HPCI leases the cement plant to non-debtor Lehigh Southwest Cement Company, and HPCI manages the lease from Dallas.

{00366032.DOC V. E162.024054;}

## PRINCIPAL ASSETS

25.    Kaiser Gypsum owns a 41 2/3% interest in Gypsum Carrier, Inc., which in turn owns a subsidiary, Asian Carriers, Inc., which in turn owns a subsidiary, Mediterranean Carriers, Inc.  Each of these entities are Panama corporations and each are inactive.   The stock of Gypsum Carrier, Inc. is located in the United Kingdom.

26.    The Debtors' corporate documents are stored in various locations, including Oakland, Sacramento, San Diego and Los Angeles, California; Portland, Oregon; Dallas; Pittsburgh; and Seattle, Washington.   A subset of these corporate documents was created for production in asbestos litigation and this subset, referred to as the Graf documents, is stored in a warehouse in Oakland, California.

27.    The Debtors maintain no books and records in North Carolina.

28.    Kaiser Gypsum signed documents to open a checking account with Bank of America, N.A. in Charlotte, North Carolina on August, 18, 2016.  Kaiser Gypsum did not have its own bank account for at least 11.5 years prior to the opening of the checking account.

29.    The forms used to open the account were sent to Bank of America from Dallas.

30.    Prior to the bankruptcy filing, all the funds in the account were provided by HPCI. Between September 1 and September 23, HPCI transferred $900,000 to Kaiser Gypsum.

31.    Charles McChesney testified at this deposition that because of certain accounting changes required by the bankruptcy filing, Kaiser Gypsum determined that it needed to open its own checking account.

32.    Kaiser Gypsum's Dallas address appears on the bank account records.

{00366032.DOC V. E162.024054;}

33.     Bank of America has two addresses on the bank statements: an address for "Bank of America Merrill Lynch" in Wilmington, Delaware and an address for "Bank of America, N.A." in Charlotte, North Carolina, listed under "customer service information."

34.     Each of the five individuals who are signatories on the Kaiser Gypsum bank account are located in either Dallas or Pittsburgh.

35.     Through September 28, 2016, a total of $796,567.32 was disbursed from that account.  The payments were exclusively made by wire transfer.  Most of the money was used to pay professionals, including professional retainers.

36.     By September 30, 2016, $103,407.68 remained in Kaiser Gypsum's bank account.

37.     When Kaiser Gypsum had manufacturing plants, they were located in New Jersey, Florida, New Mexico, California, Oregon, and Washington.

38.     One of Kaiser Gypsum's primary layer insurers is Truck Insurance, which is headquartered in California.  McChesney testified that Kaiser Gypsum's insurance with Truck Insurance is Kaiser Gypsum's most valuable insurance and the insurance is the most valuable asset on Kaiser Gypsum's balance sheet.

39.     Kaiser Gypsum and Truck Insurance have been parties for several years in coverage litigation pending in California state court.

40.     None of the Debtors' 50 primary and excess insurers is headquartered in North Carolina.

41.     None of the Debtors' 50 primary and excess insurers is headquartered in Washington.

42.     Mr. McChesney testified that as of the day immediately preceding the Petition Date Kaiser Gypsum's liabilities exceeded its assets.  McChesney Tr. 10/24/2016 at 42:17 - 43:2.

{00366032.DOC V. E162.024054;}

43.     None of the Debtors' insurance policies contains a choice of law clause.

44.     HPCI owns a cement plant in Santa Clara County, California, which is leased to Lehigh Southwest Cement Company, a non-debtor affiliate.  In addition, HPCI owns (a) stock in its subsidiaries, (b) books and records, (c) a bank account, and (d) insurance assets.

45.     HPCI's subsidiaries in addition to Kaiser Gypsum are non-debtors Hanson Micronesia Cement, Inc., a Delaware corporation, and Hanson Permanente Cement of Guam, Inc., a California corporation, which sell cement in key markets in the Pacific, including Guam and Saipan, and non-debtor Permanente Cement Company, a California entity that has no operations.

46.     HPCI has a bank account in Atlanta, Georgia.  Its bank account statements were addressed to Three Rivers Management's Pittsburgh office before its bankruptcy filing.  Because the account was a sweep account, it did not maintain a cash balance.

47.     HPCI has no employees.

48.     HPCI's non-Debtor parent, KH1, is incorporated in Delaware.

## AUTHENTICITY AND ADMISSIBILITY OF DOCUMENTS

49.     In connection with the Motion, the Parties stipulate to the authenticity of any documents produced by the Debtors to the Certain Kaiser Gypsum Claimants. In connection with the Motion, the Parties stipulate to the admissibility of any documents produced by the Debtors with the exception of the asbestos database.  The asbestos database is the subject of a non-disclosure agreement.

50.     The Debtors agree that the Certain Kaiser Gypsum Claimants may use information obtained from the asbestos database in prosecuting the Motion including aggregating settlement amounts and claim totals; provided, further, that the Certain Kaiser Gypsum

{00366032.DOC V. E162.024054;}

Claimants may not disclose any individual settlement amounts identified in the asbestos database in their prosecution of the Motion.

51.     The Parties agree to the admissibility of the entire deposition of Charles E. McChesney II taken on October 24, 2016 in connection with the Motion subject to any objections made to questions posed during the deposition.

52.     The Parties agree to the admissibility of these two declarations by Charles E. McChesney II:  (1) Declaration of Charles E. McChesney II in Support of First Day Pleadings [D.I. 13], and (2) Declaration of Charles E. McChesney II in Support of Debtors Objection to Motion of Certain Claimants to Transfer venue, and its two exhibits, which was filed as an attachment to Debtorsø Objection to Motion of Certain Claimants to Transfer Venue [D.I. 128].

53.     The Parties agree to the admissibility of the Declaration of Mark A. Fink in Connection with the Motion of Certain Kaiser Gypsum Claimants to Transfer Chapter 11 Cases to the United States District Court for the Western District of Washington Pursuant to 28 U.S.C. §§ 1408 and 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

{00366032.DOC V. E162.024054;}

Dated:  November 21, 2016
         Charlotte, North Carolina

Respectfully submitted,

| /s/ Glenn C. Thompson | /s/ Jack Miller |
|---|---|
| HAMILTON, STEPHENS, STEELE & MARTIN, PLLC | RAYBURN COOPER & DURHAM, P.A. |
| Glenn Thompson (NC 37221) | C. Richard Rayburn, Jr. (NC 6357) |
| Julia A. May (NC 50528) | John R. Miller, Jr. (NC 28689) |
| 201 S. College St., Suite 2020 | Shelley K. Abel (NC 34370) |
| Charlotte, NC  28244 | 1200 Carillon |
| Telephone:  (704) 227-1067 | 227 West Trade Street |
| Facsimile: | Charlotte, North Carolina 28202 |
| E-mail:    gthompson@lawhssm.com | Telephone: (704) 334-0891 |
|            jmay@lawhssm.com | Facsimile: (704) 377-1897 |
| | E-mail:    rrayburn@rcdlaw.net |
| | jmiller@rcdlaw.net |
| | sabel@rcdlaw.net |
| and | |
| | and |
| MONTGOMERY McCRACKEN WALKER & RHOADS, LLP | JONES DAY |
| Natalie D. Ramsey | Gregory M. Gordon (admitted *pro hac vice*) |
| (admitted *pro hac vice*) | Dan B. Prieto (admitted *pro hac vice*) |
| Mark A. Fink | Amanda M. Suzuki (admitted *pro hac vice*) |
| (admitted *pro hac vice*) | 2727 N. Harwood Street |
| 1105 Market Street, 15th Floor | Dallas, Texas 75201 |
| Telephone: (302) 504-7800 | Telephone: (214) 220-3939 |
| Facsimile:  (302) 504-7820 | Facsimile: (214) 969-5100 |
| E-mail:    nramsey@mmwr.com | E-mail:    gmgordon@jonesday.com |
|            mfink@mmwr.com | dbprieto@jonesday.com |
| | asuzuki@jonesday.com |
| *Counsel to Certain Kaiser Gypsum Claimants* | *Counsel to the Debtors* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2016 copies of the *Stipulation of Facts for Hearing on the Motion of Certain Kaiser Gypsum Claimants to Transfer Chapter 11 Cases to the United States District Court for the Western District of Washington* was served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF System to receive notices for this case.

Dated: November 21, 2016

HAMILTON STEPHENS STEELE
+ MARTIN, PLLC

*/s/ Glenn C. Thompson*
Glenn C. Thompson (Bar No. 37221)
Julia A. May (NC Bar No. 50528)
201 South College Street
Charlotte Plaza, Suite 2020
Charlotte, North Carolina 28244-2020
Telephone: (704) 344-1117
gthompson@lawhssm.com
jmay@lawhssm.com

Co-Counsel                              *Counsel for Certain Kaiser Gypsum Claimants*

Natalie D. Ramsey (admitted *pro hac vice*)
Mark A. Fink (admitted *pro hac vice*)
Laurie A. Krepto (admitted *pro hac vice*)
MONTGOMERY McCRACKEN
  WALKER & RHOADS, LLP
1105 Market Street
Wilmington, Delaware 19801
302-304-7830

{00366032.DOC V. E162.024054;}

# Exhibit J

## Case Information

871107096 | ST PAUL FIRE & MARINE INSURANC VS. MC CORMICK & BAXTER CREOSOTING

| Case Number | Court | File Date |
|---|---|---|
| 871107096 | MUL Civil | 11/20/1987 |
| Case Type | Case Status | |
| Contract | Closed | |

## Party

| Plaintiff | Active Attorneys + |
|---|---|
| ST PAUL FIRE & MARINE INSURANC | Lead Attorney<br>HILL, JEFFREY V<br>Retained |

| Plaintiff | Active Attorneys + |
|---|---|
| ST PAUL MERCURY INSURANCE CO | Lead Attorney<br>HILL, JEFFREY V<br>Retained |

| Defendant | Active Attorneys + |
|---|---|
| MC CORMICK & BAXTER CREOSOTING | Lead Attorney<br>TODDERUD, ERIC R<br>Retained |

Attorney
HAMMOND, G FRANK
Retained

Attorney
GARY, PAUL R
Retained

Defendant

UNITED STATES FIRE INSURANCE

Defendant

CONTINENTAL CASUALTY COMPANY

Active Attorneys

Lead Attorney
Waldron, James T
Retained

Defendant

GULF INSURANCE COMPANY

Active Attorneys

Lead Attorney
Waldron, James T
Retained

Defendant

MOORE, ERNEST ALFRED (PTY-INT)

Active Attorneys

Lead Attorney
FARLEIGH, F SCOTT
Retained

Defendant

NATIONAL FIRE INSURANCE CO HAR

Active Attorneys

Lead Attorney
Waldron, James T
Retained

| Defendant | Active Attorneys |
| --- | --- |
| NATIONAL CONTINENTAL INSURANCE | Lead Attorney<br>McKallip, Estate of George Wayne, Jr<br>Retained |

| Defendant | Active Attorneys |
| --- | --- |
| AMERICAN STAR INSURANCE COMPAN | Lead Attorney<br>KING, GARR M<br>Retained |

| Defendant | Active Attorneys |
| --- | --- |
| BOSTON INSURANCE COMPANY | Lead Attorney<br>MASTERS, WILLIAM ALEXANDER<br>Retained |

| Defendant | Active Attorneys |
| --- | --- |
| CONSOLIDATED AMERICAN INSURANC | Lead Attorney<br>KING, GARR M<br>Retained |

| Defendant | Active Attorneys |
| --- | --- |
| HARTFORD ACCIDENT & INDEMNITY | Lead Attorney<br>MOUNT, BARRY M<br>Retained |

| Defendant | Active Attorneys |
| --- | --- |
| CERTAIN UNDERWRITERS AT LLOYDS | Attorney<br>FARLEIGH, F SCOTT<br>Retained<br><br>Lead Attorney |

STANFORD, BRAD C
Retained

3rd Party Plaintiff
Mc Cormick & Baxter Creosoting

## Disposition Events

01/09/1997 Judgment ▾

Judicial Officer
Unassigned, Judge

Judgment Type
Judgment Enforce Appellate Jgm

Monetary Award
   Signed Date: 01/09/1997
   Total: $160.00
   Comments: EFFECTIVE DA...

## Events and Hearings

01/01/1900 Assignment - Trial Judge ▾

Judicial Officer
Unis, Richard L

Comment
Comment: reassigned to Judge L. Johnson; Room: 544 ; Time: 9:00AM;
Event Status: Cancelled;

11/20/1987 Complaint ▾

Comment
Comment: Case Cause: DECLARATORY RELIEF/LA JRY TRL RQ;

11/20/1987 Pending - Proof of Service

11/20/1987 Miscellaneous ▾

Comment
Comment: D06=COMPANY OF PITT-SBURGH PENNSYLVANIA;

11/20/1987 Miscellaneous ▾

Comment
Comment: bypass trial notices; Privately Retained: ROGER WESTENDORF

11/20/1987 Proof - Service ▾

Comment
Comment: W/SM (FLD 3/17);

12/07/1987 Proof - Service ▾

Comment
Comment: W/SM & CE (FLD 3/17);

12/07/1987 Proof - Service ▾

Comment
Comment: W/SM (FLD 3/17);

12/07/1987 Proof - Service ▾

Comment
Comment: W/SM (FLD 3/17);

12/07/1987 Proof - Service ▾

Comment
Comment: W/SM (FLD 3/17);

12/07/1987 Proof - Service ▾

Comment: W/SM (FLD 3/17);

Comment: W/SM (FLD 3/17);

Comment: ADD D15 (RQ JRY TRL);

Comment: W/SM (FLD 3/17);

Comment: W/SM (FLD 3/17);

Comment: W/SM (FLD 3/17);

Comment: W/SM (FLD 3/17);

Comment: W/SM (FLD 3/17);

Comment: W/SM (FLD 3/17);

Comment: W/SM (FLD 3/17);

Comment: W/SM (FLD 3/17);

01/11/1988 Order

Comment: Signed: PTA & MO W/ATTACH (&D02)RE ASSOC OF OUT OF STATE; Court Action: Allowed; Court Action Date: 01/11/1988;

01/11/1988 Miscellaneous

Comment: COUNSEL BARRY S LEVIN & SUSAN M LEBERMAN;

01/11/1988 Miscellaneous

Comment: REG 1/13;

01/19/1988 Counsel

Comment: OF SRV RE OR&MO ALLWASSOC OUT STATE COUNSEL;

01/22/1988 Order

Comment: Signed: DHL MO & AF RE ASSOC W/ OUT OF STATE ATTY DENNIS; Court Action: Allowed; Court Action Date: 01/19/1988;

01/22/1988 Miscellaneous

Comment: SMITH AND ASSOC OF REED MCCLURE MOCERI THONN;

01/22/1988 Miscellaneous

Comment: & MORIARTY;REG 1/27;

02/11/1988 Answer

Comment: TO CMAM & RQ JR TRL; Court Action: Paid;

02/11/1988 Claim - Cross

Comment: AG D02-15;

Comment: AFF DEF & CLCO & CLCR AG ALL DEF INS; Court Action: Paid;

Comment: & CLCR RE CO-DEFS INS COS; Court Action: Paid;

Comment: (&D13&15)AFF DEF & CLCO W/CLCR AG D01 (3); Court Action: Paid;

Comment: MAILING RE AN,AFF DEF,CLCO & CLCR;

Comment: RE ADM OUT OF STATE ATTYS W/AFSM;

Comment: Signed: DHL RE ADM OUT OF STATE ATTYS REG 3/9; Court Action: Allowed; Court Action Date: 03/07/1988;

Comment: Intent by 63rd day RE D02,03,05-07; Court Action: Allowed; Court Action Date: 03/11/1988;

Comment: OF SRV RE CMSC ON D04,D12,D13 3/15;

Comment: AFF DEF RE CLCR OF D13;

Comment
Comment: RE CLCR OF D08;

03/24/1988 Return - Service Summons ▼

Comment
Comment: RE D06 SRV;

03/24/1988 Return - Service Summons −

Comment: RE D05 SRV;

03/24/1988 Summons −

Comment: SRV RE D08;

03/24/1988 Proof - Service −

Comment: W/ACCPT SRV (FLD 4/5;

04/04/1988 Answer −

Comment: (&P02) RE CLCR;

04/04/1988 Miscellaneous ▼

Comment: RE JAMES PHILIP BAR-BER&MICHAEL A GERVERTZ;REG4/11;

04/04/1988 Order −

Comment: Signed: DHL &MO W/ATTACH TO ASSOC OUT OF STATE COUNSEL; Court Action: Allowed; Court Action Date: 04/07/1988;

04/04/1988 Answer −

Comment: (&MOORE) AFF DEF; Court Action: Paid;

04/04/1988 Amount −

Comment: MAILING RE MO TO AD-MIT OUT OF STATE COUNSEL;

04/19/1988 Miscellaneous ▼

Comment
Comment: STTL MANUALLY;

04/19/1988 Assignment - Trial Judge –

Unis, Richard L          Comment: PRE TRIAL & TRIAL; Room: RLU ;

04/19/1988 Order –

Comment: Signed: DHL OF ASSIGN TO JDG RLUREG 4/21; Court Action: Allowed; Court Action Date: 04/19/1988;

04/19/1988 Order –

Comment: Signed: DHL (AM) OF ASSIGN TO JDG SSW;REG 4/21; Court Action: Allowed; Court Action Date: 04/19/1988;

04/19/1988 Answer –

Comment: RE CLCR OF D01; Court Action: Paid;

04/19/1988 Answer –

Comment: RE CLCR OF D01; Court Action: Paid;

04/19/1988 Answer –

Comment: RE CLCR OF D01;

04/19/1988 Answer –

Comment: TO D12 AN & CLCR;

04/01/1988 Answer –

Comment: (&D03 & 5)AFF DEF RE D01 CLCR; Court Action: Paid;

04/01/1988 Answer –

Comment

Comment: (&D03,5) TO CMAM;

07/07/1988 Order - Dismissal Without Prejudice ▼

Comment

Comment: (voluntary)w/notice w/out cost RLU 6/30 re def 9 & 10 ONLY;

07/07/1988 Judgment - Dismissal ▼

Comment

Comment: w/prejudice w/out cost re def 9 & 10 ONLY RLU 7/7; ; DEF:MISSION NATIONAL INSURANCE CO; DEF:MISSION INSURANCE COMPANY

07/08/1988 Order - Dismissal ▼

Comment

Comment: Stipulated as to Def Scotts- -dale Insurance Co RLU 7/7 w/attached;

07/13/1988 Notice - Judgment Entry

Comment: to cross claim of defendant 13;

Comment: against defendant 12 cross- claim;

Comment: to Cross-Claim of def 15 $45.50 pd (filed by atty James P Barber San Francisco);

Comment: of service of cross-complaint for breach of contract and declatory relief;

Comment: to 1st reuqest for identifi- cation & production of doc;

Comment: to 1st reuqest for identifi- cation & production of doc;

09/07/1988 Response ▼

Comment
Comment: to 1st reuqest for identifi- cation & production of doc;

09/08/1988 Request - Production ▼

Comment
Comment: and Identification of Documents w/attached;

09/13/1988 Motion - File Amended Complaint ▼

Comment
Comment: (cross)to substitute National Fire Insurance Company of Hartford for DOE 101;

09/13/1988 Affidavit - Supporting Motion ▼

Comment
Comment: w/attached amended cross- complaint breach contract & declatory relief attached w/attached;

Comment: w/motion to associate counsel RLU 9/13;

Comment: DHL 9/13 w/attached;

Comment: re privileged & protected information;

Comment: (pretrial)case management order RLU 9/14;

09/21/1988 Answer - Affirmative Defense ▼

Comment
Comment: of Moore & Defendants Designated as Certain Underwriters at Lloyd s London to Cross Complaint of McCormick & Baxter Creosoting Co;

09/22/1988 Proof ▼

Comment
Comment: of Service of Order Re: Privilege Log w/attachments;

09/26/1988 Letter ▼

Comment
Comment: dated 9/15 re request to remove firms name from mailing list party representing is dismissed;

09/28/1988 Complaint - Cross ▼

Comment
Comment: Amended;

09/30/1988 Order ▼

Comment
Comment: of Substitution (Wilson, Smith & Cochran) for (Reed, McClure, Moceri, Thonn & Moriarty) DHL 9/30;

10/04/1988 Notice - Substitute Service ▼

Comment
Comment: served on 9/29 to Sandra Shefman; Defendant: NATIONAL FIRE INSURANCE CO HAR

10/10/1988 Statement ▼

Comment
Comment: Re: Privleged & Protected Information;

10/14/1988 Statement ▼

Comment
Comment: Re: Privileged & Protected information;

10/17/1988 Copy ▼

Comment
Comment: stipulation re privileged & protected information;

10/19/1988 Answer - Affirmative Defense ▼

Comment
Comment: re amended cross-complaint of McCormick & Baxter Creosoting Company;

11/08/1988 Answer - Affirmative Defense ▼

Comment
Comment: to cross complaint;

11/14/1988 Answer ▼

Comment
Comment: of def Boston Insurance Co. to the Amended Cross-Complaint for Breach of Contract and Declaratory Relief of McCormick & Baxter;

11/18/1988 Answer - Affirmative Defense ▼

Comment
Comment: re cross complaint of McCormick & Baxter Creosoting;

11/18/1988 Answer - Crossclaim ▼

Comment
Comment: affirmative defenses;

11/18/1988 Answer - Affirmative Defense ▼

Comment: to McCormick & Baxter cross- complaint;

11/18/1988 Answer - Crossclaim ▼

Comment: to Def 1 s Amended Cross complaint for breach of contract & declaratory relief and affirmative defenses;

11/18/1988 Answer ▼

Comment: to cross claim of Continental Insurance Company;

11/18/1988 Answer ▼

Comment: to cross claim of Hartford Insurance Company;

11/18/1988 Answer ▼

Comment: to cross claim of Gulf Insurance Company;

11/18/1988 Answer ▼

Comment: to crossclaim of Certain Underwriters at Lloyds London;

Comment: to crossclaim of Defendant Continental Casualty Company;

Comment: to crossclaim of Defendant United States Fire Insurance Company;

Comment: to crossclaim of defendant Hartford Insurance Company;

Comment: to crossclaim of Defendant Gulf Insurance Company;

Comment: Stipulated w/prejudice and without costs RLU 3/3 (cross claim );

Comment: for admission of out of state attorneys;

Comment: of admission of out-of-state attorneys and association of the Law Firm of Wilson, Smith Cochran & Dickerson DHL 3/27;

Comment: to McCormick & Baxter Creosoting Co s Amended Cross-Complaint;

Comment: re privileged & protected information;

Comment: w/notice of substitution of attorneys DHL 5/17;

07/17/1989 Application ▾

Comment

Comment: for Order Issuing a Commission to take Oral Deposition of Insurance Services Office s Custodian of Records & Request to Supreme Court of New York County,NY to Issue a subpoena;

07/17/1989 Notice - Deposition ▾

Comment

Comment: of Insurance Services Office Custodian of Records Outside of Oregon w/attached Declaration of Paul R. Gary in Support of Issuance of Out-of-State Deposition; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

07/17/1989 Memorandum - Support Motion ▾

Comment

Comment: for Order to issue a deposition of Insurance Services Records in NY County NY to issue a subpoena deuces tecum;

07/17/1989 Copy ▾

Comment

Comment: of Stipulated Order Granting Relief from Automatic Stay from U.S. Bankrupcty Court Case 388 05341 S11;

07/28/1989 Order ▾

Comment

Comment: issuing commission to take oral deposition of insurance office records out of state & requesting the supreme court service office custodian of records out of state RLU 7/28;

07/28/1989 Other ▾

Comment

Comment: commission to take oral deposition of Insurance office Inc RIU 7/28; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

08/15/1989 Motion - Protective Order

08/15/1989 Memorandum - Support Motion ▾

Comment

Comment: for protective order;

08/17/1989 Notice ▾

Comment

Comment: of issuance of a foreign subpoena w/attached;

09/01/1989 Memorandum ▾

Comment
Comment: of points & authorities in opposition to motion for a protective order w/attached;

09/05/1989 Motion - Compel Production ▾

Comment
Comment: further from insurer cross defs;

09/05/1989 Memorandum - Support Motion ▾

Comment: of points & authorities of cross-complainant to compel further production of documents from insurer cross- defs;

09/05/1989 Other ▾

Comment: Declaration of Paul R Gray in support of motion to compel w/attached; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

09/07/1989 Reply ▾

Comment
Comment: memorandum of points & authorities in support of motion for protective order w/attached;

09/19/1989 Request - Admission ▾

Comment: to Admit;

09/21/1989 Order ▾

Comment: ptf s motion for protective order Denied RLU 9/21;

09/22/1989 Affidavit ▾

Comment: of James Galvin;

09/22/1989 Memorandum - Opposing Motion ▾

Comment
Comment: to Compel production of documents w/attached;

09/22/1989 Memorandum - Opposing Motion ▾

Comment
Comment: to compel production of documents w/attached;

09/22/1989 Memorandum - Opposing Motion ▾

Comment
Comment: to compel production of documents w/attached;

09/22/1989 Other ▾

Comment
Comment: Moore & Def s designated as certain underwriters at Lloyds London s supplemental
opposition to cross- complaint s motion to compel production of documents;

09/22/1989 Memorandum - Opposing Motion ▾

Comment
Comment: (supplemental) to compel further production of documents;

09/22/1989 Copy ▾

Comment
Comment: of Memorandum in opposition to motion to compel production of documents w/attached;
Defendant: UNITED STATES FIRE INSURANCE

09/22/1989 Certificate ▾

Comment
Comment: of service;

09/22/1989 Memorandum - Opposing Motion ▾

Comment
Comment: to def 1 to compel production of documents;

09/22/1989 Affidavit ▾

Comment
Comment: of Marie Mowl;

09/22/1989 Affidavit ▾

Comment
Comment: of George W McKallip Jr w/attached;

09/22/1989 Memorandum ▾

Comment
Comment: of points and authorities in opposition to motion to compel further production of
documents w/attached;

09/22/1989 Memorandum - Support Motion ▾

Comment: supplemental;

Comment: of certain party(s) at Lloyd s London allegedly subscribing to certificate no 10010 in opposition to McCormick & Baxter motion to compel production w/attached;

Comment: Stipulated re def 1 has until 11/2/89 to reply in support of its motion to compel production of documents RLU 9/26;

Comment: of Roger Prickett on behalf of U.S. Fire Insurance Co. in opposition to McCormick & Baxter s motion to compel discovery;

Comment: from David E. Prange with attached to Court dated 10/2;

Comment: of James Galvin;

Comment: memorandum in support of the motion to Compel w/attached;

Comment: Stipulated protective RLU 11/1;

Comment: to Amended Cross-Complaint;

Comment: re def 1 s motion to compel production of certain documents granted RLU 1/5;

01/24/1990 Answer ▼

Comment

Comment: to amended cross complaint of def 1;

01/24/1990 Response ▼

Comment

Comment: to Def & Cross-complainant McCormick & Baxter s 2nd request for indentification & production of documents;

02/06/1990 Miscellaneous ▼

Comment

Comment: ORDM entered in wrong case;

02/14/1990 Response ▼

Comment

Comment: to Discovery Order Paragraph 9 w/attached;

02/14/1990 Notice ▼

Comment

Comment: of Change in service list;

02/16/1990 Order ▼

Comment

Comment: Of Assignment AMENDED to Judge Lee Johnson for Pretrial and Trial DHL 2/15;

02/20/1990 Assignment - Trial Judge ▼

Judicial Officer                Comment
JOHNSON, LEE                    Comment: PRE TRIAL & TRIAL; Room: TLXJ;

02/26/1990 Response ▼

Comment
Comment: to Discovery Order;

03/19/1990 Order ▼

Comment
Comment: (Pretrial Order No. 1) Revised Case Management Order LJ 3/19;

03/28/1990 Judgment - Dismissal ▾

Comment
Comment: Pursuant to ORCP 54 A (1) def 6 ONLY 5DHL 3/29; ; DEF:NATIONAL UNION FIRE INSURANCE

04/02/1990 Notice - Judgment Entry

04/10/1990 Affidavit ▾

Comment
Comment: Barry S Levin w/exhibits;

04/13/1990 Motion ▾

Comment
Comment: to associate out-of-state counsel w/attached;

04/13/1990 Order ▾

Comment
Comment: allowing association of out- of-state counsel (Melanie C. Gold) LJ 4/13;

05/02/1990 Order - Change Counsel ▾

Comment: to Paul R Gary & Barry S Levin (out-of-state counsel) granted DHL 5/2;

05/04/1990 Judgment - Dismissal ▾

Comment: Pursuant to ORCP 54 A (1) certain party(s) designated as subscribers Lloyds London claims asserted against def 6 ONLY granted DHL 5/4;

05/04/1990 Judgment - Dismissal ▾

Comment: Pursuant to ORCP 54 A (1) def 15 claims asserted against def 6 ONLY granted DHL 5/4;

05/04/1990 Judgment - Dismissal ▾

Comment: Pursuant to ORCP 54 A (1) def 17 claims suit asserted against def 6 ONLY granted DHL 5/4;

05/04/1990 Judgment - Dismissal ▾

Comment
Comment: Pursuant to ORCP 54 A (1) def 13 claims suite asserted against def 17 ONLY granted
DHL 5/4;

---

05/07/1990 Notice - Judgment Entry

---

05/07/1990 Notice - Judgment Entry

---

05/10/1990 Notice - Judgment Entry

---

05/10/1990 Notice - Judgment Entry

---

05/29/1990 Miscellaneous ▾

Comment
Comment: closed entered in error;

---

05/29/1990 Judgment - Dismissal ▾

Comment
Comment: w/o prejudice and w/o costs (Voluntary) re Def 12 s claims against def 6; DHL 5/25;

---

05/31/1990 Notice - Judgment Entry

---

Comment: re Dep Out of Jurisdiction Paul Gary per Joyce; Room: TLXJ; Time: 9:00AM;

---

JOHNSON, LEE        Comment: assoc of out-of-state counsel Mitchell L Lathrop; Court Action:
                    Signed; Court Action Date: 06/19/1990; Judge: LEE JOHNSON;

---

JOHNSON, LEE        Comment: assoc out-of-state counsel Jeffrey L Fillerup; Court Action:
                    Signed; Court Action Date: 06/19/1990; Judge: LEE JOHNSON;

---

Comment: motion to Associate out-of-state counsel (Mitchell L. Lathrop) w/attached;

---

Case 16-03127-rld    Doc 95    Filed 11/30/16

JOHNSON, LEE

Comment

Comment: w/motion for a commission take deposition/issue subponae in foreign jurisdiction; Court Action: Signed; Court Action Date: 06/26/1990; Judge: LEE JOHNSON;

06/27/1990 Affidavit - Supporting Motion ▾

Comment

Comment: Constgance J Bull for a commission to take deposition etc...;

07/02/1990 Motion ▾

Comment

Comment: for Protective Order David Jacobie (10 Minutes) BOC LJ; Room: TLXJ; Time: 9:00AM;

07/06/1990 Affidavit - Supporting Motion ▾

Comment

Comment: David M Jacobi for summary judgment w/attached;

07/06/1990 Memorandum - Support Motion ▾

Comment

Comment: summary judgment etc...;

07/06/1990 Memorandum ▾

Comment

Comment: for protect order stay depositions;

07/06/1990 Affidavit - Supporting Motion ▾

Comment

Comment: David M Jacobi for protect order/statement complaince;

07/10/1990 Memorandum - Opposing Motion ▾

Comment

Comment: points/authorities re protect order;

07/10/1990 Other ▾

Comment

Comment: Declaration in oppos to protect order MELANIE C GOLD w/attached; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

07/18/1990 Motion - Summary Judgment ▾

Comment

Comment: & consolidated def 2 s partial summary judgment;

07/18/1990 Memorandum - Support Motion ▼

    Comment
    Comment: for summary judgment & consolidate w/attached;

08/01/1990 Memorandum - Support Motion ▼

    Comment
    Comment: for sanctions & to compel fur- ther production;

08/01/1990 Motion ▼

    Comment
    Comment: of cross-complainant for sanctions & to compel further production of documents (oral
    argument requested);

08/01/1990 Other ▼

    Comment
    Comment: Declaration in support of mo- tion for sanctions & motion to compel-UTCR 5.010
    w/attached; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

08/21/1990 Motion - Compel Production ▼

    Comment
    Comment: pf documents & answers to dep- osition questions re: other insureds claims;

08/21/1990 Memorandum - Support Motion ▼

    Comment
    Comment: to compel production of docu- ments & answers to deposition w/attached;

08/21/1990 Miscellaneous ▼

    Comment
    Comment: Declaration is support of motion to compel; Defendant: MC CORMICK &amp; BAXTER
    CREOSOTING

08/27/1990 Response ▼

    Comment
    Comment: to motion compel & sanctions;

08/27/1990 Reply ▼

    Comment
    Comment: memo support motion for sanctions/to compel against def 7;

08/27/1990 Affidavit ▼

Comment: of Thomas Dineen w/attached;

Comment: in support of response to mo- tion to compel;

Comment: to Judge Johnson re: delivery of forms from Hartford;

Comment: to request for admission to def 17 w/attached;

Comment: to request for admissions;

Comment: to def 1 s motion to compel production/answer deposition w/attached; Defendant: ERNEST ALFRED (PTY-INT) MOORE

09/11/1990 Memorandum - Opposing Motion ▾

Comment
Comment: memo in oppos def 1 s motion to compel;

09/11/1990 Memorandum - At Law ▾

Comment
Comment: in response to motion to compel/answers deposition;

09/17/1990 Reply ▾

Comment
Comment: memo in support to compel production & answers depose re: claims;

09/17/1990 Other ▾

Comment
Comment: DECLARATION Susan M Leberman support reply memo w/attached; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

09/24/1990 Order ▾

JOHNSON, LEE          Comment: re: motion cross-complaint for sanctions; Court Action:
                      Denied; Court Action Date: 09/24/1990;

09/25/1990 Letter ▾

Comment: to Counsel from Judge Lee Johnson--re:Ptf s motions to Compel DENIED;

09/25/1990 Opinion ▾

Comment: Memorandum signed by LJ 9/25/ 90;

09/27/1990 Motion ▾

Comment: to Compel Connie Bull per Joyce; Room: TLXJ; Time: 9:00AM;

09/28/1990 Motion - Compel Production ▾

Comment
Comment: def 12;

09/28/1990 Memorandum - Support Motion ▾

Comment
Comment: points/authorities production & to search industrial indemnity;

09/28/1990 Other ▾

Comment
Comment: DECLARATION of Melanie C Gold in support def 1 s motion to compel w/attached;
Defendant: MC CORMICK &amp; BAXTER CREOSOTING

10/15/1990 Opposition ▾

Comment
Comment: motion to compel/in support motion for terms w/attached; Defendant: UNITED STATES
FIRE INSURANCE

10/17/1990 Reply ▾

Comment
Comment: MEMO & POINTS in support motion to compel/search;

10/17/1990 Other ▾

Comment

Comment: DECLARATION of Constance Bull in support def 1 s reply w/attached; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

---

10/29/1990 Affidavit - Mailing ▾

Comment

Comment: on 10/15/90;

---

11/09/1990 Order - Continue ▾

| Judicial Officer | Comment |
| --- | --- |
| JOHNSON, LEE | Comment: deadline to file motions for summary judgment continued until 2/18/91; Court Action: Signed; Court Action Date: 11/09/1990; Judge: LEE JOHNSON; |

---

11/19/1990 Memorandum - Opposing Motion ▾

Comment

Comment: POINTS/AUTHORITIES for summary judgment;

---

11/19/1990 Affidavit - Supporting Motion ▾

Comment

Comment: Celia M Jackson re oppos to def 12 s motion for summary judgment w/attached;

---

11/19/1990 Memorandum - Opposing Motion ▾

Comment: to consoldiate for summary judgment re pollution exclus- ion w/attached;

---

Comment: George W McKallip Jr w/attached;

---

Comment: MEMO in support of summary judgment w/attached;

---

Comment: for admission of atty Lorraine M Armenti Pro Hac Vice;

---

Comment: William D Okrent;

12/13/1990 Order - Administrative Default ▾

| Judicial Officer | Comment |
| --- | --- |
| LONDER, DONALD H | Comment: Lorraine M Arnenti pro hac vice; Court Action: Signed; Court Action Date: 12/13/1990; Judge: DONALD H LONDER; |

12/13/1990 Affidavit - Supporting Motion −

Comment: SUPPLEMENTAL George W McKallip Jr for summary judgment & part -al w/attached;

Comment: to counsels re enclosed memo to motions summary judgment from Judge Johnson w/attached;

| JOHNSON, LEE | Comment: Memo; Court Action: Signed; Court Action Date: 12/21/1990; Judge: LEE JOHNSON; |
| --- | --- |

| Bearden, Frank L | Comment: w/motion for commission to take deposition/subpoena in foreign jurisdiction Co of Fresno CA; Court Action: Signed; Court Action Date: 12/27/1990; Judge: Frank L Bearden; |
| --- | --- |

| Bearden, Frank L | Comment: w/motion for commission take deposition/subpoena in foreign jurisdiction Co of San Diego; Court Action: Signed; Court Action Date: 12/27/1990; Judge: Frank L Bearden; |
| --- | --- |

Comment: of Roger Westendorf;

| Bearden, Frank L | Comment: w/motion for commission to take deposition/subpoenas in foreign jurisdiction Co of Houston,GA; Court Action: Signed; Court Action Date: 12/27/1990; Judge: Frank L Bearden; |
| --- | --- |

**12/28/1990 Order** ▼

Judicial Officer
Bearden, Frank L

Comment
Comment: w/motion for commission take deposition/subpoena in a
foreign jurisidiction Co of San Joaquin CA; Court Action: Signed; Court
Action Date: 12/27/1990; Judge: Frank L Bearden;

**01/11/1991 Order** ▼

Judicial Officer
JOHNSON, LEE

Comment
Comment: w/motion commission to take deposition/issue subpoenas
foreign jurisdiction; Court Action: Signed; Court Action Date: 01/11/1991;
Judge: LEE JOHNSON;

**01/16/1991 Motion - Judgment** ▼

Comment
Comment: ORCP 67B & stay prceedings;

**01/16/1991 Memorandum - Support Motion** ▼

Comment
Comment: for judgment/stay w/attached;

**01/28/1991 Memorandum - Opposing Motion** ▼

Comment
Comment: to motion to postpone trial;

**01/28/1991 Opposition** ▼

Comment
Comment: to def 1 s motion to stay w/attached; Plaintiff: ST PAUL FIRE &amp; MARINE
INSURANC

**01/29/1991 Other** ▼

Comment
Comment: Joinder in oppositions to motion to stay further proceedings;

**01/30/1991 Memorandum** ▼

Comment
Comment: pollution exculsion insurers in opposition to McCormick & Baxter s motions for entry of
ORCP 67B judgment & to stay further proceedings;w/copies cert of service 1/30/91;

**02/01/1991 Motion** ▼

Comment
Comment: to Compel Skip McCallip/per Joyce; Room: TLXJ; Time: 9:00AM;

02/01/1991 Motion - Compel Production –

Comment: of documents (Oral Argument Requested) w/attached;

Comment: MEMO support motions to judgment re ORCP 67B/stay further proceedings;

Comment: of Mr James MacGregor on 2/15/91; Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC Plaintiff: ST PAUL MERCURY INSURANCE CO

Comment: of Mr Tom Kosmalski on 2/20 & 2/21/91; Plaintiff: ST PAUL MERCURY INSURANCE CO Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC

Comment: of Mr Tom Orthmeyer on 2/25 & 2/26/91; Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC Plaintiff: ST PAUL MERCURY INSURANCE CO

Comment: of Mr Glen Thorson on 3/12/91; Plaintiff: ST PAUL MERCURY INSURANCE CO Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC

Comment: of Mr Steve Charron on 3/14/91; Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC Plaintiff: ST PAUL MERCURY INSURANCE CO

Comment: of Mr Charles McCormick III on 3/19 & 3/20/91; Plaintiff: ST PAUL MERCURY INSURANCE CO Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC

Comment
Comment: Del Cooley; Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC Plaintiff: ST PAUL
MERCURY INSURANCE CO

02/14/1991 Memorandum - Opposing Motion ▾

Comment: to compel production;

02/14/1991 Affidavit ▾

Comment: to Charles R McCormick III;

02/14/1991 Affidavit ▾

Comment: Constance J Bull w/attached;

02/14/1991 Request ▾

Comment: For Site Inspection;

02/14/1991 Request ▾

Comment: 2nd set-to admit of St. Paul Fire & Marine Ins. Co.,Inc. & St. Paul Mercury Ins. Co., Inc
to McCormick & Baxter Creosot- ing Co.;

02/14/1991 Motion - Quash ▾

Comment: McCormick and Baxter s Request for Commission to Take Deposition Oral Argument
Requested;

02/26/1991 Memorandum - Support Motion ▾

Comment
Comment: to Quash McCormick & Baxter s Request for Commission to Take Deposition;

02/26/1991 Affidavit ▾

Comment
Comment: of Richard Lee in Support of Motion to Quash McCormick & Baxter s Request for
Commission to Take Deposition;

02/28/1991 Copy ▾

Comment

Comment: of commission to take deposi- tion &/or issue subpoenas in a foreign Jurisdiction;

02/28/1991 Order ▾

Comment
Comment: that commission issue authoriz -ing a subpoena duces tecum deposition of Bill Henry
w/Exhibit A;

03/01/1991 Order ▾

Judicial Officer          Comment
JOHNSON, LEE          Comment: mo for rule 67B Judgment to stay further proceedings; Court
Action: Denied; Court Action Date: 02/27/1991;

03/01/1991 Order ▾

Judicial Officer          Comment
JOHNSON, LEE          Comment: re mo to compel production mo nos 1 2 & 3 GRANTED; Court
Action: Signed; Court Action Date: 02/27/1991; Judge: LEE JOHNSON;

03/05/1991 Memorandum - Support Motion ▾

Comment
Comment: Supplental;

03/05/1991 Affidavit ▾

Comment
Comment: of Richard A. Lee;

03/05/1991 Motion - Protective Order ▾

Comment
Comment: re notice deposition of LARRY HOLWEGER w/attached;

03/06/1991 Memorandum - Opposing Motion ▾

Comment
Comment: to quash request for commission;

03/07/1991 Order ▾

Judicial Officer          Comment
JOHNSON, LEE          Comment: w/motion for Commission to take Deposition /or Issue
subpoenaes in Foreign Jurisdiction in State of Calif; Court Action:
Signed; Court Action Date: 03/07/1991; Judge: LEE JOHNSON;

03/07/1991 Order ▾

Judicial Officer

JOHNSON, LEE
Comment: w/motion for Commission to take Deposition/or Issue Subpoenaes in Foreign Jurisdiciton in State of Calif; Court Action: Signed; Court Action Date: 03/07/1991; Judge: LEE JOHNSON;

JOHNSON, LEE
Comment: w/motion for Commission to take Deposition/or Issue subpoenaes in Foreign Jurisdiction in State of Calif; Court Action: Signed; Court Action Date: 03/07/1991; Judge: LEE JOHNSON;

JOHNSON, LEE
Comment: w/motion for commission to take deposition/or issue subpoenaes in foreign jurisdiction in State of Calif; Court Action: Signed; Court Action Date: 03/07/1991; Judge: LEE JOHNSON;

JOHNSON, LEE
Comment: w/motion for commission to take deposition/or issue subpoenaes in foreign jurisd iction in State of Texas; Court Action: Signed; Court Action Date: 03/07/1991; Judge: LEE JOHNSON;

Comment: of Richard A. Lee w/exhibits;

Comment: Memorandum in support of Motion to quash;

JOHNSON, LEE
Comment: w/motion to take commission depostion/issue subpoena in foreign jurisdiction; Court Action: Signed; Court Action Date: 03/11/1991; Judge: LEE JOHNSON;

Comment: Constance J Bull;

Comment

Comment: COMMISSION to take depositon /issue subpoena in foreign jurisdiction STATE OF TEXAS issued 3/11 signed by Court Admin; Defendant: MC CORMICK &amp; BAXTER CREOSOTING 3rd Party Plaintiff: Mc Cormick &amp; Baxter Creosoting

03/11/1991 Other ▾

Comment

Comment: COMMISSION- to take deposition /issue subpoenas in a foreign jurisdiction in the STATE OF MASSACHUSETTS issued 3/11 signed by Court Admin; Defendant: MC CORMICK &amp; BAXTER CREOSOTING 3rd Party Plaintiff: Mc Cormick &amp; Baxter Creosoting

03/11/1991 Affidavit ▾

Comment

Comment: Constance J Bull;

03/11/1991 Affidavit ▾

Comment

Comment: Roger Westendorf;

03/18/1991 Motion - Summary Judgment

03/18/1991 Memorandum - Support Motion ▾

Comment: for summary judgment;

Comment: Richard Lee w/attached;

Comment: to 2nd set of request for admission;

JOHNSON, LEE          Comment: w/motion for commission take deposition/subpoenas foreign jurisdiction COUNTY OF SACRAMENTO,CA; Court Action: Signed; Court Action Date: 03/21/1991; Judge: LEE JOHNSON;

JOHNSON, LEE

Comment: w/motion for commission take deposition/subpoenas foreign jurisdiction COUNTY YELLOW, CA; Court Action: Signed; Court Action Date: 03/21/1991; Judge: LEE JOHNSON;

Comment: G Frank Hammond atty re witness Gary Reentz;

Comment: G Frank Hammond atty;

JOHNSON, LEE    Comment: w/motion for commission take deposition/subpoenas foreign jurisdiction COUNTY JOAQUIN, CA; Court Action: Signed; Court Action Date: 03/21/1991; Judge: LEE JOHNSON;

Comment: G Frank Hammon;

03/25/1991 Request - Admission

JOHNSON, LEE    Comment: w/motion for commission take deposition/subpoena foreign jurisdiction COUNTY SACRAMENTO ,CA; Court Action: Signed; Court Action Date: 03/26/1991; Judge: LEE JOHNSON;

Comment: G Frank Hammond;

JOHNSON, LEE    Comment: w/motion for commission take deposition/subpoena foreign jurisdiction County Sacramento ,Ca; Court Action: Signed; Court Action Date: 03/26/1991; Judge: LEE JOHNSON;

Comment: G Frank Hammond;

03/27/1991 Order

JOHNSON, LEE    Comment: commission issue authorizing subpoena perpetuation depos-
ition re Robert C Barrick w/Exhibit A; Court Action: Signed; Court Action
Date: 03/27/1991; Judge: LEE JOHNSON;

03/26/1991 Notice - Deposition

Comment: of Richard Wary JH Kleinfelder & Assoc; Defendant: CONTINENTAL CASUALTY
COMPANY Defendant: NATIONAL UNION FIRE INSURANCE

03/26/1991 Notice

Comment: for issuance of commission to issue a subpoens duces tecum to Richard Wary JH
Kleinfelder & Assoc;

03/26/1991 Affidavit

Comment: Patricia M Dost;

03/27/1991 Order

JOHNSON, LEE    Comment: commission issue authorizing issuance subpoena duces
tecum JH Kleinfelder & Assoc w/Exhibit A; Court Action: Signed; Court
Action Date: 03/27/1991; Judge: LEE JOHNSON;

03/26/1991 Notice - Deposition

Comment: Perpetuation-Orivlle Morrow ORCP 39I; Defendant: CONTINENTAL CASUALTY
COMPANY Defendant: NATIONAL UNION FIRE INSURANCE

03/26/1991 Notice

Comment: w/notice for issue commission authorizing subpoena/deposit- ion Orville Morrow;

03/26/1991 Affidavit

Comment: Patricia M Dost w/Exhibit A;

03/28/1991 Notice - Deposition ▾

Comment: Robert C Barrick ORCP 39I; Defendant: NATIONAL UNION FIRE INSURANCE
Defendant: CONTINENTAL CASUALTY COMPANY

03/28/1991 Motion ▾

Comment: w/notice issue commission to KING CO,WA subpoena/depose Robert C Barrick;

03/28/1991 Affidavit ▾

Comment: Patricia M Dost w/Exhibit A;

03/28/1991 Notice - Deposition ▾

Comment: Perpetuation Bill Murphy ORCP 39I; Defendant: NATIONAL UNION FIRE INSURANCE
Defendant: CONTINENTAL CASUALTY COMPANY

03/28/1991 Affidavit ▾

Comment: Patricia M Dost w/Exhibit A;

03/28/1991 Order ▾

JOHNSON, LEE       Comment: commission issue subpoena to Steve Thumlert of RW Sieg-
                   fried & Assoc w/Exhibit A; Court Action: Signed; Court Action Date:
                   03/27/1991; Judge: LEE JOHNSON;

03/28/1991 Order - Summary Judgment ▾

Judicial Officer   Comment
JOHNSON, LEE       Comment: & dismiss w/attached; Court Action: Signed; Court Action
                   Date: 03/27/1991; Judge: LEE JOHNSON;

04/01/1991 Order - Quash ▾

Judicial Officer   Comment
JOHNSON, LEE       Comment: re out-of-state depositions of Messrs Schmalz & Katz & the
                   remaining deposition; Court Action: Allowed in Part-Denied in Part; Court
                   Action Date: 04/01/1991;

04/02/1991 Notice - Deposition ▾

Comment: Glen Thorson; Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC Plaintiff: ST PAUL MERCURY INSURANCE CO 3rd Party Plaintiff: Mc Cormick &amp; Baxter Creosoting

Comment: Steve Charron; Plaintiff: ST PAUL MERCURY INSURANCE CO Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC 3rd Party Plaintiff: Mc Cormick &amp; Baxter Creosoting

Comment: Tom Kosmalski; Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC Plaintiff: ST PAUL MERCURY INSURANCE CO 3rd Party Plaintiff: Mc Cormick &amp; Baxter Creosoting

Comment: Del Cooley; Plaintiff: ST PAUL MERCURY INSURANCE CO Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC 3rd Party Plaintiff: Mc Cormick &amp; Baxter Creosoting

Comment: AMENDED, of Glen Thorson on 4/22/91 w/cert of service;

Comment: AMENDED of Tom Kosmalski on 4/12/91;

Comment: AMENDED of Del Cooley on 4/8/91;

Comment: AMENDED of Steve Charron on 4/11/91;

JOHNSON, LEE         Comment: Pretrial No.2-Revised Case Management Order; Court
                     Action: Signed; Court Action Date: 04/05/1991; Judge: LEE JOHNSON;

04/10/1991 Motion - Summary Judgment ▾

Comment
Comment: PARTIAL & Joinder;

04/10/1991 Affidavit - Supporting Motion ▼

Comment
Comment: Thomas A Gordon for partial summary judgment w/exhibits;

04/10/1991 Affidavit ▼

Comment
Comment: Jeremy C Aldred w/exhibit;

04/10/1991 Motion - Summary Judgment ▼

Comment
Comment: w/exhibit;

04/10/1991 Affidavit ▼

Comment
Comment: A Roberta Candee w/exhibit;

04/10/1991 Affidavit ▼

Comment
Comment: Constance J Bull w/exhibit;

04/10/1991 Affidavit - Supporting Motion ▼

Comment
Comment: for partial summary judgment w/exhibits;

04/10/1991 Motion - Summary Judgment ▼

Comment
Comment: PARTIAL re trigger of coverage;

04/10/1991 Motion - Summary Judgment ▼

Comment
Comment: PARTIAL re the carriers affirm defenses;

04/10/1991 Motion - Summary Judgment ▼

Comment
Comment: PARTIAL on the carriers affirm defense relating to -occurrence- or -accident-
w/attached;

04/10/1991 Motion - Summary Judgment ▼

    Comment
    Comment: PARTIAL re lost policies w/attached;

04/10/1991 Motion - Summary Judgment

04/10/1991 Memorandum - At Law ▼

    Comment
    Comment: support mo summary judgment;

04/10/1991 Affidavit ▼

    Comment
    Comment: David E Prange w/exhibit;

04/10/1991 Motion - Summary Judgment

04/10/1991 Motion - Summary Judgment ▼

    Comment
    Comment: SUPPLEMENTAL;

04/10/1991 Memorandum - At Law ▼

    Comment
    Comment: support (Cert.No.10010) motion summary judgment;

04/10/1991 Affidavit ▼

    Comment
    Comment: David E Prange;

04/10/1991 Motion - Summary Judgment

04/10/1991 Memorandum - At Law ▼

    Comment
    Comment: support mo summary judgment;

04/10/1991 Affidavit ▼

    Comment
    Comment: Patricia M Dost;

04/10/1991 Affidavit ▼

    Comment

Comment: C Daniel Molloy w/exhibit;

04/10/1991 Motion - Summary Judgment -

Comment: PARTIAL re: 1st party property damage/no property damage;

Comment: POINTS/AUTHORITIES re: 1st party property damages/no damage w/exhibit;

Comment: EXHIBITS to Affidavit Barry S Levin vol 2 w/attached;

Comment: on 4/10/91 by Federal Express of motion for part summ/jgm;

Comment: C Daniel Molloy;

Comment: Craig Crouch; Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC Plaintiff: ST PAUL MERCURY INSURANCE CO 3rd Party Plaintiff: Mc Cormick &amp; Baxter Creosoting

Comment: Larry Amans; Plaintiff: ST PAUL MERCURY INSURANCE CO Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC 3rd Party Plaintiff: Mc Cormick &amp; Baxter Creosoting

Comment: Ken Schump; Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC Plaintiff: ST PAUL MERCURY INSURANCE CO 3rd Party Plaintiff: Mc Cormick &amp; Baxter Creosoting

Comment: Phil Smith; Plaintiff: ST PAUL MERCURY INSURANCE CO Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC 3rd Party Plaintiff: Mc Cormick &amp; Baxter Creosoting

Comment: Deborah Wallace Waley; Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC Plaintiff: ST PAUL MERCURY INSURANCE CO 3rd Party Plaintiff: Mc Cormick &amp; Baxter Creosoting

Comment: Jack Payne; Plaintiff: ST PAUL MERCURY INSURANCE CO Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC 3rd Party Plaintiff: Mc Cormick &amp; Baxter Creosoting

Comment: to Clerk from Thomas A Gordon dated 4/15/91 re: original signature page, declaration of Lisa M Fabian w/attached;

JOHNSON, LEE            Comment: w/motion to take deposition issue subpoenas in foreign jurisidiction; Court Action: Signed; Court Action Date: 04/18/1991; Judge: LEE JOHNSON;

Comment: Thomas A Gordon w/attached;

Comment: Richard Wary; Defendant: NATIONAL FIRE INSURANCE CO HAR Defendant: CONTINENTAL CASUALTY COMPANY

Comment: w/motion issue commission/sub- poena deposition re Richard Wary;

Comment: Patricia M Dost;

JOHNSON, LEE

Comment: Commission Issue Authorized /Subpoena for Deposition of
Richard Wary w/attached; Court Action: Signed; Court Action Date:
04/25/1991; Judge: LEE JOHNSON;

04/26/1991 Notice - Deposition ▼

Comment

Comment: Steve Thumlert; Defendant: NATIONAL FIRE INSURANCE CO HAR Defendant:
CONTINENTAL CASUALTY COMPANY

04/26/1991 Notice ▼

Comment

Comment: w/motion issue commission sub- poena for deposition of Steve Thumlert;

04/26/1991 Affidavit ▼

Comment

Comment: Patricia Dost;

04/26/1991 Order ▼

Comment

Comment: Commission Issue Authorized Subpoena for Deposition Steve Thumlert w/attached;

04/26/1991 Motion - File Amended Answer ▼

Comment
Comment: (Oral Argument Requested; No Court reporter necessary);

04/26/1991 Affidavit ▼

Comment
Comment: of David E Prange;

04/26/1991 Answer - Amended ▼

Comment
Comment: to DEF 1 S amended cross complaint;

04/26/1991 Motion - File Amended Answer ▼

Comment
Comment: (Oral Argument Requested, No Court Reporter Necessary);

04/26/1991 Affidavit ▼

Comment
Comment: of David E Prange;

04/26/1991 Answer - Amended ▾

    Comment
    Comment: to DEF 1 s amended cross/ complaint;

04/29/1991 Order ▾

| Judicial Officer | Comment |
|---|---|
| LONDER, DONALD H | Comment: w/Motion Pro Hac Vice re Kelly Lynn Quigley w/exhibit 1; Court Action: Signed; Court Action Date: 04/26/1991; Judge: DONALD H LONDER; |

04/29/1991 Copy ▾

    Comment
    Comment: to counsel re Set a Summary Judgment Hearing 5/14/91 9:15 am RM 528 Mult Co Courthouse from Judge Johnson 4/29;

04/29/1991 Memorandum - Opposing Motion ▾

    Comment
    Comment: of National Fire Insurance for Summary Judgement re Lost Policy.;

04/30/1991 Motion ▾

    Comment
    Comment: Withdraw Atty David Prange; Room: TLXJ; Time: 9:15AM;

04/30/1991 Affidavit ▾

    Comment
    Comment: of Thomas A Gordon in support of insurers joint memeorandum in DEF S motion for partial summary jgm on carriers affirmative defenses, w/attached;

04/30/1991 Response ▾

    Comment
    Comment: to DEF 1 s motion for partial & complete summary judgment;

04/30/1991 Memorandum - Opposing Motion ▾

    Comment
    Comment: for partial summary judgment on the Carriers affirmative defenses of DEF 1;

04/30/1991 Memorandum - Opposing Motion ▾

    Comment
    Comment: for partial summary judgment on Carriers affirmative defenses of DEF 1;

04/30/1991 Memorandum - Opposing Motion ▼

Comment
Comment: for Summary Judgment of Certain Underwriters of Lloyd s London re Proof of Policy.;

04/30/1991 Memorandum - Opposing Motion ▼

Comment
Comment: for Summary Judgment by St. Paul and Moore on issues of Damages, Suit , Trigger, and Owned Property .;

04/30/1991 Memorandum - Opposing Motion ▼

Comment
Comment: for Summary Judgment of Hartford Accident and Indemnity.;

04/30/1991 Affidavit ▼

Comment
Comment: Supplemental. Of Charles R. McCormick, III.;

04/30/1991 Affidavit ▼

Comment
Comment: of Celia M. Jackson;

04/30/1991 Affidavit ▼

Comment
Comment: Supplemental. Of William W. Jewett;

04/30/1991 Memorandum - Opposing Motion ▼

Comment
Comment: for Patial Summary Judgment of McCormick & Baxter re Lost Policies. Supplemental;

04/30/1991 Objection ▼

Comment
Comment: Evidentiary, to McCormick & Baxter s Motions for Summary Judgment, or to Strike;

04/30/1991 Memorandum - Opposing Motion ▼

Comment
Comment: for Partial Summary Judgment by McCormick & Baxter re Trigger of Coverage;

04/30/1991 Memorandum - Opposing Motion ▼

Comment: for Partial Summary Judgment by McCormick & Baxter on Carriers Affirmative
Defenses of Property Damage, Damages, Suit, and Late Notice;

Comment: to DEF 1 s motion for partial summary judgment re:Trigger of Coverage;

Comment: to DEF 1 s motion for partial summary judgment on the Carriers affirmative defenses
relating to occurrence or accident;

Comment: of Barry M Mount in support of DEF 7 s response to DEF 1 s motion for partial
summ/jgm re: Trigger of coverage & Accident w/attached;

Comment: to DEF 1 s motion for partial summ/jgm on carriers affirm- tive defenses;

Comment: of Deric L. Luoto;

Comment: of Jeffrey L. Fillerup with attached exhibits.;

Comment: to DEF 1 s motion for partial summ/jgm re: Lost Polices w/attached;

Comment: to DEF 1 s Motion for Partial Summ/Jgm on the Carriers Affirmative Defenses relating
to Occurrence; Defendant: HARTFORD ACCIDENT &amp; INDEMNITY

Comment: of David E Prange;

04/30/1991 Affidavit ▾

Comment
Comment: of George W McKallip Jr w/attached;

05/06/1991 Opposition ▾

Comment
Comment: to defs 2 & 13 s motion to file amend answer; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

05/06/1991 Affidavit ▾

Comment
Comment: G Frank Hammond w/exhibits;

05/10/1991 Motion - Summary Judgment ▾

Comment
Comment: JOINDER & oppos;

05/10/1991 Motion - Summary Judgment ▾

Comment: & Memo oppos to def 1 s mo summary judgment;

05/10/1991 Reply ▾

Comment: Memo to mo for partial summary judgment re lost policies;

05/10/1991 Reply ▾

Comment: Memo for partial summary judgment re notice;

05/10/1991 Reply ▾

Comment: Memo support mo summary judgment or partial;

05/10/1991 Response ▾

Comment: to ptf s evidentiary object to mo summary judgment/strike;

05/10/1991 Reply ▾

Comment
Comment: Memo support mo partial summary judgment re Carriers affrim defenses;

05/10/1991 Reply ▾

Comment
Comment: of oppos memo of ptf 1 & def 7 s re: trigger coverage;

05/10/1991 Affidavit ▾

Comment
Comment: SUPPLEMENTAL of David E Prange in support of opposition to DEF 1 s motion for partial summary jgmt on carriers affirmative defenses relating to Occurrence w/attached;

05/10/1991 Memorandum - Support Motion ▾

Comment: for Summary Judgment re: Trigger of coverage;

05/10/1991 BRIEF - Amicus Curea ▾

Comment: in support of motion for summary judgment of Certain Underwriters @ Lloyd s of London (cert #10010) re: proof of policy, w/attached; Amicus Curiae: MOORE AND UNDERWRITERS

05/10/1991 Reply ▾

Comment: memo in support of DEF 7 s motion for summary judgment;

05/10/1991 Reply ▾

Comment: memo in support of DEF 17 s motion for summary judgment;

05/10/1991 Affidavit ▾

Comment: of Patricia M Dost;

05/10/1991 Affidavit ▾

Comment: of William W Jewett;

05/10/1991 Affidavit ▾

Comment: of Thomas M Donnelly w/attached;

05/10/1991 Affidavit ▼

Comment
Comment: of Charles R McCormick III THIRD w/attached;

05/10/1991 Affidavit ▼

Comment
Comment: of G Frank Hammond,w/attahced;

05/10/1991 Reply ▼

Comment
Comment: in support of motion for partial summary judgment re: 1st party property damage & no property damage during policy period (ORCP 47);

05/10/1991 Affidavit ▼

Comment
Comment: of George W McKallip Jr w/attached;

05/10/1991 Motion - Summary Judgment ▼

Comment
Comment: (Pending);

05/13/1991 Motion - Summary Judgment ▼

Comment
Comment: & oppositons;

05/13/1991 Order - File Amended Answer ▼

Judicial Officer          Comment
JOHNSON, LEE          Comment: GRANTED; def 1 s motion to strike DENIED; Court Action: Signed; Court Action Date: 05/13/1991; Judge: LEE JOHNSON;

05/13/1991 Order - File Amended Answer ▼

Judicial Officer          Comment
JOHNSON, LEE          Court Action: Signed; Court Action Date: 05/13/1991; Judge: LEE JOHNSON;

05/13/1991 Brief ▼

Comment
Comment: CORRECTED Amicus Curiae-in support mo summary judgment of certain underwriter s re proof of policy w/attached; Amicus Curiae: MOORE AND UNDERWRITERS

Comment: CORRECTED Joinder in summary judgment motions & oppos; Amicus Curiae: MOORE AND UNDERWRITERS

Comment: to Quash Subpoenaes - 30 min Frank Hammond - BOC LJ Off per Trilby; Room: TLXJ; Time: 9:30AM; Event Status: Cancelled;

Comment: to Quash Subpoena Duces Tecum (Oral Argument Requested of CH2M Hill;

Comment: of G Frank Hammond;

Comment: of compliance UTCR 5.010;

05/17/1991 Affidavit - Supporting Motion ▼

Comment
Comment: W Andrew Miller of Amicus Curiae Brief/support mo for summary judgment re proof of policy w/Exhibits A & B;

05/22/1991 Memorandum - Decision ▼

Judicial Officer
JOHNSON, LEE

Comment
Comment: on memo re motions for summary judgement; Court Action: Signed; Court Action Date: 05/22/1991; Judge: LEE JOHNSON;

07/12/1991 Order - Summary Judgment ▼

Judicial Officer
JOHNSON, LEE

Comment
Comment: & directing entry of final judgment; Court Action: Signed; Court Action Date: 07/12/1991; Judge: LEE JOHNSON;

07/12/1991 Judgment - Final ▼

Judicial Officer
JOHNSON, LEE

Comment
Comment: Dismissing all complaints, claims,cross/counter claims by
DEF 1 against insurers & all remaining claims,counter & cross claims
between insurers are dismissed w/out prejudice; Court Action: Signed;
Court Action Date: 07/12/1991; ; JUD:JOHNSON LEE

07/15/1991 Closed

07/16/1991 Notice - Judgment Entry

08/07/1991 Notice - Appeal ▾

Comment
Comment: (true copy) from judgment entered 7/12/91;

08/09/1991 Notice - Amended Appeal ▾

Comment
Comment: (certified true copy) from judgment entered 7/12/91;

08/22/1991 Bond ▾

Judicial Officer          Comment
JOHNSON, LEE           Comment: #42194271 for costs on appeal as to $500.00 dated 8/19/91
                         w/power of attorney & w/certificate of service 8/20/91; Court Action:
                         Signed; Court Action Date: 08/22/1991; Judge: LEE JOHNSON;

08/28/1991 Transcript - Proof of Filing ▾

Comment
Comment: signed by Court Reporter - Lori Fanning 2 volumes for hearings on 7/12/90 and
10/22/90;

08/28/1991 Transcript - Proceedings ▾

Comment
Comment: for hearing on 7/12/90;

08/28/1991 Transcript - Proceedings ▾

Comment
Comment: for hearing on 10/22/90;

08/28/1991 Transcript - Proof of Filing ▾

Comment
Comment: signed by Court Reporter - Lori Fanning 2 volumes for hearings on 7/12/90 and
10/22/90;

08/28/1991 Miscellaneous ▾

Comment
Comment: copy of transcript entered in error;

08/28/1991 Miscellaneous ▾

Comment
Comment: proof of filing of transcript entered in error;

08/28/1991 Miscellaneous ▾

Comment
Comment: copy of transcript entered in error;

09/05/1991 Transcript - Proof of Filing ▾

Comment
Comment: notice of filing original transcript;

09/05/1991 Transcript - Proceedings ▾

Comment
Comment: 1 volume of 5/17/91;

09/09/1991 Transcript - Proof of Filing ▾

Comment
Comment: Teddie L. Matteson;

09/09/1991 Transcript - Proceedings

09/12/1991 Transcript - Proof of Filing ▾

Comment
Comment: original transcript of Notice of Appeal;

09/12/1991 Transcript - Proceedings ▾

Comment
Comment: 1 volume of 12/14/90 & 1 copy;

10/28/1991 Order ▾

Comment
Comment: (copy) from court of appeals CA A71072 giving leave under ORS 19.033(4) dated
10/25/91 chief judge George M Joseph;

11/12/1991 Order ▾

LONDER, DONALD
H

Comment: & motion to dismiss DEF #1 cross-claims against DEFS #9 & 10 & order granting same; Court Action: Signed; Court Action Date: 11/08/1991; Judge: DONALD H LONDER;

11/12/1991 Order - Dismissal ▼

*Judicial Officer*                    *Comment*

LONDER, DONALD
H

Comment: & stipulated motion of DEF # 4 as Cross defendant; Court Action: Signed; Court Action Date: 11/08/1991; Judge: DONALD H LONDER;

11/12/1991 Order ▼

*Judicial Officer*                    *Comment*

LONDER, DONALD
H

Comment: Granting summary judgment and directing entry of final judgment; Court Action: Signed; Court Action Date: 11/08/1991; Judge: DONALD H LONDER;

11/12/1991 Copy ▼

*Comment*

Comment: from court of appeals A71072 Granting Leave under ORS 19. 033(4) dated 10/25/91;

11/12/1991 Correspond - Letter ▼

*Comment*

Comment: 11/8/91;

11/12/1991 Judgment - Judgment ▼

*Judicial Officer*                    *Comment*

LONDER, DONALD
H

Comment: Dismissing all complaints, claims,cross/counter claims by DEF 1 against insurers & all remaining claims,counter & cross claims between insurers are dismissed w/out prejudice; Court Action: Signed; Court Action Date: 11/08/1991; ; DEF:MC CORMICK &amp; BAXTER CREOSOTING; JUD:LONDER DONALD H

11/16/1991 Notice - Judgment Entry

11/19/1991 Transcript - Proof of Filing ▼

Comment
Comment: notice of filing original transcript;

11/19/1991 Transcript - Appeal ▼

Comment
Comment: 1 volume of 10/31/89;

11/19/1991 Transcript - Proof of Filing ▾

Comment
Comment: notice of filing original transcript;

11/19/1991 Transcript - Appeal ▾

Comment
Comment: 1 volume of 9/14/89;

11/25/1991 Notice ▾

Comment
Comment: (true copy) CA A71072 Second amended notice of appeal from Final judgment
(amended) entered 11/15/91;

01/05/1997 Proof - Service ▾

Comment
Comment: Def Gulf Ins served deposition designations of Amans, Arsen- ault, Dwight, Hickman,
Morrow, Mosher, Nash,Orthemeyer, Shiba &Thorson by express courier on persons listed 1/5/98
w/attach;

01/09/1997 Order - Remand on Appeal ▾

Comment
Comment: CA A71072; effective date 1/7/ 97; costs allowed to U.S. Fire Ins Co & to McCormick &
Baxter Creosoting Co; REMANDED FOR FURTHER PROCEEDINGS;

01/09/1997 Judgment - Enforce Appellate

01/21/1997 Remove - Inactive Status

01/21/1997 Reinstated ▾

Comment
Room: REIN;

01/22/1997 Notice - Judgment Entry

01/28/1997 Notice - Trial

02/07/1997 Order - Postponement ▾

Judicial Officer                Comment
Bearden, Frank L                Comment: w/motion, regular course, GRANTED; Court Action: Signed;
                                Court Action Date: 02/07/1997; Judge: Frank L Bearden;

02/11/1997 Order - Change Counsel ▾

| | |
|---|---|
| Judicial Officer | Comment |
| LONDER, DONALD H | Comment: Eric R Todderud is primary counsel for Def 1; Court Action: Allowed; Court Action Date: 02/13/1997; |

02/14/1997 Notice - Trial

02/14/1997 Letter ▾

Comment
Comment: from F Scott Farleigh dated 2/13/97 re replacing counsel Karey Stayer with Brad Stanford (for Def 8);

02/18/1997 Notice ▾

Comment
Comment: OF CHANGE OF ADDRESS of coun- sel for Ptf 1 & 2: Jeffrey L Fillerup & Robin Craig-Olson, 121 Spear St #200, San Francisco, CA 94105;

02/27/1997 Letter ▾

Comment
Comment: dated 2/25/97 from Eric R Todderud informing court Jeanne Marie Chamberlain no longer involved in case;

03/03/1997 Order - Designating Complex Case ▾

| | |
|---|---|
| Judicial Officer | Comment |
| LONDER, DONALD H | Comment: DESIGNATING COMPLEX CASE AND ASSIGN TO JG WILLIAM J. KEYS; Room: CPX ; Time: Jan 1 1900 10:07AM; Court Action: Signed; Court Action Date: 02/25/1997; Judge: DONALD H LONDER; |

03/03/1997 Assignment - Trial Judge ▾

| | |
|---|---|
| Judicial Officer | Comment |
| Keys, William J | Comment: COMPLEX CASE; Room: TWJK; |

03/03/1997 Trial - Jury ▾

Hearing Time
9:00 AM

Cancel Reason
Set-Over Def

Result
Set-Over

Comment
Comment: - Reinstated 1/21/97; Event Status: Set-Over Def;

03/19/1997 Hearing - Further Proceedings ▼

01:30 PM

Comment: FIRST STATUS CONFERENCE;

LONDER, DONALD    Comment: w/motion for association of out of state counsel Jonathan P
H                Hayden for ptf; Court Action: Granted; Court Action Date: 03/27/1997;

Comment: for association of out of state counsel (pro hac vice) w/attachment;

9:00 AM

Cancelled

Cancelled

Comment: - Reinstated 1/21/97 S/O: Defs atty McKallip- Parties are seeking a complex case designation Complex case w/Judge Keys; Event Status: Cancelled;

05/21/1997 Hearing - Further Proceedings ▼

Hearing Time
09:45 AM

Cancel Reason
Cancelled

Result
Cancelled

Comment
Comment: STATUS CONFERENCE; Event Status: Cancelled;

05/30/1997 Hearing - Further Proceedings ▼

Hearing Time
09:30 AM

Comment

Comment: STATUS CONFERENCE (1 HOUR);

05/30/1997 Order ▼

Keys, William J          Comment: Scheduling Order setting dates for Motions/Trial-Defs provide
                         discovery by 6/6/97, file Summ -ary Jgmt by 6/13/97 & Ptfs re -sponse
                         t/b filed by 8/13/97 SEE FILE FOR ADD L INFORMATION; Court Action:
                         Signed; Court Action Date: 05/30/1997; Judge: William J Keys;

05/30/1997 Motion ▼

Comment: for Leave to File Supplemental Cross-Complaint;w/exhibits;

05/30/1997 Memorandum - At Law ▼

Comment: in support of Motion for Leave to File a Supplemental Cross- Complaint;

05/30/1997 Other ▼

Comment: Appendix to McCormick & Bax- ter s Memo of Law in support of Motion for Leave to File
a supplemental cross-complaint, with attached; Defendant: MC CORMICK &amp; BAXTER
CREOSOTING

06/13/1997 Motion ▼

Comment: /Leave to File a Supplemental cross-complaint, w/attached exhibit;

06/13/1997 Memorandum - At Law ▼

Comment: in support of Motion for Leave to File a Supplemental Cross- Complaint;

06/13/1997 Motion - Summary Judgment ▼

Comment
Comment: Partial; Re Duty to Defend;

06/13/1997 Memorandum - At Law ▼

Comment
Comment: In Support of Motion for Partial Summary Jdgm To Defend;

06/13/1997 Other ▼

Comment: Appendix To Memorandum of Law In Support of Its Motion For Partial Summary Jdgm Re Duty To Defend w/attached; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

06/13/1997 Affidavit ▾

Comment: of Richard E. Hammond w/attached;

06/13/1997 Affidavit ▾

Comment: of Charles R. McCormick III (Fifth Affidavit) w/attached;

06/13/1997 Affidavit ▾

Comment: of Jack A. Payne w/attached;

06/13/1997 Affidavit ▾

Comment: of Shawn D Parrish w/attached;

06/13/1997 Affidavit ▾

Comment: of Randall H. Peterson w/attached;

06/13/1997 Affidavit - Supporting Motion ▾

Comment
Comment: for Leave to File a Supplement -al Cross-Complaint (fourth) by Charles McCormick III;

06/25/1997 Motion - Summary Judgment ▾

Comment
Comment: Partial, CORRECTED Re Duty to Defend;

06/25/1997 Memorandum - At Law ▾

Comment
Comment: CORRECTED, in support of Motion for Partial Summary Judgment re Duty to Defend;

07/07/1997 Motion - Rule 21

07/07/1997 Motion ▾

Comment

Comment: Joinder in Objections;

Comment: Joining Rule 21 Motion;

Comment: Joinder to Hartford Co Rule 21 Motion; Defendant: CONTINENTAL CASUALTY COMPANY

Comment: Joinder to Hartford Co Rule 21 Motion; Defendant: NATIONAL FIRE INSURANCE CO HAR

Comment: Insurer s Joint Opposition to M cCormick & Baxters Motion to File a Supplemental Cross- Complaint;

Comment: Joining in Def Hartford Acc. & Indem. Co. Rule 21 motion;

Comment: Joinder to Hartford Co Rule 21 Motion; Defendant: GULF INSURANCE COMPANY

Keys, William J      Comment: setting summ judgmnt motions 8/20/97 mo resp from insurers due;9/22/97 DEF 1 reply to s/j mo due;10/14/97 s/j mo hearing all other dates remain as set forth in order signed 5/30/97; Court Action: Signed; Court Action Date: 07/16/1997; Judge: William J Keys;

Comment: for leave to file supplemental Cross-complaint;w/exhibits;

Comment: to ORCP 21 Motion to Dismiss & Reply to Opposition to Motion for Leave to File Supplemental Cross-Complaint; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

Comment: Appendix to McCormick and Bax- ters combined responsive brief to Rule 21 Motion & Opposition to Motion for Leave to File Supplemental Cross-Complaint, with attached;

Comment: to Rule 21 Motion, w/attached;

09:30 AM

Comment: MOTION TO SUPPLEMENT AND RULE 21 HEARING 1-1/2 TO 2 HRS;

Comment: (SECOND) of Richard E Hammond in support of MO/Partial Summ- ary Judgment re Duty to Defend with attached exhibits;

Comment: Further Briefing on causation foreseeability and prejudice; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

Comment: supplemental to Def 1 motion file supplemental cross-cmplnt; Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC Plaintiff: ST PAUL MERCURY INSURANCE CO

Comment: of George W McKallis Jr;

Comment: of Paul Schute;

08/15/1997 Affidavit ▾

Comment
Comment: of Neal A Hueske;

08/20/1997 Motion - Summary Judgment ▾

Comment
Comment: CROSS;

08/20/1997 Memorandum - Opposing Motion ▾

Comment: for partial summary judgment & in support of cross motion for partial summary judgment;

Comment: re: cross motion for partial summary judgment;

Comment: Exhibits to affidavit of George W McKallip Jr Vol 1; Privately Retained: Estate of George Wayne McKallip

Comment: Exhibits to affidavit of George W McKallip Jr, Vol II; Privately Retained: Estate of George Wayne McKallip

Comment: Joinder in response of Nat l Continental Ins to MckCormick & Baxter s motion for partial summary judgment re: duty to defend;

Comment: of Gregory L Baird in support of PTF s joinder in response of National Ins Co & Continent al Ins to McCormick & Baxter s motion for partial summary judgment re: duty to defend;

Comment: to Motion for Partial Summary Jgmt on duty to defend, with attached;

Comment: of Tommy Michaels of Hartford Accident & Indemnity Co;

Comment: RE: Motino for Summary Jdgm On Duty To Defend;

Comment: Third; of Jack A. Payne;

Comment: Third; of Randall H. Peterson;

Comment: Sixth; of Charles R. McCormick III;

Comment: Third; Richard E. Hammond;

Comment: of Kenneth B. Finney;

Comment: Reply Re Moitno For Summary Jdgm On Duty to Defend w/attached; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

Comment: of defs 2 & 5 to ptf 3s cross motion for partial summ jgm and mo to strike affidavits;

Keys, William J          Comment: memorandum;

10/13/1997 Memorandum ▾

Comment
Comment: SUPPLEMENTAL of defs 2 & 4 Re: Defense;

10/14/1997 Hearing - Motion ▾

Hearing Time
09:30 AM

Comment
Comment: SUMMARY JUDGMENT MOTION HEARING (1-1/2 HOURS);

10/15/1997 Copy ▾

Comment
Comment: letter to Judge Keys dated 10/13/97 re: response to 10/8/97 request for add l info w/attached;

10/22/1997 Hearing - Further Proceedings ▾

Hearing Time
9:00 AM

Comment
Comment: DISCUSSION OF ISSUES AND PRO- POSED SCHEDULE CHANGES-1-1/2HR;

10/23/1997 Order ▾

Judicial Officer          Comment
Bearden, Frank L          Comment: w/motion to associate Jonathan M Palmer as out of state counsel w/motion; Court Action: Granted; Court Action Date: 10/23/1997;

10/23/1997 Certificate ▾

Comment
Comment: for association of out of state counsel pro hac vice w/attachment;

11/04/1997 Hearing ▾

Hearing Time
01:30 PM

Comment
Comment: HEARING TO DISCUSS LEGAL ISSUES - (2 HOURS);

11/13/1997 Order - Summary Judgment ▾

Judicial Officer

Keys, William J

Comment: re DEF 1 & primary insurance companies cross motions;
Court Action: Allowed in Part-Denied in Part; Court Action Date:
11/10/1997;

11/17/1997 Affidavit

Comment:

Comment: of Susan M. Leberman;

11/17/1997 Memorandum

Comment:

Comment: Regarding Fulf Policy 5423684 Insurer-Specific Issue V.C. w/attached;

11/17/1997 Memorandum

Comment:

Comment: Regarding Aggregate Policy Limits For St. Paul Policy No. 504 JE 9010 Insurer-Specific
Issue V.B w/attached;

11/17/1997 Other

Comment:

Comment: Leberman Affidavit Volume 1 of Exhibits Nos. 1-28;

11/17/1997 Other

Comment:

Comment: Memorandum on The Definition of Defense Costs; Defendant: MC CORMICK &amp;
BAXTER CREOSOTING

11/17/1997 Memorandum

Comment:

Comment: RE Lost Policy Issues MIssing Policy Issues I.A;

11/17/1997 Memorandum

Comment:

Comment: Regarding Effective Date of Tender; Defense Issues II.A & II.B;

11/17/1997 Memorandum

Comment:

Comment: RE: Regarding Aggregate Policy Limits For Lloyd s Policy No. 74347;

11/17/1997 Memorandum

Comment: RE: Insurance Policy Interpret -ation Methodology Introduct- ion To Briefs Filed 11/17/97 w/attached;

Comment: RE: Yearly Aggregate Limits Insurer Specific Issue V.F w/attached;

Comment: Regarding Policy Limits For American Star Policy #018844 Insurer-Specific Issue V.D w/attached;

Comment: Served on 11/17/97 copy of affidavits & memorandums on Jeffrey L. Fillerup,F. Scott Farleigh, Marsha Morrow, Rich- ard Lee, Thomas Gordan, James Waldron, Michael Gevertz;

Comment: Leberman Affidavit Volume II of Exhibits Nos 29-49 w/attached;

Comment: (legal) on policy-specific issues (1) 3-yr policy period & (2)determination of a single occurence, if any occurance at all, with attached exhibit; Defendant: GULF INSURANCE COMPANY

Comment: on defense issues; Defendant: HARTFORD ACCIDENT &amp; INDEMNITY

Comment: of Richard A Lee, atty;

Comment: on lost policies; Defendant: HARTFORD ACCIDENT &amp; INDEMNITY

Comment: of Points & Authorities re aggregate limit for certifi- cation no L74347, w/attached;

Memorandum

Comment: of Points & Authorities re: lost policy issue of Ptf and Cross-Defs St Paul Fire & Mar- ine Ins Co & St Paul Mercury Ins Co;

Memorandum

Comment: of Points & Authorities re: aggregate limits issues sub- mitted by Thomas Gordon, atty for Ptfs & Cross-Defs St Paul Fire & Marine Ins Co Inc & St Paul Mercury Ins Co Inc;

Memorandum

Comment: re defense/indemnity issues;

Memorandum

Comment: re: American Star Policy Per- iod (issue V.D.), w/attached;

Brief

Comment: on where multiple policy perio ds are at issue/what is requir ed to establish covered loss during any given policy period; Defendant: HARTFORD ACCIDENT &amp; INDEMNITY

Brief

Comment: on effect of M&B bankruptcy settlement; Defendant: HARTFORD ACCIDENT &amp; INDEMNITY

Brief

Comment: introductory for briefs filed on 11/20/97; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

Memorandum

Comment: on trigger of coverage & scope of coverage indemnity issues III A;

Memorandum

Comment: on expected/intended indemnity issues III B;

11/20/1997 Memorandum –

Comment: re known loss/known risk/loss in progress doctrine indemnity issues III C;

11/20/1997 Brief –

Comment: on owned property exclusion exclusions issue IV A; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

11/20/1997 Memorandum –

Comment: re Order of Presentation and Proof other issue VI B;

11/20/1997 Memorandum –

Comment: re relevance of McCormick & Baxters bankruptcy settlement other issues VIA;

11/20/1997 Memorandum –

Comment: re pollution exclusion exclusions issues IV B;

11/20/1997 Certificate –

Comment: of service on 11/20/97 re Def1 brief/memos;

11/20/1997 Memorandum –

Comment: Joint of points & authorities re: owned property care custody & control & used property exclusion;

11/20/1997 Memorandum –

Comment: of Points & Authorities re: trigger of coverage;

11/20/1997 Memorandum –

Comment: re: realignment re joint list;

11/20/1997 Brief ▾

Comment

Comment: INSURERS Joint Legal Brief on known loss/loss in progress, with attached; Defendant: GULF INSURANCE COMPANY

11/20/1997 Brief ▾

Comment

Comment: on appropriate legal standard for determining whether prop- erty damage was expected or intended; Defendant: GULF INSURANCE COMPANY

11/20/1997 Memorandum ▾

Comment

Comment: Joint of Insurers;

11/21/1997 Order - Summary Judgment ▾

Judicial Officer
Keys, William J

Comment
Comment: of Def 1 and cross motions of primary insurers SEE FILE FOR ADDITIONAL INFO; Court Action: Signed; Court Action Date: 11/10/1997; Judge: William J Keys;

12/02/1997 Miscellaneous ▾

Comment

Comment: UNSIGNED SUBSTITUTION OF ATTY SENT TO JUDGE FOR SIGNATURE;

12/02/1997 Order - Change Counsel ▾

Judicial Officer
LONDER, DONALD H

Comment
Comment: Jeffrey Hill in place of Thomas Gordon for Ptfs; Court Action: Signed; Court Action Date: 12/02/1997; Judge: DONALD H LONDER;

12/05/1997 Response ▾

Comment

Comment: Brief RE: Effective Date of Tender;

12/05/1997 Affidavit ▾

Comment

Comment: of Richard A. Lee;

12/05/1997 Response ▾

Comment

Comment: Joint; Brief RE: Effect of McCormick & Baxter s Bank- ruptcy Sttlement;

Comment: Brief On Known Loss/Loss In Progress;

Comment: Brief On Expected Or Intended Property Damage;

Comment: Joint; RE: Realignment (Issue VI V);

Comment: To McCormick & Baxter s Memo RE: Lost Policy Issues Joint Issue List I A; Plaintiff: ST PAUL MERCURY INSURANCE CO Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC

Comment: To Memo RE Aggregate Policy Limits For St. Paul Policy No 504 JE 9010;

Comment: To Memorandum RE: Owned Pro- perty Care Custody & Control & Used Property Exclusion;

Comment: Memoradum On Policy Specific Issues;

Comment: To Insurers Memorandum of Points & Authorities Re Lost Policy Issues Missing Policy Issues;

Comment: In Opposition to Hartford s Brief On Defense Issues & In Response To ST. Paul s Failure To File An Opening Brief;

12/05/1997 Memorandum ▼

Comment
Comment: RE: Definition of Defense Costs Defense Issues: IIC;

12/05/1997 Memorandum - Reply ▼

Comment
Comment: RE: Trigger of Coverage & Scope of Coverage (Response To St. Paul & Hartford) Indemnity Issues IIIA;

12/05/1997 Memorandum - Reply ▼

Comment: RE: Expected or Intended Harm Indemnity Issues IIIB;

12/05/1997 Memorandum ▼

Comment: Opposing Insurers Joint Legal Brief On Known Loss/Loss In Progress Indemnity Issues IIIC;

12/05/1997 Response ▼

Comment: Brief On Owned Property Exclu- sion Issue- IV.A;

12/05/1997 Response ▼

Comment: Memo RE; Pollution Exclusion Exclusions Issues IV.B;

12/05/1997 Memorandum ▼

Comment: To Lloyd s London s Memo Re Aggregate Policy Limits For Policy No. 74347 Insurer-Specific Issue V.A; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

12/05/1997 Response ▼

Comment: To Memorandum RE Aggregate Limits Issues Insurer Specific Issue V.B.;

12/05/1997 Memorandum ▼

Comment: Response: RE: Gulf Policy 5423684 Insurer-Specific Issue V.C;

12/05/1997 Brief ▼

Comment: RE: American Star Policy Period Insurer-Specific Issue V.D.; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

Comment: RE: Effect of Bankruptcy Set- tlement Other Issues VI.A;

Comment: RE: Order of Presentation & Proof Other Issue VI.B.;

Comment: Served copies of response & Memorandums to attys on 12/5;

Comment: To McCormick & Baxter s Memo- randum RE: Aggregate Policy Limits For Certificate No. L74347;

Comment: RE: Defense/Indemnity Issues Insurers Joint;

Comment: Insurer s Joint; Memorandum RE Pollution Exclusion (Issue IV B);

Comment: to admit pro hac vice out of state counsel Carl E Forsberg;

Comment: of Carl E Forsberg w/attachment;

Bearden, Frank L          Comment: admitting pro hac vice out of state attorney Carl E Forsberg;
                          Court Action: Granted; Court Action Date: 12/04/1997;

12/05/1997 Opposition ▼

Comment
Comment: (joint) to McCormick & Baxters Memo on trigger of coverage & scope of coverage by insurers;

12/08/1997 Reply ▼

Comment
Comment: to McCormick & Baxter s Memo re effective date of tender;

12/10/1997 Hearing - Further Proceedings ▼

Hearing Time
9:00 AM

Comment
Comment: HEARING ON LEGAL ISSUES;

12/11/1997 Memorandum ▼

Comment
Comment: supplemental re accident w/certificate of servce;

12/11/1997 Memorandum ▼

Comment
Comment: supplemental re trigger of caused by acciden policies;

12/11/1997 Hearing - Further Proceedings ▼

Hearing Time
09:45 AM

Comment
Comment: HEARINGS ON LEGAL ISSUES;

12/12/1997 Hearing - Further Proceedings ▼

Hearing Time
02:00 PM

Cancel Reason
Cancelled

Result
Cancelled

Comment
Comment: HEARINGS ON LEGAL ISSUES; Event Status: Cancelled;

12/18/1997 Order ▼

| Bearden, Frank L | Comment: w/motion & affidavit for commission to issue out of state subpoena duces tecum; commission be issue & effectiv for 30 days from signature date of this order; Court Action: Granted; Court Action Date: 12/18/1997; |

Comment: supplemental, re: effect of McCormick & Baxter s bankrupt- cy settlement, with attached; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Supplemental; RE: The Effect of Bankruptcy Settlement; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

Comment: on Burden of Proof; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

Comment: Supplemental; Memorandum RE: Care Custody & Control Used Property Exclusion;

Comment: served copies of memorandum & supplemental briefs on attys 12/19/97;

Comment: supplemental, re: aggregate policy limits for certificate #L74347, w/attached exhibits; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: supplemental, on Lloyd s and St Paul stub periods, with attached;

Comment: Def 1 s Supplemental Memo on Lloyds & St Paul stub periods upon persons listed in file by hand delivery on 12/22/97;

12/29/1997 Opinion –

Keys, William J

12/29/1997 Memorandum –

Comment: re: applicability of servera- bility of interests clause, w/ attached;

12/30/1997 Opinion - Order –

Keys, William J          Comment: on supplemental issues SEE FILE FOR ADDITIONAL INFO;
                         Court Action: Signed; Court Action Date: 12/30/1997; Judge: William J
                         Keys;

12/31/1997 Memorandum –

Comment: supplemental, on the severa- bility of interests clause;

12/31/1997 Brief –

Comment: reply re severability of interest clause; Defendant: MC CORMICK &amp; BAXTER
CREOSOTING

01/02/1998 Jury - Instructions –

Comment: Proposed (annotated version);

01/02/1998 Jury - Instructions –

Comment: Memo on expect and on Dis- charge, dispersal, release or escape;

01/02/1998 Jury - Instructions –

Comment: requested;

01/02/1998 Motion –

Comment: for admission of out of state counsel (pro hac vice);

01/05/1998 Affidavit –

Comment: of James A Goniea to appear pro hac vice w/attachment;

01/06/1998 Affidavit

Comment: of Bradford H Lamb;

01/06/1998 Filed

Comment: Ptf s supplemental designation re: depostion of Doane G Hick- man for use at trial for all purposes, with attachments;

01/27/1998 Exhibit

Comment: 3 Sets of 10 Depositions (30 total) (8-3/4 );

01/05/1998 Filed

Comment: Certain Underwriters joiner in insurers deposition designatns;

01/05/1998 Trial

Hearing Time
09:30 AM

Hearing Result
Cancelled

Result
Cancelled

Comment
Comment: TRIAL ESTIMATED TO TAKE BETWEEN 6 WKS. & 2-1/2 MONTHS; Event Status: Cancelled;

01/08/1998 Order

Judicial Officer                     Comment
Keys, William J                      Comment: allowing admission of out of state counsel (pro hac vice) re attorney James A Goniea of Luce Forward Hamilton&Scripps; Court Action: Allowed; Court Action Date: 01/08/1998;

01/08/1998 Certificate

Comment
Comment: of service re motion/affs/ order for admission out of state counsel;

01/08/1998 Filed

Comment: Insurers list of fact witness- es expected to testify; Defendant: GULF INSURANCE COMPANY

Comment: Proposed List of Exhibits; Defendant: GULF INSURANCE COMPANY

Comment: McCormick & Baxter s opening designation of trial exhibits, with attached;

Comment: McCormick & Baxter s opening designation of witnesses to be called at trial;

Comment: McCormick & Baxter s proposed case description;

Comment: McCormick & Baxters opening designation of trial exhibits, opening designation of witness -es t/b called @ trial & pro- posed case description upon persons listed/file on 1/8/98;

Comment: proposed list of exhibits; Defendant: GULF INSURANCE COMPANY

Comment: Insurers list of fact witnsses expected to testify; Defendant: GULF INSURANCE COMPANY

Comment: designation of witnesses for trial; Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC

09:00 AM

Comment: DISCUSSION ON JURY INSTRUCTIONS (ALL DAY);

01/12/1998 Hearing -

Hearing Time

9:00 AM

Comment: DISCUSSIONS ON JURY INSTRUCTIONS (ALL DAY);

01/12/1998 Proof - Service -

Comment: Def Gulf Ins company s by ex- press Courier 1/12 Deposition Counter Designations of Doane Hickman w/attached;

01/12/1998 Deposition -

Comment: Insurers objection to the en- terity of the designation of Elzie Moor s Dep testimony w/attached exhibits;

01/12/1998 Deposition -

Comment: Insurers objections to deposi tion designations of McCormick and Baxter Creosoting Co., Objections w/attached;

01/12/1998 Proof - Service -

Comment: by express courier deposition designations w/attached 1/4;

01/12/1998 Proof - Service -

Comment: by hand delivery 1/5 deposi- tion designations;

01/12/1998 Deposition -

Comment: designations McCormick & Bax- ter s objections to the Insu- re s;

01/12/1998 Certificate - Service -

Comment: 1/12 Mc Cormick & Baxters Ob- jections and conterdesignation to Gulf s deposition;

01/12/1998 Proof - Service -

Comment: by facsimile 1/5 supplemental deposition designations of Doana Hickman;

01/12/1998 Memorandum +

Comment:

Comment: re: allocation;

01/12/1998 Hearing =

Hearing Time =

09:00 AM

Comment:

Comment: DISCUSSIONS RE: EXHIBITS (ALL DAY);

01/12/1998 Brief =

Comment:

Comment: McCormick & Baxter s Revised (Jan 13,1998) Proposed Case Description;

01/12/1998 Brief =

Comment:

Comment: Gulf s Proposed Description of the Case;

01/12/1998 Brief =

Comment:

Comment: Gulf Ins Co s Joinder to St Pauls Memo re allocation issue;

01/12/1998 Judgment - Dismissal =

Comment:

Comment: w/prejudice & w/o costs re claims of PTF 3/DEF 2 & DEF 1 against each other ORCP 67B /s/Judge William Keys no sig date;

01/13/1998 Hearing =

Hearing Time =

09:00 AM

Comment:

Comment: DISCUSSIONS RE: EXHIBITS (ALL DAY);

01/13/1998 Motion - In Limine =

Comment:

Comment: Relating to McCormick & Baxter Settlements;

01/13/1998 Motion - In Limine =

Comment: Exclude Evidence Re Claims Handling & Bad Faith;

Comment: re McCormick & Baxter Bankrupt cy & Reorganization Plans;

Comment: Exclude Argument or Perjorativ e REverences,etc;

Comment: Exclude Evidence & Objections to M&B s Couter-Designations;

Comment: Exclude Evidence About Insuran ce Investigation Reports;

Comment: to M&B s counterdesignation, with attached;

Comment: to Insurers objection to the designation of Elzie Moore s deposition; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

Comment: of Kenneth B Finney, with attached exhibits;

Comment: to the Insurers counter- designation, with attached;

Comment: re: alleged suppression of evidence;

01/14/1998 Motion - In Limine -

Comment: re: admissibility of Jewett affidavits, with attached;

01/14/1998 Motion - In Limine -

Comment: re: reasonableness of govern- mental costs;

01/14/1998 Motion - In Limine -

Comment: re: prohibition against com- ment or argument concerning McCormick & Baxter s atty fees;

01/14/1998 Motion - In Limine -

Comment: re: prohibition of argument that an accident must happen quickly;

01/14/1998 Brief -

Comment: Appendix of Federal & Non- Oregon authorities in support of McCormick & Baxter s Motion in Limine, with attached; Defendant: MC CORMICK &amp; BAXTER CREOSOTING

01/14/1998 Response -

Comment: to McCormick & Baxter Creosot- ing Co s counter deposition designations, with attached;

01/14/1998 Brief -

Comment: Gulf Ins Co s joinder to St Paul s Motions in Limine; Defendant: GULF INSURANCE COMPANY

01/14/1998 Continued - Event -

Comment: McCormick & Baxters Opposition to Insurers Objection to Desig -nation of Elzie Moore s depo, counter-designations, Motions/ Limine & Appendix on 1/14/98 SEE FILE FOR ADDITIONAL INFO;

01/14/1998 Hearing -

Hearing Time

9:00 AM

Comment: DISCUSSIONS RE: EXHIBITS (ALL DAY);

01/18/1996 Other

Comment: Stay of Trial Pursuant to ORS 34.130(5); Defendant: MC CORMICK &amp; BAXTER CREOSOTING

01/18/1996 Other

Comment: forms (proposed);

01/18/1996 Other

Comment: McCormick & Baxter s Proposed Juror Questionaires;

01/18/1996 Judgment - Dismissal

Comment: w/prejudice & w/o costs ORCP 67B re claims of DEF 1/Ptf 3 & DEF 5 against each other /s/Judge William Keys no sig date;

01/19/1996 Hearing

Hearing Time

9:00 AM

Comment: DISCUSSIONS RE: EXHIBITS (ALL DAY);

01/19/1996 Other

Comment: Insurers list of expert wit- nesses expected to testify; Defendant: GULF INSURANCE COMPANY

01/19/1996 Other

Comment: Insurers supplemental list of fact witnesses expected to testify; Defendant: GULF INSURANCE COMPANY

01/19/1996 Other

Comment: McCormick & Baxter s opening designation of expert witness- es to be called at trial;

01/16/1998 Hearing - Motion ▼

Hearing Time
9:00 AM

Comment
Comment: MOTIONS IN LIMINE (ALL DAY);

01/19/1998 Notice - Judgment Entry

01/19/1998 Notice - Judgment Entry

01/20/1998 Other ▼

Comment: McCormick & Baxter s revised (1/20/98) Proposed Case Desc; Defendant: MC
CORMICK &amp; BAXTER CREOSOTING

01/21/1998 Trial - Jury ▼

Hearing Time
09:30 AM

Cancelled

Cancelled

Comment: ENTRY DUPLICATED IN #548; Event Status: Cancelled;

01/21/1998 Trial ▼

Hearing Time
09:30 AM

Comment: TRIAL ESTIMATED TO TAKE FROM 6 TO 10 WEEKS;

01/21/1998 Trial - Jury ▼

Hearing Time
9:00 AM

Comment: voir dire;

01/21/1998 Brief ▼

Comment: re: McCormick & Baxter s duty to mitigate damages prior to tender of claim & denial of coverage; Plaintiff: ST PAUL MERCURY INSURANCE CO Plaintiff: ST PAUL FIRE &amp; MARINE INSURANC

01/29/1998 Memorandum - At Law

Comment

Comment: re: duty to mitigate damages;

01/29/1998 Jury - Instructions

Comment

Comment: (special);

01/29/1998 Response

Comment

Comment: Memo re;DUTY TO MITIGATE DAMAGES;

01/28/1998 Trial - Jury

Hearing Time

9:00 AM

Comment

Comment: OPENING STATEMENTS;

01/28/1998 Miscellaneous

Comment

Comment: Reserved for trial information;

01/28/1998 Trial - Jury

Hearing Time

9:00 AM

Comment

Comment: CONTINUATION OF JURY TRIAL;

01/28/1998 Trial - Jury

Hearing Time

9:00 AM

Comment

Comment: CONTINUATION OF JURY TRIAL;

01/28/1998 Trial - Jury

8:30 AM

Comment: CONTINUATION OF JURY TRIAL;

---

9:00 AM

Cancelled

Cancelled

Comment: CONTINUATION OF JURY TRIAL (SETTLED ON 1/30/98); Event Status: Cancelled;

---

9:00 AM

Cancelled

Cancelled

Comment: CONTINUATION OF JURY TRIAL (CASE SETTLED ON 1/30/98); Event Status: Cancelled;

---

9:00 AM

Cancelled

Cancelled

Comment: CONTINUATION OF JURY TRIAL (CASE SETTLED ON 1/30/98); Event Status: Cancelled;

---

09:00 AM

Cancelled

Cancelled

Comment
Comment: CONTINUATION OF JURY TRIAL (CASE SETTLED ON 1/30/98); Event Status: Cancelled;

02/13/1998 Return - Service Civil Subpoena ▾

Comment: Per serv Duane Dixon 1/28;

Comment: to Duane Dixon;

Comment: for entry of judgment dismissl;

Comment: for entry of judgment dismissl re all claims/crossclaims/ counterclaims re Def 13;

Comment: for entry of judgment dismissl;

Keys, William J    Comment: w/prejudice & w/o costs re all claims/counterclaims/crossclms re Defs 1 & 15; Court Action: Signed; Court Action Date: 02/18/1998; ; DEF:MC CORMICK &amp; BAXTER CREOSOTING; DEF:GULF INSURANCE COMPANY; JUD:KEYS WILLIAM J; PTF:MC/CORMICK &amp; BAXTER CREOSOTING

Keys, William J    Comment: w/prejudice & w/o costs re all claims/crossclaims/counter claims re Def 13; Court Action: Signed; Court Action Date: 02/18/1998; ; DEF:MC CORMICK &amp; BAXTER CREOSOTING; DEF:CONTINENTAL CASUALTY COMPANY; JUD:KEYS WILLIAM J; PTF:MC/CORMICK &amp; BAXTER CREOSOTING

Keys, William J

Comment
Comment: w/prejudice & w/o costs re all claims/crossclaims/counterclms re Def 13; Court Action: Signed; Court Action Date: 02/18/1998; ; DEF:MC CORMICK &amp; BAXTER CREOSOTING; DEF:NATIONAL FIRE INSURANCE CO HAR; JUD:KEYS WILLIAM J; PTF:MC/CORMICK &amp; BAXTER CREOSOTING

02/23/1998 Notice - Judgment Entry

02/23/1998 Notice - Judgment Entry

02/23/1998 Notice - Judgment Entry

02/25/1998 Trial - 12 Person Jury ▾

Judicial Officer
Keys, William J

Comment
Comment: SETTLED DURING TRIAL RPT: B. SHIPP; Est Length of Time: 9 Day(s); Judge: William J Keys;

03/03/1998 Notice - Dismissal Pending Settlement ▾

Comment
Comment: action reported settled after assignment prior to trial; Room: XDSM; Event Status: Cancelled;

03/03/1998 Notice - Printed

03/03/1998 Hearing - Further Proceedings ▾

Hearing Time
9:00 AM

Cancel Reason
Cancelled

Result
Cancelled

Comment
Comment: SETTLEMENT DISCUSSION; Event Status: Cancelled;

03/26/1998 Order - Continue ▾

Judicial Officer
Keys, William J

Comment
Comment: dismissal until 7/13/98; Court Action: Granted; Court Action Date: 03/26/1998;

03/26/1998 Affidavit ▾

Comment
Comment: of Jonathan P Hayden;

03/26/1998 Certificate - Mailing ▾

Comment
Comment: on 3/19/98;

03/30/1998 Notice - Dismissal Pending Settlement ▾

Comment
Comment: action reported settled;extend dismissal to 7/13/98; Room: XDSM; Event Status:
Cancelled;

03/30/1998 Notice - Printed

03/31/1998 Judgment - Dismissal ▾

Judicial Officer        Comment
Keys, William J         Comment: re claims between McCormick & Baxter Creosoting Co &
                        Hart- ford Accident & Indemnity Co pursuant to ORCP 67B w/prej; Court
                        Action: Signed; Court Action Date: 03/31/1998; ; DEF:MC CORMICK
                        &amp; BAXTER CREOSOTING; DEF:HARTFORD ACCIDENT &amp;
                        INDEMNITY; JUD:KEYS WILLIAM J

04/02/1998 Notice - Judgment Entry

07/17/1998 Judgment - Dismissal ▾

Judicial Officer        Comment
Keys, William J         Comment: of certain claims; Defs 1&8 having settled matters between
                        themselves dismiss McCormick & Baxters claims against Lloyds SEE
                        FILE FOR ADDITIONAL INFO; Court Action: Signed; Court Action Date:
                        07/17/1998; ; DEF:MC CORMICK &amp; BAXTER CREOSOTING;
                        DEF:CERTAIN UNDERWRITERS AT LLOYDS; JUD:KEYS WILLIAM J

07/21/1998 Judgment - Dismissal ▾

Judicial Officer        Comment
Ellis, James R          Comment: STIPULATED, with prejudice and without costs by Ptfs &
                        Defs 2,13,15,8,17,2,5,1 & 7; all remaining parties have entered into
                        settlement agreements re- volving all claims in lawsuit; Court Action:
                        Signed; Court Action Date: 07/21/1998; ; JUD:ELLIS JAMES R

07/22/1998 Notice - Judgment Entry

07/22/1998 Closed

07/23/1998 Notice - Judgment Entry

07/24/1998 Notice ▾

Comment
Comment: of law firm name change;

## Financial

MC CORMICK & BAXTER CREOSOTING

| | Total Financial Assessment | | | $40.00 |
| | Total Payments and Credits | | | $40.00 |

| 6/6/1997 | Transaction Assessment | | | $20.00 |
| 6/6/1997 | Counter Payment | Receipt # 2617398 | UNKNOWN | ($20.00) |
| 6/13/1997 | Counter Payment | Receipt # 2619398 | MC CORMICK & BAXTER CREOSOTING | ($20.00) |

HARTFORD ACCIDENT & INDEMNITY

| | Total Financial Assessment | | | $50.50 |
| | Total Payments and Credits | | | $50.50 |

| 3/18/1991 | Transaction Assessment | | | $50.50 |
| 3/18/1991 | Counter Payment | Receipt # 2046585 | HARTFORD ACCIDENT & INDEMNITY | ($50.50) |

ST PAUL FIRE & MARINE INSURANC

| | Total Financial Assessment | | | $48.25 |
| | Total Payments and Credits | | | $48.25 |

| 12/14/1990 | Transaction Assessment | | | $20.00 |
| 12/14/1990 | Counter Payment | Receipt # 2028397 | ST PAUL FIRE & MARINE INSURANC | ($20.00) |
| 2/22/1991 | Transaction Assessment | | | $16.00 |

| 2/22/1991 | Counter Payment | Receipt # 2041977 | UNKNOWN | ($16.00) |
| 4/10/1992 | Counter Payment | Receipt # 2139888 | UNKNOWN | ($6.25) |
| 2/2/1998 | Counter Payment | Receipt # 2679395 | UNKNOWN | ($6.00) |

# Exhibit K

## Case Information

990202004 | SCHNITZER INVESTMENT CORP VS. CERTAIN UNDERWRITERS AT LLOYDS

| Case Number | Court | File Date |
|---|---|---|
| 990202004 | MUL Civil | 02/23/1999 |

| Case Type | Case Status | |
|---|---|---|
| Contract | Closed | |

## Party

| Plaintiff | Active Attorneys |
|---|---|
| SCHNITZER INVESTMENT CORP | Attorney<br>SNYDER, JOAN P<br>Retained |

| Defendant | Active Attorneys |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS | Lead Attorney<br>MCMILAN, HOLLIS K<br>Retained |

| Defendant | Active Attorneys |
|---|---|
| CERTAIN LONDON MARKET INSURANC | Lead Attorney<br>MCMILAN, HOLLIS K<br>Retained |

Defendant
INSURANCE COMPANY OF ST OF PEN

Active Attorneys
Attorney
PRANGE, DAVID E
Retained

Lead Attorney
MINTZER, PETER J
Retained

Defendant
TRANSPORTATION INSURANCE COMPA

Active Attorneys
Attorney
PRANGE, DAVID E
Retained

Defendant
CONTINENTAL CASUALTY COMPANY

Active Attorneys
Attorney
PRANGE, DAVID E
Retained

Defendant
PHOENIX INSURANCE COMPANY

Active Attorneys
Lead Attorney
JACK, EVERETT W, Jr
Retained

Defendant
INSURANCE COMPANY OF NORTH AME

Active Attorneys
Lead Attorney
LEE, RICHARD A
Retained

# Disposition Events

11/02/2001 Judgment ▾

___

Judicial Officer
Gernant, David

Judgment Type
Judgment Summary

___

Monetary Award
   Signed Date: 11/02/2001
   Total: $1925.00
   Comments: pre/j int $-0- p...

___

12/08/2006 Judgment ▾

___

Judicial Officer
Unassigned, Judge

Judgment Type
Judgment Enforce Appellate Jgm

___

Monetary Award
   Signed Date: 12/08/2006
   Total: $926.90
   Comments: Decision of cou...

___

12/08/2006 Judgment ▾

___

Judicial Officer
Unassigned, Judge

Judgment Type
Judgment Enforce Appellate Jgm

___

Monetary Award
   Signed Date: 12/08/2006
   Total: $52.50
   Comments: Pre/j int 9% p/...

12/08/2006 Judgment ▾

Judicial Officer
Unassigned, Judge

Judgment Type
Judgment Enforce Appellate Jgm

Monetary Award
    Signed Date: 12/08/2006
    Total: $100.00
    Comments: Int simp 9% p...

12/08/2006 Judgment ▾

Judicial Officer
Unassigned, Judge

Judgment Type
Judgment Enforce Appellate Jgm

Monetary Award
    Signed Date: 12/08/2006
    Total: $1388.86
    Comments: Int simp 9% p...

12/08/2006 Judgment ▾

Judicial Officer
Unassigned, Judge

Judgment Type
Judgment Enforce Appellate Jgm

Monetary Award
    Signed Date: 12/08/2006
    Total: $269.24
    Comments: Int simp 9% p...

12/08/2006 Judgment ▾

Judicial Officer
Unassigned, Judge

Judgment Type
Judgment Enforce Appellate Jgm

Monetary Award
   Signed Date: 12/08/2006
   Total: $535.90
   Comments: Int simp 9% p...

12/08/2006 Judgment ▾

Judicial Officer
Unassigned, Judge

Judgment Type
Judgment Enforce Appellate Jgm

Monetary Award
   Signed Date: 12/08/2006
   Total: $519.42
   Comments: Int simp 9% p...

12/08/2006 Judgment ▾

Judicial Officer
Unassigned, Judge

Judgment Type
Judgment Enforce Appellate Jgm

Monetary Award
   Signed Date: 12/08/2006
   Total: $100.00
   Comments: Int simp 9% p...

## Events and Hearings

Comment: Breach of Contract, Breach of Duty of Good Faith and Fair Dealing, and Declaratory Judgment -Jury Trial Demanded- NOT SUBJECT TO ARBITRATION;

Comment: Serving Cidy Pagan, clerk w/ summons; Court Action: Served; Court Action Date: 02/24/1999;

Comment: Serving Cindy Pagan, clerk w/summons; Court Action: Served; Court Action Date: 02/24/1999;

Comment: Serving Barbra Hasler, clerk w/summons; Court Action: Served; Court Action Date: 02/24/1999;

Comment: Serving Andrew Woods, clerk w/summons; Court Action: Served; Court Action Date: 03/03/1999;

Comment: Serving Andrew Wood, clerk w/summons; Court Action: Served; Court Action Date: 03/03/1999;

Comment

Comment: serving Dave Carlson, clerk w/summons; Court Action: Served; Court Action Date: 03/23/1999;

04/20/1999 Affidavit ▼

Comment

Comment: of Steven Soha w/attachments;

04/20/1999 Affidavit ▼

Comment

Comment: of Evelyn Boss w/attachments;

04/20/1999 Order ▼

Judicial Officer
Ellis, James R

Comment

Comment: Admitting Steven Soha,Lind Stapely & Evelyn Boss PRO HAC VICE; Court Action: Signed; Court Action Date: 04/20/1999; Judge: James R Ellis;

04/20/1999 Motion - Out of State Attorney ▼

Comment

Comment: PRO HAC VICE;

04/20/1999 Affidavit ▼

Comment

Comment: of Lind Stapley w/attachments;

04/27/1999 Order - Designating Complex Case ▼

Judicial Officer
Ellis, James R

Comment

Comment: Designating complex case and assign to judge David Gernant; Room: CPX ; Time: Jan 1 1900 10:15AM; Court Action: Signed; Court Action Date: 04/27/1999; Judge: James R Ellis;

04/27/1999 Assignment - Trial Judge ▼

Judicial Officer
Gernant, David

Comment

Comment: Complex Case Pretrial= & Trial; Room: TDG ;

05/10/1999 Motion - Rule 21 ▼

Comment

Comment: Joint Motion. Oral Arguments Requested. Special Assignment to Judge David Gernant w/ attached;

05/13/1999 Order ▼

| Judicial Officer | Comment |
|---|---|
| Ellis, James R | Comment: Allow out-of-state attorneys Michael A Gevertz & Bruce J Rome; Court Action: Allowed; Court Action Date: 05/13/1999; |

05/13/1999 Motion - Out of State Attorney

05/13/1999 Affidavit - Supporting Motion ▾

Comment
Comment: of Michael A Gevertz w/attachments;

05/13/1999 Affidavit - Supporting Motion ▾

Comment
Comment: of Bruce J Rome w/attachments;

05/18/1999 Motion - Rule 21 ▾

Comment
Comment: Joinder;

05/18/1999 Other ▾

Comment
Comment: Declaration of Mailing Joint Rule 21 Motion; Defendant: INSURANCE COMPANY OF ST OF PEN

05/18/1999 Copy ▾

Comment
Comment: of Letter from Judge Gernant to atty Prange dated 5-18-99;

06/01/1999 Certificate - Service ▾

Comment
Comment: Served Motion, Affidavits & Order re: Out of State Counsel upon counsel on 5/28/99;

06/01/1999 Memorandum - Opposing Motion ▾

Comment
Comment: Rule 21 Motions;

06/01/1999 Affidavit ▾

Comment
Comment: of Joan P. Snyder In Support o of Memo In Opposition To Defs Rule 21 Motions;

06/08/1999 Reply ▾

Comment
Comment: To Ptf s Memo In Opposition To Defs Rule 21 Motions;

06/15/1999 Motion - Out of State Attorney

06/15/1999 Affidavit ▼

Comment
Comment: of Thomas M Jones w/attachments;

06/15/1999 Affidavit - Supporting Motion ▼

Comment
Comment: of Helen A Boyer w/attachemnt;

06/15/1999 Order ▼

| Judicial Officer | Comment |
| --- | --- |
| Ellis, James R | Comment: Allow Assoc of Out-of-State Cousel PRO HAC VICE;Thomas M Jones & Helen A boyer; Court Action: Allowed; Court Action Date: 06/15/1999; |

06/18/1999 Other ▼

Comment
Comment: Master Service List; Plaintiff: SCHNITZER INVESTMENT CORP

06/18/1999 Order - Court Protective ▼

| Gernant, David | Court Action: Allowed; Court Action Date: 06/18/1999; |

| Gernant, David | Comment: Case Management w/attachment; Court Action: Signed; Court Action Date: 06/29/1999; Judge: David Gernant; |

Comment: Letter to Counsel from Judge Gernant Re: letter-opinion ruling on several motions (see file);

Comment: To Certain Underwriters at Lloyd s, London Market Insuran Companies 1st Set of Requests for Admissions;

Gernant, David

Comment

Comment: Allowed in part;Denied in part w/attachments; Court Action:
Signed; Court Action Date: 09/17/1999; Judge: David Gernant;

10/07/1999 Complaint - Amended ▾

Comment
Comment: 1st Not Subj To Mand Arb;

10/20/1999 Affidavit ▾

Comment
Comment: R Lind Stapley w/attached;

10/20/1999 Motion - Summary Judgment ▾

Comment: for summ jgmt re: statute of limitations w/attached;

10/20/1999 Appearance ▾

Comment: w/notice w/attached;

10/20/1999 Motion - Rule 21 ▾

Comment: w/attached;

10/20/1999 Motion - Strike(s) ▾

Comment: against Schnitzer Investment w/attached;

10/20/1999 Letter ▾

Comment: w/attached from Kimberley Hanks office;

10/27/1999 Affidavit - Supporting Motion ▾

Comment
Comment: & motion for sanctions by Michael A. Gevertz;

10/27/1999 Answer - Affirmative Defense ▾

Comment
Comment: & counterclaim;

10/28/1999 Reply ▾

Comment: to Insurance Co of North Ameri ca affirmative defenses;

Comment: w/summons; Court Action: Mailed; Court Action Date: 10/19/1999;

Comment: Serving Leo Frasier, person in charge; Court Action: Served; Court Action Date: 10/18/1999;

Comment: to DEF 6 s motion for summary judgment re: statute of limitations; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: of Timothy Daly Smith in support of PTF s opposition to DEF 6 s motin for summary judgment re: statute of limitations w/attached;

Comment: Authorities in support of PTF s opposition to DEF 6 s motion for summary judgment re: statute of limitations w/attached; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: of Timothy Daly Smith in support of PTF s opposition to certain Underwriters at Lloyd s Londona & Certain London Market Ins.Companies Motion for Sanctions w/attach;

Comment: to certain underwriters at Lloyd;s of London & certain London Market Ins Companies motion for sanctions; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: in support re rule 21 motion w/attached; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: of Joan P Snyder of service of process;

Comment: of Sandy Dittrich;

Comment: of Timothy Daly Smith in sup- port re Rule 21 motions w/attached;

Comment: re Rule 21 motion; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: of Transportation & Continenta l Causalty RE: motion to dismiss alleged breach of duty;

Comment: in support of defs Rule 21 motions & defs motion for sanctions;

Comment: redacted version of exhibit C to affidavit of Michael A Gevertz in support of defs Rule 21 motion & defs motion for sanctions FILED UNDER SEAL; Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: CERTAIN LONDON MARKET INSURANC

Comment: of Bruce J Rone,in Support of DEFS Rule 21 Mot & DEFTS Mot for Sanctions w/attachments;

Comment: to plaintiff s opposition re statute of limitations;

Comment: supplemental of R. Lind Stap- ley w/attached;

12/10/1999 Affidavit - Supplemental ▼

Comment
Comment: of Joan P snyder re service of process re insurance claims against defs 1 & 2 w/attached;

01/24/2000 Copy ▼

Comment
Comment: (letter) from Judge Gernant dated 1/24/00 re: DEF s motion to dismiss;

01/24/2000 Letter ▼

Comment
Comment: to Judge Gernant w/attached from atty Prange;

01/26/2000 Substitution of Attorney ▼

Comment
Comment: & withdawl of Peter J Mintzer for DEF Insurance Co;

01/26/2000 Return - Service ▼

Comment
Comment: declaration of mailing notice of w/drawal of atty; Court Action: Mailed; Court Action Date: 01/24/2000;

02/03/2000 Other ▼

Comment
Comment: Defendatnt index of out-of state FEderal Authority cited in reply brief in suppo rt of motion for Summary Judgment; Defendant: CONTINENTAL CASUALTY COMPANY Defendant: TRANSPORTATION INSURANCE COMPA

02/08/2000 Motion - Summary Judgment ▼

Comment
Comment: re No Coverage for Damage to Owned Property w/attached Exhibits;

02/08/2000 Memorandum - Support Motion

02/17/2000 Order ▼

| Judicial Officer | Comment |
| --- | --- |
| Gernant, David | Comment: Granting Motion For Summary Jdgm for reasons advanced in the memorandum; Court Action: Signed; Court Action Date: 02/17/2000; Judge: David Gernant; |

02/17/2000 Order ▼

Judicial Officer

Gernant, David

Comment
Comment: RE: Defs Rule 21 Motions are Allowed, Ptf must file 2nd amended cmpt pursuant to the ORCP; Defs Motion for Sanction is DENIED; Court Action: Signed; Court Action Date: 02/17/2000; Judge: David Gernant;

02/22/2000 Motion - Judgment

02/22/2000 Other ▾

Comment
Comment: Appendix of Authorities in support of PTF s motion for entry of ORCP 67 B judgments w/attached; Plaintiff: SCHNITZER INVESTMENT CORP

02/22/2000 Motion - Summary Judgment ▾

Comment
Comment: Cross,partial re: duty to defend under primary general liability insurance policies;

02/22/2000 Memorandum - Support Motion ▾

Comment
Comment: of cross & parti re: duty to defend under primary general liability insurance policies;

02/22/2000 Affidavit - Supporting Motion ▾

Comment
Comment: cross & partial w/attached;

02/22/2000 Other ▾

Comment
Comment: joinder in def s motion for summary jgmt re no coverage for damage to owned property; Defendant: INSURANCE COMPANY OF ST OF PEN

02/22/2000 Affidavit ▾

Comment
Comment: in support of joinder;

02/22/2000 Certificate - Service ▾

Comment
Comment: served joinder on 2/18/00;

02/22/2000 Other ▾

Comment
Comment: Joinder of def s Underwriter s to defs motion for summary judgment re no coverage for damage to owned property; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

02/22/2000 Opposition ▾

Comment
Comment: PTF s oppsoition to DEF s motion for Summary Judgment RE bo coverage dor damage to owed property; Plaintiff: SCHNITZER INVESTMENT CORP

02/22/2000 Affidavit ▾

Comment
Comment: of william E Cobb in support of PTF s opposition to DEF s motion for Summary Judgment RE: No coverage for damage to owened property w/ attached copies;

02/22/2000 Affidavit ▾

Comment
Comment: of Timothy Daly Smith in opposition to DEF s motion for Summary Judgment RE No co verage for Damage to owened porperty;

02/23/2000 Motion - Compel Production ▾

Comment
Comment: documents from Transportation Insurance Comp & Continental Casualty Company w/attached;

02/23/2000 Motion - Compel Production ▾

Comment
Comment: documents from Certain Under Writers at Lloyd s of London & Certain London Market Insura Companies w/attached;

02/23/2000 Affidavit - Supporting Motion ▾

Comment
Comment: w/attached re summary judgment;

02/29/2000 Brief - Reply ▾

Comment
Comment: in support of motion for summ jgmt re: no coverage for damage to owned property; Defendant: TRANSPORTATION INSURANCE COMPA Defendant: CONTINENTAL CASUALTY COMPANY

02/29/2000 Affidavit ▾

Comment
Comment: Bruce A Gilles of Oregon Dept of Enviromental Quality;

03/06/2000 Motion ▾

Comment
Comment: for leave to file second amended complaint;



Comment: DEF s opposition to PTF s motion for entry of ORCP 67B judgments; Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: of Certain underwriters at Lloyd s London & Certain Lomdon Market Ins, co, to PTF motion to compel production of documents; Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: CERTAIN LONDON MARKET INSURANC

Comment: of Micahel Gevertz in support of oppositon of Certain uner- writers at Lloyds London & Certain London Market Ins co. to PTF s motion to compel production of documents;

Comment: to ptf s cross-motion for sum- mary judgment re duty to de- fend w/attached;

Comment: to PTF s motion to compel w/attached;

Comment: PTF s osspposition to Joinder of certain underwriters at Lloyd s London & certain london Market Ins. to DEF s motion for summary jdugment RE: No coverage for damage; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: supplementa; affidavit of william E Cobb in support ofPTF s opposition to DEF;s motion for Summary judgment Re: No coverage for damaged property;

Comment: PTf s oppositon to Isop s joinder in DEF s motion for Summay Judgment RE: No coverage for damaged property; Plaintiff: SCHNITZER INVESTMENT CORP

03/08/2000 Affidavit

03/08/2000 Affidavit ▾

Comment: of Timothy Daly Smith in support of PTF s opposition to ISOP s Joinder DEF s motion for Summary Judgment RE: No coverage for damage property;

Comment: of Michael A Gevertz In Support of Opposition to Ptf s Motion to Compel Production of Documents w/attached exhibits;

Comment: Supplemental affidavit of Bruce A Gilles of the Oregon Dept of Enviromental Quality;

Comment: of Timothy Daly in opposition Joinder of certian underwriter at Lloyd s London & Certain London Market Ins. to DEF s motion for Summary Judgment RE No coverage for damage;

Comment: DEF s Ave Ina Holding s Inc s oppositon to PTF s motion for netry of ORCP 67B judgment; Defendant: INSURANCE COMPANY OF NORTH AME

Comment: to defs objections & motion to strike exhibits to affidavit of Timothy Daly Smith & altern ative cross motion; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: supporing motion for entry of ORCP 67B judgments;

Comment: to defs objections & motion to strike portions of affidavit of William E Cobb; Plaintiff: SCHNITZER INVESTMENT CORP

03/13/2000 Memorandum - Support Motion

Comment
Comment: reply of cross motion for partial summary judgment re duty to defend under primary general liability insurance policies;

03/13/2000 Other

Comment: Appendix of authorities in support of ptf motion compel production of docs; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: in support of joinder of defs 1&2 motion summary judgment re no coverage for damage to owned property and motion to strike;

Comment: of Dorothy Fisher Atwood w/attached;

Comment: of Sandra M Morris, authenticat ing DEQ documents w/attached;

Comment: of J Mark Morford in support o f Crossmotion for partial Summary Judgment RE: duty to DEF uner primary general liab insurance policies;

Comment: the supplemental affidavits of Bruce Gilles & William Cobb as untimely;

Comment: brief in support of joinder in motion for summary jdmnt;

03/13/2000 Affidavit - Supporting Motion

03/14/2000 Reply ▾

Comment
Comment: DEF lsp s reply brief in support pf Joinder in motion for Summary Judgment RE No coverage for damage to dcas owned propc erty990202004;

03/22/2000 Opposition ▾

Comment
Comment: Certain underwriters at Llopyd London & certain London Market Insurance Co. s opposition to PTF s motion for leave to file second amended complaint; Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

03/22/2000 Judgment - Dismissal Stipulated ▼

| Judicial Officer | Comment |
|---|---|
| Gernant, David | Comment: w/prejudice w/o costs or atty fees re INAs counterclaim; Court Action: Signed; Court Action Date: 02/22/2000; ; DEF:INSURANCE COMPANY OF NORTH AME; JUD:GERNANT DAVID; PTF:SCHNITZER INVESTMENT CORP |

03/24/2000 Notice - Judgment Entry

03/24/2000 Opinion - Letter ▼

| Judicial Officer | Comment |
|---|---|
| Gernant, David | Comment: re issues remaining for immedi ate decision after 3/17/2000 court hearing on ptf motions to compel; |

03/30/2000 Reply ▼

Comment:

Comment: PTF s reply memorandum in support of PTF s motion for leave to file second amended complaint;

03/30/2000 Affidavit ▼

Comment:

Comment: of joan P Snyder in support of PTF s motion for leave ti file second amended complaint;

04/12/2000 Unclaimed Mail ▼

Comment:

Plaintiff: SCHNITZER INVESTMENT CORP

05/17/2000 Motion ▼

Comment:

Comment: to require defs 1 & 2 to answer additional requests for admission w/attached exhibit 1;

05/22/2000 Order ▼

| Judicial Officer | Comment |
|---|---|
| Gernant, David | Comment: PTF s cross Mo/partial summary judgment re: duty to defend DENIED, policy #PCCP 302-2494 PCCP 302-9422,PCCP 395-1386 PCCP 395-2672,PCCP 392-1547 CCP 03 913 5888,CCP 00 2145261; Court Action: Signed; Court Action Date: 05/19/2000; Judge: David Gernant; |

05/22/2000 Order ▼

| Judicial Officer |
|---|
| Gernant, David |

Comment: DEF s objection DENIED,PTF s c claims against policies (SEE FILE) DISMISSED w/prejudice DEF s motion GRANTED summ/jgmt; Court Action: Signed; Court Action Date: 05/19/2000; Judge: David Gernant;

Comment: re opposition to Schnitzer In- vestment Corp s motion & affi- davit in support of opposition (both are copies, attached);

Comment: A true copy thereif certiufied as addressed in the manner as follows to Certain underwriters at Lloyd s London & Certian London Market on 5/26/00 w/copies;

Comment: of Michael Gervertz in support of opposition to motion for an order to require answers to 115 additional requests for admission;

Comment: PTF s reply in support of motion to require DEF certain underwriters at lloyds of London & certain London Market ins, Co. s to answ. addit. rq. for admission;

Comment: of Joan P Snuder in support of PTF s motion to require DEF Certain underwriters at Lloyd; s of London Certain London MKT Ins. Co. s to answer additiona l request for admission;

06/08/2000 Order - File Amended Complaint ▾

Judicial Officer
Gernant, David

Comment
Comment: PTF s motion GRANTED; Court Action: Signed; Court Action Date: 06/07/2000; Judge: David Gernant;

06/08/2000 Order ▾

Judicial Officer
Gernant, David

Comment
Comment: PTF s MO/Disc.reinsurance info communications DENIED,reinsur- ancue agreements ALLOWED,reqst re:marke disc.& 200 affiliates & reserves DENIED,ALLOWED as to missing or lost policies; Court Action: Signed; Court Action Date: 06/07/2000; Judge: David Gernant;

06/08/2000 Order - Unsigned ▾



Comment: re: denying in part & allowing in part PTF s motion to compel;

Comment: 2nd breach contract;declarato ry judgment Not Subj To Mand Arb def 6 suc deleted;

Gernant, David     Comment: requiring def 1 & 2 to answer in excess of 30 requests for admission.; Court Action: Signed; Court Action Date: 06/16/2000; Judge: David Gernant;

Comment: pursuant to ORCP 37 & 39; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: Serving Sandy Dittrich w/sum- mons; Court Action: Served; Court Action Date: 06/16/2000;

Comment: Serving Terry Johnson, person in charge w/summons; Court Action: Served; Court Action Date: 06/16/2000;

Comment: Upon Lloyd of London serving Sandy Dittrich w/summons; Court Action: Served; Court Action Date: 06/16/2000;

Comment: Upon National Continental Ins Co serving Patty McGriff, per- son auth w/summons; Court Action: Served; Court Action Date: 06/16/2000;

Comment: & counterclaim to second amen- ded complaint;

Comment
Comment: of Timothy Daly Smith RE: Personally serv Michael Green- field summons & second amend- ed cmpt (Dept of Consumer & Business Serv on 6/30 Pursuant to ORS 731.434 & 746.320;

07/17/2000 Answer - Affirmative Defense ▼

Comment
Comment: and Counterclaim;

07/17/2000 Proof - Service ▼

Comment
Comment: of First Amended Answer & Counterclaim to Second Amended Complaint; Court Action: Served; Court Action Date: 07/13/2000;

07/26/2000 Answer ▼

Comment
Comment: to Counterclaim & Reply to Affirmative Defenses of DEFs 1 & 2 (w/affirmative defenses);

07/27/2000 Answer - Affirmative Defense

07/28/2000 Answer - Affirmative Defense

08/07/2000 Certificate - Service ▼

Comment
Comment: true copies of correction pages for depos of Dr Leonard Schnitzer; Court Action: Served; Court Action Date: 08/07/2000;

08/08/2000 Reply ▼

Comment
Comment: to Affirmative Defenses of Transportation Insurance and Continental Casualty Company;

08/11/2000 Order - Stipulated ▼

Judicial Officer          Comment
Gernant, David            Comment: deadline for motion to compel regarding CNA - extended from
                          8/14/00 to 8/28/00; Court Action: Signed; Court Action Date: 08/11/2000;
                          Judge: David Gernant;

08/14/2000 Answer - Affirmative Defense ▼

Comment
Comment: to 2nd amended complaint;

08/14/2000 Affidavit ▼

Comment

Comment: of Joan P Snyder in support of PTF s motion to compel production of documents from DEF 1 & 2 w/attached copies;

08/14/2000 Motion - Compel Production

Comment: from DEF 1 & 2;

Comment: Ltr from Jd.Gernant to David Prange;

Gernant, David          Comment: w/MOT to Extend deadline for PTF to reply to DEF 3s ANS GRANTED to 9/8/00; Court Action: Signed; Court Action Date: 08/31/2000; Judge: David Gernant;

Comment: to affirmative defenses of The insurance Co. of the state of Pennyslvania;

Comment: Oppositions and affidavits by mail; Court Action: Mailed; Court Action Date: 09/07/2000;

Comment: to Schnitzer s motion to compel production of documents; Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Bruce J Rome in Support of Opposition to Ptf s motion to comel production of documents w/attached;

Comment: David Debond in Support of Opposition to ptf s motion to compel production of documents;

09/15/2000 Motion - File Amended Complaint

Comment: third w/attached;

Comment: to Schnitzer s motion for leave to file third amended compalint; Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: CERTAIN LONDON MARKET INSURANC

Comment: of David DeBond in support of opposition to PTF s motion to compel production of documents;

Comment: in support of motion for ;eave to file thir amended complaint;

Gernant, David

Comment: w/motion & affidavit for commi ssion to take out of state deposition of George Bosley commission issued & effective 28 days from signing by clerk w/exhibits 1 2 3; Court Action: Signed; Court Action Date: 10/04/2000; Judge: David Gernant;

Gernant, David

Comment: w/motion & affidavit for commi ssion to take out of state deposition of John Meulemans; commission issued & effective 28 days from signing by clerk w/exhibits 1 2 3; Court Action: Signed; Court Action Date: 10/04/2000; Judge: David Gernant;

Comment: to ptf s 3rd amended complaint;

Gernant, David

Comment: granting ptf motion file 3rd amended complaint; Court Action: Granted; Court Action Date: 10/12/2000;

Gernant, David

Comment: re amendments to case managemt order; Court Action: Signed; Court Action Date: 09/11/2000; Judge: David Gernant;

Comment: to affirmative defenses of Transporation Insurance co. & Coninential Casualty;

Comment: truce copies of corrected pages for deposition of Eugene Velman on 9/16/00;

Comment: Duces Tecum of Sprague Israel Giles Inc RE: Continental Casyalty Insurance Policies;
Plaintiff: SCHNITZER INVESTMENT CORP

Comment: of Roger Flodin Pursuant to ORCP 37 & 39 w/attached (marked s exhibit 1); Plaintiff:
SCHNITZER INVESTMENT CORP

Comment: Tecum of CNA Insurance Company Pursuant to ORCP 39C(6) RE: Continental
Casualty Insurance Policies; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: of Joan P. Snyder In Support of Motion For Commission To Take Out of State
Depositions of Roger Flodin Sprague Israel Giles & CNA Insurance Company w/attached;

11/01/2000 Motion - Summary Judgment ▾

Comment
Comment: of defs 4 & 5 on allegedly lost policies w/attached;

11/01/2000 Affidavit - Counsel ▾

Comment
Comment: of Scott T Schauermann in supp of def 4 & 5s motion for summ jgm on allegedly lost
policies;

11/01/2000 Affidavit - Supporting Motion ▾

Comment
Comment: of Michele Mehl re motion for summary judgment: alleged but missing policy;

11/01/2000 Stipulation ▾

Comment
Comment: to agreed facts re def s mo- tion for summary judgment;

11/01/2000 Motion - Summary Judgment ▾

Comment
Comment: re alleged but missing policy;

11/01/2000 Affidavit - Supporting Motion ▾

Comment
Comment: of Helen Boyer supporting mo- tion for summary judgment re alleged but missing policy;

11/01/2000 Motion - Summary Judgment ▾

Comment
Comment: re lack of proof of insurance;

11/01/2000 Affidavit - Supporting Motion ▾

Comment
Comment: by attorney Everett Jack;

11/01/2000 Copy ▾

Comment
Comment: Affidavit of Julio Velez in support of the motion for summary judgment w/certificate of mailing; Defendant: PHOENIX INSURANCE COMPANY

11/01/2000 Motion - Summary Judgment ▾

Comment
Comment: CONFIDENTIAL FILED UNDER SEAL;

11/01/2000 Affidavit ▾

Comment
Comment: of Michael Gevertz in support of motion for summary judgment;

11/01/2000 Other ▾

Comment
Comment: Appendix of out-of-state authorities in support of mo- tion for summary judgment re alleged missin policies; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

11/01/2000 Motion - Summary Judgment ▾

Comment
Comment: re additional insurances sub- ject to the court s May 24,00 owned property order;

11/01/2000 Proof - Service ▾

Comment

Comment: affidavit from employee re Fed Express of documents; Court Action: Served; Court Action Date: 10/31/2000;

11/01/2000 Other ▾

Comment

Comment: Appendix of out-of-state authorities in support of mo- tion for summary judgment re failure to exhaust primary layer of insurance;

11/01/2000 Motion - Summary Judgment ▾

Comment: re alleged missing policies;

Comment: of Bruce Rome in support of summary judgment re failure to exhaust primary layer of in- surance-CONFIDENTIAL--FILED UNDER SEAL;

Comment: appendix of out-state autjorities in support of underwriter s motion for Sumary Judgment re: alleged missing policies w/ attachments;

Comment: to PTF s motion for out-of state depositions of Roger Flodin, Sprague Israe. Giles, & Cna Insurance Company; Defendant: CONTINENTAL CASUALTY COMPANY Defendant: TRANSPORTATION INSURANCE COMPA

Comment: of Scott Y Schauermann in support of Transportation Insurance Co. & Contiential Casualty Co. s opposition to PTF s motion for out of state deposition;

Comment: of Michelle Mehl in support of motion for Summary Judgment RE: Alleged but missing policy;

Gernant, David

Comment: w/motion & affidavit to take out of state depo of Roger Flodin & in effect for 28 days from signing; Court Action: Signed; Court Action Date: 11/07/2000; Judge: David Gernant;

Comment: (supplemental) of Julio Velez in support of motion for Summary Judgment of the Phoenix Insurance Co.;

Comment: Of Julio Velez in support of motion for Summary Judgment of the Phoenix Insurance Co.;

Comment: to Third Amended Complaint;

GALTON, SIDNEY A

Comment: denying ptf motion compel against Certain Underwriters At Lloyds & London and Certain London Market Insurance Co; Court Action: Denied; Court Action Date: 11/22/2000;

Comment: to counterclaim & reply to affirmative defenses of certain Underwriters at Lloyd s London & Certain London Market Insurance Companies;

Comment: upon written questions of Roger Flodin direct questions;

Comment: to wrtiiten questions of DEF Continetial Casualty Co. & Transportation insurance Co. to Roger Flodin;

12/08/2000 Motion - Compel Production ▼

Comment
Comment: from Phoenix Ins Co;

12/08/2000 Affidavit - Counsel ▼

Comment
Comment: in support of ptf s motion to compel production from Phoenix Ins Co;

Comment: in opposition to defs motions for summary judgment;

Comment: of Charles A Ford in opposi- tion to defs motions for summary judgment;

Comment: (ptf s consolidated) to defs motions for summary judgment re owned property; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: (ptf s consolidated) to defs motions for summary judgment re: lost policies; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: of Tom Zelenda Filed Under Seal pursuant to protective order;

Comment: Filed under seal re opposition of motion for summary jdgmnt; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: Appendix of out-of-state & lo- cal authorities in ptf s oppo- sition for summary jdgmnt; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: of Timothy Daly Smith in oppo- sition to defs motions for summary judgmnet re lost poli- cies;

Comment: affidavit of Ian Pelham in support of ptf s consolidated opposition to defs motions for summary jgmnt re lost pol- icies; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: of Ross Rieke in opposition to defs motion for summary judg- ment;

Comment: of William Bryan in support of ptfs consolidated opposition to defs motions for summary judgment re lost policies;

Comment: of Joan Snyder in support of ptf s opposition to motion for summary judgment re failure to exhaust primary layer of ins;

Comment: ORSP 47E affidavit of Joan P Snyder in opposition to sum- mary judgment re lost policies owned property & exhaustion;

Comment: of Leonard Silver in opposi- tion to defs motions for sum- mary judgment re lost policies;

Comment: of David Nightingale in sup- port of ptf s consolidated opposition to defs motions for summary jdgmt re lost policies;

Comment: of Ian Pelham in support of ptf s consolidated opposition to defs motions for summ jgmt re: lost policies w/attached;

Comment: appendix of out-of-state authorities in ptfs opposition to Certain Underwriters at Lloyds, London & Certain London Market Insurance Companies motion for summ..w/; Plaintiff: SCHNITZER INVESTMENT CORP

Comment: Third Amended; Breach of Contract and Declaratory JGM; NOT SUBJECT TO MANDATORY ARBITRATION; INAC DEF 6 ADDED DEF 8;

Comment: to ptfs opposition to motion for summ jgm re: owned prop- erty;

Comment: In Support of Motion For Summary Judgment RE: Schnitzer Failure To Exhaust Primary Layer of Insurance; Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: In Support of Motion For Summary Jdgm RE: Alleged Missing Policies w/attached; Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: CERTAIN LONDON MARKET INSURANC

Comment: Motion To For Summary Judgment Re: Additional Insurances Sub- ject To The Court s May 24, 2000 Owned Property Order; Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Supplemental; Appendix of Out of State Authorities In Support of Reply of Motion For Summary Jgm RE: Schnitzer Failure To Exhaust Primary Layer of Insurance w/attached; Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: CERTAIN LONDON MARKET INSURANC

Comment: Appendix of Out of State Authoritites In Support of Motion For Summary Jdgm RE: Alleged Missing Policies w/attached; Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Serv reply briefs & motions by Federal Express on 12/21/00;

Comment: In Support of Motion For Summary Jdgm RE: Alleged But Missing Policy; Defendant: INSURANCE COMPANY OF ST OF PEN

12/22/2000 Affidavit ▾

Comment

Comment: Second; of Heleln A. Boyer In Support of Motion For Summary Jdgm RE: Alleged But Missing Policy w/attached;

12/22/2000 Certificate - Service ▾

Comment

Comment: Served def s Affidavit & Reply Brief on 12/21/00;

12/22/2000 Brief - Reply ▾

Comment

Comment: in supp of its motion for summ jgm re lack of proof of insurance; Defendant: PHOENIX INSURANCE COMPANY

12/22/2000 Memorandum - Opposing Motion ▾

Comment: to ptfs motion to comp prod of docs fr def 7 w/attached;

12/22/2000 Reply ▾

Comment: to ptfs opposition to mot for summ jgm re: lost policies;

12/22/2000 Affidavit - Counsel ▾

Comment: of Scott T Schauermann in supp of defs 4 & 5s reply to ptfs opposition to motion for summ jgm re: lost policies w/attchd;

12/22/2000 Affidavit ▾

Comment: of Kevin Stephens in support of PTF s consolidated opposito to DEF s motios for Summary Judgment re: Lost policies w/attached;

12/22/2000 Affidavit ▾

Comment: of Julio Belez in support of memorandum in opposition to motion to compel production of documents from the Phoenix Insurance co,;

12/22/2000 Reply ▾

Comment: in support of motion to compel production of documents from Phoenix Insurance Co.;

01/29/2001 Answer - Affirmative Defense ▾

Comment

Comment: to 3rd amended complaint;

01/29/2001 Certificate - Mailing

01/31/2001 Hearing - Summary Judgment ▾

9:00 AM

Est length of time: 3 Hour(s)

Comment: to affiramtive defenses of the insurance company of the state of Pennsylvania;

Gernant, David | Comment: substitution of atty Hollis K McMilan of Farleigh Wada & Witt PC; Court Action: Signed; Court Action Date: 02/13/2001; Judge: David Gernant;

Gernant, David | Comment: Motion for Summary JGM re Alleged But Missing Policy; Court Action: Signed; Court Action Date: 03/12/2001; Judge: David Gernant;

Gernant, David | Comment: Granting Motion for Summary JGM re Schnitzer s Failure to Exhaust Primary Layer of Insurance; Court Action: Signed; Court Action Date: 03/12/2001; Judge: David Gernant;

Gernant, David | Comment: Granting Motion for Summary JGM re Alleged Missing Policies; Court Action: Signed; Court Action Date: 03/12/2001; Judge: David Gernant;

Gernant, David | Comment: Granting Motion for Summary JGM re Additional Insurances Subject to the Court s May 24 2000 Owned Property Order; Court Action: Signed; Court Action Date: 03/12/2001; Judge: David Gernant;

Gernant, David    Comment: on Ptf s Motion to Compel Production of Documents from the Phoenix Insurance Company; Motion is DENIED; Court Action: Signed; Court Action Date: 03/12/2001; Judge: David Gernant;

Gernant, David    Comment: Granting Motion for Summary JGM re Lack of Proof of Insurance; Court Action: Signed; Court Action Date: 03/12/2001; Judge: David Gernant;

Gernant, David    Comment: Granting Motion for Summary JGM re Allegedly Lost Policies; Court Action: Signed; Court Action Date: 03/12/2001; Judge: David Gernant;

Gernant, David    Comment: Granting Motion for Summary JGM re Owned Property w/attached; Court Action: Signed; Court Action Date: 03/12/2001; Judge: David Gernant;

Comment: $385;

Comment: out of state w/attached;

Comment: of Hollis K McMilan in support of Certain Underwriters at Lloyds London & Certain London Market Insurance Companies Motion for admission of out of state counsel;

Comment: of Belenette A Belen in support of Certain Underwriter at Lloyd s London Motion to associate out of state counsel w/attached;

03/26/2001 Order ▾

| Judicial Officer | Comment |
| --- | --- |
| Ellis, James R | Comment: on motion for admission of out of state counsel Belenette A Belen; Court Action: Signed; Court Action Date: 03/26/2001; Judge: James R Ellis; |

05/08/2001 Statement - Attorney Fees ▾

Comment: Costs and Disbursements (FILED UNDER SEAL);

Comment: of David Debond in Support of Statement Fees, Costs & Disbursements (FILED UNDER SEAL);

Comment: of Michael A Gevertz in Support of Statement of Atty s Fees, Costs and Disbursements (FILED UNDER SEAL);

Comment: in Support of Statement of Atty Fees, Costs and Disbursements (FILED UNDER SEAL);

Gernant, David     Comment: deadline for PTF to file objection to atty fee petition is extended from 5/23/01 to 5/ 31/01; Court Action: Signed; Court Action Date: 05/16/2001; Judge: David Gernant;

Comment: of David Debond in support of Underwriters of LLoyds & Certain London Market Ins Co statements of atty fees & cost FILED UNDER SEAL;

Comment: to Certain Underwriters at Lloyd s London & Certain London market Ins. Co, statement of atty fees,costs & disb. (FILED UNDER SEAL);

Comment
Comment: of Joan P Snyder in support of PTF s objection to Certain Underwriters at Lloyd s London & Certain London Market Ins Co state of atty fees, costs & disb. (FILED UNDER SEAL);

06/14/2001 Response ▾

Comment
Comment: to underwriters statement of atty fees, costs & disb;

06/14/2001 Affidavit - Supporting Motion ▾

Comment
Comment: of statement of atty fees, costs & disb of Bruce J Rome w/attached;

06/14/2001 Certificate - Service ▾

Comment
Comment: of statement of atty fees, costs & disb. & response; Court Action: Mailed; Court Action Date: 06/14/2001;

07/03/2001 Statement - Attorney Fees ▾

Comment
Comment: costs & disb. (FILED UNDER SEAL );

07/20/2001 Memorandum ▾

Comment
Comment: supplemental in response to court s request;

10/08/2001 Order ▾

Judicial Officer          Comment
Gernant, David            Comment: Underwriters atty fee request DENIED; Court Action: Signed; Court Action Date: 10/08/2001; Judge: David Gernant;

11/02/2001 Closed

11/02/2001 Judgment - Summary ▾

Judicial Officer          Comment
Gernant, David            Comment: favor defs against ptf on directed verdict disposing of all claims;dismissing defs w/prejudice & w/costs; Court Action: Signed; Court Action Date: 11/01/2001; ; JUD:GERNANT DAVID

11/09/2001 Notice - Judgment Entry

11/30/2001 Notice - Appeal ▾

Comment
Comment: designating record 11/8/01 by Judge David Gernant;

Comment: of notice to reporter/transcri ber re transcript due date 12/31/01;

Comment: of amended designation of record;

Comment: & designation of record 10/10/ 01 & 11/8/01 order deny atty fees & judgment;
Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: CERTAIN LONDON MARKET
INSURANC

Comment: undertaking on appeal stipulated;

Comment: of undertaking on appeal & cross appeal;stipulated;

Comment: undertaking on appeal stipulated;

Comment: undertaking on appeal stipulated;

Comment: undertaking on appeal stipulated;

Comment: 3/17/00 hearing before Judge David Gernant;

Comment: of filing w/proof of service;

Comment: re 1/31/01 matter before Judge David Gernant /s/ Barbara Shipp;

Comment: of filing w/proof of service;

Comment: 2nd amended of notice to reporter/transcriber re appeal court due date for transcript 6/28/02;

Comment: re 7/20/01 matter before Judge David Gernant /s/ Charlotte A Powers RPR CSR;

Comment: of filing w/proof of service;

Comment: re 6/15/99 hearing before Judge David Gernant on rule 21 motion /s/ Linda M Wright court rep;

Comment: on 1/14/00 hearing before Judge David Gernant on 1/14/00 motions /s/ Linda M Wright court rep;

Comment: re 10/4/00 hearing before Judge David Gernant re 10/4/00 on motions /s/ Linda M Wright court rep;

Comment: re 10/12/00 hearing before Judge David Gernant for motion /s/ Linda M Wright;

Comment
Comment: of filing & proof of service on 4 transcripts on appeal;

08/14/2002 Copy ▼

Comment
Comment: Motion for extension of time to correct or add to transcrpt on appeal filed by defs Underwriters in appeals court case #CAA116662;

12/16/2002 Notice ▼

Comment
Comment: change of address for Wash St attys Steven P Soha/R Lind Stapley of Soha & Lang PS for def ACE INA Holdings 701 Fifth Ave Ste 2400 Seattle WA 98104;

12/08/2006 Miscellaneous ▼

Comment
Comment: returned COA - A116662 38 files & exhibits;

12/08/2006 Order - Affirming on Appeal

12/08/2006 Order - Remand on Appeal ▼

Comment
Comment: & reversed on ptf duty to defend claim against defs Transportation Insurance Co and Continental Casualy Co;

12/08/2006 Remove - Inactive Status

12/08/2006 Judgment - Enforce Appellate ▼

Comment
Comment: CAA116662/SCS52422 & suppl judgment w/eight money awards; costs allowed (see judgment comments) effective date 11/9/06 w/Money Award #1 (CONTINUE); Event Status: Satisfied; Event Status Date: 11/02/2007;

12/08/2006 Judgment - Enforce Appellate ▼

Comment
Comment: CAA116662/SCS52422 & suppl judgment w/Money Award #2 (CONTINUE); Event Status: Satisfied; Event Status Date: 11/02/2007;

12/08/2006 Judgment - Enforce Appellate ▼

Comment
Comment: CAA116662/SCS52422 w/suppl judgment w/Money Award #3 (CONTINUE);

12/08/2006 Judgment - Enforce Appellate ▼

Comment
Comment: CAA116662/SCS52422 w/suppl judgment w/Money Award #4 (CONTINUE); Event
Status: Satisfied; Event Status Date: 11/02/2007;

12/08/2006 Judgment - Enforce Appellate ▼

Comment
Comment: CAA116662;SCS52422 w/suppl judgment w/Money Award #5 (CONTINUE); Event
Status: Satisfied; Event Status Date: 11/02/2007;

12/08/2006 Judgment - Enforce Appellate ▼

Comment
Comment: CAA116662;SCS52422 w/suppl judgment w/Money Award #6 (CONTINUE); Event
Status: Satisfied; Event Status Date: 11/02/2007;

12/08/2006 Judgment - Enforce Appellate ▼

Comment
Comment: CAA116662;SCS52422 w/suppl judgment w/Money Award #7 (CONTINUE); Event
Status: Satisfied; Event Status Date: 11/02/2007;

12/08/2006 Judgment - Enforce Appellate ▼

Comment
Comment: CAA116662;SCS52422 w/suppl judgment w/Money Award #8 w/attached copy
supreme court opinion;

12/08/2006 Reinstated ▼

Comment
Room: REIN;

12/08/2006 Reinstated

12/21/2006 Notice - Judgment Entry

12/21/2006 Notice - Judgment Entry

12/21/2006 Notice - Judgment Entry

12/21/2006 Notice - Judgment Entry

12/21/2006 Notice - Judgment Entry

12/21/2006 Notice - Judgment Entry

12/21/2006 Notice - Judgment Entry

12/21/2006 Notice - Judgment Entry

01/02/2007 Case Notes ▾

Comment
Comment: Order Staying case; Room: XDSM; Event Status: Cancelled;

02/02/2007 Order ▾

Judicial Officer          Comment
Bearden, Frank L          Comment: stipulated -extending dismissal deadline for case inactivity
                          upon reinstatement from 2/8/07 to 4/2/07; Room: REIN; Court Action:
                          Signed; Court Action Date: 02/02/2007; Judge: Frank L Bearden;

10/11/2007 Notice - Dismiss Want Prosecution ▾

Comment
Comment: Extension expired 4/2/07; No General Judgment Submitted; Room: XDSM; Event
Status: Cancelled;

10/11/2007 Notice - Printed

Comment: of notice of withdrawal & substitution of atty that Peter J Mintzer is hereby substituted as
atty of record for def Insurance company of the State of Pennslyvania; Privately Retained: CURT H
FEIG Privately Retained: PETER J MINTZER

Comment: of notice of substitution of counsel on ptf 102907;

Comment: FULL;

Comment: FULL;

Comment: FULL;

Comment: FULL;

Comment: FULL;

Comment: FULL;

KOCH, DALE R    Comment: stipulated to extend stay to 2/2/08; Court Action: Signed;
Court Action Date: 10/31/2007; Judge: DALE R KOCH;

Comment: FULL (Defs 4 & 5 are jgm debtors);

Maurer, Jean Kerr    Comment: 2nd - stipulated to extend stay to 3/10/08; Court Action:
Signed; Court Action Date: 02/13/2008; Judge: Jean Kerr Maurer;

Comment: Order extending stay to 3/10/08;

Bearden, Frank L    Comment: stipulated to extend stay til 6/16/08; Court Action: Signed;
Court Action Date: 04/17/2008; Judge: Frank L Bearden;

Comment: Order extending stay; Room: XDSM;

Maurer, Jean Kerr    Comment: remove stay & set trial date in regular course w/attached;
Court Action: Signed; Court Action Date: 06/19/2008; Judge: Jean Kerr
Maurer;

06/19/2008 Remove - Inactive Status

06/24/2008 Notice - Printed

07/18/2008 Order - Postponement ▼

Judicial Officer
Maurer, Jean Kerr

Comment
Comment: w/motion GRANTED to 11/12/08; Court Action: Signed; Court Action Date: 07/18/2008; Judge: Jean Kerr Maurer;

07/23/2008 Notice - Printed

07/25/2008 Call - Civil ▼

Hearing Time
9:00 AM

Cancel Reason
Set-Over Def

Result
Set-Over

Comment
Comment: REINSTATED 6/20/08 -; Event Status: Set-Over Def; Event Status Date: 07/22/2008;

10/23/2008 Notice - Dismissal Pending Settlement ▼

Comment
Comment: action reported settled by ptf counsel; Room: XDSM; Event Status: Cancelled; Event Status Date: 06/17/2009;

10/31/2008 Notice - Printed

11/10/2008 Call - Civil ▼

Hearing Time
9:00 AM

Cancel Reason
Settled

Result
Settled

Comment
Comment: REINSTATED 6/20/08 SETTLED per ptf atty Snyder Reason for this call setting Both parties agree -setlement pending ( 3 ) Jury; Event Status: Settled; Event Status Date: 10/23/2008;

12/12/2008 Notice - Dismissal ▼

Comment
Comment: Transportation Insurance Co & Continental Casualty Co;

06/17/2009 Closed

06/17/2009 Judgment - General Dismissal ▼

| Judicial Officer | Comment |
|---|---|
| Maurer, Jean Kerr | Comment: Pursuant to ORCP 54 B; Court Action: Signed; Court Action Date: 06/17/2009; ; JUD:MAURER_ JEAN_ K. |

06/18/2009 Notice - Judgment Entry

## Financial

| CERTAIN LONDON MARKET INSURANC | | | |
|---|---|---|---|
| Total Financial Assessment | | | $135.00 |
| Total Payments and Credits | | | $135.00 |
| 10/26/1999 | Transaction Assessment | | $135.00 |
| 10/26/1999 | Counter Payment | Receipt # 2835097 | CERTAIN LONDON MARKET INSURANC | ($135.00) |

| INSURANCE COMPANY OF ST OF PEN | | | |
|---|---|---|---|
| Total Financial Assessment | | | $135.00 |
| Total Payments and Credits | | | $135.00 |
| 5/18/1999 | Transaction Assessment | | $135.00 |
| 5/18/1999 | Counter Payment | Receipt # 2795550 | INSURANCE COMPANY OF ST OF PEN | ($135.00) |

| PHOENIX INSURANCE COMPANY | | | |
|---|---|---|---|
| Total Financial Assessment | | | $135.00 |
| Total Payments and Credits | | | $135.00 |
| 7/31/2000 | Transaction Assessment | | $135.00 |
| 7/31/2000 | Counter Payment | Receipt # 3037240 | PHOENIX INSURANCE COMPANY | ($135.00) |

| SCHNITZER INVESTMENT CORP | | | |
|---|---|---|---|
| Total Financial Assessment | | | $167.00 |
| Total Payments and Credits | | | $167.00 |

| 2/23/1999 | Transaction Assessment | | | $167.00 |
|-----------|------------------------|---|---|---------|
| 2/23/1999 | Counter Payment | Receipt # 2774303 | SCHNITZER INVESTMENT CORP | ($167.00) |

# Exhibit L

## Case Information

920503083 | CASCADE CORPORATION VS. AMERICAN HOME ASSURANCE CO

| Case Number | Court | File Date |
|---|---|---|
| 920503083 | MUL Civil | 05/07/1992 |
| Case Type | Case Status | |
| Declaratory Judgment | Closed | |

## Party

| Plaintiff | Active Attorneys ▾ |
|---|---|
| CASCADE CORPORATION | Attorney<br>SCHWARTZ, JACK B<br>Retained |
| | Attorney<br>GORDON, THOMAS A<br>Retained |
| | Attorney<br>NEWCOMB, VERNE W<br>Retained |
| | Lead Attorney<br>POPE, RICK<br>Retained |

Defendant                    Active Attorneys ▾
AMERICAN STAR INS CO         Lead Attorney
                             FRANCIS, MICHAEL J
                             Retained

Defendant                    Active Attorneys ▾
EMPLOYERS REINSURANCE CORP   Lead Attorney
                             HILL, JEFFREY V
                             Retained

## Disposition Events

08/17/1999 Judgment ▾

Judicial Officer
Unassigned, Judge

Judgment Type
Judgment

Monetary Award
    Signed Date: 08/17/1999
    Total: $18939.28
    Comments: PREjgmnt int $...

11/30/1993 Judgment ▾

Judicial Officer
Ellis, James R



Judgment Type
Judgment

04/08/2002 Judgment ▾

Judgment Type
Judgment - Money

## Events and Hearings

ORIGINAL Complaint -

Comment: Breach of Contact;Negligent; Inspection;Violation of Ins. Trade Practices Act;Sale of Defective Product;Breach of Warranty of Uniformity;Failure to Warn Reformation DOES 1-20;

RECEIVED Proof - Service -

Comment: w/summons-office service on 5/8/92 on Tami Leonard for Miles Sweeney registered agent;

RECEIVED Proof - Service -

Comment: w/summons-office service on 5/8/92 on Mary Banwart for Jerry Packman registered agent;

RECEIVED Proof - Service -

Comment: w/summons c/o of John Winborne 5/8/92 registered agent;

RECEIVED Proof - Service -

Comment: w/summons c/o Atlanta Group office service on Tracy Tucker 5/8/92;

Comment: w/summons c/o Phil Keisling office service 5/8/92 on Rachel Gamroth for Phil Keisling secretary of state;

Comment: w/summons-office service on Robert Teeter claims supervisr 5/8/92 for Robert T Bailey registered agent;

Comment: 5/14/92 re Sphere Ins Co Ltd c/o Phil Keisling secretary of state;

Comment: w/summons-office service 5/8/92 on Mary Banwart for Jerry Packman registered agent;

Comment: w/summons-office service 5/8/92 on Annie Hill for Barbara Casteel reg agent;

Comment: w/summons-office service on 5/8/92 on Mary Lee Harris for James M Callahan registered agent;

Comment: w/summons-office service on 5/8/92 on Pam Allen for Pamela S Allen registered agent;

Comment: w/summons-office service 5/8/92 on Colleen Reeves for David Smith registered agent;

Comment: w/summons-office service on 5/8/92 on Mary Banwart for Jerry Packman registered agent;

06/25/1992 Proof - Service ▾

Comment
Comment: w/summons-office service 5/8/92 on Annie Hill for Jack Plumb registered agent to def 7 c/o Park Ave NY;

06/25/1992 Proof - Service ▾

Comment
Comment: w/summons-office service on 5/8/92 on Ralph Jackson exec vice president c/o Rathbone King & Seeley;

08/19/1992 Notice - Rule 7 - 91 Day

08/21/1992 Motion - Disqualify Judge ▾

Comment
Comment: Judge Lee Johnson;

08/21/1992 Affidavit ▾

Comment
Comment: of Gerald M. Bitz In Support of Motion To Disqualify Judge;

08/21/1992 Motion - Disqualify Judge ▾

Comment
Comment: Judge William C. Snouffer;

08/21/1992 Affidavit ▾

Comment
Comment: of Richard S. Pope In Support of Motion To Disqualify Judge;

08/25/1992 Order - Changing Judge ▾

| Judicial Officer | Comment |
| --- | --- |
| LONDER, DONALD H | Comment: disqualifyng Judge Lee Johnson; Room: TLXJ; Court Action: Allowed; Court Action Date: 08/24/1992; |

08/25/1992 Order - Changing Judge ▾

| Judicial Officer | Comment |
| --- | --- |
| LONDER, DONALD H | Comment: disqualifying Judge William C Snouffer; Room: TWCS; Court Action: Allowed; Court Action Date: 08/24/1992; |

09/14/1992 Order ▾

Abraham, Phillip T       Comment: Designating Complex Case & Assign to Judge James R Ellis;
                         Room: CPX ; Time: 9:05AM; Court Action: Signed; Court Action Date:
                         09/14/1992; Event Status: Cancelled; Judge: Phillip T Abraham;

09/16/1992 Assignment - Trial Judge ▾

Ellis, James R           Comment: COMPLEX CASE-PRE TRIAL & TRIAL; Room: TJRE; Event
                         Status: Cancelled;

09/16/1992 Copy ▾

Comment: of letter from Judge Abraham dated 9/15/92 re reassigning to Judge James Ellis;

09/17/1992 Order - Continue ▾

Abraham, Phillip T       Room: XCNT; Court Action: Signed; Court Action Date: 09/17/1992;
                         Judge: Phillip T Abraham;

09/17/1992 Motion ▾

Comment: to Associate Patrick Michael Shine as counsel for Def Fire- man s Fund Ins Co;

09/30/1992 Affidavit - Supporting Motion ▾

Comment
Comment: to associate counsel of Pat- rick Michael Shine for Def 4 by William G Earle, counsel for
Firemans Fund Ins Co, with attached;

09/30/1992 Order ▾

Judicial Officer        Comment
Ellis, James R          Comment: Patrick M Shine ALLOWED to practice as assoc counsel on
                        behalf of Firemans Fund Ins Co; Court Action: Signed; Court Action
                        Date: 09/29/1992; Judge: James R Ellis;

09/30/1992 Letter ▾

Comment
Comment: to Ms Byhre from Richard Pope dated 9/25/92 w/attached list- ing add l counsel for Ptf;

10/16/1992 Motion - Consolidate Cases

10/16/1992 Affidavit ▾

Comment

Comment: Beth Skillern;

10/23/1992 Order ▼

Ellis, James R

Comment: GRANTING DEF 1,5,9 s motion to associate out of state
counsel M Elizabeth Medaglia,Timothy R Dingilian & John A Bonello
GRANTED; Court Action: Signed; Court Action Date: 10/16/1992; Judge:
James R Ellis;

11/02/1992 Certificate - Service ▼

Comment:

Comment: motion to consolidate w/affidavit on 10/30/92;

11/02/1992 Motion ▼

Comment:

Comment: for association of out of state counsel of Cathy Lynn Croshaw from Sate of Calif.
w/attached;

11/02/1992 Order ▼

Comment:

Comment: GRANTING DEF 3 s motion to associate counsel of Cathy L Croshaw;

11/10/1992 Motion - Rule 21 ▼

Comment:

Comment: against Complaint Re: Certain Underwriters At Lloyd s London & London Markets
Insurance Co.;

11/10/1992 Memorandum - Support Motion ▼

Comment

Comment: Against Complaint Re: Certain Underwriters at Lloyd s London & London Markets
Insurance Companies w/attached;

11/10/1992 Motion - Rule 21 ▼

Comment

Comment: against complaint;

11/10/1992 Memorandum - Support Motion ▼

Comment

Comment: Against Complaint w/attached;

11/10/1992 Motion - Rule 21 ▼

Comment

Comment: against complaint;

11/13/1992 Affidavit - Supporting Motion ▼

Comment

Comment: Rule 21 by Ernest Alfred Moore indiv & on behalf of Underwri- ters @ Lloyd s;

11/13/1992 Affidavit - Supporting Motion ▼

Comment: Rule 21 filed on behalf of Underwriters @ Lloyds by Kath- leen B Browne, atty;

Comment: to Circuit Court Clerk from Karen Saul Stayer, 11/17/92 re: Calif co-counsel inadvert- ently omitted from signature pages when Rule 21 Motions filed (attached);

Comment: upon Harry Kendall Jr, Agent for Lloyds, London & London on 11/19/92 re: ins policy #L45470;

Comment: upon Harry Kendall Jr, Agent for Lloyds, London & London on 11/19/92 re: ins policy #L34894;

Comment: upon Harry Kendall Jr, Agent for Lloyds, London & London on 11/19/92 re: ins policy #L45471;

Comment: upon Harry Kendall Jr, Agent for Lloyds, London & London on 11/19/92 re: ins policy #L31205;

Comment: upon Harry Kendall Jr, Agent for Lloyds, London & London on 11/19/92 re: ins policy #L34895;

Comment: upon Harry Kendall Jr, Agent for Lloyds, London & London on 11/19/92 re: ins policy #L38102;

Comment: upon Harry Kendall Jr, Agent for Lloyds, London & London on 11/19/92 re: ins policy #L38101;

Comment: upon Harry Kendall Jr, Agent for Lloyds, London & London on 11/19/92 re: ins policy #LRC3390;

Comment: upon Harry Kendall Jr, Agent for Lloyds, London & London on 11/19/92 re: ins policy #LRC3391;

Comment: to Rule 21 Motions of Certain Underwriters @ Lloyds, London; w/attached exhibits;

Comment: of Harry C. Kendall Jr. w/attached;

Ellis, James R          Comment: STIPULATED, Ptf agrees not to dimiss entire lawsuit til Defs have opportunity to answr/file counterclaims & Def 11 t/b dis missed aft this happens; Def11 dismissed in case #920402733; Court Action: Signed; Court Action Date: 12/03/1992; Judge: James R Ellis;

Ellis, James R          Comment: to associate Eugene R Anderson and Robert M Horkovich as for- eign counsel for Ptf; Court Action: Signed; Court Action Date: 12/03/1992; Judge: James R Ellis;

Comment: to DEF s joint Rule 21 motions Volume 1 of 2 (exhibits);

Comment: to DEF S joint Rule 21 motions Volume 2 of 2 (exhibits);

Comment: to Defs Joint Rule 21 Motions;

Comment: to DEF S Joint Rule 21 motion w/attached;

Comment: To Allow Association of Out-of -State Counsel & Oral Argument by Counsel Michael A. Gevertz to appear on behalf of moving parties Underwriters at Lloyds;

Ellis, James R　　　　　Comment: Allowing Association of Out-of State Counsel of Michael A. Gevertz to associate with Underwriters of Lloyds; Court Action: Signed; Court Action Date: 12/09/1992; Judge: James R Ellis;

Comment: Memorandum In Support of Rule 21 Motions;

Comment: exhibits filed w/PTF S response to DEF S joint R-21 motions;

Comment: in support of Defs joint Motion to Strike paragraphs 25-62 and 64-84 from Ptf s Complaint, w/attached exhibits;

Comment: Joint, & memorandum in support of Rule 21 Motions;

Comment: Paul D Nelson of OR State Bar & Michael A Gevertz of the CA State Bar allowed to appear on behalf/Underwriters @ Lloyds in assoc w/F Scott Farleigh & Karen Saul Stayer (w/attached);

Comment: of Notice of Association of Counsel of Paul D Nelson and Michael A Gevertz, w/attached;

Comment: Defs Submission of Corrected tab B to Memo in Support of Defs Joint Rule 21 Motions (with attached); Defendant: NATIONAL UNION FIRE INS CO OF Defendant: AMERICAN HOME ASSURANCE CO Defendant: GRANITE STATE INS CO

Comment: for Association of out of state counsel of Mitchell Lee Lathrop of the CA State Bar w/attached;

Ellis, James R    Comment: Def Employers Reinsurance Corp Motion to Associate out of state counsel Mitchell Lathrop GRANTED; Court Action: Signed; Court Action Date: 12/22/1992; Judge: James R Ellis;

Comment: Manila;

Ellis, James R    Comment: Case Scheduling - Trial begins 1st week/May 1994; RQ/Productn & admission t/b servd 120 days prior/trial & responses/deposi tions 90 days prior to trial (see file for add l info); Court Action: Signed; Court Action Date: 04/14/1993; Judge: James R Ellis;

Comment: of Change of Office Address for counsel for Def 3;

05/24/1993 Motion - Quash ▾

Comment
Comment: Subpoenas Duces Tecum Pursuant to ORCP 55B w/attachments;

06/02/1993 Motion - Quash ▾

Comment
Comment: or Modify Subpoenas Duces Tecum Issued to Kennedy, Zing & Zimmer; Dames & Moore Engineers; Sweet Edwards/EMCON Century West Engineering; & Dr Joseph Keely w/attachments;

06/07/1993 Motion - Protective Order ▾

Comment: re: Defs contacts w/potential witnesses, w/attached exhibits;

Comment: to Plaintiff s motion to quash subpoenas duces tecum;

Comment: on Motion to Quash Subpoena Duces Tecum;

Comment: To Motion FOr Protective Order Regarding Def s Contacts With Potential Witnessess;

Comment: to Ptf s Motion To Quash Or Modify Subpoenas Issued To Kennedy, King & Zimmer w/attached;

Comment: on Motion/Quash or Modify Sub- poenas Duces Tecum issued to Kennedy King & Zimmer; Dames & Moore Engineers; Sweet Edwards /EMCON; Century W Engineering &Dr Joseph Keely (w/attached);

Comment: on Motion for Protective Order re: Defs Contacts w/Potential Witnesses;

Ellis, James R          Comment: PROTECTIVE pursuant/ORCP 36 - any info/mat I produced
                        by any party for inspection may be designated Protected Material &
                        stamped accordingly -SEE FILE FOR ADDITIONAL INFO-; Court Action:
                        Signed; Court Action Date: 08/06/1993; Judge: James R Ellis;

Comment: of Gary V. Abbott In Support of Motion To Associate Counsel;

Comment: To Associate Counsel;

Ellis, James R          Comment: Motion to quash or modify sub- poenas duces tecum &
                        motion for Protective order GRANTED in part & DENIED in part as
                        outlined in order w/cert of service 8/24/93; Court Action: Signed; Court
                        Action Date: 08/30/1993; Judge: James R Ellis;

Ellis, James R          Comment: w/Joint Rule 21 Motions; Mo- tion of Certain Underwriters @
                        Lloyds;Motion of American Star to Strike Ptf s Exhibits -SEE FILE FOR
                        ADDITIONAL INFO-; Court Action: Signed; Court Action Date:
                        09/14/1993; Judge: James R Ellis;

09/21/1993 Motion - Protective Order ▾

Comment
Comment: & To Modify Supoenas Duces Te- cum against Kendall, Sauer, Marsh&Mclennan to
Prevent Re- lease of Privileged Documents;

09/21/1993 Affidavit ▾

Comment
Comment: of Gerald M Bitz w/Exhibit 1;

09/21/1993 Affidavit ▾

Comment

Comment: of Harry C Kendall;

Comment: of Richard S Pope;

Comment: of Jack B Schwartz;

Comment: of Elizabeth Rawls;

Comment: of Roger Helbling;

Ellis, James R          Comment: SUPPLEMENTAL, re Joint Rule 21 Motions against Ptfs
                        Complaint under advisement by court - MO 3, 4(A&B), 5, 8(A&B), 42
                        (A&B)& 43 ALLOWED; Ptf has til 10/25/ 93 to replead/file Amend Compl;
                        Court Action: Signed; Court Action Date: 10/05/1993; Judge: James R
                        Ellis;

Comment: to Ptf s Motion for Protective Order;

Comment: To Ptf s Motion For Protective Order;

Comment: Support of MO/Summary Judgment;

Comment: of David E Prange, of counsel for Def Sphere Ins Co, with attached exhibits;

10/20/1993 Order –

Judicial Officer                 Comment
Ellis, James R                   Comment: re;Potential conflict-of- interst certifications; production of
                                 documents;and privilege logs w/cert of service 10/11/93; Court Action:
                                 Signed; Court Action Date: 10/20/1993; Judge: James R Ellis;

10/20/1993 Reply –

Comment
Comment: to Def United Pacific s Response to Ptf s MO/Protectv Order re Kendall, Sauer & Marsh
& McLennan priv docs;

10/20/1993 Motion –

Comment
Comment: & Order for Extension of Time;

10/20/1993 Affidavit –

Comment
Comment: of Richard S. Pope In Support of Motion For Extension of Time;

10/20/1993 Affidavit –

Comment
Comment: of atty David E Prange in support of motion for summary judgment w/exhibits w/cert of
service 10/19/93;

10/20/1993 Memorandum - At Law –

Comment
Comment: in support of motion for summary judgment;

11/04/1993 Order - Summary Judgment ▾

Judicial Officer                 Comment
Ellis, James R                   Comment: ALLOWED as to DEF # 10 motion against PTF; no fees/costs
                                 w/cert of service 10/19/93; Court Action: Signed; Court Action Date:
                                 11/04/1993; Judge: James R Ellis;

11/09/1993 Order ▾

Judicial Officer                 Comment
Ellis, James R                   Comment: preventing release of privileg ed documents 1,2,3,5,6,7,9
                                 protected from discovery under subpeonas duces tecum issued to
                                 Kendall,Sauer & to Marsh & McLennan;w/cert service 10/21; Court
                                 Action: Signed; Court Action Date: 10/19/1993; Judge: James R Ellis;

**11/30/1993 Judgment** ▼

| Judicial Officer | Comment |
|---|---|
| Ellis, James R | Comment: DEF #10 awarded final jgmnt against PTF on all claims against it without costs to either party w/cert of service 11/16/93; Court Action: Signed; Court Action Date: 11/26/1993; ; DEF:SPHERE INS CO LTD; JUD:ELLIS JAMES R |

**12/01/1993 Notice - Judgment Entry**

**12/30/1993 Substitution of Attorney** ▼

Comment
Comment: Beth Skillern substituted as counsel for Def United Pacific in place of Thomas Gordon;

**12/30/1993 Memorandum - Support Motion** ▼

Comment: Rule 21 against Ptf s Amended Complaint, w/attached exhibits;

Comment: Joint Rule Against Ptf s Amended Complaint w/attachments;

Comment: of Compliance pursuant to UTCR 5.010;

Comment: selected cases cited in Ptf s Response to Defs Joint Rule 21 Motions against Amended Com- plaint (attached);

Comment: to Defs Joint Rule 21 Motions against Amended Complaint;

Comment: declaratory judgment, breach of contract, negligent inspec- tion, viol of Insurance Trade Practices Act, breach of good faith, reformation ADDED DEFS 12 & 13;

Comment
Comment: to Cascade Corp s Response to Defs Joint Rule 21 Motions against Amended Complaint;

02/01/1994 Other ▼

Comment
Comment: signature page of Defs Reply to Cascade Corp s Response to Defs Joint Rule 21 Motions against Amended Complaint submitted by Gordon & Polscer;

02/02/1994 Motion ▼

Comment
Comment: to Compel, with attached;

03/09/1994 Substitution of Attorney ▼

Comment
Comment: Gordon & Polscer in place of Bullivant, Houser etal for Def 11;

Ellis, James R | Comment: re: disclosure/sensitive docu- ments by Ptf to certain named Defs nunc pro tunc 2/1/94 -SEE FILE FOR ADDITIONAL INFO-; Court Action: Signed; Court Action Date: 03/08/1994; Judge: James R Ellis;

Ellis, James R | Comment: re: filing/protection of logs & and resulting memorandum nunc pro tunc 2/3/94 -SEE FILE FOR ADDITIONAL INFO-; Court Action: Signed; Court Action Date: 03/08/1994; Judge: James R Ellis;

Ellis, James R | Comment: stipulated in lieu of rule 21 motions by DEF # 7 to dismiss the Missing Policies from the amended complaint are DENIED; nunc pro tunc 1/19/94; Court Action: Signed; Court Action Date: 03/08/1994; Judge: James R Ellis;

Ellis, James R | Comment: & motion to drop and add LLoyd DEFS as to certain certi ficate numbers as outlined in order;Nunc pro tunc 1/21/94 w/cert of service 12/7/93; Court Action: Signed; Court Action Date: 03/08/1994; Judge: James R Ellis;

03/23/1994 Substitution of Attorney ▼

Comment
Comment: Employers Reinsturance Corp substiutes Luce, Forward, Ham- ilton etal in place of Adams, Duque & Hazeltine(both of CA); Zarosinski & Hill to remain local counsel (w/attached);

06/02/1994 Motion - Protective Order ▼

Comment
Comment: re: deposition of Harry C Kendall Jr w/attachments;

06/06/1994 Response ▼

Comment
Comment: to Ptf s Motion for Protective Order;

06/09/1994 Order - Rule 21 ▼

Judicial Officer          Comment
Ellis, James R            Comment: Defs Joint motion against Ptfs Amended Complaint - motions
                          1, 6,8,12-14 &16 ALLOWED; motions 10,11,15-17 DENIED; motions 2-
                          5,7&9 MOOT (with attached) -SEE FILE FOR ADDITIONAL INFO-;
                          Court Action: Signed; Court Action Date: 06/06/1994; Judge: James R
                          Ellis;

06/09/1994 Motion ▼

Comment
Comment: to associate out-of-state counsel w/cert of service 4/28/94;

06/09/1994 Affidavit - Supporting Motion ▼

Comment
Comment: of atty Langfitt to associate out of state counsel w/attachment w/cert of service 4/28/94;

06/09/1994 Order ▼

Judicial Officer          Comment
Ellis, James R            Comment: to associate out of state counsel Arthur D Burger GRANTED
                          w/cert of service 4/28/94; Court Action: Signed; Court Action Date:
                          06/07/1994; Judge: James R Ellis;

06/09/1994 Order - Compelling Production ▼

Judicial Officer          Comment
Ellis, James R            Comment: & protecting certain witness interview reports w/cert of service
                          4/15/94; Court Action: Signed; Court Action Date: 06/06/1994; Judge:
                          James R Ellis;

06/16/1994 Complaint - Amended ▼

Comment
Comment: Second; Declaratory Juegment Breach of Contract Inactivated Defs 12 & 13;

06/29/1994 Answer ▾

Comment
Comment: to Second Amended Complaint;

06/29/1994 Answer

06/29/1994 Answer

06/29/1994 Stipulation ▾

Comment: re Damages Alleged In 2nd Amended Complaint;

06/29/1994 Answer - Counterclaim ▾

Comment: w/Affirmative Defenses;

06/29/1994 Answer ▾

Comment: to Cascade s Second Amend Com- plaint BY MOORE & UNDERWRITERS writers;

06/29/1994 Statement ▾

Comment: of APPEARANCE OF MOORE AND UNDERWRITERS w/attached exhib;

07/01/1994 Answer ▾

Comment: to Ptf s 2nd Amended Complaint;

07/08/1994 Answer - Affirmative Defense

08/23/1994 Notice ▾

Comment
Comment: of change of address for attys Gordon & Polscer;

08/30/1994 Order ▾

Judicial Officer
Ellis, James R

Comment
Comment: DENYING Ptf s Motion for Pro- tective Order re deposition of
Harry C Kendall Jr NUNC PRO TUNC 6/21/94; Court Action: Signed;
Court Action Date: 08/26/1994; Judge: James R Ellis;

09/20/1994 Notice ▼

Comment
Comment: of Change of Address of Attys for defendants;

09/26/1994 Motion - Protective Order

Comment: w/attachments;

Comment: To Motion for Protective Order;

Comment: of John C. DeVoe;

Comment: of Michael J. Francis;

Ellis, James R        Comment: DENYING Ptfs Motion for Protective Order; Court Action:
Signed; Court Action Date: 10/06/1994; Judge: James R Ellis;

Comment: to Ptf s Notice of Organizational Depositions;

Comment: to compel answers at organizational depositions w/ attchments;

Comment: to compel answers at organizational depositions;

11/28/1994 Affidavit - Supporting Motion ▾

Comment
Comment: (Madeline S Campbell);

11/28/1994 Affidavit - Supporting Motion ▾

Comment
Comment: (Robert C Teeter);

11/29/1994 Response ▾

Comment
Comment: To Motion To Compel;

11/29/1994 Motion ▾

Comment
Comment: for Protective Order;

11/29/1994 Objection ▾

Comment
Comment: to Ptf s Motion to Compel;

11/29/1994 Memorandum - Opposing Motion ▾

Comment
Comment: To Compel;

Comment: To Compel Answwers At Organi- zational Depositions;

Comment: to Motion to Compel Answers at Organizational Depositions;

Comment: Position Statement of Ernest Alfred Moore & Def 7 in Response to Ptf Motion to Compel
Answers at Organizational Depsoition; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: to Ptf s Notice of Organiza- tional Depositions;

12/07/1994 Motion ▾

Comment
Comment: to Compel Firemans Fund to Answer Deposition Questions on Location of Occurrence Witnesses & for Sanctions;

12/08/1994 Reply ▾

Comment
Comment: on Motion to Compel Answers at Organizational Depositions w/attachments;

12/15/1994 Memorandum - Opposing Motion ▾

Comment: To Compel;

Comment: of Gary V. Abbott;

Comment: on motion to compel Fireman s Fund to answer deposition questions on location of occurrence witnesses & for sanctions;

Comment: re certain deposition transcripts of Employers Reinsurance Corporation;

Comment: To Records Custodian;

Comment: Duces Tecum, pers serv Dwayne Annala 2/1;

Comment: To Records Custodian, Coffey Laboroties Inc;

02/06/1995 Subpoena - Civil ▼

Comment
Comment: Duces Tecum, Records Custodian Gresham Transfer Inc;

02/06/1995 Return - Service Civil Subpoena ▼

Comment
Comment: Pers serv Amie Mendenhall 1/31 Duces Tecum;

02/06/1995 Subpoena - Civil ▼

Comment
Comment: Duces Tecum, Records Custodian Braun Itertec Corp;

02/06/1995 Return - Service Civil Subpoena ▼

Comment
Comment: Pers serv 1/3 Bill Weyrauch;

02/06/1995 Return - Service Civil Subpoena ▼

Comment
Comment: Duces Tecum, to Records Custo dian Waste Mgmt of OR;

02/06/1995 Certificate - Service ▼

Comment
Comment: Duces Tecum, pers serv Laura Alley 1/31;

03/31/1995 Order ▼

Judicial Officer
Ellis, James R

Comment
Comment: Affidavit & Motion for Commiss -ion To Take Out of State
Depo -sition; in the state of Calif -ornia; Court Action: Signed; Court
Action Date: 03/31/1995; Judge: James R Ellis;

04/13/1995 Motion - Compel Production ▼

Comment
Comment: w/attached;

04/27/1995 Motion - Compel Production ▼

Comment
Comment: of Lloyd s Documents, w/attach;

05/01/1995 Opposition ▼

Comment: by Moore & Underwriters to Cascade s Motion to Compel Answers @ Organizational Depo- sitions; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: on motion to compel answers at organizational depositions of Lloyd s defendants;

Comment: (copy) to Judge Ellis fr F Scott Farleigh date 5/11/95 re Affidavit of Michael Gevertz;

Comment: (unsigned) of Michael Gevertz in support of Moore/Underwrit- ers oppositions to Cascade s MO/Compel Answers at org depo of Lloyds & to compel produc- tion/Lloyds docs (w/attached);

Comment: to Cascade s Motion to Compel Production of Lloyd s documnts by Moore & Underwriters; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: declaration of Stephen Lewis support g Moore & Underwriters oppositions to Cascade s MO/ Compel Answers @ organizationl deposition of Lloys &to compel production of Lloyd s documnts; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Moore & Underwiters Opposition to Cascades MO/Compel, Declar- ations in support via facsimi- le and U.S. mail to counel lis ted in file on 5/10/95;

Comment: declaration of Sarah K Chang in support of Moore & Under- writers Opposition to Cascades Motion to Compel Production of Lloyd s documents, w/attached exhibits; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

05/12/1995 Affidavit - Supporting Motion ▾

Comment
Comment: to Compel Answers @ organiza- tional deposition of Lloyds & to Compel Production of Lloyds documents by Michael A Gevertz with attached exhibits;

05/12/1995 Other ▾

Comment
Comment: Moore & Underwriters surreply in support of opposition to Cascade s Motion to Compel Answers @ organizational depo- sition of Lloyd s; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

05/17/1995 Certificate - Service ▾

Comment
Comment: of Moore and Underwriters by m ailing 5/12 w/attached;

06/15/1995 Motion - Protective Order ▾

Comment: & Quash Subpoena Duces Tecum to Loper & Associates Invest- igators;

▾

Comment: to Defs Motion for Protective Order & to Quash Subpoena Duc- es Tecum to Loper & Assoc, with attached exhibits;

▾

Comment: in support of DEF s motion for protective order & to quash subpoena duces tecum w/attached;

▾

Comment: to Ptf s Response Memo;

▾

Comment: to associate counsel-ORS 9.240;

07/18/1995 Affidavit - Supporting Motion ▾

Comment
Comment: to Associate Counsel by Made- leine S Campbell, atty;

07/18/1995 Order ▾

| Judicial Officer | Comment |
|---|---|
| Ellis, James R | Comment: Vanessa Lee admitted to prac- tice before this court as associate counsel on behalf of Def 11; all counsel directed to comply with the provisions of local rules of this court; Court Action: Signed; Court Action Date: 07/12/1995; Judge: James R Ellis; |

07/24/1995 Motion - Protective Order  −

Comment: preventing inquiry at deposi- tions into privileged communi- cations w/attached;

08/02/1995 ORDER  −

| Ellis, James R | Comment: ALLOWING Ptfs MO/Compel Fire- man s Fund to answer depo ques on loc/occurrence witnesses & sanctions; Fireman s Fund Ins Co pay $1,000 to Cascade Corp/ expnses NUNC PRO TUNC 12/23/94; Court Action: Signed; Court Action Date: 08/02/1995; Judge: James R Ellis; |
|---|---|

08/08/1995 ORDER  −

| Ellis, James R | Comment: Defs MO/Protective Order & to Quash Subpoena Duces Tecum is ALLOWED & Defs not req d to produce docs/witnesses to tes- tify on subj incl in NO/Deposi tion re Loper & Assoc; Court Action: Signed; Court Action Date: 08/08/1995; Judge: James R Ellis; |
|---|---|

09/13/1995 Motion  −

Comment: for partial Summary Judgment on liability for duty to defend DEQ cleanup actions;

09/13/1995 Affidavit  −

Comment: of Gerald M Bitz in support of Cascade Corporations motion for partial summary judgment;

09/13/1995 Affidavit  −

Comment: of Gerald M Bitz in support of Cascade Corporations motion for partial summary judgment;

09/14/1995 Memorandum - Opposing Motion  ▼

Comment
Comment: for Partial Summary Judgmnt on liability for duty to defend DEQ cleanup actions;

09/14/1995 Affidavit ▼

Comment
Comment: of John C Devoe in support of American Star Ins Co s Opposi- tion to Ptf s Motion for Summ- ary Judgment, w/attached exhib;

09/14/1995 Other ▼

Comment
Comment: Joinder in responses to Ptf s MO/Partial Summary Judgment; Defendant: FIREMANS FUND INS CO

09/14/1995 Motion - Summary Judgment ▼

Comment
Comment: (cross) for partial re: applicable limits & termina- tion of defense obligation;

09/14/1995 Memorandum - Support Motion ▼

Comment
Comment: partial Summary Judgment & in support of Cross motions for Summary Judgment w/attached;

09/14/1995 Motion - Summary Judgment ▼

Comment
Comment: cross-based on the pollution exclusion;

09/14/1995 Memorandum - Support Motion ▼

Comment
Comment: cross-for summary judgment w/attachments;

09/14/1995 Affidavit ▼

Comment
Comment: of Madeleine S Campbell w/attachments;

09/14/1995 Motion - Summary Judgment

09/14/1995 Affidavit ▼

Comment
Comment: of Paul G Dodds w/attachments;

09/14/1995 Memorandum - Opposing Motion ▼

Comment
Comment: for partial summary Judgment;

09/20/1995 Motion - Summary Judgment ▼

Comment: joint for partial re: costs of defense w/attachments;

Comment: (letter)in opposition to Cascades motion to compel discovery from Certain Under-writers at Lloyds and declara- tion of Stephen Lewis in support thereof;

Ellis, James R    Comment: PROTECTIVE, preventing inquiry at depositions into privileged communications GRANTED; Court Action: Signed; Court Action Date: 10/10/1995; Judge: James R Ellis;

Ellis, James R    Comment: COMPELLING discovery of Lloyd s DEF s, produce names in cert. # sL73986,L74975, L75845 & L77253 (See File) Lloyd s DEF s produce docs requested by PTF # 1-2; Court Action: Signed; Court Action Date: 10/09/1995; Judge: James R Ellis;

Comment: based upon pollution exclusion;

10/13/1995 Memorandum - Support Motion ▼

Comment
Comment: for Summary Judgment based upon Pollution Exclusion w/attachments;

10/13/1995 Affidavit - Supporting Motion ▼

Comment
Comment: for Summary Judgment based upon pollution exclusion w/attachments;

10/16/1995 Response ▼

Comment
Comment: to plaintiffs request for admission;

10/16/1995 Response ▼

Comment

Comment: to plaintiffs first request for admissions;

10/18/1995 Motion - Summary Judgment −

Comment: cross for partial re costs of defense;

10/18/1995 Response −

Comment: to joint motion for partial summary judgment re costs of defense w/attached;

10/18/1995 Affidavit −

Comment: of Gerald M Bitz for second summary judgment marked as exhibit 1;

10/18/1995 Affidavit −

Comment: of Jack B Schwartz for summary judgment marked as exhibit 2;

10/18/1995 Affidavit −

Comment: of Richard S Pope for summary judmgent marked as exhibit 3;

10/18/1995 Affidavit −

Comment: of Gerald M Bitz for 3rd Summary Judgment w/attached;

10/18/1995 Memorandum −

Comment: in response to cross-motion for Summary Judgment;

10/23/1995 Affidavit −

Comment: of Steven J Dolmanisth in sup- port of memorandum in response to cross-motion for Summary Judgment on the pollution exclusion w/attachments;

10/18/1995 Affidavit −

Comment: third Summary Judgment of Richard Pope w/attachments;

10/18/1995 Request −

Comment: first for admisssions w/attach ments;

Comment: on motion for partial summary judgment on liability for duty to defend DEQ cleanup actions w/attached;

Comment: to Millers Mutuals motion for summary judgment;

Comment: of Jeffrey V Hill in support of opposition to Summary Jgmt Motions, w/attached exhibits;

Comment: to Summary Judgment Motions, or in the alternative, Motion to Stay decisions re exhaus- tion, allocation or indemnity; Defendant: EMPLOYERS REINSURANCE CORP

Comment: Moore & Underwriter s Joinder To Joint Motion by defs 4,6 & 11 for Partial Summary Jdgment Re Costs of Defenses;

Comment: American Star Ins Co s Joinder to Joint Motion by Defs Fire- man s Fund, United Pacific, & Millers Mutual Ins Co for partial summary jgmt re costs of defense; Defendant: AMERICAN STAR INS CO

Comment: in Opposition to Cascasde Corp s Cross-Motion for Part l Summary Jgmt re: costs of defense;

Comment: of John C Devoe in support of American Star Ins Co s Memo in Opposition to Cascade s Cross- Motion/Partial Summary Jgmt, with attached exhibit;

11/08/1995 Reply ▼

Comment: Memo to joint Motion for Par- tial Summary Judgment re Cost of Defense;

11/08/1995 Affidavit ▼

Comment: of Steven J Dolmanisth in support of plaintiffs memoran- dum in response to AIG defs Cr oss-Motion For Summary Judgmnt on the Pollution Exclusion;

11/08/1995 Memorandum ▼

Comment: in response to the AIG Defs Cross-Motion for Summary Jgmt on the pollution exclusion;

11/13/1995 Other ▼

Comment: joinder in opposition to Ptf s summary jgmt on liability for duty to defend DEQ cleanup action; Defendant: UNITED PACIFIC INS CO

11/13/1995 Reply ▼

Comment: to Cascade Corp s Response to United Pacific s cross-motion for partial summary jgmt re: applicable limits& termination of defense obligation, with attached exhibits;

11/13/1995 Motion - Strike ▼

Comment: (supplemental) Exhibits 2-4 & 7 to the Affidavit of Steven J Dolmanisth in support of Cas- cade s Response Memo;

11/13/1995 Affidavit - Supporting Motion ▼

Comment
Comment: to Strike Exhibits 2-4 & 7 to Affidavit of Steven J Dolman- isth by Marianne Ohle, atty, with attached exhibit;

11/13/1995 Motion - Strike ▼

Comment
Comment: Ptf s proposed expert testi- mony under ORCP 47E;

11/13/1995 Reply ▼

Comment: to Ptf s Response to Def 11 s cross-motions for Summary Jgmt based/pollution exclusion(1973 -1987 policies) & memo/support Def 11 s MO/Strike Ptfs expert testimony (w/attached exhibits;

11/13/1995 Opposition ▼

Comment: to Ptf s cross motion for summary judgment; Defendant: UNITED PACIFIC INS CO Defendant: FIREMANS FUND INS CO Defendant: MILLERS MUTUAL FIRE INS CO OF

11/13/1995 Affidavit ▼

Comment: of William G Earle, atty;

11/16/1995 Memorandum ▼

Comment: (joinder);

11/16/1995 Reply ▼

Comment: on cross-motion for partial summary jgmt (costs of defense with attached exhibit;

11/16/1995 Certificate - Service ▼

Comment: of Reply Memos of Defs 5,6 &9; Objections/Motions to Strike of Def 1,5,6&9 and Affidavit of Beth King Baumhofer by mail on 11/16/95 to persons listed in file;

11/16/1995 Reply ▼

Comment: Memo of Def Insurance Co of the State of PA in support of cross-motion for Summary Jgmt based upon the pollution exclu sion, with attached exhibits;

11/16/1995 Reply ▼

Comment: Memo of Def Granite State Ins Co & Nat l Union Fire Ins Co of Pittsburgh in support of their MO/Summary Jgmt based upon the pollution exclusion, w/attached exhibits;

11/16/1995 Affidavit ▼

Comment: of Beth King Baumhofer, legal assistant, with attached;

11/16/1995 Opposition ▼

Comment
Comment: & Motions to Strike of Defs 5,6&9 directed to Ptf s un- supported assertions of fact, proposed expert testimony & affidavits/Steven Dolmanisth;

11/16/1995 Response ▾

Comment
Comment: To United Pacific s Motion To Strike Proposed Expert Testimony;

11/16/1995 Other ▾

Comment
Comment: Fourth; Summary Jdgm Affidavit of Richard S. Pope Marked as exhibit #1; Plaintiff: CASCADE CORPORATION

11/16/1995 Response ▾

Comment
Comment: To United Pacific s Motion to Strike Exhibits 2-4 & 7 To Dolmanisth Affidavit;

11/16/1995 Objection ▾

Comment
Comment: To Ohle Affidavt Exhibits 7, 8 & 3;

12/08/1995 Order - Designating Complex Case ▾

| Judicial Officer | Comment |
| --- | --- |
| LONDER, DONALD H | Comment: Amended Designating Complex Case and Assign to Judge Nely Johnson; Room: CPX ; Time: 9:12AM; Court Action: Signed; Court Action Date: 12/07/1995; Judge: DONALD H LONDER; |

12/11/1995 Assignment - Trial Judge ▾

| Judicial Officer | Comment |
| --- | --- |
| JOHNSON, NELY L | Comment: COMPLEX CASE -; Room: TNLJ; |

12/18/1995 Letter ▾

Comment
Comment: to court from Alexandra Sosn- kowski dated 12/15/95 re the fact that he no longer is rep- resenting any of the parties, with attached;

12/19/1995 Motion ▾

Comment
Comment: for Admission of Out-of-State Counsel (of Defs Moore and Underwriters);

12/19/1995 Affidavit - Supporting Motion ▾

Comment: for Out-of-State Counsel by Bruce Rome, atty for Defs Moore & Underwriters;

Comment: for Admission of Out-of-State counsel by David A Gabianelli of CA State Bar, w/attached;

JOHNSON, NELY L    Comment: for Admission of David Gabian- elli of CA for Defs Moore and Underwriters ALLOWED; Court Action: Signed; Court Action Date: 12/19/1995; Judge: NELY L JOHNSON;

Comment: to Def AIG s Reply on Cross- Motion for Summary Judgment on pollution exclusion;

Comment: of Steven J Dolmanisth in sup- port of Ptf s Response to Def AIG s Reply on Cross- Motion for Summary Judgment on the pollution exclusion, with attachments;

Comment: & Motions to Strike directed to Ptf s Reply to Def AIG s Reply & accompanying submittal;

Comment: To Reconsider Partial Summary Judgment Re: Pollution Exclu- sion;

Comment: to Motion To Reconsider Part- ial Summary Jdgm RE: Pollution Exclusion;

Comment: of Frank V. Langfitt III;

Comment
Comment: For Reinconsideration w/attached;

02/28/1996 Memorandum ▾

Comment
Comment: JOINDER;

03/01/1996 Reply ▾

Comment
Comment: on Motion to Reconsider Par- tial Summary Jgmt re: pollu- tion exclusion, with attached exhibits;

03/06/1996 Motion ▾

Comment
Comment: for Admission of Out-of-State counsel for Defs Moore & Under writers;

03/06/1996 Affidavit - Supporting Motion ▾

Comment: for Admission of Out-of-State counsel by John L Slebir,atty, with attached;

─────────── ▾

JOHNSON, NELY L        Comment: for Admission of John L Slebir of CA as out-of-state counsel for Def Moore & Underwriters; Court Action: Signed; Court Action Date: 03/05/1996; Judge: NELY L JOHNSON;

─────────── ▾

JOHNSON, NELY L        Comment: re: PTF s Motion to Reconsider partial Summary judgment re Pollution Exclusion DENIED; Court Action: Signed; Court Action Date: 04/11/1996; Judge: NELY L JOHNSON;

─────────── ▾

Comment: to Compel; Memo in Support; Affidavit of Madeleine S Camp- bell (with attached exhibits);

─────────── ▾

Comment: of Compliance with UTCR 5.010;

04/17/1996 Motion - Compel Production ▾

Comment
Comment: of Documents from all Defs, with attached exhibit;

04/17/1996 Memorandum - Support Motion ▼

Comment
Comment: to Compel Production of Docu- ments from all Defs, w/attach- ed exhibits;

04/17/1996 Certificate ▼

Comment
Comment: of Compliance with UTCR 5.010;

04/17/1996 Motion - Compel Production ▼

Comment
Comment: of Documents from Fireman s Fund, United Pacific, Millers Mutual, American Star & Employ ers Reinsurance, w/attached exhibits;

04/17/1996 Motion ▼

Comment
Comment: to Compel Answers to Requests for Admissions, with attached;

04/25/1996 Order ▼

Judicial Officer
JOHNSON, NELY L

Comment
Comment: granting ex-parte motion to seal insurers motion to compel memorandum in support and affidavit of Madeleine S Campbell filed on 4/6/96; Court Action: Granted; Court Action Date: 04/24/1996;

04/25/1996 Motion ▼

Comment
Comment: to seal insurers Motion to Com -pel, Memo in support & Affi- davit of Madeleine S Campbell filed 4/16/96 w/Affidavit and attached exhibit;

05/10/1996 Memorandum - Opposing Motion ▼

Comment
Comment: Supplemental re motion to compel;

05/10/1996 Response ▼

Comment
Comment: to ptfs motion to compel production of documents;

05/10/1996 Other ▼

Comment: Joinder of certain defs response to ptf motion to compel production of documents;
Defendant: FIREMANS FUND INS CO

---

Comment: to ptf motion to compel;

---

Comment: to Insurers motion to compel;

---

Comment: to Insurers motion to compel documents pertaining to corporate knowledge;

---

Comment: of Jack B Schwartz;

---

Comment: of Denise E Mills;

---

05/10/1996 Memorandum - Opposing Motion ▼

Comment
Comment: to Ptf s MO/Compel answers to Requests for Admissions (submitted by atty Paul Dodds on behalf of all Defs);

---

05/10/1996 Memorandum - Opposing Motion ▼

Comment
Comment: to Ptf s Motion to Compel Production of Documents;

---

05/13/1996 Opposition ▼

Comment
Comment: to Ptfs MO/Compel Production of Documents from Def 3; Defendant: EMPLOYERS REINSURANCE CORP

---

05/13/1996 Opposition ▼

Comment: supplemental, to Ptf s Motion/ Compel Production of Documents from all Defs;
Defendant: EMPLOYERS REINSURANCE CORP

Comment: of Bradford H Lamb, atty, with attached exhibits;

JOHNSON, NELY L     Comment: moving Defs Motions for Part- ial Summary Judgment based on pollution exclusion re Cascade Multnomah County OR site are GRANTED nunc pro tunc 3/5/96; Court Action: Signed; Court Action Date: 05/15/1996; Judge: NELY L JOHNSON;

JOHNSON, NELY L     Comment: Defs MO/Strike in connection w/Motions for Partial Summary Judgment re the pollution ex- clusion ALLOWED nunc pro tunc 3/5/96; Court Action: Signed; Court Action Date: 05/15/1996; Judge: NELY L JOHNSON;

JOHNSON, NELY L     Comment: Ptf s claims re its site in the state of Ohio are stayed pending a resolution in this court of Ptf s claims re its site in Multnomah County, OR nunc pro tunc 3/5/96; Court Action: Signed; Court Action Date: 05/15/1996; Judge: NELY L JOHNSON;

Comment: for Association of Out-of- State Counsel ACCOMPANIED BY UNSIGNED ORDER;

Comment: of James Goniea re appearance as counsel pro hac vice, with attached;

JOHNSON, NELY L     Comment: for association out-of-state counsel of James A Goniea on behalf of Employers Reinsur ance Corp; Court Action: Signed; Court Action Date: 05/21/1996; Judge: NELY L JOHNSON;

06/11/1996 Motion - Summary Judgment ▾

Comment
Comment: Based Upon the Personal Injury Coverage Issue;

06/11/1996 Memorandum ▾

Comment
Comment: of Certain Defs In Support of Motion for Summary Jdgm On Personal Injury Coverage Issue;

06/11/1996 Affidavit - Supporting Motion ▾

Comment
Comment: Supplemental; For Summary Jdgm On The Personal Injury;

06/14/1996 Motion - Summary Judgment ▾

Comment
Comment: Partial; Regarding Personal Personal Injury Coverage;

06/17/1996 Affidavit - Supplemental ▾

Comment
Comment: in support of Motion/Summary Judgment on personal injury issue, with attached;

06/24/1996 Motion - Summary Judgment ▾

Comment
Comment: Based on The Pesonal Injury Coverage Issue;

06/24/1996 Memorandum - Support Motion ▾

Comment
Comment: For Summary Jdgm Based On The Personal Injury Coverage Issue;

06/24/1996 Affidavit ▾

Comment
Comment: of Marianne M. Ohle In Support of Memorandum For Summary Jdgm Based on the Personal Injury Coverage Issue w/attached;

07/01/1996 Motion - Summary Judgment ▾

Comment
Comment: On Personal Injury Coverage Issue;

07/01/1996 Affidavit ▾

Comment

Comment: of Paul G. Dodds;

~~Unclear text~~ ▼

Comment: to the insurance company Defs MO/Summary Judgment as to per- sonal injury insurance cover- age, with attached exhibits; Plaintiff: CASCADE CORPORATION

~~Unclear text~~ ▼

Comment: Authorities re: Ptf s Opposi- tion to the insurance co Defs Motions for Summary Judgment as to persomal injury coverage with attached exhibits;

07/11/1996 Motion ▼

Comment: For Admission of Out of State Counsel; Filed by Brad Stan- ford for Moore & Underwriters;

~~Unclear text~~ ▼

Comment: of Out of State Counsel Maxi- millian Hunter Stern w/attached Filed by Brad Stanford for Moore & Underwriters;

~~Unclear text~~ ▼

Comment: of Brad C. Stanford Filed by Brad Stanford for Moore & Underwriters;

~~Unclear text~~ ▼

JOHNSON, NELY L          Comment: For Admission of Out of State Counsel Maximilian Hunter Stern of Hancock, Rothert & Bunshoft; Filed by Brad C. Stanford for Moore & Under- writers; Court Action: Signed; Court Action Date: 07/10/1996; Judge: NELY L JOHNSON;

~~Unclear text~~ Answer - Amended ▼

Comment: to 2nd amended complaint w/attached;

07/23/1996 Order - File Amended Answer ▼

Judicial Officer          Comment
LONDER, DONALD            Comment: Stipulated to PTF s 2nd amended complaint; Court Action:
H                        Signed; Court Action Date: 07/23/1996; Judge: DONALD H LONDER;

**07/31/1996 Order** ▾

| Judicial Officer | Comment |
|---|---|
| JOHNSON, NELY L | Comment: on motion for partial summary judgment re personal injury coverage; Court Action: Allowed; Court Action Date: 07/31/1996; |

**08/02/1996 Order** ▾

| Judicial Officer | Comment |
|---|---|
| JOHNSON, NELY L | Comment: Employers Reinsurance Corp s motion for partial summary judgment that there is no per- sonal injury coverage for the claims made in this action is ALLOWED in its entirety; Court Action: Signed; Court Action Date: 08/02/1996; Judge: NELY L JOHNSON; |

**08/08/1996 Motion - Summary Judgment** ▾

Comment: Partial;

**08/08/1996 Affidavit** ▾

Comment: of Michael J. Francis;

**08/08/1996 Affidavit** ▾

Comment: in support of opposition to certain discovery requests di- rected to American Home Assur- ance Co by Richard Johnson;

**08/08/1996 Reply** ▾

Comment: to Ptf s Response on Motion for Summary Judgment based on personal injury coverage issue with attached;

**08/08/1996 Affidavit** ▾

Comment: of Marianne Ohle in support of Def United Pacific Ins Co s Reply to Ptf s Response to Def s MO/Summary Judgment re personal injury coverage, with attached exhibits;

**08/20/1996 Affidavit - Supplemental** ▾

Comment

Comment: in support of Def United Paci- fic Ins Co s Reply to Ptf s response to Def s Motion for Summary Judgment re personal injury coverage submitted by Marianne Ohle, w/attachd exhib;

**09/09/1996 Order** ▾

JOHNSON, NELY L      Comment: SUPPLEMENTAL PROTECTIVE ORDER re any documents relating to reinsurance made available by defs for review of Ptf s atys only. SEE FILE FOR DETAILS; Court Action: Signed; Court Action Date: 09/09/1996; Judge: NELY L JOHNSON;

Comment: of Richard Johnson;supplementl in opposition to discovery propounded by Cascade Corp;

8:45 AM

Comment: Summary Judgment - 1 Hour Thomas Gordon;

JOHNSON, NELY L      Comment: w/motion & affidavit to take out of state deposition of The Detrex Corporation; Court Action: Granted; Court Action Date: 10/03/1996;

Comment: Partial; Re: Occurence Limit (motion No 1) w/attached copy;

Comment: of Memorandum of Law In Support of Motion for Partial Summary Jdgm Re: Aggregate Limit w/attached copies; Defendant: FIREMANS FUND INS CO

Comment: of William G. Earle In Support of Motion for partial Summary Jdgm RE Aggregate Limit;

Comment: In Support of Motion For Part- ial Summary Jdgm w/attached;

Judicial Officer

JOHNSON, NELY L

Comment

Comment: based on personal injury cover age issue; Court Action:
Granted; Court Action Date: 10/07/1996;

10/08/1996 Copy ▼

Comment

Comment: of Motion for Partial Summary Jdgm Re: Aggregate Limit (motion No 2); Defendant:
FIREMANS FUND INS CO

10/09/1996 Motion - Summary Judgment ▼

Comment: Partial; Re Exhaustion of Policy Limits;

Comment: In Support of Motion for Part- ial Summary Jdgm Re Exhaustion of Policy Limits;

Comment: of Michael J. Francis In Support of Motion for Partial Summary Jdgm w/attached;

Comment: Upon EMCON Inc serving Patty Eretzian 10/2, duces tecum;

Comment: Answer to Assert Cross-Claim w/attachments;

Comment: Partial Summary Judgment on the Limited Pollution Excluson;

10/22/1996 Motion - Compel Discovery ▼

Comment

Comment: Against DEFS Nat l Union, Granite State,Insurance Co of Pennsylvania & Millers
Mutual;

10/24/1996 Motion - Amend ▼

Comment

Comment: Answer to Assert Corss-Claim w/exhibits attached;

10/28/1996 Motion - Protective Order  –

Comment: w/attachments;

Comment: to Firemen s Fund s Motions for Partial Summary Judgment re exhaustion;

Comment: of Richard S Pope in support of Cascade s Response to Fire- man s Fund s Motion/Partial Summary Judgment re exhaustion with attached exhibits;

Comment: legal brief re the procedure & legal standard for determina- tion of indemnity costs, with attached exhibits; Defendant: UNITED PACIFIC INS CO

Comment: of Thomas A Gordon, atty, with attached exhibits;

11/01/1996 Motion - Summary Judgment

11/01/1996 Response ▾

Comment
Comment: To American Star Insurance Co s Motion for Partial Sum- mary jdgm RE: Exhaustion of Policy Limits;

11/01/1996 Opposition ▾

Comment
Comment: to Def Fireman s Fund Ins Co s Motion for Partial Summary Judgment re occurrence limit; Defendant: EMPLOYERS REINSURANCE CORP

11/04/1996 Motion ▾

Comment
Comment: Indemnity - 30 min Thomas Gordon off/moving atty has schedule conflict; Room: TNLJ; Time: 8:45AM; Event Status: Cancelled;

11/04/1996 Motion - Compel Production

11/04/1996 Affidavit - Supporting Motion ▼

Comment
Comment: of William G Earle w/attachments;

11/05/1996 Memorandum - Opposing Motion ▼

Comment
Comment: re motions to amend answer to assert crossclaim by American Star and Millers by defs Moore and Underwriters;

11/06/1996 Opposition ▼

Comment
Comment: to Ptfs Motion to Compel; Defendant: GRANITE STATE INS CO Defendant: INSURANCE CO OF THE STATE OF P Defendant: NATIONAL UNION FIRE INS CO OF

11/06/1996 Memorandum - Opposing Motion ▼

Comment
Comment: to Reconsider Summary Judgment on pollution exclusion of Ptfs with attached;

11/06/1996 Other ▼

Comment
Comment: joinder in Def United Pacifics legal brief re: procedure and legal standard for determination of indemnity costs; Defendant: AMERICAN STAR INS CO

11/06/1996 Motion - Protective Order

11/07/1996 Reply ▼

Comment
Comment: Brief, in support of Motion for Partial Summary Judgment re Exhaustion of Policy Limits;

11/07/1996 Other ▼

Comment
Comment: Def Millers Mutual s Joinder Memo re: Def United Pacific s Legal Brief re indemnity costs; Defendant: MILLERS MUTUAL FIRE INS CO OF

11/07/1996 Other ▼

Comment
Comment: Def Millers Mutual s Joinder Memo in opposition to Ptf s Motion to Compel; Defendant: MILLERS MUTUAL FIRE INS CO OF

11/08/1996 Return - Service Civil Subpoena ▼

Comment

Comment: Duces tecum, upon EMCON, Inc serving Dorothy Atwood, person auth to accept 10/28;

Comment: duces tecum to custodian of records EMCON Inc;

Comment: on motion to reconsider partia l summary judgment on limited pollution exclusion;

Comment: on motion to compel against AIG and Millers Mutual;

Comment: Joinder in Firemans Fund Insur ance Co motion for partial summary judgment re occurrence limit & response to opposition memorandum by ERC; Defendant: UNITED PACIFIC INS CO

Comment: to Moore & Underwriters oppo- sition to American Star s Motion to Amend Answer to assert cross-claim;

Comment: of Michael J Francis in supp- ort of American Star s Motion to Amend its Answer to Assert a Cross-Claim, with attached;

Comment: submissions of Defs 1,5&9 with respect to the SWITZLER case & dismissal of Ptf s declara- tory judgment action, with attached exhibits; Defendant: AMERICAN HOME ASSURANCE CO Defendant: GRANITE STATE INS CO Defendant: NATIONAL UNION FIRE INS CO OF

Comment: reply for partial summary jgm reoccurance limit (mo #1);

Comment: reply for partial summary jgm reaggregate limit (mo#2) w/attachments;

11/12/1996 Memorandum ▼

Comment: reply for partial summary jgm re exhaustion (mo#3);

11/12/1996 Memorandum ▼

Comment: reply to Employers Reinsurance Corp. s opposition to motion for partial summary jgm re occurance limit;

11/12/1996 Response ▼

Comment: to Fireman Fund s Motion to Compel Attorney Files, with attached exhibits;

11/12/1996 Response ▼

Comment: to United Pacific s Joinder Memo re Occurrence Limit;

11/12/1996 Response ▼

Comment: to Cascades motion for partial summary judgment re continuing defense obligation;

11/12/1996 Response ▼

Comment: to United Pacific s brief re defense & indemnity costs as a jury issue;

11/12/1996 Response ▼

Comment: (supplemental) to exhaustion motion of def 2 and def 4 w/attachments;

11/12/1996 Reply ▼

Comment: on motion for partial summary judgement re continuing defense obligation of United Pacific/Reliance;

11/25/1996 Memorandum - Support Motion ▼

Comment
Comment: (def 11 s) for partial sum- mary judgement regarding occurrence w/attachments;

Comment: of Marianne M. Ohle w/attach- ments;

JOHNSON, NELY L     Comment: denying ptf motion for protective order; Court Action: Denied; Court Action Date: 12/02/1996;

Comment: of Jeffrey Hill, atty, with attached exhibits;

Comment: in Response to United Pacific ins Co s MO/Partial Summary Judgment re occurrence;

Comment: to def 11 s motion for partial summary judgment regarding occurrence;

Comment: on motion for partial summary judgment regarding occurrence w/attachment;

Comment: to ERC memorandum in response on motion for partial summary judgment regarding occurrence;

Comment: Additional case authority cont roverting United Pacifics moti on for partial summary judgmnt regarding occurrence w/attachment; Plaintiff: CASCADE CORPORATION

JOHNSON, NELY L     Comment: re hearings on 11/5 11/13 & 11/22/96; Court Action: Allowed in Part-Denied in Part; Court Action Date: 12/16/1996;

12/18/1996 Memorandum ▼

Comment: Re Interim Funding of Boeing Defense w/attachments;

12/23/1996 Brief - Supplemental ▼

Comment: of Defendant 1 RE Costs of Defense w/attachments; Defendant: FIREMANS FUND INS CO

12/23/1996 Affidavit - Counsel ▼

Comment: of William G. Earle;

12/23/1996 Brief ▼

Comment: on Jury Standard for Determin- ing Defense V. Indemnity Expenses w/attachments; Plaintiff: CASCADE CORPORATION

12/23/1996 Memorandum ▼

Comment: of Defendants 1,5, and 9 Regarding Legal Issues Relat- ing to Potential Jury In- structions for Issues Relating to Defense/Indemnity/other Business Expenses;

12/24/1996 Other ▼

Comment: Employers Reinsurance Corp s joinder in memo re legal issue relating to potential jury instr for issues relating to defense, indemnity & other business expenses; Defendant: EMPLOYERS REINSURANCE CORP

01/10/1997 Answer - Affirmative Defense ▼

Comment
Comment: FIRST AMENDED,COUNTERCLAIM & CROSSCLAIMS;w/exhibits attachd;

02/04/1997 Answer - Amended ▼

Comment
Comment: w/attachments;

02/05/1997 Motion - Compel Production ▼

Comment
Comment: w/attachments;

02/06/1997 Notice ▾

Comment

Comment: of Change of Address for Cathy L Croshaw, Co-counsel for def Employers Reinsurance Corp (121 Spear St #200, San Fran- cisco CA 94105);

02/18/1997 Motion - Compel Production

02/18/1997 Memorandum - Support Motion ▾

Comment

Comment: w/attachments;

02/18/1997 Other ▾

Comment

Comment: Cross-Defs Moore & Underwriter Motion to Dismiss X-Claims by American Star Ins Co & the Millers Mutual Ins Co of Texas for subrogation and attorneys fees;

02/18/1997 Other ▾

Comment

Comment: First Amended Statement of Appearance of Moore & Under- writers (Exhibit A to Moore & Underwriteres MO/Dismiss Cross Claims by American Star Ins Co & Miller Mutual Ins Co/Texas;

02/18/1997 Notice ▾

Comment

Comment: of Change of Address for Cathy Croshaw & James Goniea;

02/24/1997 Memorandum - Opposing Motion ▾

Comment

Comment: Def 11 s in Opposition to plaintiff s Motion to Compel Production of Documents;

03/03/1997 Motion - Compel Production ▾

Comment

Comment: w/attachments;

03/06/1997 Memorandum ▾

Comment

Comment: in oppo to Moore & Underwriter s motion to dismiss crossclaim for equitable subrogation and attorneys fees;

03/10/1997 Response ▾

Comment

Comment: to Def Fireman Fund s Motion to Compel;

03/11/1997 Memorandum - Opposing Motion ▾

Comment
Comment: re Moore and Underwriters ORCP 21 motions;

03/14/1997 Memorandum ▾

Comment
Comment: Supplemental RE: Legal stand- ard for determination of cer- tain costs w/attachments;

03/17/1997 Motion - Summary Judgment ▾

Comment
Comment: Regarding Late Notice;

03/17/1997 Memorandum - Support Motion ▾

Comment: For Summary Jdgm Re: Late Notice;

Comment: of Dennis B. Schrick w/attached;

Comment: of Jeffrey V. Hill In Support of Motion For Summary w/attached;

Comment: for Admission of Out-of-State Counsel;

Comment: from atty Pope to Jg Johnson re extension of time for production of documents;

JOHNSON, NELY L       Comment: for admission of out of state counsel Jerry B Edmonds of
                      Williams Kastner & Gibbs LLP Seattle Washington for def; Court Action:
                      Granted; Court Action Date: 03/20/1997;

Comment
Comment: account of United Pacific;

03/20/1997 Affidavit ▼

Comment
Comment: of out of state counsel Jerry B Edmonds;

03/28/1997 Motion - Summary Judgment ▼

Comment
Comment: Joinder As to Late Notice;

03/28/1997 Affidavit ▼

Comment
Comment: of Jerry B. Edmonds In Support of Motion for Summary As To Late Notice w/attached;

03/28/1997 Motion - Summary Judgment ▼

Comment: Late Notice Issue;

03/28/1997 Affidavit ▼

Comment: of Paul G. Dodds;

03/28/1997 Motion - Summary Judgment ▼

Comment: Jointer regarding late notice;

03/28/1997 Memorandum ▼

Comment: To ERC s Motion for Summary Judgment Re: Late Notice;

03/28/1997 Affidavit ▼

Comment: of Marianne M. Ghim In Support of Joinder Motion For Summary Judgment;

03/31/1997 Motion - Summary Judgment ▼

Comment
Comment: Partial; Filed by Moore & Underwriters Re Late Notice;

03/31/1997 Memorandum ▼

Comment
Comment: of Points & Authorities In Support of Motion For Partial Summary Jdgm Re: Late Notice
Filed by Moore & Underwriters w/attached;

03/31/1997 Affidavit ▾

Comment
Comment: of Max H. Stern In Support of Moore & Underwriters Motion For Partial Summary
Judgment Regarding Late Notice Filed by Defs Moore & Under- writers w/attached;

03/31/1997 Certificate - Service ▾

Comment
Comment: Served motion, memorandum & affidavits on 3/28/97 Filed by Moore & Underwriters;

04/07/1997 Affidavit - Supporting Motion ▾

Comment
Comment: of Moore & Underwriters for Partial Summary Judgment by Stephen Lewis;

04/24/1997 Memorandum ▾

Comment
Comment: Opposition to Depo of Maurice Greenberg;w/exhibits;

04/24/1997 Motion ▾

Comment
Comment: file Unsigned Aff;

04/24/1997 Motion - Compel Production

04/24/1997 Memorandum - Support Motion

04/24/1997 Affidavit - Supporting Motion ▾

Comment
Comment: of Alan Gladstone w/exhibts;

04/25/1997 Motion - Compel Production ▾

Comment
Comment: of Expert Documents;

04/25/1997 Affidavit ▾

Comment
Comment: of Bradford H Lamb w/exhibits;

04/28/1997 Substitution of Attorney ▼

Comment
Comment: Jerry B Edmonds & the firm of Williams, Kastner & Gibbs in place of Timothy R Dingilian for Defs 1,5,6&9;

04/28/1997 Order - Change Counsel ▼

Judicial Officer
JOHNSON, NELY L

Comment
Comment: Jerry B Edmonds & the firm of Williams, Kastner & Gibbs in place of Timothy R Dingilian of Jackson & Campbell for Defs 1,5,6&9 ALLOWED; Court Action: Signed; Court Action Date: 04/28/1997; Judge: NELY L JOHNSON;

04/28/1997 Motion ▼

Comment
Comment: X-DEFTS Moore & Underwriters , for Separate Trial re missing Policy Issues and for Bench Trial(ORCP51C & 53B);

04/28/1997 Memorandum - Support Motion ▼

Comment
Comment: for Separte Trial,etc;

05/01/1997 Motion - Summary Judgment ▼

Comment
Comment: Partial; Against Late Notice of Defense of Employers Rein- surance Corp;

05/01/1997 Affidavit ▼

Comment
Comment: of Gerald M. Bitz Opposing Motion For Summary Jdgm Re: Late Notice;

05/01/1997 Affidavit ▼

Comment
Comment: of Harry C. Kendall;

05/01/1997 Affidavit ▼

Comment
Comment: of Richard S. Pope Opposing Motion For Summary Jdgm;

05/02/1997 Motion - Compel Production ▼

Comment
Comment: and for Protective Order & Sanctions;

05/02/1997 Certificate - Compliance

05/02/1997 Affidavit - Supporting Motion –

Comment: w/exhibits;

Comment: in reply to the AIG Defs opposition to deposition of Maurice Greenberg;

Comment: of John P Gasior, atty, with attached exhibits;

Comment: w/motion for admission of out of state counsel Steven J Dolmanisth of Anderson Kill & Olick Washington DC;

Comment: Original signature page of affidavit of Dennis Schrick;

Comment: (SECOND) of Richard S Pope re: Summary Jgmt on late notice, with attached;

Comment: of For Summary Jdgm Re: Late Notice;

Comment: to def 7s motion for separate trials and for bench trial;

Comment: to def 3s motion ot compel;

Comment: to def 4s motion to compel w/attachments;

Comment: of Maurice R Greenberg of American International Group;

Bearden, Frank L  Comment: w/Motion & Affidavit for Comm- ission to Take out of State deposition in Missouri; commission effective 28 days; Court Action: Signed; Court Action Date: 05/13/1997; Judge: Frank L Bearden;

Bearden, Frank L  Comment: w/Motion & Affidavit for Comm- ission to Take out of State deposition in Washington; commission effective 28 days; Court Action: Signed; Court Action Date: 05/13/1997; Judge: Frank L Bearden;

Bearden, Frank L  Comment: w/Motion & Affidavit for Comm- ission to Take out of State deposition in New York; commission effective 28 days; Court Action: Signed; Court Action Date: 05/13/1997; Judge: Frank L Bearden;

Bearden, Frank L  Comment: w/Motion & Affidavit for Comm- ission to Take out of State deposition in New Jersey; commission effective 28 days; Court Action: Signed; Court Action Date: 05/13/1997; Judge: Frank L Bearden;

Bearden, Frank L  Comment: w/Motion & Affidavit for Comm- ission to Take out of State deposition in Maryland; commission effective 28 days; Court Action: Signed; Court Action Date: 05/13/1997; Judge: Frank L Bearden;

05/13/1997 Motion - Protective Order

05/13/1997 Affidavit ▾

Comment
Comment: of Jeffrey V Hill w/exhibits;

05/14/1997 Reply —

Comment: in Opposition to deposition of Maurice Greenberg, w/attached;

05/16/1997 Motion - Strike —

Comment: Unsupported Factual Statements;

05/16/1997 Affidavit —

Comment: of Jeffrey V Hill w/attachments;

05/16/1997 Brief —

Comment: in Support of its Motion for Summary Judgment & Opposition to Cascade s Cross-Motion for Summry Judgment; Defendant: EMPLOYERS REINSURANCE CORP

05/16/1997 Affidavit —

Comment: of Bradford H Lamb w/attachments;

05/16/1997 Reply —

Comment: Memo in support of Motion to Compel;

05/20/1997 Affidavit - Supporting Motion ▼

Comment
Comment: to Compel & for sanctions against AIG by Ptf, submitted by Richard Pope, atty, with attached exhibits;

05/20/1997 Motion ▼

Comment
Comment: to Compel & for Sanctions against AIG, with attached exhibit;

05/20/1997 Affidavit ▼

Comment
Comment: (THIRD) of Richard Pope re: summary judgmnt on late notice with attached exhibits;

05/20/1997 Response ▼

Comment

Comment: to Employers Reinsurance MO/ Strike, w/attached exhibits;

05/20/1997 Reply ▼

Comment
Comment: on Cross Motion for Partial Summary Judgment against late notice defense of Employers Reinsurance Corp;

05/20/1997 Affidavit - Opposing Motion ▼

Comment
Comment: for Protective Order of Employ -er s Reinsurance Corp by Steven J Dolmanisth, atty, with attached;

05/20/1997 Reply ▼

Comment
Comment: Memo in Support of MO/Separate Trial re missing policy issues & for bench trial (ORCP 51A & 53B) submitted by Moore & Und- erwriteres, with attached exhibit;

05/21/1997 Other ▼

Comment
Comment: Def Fireman s Fund Ins Co offers to allow judgment in the amount of $225,000 + add l amount for costs & atty fees; Defendant: FIREMANS FUND INS CO

05/21/1997 Certificate ▼

Comment
Comment: of Compliance;

05/22/1997 Motion - Summary Judgment ▼

Comment
Comment: Partial;

05/22/1997 Memorandum - Support Motion ▼

Comment
Comment: Partial; Summary Jdgm w/attached;

05/23/1997 Memorandum - Support Motion ▼

Comment
Comment: Supplemental; To Compel Dis- covery & For Sanctions Agsnt Lloyd s;

05/23/1997 Affidavit ▼

Comment
Comment: of Richard S. Pope In Support of Supplemental Memorandum In Support of Motion To Compel Discovery & For Sanctions w/attached;

05/23/1997 Motion - Summary Judgment ▾

Comment
Comment: On Clean up Costs As Damages (Partial) w/attached;

05/23/1997 Motion - Summary Judgment ▾

Comment
Comment: Partial; On Various Defs Volun -tary Payments Defense w/attached;

05/23/1997 Motion - Summary Judgment ▾

Comment
Comment: Partial; Re: The Alleged Affirmative Defense of Loss In Progress or Known Loss;

05/23/1997 Motion - Summary Judgment ▾

Comment
Comment: on Defs Owned Property Exclu- sions (Partial) w/attached w/attached;

05/23/1997 Motion - Summary Judgment ▾

Comment
Comment: Partial; On Coverage For Prop- erty Damage During The Re- velant Insurance Policy Period;

05/23/1997 Motion - Summary Judgment ▾

Comment
Comment: Cross Motion For Partial Sum- mary Jdgm Agnst Late Notice Defenses of AIG,Lloyds, United Pacific & Millers Mutual;

05/23/1997 Motion ▾

Comment
Comment: To Shift The Burden of Proof Regarding The Existence & Term of The Revelant Insurance Policies To Certain Under- writers at Lloyd s London w/attached;

05/23/1997 Certificate - Service ▾

Comment
Comment: Served motions to attorneys on 5/23/97 Fogarty on;

05/23/1997 Opposition ▾

Comment
Comment: to Motion by Cascade to Compel Discovery, for Protective Or- der & Sanctions
(submitted by Michael Gervertz for Moore & Underwriters);

05/23/1997 Affidavit ▾

Comment
Comment: support g Moore & Underwriters Opposition to Motion by Cas- cade to Compel
Discovery, for Protective Order and Sanctions submitted by Michael A Gevertz with attached
exhibits;

05/23/1997 Affidavit - Opposing Motion ▾

Comment
Comment: by Cascade to Compel Discovery for Protective Order and Sanc- tions by Max H Stern,
with attached exhibits;

05/29/1997 Motion - Summary Judgment ▾

Comment: Partial; Re: Missing Policies Filed by Moore & Underwriters;

Comment: of Points & Authorities In Support of Motion By Moore & Underwriter for Partial Sum-
mary Judgment Re: Missing Policies;

Comment: of Max H. Stern In Support of Defs moore & Underwriters Motion for Partial Summary
Jmdg Re: Missing Policies;

Comment: of out of state counsel Steven J Dolmanisth;

JOHNSON, NELY L          Comment: for admission of Steven J Dolmanisth out of state counsl;
                         Court Action: Granted; Court Action Date: 05/30/1997;

Comment: for Admission of Out-of-State counsel;

06/03/1997 Affidavit ▾

Comment: of Steven J Dolmanisth, atty w/State of New York Bar, with attached;

06/03/1997 Motion ▾

Comment: to Stay Enforcement of 5/21/97 Order, w/attached exhibits;

06/03/1997 Memorandum - Trial ▾

Comment: of Ptf re the Defs fiduciary duty to Cascade & the public service nature of insurance;

06/03/1997 Subpoena - Civil ▾

Comment: to: Greg Aitkin for 5/21/97 at 9:30 am at offices of Schwartz & Landsverk; Defendant: EMPLOYERS REINSURANCE CORP

06/03/1997 Subpoena - Civil ▾

Comment: to: Greg Aitken for 5/22/97 at 1:00 pm at offices of Schwartz & Lndsverk w/acknowledgment of service by Greg Aitken on 5/8/97; Defendant: EMPLOYERS REINSURANCE CORP

06/03/1997 Motion - Protective Order ▾

Comment
Comment: w/attachments;

06/03/1997 Opposition ▾

Comment
Comment: to Cascade s MO/Compel & for Sanctions against Defs 1,5,6&9; Defendant: GRANITE STATE INS CO Defendant: INSURANCE CO OF THE STATE OF P Defendant: AMERICAN HOME ASSURANCE CO Defendant: NATIONAL UNION FIRE INS CO OF

06/03/1997 Affidavit ▾

Comment
Comment: of Frank V Langfitt III in support of opposition to Cas- cade s MO/Compel & for sanctions against American Home Assurance Co etal, w/attached;

06/04/1997 Motion ▾

Comment
Comment: for Admission of out-of-state Counsel John Gasior w/attachments;

06/04/1997 Response ▼

Comment
Comment: to AIG S Mot for Protective Order;

06/04/1997 Memorandum - Support Motion ▼

Comment: Supplemental;

06/04/1997 Order ▼

Comment: Moore and Underwriters supplem ental points and authorities re waiver of privileges;

06/04/1997 Affidavit ▼

Comment: of Richard Johnson in support of opposition to Cascade motion to compel and for sanct ions against American Home Assurance Co et al;

06/04/1997 Motion ▼

Comment: JOINDER,for Protective Order;

06/04/1997 Motion - Amend ▼

Comment: 2nd Amend Complaint w/exhibits;

06/05/1997 Order ▼

Comment: Cascade s supporting materials to its supplemental memo in support of MO/Compel against Lloyd s with attached; Plaintiff: CASCADE CORPORATION

06/06/1997 Order ▼

JOHNSON, NELY L        Comment: w/Motion & Affidavit for Comm- ission to Take Out of State Deposition of Michael Belinski in the state of New Jersey is ALLOWED; effective for 28 days; Court Action: Signed; Court Action Date: 06/06/1997; Judge: NELY L JOHNSON;

06/06/1997 Order ▼

JOHNSON, NELY L

Comment: w/Motion & Affidavit for Comm- ission to Take Deposition of Lisa Simon, Gerling Global in the state of New York; effec- tive for 28 days; Court Action: Signed; Court Action Date: 06/06/1997; Judge: NELY L JOHNSON;

JOHNSON, NELY L    Comment: w/Motion & Affidavit for Comm- ission to Take Deposition of Lisa Simon, Gerling Global in the state of New York; effec- tive for 28 days; Court Action: Signed; Court Action Date: 06/06/1997; Judge: NELY L JOHNSON;

Comment: Additional Exhibit pages to Moore & Underwriters supplmtl points & authorities re waiver of privileges;

Comment: by Moore & Underwriters to Cascade motion to shift burden of proof re existence and terms of relevan insurance policies;

JOHNSON, NELY L    Comment: for admission of John Gasior as out-of-state counsel is ALLOWED (with attached); Court Action: Signed; Court Action Date: 06/09/1997; Judge: NELY L JOHNSON;

Comment: on Motion to Compel & for Sanctions against AIG, with attached exhibits;

Bearden, Frank L    Comment: Motion & Affidavit for Com- mission To Take Out of State Deposition in the state of California; commission issued on 6/12/97; Court Action: Signed; Court Action Date: 06/12/1997; Judge: Frank L Bearden;

Comment: on ptf moiton for partial summary judgment on known loss /loss in progress;

Comment: of Marianne M Ghim in support of DEF 11 response;

Comment: to Cascade motion for partial summary judgment re Voluntary Payments Defense;

Comment: of Marianne M Ghim in support of response;

Comment: to Cascade motion for partial summary judgment re Owned Property Defense;

Comment: of Marianne M Ghim in support of response;

Comment: to Motion for Partial Summary Judgment on cleanup costs as damages;

Comment: of Jerry B Edmonds in support of Defs Response to Cascade s MO/Partial Summary Judgment re cleanup costs as damages (with attached exhibits);

Comment: to Motion for Partial Summary Jgmt on Voluntary Payments;

Comment: of Jerry B Edmonds in support of Defs Response to Cascade s MO/Partial Summary Judgment re voluntary payments (with attached exhibits);

Comment: /Cascade s Motion for Partial Summary Judgment on coverage for property damage during the relevant insurance policy per- iods;

Comment: in response to Cascade s MO/ Partial Summary Jgmt re cover- age for property damage during relevant ins policy period, w/ attached;

Comment: (2nd) of Jerry B Edmonds in support of Defs Opposition to Cascade Corp s MO/Partial Sum- mary Judgment on coverage for prop damage during relevant insurance policy periods;

Comment: to Cascade s MO/Partial Summa- ry Jgmt re the alleged affirm- ative defense of Loss in Progress or known loss;

Comment: of Jerry B Edmonds in support of Defs MO/Partial Summary Jgmt re loss in progress or known loss (with attached exhibits);

Comment: to Cascade Corp s Motion for Partial Summary Judgment on owned-property exclusions;

Comment: of Jerry B Edmonds in support of Defs Response to Cascade s MO/Partial Summary Judgment re owned property with attached exhibits;

Comment: To Ptf s Motion for Partial Summary Jdgm Re: Voluntry Pymt; Defendant: MILLERS MUTUAL FIRE INS CO OF

Comment: To Ptf s Motion For Partial Summary Jdgm Re Loss In Pro- gress/Known Loss; Defendant: MILLERS MUTUAL FIRE INS CO OF

Comment: To Ptf s Motion For Partial Summary jdgm Re Owned Property Defense; Defendant: MILLERS MUTUAL FIRE INS CO OF

Comment: To Motion for Partial Summary Jdgm Re Damage During Policy Periods; Defendant: MILLERS MUTUAL FIRE INS CO OF

Comment: of Paul G. Dodds;

Comment: To Motion for Partial Summary Jdgm Re Cleanup Costs As Damages; Defendant: MILLERS MUTUAL FIRE INS CO OF

Comment: Cross; Re Lack of Property Damage During Policy Period;

Comment: denial of amendment to complnt for lost profit damages & for separate trial;

Comment: to late notice motions for summary jdugment of United Pacific and Millers;

Comment: to ptf motion for partial summary judgment on cleanup costs as damages;

Comment

Comment: re Response to ptf motion summ judgment re property damages during policy period &
x-mo sum jgmt re prop dam aftr 1971;

06/13/1997 Motion - Summary Judgment -

Comment: Cross/partial re property damage after 1971;

Comment: /Points & Authorities of Emply -ers Reinsurance Corp & Moore/ Underwriters in
Opposition to Cascade Corp s MO/Partial Sum- mary Jgmt on coverage for prop damage,
w/attached -SEE FILE -;

Comment: Employers Reinsurance Corp joinder in United Pacific Ins Co response to Cascade s
MO/ Partial Summary Jgmt re owned property defense; Defendant: EMPLOYERS REINSURANCE
CORP

Comment: of Employers Reinsurance Corp to United Pacific Ins Co s MO/ Partial Summary Jgmt;
Defendant: EMPLOYERS REINSURANCE CORP

Comment: to Cascade Corp s MO/Partial Summary Jgmt re voluntary pay- ments defense;
Defendant: EMPLOYERS REINSURANCE CORP

Comment: to Cascade Corp s MO/Partial Summary Judgment on cleanup costs as damages;
Defendant: EMPLOYERS REINSURANCE CORP

Comment: of Jeffrey V Hill, atty, with attached exhibits;

Comment: Motion for Partial Summary Jgm RE: The Alleged Affirmative Defense of Loss In Progress or Known Loss; Filed by Defs Moore & Underwriters; Plaintiff: CASCADE CORPORATION

Comment: Joinder To United Pacific s Response To Cascade s Motion For Partial Summary Jdgm RE: Voluntary Payments Defenses Filed defsMoore & Underwriters;

Comment: Defs Moore & underwriters Join -der To United pacific s Re- sponse To Cascade s Partial Summary Jdgm RE:Owned Property Defense; Filed by defs Moore & Underwriters;

Comment: Defs Moore &Uunderwriters Join -der To Opposition of Employer Reisurance Corporation To Cas- cade s Motion For Partial Summary Jdgm On Cleanup Costs As Damages;

Comment: Moore & Underwriters Joinder To Employers Reinsurance Corp. To United Pacific s Motion For Partial Summary Jdgm;

Comment: of Max H. Stern In Support of Defs Moore & Underwriters Oppositions To Various Motions Fof Partial Summary Jdgm w/attached;

Comment: to United Pacific s MO/Partial Summary Judgment on Trigger of Coverage, w/attached exhibits;

Comment: to Moore & Underwriters Oppo- sition to Cascade s Motion to Shift the burden of proof re the existence/terms of certain relevant insurance policies, with attached;

Comment: fo claim files;

06/17/1997 Motion ▾

Comment
Comment: (trial) re: claim files;

06/18/1997 Affidavit ▾

Comment
Comment: of Michael J Francis, atty, with attached exhibits;

06/18/1997 Motion - Summary Judgment ▾

Comment
Comment: Cross Motion; Partial Summary Jdgm RE: Missing Policies;

06/18/1997 Motion - Summary Judgment ▾

Comment
Comment: Partial Summary Jdgm Re: Miss- ing Policies;

Comment: Points & Authorities in Oppo- sition to Moore & Underwriters MO/Partial Summary Judgment re missing policies & in support of Cross-Motion for Partial Summary Judgment; Defendant: AMERICAN STAR INS CO

Comment: to Lloyd s Motion for Partial Summary Judgment re missing policies, w/attached exhibits;

Comment: portions of Ptf s Response to United Pacifics Motion/Partial Summary Jgmt on trigger for viol of Protective Order, with attached;

Comment: in response to Cascade s Cross-Motion for Late Notice Summary Judgment & in reply to Cascade s Response to Def 11 s late notice motion, w/attached;

Comment: of Robert Teeter of Reliance Ins Co;

Comment: of M Ghim in support of United Pacific s Memo/response to Cas -cade s X-Motion for late not- ice summary jgmt & in reply to Cascade s response to United Pacifics late notice motion;

Comment: (trial) re: standards for investigation of claims;

Comment: re: insurance companies waiver of indemnity defenses for wrongful failure to defend;

Comment: of standards for investigation of claims;

Comment: Second Amended Complaint by interlineation, with attached exhibit;

Comment: Cross-Motion for Partial Summary Judgment Re: Missing Policies;

06/20/1997 Memorandum - Support Motion ▾

Comment
Comment: reply re motion for partial summary judgment re late notic & memorandum in opposition to ptf cross motions;

06/23/1997 Affidavit ▾

Comment
Comment: of Colin Benson in support of Moore & Underwriters Reply on Motion/Partial Summary Jgmt Motion re Missing Policies, w/attached copy of Affidavit of Michael Gevertz & exhibits;

06/23/1997 Certificate - Service ▾

Comment: Defs Moore & Underwriters ob- jection to evidence in opposi- tion to MO/Summary Jgmt; Reply Memo; Affidavits of M Wensley, Colin Benson & M Gevertz by hand del & Fed Express 6/23/97;

Comment: Memo of Points & Authorities in support of Motion by Moore & Underwriters for Partial Sum -mary Judgment re missing pol- icies & in response to cross- motions, w/attached exhibits;

Comment: to Evidence in Opposition to Motion for Summary Judgment re missing policies by Moore and Underwriters;

Comment: to ERC s Opposition Memo to MO/Partial Summary Judgment;

Comment: to Cascade s Response on MO/ Partial Summary Judgment, with attached;

Comment: to Ptf s Motion for Reconsid- eration of Motion to Amend Complaint; Defendant: UNITED PACIFIC INS CO

Comment: re: the insurance co Defs duty of good faith & fair dealing continuing up to and thru this insurance coverage litigation, with attached exhibits;

Comment: for Partial Summary Jgmt re missing policies of Moore and Underwriters submitted by M Gevertz;

Comment: re: opposition to Ptf s Motion /Amend Complaint for lost pro- fit damages & for separate trial;

Comment: in opposition to Miller Mutual cross motion for summary jgmt re: lock of property damage during policy period;

Comment: for Admission of out-of-state Counsel;

Comment: of out-of-state Counsel Mark S. Davidson w/attachments;

JOHNSON, NELY L          Comment: PROTECTIVE, re: Request No 19- confidential documents t/b mark -ed accordingly, shown only to persons listed in file & used only for this litigation SEE FILE FOR ADD L INFORMATION; Court Action: Signed; Court Action Date: 06/26/1997; Judge: NELY L JOHNSON;

Comment: to Defs Response in Opposition to Ptf s MO/Summary Judgment on coverage for property dam- age for property damage during the relevant insurance policy periods;

Comment: to Defs Opposition to Ptf s MO/Partial Summary Judgment re loss in progress or unknown loss with attached;

Comment: to Defs Responses to Ptf s MO/ Partial Summary Judgment on voluntary payments with attached exhibits;

Comment: to the insurance company Defs Response in Opposition to Ptfs MO/Summary Judgment on cleanup costs as damages w/attached;

Comment
Comment: to United Pacific s Motion to Strike;

06/27/1997 Reply ▾

Comment
Comment: to AIG Defs Response on MO/ Partial Summary Judgment on owned property
exclusions, with attached exhibits;

06/27/1997 Memorandum - Trial ▾

Comment
Comment: re allocation, with attached;

06/27/1997 Memorandum - Opposing Motion ▾

Comment
Comment: re Cascades trial motion regarding claim files;

06/27/1997 Memorandum - Opposing Motion ▾

Comment
Comment: re Cascades trial motion regarding standards for investigation of claims;

06/27/1997 Memorandum - Opposing Motion ▾

Comment
Comment: re motion to reconsider;

06/27/1997 Objection ▾

Comment
Comment: ot ptf request for production of standard for investigation of claims;

06/27/1997 Objection ▾

Comment
Comment: to ptf request for production of claim files;

06/27/1997 Other ▾

Comment
Comment: Joinder in opposition of Millers Mutual to Cascades trial motion re claims files;
Defendant: UNITED PACIFIC INS CO

06/30/1997 Certificate - Service ▾

Comment
Comment: Motion in Limine to Preclude Ref to moore Underwriters Fo- reign Insureres w/attached
list 6/30;

DEFENDANTS MOTION - In Limine ▾

Comment
Comment: #1;

DEFENDANTS MOTION - In Limine ▾

Comment: #2;

DEFENDANTS MOTION - In Limine ▾

Comment: #3;

DEFENDANTS MOTION - In Limine ▾

Comment: #4;

DEFENDANTS Motion - In Limine ▾

Comment: #5;

DEFENDANTS MOTION - In Limine ▾

Comment: #6;

DEFENDANTS MOTION - In Limine ▾

Comment: #7;

DEFENDANTS Affidavit ▾

Comment: of Bradford H Lamb w/exhibits;

06/30/1997 Certificate - Service

06/30/1997 Motion - In Limine ▾

Comment
Comment: Referring to Individual DEFTS by Generic or Holding Co Names w/exhibits;

06/30/1997 Motion - In Limine ▾

Comment: Proibiting PTF From Introducin g Evidence Concerning DEFT Ins urers Claims Handling w/exhibits;

06/30/1997 Motion - In Limine –

Comment: Prohibiting PTF from Using Exp ert Testimony;

06/30/1997 Motion - In Limine –

Comment: Preclude Improper Reverences etc,etc;

06/30/1997 Motion - In Limine –

Comment: Preclude Improper,etc, Lloyd s of London;

06/30/1997 Memorandum - THE –

Comment: re an insurance co s subroga- tion against its own policy- holder, w/attached exhibits;

06/30/1997 Memorandum - THE –

Comment: re the insurance companies duty to disclose coverage, with attached exhibits;

06/30/1997 Certified Service –

Comment: on 6/30/97 of Moore & Underwriters objection to PTF notice of telephonic depos of Lloyds;

06/30/1997 Response –

Comment: of DEF 1,56, to PTF s motion to reconsider/sever;

06/30/1997 Response –

Comment: to request for production of standards for investigation of claims by Moore & Underwriters;

06/30/1997 Opposition –

Comment: to motion regarding claim file by Moore & Underwriters;

07/01/1997 Motion - In Limine ▼

Comment
Comment: Re Financial Status or Wealth of Parties;

07/01/1997 Motion - In Limine ▼

Comment
Comment: Re Insurer Visits to Cascade s Plant;

07/01/1997 Motion - In Limine ▼

Comment
Comment: Re Employee Salaries & Other Internal Costs;

07/01/1997 Motion - In Limine

07/01/1997 Motion -

Comment: Exclude Evidence of Knowledge of Other Entities,etc;

07/01/1997 Motion -

Comment: Exclude Fireman s Fund Documen ts;

07/01/1997 Motion -

Comment: Exlude Evidence of Drafting Hi story,etc;

07/01/1997 Motion -

Comment: to Bar Reference to United Pac ifc,etc;

07/01/1997 Motion -

Comment: Exclude Evidence of Cost,etc;

07/01/1997 Affidavit - Supporting Motion ▼

Comment
Comment: of Marianne M. Ghim w/exhibits;

07/01/1997 Motion ▼

Comment: Exclude Evidence of Any Cost Sharing Agreement,etc;

07/01/1997 Motion ▾

Comment

Comment: Exclude Evidence of Partial Se ttlement;

07/01/1997 Motion ▾

Comment

Comment: to Bar Reference to DEFTS as The Insurance Industry;

07/01/1997 Memorandum ▾

Comment

Comment: Reserved for trial information;

07/01/1997 Memorandum - Trial ▾

Comment

Comment: re Post-Loss Underwriting;

07/01/1997 Memorandum - Trial ▾

Comment

Comment: re the insurance companies waiver of any right to contest the amount & reasonableness of the defense costs paid by Cas- cade because of their wrongful failure to defend;

07/01/1997 Memorandum - Trial ▾

Comment

Comment: to preclude the insurance co Defs from taking inconsistent positions, with attached;

07/01/1997 Memorandum - Trial ▾

Comment

Comment: supplemental, re Ptf s claim of bad faith during litigation with attached;

07/01/1997 Memorandum - Opposing Motion ▾

Comment
Comment: of trial re standards for investigation of claims;

07/01/1997 Response ▾

Comment
Comment: to Cascade s Request for Pro- duction of Standards for investigation of claims;

07/01/1997 Response ▾

Comment

Comment: to Cascade s Request for Pro- duction of Claim Files;

07/01/1997 Memorandum - Opposing Motion ▾

Comment: trial, re claim files;

JOHNSON, NELY L          Comment: Reserved for trial information; Judge: NELY L JOHNSON;

Comment: Moore and Underwriter s Motion to limit Evidece, memorandum in support w/sttached list;

Comment: in support of Moore and Underw riters motion to limit evidenc;

Comment: that Umbrella Insurance provid es even more comprehensive coverage than primary CGL cove rage;

Comment: re obligation of each insuranc e company to know business of its policyholders;

Comment: to shift burden of proof to insurance companies requiring them to prove no property dama ges happened during their poli cy periods;

Comment: re invoices received after cut off date;

07/02/1997 Subpoena ▾

Comment
Comment: to: Lance downs for 7/21/97 9am in Rm 544 of Mult Co Courthse;

07/02/1997 Return - Service Civil Subpoena ▾

Comment: on 6/30/97;

07/03/1997 Motion ▾

Comment: Admission of Out-of-State Counsel;

07/03/1997 Affidavit ▾

Comment
Comment: of Paul E Fogarty w/attachments;

07/03/1997 Motion - In Limine ▾

Comment
Comment: (copies);

07/03/1997 Order ▾

JOHNSON, NELY L     Comment: Mark S Davidson of Williams, Kastner & Gibbs LLP admitted
as out-of-state counsel; Court Action: Signed; Court Action Date:
07/03/1997; Judge: NELY L JOHNSON;

07/03/1997 Memorandum - Trial

07/03/1997 Memorandum - Trial ▾

Comment
Comment: re exclusion of evidence of the pollution exclusion as moot, irrelevant & potentially
prejudicial;

07/03/1997 Memorandum - Trial ▾

Comment
Comment: re the expected/intended lang- uage of insurance policies, w/ attached exhibits;

07/03/1997 Memorandum - Support Motion ▾

Comment
Comment: by PTF that it is entitled to recover consequential damages;

Comment: Exclude Testimony,etc;

Comment: Preclude DEFTS Using Evidence etc;w/exhibits;

Comment: Moore & Underwriters objection to Cascade s documentary exhibits;

Comment: Moore & Underwriters Trial Memorandum re:Cancellation;

Comment: Seal Files regarding Depo of Maurice Greenberg;

Comment: Re Depo Maurice Greenberg & Depo Exhibits;

Comment: To Moore & Underwriters Trial Memorandum RE: Cancellation;

Comment: To Moore & Underwriters object -ions to Cascade s Documentary Exhibits; Bench Trial on Missing Policies;

Comment: Material Submitted to Court By Defs RE; Ptf s Claim for Defense Costs Agnst Excess Insurers w/attached; Defendant: INSURANCE CO OF THE STATE OF P Defendant: NATIONAL UNION FIRE INS CO OF Defendant: AMERICAN HOME ASSURANCE CO Defendant: GRANITE STATE INS CO

07/09/1997 Subpoena - Civil ▼

Comment
Comment: TO: Richard Volpel to appear on 7/21/97 @ 9am; Defendant: AMERICAN HOME
ASSURANCE CO

07/09/1997 Affidavit ▼

Comment
Comment: of Bradford H. Lamb w/attached;

07/10/1997 Subpoena - Civil ▼

Comment
Comment: To Jonathan Snell;

07/10/1997 Return - Service Civil Subpoena ▼

Comment: Pers serv Jonathan Snell 7/3;

JOHNSON, NELY L        Comment: for admission of out of state attorney Paul E Fogarty of
                       Williams Kastner & Gibbs LLP Seattle Wa; Court Action: Granted; Court
                       Action Date: 07/09/1997;

JOHNSON, NELY L        Comment: DEF 1 & related insurer defs w/authority to settled case in
                       range suggested by Judge Velur e be present in Rm 544 at 9am on
                       Thurs July 1997 no later than 12 noon; Court Action: Signed; Court
                       Action Date: 07/09/1997; Judge: NELY L JOHNSON;

Comment: to designation of deposition testimony of William Weichold;

Comment: to designation of deposition testimony of Tracy Downing;

Comment: Counter designations of depos- ition testimony of Maruice R Greenberg; Defendant: GRANITE STATE INS CO Defendant: AMERICAN HOME ASSURANCE CO Defendant: NATIONAL UNION FIRE INS CO OF

07/10/1997 Other ▼

Comment: Contingent croos-designation of deposition testimony; Defendant: GRANITE STATE INS CO Defendant: AMERICAN HOME ASSURANCE CO Defendant: NATIONAL UNION FIRE INS CO OF

07/10/1997 Objection ▼

Comment: to designation of depostition testimony of Luther Boyce;

07/10/1997 Objection ▼

Comment: to designation of dep of Frances T Adowski;

07/10/1997 Objection ▼

Comment: to designations of the videota ped depostion Testimony of Marurice R Greenberg;

07/10/1997 Jury - Instructions ▼

Comment: Proposed & Special Verdict form;

07/10/1997 Verdict ▼

Comment: Special Form;

07/10/1997 Memorandum - Support Motion ▼

Comment
Comment: by Moore & Underwriters re motion compel discovery of settlement agreements;

07/11/1997 Memorandum ▼

Comment
Comment: of defs 1, 5, 6, & 9 Re: Inapplicability of Lamb-Weston rule and non-lia- bility for pre-exhaustion costs w/attachments;

07/11/1997 Memorandum - Trial ▼

Comment
Comment: re absence of coverage for defense costs inclurred prior to exhaustion of ERCs underlyi
ng limits;

07/11/1997 Jury - Instructions

Comment: Designation of witnesses for trial; Defendant: EMPLOYERS REINSURANCE CORP

Comment: Designation of exhibits for trial; Defendant: EMPLOYERS REINSURANCE CORP

Comment: re expert witness testimony on custom and practice of insurance industry in claims
handling & underwriting;

Comment: re construction of insurance policies;

Comment: re coverage provided by liability insurance policies;

Comment: in limine (a) in support of admissibility & (b) to exclude current views number 7 SEALED
UNDER COURT ORDER;

JOHNSON, NELY L     Comment: to seal motion in limine relating to Maurice Greenbergs
                    testimony; Court Action: Granted; Court Action Date: 07/14/1997;

Comment: to Ken Pinheiro;

07/14/1997 Return - Service Civil Subpoena

Comment: Per serv Ken Pinheiro 7/7;

07/14/1997 Memorandum

Comment: of defs 1, 5, 6, & 9 Re: Admissability of testimony of Harry Kendall;

07/14/1997 Response

Comment: to Cascades designation of video testimony of Mark Powell including objections & counter designations by Moore & Under writers;

07/14/1997 Response

Comment: to Cascade designation of video testimony of Colin Benso n including objections & count er designations by Moore & Underwriters;

07/14/1997 Memorandum - Trial

Comment: re entire damage claim continu es to be jury question agnst umbrella & excess insurance companies by Cascade;

07/14/1997 Affidavit

Comment: of Max H Stern in support of motion by Moore & Underwriters to preclude Cascade from seek- ing recovery for alleged defen se costs incurred prior to exh austion or/altern continue trl;

07/14/1997 Response

Comment: to Cascade designation of video testimony of Stephen Lewis including objections & counter designations by Moore & Underwriters;

07/14/1997 Objection

Comment: & counter designations of defs to ptf designation of videotap ed deposition upon oral examin ation of Stephen Lewis;

07/14/1997 Memorandum - Trial

Comment: to prohibit non settling insur ance companies from taking cre dit for settlemt amounts paid by settling insurance cmpanies;

07/15/1997 Memorandum - Trial ▼

Comment
Comment: supplemental re expected/inten ded language of insurance poli cies;

07/15/1997 Subpoena - Civil ▼

Comment
Comment: to James R Willison for 7/21/9 7 9am; Defendant: EMPLOYERS REINSURANCE CORP

07/15/1997 Return - Service Civil Subpoena ▼

Comment
Comment: personal service 7/10/97;

07/16/1997 Jury - Instructions ▼

Comment
Comment: PROPOSED, of Defs Moore & Underwriters;

07/17/1997 Memorandum ▼

Comment
Comment: of def 1, 5, 6, & 9 regarding use of admissions by ptf;

07/17/1997 Memorandum - Support Motion ▼

Comment
Comment: of defs 1, 5, 6, & 9 in sup- port of motion regarding ad- missability;

Comment: to Laurence Miller w/certifica te of service on 7/16;

Comment: To Fred Montgomery w/certifica te of service 7/15;

Comment: Employers Reinsurance Corp s Amended Trial Exhibit List;

Comment: to Lloyds counter designations of deposition testimony of Stephen Lewis;

Comment: to Lloyds counter designation of deposition testimony of Mark Powell;

Comment: to Lloyds counter designation testimony of Colin Benson;

Comment: supplemental in opposition to defposition testimony of Maurice Greenberg & exhibits w/attachment;

Comment: to: William Jolly for 7/21/97 9am; Defendant: EMPLOYERS REINSURANCE CORP

07/22/1997 Return - Service Civil Subpoena ▾

Comment
Comment: personal service on 7/14/97;

07/22/1997 Subpoena - Civil ▾

Comment
Comment: to: Norman Mattson for 7/21/97 9am; Defendant: EMPLOYERS REINSURANCE CORP

07/22/1997 Return - Service Civil Subpoena ▾

Comment
Comment: personal service on 7/15/97;

07/23/1997 Objection ▾

Comment
Comment: & counter designations of Defs 1/5/6/9 to ptfs preferred testimony of Robert T Bailey;

07/24/1997 Memorandum - Support Motion ▾

Comment
Comment: re motion to seal files of court clerk re deposition of Maurice Greenberg;

07/24/1997 Memorandum ▾

Comment: re allegation that Maurice Greenberg was Chairman of Board of ISOP in 1989;

07/22/1997 Other

Comment: further information re: Maur- ice R Greenberg, w/attached; Defendant: INSURANCE CO OF THE STATE OF P Defendant: NATIONAL UNION FIRE INS CO OF Defendant: AMERICAN HOME ASSURANCE CO Defendant: GRANITE STATE INS CO

07/22/1997 Memorandum - Trial

Comment: re: the admissibility of the Markham Textbook on claims handling;

07/22/1997 Memorandum - Trial

Comment: re: evidence of usage of the insurance trade;

07/22/1997 Memorandum - Trial

Comment: re: (1) notice to Lloyds and Employers Reinsurance Corp and (2) Lloyd s correct address for notice purposes;

07/22/1997 Memorandum - Trial

Comment: re: admissibility of evidence of (a) custom & practice, (b) context evidence, (c) trade usage evidence, and (d) terms of art (with attached);

07/22/1997 Memorandum - Trial

Comment: re: custom & practice in the insurance business - insurance lore (with attached);

07/22/1997 Affidavit

Comment: Of Elizabeth M Tuck w/attached;

07/22/1997 Other

Comment: Atty Jerry Edmonds list of documents to be filed; Privately Retained: FRANK V LANGFITT Privately Retained: FRANK V LANGFITT Privately Retained: FRANK V LANGFITT Privately Retained: FRANK V LANGFITT

07/22/1997 Memorandum - Trial

Comment: re the ambiguity of the word exhaustion with attached exhibits;

07/29/1997 Memorandum - Trial ▼

Comment: re the admissibility of insur- ance industry codes of conduct;

07/29/1997 Objection ▼

Comment: to ptf notice of telephonic perpetuation orgainizational deposition of LLoyds by Moore & Underwriters;

07/30/1997 Other ▼

Comment: submissions re Ptfs litigation position/admissions on defense costs, with attached; Defendant: GRANITE STATE INS CO Defendant: AMERICAN HOME ASSURANCE CO Defendant: NATIONAL UNION FIRE INS CO OF Defendant: INSURANCE CO OF THE STATE OF P

07/29/1997 Motion - In Limine ▼

Comment: Exclude Expert Testimony from Cascades Purported Insurance Expert;

07/31/1997 Motion - In Limine ▼

Comment: Exclude Testimony of John Connolly,etc;

07/31/1997 Subpoena - Civil ▼

Comment: to Terrence Belunes, Century West Engineering Corp;

07/31/1997 Return - Service Civil Subpoena ▼

Comment
Comment: Pers serv Terrence Belunes 7/ 28;

07/31/1997 Subpoena - Civil ▼

Comment
Comment: to Michael Pattock;

07/31/1997 Return - Service Civil Subpoena ▼

Comment

Comment: Pers serv Michael Pattock 7/16;

Comment: re: late notice defense of Lloyd s, Granite State Ins Co, the Insurance Co of the State of Pa & National Union Fire Ins Co of Pittsburgh, Pa (with attached);

Comment: supplementing earlier submis- sions re the duty of excess & umbrells insurance companies to defend, w/attached exhibits;

Comment: Seal Files of Court Clerk re Depo of Colin Benson,Stephen Lewis & Mark Powell;

Comment: re the public policy of favor- ing settlements (#32) with attached exhibit;

Comment: Exclude Testimony of John Conn olly,etc;

Comment: for Ruling Regarding the Failu re of Cascade to Exhaust the Limits of Liability,etc;

Comment: re definition of commercial liability insurance #36;

Comment: re: McCormick & Baxter (with attached);

Comment: re exclusion of evidence Casca de Corp allegedly violated law regulation rule or ordinance;

CRITICAL Memorandum - Trial ~

Comment: Supplemental re Lost Policy;

CRITICAL Memorandum - Trial ~

Comment: re consequential damages for insurance companys breach of insurance policy;

CRITICAL Response ~

Comment: of Moore & Underwriters to Cascade Corp trial memo re (1) notice to Lloyd and ERC & (2) Lloyds correct address for notice purposes;

CRITICAL Memorandum - Trial ~

Comment: re Lloyd s duty to defend, with attached exhibit #40;

DEFAULT Motion - In Limine ~

Comment: Reservation of Rights Letters etc;w/exhibits;

DEFAULT Motion - Dismissal ~

Comment: w/Prejudice Cascades Claim for a Declaratory Judgment in Re; Portland Well Field;

08/17/1997 Motion - Dismissal ~

Comment: w/Prejudice Cascades claim for al Declaratory Judgment in Re; Sand & Gravel Aquifer;

DEFAULT Motion - Dismissal ~

Comment: Claims for Breach of Contract or Damages;w/exhibits;

DEFAULT Motion - Dismissal ~

Comment: w/Prejudice Cascades claim for a Declaratory Judgment in Re; Rolling Hills Claim w/exhibits;

DEFAULT Memorandum ~

Comment: on additional limits for poli- cy periods less than one year, with attached exhibits;

08/17/1997 Memorandum ▾

Comment

Comment: of Points & Authorities re: effect of extension on policy limits for 1967-1968 excess policy by Def Moore & Under- writers;

08/12/1997 Memorandum ▾

Comment

Comment: of Points & Authorities re per occurence limits in multi-year policies by Def Moore & Under- writers;

08/12/1997 Motion ▾

Comment

Comment: Directed Verdict;

08/12/1997 Motion ▾

Comment

Comment: & Memo Support,to Dismiss w/Prejudice Claim for Damages w/exhibits;

08/12/1997 Verdict ▾

Comment

Comment: special form (unsigned);

08/12/1997 Motion ▾

Comment

Comment: /directed verdict re: no proof of property damage prior to 2/1/62 (submitted by Def Moore & Underwriter) Motion No 1;

08/12/1997 Motion ▾

Comment

Comment: for directed verdict re: can- cellation (submitted by Def Moore & Underwriter) Motion #2;

08/12/1997 Jury Instruction ▾

Comment

Comment: (proposed) of Moore & Under- writers;

08/12/1997 Memorandum - Support Motion ▾

Comment
Comment: to recognize depositions of persons listed in file;

Comment: to Mark Tibbetts to appear on 8/7/97; Defendant: EMPLOYERS REINSURANCE CORP

Comment: re other insurance clauses;

Comment: of jeffrey P Chicoine re conversation w/Marie Mowl;

Comment: case citations regarding when justiciable controversy exists w/attachment; Plaintiff: CASCADE CORPORATION

Comment: special;form;

Comment: special;form;

Comment: to Gary Aspmo;

08/15/1997 Return - Service Civil Subpoena ▼

Comment
Comment: Per serv Gary Aspmo 8/13;

08/18/1997 Other ▼

Comment
Comment: addition to Cascade Corp s case citations re: when a justiciable controversey exist #49, with attached exhibits; Plaintiff: CASCADE CORPORATION

08/18/1997 Objection ▼

Comment
Comment: by Moore & Underwriters to Cas -cade s findings of fact and conclusions of law re: missing policies;

08/19/1997 Subpoena - Civil ▾

Comment
Comment: to George McKallip to appear 8/19/97; Defendant: EMPLOYERS REINSURANCE CORP

08/20/1997 Subpoena - Civil ▾

Comment
Comment: to Elmer Nead;

08/20/1997 Return - Service Civil Subpoena ▾

Comment: Per serv Elmer Nead 8/13;

[illegible] ▾

Comment: Join ERC s Motion for Ruling Re Failure of Cascade Exhaust Limits of Primary Insurance;

[illegible] ▾

Comment: re: justiciability;

[illegible] ▾

Comment: re: Justiciability (SGA);

[illegible] ▾

Comment: Proposed supplemental;

[illegible] ▾

Comment: for Court to Take Judicial Notice;

[illegible] ▾

Comment: in support of Request for the Court to Take Judicial Notice;

09/03/1997 Affidavit –

Comment

Comment: in support of Def 1,5 6&9 s Request for the Court to Take Judicial Notice by Frank V Langfitt III, with attached exhibits;

09/04/1997 Memorandum –

Comment

Comment: re: the per occurrence limit (with attached);

09/05/1997 Order - Dismissal –

| Judicial Officer | Comment |
| --- | --- |
| JOHNSON, NELY L | Comment: STIPULATED, with prejudice and without costs re: Defs 1,4,8 & 11 ONLY; Court Action: Signed; Court Action Date: 09/03/1997; Judge: NELY L JOHNSON; |

09/05/1997 Motion –

Comment

Comment: Against Employers Reinsurance Corp,etc,Show Cause Why A Preliminary Injunction Should Not Enter & for Atty Fees;

09/09/1997 Motion –

Comment

Comment: Against Certain Underwriters at Lloyds,etc w/exhibits;

09/04/1997 Memorandum - Support Motion ▼

Comment

Comment: re motion to dismiss/strike ptf claim for declaratory judg ment re SGA Portland Well Fiel Field & Rolling Hills & to withdraw these claims from jury;

09/09/1997 Motion ▼

Comment

Comment: for Directed Verdict on PTFS claims for atty fees;

09/09/1997 Memorandum ▼

Comment

Comment: of points & authorities in support of Moore and Underwrit ers motion for directed verdict on Cascade claims for attorney fees;

09/09/1997 Affidavit ▼

Comment: of Brad C Stanford in support of Moore & Underwriters motion for directed verdict on Cascades claim for atty fees;

Comment: Moore & Underwriters designation of video taped deposition testimony of Stephen Lewis;

Comment: Trial in opposition to Cascade proposed jury instruction re all sums (No 10) by Moore and Underwriters;

Comment: trial of Moore & Underwriters re jury instruction on defense & indemnity costs;

Comment: to Designate Admitted Exhibits as Court Exhibits Only;

Comment: supplemental;

Comment: Ptf s Revised;

Comment: unsigned;

Comment: in support of Proposed Jury Instr; Defendant: GRANITE STATE INS CO Defendant: AMERICAN HOME ASSURANCE CO Defendant: NATIONAL UNION FIRE INS CO OF Defendant: INSURANCE CO OF THE STATE OF P

Comment: Revised Proposed of Moore and Underwriters;

Comment: in opposition to Cascade s proposed jury instruction re: agency (No 3) submitted by Moore & Underwriters (No 3);

Comment: re: jury instruction on damage to property in Cascade s Care, custody or control (submitted by Moore & Underwriters) No 4;

Comment: re: jury instruction on causa- tion requirement (submitted by Moore & Underwriters) No 3;

Comment: in support of objections to Ptf s proposed jury instruc- tion No 26; Defendant: GRANITE STATE INS CO Defendant: AMERICAN HOME ASSURANCE CO Defendant: NATIONAL UNION FIRE INS CO OF

Comment: in support of objections to Ptf s Proposed Jury Instruc- tion No.16; Defendant: NATIONAL UNION FIRE INS CO OF Defendant: AMERICAN HOME ASSURANCE CO Defendant: GRANITE STATE INS CO

Comment: form, revised special;

Comment: special for, unsigned;

Comment: revised requested;

CRITICAL Memorandum –

Comment: supporting proposed findings of fact and conclusions of law re Cascade missing Lloyds policies;

CRITICAL Brief –

Comment: re verdict form;

CRITICAL Response –

Comment: to Moore & Underwriters motion to designate admitted exhibits as court exhibits only and AIG motion;

CRITICAL Objection –

Comment: by Moore & Underwriters to Cascade s MO/Prelim Injunction or, in the alternative, for an Order/Show Cause why a Prelim Injunction should not enter & for atty fees;

CRITICAL Other –

Comment: Index of out-of-state authori- ties filed in support of Moore & Underwriters opposition to Cascades MO/Prelim Injunction (with attached) SEE FILE FOR ADD L INFORMATION;

CRITICAL Motion –

Comment: Send,to Designate Admitted Exh ibits as Court Exhibits only;

CRITICAL Response –

Comment: to Cascade s Motion for Pre- liminary Injunction or, in the alternative, for an Order to Show Cause why Prelim Injunc should not enter & for atty fees;

CRITICAL Jury Instruction –

Comment: #71 thru 86 (special);

CRITICAL Verdict –

Comment: revised, proposed, special form (attached);

Comment: re: Cascade s right to deter- mine & designate the year or years of coverage to satisfy its claim;

Comment: with attached;

Comment: of Moore & Underwriters re: determination of allocation issued (No 7);

JOHNSON, NELY L     Comment: PROTECTIVE - atty for remain g Defs may have a copy of court transcript of 9/15/97 summari- zing settlement agreement bet. Cascade & the settling Defs subj to conditions listed/file; Court Action: Signed; Court Action Date: 09/25/1997; Judge: NELY L JOHNSON;

Comment: signed by presiding juror on 9/25/97, with attached;

Comment: general;

Comment: #24;

Comment: CONFIDENTIAL DOCUMENT to remain under court seal per Judge Nely Johnson;

Comment: Box (C);

Comment: by Moore & Underwriters to Cascade s Proposed Money Jgmt & Decl Judgment, with attached;

Comment: of Points & Authorities in Opposition & Objection to Cas- cade s proposed form of judg- ment & proposed form of judg- ment FILED UNDER SEAL;

Comment: by Moore & Underwriters to Employers Reinsurance Corp s proposed money judgment and declaratory judgment;

Comment: by Moore & Underwriters to Employers Reinsturance Corp s Memo of Points & Authorities in opposition & objection to Cascade s proposed form of judgment;

Comment: for Order that Defs Lloyd s of London & Employers Reinsurance Corp defend Cascade in the Boeing & Sandy Blvd Mobile Villa litigation, w/attached exhibits;

Comment: DOCUMENTS FILED UNDER SEAL re: Cascade s response to objec- tions to proposed form of judg -ment; & Affidavit of Gerald M Bitz re: Cascade s proposed form of judgment (attached);

JOHNSON, NELY L        Comment: between Ptf/Defs 1,5,6&9 re: Confidentiality/Sealing Order re deposition/trial testimony of M Greenberg, T Adamowski, K Bradley,E Bredemeyer, L Boyce, T Downing etc - SEE FILE/ADD L; Court Action: Signed; Court Action Date: 11/06/1997; Judge: NELY L JOHNSON;

JOHNSON, NELY L        Comment: supplemental, & sealing Order re: references in rcrd to depo sition/testimony of Greenberg, Adamowski,Bradley, Bredemeyer, Boyce, Downing, Dusich, Gelm, Johnson & Weichold -SEE FILE-; Court Action: Signed; Court Action Date: 12/29/1997; Judge: NELY L JOHNSON;

JOHNSON, NELY L     Comment: STIPULATED, with prejudice and without costs; Court Action: Signed; Court Action Date: 12/30/1997; Judge: NELY L JOHNSON;

Comment: Moore &Underwriters Opposition to Cascade s Motion for Order that Def 3&7 defend Cascade in the Boeing & Sandy Blvd Mobile Villa litigation FILED UNDER SEAL PURSUANT TO COURT ORDER;

Comment: on Motion that Lloyd s & Em- ployers Reinsurance defend Cascade in pending litigation, with attached exhibits;

Comment: ****EMPLOYERS REINSURANCE CORP MEMORANDUM OF POINTS AND AUTHORITIES REGARDING POST TRIAL ISSUES TO BE FILED UNDER SEAL ******* DO NOT ENTER **** ********SEE DEIRDRE***********;

Comment: of points & authorities re post trial issues (SEALED BY COURT ORDER);

Comment: on the form of judgment to be entered submitted by Moore & Underwriters;

Comment: Exhibits to Moore & Underwrit- ers Brief on the form of Judg- ment to be entered;

Comment: Supplemental Authorities in support of Moore & Underwriter Brief on the Form of Judgment to be entered, with attached;

Comment: Moore & Underwriters Brief on form of Judgment t/b entered, supl authorities in support of Brief on form of judgment t/b entered & Proof of Srvc by FEDEX upon persons listed/file;

Comment: Employers Reinsurance Corp s Memo of Points & Authorities re Post Trial Issues by over- night courier on 5/19/98;

Comment: of Gerald M Bitz in support of 5/18/98 Memo on Proposed Form of Judgment, with attached;

Comment: on Proposed Form of Judgment, with attached;

Comment: filing under seal including Cascade s 5/18/98 Memo on Proposed Form of Judgment and supporting Affidavit of Gerald M Bitz; Plaintiff: CASCADE CORPORATION

Comment: re: post-trial issued FILED UNDER SEAL;

Comment: Exhibits to Employers Reinsur- ance Corp s Reply Memo re Post Trial Issues FILED UNDER SEAL; Defendant: EMPLOYERS REINSURANCE CORP

Comment: Affidavit of Gerald M Bitz in support of 5/18/98 Memo on proposed form of judgment FILED UNDER SEAL;

Comment: of Jeffrey V Hill FILED UNDER SEAL;

Comment: to Employers Reinsurance s Memo re Post-Trial Issues with attached FILED UNDER SEAL;

Comment: to Moore & Underwriters Brief on the form of judgment to be entered, with attached FILED UNDER SEAL;

Comment: of Gerald M Bitz in support of 5/18/98 Memo on Proposed Form of Judgment, w/attached exhibs FILED UNDER SEAL;

Comment: 2nd Aff of Bitz,etc (FILED UNDER SEAL);

Comment: supplemental of Jeffrey V Hill FILED UNDER SEAL;

Comment: dated 6/30/98 to Judge Johnson from courts 6/16/98 request hearing that Cascade & ERC provide short letter briefs;

07/08/1998 Letter ⌄

Comment: w/attached of ptf to Judge Johnson dated 6/30/98 SEALED/ CONFIDENIAL;

Comment: Ptf s letter to Judge Johnson dated 7/14/98, with attached exhibits 1-7 & case law FILED UNDER SEAL; Privately Retained: RICK POPE

02/19/1999 Motion - Out of State Attorney

02/19/1999 Affidavit - Supporting Motion ⌄

Comment
Comment: of Andrew K Gordon w/exhibits;

02/19/1999 Affidavit - Supporting Motion ▾

Comment
Comment: of Edward J Tafe w/exhibits;

02/19/1999 Affidavit - Supporting Motion ▾

Comment
Comment: of J Gregg Miller w/exhibits;

02/19/1999 Order ▾

Judicial Officer
Ellis, James R

Comment
Comment: Granting Mot to Assoc Out-of- State Cousnel,Andrew K Gordon, Edward J. Tafe &J Gregg Miller; Court Action: Signed; Court Action Date: 02/19/1999; Judge: James R Ellis;

08/17/1999 Judgment ▾

Comment
Comment: based on ruling grantng relief to United Pacific Insurance Co & Millers Mutual Ins Co ONLY,against PTF Cascade Corp (signed by Circuit Judge Lyle C. Velure on 8-10-99);

08/20/1999 Notice - Judgment Entry

Comment: FULL;

Comment: to Judge Johnson dated 1/19/00 from Jeffrey V Hill re: 1999 Cascade Corp Form 10-K;

Comment: from Max H Stern to Judge Johnson dated 1/20/00 re: not submitting add l material;

JOHNSON, NELY L

Comment: filed under seal & not to be opened except upon order of this court; Court Action: Signed; Court Action Date: 03/03/2000; Judge: NELY L JOHNSON;

Comment: Dated 4/7 TO: Clerk FROM: PTF RE: Documents filed under seal w/attached;

04/07/2000 Letter ▾

Comment

Comment: Dated 4/7 TO: Clerk From: Atty Richard S. Pope RE: DOCS FILED UNDER SEAL W/ATTACHED;

04/13/2000 Statement - Costs & Disbursement ▾

Comment: Cascde s statement of costs & disbursements for filing under sealwhicj replaces filed entered & faxed on 4/7/0;

04/13/2000 Order ▾

JOHNSON, NELY L        Comment: to file documents under seal; see file for details; Court Action: Signed; Court Action Date: 04/10/2000; Judge: NELY L JOHNSON;

04/20/2000 Order ▾

JOHNSON, NELY L        Comment: DEFS Employers Reinsurance Corp & Moore & Underwriters shall file any response to Cascade s Petition for Attys Fees on or before 5/17; Court Action: Signed; Court Action Date: 04/20/2000; Judge: NELY L JOHNSON;

05/05/2000 Opinion ▾

Comment: bu Judge Nely Johnson;

05/25/2000 Brief ▾

Comment: Indec of out of State authorities in support of moore & Underewriters oppositi on to Cascade s motion for Atty fees & cross motion for recovery of atty fees;

05/25/2000 Objection ▾

Comment: Moore & Underwriters opposition to Cascade s motion for atty fees & cross-motion for recovery of reasonable atty fees;

05/25/2000 Memorandum ▾

Comment: in support of objections to statement of atty fees, costs & deisbursements w/affidavit of Jeffrey Hill dated 5/25/00 FILED UNDER SEAL;

Comment: Moore & Underwriters oppsoiton to Cascade s motion for atty fees & cross-motion for recovery of reasonable atty fees; Defendant: EMPLOYERS REINSURANCE CORP Defendant: AMERICAN STAR INS CO Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: of Michael A Gevertzin in support of Moore & under- writers opposition to Cascadem otion for atty fees & Cross motion for recovery of reasonable atty fees;

Comment: to Require Defense of Pending Sandy Blvd Mobil Villa Case w/attached;

Comment: of Michael A Gervertz in support of Moore & Underwriter opposition to PTF s motion for atty fees & cross-motion for recovery of reasonable atty fees (FILED UNDER SEAL);

JOHNSON, NELY L    Comment: to File Docs under Seal; PTF s Reply on motion for Award of Atty Fees,Vols 1 & 2 of Ex.1 - 34 to PTF s Reply;Affidavits of Gerald M Bitz,Richard S Pope,Verne W Newcomb,J Miller; Court Action: Signed; Court Action Date: 06/23/2000; Judge: NELY L JOHNSON;

Comment: FILED UNDER SEAL: Reply on Motion to Award of Atty Fees, Vols.1&2 of ex.1-34 to PTF s Reply; Affidavits of G M Bitz R S Pope, V W Newcomb J P Miller w/2 attach env.; Plaintiff: CASCADE CORPORATION

06/23/2000 Order

06/26/2000 Other ▼

Comment
Comment: Cascade s Supplemental State- ment of AKO atty fees, costs, disbursements w/copy of order to file under seal;

08/01/2000 Order ▼

JOHNSON, NELY L    Comment: to file documents under seal Cascade s statement of NSSL atty fees,vol.1&2 of ex.1-17, PTF s statement of AKO atty fees,vol 1&2 ex.A-D,PTF s memo support of atty fees,ex.1-12; Court Action: Signed; Court Action Date: 07/31/2000; Judge: NELY L JOHNSON;

Comment: on cross-motion for recivery of reasonable atty fees FILED UNDER SEAL;

Comment: on cross-motion for recovery of reasonable atty fees (FILED UNDER SEAL) (Filed by Moore & Under- writers);

Comment: Cascade s supplemental statement of NSSL atty fees w/attachments;

Comment: Joinder in authorities & objection to Cascade s statement of atty fees, costs disbursements FILED UNDER SEAL; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: & motion to strike cascaade s supplementalstatement of NSSL atty fees;

Comment: Supplemental of AKO Atty Fees; FILED UNDER SEAL **DOCUMENTS WERE NOT SEALED WHEN RECEIVED BY THE COURT**;

Comment: Supplemental of AKO Atty Fees; Notice of Errata FILED UNDER SEAL; **DOCUMENTS NOT SEALED WHEN RECEIVED BY THE COURT**;

09/08/2000 Hearing - Further Proceedings ▾

Hearing Time
9:00 AM

Comment

Comment: Re: Attorney s Fees; Est length of time: 8 Hour(s)

09/11/2000 Letter ▾

Comment
Comment: from Carmen Smith w/Newcomb, Sabin,Schwartz & Landsverk dated 9/11/00 re: statement of atty fees omitted from orig doc w/attached;

10/30/2000 Other ▾

Comment
Comment: Cascade Supplemental proof of loss for Lloyds missing primary certificate; Plaintiff: CASCADE CORPORATION

10/30/2000 Other ▾

Comment
Comment: Exhibits 1 - 10 to Cascade s supplemental proof of loss for Lloyd s missing primary certificate w/attached; Plaintiff: CASCADE CORPORATION

10/31/2000 Hearing - Further Proceedings ▾

Hearing Time
9:00 AM

Comment
Comment: Further Proceeding on Attorney Fees; Est length of time: 1 Hour(s)

12/08/2000 Brief ▾

Comment
Comment: (supplemental) in opposition to Cascade s motion for atty fees FILED UNDER SEAL;

12/08/2000 Other ▾

Comment
Comment: explanation of objections to cascade srequest for atty fees & costs FILED UNDER SEAL;

12/08/2000 Affidavit ▾

Comment
Comment: of Michael A Gevertz in response to affidavaits of verne W newcomb & James P miller in ssupport of reply on cascades motion for atty fees FILED UNDER SEA;;

12/08/2000 Other ▾

Comment
Comment: exhibits a-E to Moore, under writers, employees reinsurnace Corp explanation of objections to cascade s req. for atty fees cost & disbursements FILED UNDER SEAL;

12/13/2000 Other  ▾

Comment:

Comment: appendix out-of-state authorities in support of Moore & Underwriters supplemental brief in oppos. to cascade s motion for attu fees FILED UNDER SEAL;

12/13/2000 Other  ▾

Comment:

Comment: index of out of state authorit in support of employers reinsurance corporation s supplemental memorandum in support of obections to Cascade s statement of atty fe; Defendant: EMPLOYERS REINSURANCE CORP

12/13/2000 Affidavit  ▾

Comment:

Comment: (unsigned) of Michael A Gevertz in response to affidav of Verne W Newcomb & James P Miller in support of reply on Cascade s motion for atty fees FILED UNDER SEAL;

12/15/2000 Other  ▾

Comment:

Comment: Employers reisurance corp supplemental memo in support of objections to Cascade s statement of atty fees,costs & disb. -FILED UNDER SEAL - w/envelope attached;

12/15/2000 Other  ▾

Comment:

Comment: Index of out-of-state authorities in support of employers reinsurance corp s supplemental memo in support of objections to PTF statement 1 env.(FILED UNDER SEAL);

12/18/2000 Reply  ▾

Comment:

Comment: ti objection to atty fees;

02/06/2001 Hearing - Further Proceedings  ▾

Hearing Time
09:00 AM

Comment
Est length of time: 8 Hour(s)

02/12/2001 Reply  ▾

Comment
Comment: affidavit of Robert M Horkvich in support of Cascade s fee application;

03/28/2001 Opinion  ▾

Judicial Officer     Comment
JOHNSON, NELY L     Comment: w/attached; Court Action: Signed; Court Action Date: 03/28/2001; Judge: NELY L JOHNSON;

05/04/2001 Statement - Attorney Fees ▾

Comment
Comment: Second Supplemental w/attached;

05/04/2001 Other ▾

Comment
Comment: Cascade s 4/01 Supplemental NSSL Atty Fees and Non Hourly Charges w/attached; Plaintiff: CASCADE CORPORATION

05/04/2001 Affidavit ▾

Comment
Comment: of Gerald M Bitz re AKO Nonhourly Charges w/attached;

05/04/2001 Statement - Attorney Fees ▾

Comment: Supplemental of Jacob Tanzer w/attached;

Comment: of Gerald M Bitz re NSSL Nonhourly Charges w/attached;

JOHNSON, NELY L     Comment: defs Employers Reinsurance Corp and Moore & Underwriters have until 6/4/01 to file any responses/objections to petiti on to atty fees & costs; Court Action: Signed; Court Action Date: 05/21/2001; Judge: NELY L JOHNSON;

Comment: in response to Bitz affidavits re: non-hourly charges (FILED UNDER SEAL) filed by Moore & Underwriters;

Comment: Joint in response to Cascade s supplemental non-hourly charges as atty fees (FILED UNDER SEAL) - filed by ERC & Underwriters;

Comment: Joint in response to Cascade s supplemental atty fees (FILED UNDER SEAL) - filed by ERC & Underwriters;

Comment: re: atty fees incurred to collect atty fees (FILED UNDER SEAL) filed by ERC;

Comment: of Jeffrey V Hill in support of ERC & Underwriters joint memo in response to Cascade s supplemental non-hourly charge as atty fees(FILED UNDER SEAL);

Comment: Revised Separate in response to Bitz affidavits re: non- hourly charges (FILED UNDER SEAL);

Comment: of Moore and Underwriters to ERCs separate opposition (FILED UNDER SEAL);

Comment: on supplemental fee petitions w/exhibits 1 & 2;

JOHNSON, NELY L       Comment: Supplemental to Court s 3/28/01 opinion - court awards $57,632.29; Court Action: Signed; Court Action Date: 09/07/2001; Judge: NELY L JOHNSON;

JOHNSON, NELY L       Comment: Amended supplemental 3/28/01 opinion- Cascade seeking $78,352.29 - court awards $57,632.29 subtracting block entries & work performed because material not clear; Court Action: Signed; Court Action Date: 10/04/2001; Judge: NELY L JOHNSON;

Comment: For Entry Of Jgm W/Attached;

01/30/2002 Affidavit - Supporting Motion ▼

Comment: Of Gerald M Blitz; W/Attached;

02/25/2002 Other ▼

Comment: ERC s partial joinder in insurer s oppositon to Cascade motion for entry of jdugment & mtoion for entry of alternative judgment; Defendant: EMPLOYERS REINSURANCE CORP

02/27/2002 Objection ▼

Comment: to Cascade proposed formof judgment;

02/25/2002 Other ▼

Comment: ERC s proposed form of Judgment; Defendant: EMPLOYERS REINSURANCE CORP

02/25/2002 Objection ▼

Comment: to Cascades proposed money judgment & declaratory judgmnt;

02/25/2002 Proof - Service

02/27/2002 Reply ▼

Comment
Comment: on motion for entry of judgment w/exhibits;

02/27/2002 Proof - Service

02/27/2002 Order - Unsigned ▼

Comment
Comment: corrected proposed money judgment & declaratory judgmnt;

03/12/2002 Statement - Attorney Fees ▼

Comment
Comment: supplemental & non-hourly charges;

03/14/2002 Statement ▼

Comment
Comment: of atty fees & expenses FILED UNDER SEAL;

03/15/2002 Objection ▼

Comment
Comment: to ptfs ssupplemental state- ments of atty fees and non hourly charges;

03/18/2002 Hearing - Motion ▼

Hearing Time
10:30 AM

Comment
Comment: Rick Pope Motion for Entry of Jgmt; Est length of time: 90 Minute(s)

03/25/2002 Other ▼

Comment
Comment: Moore & underwriters Joinders to employees re: insurance corp objection to Cascade s supplemental statement of atty fees * non hourly charges; Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: EMPLOYERS REINSURANCE CORP

03/27/2002 Hearing - Further Proceedings ▼

Hearing Time
01:30 PM

Comment
Comment: Ruling; Est length of time: 30 Minute(s)

04/08/2002 Closed

04/08/2002 Judgment - Money ▼

Comment
Comment: 1 thru 3 & declaratory judgmnt between ptf & defs 3 & 7 (10 pages/see file for specs); ; DEF:EMPLOYERS REINSURANCE CORP; DEF:CERTAIN UNDERWRITERS AT LLOYDS; PTF:CASCADE CORPORATION

04/23/2002 Notice - Judgment Entry

04/25/2002 Order - Unsigned ▼

Comment
Comment: w/proposed money judgment and declaratory judgment;

04/27/2002 Objection ▼

Comment
Comment: corrected to Cascades proposed money judgment;

JOHNSON, NELY L          Comment: CA A118185 - stipulated waiving undertaking for costs on
                         appeal; Court Action: Signed; Court Action Date: 06/03/2002; Judge:
                         NELY L JOHNSON;

Comment: w/designation of record 4/22/02 judgment by Judge Nely Johnson;

Comment: w/designation of record (copy) 4/22/02 judgment by Judge Nely Johnson (NOTICE OF
APPEAL);

Comment: w/designation of record-April 22 2002 judgment by Judge Nely Johnson; Defendant:
EMPLOYERS REINSURANCE CORP

Comment: cost on appeal ($500) Cumberland Casualty & Surety bond #MB008006701;

Comment: of notice to reporter/transcri ber of transcript due date 10/21/02;

Comment: Vol 6 re 3/27/02 hearing before Judge Nely Johnson /s/ Charlotte A Powers RPR CSR;

Comment: of filing & proof of service;

Comment: of filing w/proof of service;

10/4/2002 Transcript - Appeal –

Comment: (57 volumes) /s/ Dennis Appodaca;

10/31/2002 Transcript - Appeal –

Comment: 1) re 10/20/00 hearing before Judge Nely L Johnson /s/ Anne Dickens Gardener;

10/31/2002 Transcript - Appeal –

Comment: 1) re 10/31/00 hearing before Judge Nely L Johnson /s/ Anne Dickens Gardener;

10/31/2002 Transcript - Appeal –

Comment: 1) re 12/18/00 hearing before Judge Nely L Johnson /s/ Anne Dickens Gardener;

10/31/2002 Transcript - Appeal –

Comment: re 2/6/01 hearing before Judge Nely L Johnson /s/ Anne Dickens Gardener;

11/27/2002 Notice –

Comment: of filing w/proof of service;

11/27/2002 Transcript - Appeal –

Comment: re 3/18/02 hearing before Judge Nely L Johnson /s/ Joy Wade & Associates;

11/27/2002 Notice –

Comment: of filing w/proof of service;

11/27/2002 Transcript - Appeal –

Comment: re 9/8/00 hearing before Judge Nely Johnson /s/ Mary Ann Gianni CSR RPR;

11/27/2002 Notice –

Comment: of filing w/proof of service;

12/02/2002 Bond - Appeal Supersedeas ▾

Comment
Comment: Carolina Casualty amount not to exceed $986,209.62 bond approved 12/2/02 NLJ;

12/12/2002 Bond - Appeal Supersedeas ▾

Comment
Comment: bond # 7900608382 $950,000 Nationwide Mutual Ins Co apprvd NLJ 1212/02;

12/16/2002 Motion - Time Extension ▾

Comment
Comment: 60 dys frm 11/29/02 to 1/28/03 to file transcript *copy/orig filed in court of appeals case CAA118185*;

Comment: for supplemental relief w/exhibits 1/2/3; Plaintiff: CASCADE CORPORATION

Comment: affidavit of Richard S Pope in support w/exhibit 1 thru 6;

Comment: of Gerald M Bitz in support of 1st petition for supplemental relief w/attachments 1 thru 8;

Comment: of Jeffrey V. Hill In Support of Motion For Rescheduling Order;

Comment: & oppositon to Cascade s proposed new money Judgment presented as a motion to show cause why pt. for supple. relief should not be granted;

Comment: Joiner in motion of Moore & underwriters; Defendant: EMPLOYERS REINSURANCE CORP

Comment
Comment: of filing & proof of service 15 volume; Court Action: Served; Court Action Date:
04/07/2003;

04/07/2003 Transcript - Proceedings ▾

Comment
Comment: Volume 1 - held 12/15/92;

04/07/2003 Transcript - Proceedings ▾

Comment
Comment: Volume II - held 12/16/92;

04/07/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - held 6/24/93;

04/07/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - 12/9/93;

04/07/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - held 3/9/94;

04/07/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - held 10/21/93;

04/07/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - held 11/17/93;

04/07/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - held 9/15/93;

04/07/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - held 10/6/93;

04/07/2003 Transcript - Proceedings ▼

Comment
Comment: 1 volume - held 12/8/94;

04/07/2003 Transcript - Proceedings ▼

Comment
Comment: 1 volume - held 11/30/94;

04/07/2003 Transcript - Proceedings ▼

Comment
Comment: 1 volume - 12/19/94;

04/07/2003 Transcript - Proceedings ▼

Comment
Comment: 1 volume - held 5/12/95;

04/07/2003 Transcript - Proceedings ▼

Comment
Comment: 1 volume - held 8/2/95;

04/07/2003 Transcript - Proceedings ▼

Comment
Comment: 1 volume - held 9/27/95;

04/14/2003 Reply ▼

Comment
Comment: to petition for supplemental releif;

04/15/2003 Hearing ▼

Hearing Time
01:30 PM

Cancel Reason
Set-Over Court

Result
Set-Over

Comment
Comment: Re: Supplemental Relief; Event Status: Set-Over Court; Event Status Date: 04/15/2003; Est length of time: 30 Minute(s)

04/16/2003 Hearing - Further Proceedings ▼

Hearing Time
8:00 AM

Comment
Comment: Re: Supplemental Relief; Est length of time: 30 Minute(s)

04/21/2003 Proof - Service ▼

Comment
Comment: Volumes 1-57; Court Action: Served; Court Action Date: 04/23/2003;

04/21/2003 Transcript - Proceedings ▼

Comment
Comment: 1 volume - heard 1/31/96;

04/21/2003 Transcript - Proceedings ▼

Comment
Comment: 1 volume - heard 3/16/96;

04/21/2003 Transcript - Proceedings ▼

Comment
Comment: 1 volume -heard 7/11/96;

04/21/2003 Transcript - Proceedings ▼

Comment
Comment: 1 volume -heard 7/24/96;

04/21/2003 Transcript - Proceedings ▼

Comment
Comment: 1 volume - heard 8/21/96;

04/21/2003 Transcript - Proceedings ▼

Comment
Comment: 1 volume - heard 9/18/96;

04/21/2003 Transcript - Proceedings ▼

Comment
Comment: 1 volume - heard 11/5/96;

04/21/2003 Transcript - Proceedings ▼

Comment
Comment: 1 volume - heard 11/6/96;

04/21/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - heard 11/13/96;

04/21/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - heard 11/22/96;

04/21/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - heard 12/11/96;

04/21/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - heard 12/20/96;

04/21/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - heard 3/20/97;

04/21/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - heard 10/13/97;

04/21/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - heard 11/6/97;

04/21/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - heard 2/11/98;

04/21/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - heard 4/8/98;

04/21/2003 Transcript - Proceedings ▾

Comment
Comment: 1 volume - heard 6/16/98;

05/05/2003 Motion - Time Extension −

Comment: 28 days frm 5/7/03 to 6/4/03 for filing transcript *copy/orig filed in court of appeals CAA118185*;

Comment: corrected of notice to reporter/transcriber re transcript due date/none given;

Comment: re 2/2/96 hearing before Judge Nely Johnson /s/ Dennis W Apodaca RMR;

Comment: on 2/2/96;

Comment: re 7/3/97 hearing before Judge Nely Johnson /s/ Mary Ann Dianni CSR RPR;

Comment: re 7/11/97 hearing before Judge Nely Johnson /s/ Mary Ann Gianni CSR RPR;

Comment: re 9/8/00 hearing before Judge Nely Johnson /s/ Mary Ann Gianni CSR RPR;

Comment: of filing w/proof of service;

Comment: w/motion to show cause re petition (not signed/case on appeal);

Comment: re 3/15/93 hearing before Judge James R Ellis /s/ Pamela J Smith court rep;

06/04/2003 Notice ▾

Comment
Comment: of filing w/proof of service;

06/04/2003 Transcript - Appeal ▾

Comment
Comment: re 5/21/96 hearing before Judge Nely Johnson /s/ Jennifer Wiles CSR RPR;

06/04/2003 Notice ▾

Comment
Comment: of filing w/proof of service;

06/12/2003 Motion - Time Extension ▾

Comment
Comment: to correct appeal transcript *copy/orig filed in court of appeals case CAA118185*;

07/21/2003 Motion - Time Extension ▾

Comment
Comment: to correct transcript *copy/ orig filed in CAA118185 in appellate court*;

08/14/2003 Motion - Correct Transcript ▾

Comment
Comment: w/attached;

08/15/2003 Motion - Correct Transcript ▾

Comment
Comment: on appeal *copy* w/attachment;

08/15/2003 Motion - Correct Transcript ▾

Comment
Comment: *copy* w/attached;

08/19/2003 Order - Unsigned ▾

Comment
Comment: proposed/copy on motion corrct transcript;

09/10/2003 Order ▾

| Judicial Officer | Comment |
|---|---|
| KOCH, DALE R | Comment: Proposed - on motion to correct transcript on appeal GRANTEd & court reporters shall have 60 days from date of this order to make correct- tions & additions list; Court Action: Signed; Court Action Date: 09/12/2003; Judge: DALE R KOCH; |

10/09/2003 Order - Correct Transcript –

| JOHNSON, NELY L | Comment: reporters have 60 days from this order to make corrections & additions listed in motion w/attached; Court Action: Signed; Court Action Date: 10/08/2003; Judge: NELY L JOHNSON; |

Comment: vol 5 re 5/27/97 hearing before Jg Nely Johnson /s/ Dennis Apodaca RPR;

Comment: vol 13 re 7/3/97 hearing before Jg Nely Johnson /s/ Mary Ann Gianni RPR;

Comment: SEALED PROCEEDINGS of 7/3/97 /s/ Dennis Apodaca;

Comment: vol 17 re 7/11/97 hearing before Jg Nely Johnson /s/ Mary Ann Gianni RPR;

Comment: re 9/18/97 hearing before Jg Nely Johnson /s/ Dennis Apodaca RPR;

Comment: (2 vol)re 9/18/97 CONFIDENTIAL PROCEEDINGS SUBJECT TO PROTECTIVE ORDER before Jg Nely Johnson /s/ Dennis W Apodaca RPR;

Comment: re 9/8/00 hearing before Jg Nely Johnson /s/ Mary Ann Gianni RPR;

Comment
Comment: re transcripts /s/Dennis Apodaca court rep re events 1078 thru 1084;

11/14/2003 Transcript - Appeal ▼

Comment
Comment: re hearing before Jg Nely Johnson /s/ Julie A Colling court rep;

11/14/2003 Notice ▼

Comment
Comment: of filing & proof of service;

11/18/2003 Order - Settling Transcript ▼

| Judicial Officer | Comment |
|---|---|
| KOCH, DALE R | Court Action: Signed; Court Action Date: 11/18/2003; Judge: DALE R KOCH; |

02/27/2004 Hearing - Case Management ▬

Hearing Time

03:30 PM

Comment: Status conf.; Est length of time: 30 Minute(s)

Comment: Of Gerald Bitz in support of Cascade s petition for supplemental relief With attached;

Comment: & Opposition To Cascade s Pro- posed New Money Jdgm Filed by Moore & Underwriters;

Comment: of Franklin Hunsaker In Sup- port of Objections & Opposi- tion To Cascade s Proposed New Money Jdgm; Filed by Moore & Underwriters w/attached;

Comment: to and motion strike Cascades 3/8/04 submission;

Comment: joinder in Moore & Underwriter objections/opposition to Cascades proposed new money judgment & objections and motion strike Cascades 3/8/04 submission; Defendant: EMPLOYERS REINSURANCE CORP

03/18/2004 Response ▼

Comment: to lloyd s objections to supplemental relief;

03/18/2004 Hearing - Motion ▼

Hearing Type

1:30 AM

Comment: 1 hour;

03/22/2004 Order ▼

| Judicial Officer | Comment |
| --- | --- |
| JOHNSON, NELY L | Comment: reporting of proceedures by stenographic means; Court Action: Signed; Court Action Date: 03/18/2004; Judge: NELY L JOHNSON; |

04/22/2004 Order ▼

| Judicial Officer | Comment |
| --- | --- |
| JOHNSON, NELY L | Comment: denying ptf motion show cause re petition for supplemental relief/court has no jurisdictn; Court Action: Denied; Court Action Date: 04/22/2004; |

12/03/2004 Order - Dismiss on Appeal ▼

| Judicial Officer | Comment |
| --- | --- |
| BREWER, DAVID V | Comment: & Cross Appeal as to Certain Underwriters @ Lloyds; London & London Market Companies; No Costs Allowed; Court Action: Signed; Court Action Date: 11/19/2004; Judge: DAVID V BREWER; |

12/09/2004 Judgment - Limited ▼

| Judicial Officer | Comment |
| --- | --- |
| KOCH, DALE R | Comment: Stipulated Between Ptf and Def 7 W/Prejudice and W/Out Costs to any Party **DOES NOT CREATE A JGM LIEN**; Court Action: Signed; Court Action Date: 12/09/2004; ; DEF:CERTAIN UNDERWRITERS AT LLOYDS; JUD:KOCH_ DALE_ R.; PTF:CASCADE CORPORATION |

12/14/2004 Notice - Judgment Entry

04/19/2007 Satisfaction ▼

Comment
Comment: FULL;

05/15/2007 Order - Dismiss on Appeal

05/15/2007 Judgment - Enforce Appellate ▾

Comment
Comment: A118185;SO53928 w/order granting stipulated motion dismiss appeal;no costs allowd effective date 5/3/07;

05/18/2007 Notice - Judgment Entry

06/14/2007 Miscellaneous ▾

Comment
Comment: returned COA - A118185 100 files, exhibits & sealed filings;

04/23/2015 Notice - Exhibit Purge

06/30/2015 Exhibit - Purge

06/30/2015 Order - Release Or Destroy Exhibits ▾

| Judicial Officer | Comment |
|---|---|
| Waller, Nan G | Disposing of Exhibits, Medical Records, and Transcripts in accordance with the rules and procedures of this court. (See Order 1501-30000) |

## Financial

AMERICAN STAR INS CO

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $50.50 |
| | Total Payments and Credits | | | $50.50 |
| 7/8/1994 | Transaction Assessment | | | $50.50 |
| 7/8/1994 | Counter Payment | Receipt # 2336072 | AMERICAN STAR INS CO | ($50.50) |

EMPLOYERS REINSURANCE CORP

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $46.67 |
| | Total Payments and Credits | | | $46.67 |
| 11/28/1997 | Transaction Assessment | | | $23.33 |
| 12/3/1997 | Transaction Assessment | | | $0.00 |
| 12/3/1997 | Counter Payment | Receipt # 2664543 | CASCADE CORPORATION | ($23.34) |
| 12/9/1997 | Counter Payment | Receipt # 2665933 | EMPLOYERS REINSURANCE CORP | ($23.33) |

CASCADE CORPORATION

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $5,577.58 |
| | Total Payments and Credits | | | $5,577.58 |
| 5/7/1992 | Transaction Assessment | | | $118.00 |
| 5/7/1992 | Counter Payment | Receipt # 2146358 | CASCADE CORPORATION | ($118.00) |
| 5/8/1992 | Counter Payment | Receipt # 2146712 | UNKNOWN | ($14.50) |
| 6/3/1993 | Counter Payment | Receipt # 2238443 | CASCADE CORPORATION | ($20.00) |
| 6/25/1993 | Counter Payment | Receipt # 2243812 | CASCADE CORPORATION | ($20.00) |
| 10/21/1993 | Counter Payment | Receipt # 2271932 | CASCADE CORPORATION | ($20.00) |
| 6/24/1996 | Transaction Assessment | | | $20.00 |
| 6/24/1996 | Counter Payment | Receipt # 2525438 | CASCADE CORPORATION | ($20.00) |
| 7/30/1997 | Transaction Assessment | | | $1,500.00 |
| 7/30/1997 | Counter Payment | Receipt # 2631262 | CASCADE CORPORATION | ($1,500.00) |
| 10/3/1997 | Transaction Assessment | | | $3,800.00 |
| 10/6/1997 | Counter Payment | Receipt # 2649183 | CASCADE CORPORATION | ($3,800.00) |

| | | | | |
|---|---|---|---|---|
| 11/28/1997 | Transaction Assessment | | | $23.34 |
| 12/16/1997 | Counter Payment | Receipt # 2667882 | CERTAIN UNDERWRITERS AT LLOYDS | ($23.33) |
| 1/5/1998 | Transaction Assessment | | | $20.50 |
| 1/5/1998 | Counter Payment | Receipt # 2671912 | UNKNOWN | ($20.50) |
| 9/8/1998 | Counter Payment | Receipt # 2734947 | UNKNOWN | ($21.25) |

# Exhibit M

## Case Information

CCV9908032 | EMPLOYERS INSURANCE OF WAUSAU VS. TEKTRONIX INC

| Case Number | Court | File Date |
| --- | --- | --- |
| CCV9908032 | Clackamas | 08/03/1999 |
| Case Type | Case Status | |
| Declaratory Judgment | Closed | |

## Party

**Plaintiff**
EMPLOYERS INSURANCE OF WAUSAU

Active Attorneys ▼

Lead Attorney
EARLE, WILLIAM G
Retained

Attorney
FISHER, APRIL A
Retained

Attorney
BARBER, BRYAN
Retained

**Defendant**
TEKTRONIX INC

Active Attorneys ▼

Lead Attorney
KAPLAN, SCOTT J

Retained

Attorney
NEVIUS, JOHN G
Retained

Attorney
LEWIS, RICHARD P
Retained

Attorney
HORKOVICH, ROBERT M
Retained

Attorney
HARCKHAM, FINLEY T
Retained

Defendant
CONTINENTAL CASUALTY COMPANY

Defendant
AETNA CASULTY AND SURETY COMPA

Defendant
GRANITE STATE INSURANCE COMPAN

Defendant
NATIONAL UNION FIRE INSURANCE

Defendant
DOES, 1-100

Conversion - Extended Connections
JONES, THOMAS M


Conversion - Extended Connections
BOYER, HELEN A


Conversion - Extended Connections
GEVERTZ, MICHAEL


Conversion - Extended Connections
ROME, BRUCE R


Conversion - Extended Connections
SINGAL, SANGEETA


Conversion - Extended Connections
RUBY, JOSEPH L


Conversion - Extended Connections
BAACH, MARTIN R


Conversion - Extended Connections
BELEN, BELENETTE A


Appellant-Cross-Respondent/Respondent
TEKTRONIX INC

3rd Party Plaintiff
AIU INSURANCE COMPANY

3rd Party Plaintiff
TEKTRONIX INC

3rd Party Defendant
EQUITAS REINSURANCE LIMITED

3rd Party Defendant
EQUITAS LIMITED

3rd Party Defendant
INSURANCE COMPANY OF PENNSYLVA

## Disposition Events

03/09/2001 Judgment ▾

Judicial Officer
Gilroy, Patrick D.

Judgment Type
Judgment

Monetary Award
  Signed Date: 03/09/2001
  Total: $635.00
  Comments: statutory simpl...

12/30/2003 Judgment ▾

Judicial Officer
Maurer, Steven L

Judgment Type
Judgment

Monetary Award
  Signed Date: 12/30/2003
  Total: $1981167.00
  Comments: Post-jgmt inter...

11/15/2004 Judgment ▾

Judicial Officer
Maurer, Steven L

Judgment Type
Judgment - Supplemental Creates Lien

Monetary Award
  Signed Date: 11/15/2004
  Total: $2818210.00
  Comments: Post jgmt inter...

02/08/2005 Judgment ▾

Judicial Officer
Maurer, Steven L

Judgment Type
Judgment - General Creates Lien

Monetary Award
    Signed Date: 02/08/2005
    Total: $483204.93
    Comments: Post jgmt inter...

12/19/2007 Judgment ▼

Judicial Officer
Unassigned, Judge

Judgment Type
Judgment - Supplemental Creates Lien

Monetary Award
    Signed Date: 12/19/2007
    Total: $118918.25
    Comments: Interest: Simpl...

12/19/2007 Judgment ▼

Judicial Officer
Unassigned, Judge

Judgment Type
Judgment - Supplemental Creates Lien

Monetary Award
    Signed Date: 12/19/2007
    Total: $865.60
    Comments: Interest: Simpl...

11/13/2009 Judgment ▼

Judicial Officer
Maurer, Steven L

Judgment Type
Judgment - General Creates Lien

Monetary Award
  Signed Date: 11/13/2009
  Total: $7445051.00
  Comments: And Declarator...

## Events and Hearings

08/03/1999 Complaint

08/11/1999 Return - Service Summons ▾

  Comment
  Comment: svd 8/3/99 Kathleen Boyland @ office of James F Dalton R/A; Defendant: TEKTRONIX INC

09/16/1999 Motion - Change Venue ▾

  Comment
  Comment: & Memorandum of Points & Authorities (oral argmt rqstd) FF $135.00; Defendant: TEKTRONIX INC

09/16/1999 Affidavit - Supporting Motion ▾

  Comment
  Comment: Scott J Kaplan;

09/16/1999 Affidavit - Supporting Motion ▾

  Comment
  Comment: Kenneth Skinner;

10/05/1999 Memorandum - Opposing Motion ▾

  Comment
  Comment: to def Tektronix motion to change venue; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

10/05/1999 Affidavit ▼

Comment
Comment: of William G Earle In Opposit- ion;

10/06/1999 Notice - Hearing

10/14/1999 Reply ▼

Comment
Comment: In Support of Motion to change venue; Defendant: TEKTRONIX INC

10/14/1999 Reply ▼

Comment
Comment: Aff of Scott J Kaplan In Spprt of motion for change of venue;

10/14/1999 Reply ▼

Comment
Comment: Aff of Kenneth Skinner In Supp ort of Defs Motion for Ven Chn;

10/14/1999 Return - Service Summons ▼

Comment
Comment: svd 9/22/99 Barb Hasler for CT Corporation Systems; Defendant: CONTINENTAL
CASUALTY COMPANY

10/14/1999 Return - Service Summons ▼

Comment
Comment: svd 9/22/99 Mrs Banwart @ offc of Jerry Packman R/A for; Defendant: NATIONAL
UNION FIRE INSURANCE

10/14/1999 Return - Service Summons ▼

Comment
Comment: svd 9/22/99 Mrs Banwart @ offc of Jerry Packman R/A for; Defendant: GRANITE
STATE INSURANCE COMPAN

10/14/1999 Return - Service Summons ▼

Comment
Comment: svd 9/24/99 Tarri McKay @ offc of Sherry L Henson R/A for; Defendant: TRAVELERS
INDEMNITY COMPANY

10/14/1999 Return - Service Summons ▼

Comment
Comment: svd 9/24/99 Tarri McKay @ offc of Sherry L Henson R/A for; Defendant: AETNA
CASULTY AND SURETY COMPA

10/25/1999 Notice ▾

Comment
Comment: Of Appearance-$135.00; Defendant: GRANITE STATE INSURANCE COMPAN
Defendant: NATIONAL UNION FIRE INSURANCE

10/25/1999 Hearing - Motion ▾

Hearing Time
10:30 AM

Comment
Comment: DEFENDANT'S MOTION FOR CHANGE OF VENUE;

10/26/1999 Motion ▾

Comment
Comment: For Association of Out-Of- State Counsel Bryan M Barber, Pro Hac Vice; Plaintiff:
EMPLOYERS INSURANCE OF WAUSAU

10/26/1999 Affidavit - Supporting Motion ▾

Comment
Comment: by William G Earle;

10/26/1999 Other ▾

Comment
Comment: Declaration of Bryan M Barber In Support of Motion for Out- of-State Counsel Pro Hac
Vice;

11/02/1999 Notice - Ready for Trail ▾

Comment
Comment: Apr-May-Jun 00;

11/02/1999 Other ▾

Comment
Comment: Declaration Of Bryan M Barber In Support Of Motion For Out- of-State Counsel Pro Hac
Vice; Supplemental;

11/04/1999 Order ▾

Judicial Officer
Bagley, Raymond R

Comment
Comment: Denying Def Tektronix Inc Motion for Change of Venue; Court
Action: Signed; Court Action Date: 11/04/1999; Judge: Raymond R
Bagley; Privately Retained: WILLIAM G EARLE

11/04/1999 Order ▼

Judicial Officer
Bagley, Raymond R

Comment
Comment: allowing assocation of out-of- State counsel Bryan M Barber
for Employers Insurance of Wausau No bar # or address for atty); Court
Action: Signed; Court Action Date: 11/04/1999; Judge: Raymond R
Bagley;

01/11/2000 Motion ▼

Comment
Comment: for admission of J. G. Nevius pro hac vice; Privately Retained: SCOTT J KAPLAN
Defendant: TEKTRONIX INC

01/11/2000 Affidavit - Supporting Motion ▼

Comment
Comment: Of John G. Nevius; Defendant: TEKTRONIX INC Privately Retained: SCOTT J
KAPLAN

01/11/2000 Motion ▼

Comment
Comment: for admission of Robert M. Horkovich pro hac vice; Privately Retained: SCOTT J
KAPLAN Defendant: TEKTRONIX INC

01/11/2000 Affidavit - Supporting Motion ▼

Comment
Comment: of Robert M. Horkovich; Privately Retained: SCOTT J KAPLAN Defendant:
TEKTRONIX INC

01/11/2000 Motion ▼

Comment
Comment: for admission of Finley T. Harckham pro hac vice; Privately Retained: SCOTT J
KAPLAN Defendant: TEKTRONIX INC

01/11/2000 Affidavit - Supporting Motion ▼

Comment
Comment: of Finley T. Harckham; Defendant: TEKTRONIX INC Privately Retained: SCOTT J
KAPLAN

01/11/2000 Motion ▼

Comment
Comment: for admission of Richard P. Lewis pro hac vice; Privately Retained: SCOTT J KAPLAN
Defendant: TEKTRONIX INC

01/11/2000 Affidavit - Supporting Motion ▾

Comment
Comment: of Richard P. Lewis; Privately Retained: SCOTT J KAPLAN Defendant: TEKTRONIX
INC

01/21/2000 Answer - Affirmative Defense ▾

Comment
Comment: 3rd pty complaint; Defendant: TEKTRONIX INC Privately Retained: SCOTT J KAPLAN

01/26/2000 Notice - Withdrawal of Attorney ▾

Comment
Privately Retained: CURT H FEIG

01/26/2000 Other ▾

Comment
Comment: Declaration of Service by mail to all parties 1-24-00;

02/03/2000 Motion ▾

Comment
Comment: For association out-of-state counsel Thomas Jones and Helen Boyer Pro Hac Vice
FF$135; Defendant: GRANITE STATE INSURANCE COMPAN Defendant: NATIONAL UNION
FIRE INSURANCE Privately Retained: CURT H FEIG

02/03/2000 Affidavit - Supporting Motion ▾

Comment
Comment: of Helen A. Boyer;

02/03/2000 Affidavit - Supporting Motion ▾

Comment
Comment: of Thomas M. Jones;

02/03/2000 Certificate - Mailing ▾

Comment
Comment: motion assoc. out state atty; Court Action: Mailed; Court Action Date: 02/01/2000;
Privately Retained: DIANE L POLSCER Conversion - Extended Connections: MICHAEL
GEVERTZ Privately Retained: TIMOTHY DALY SMITH Privately Retained: CARSON BOWLER
Privately Retained: WILLIAM G EARLE

Comment: Thomas M Jones in support of motion for assoc pro hac vice counsel;

02/08/2000 Order

Selander, Robert R.    Comment: Admitting Finley T Harckham pro hac vice; Court Action:
                       Signed; Court Action Date: 02/08/2000; Judge: Robert R. Selander;
                       Defendant: TEKTRONIX INC

02/08/2000 Order

Selander, Robert R.    Comment: admitting Robert M Horkovich as atty pro hac vice; Court
                       Action: Signed; Court Action Date: 02/08/2000; Judge: Robert R.
                       Selander; Defendant: TEKTRONIX INC

02/08/2000 Order

Selander, Robert R.    Comment: admitting Richard P Lewis as atty Pro Hac Vice; Court Action:
                       Signed; Court Action Date: 02/08/2000; Judge: Robert R. Selander;
                       Defendant: TEKTRONIX INC

02/08/2000 Order

Selander, Robert R.    Comment: admitting John G Nevius atty pro hac vice; Court Action:
                       Signed; Court Action Date: 02/08/2000; Judge: Robert R. Selander;
                       Defendant: TEKTRONIX INC

Comment: against def Tektronix's counterclaim oral argmt rqstd; Plaintiff: EMPLOYERS
INSURANCE OF WAUSAU

Comment: Def Continental Caus against Def Tektronix's Cross Claims;

Comment: Of Bret Sommermeyer in support of Rule 21;

Comment: Joinder of certain Wausau Rule 21 Motions & two independent Rule 21 Motions;
Defendant: TRAVELERS INDEMNITY COMPANY

Comment: third party complaint; Court Action: Accepted & Acknowledged; Court Action Date:
02/18/2006; Conversion - Extended Connections: HELEN A BOYER 3rd Party Plaintiff: AIU
INSURANCE COMPANY

Comment: third party; Conversion - Extended Connections: HELEN A BOYER 3rd Party
Defendant: INSURANCE COMPANY OF PENNSYLVA

Comment: third party; Conversion - Extended Connections: HELEN A BOYER 3rd Party Plaintiff:
AIU INSURANCE COMPANY

Gilroy, Patrick D.          Comment: allowing out of state counsel pro hac vice Thomas M Jones &
                            Helen A Boyer; Court Action: Signed; Court Action Date: 02/24/2000;
                            Judge: Patrick D. Gilroy; Defendant: GRANITE STATE INSURANCE
                            COMPAN Defendant: NATIONAL UNION FIRE INSURANCE

Comment: Joinder of def Continental Casualty Co in Employers Insurance of Wausau's Rule 21
Motions against def Tektronix; Defendant: CONTINENTAL CASUALTY COMPANY

Comment: Joinder of Def/Affidavit of Helen Boyer/FED EX; Court Action: Mailed; Court Action
Date: 02/29/2000; Conversion - Extended Connections: BRYAN BARBER Privately Retained:
TIMOTHY DALY SMITH Privately Retained: JAMES T WALDRON Privately Retained: CARSON
BOWLER Conversion - Extended Connections: MICHAEL GEVERTZ Privately Retained: BRETT
SOMMERMEYER Privately Retained: DIANE L POLSCER Privately Retained: WILLIAM G EARLE

03/01/2000 Return - Service Summons ▼

Comment
Comment: 3rd pty-Tektronics summons svd on Hall Corp Syst R/A by svg Tracy Wasson; Court
Action: Served; Court Action Date: 02/22/2000; 3rd Party Defendant: CENTRAL NATIONAL
INSURANCE COM

03/01/2000 Return - Service Summons ▼

Comment
Comment: 3rd pty Tektronix summons svd on Michael Greenfield-Oregon Ins Commissioner; Court
Action: Served; Court Action Date: 02/22/2000; 3rd Party Defendant: CERTAIN LONDON
MARKET INSURANC

03/01/2000 Return - Service Summons ▼

Comment
Comment: 3rd pty pltf Tektronix summons svd on Wilma Crisi in offc of Michel Greenfield-Oregon
Insurance Commissioner; Court Action: Served; Court Action Date: 02/22/2000; 3rd Party
Defendant: EQUITAS REINSURANCE LIMITED

03/01/2000 Return - Service Summons ▼

Comment
Comment: 3rd pty ptf Tektronix svd on George C Lock at Mendes & Mount R/A; Court Action:
Served; Court Action Date: 02/24/2000; 3rd Party Defendant: EQUITAS REINSURANCE LIMITED

03/01/2000 Return - Service Summons ▼

Comment
Comment: 3rd pty pltf Tektronix svd on George Lock for Mendes & Mount R/A; Court Action:
Served; Court Action Date: 02/24/2000; 3rd Party Defendant: EQUITAS LIMITED

03/01/2000 Return - Service Summons ▼

Comment
Comment: of 3rd pty pltf Tektronix svd on Wilma Crisi for Michael Greenfield Oregon Insurance
Commissioner; Court Action: Served; Court Action Date: 02/22/2000; 3rd Party Defendant:
EQUITAS LIMITED

03/01/2000 Return - Service Summons ▼

Comment
Comment: 3rd pty pltf Tektronix svd on Wilma Crisi for Michael Greenfield-Oregon Insurance
Commissioner; Court Action: Served; Court Action Date: 02/22/2000; 3rd Party Defendant:
EQUITAS HOLDINGS LIMITED

03/01/2000 Return - Service Summons ▼

Comment
Comment: 3rd pty pltf Tektronix svd on George Lock for Mendes & Mount R/A; Court Action:
Served; Court Action Date: 02/24/2000; 3rd Party Defendant: EQUITAS HOLDINGS LIMITED

03/01/2000 Return - Service Summons ▾

Comment

Comment: 3rd pty pltf Tektronix svd on George Lock for Mendes & Mount R/A; Court Action: Served; Court Action Date: 02/24/2000; 3rd Party Defendant: EQUITAS MANAGEMENT SERVICES

03/01/2000 Return - Service ▾

Comment

Comment: 3rd pty pltf Tektronix svd on Wilma Crisi for Michael Greenfield-Ore Ins Commissionr; Court Action: Served; Court Action Date: 02/22/2000; 3rd Party Defendant: EQUITAS MANAGEMENT SERVICES

03/01/2000 Return - Service Summons ▾

Comment

Comment: 3rd pty pltf Tektronix svd on Wilma Crisi for Michael Greenfield Ore Ins Commissionr; Court Action: Served; Court Action Date: 02/22/2000; 3rd Party Defendant: EQUITAS POLICYHOLDERS TRUST LI

03/01/2000 Return - Service Summons ▾

Comment

Comment: 3rd pty pltf Tektronix svd on George Lock for Mendes & Mount R/A; Court Action: Served; Court Action Date: 02/24/2000; 3rd Party Defendant: EQUITAS POLICYHOLDERS TRUST LI

03/01/2000 Return - Service Summons ▾

Comment

Comment: 3rd pty pltf Tektronix svd on Patty McGriff for CT Corp Syst R/A; Court Action: Served; Court Action Date: 02/22/2000; 3rd Party Defendant: HIGHLANDS INSURANCE COMPANY

03/01/2000 Other ▾

Comment

Comment: Joinder to certain of pltf Employers of Wausau's Rule 21 Motions agnst def Tektronix's cntrlclm & AIU's add'l Rule 21 Motion agnst def Tektronix's 3rd pty cmplnt-oral argmt rqst; Defendant: GRANITE STATE INSURANCE COMPAN 3rd Party Plaintiff: AIU INSURANCE COMPANY Defendant: NATIONAL UNION FIRE INSURANCE 3rd Party Defendant: INSURANCE COMPANY OF PENNSYLVA

03/01/2000 Other ▾

Comment

Comment: Joinder to def Continental Casualty Co's Rule 21 Motions agnst def Tektronix's cross-claims-oral argmt rqst FF $135; 3rd Party Plaintiff: AIU INSURANCE COMPANY Defendant: GRANITE STATE INSURANCE COMPAN Defendant: NATIONAL UNION FIRE INSURANCE 3rd Party Defendant: INSURANCE COMPANY OF PENNSYLVA

03/01/2000 Affidavit

03/06/2000 Motion ▼

Comment
Comment: for admission of out of state counsel; Defendant: CERTAIN UNDERWRITERS AT
LLOYDS Privately Retained: ALBERT J BANNON Defendant: CERTAIN UNDERWRITING
SYNDICATE

03/06/2000 Affidavit - Supporting Motion ▼

Comment
Privately Retained: ALBERT J BANNON

03/06/2000 Affidavit ▼

Comment
Comment: Bruce R. Rome support motion f or out of state counsel; Defendant: CERTAIN
UNDERWRITERS AT LLOYDS

03/06/2000 Affidavit - Supporting Motion ▼

Comment
Comment: of Sangeeta Singal;

03/06/2000 Motion - Compel Production ▼

Comment
Comment: requiement of deposit of security; Defendant: TEKTRONIX INC Privately Retained:
SCOTT J KAPLAN

03/06/2000 Affidavit - Supporting Motion ▼

Comment
Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

03/06/2000 Affidavit - Supporting Motion ▼

Comment
Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

03/06/2000 Affidavit ▼

Comment
Comment: Kenneth Skinner in Support of Teks Motion to Compel/Trust limited to deposit security
or post a bond;

03/06/2000 Certificate - Service ▼

Comment
Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

03/07/2000 Return - Service Summons ▾

Comment
Comment: 3rd pty Tektronix svd on Patti Dietz R/A; Court Action: Served; Court Action Date:
02/22/2000; 3rd Party Plaintiff: CENTURY INDEMNITY COMPANY

03/10/2000 Notice - Hearing

03/10/2000 Return - Service Summons ▾

Comment
Comment: 3rd pty Tektronics-svd on George Lock for Mendes & Mount R/A; Court Action: Served;
Court Action Date: 02/24/2000; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

03/13/2000 Motion - Rule 21 ▾

Comment
Comment: Points & Authorities; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

03/13/2000 Affidavit - Supporting Motion ▾

Comment
Comment: Michael A Gevertz;

03/13/2000 Motion - Rule 21 ▾

Comment
Comment: against def & 3rd pty pltf Tektronix FF $135.00; Defendant: CERTAIN
UNDERWRITERS AT LLOYDS

03/14/2000 Return - Service Summons ▾

Comment
Comment: of 3rd pty Tektronix svd on Kathy Staples-rep Oregon Sec of State; Court Action:
Served; Court Action Date: 03/01/2000; 3rd Party Defendant: EQUITAS REINSURANCE LIMITED

03/14/2000 Return - Service Summons ▾

Comment
Comment: 3rd pty Tektronix svd on Kathy Staples for Oregon Sec of State; Court Action: Served;
Court Action Date: 03/01/2000; 3rd Party Defendant: EQUITAS LIMITED

03/14/2000 Return - Service Summons ▾

Comment
Comment: 3rd pty Tektronix svd on Kathy Staples for Ore Sec of State; Court Action: Served;
Court Action Date: 03/01/2000; 3rd Party Defendant: EQUITAS HOLDINGS LIMITED

03/14/2000 Return - Service Summons ▾

Comment
Comment: 3rd pty Tektronix svd on Kathy Staples for Ore Sec of State; Court Action: Served; Court Action Date: 03/01/2000; 3rd Party Defendant: EQUITAS MANAGEMENT SERVICES

03/14/2000 Return - Service Summons ▾

Comment: 3rd pty Tektronix svd on Kathy Staples for Ore Sec of State; Court Action: Served; Court Action Date: 03/01/2000; 3rd Party Defendant: EQUITAS POLICYHOLDERS TRUST LI

Comment: Michael A Gevertz in support of certain underwriters at Lloyd's London & certain London Market Insurance Co's Rule 21 Motion;

Comment: Case assigned to Judge Gilroy;

Gilroy, Patrick D.        Comment: on motion for admission of out-of-state counsel; Court Action: Signed; Court Action Date: 04/06/2000; Judge: Patrick D. Gilroy; Conversion - Extended Connections: SANGEETA SINGAL 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Conversion - Extended Connections: MICHAEL GEVERTZ Defendant: CERTAIN UNDERWRITERS AT LLOYDS Conversion - Extended Connections: BRUCE R ROME

Comment: to dismiss Tektronix's 3rd pty complaint-oral argmt rqstd FF $135.00; 3rd Party Defendant: EQUITAS LIMITED 3rd Party Defendant: EQUITAS HOLDINGS LIMITED 3rd Party Defendant: EQUITAS REINSURANCE LIMITED 3rd Party Defendant: EQUITAS POLICYHOLDERS TRUST LI 3rd Party Defendant: EQUITAS MANAGEMENT SERVICES

04/07/2000 Memorandum - Support Motion

04/07/2000 Affidavit - Supporting Motion ▾

Comment
Comment: David S Aman;

Comment: of David Aman re Affidavit of Stephen John Britt;

04/10/2000 Order - Protected

Gilroy, Patrick D.       Comment: stipluated; Court Action: Signed; Court Action Date:
                         04/07/2000; Judge: Patrick D. Gilroy;

04/10/2000 Affidavit

Comment: supplemental-Helen A Boyer in support of joinder of defs to def Continental Casualty
Rule 21 motions agnst Tektronix cross-clms oral argmt rqstd; Defendant: GRANITE STATE
INSURANCE COMPAN 3rd Party Plaintiff: AIU INSURANCE COMPANY Defendant: NATIONAL
UNION FIRE INSURANCE 3rd Party Defendant: INSURANCE COMPANY OF PENNSYLVA

04/12/2000 Certificate - Mailing

Comment: supplemental aff Helen Boyer; Court Action: Mailed; Court Action Date: 04/11/2000;
Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: BRYAN
BARBER Privately Retained: CARSON BOWLER Conversion - Extended Connections: MICHAEL
GEVERTZ Conversion - Extended Connections: RICHARD P LEWIS Privately Retained: DIANE L
POLSCER Privately Retained: WILLIAM G EARLE

04/18/2000 Affidavit

Comment: Stephen John Britt in support of 3rd pty def Equitas ORCP 21 motions to dismiss
Tektronix's 3rd pty complaint; 3rd Party Defendant: EQUITAS HOLDINGS LIMITED

04/21/2000 Hearing - Motion

Gilroy, Patrick D.

9:00 AM

Cancelled

Comment: Rule 21 Motion Reset to 5/22/00; Event Status: Cancelled; Est length of time: 2 Hour(s)

Comment
Comment: for admissions of Joseph L Ruby Pro Hac Vice; 3rd Party Defendant: EQUITAS
HOLDINGS LIMITED 3rd Party Defendant: EQUITAS LIMITED 3rd Party Defendant: EQUITAS
REINSURANCE LIMITED 3rd Party Defendant: EQUITAS POLICYHOLDERS TRUST LI 3rd Party
Defendant: EQUITAS MANAGEMENT SERVICES

05/01/2000 Affidavit - Supporting Motion

05/01/2000 Order ▾

| Judicial Officer | Comment |
| --- | --- |
| Gilroy, Patrick D. | Court Action: Allowed; Court Action Date: 04/28/2000; Judge: Patrick D. Gilroy; |

05/01/2000 Motion ▾

Comment
Comment: for admission of Martin R Baach Pro Hac Vice; 3rd Party Defendant: EQUITAS
REINSURANCE LIMITED 3rd Party Defendant: EQUITAS LIMITED 3rd Party Defendant:
EQUITAS HOLDINGS LIMITED 3rd Party Defendant: EQUITAS MANAGEMENT SERVICES 3rd
Party Defendant: EQUITAS POLICYHOLDERS TRUST LI

05/01/2000 Affidavit - Supporting Motion

| | |
| --- | --- |
| Gilroy, Patrick D. | Comment: allow Martin R Baach to appear pro hac vice; Court Action: Signed; Court Action Date: 04/28/2000; Judge: Patrick D. Gilroy; |

Comment: Opposition to Insurance Co's Rule 21 Motions (oral argmt rqstd); Defendant:
TEKTRONIX INC

Comment: to Equitas' Rule 21 Motions oral argmt rqstd; Defendant: TEKTRONIX INC

Comment: of Mark L Bricker; Defendant: TEKTRONIX INC

Comment

Comment: of Richard P Lewis in support of Tektronix's consolidated Opposition to Ins Co's Rule 21 Motions & Tektronix's opposition to Equitas' Rule 21 motions w/exhibits; Defendant: TEKTRONIX INC

05/10/2000 Memorandum - Opposing Motion ▾

Comment:

Comment: TO TEKTRONIC'S MOTION TO COMPEL EQUITAS TO DEPOSIT A SECURITY OR POST A BOND IN COMPLIANCE WITH ORS 746.340; 3rd Party Defendant: EQUITAS POLICYHOLDERS TRUST LI 3rd Party Defendant: EQUITAS HOLDINGS LIMITED 3rd Party Defendant: EQUITAS LIMITED 3rd Party Defendant: EQUITAS REINSURANCE LIMITED 3rd Party Defendant: EQUITAS MANAGEMENT SERVICES

Comment: Harold Torkelson formerly of Rathbone, King & Seeley;

Comment: SANGEETA SINGAL RE BALANCE SHEETS & US TRUST FUNDS OF LLOYDS OF LONDON & CERTAIN LONDON MARKET INSURANCE CO OPPOSITION TO TEKTRONIX INC'S $13 MILLION BOND MOTIONS;

Comment: STEPHEN JOHN BRITT IN OPPOSITI TO TEKTRONIX INC MOTION TO COMPEL PURSUANT ORS 746.340;

Comment: APPENDIX OF OUT OF STATE AUTHORIES IN SUPPORT OF OPPOSITION TO TEKTRONIX INC'S $13 MILLLION DOLLAR BOND MOTION; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: TO TEKTRONIX INC $13 MILLION BOND MOTION; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: & MOTIONS TO STRIKE AFFIDAVIT OF KENNETH J SKINNER; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: FOR SANCTIONS AGAINST TEKTRONI INC; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: HAROLD TORKELSON FORMERLY OF RATHBONE KING & SEELY;

Comment: BRUCE J ROME IN SUPPORT OF CERTAIN UNDERWRITERS AT LLOYDS OPPOSITION TO TEKTRONIX INC BOND MOTION;

Comment: SCOTT J KAPLAN, TIMOTHY DALY SMITH STOEL RIVES MARTIN R BAACH JOSEPH L RUBY BAACH ROBINSON & LEWIS; Court Action: Mailed; Court Action Date: 05/10/2000;

Comment: TO TEKTRONIX'S CONSOLIDATED OPPOSITION TO INSURANCES COS RULE 21 MOTIONS; Defendant: GRANITE STATE INSURANCE COMPAN

Comment: reply brief, opposition to Rule 21 motions; Court Action: Mailed; Court Action Date: 05/16/2000; Conversion - Extended Connections: BRYAN BARBER Privately Retained: DON H MARMADUKE Privately Retained: DIANE L POLSCER Privately Retained: F SCOTT FARLEIGH Conversion - Extended Connections: MICHAEL GEVERTZ Privately Retained: TIMOTHY DALY SMITH Privately Retained: RICHARD A LEE Privately Retained: ALBERT J BANNON Privately Retained: CARSON BOWLER Privately Retained: WILLIAM G EARLE

Comment: AFFIDAVIT OF MARK L BRICKER & OTHER EXTRINSIC EVIDENCE; Defendant: CONTINENTAL CASUALTY COMPANY

Comment: TO TEKTRONIX'S CONSOLIDATED OPPOSITION TO INSURANCE CO'S RULE 21
MOTIONS; Defendant: CONTINENTAL CASUALTY COMPANY

Comment: THOMAS H CUTLER IN SUPPORT OF REPLY IN SUPPORT OF RULE 21 MOTIONS
AGAINST DEF TEKTRONIX INC CROS CLAIMS; Defendant: CONTINENTAL CASUALTY
COMPANY

Comment: RE ITS RULE 21 MOTIONS AGAINST DEF TEKTRONIX COUNTERCLAIM; Plaintiff:
EMPLOYERS INSURANCE OF WAUSAU

Comment: IN SUPPORT OF ORCP 21 MOTIONS TO DISMISS TEKTRONIX'S THIRD- PARTY
COMPLAINT; 3rd Party Defendant: EQUITAS HOLDINGS LIMITED 3rd Party Defendant:
EQUITAS LIMITED 3rd Party Defendant: EQUITAS REINSURANCE LIMITED 3rd Party
Defendant: EQUITAS POLICYHOLDERS TRUST LI 3rd Party Defendant: EQUITAS
MANAGEMENT SERVICES

3rd Party Defendant: HIGHLANDS INSURANCE COMPANY 3rd Party Defendant: CENTRAL
NATIONAL INSURANCE COM 3rd Party Plaintiff: CENTURY INDEMNITY COMPANY

Comment: RICHARD A LEE;

Comment: TO LONDON'S MOTION TO STRIKE AFFIDAVIT OF KENNETH J SKINNER; Plaintiff:
EMPLOYERS INSURANCE OF WAUSAU

05/17/2000 Affidavit - Supplemental ▼

Comment
Comment: KENNETH J SKINNER;

05/17/2000 Opposition ▼

Comment: supplemental to Travelers' joinder of certain Wausau Rule 21 Motions & two indendent Rule 21 motions; Defendant: TEKTRONIX INC

Comment: to Certain Underwriters at LLoyd's London & Certain London Market Insurance Cos Motion for Sanctions against Tektronix Inc; Defendant: TEKTRONIX INC

Comment: Richard P Lewis in support of Tektronix's reply brief on its Motion to request the deposit of a Security;

Comment: TEK'S Reply Brief on Motion to Compel to Comply w/Obligation to Post Bond/Hand/Overnite Del; Court Action: Mailed; Court Action Date: 05/17/2000; Privately Retained: BRETT SOMMERMEYER Conversion - Extended Connections: BRYAN BARBER Privately Retained: F SCOTT FARLEIGH Conversion - Extended Connections: MICHAEL GEVERTZ Conversion - Extended Connections: JOSEPH L RUBY Conversion - Extended Connections: HELEN A BOYER Privately Retained: RICHARD A LEE Conversion - Extended Connections: BRUCE R ROME Conversion - Extended Connections: MARTIN R BAACH Privately Retained: DAVID STANLEY AMAN Privately Retained: JAMES T WALDRON Conversion - Extended Connections: SANGEETA SINGAL Privately Retained: ALBERT J BANNON Privately Retained: DIANE L POLSCER Conversion - Extended Connections: THOMAS M JONES Privately Retained: DON H MARMADUKE Privately Retained: CARSON BOWLER Privately Retained: WILLIAM G EARLE

Comment: TO TEKTRONIX'S SUPPLEMENTAL OPPOSITION TO TRAVELERS JOINDER OF RULE 21 MOTIONS & TRAVELERS TWO INDEPENDENT RULE 21 MOTION; Defendant: TRAVELERS INDEMNITY COMPANY

Comment: Joinder in Employers Ins of Wausau's Reply memo Re its Rule 21 Motions against Tek; Defendant: CONTINENTAL CASUALTY COMPANY

05/22/2000 Certificate - Compliance ▼

Comment
3rd Party Defendant: HIGHLANDS INSURANCE COMPANY 3rd Party Defendant: CENTRAL NATIONAL INSURANCE COM Defendant: NATIONAL UNION FIRE INSURANCE

05/22/2000 Certificate - Service ▾

Comment
Comment: ATTY'S FOR: INS OF WAUSAU; TEKTRONIX; CONT CAUSALTY CO; GRANITE ST
INS CO; NATIONAL UNION FIRE INS; TRAVELERS; ATENA CASUALTY; SURETY CO;
EQUITAS'S; CERTIAN UNDERWRITER; Court Action: Mailed; Court Action Date: 05/22/2000;

05/22/2000 Hearing - Motion ▾

Hearing Time
09:00 AM

Comment
Comment: Rule 21 motions & Bond motion; Est length of time: 8 Hour(s)

06/05/2000 Order ▾

Judicial Officer            Comment
Gilroy, Patrick D.          Court Action: Signed; Court Action Date: 06/02/2000; Judge: Patrick D.
                            Gilroy;

06/16/2000 Other ▾

Comment
Comment: stipulated project protocol for John Brasino;

07/31/2000 Conference - Judicial Settlement ▾

Hearing Time
10:00 AM

Comment
Est length of time: 13 Hour(s)

09/29/2000 Memorandum ▾

Comment
Comment: to court addressing issues rel event to the 10/2/00 conferen.; Privately Retained:
SCOTT J KAPLAN

10/02/2000 Hearing - Settlement Status ▾

Hearing Time
10:00 AM

10/26/2000 Judgment - Dismissal Stipulated ▾

Judicial Officer            Comment
Gilroy, Patrick D.          Comment: w/out prejudice re pltf # 2, & defs # 18,19,26 ONLY; Court
                            Action: Signed; Court Action Date: 10/26/2000; Judge: Patrick D. Gilroy;

; DEF:CENTURY INDEMNITY COMPANY; DEF:CENTRAL NATIONAL
INSURANCE COM; DEF:HIGHLANDS INSURANCE COMPANY;
PTF:TEKTRONIX INC

11/09/2000 Notice - Judgment Entry -

Conversion - Extended Connections: THOMAS M JONES Privately Retained: SCOTT J KAPLAN
Conversion - Extended Connections: RICHARD P LEWIS Privately Retained: ALBERT J BANNON
Privately Retained: DIANE L POLSCER Privately Retained: RICHARD A LEE Privately Retained: F
SCOTT FARLEIGH Conversion - Extended Connections: MICHAEL GEVERTZ Privately Retained:
DON H MARMADUKE Conversion - Extended Connections: BRUCE R ROME Conversion -
Extended Connections: JOSEPH L RUBY Conversion - Extended Connections: JOHN G NEVIUS
Defendant: 1-100 DOES Privately Retained: JAMES T WALDRON Conversion - Extended
Connections: HELEN A BOYER Privately Retained: TIMOTHY DALY SMITH Conversion -
Extended Connections: FINLEY T HARCKHAM Conversion - Extended Connections: SANGEETA
SINGAL Conversion - Extended Connections: MARTIN R BAACH Conversion - Extended
Connections: ROBERT M HORKOVICH Privately Retained: WILLIAM G EARLE Privately
Retained: CURT H FEIG Privately Retained: DAVID STANLEY AMAN

Gilroy, Patrick D.              Comment: STIP RE THIRDPARTY DEF'S AIU INSURANCE CO; Court
                                Action: Signed; Court Action Date: 11/14/2000; Judge: Patrick D. Gilroy;

Comment: supplemental-Bruce J Rome in support of certain underwriter at Lloyds London &
certain London Market Insurance Co opposition to Tektronix Incs Bond Motion; Defendant:
CERTAIN UNDERWRITERS AT LLOYDS

Comment: Supp/Aff of Bruce J. Rome in Support of Ins Co Opp to Teks Bond Motion; Privately
Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: HELEN A BOYER
Conversion - Extended Connections: ROBERT M HORKOVICH Conversion - Extended
Connections: THOMAS M JONES Privately Retained: SCOTT J KAPLAN Privately Retained:
CARSON BOWLER Conversion - Extended Connections: RICHARD P LEWIS Privately Retained:
DIANE L POLSCER Conversion - Extended Connections: BRYAN BARBER Privately Retained: F
SCOTT FARLEIGH Privately Retained: DON H MARMADUKE Conversion - Extended
Connections: FINLEY T HARCKHAM Conversion - Extended Connections: JOSEPH L RUBY
Conversion - Extended Connections: JOHN G NEVIUS Privately Retained: JAMES T WALDRON
Conversion - Extended Connections: MARTIN R BAACH Privately Retained: ALBERT J BANNON
Privately Retained: WILLIAM G EARLE Privately Retained: DAVID STANLEY AMAN

Comment
Comment: Jose Manuel Coelho Martins & Aires Fernandex Sanchas; Defendant: CERTAIN
UNDERWRITERS AT LLOYDS

01/05/2001 Hearing - Settlement Conference ▾

09:00 AM

Est length of time: 8 Hour(s)

Comment: affirmative defenses/counter- claims/crossclaims & 3rd pty claims; Defendant:
TEKTRONIX INC

Comment: F Scott Farleigh; Defendant: CERTAIN UNDERWRITERS AT LLOYDS Privately
Retained: HOLLIS K MCMILAN

Gilroy, Patrick D.        Comment: allowing Equitas' motion to dismiss Tektronix's 3rd pty
                         complaint & all 3rd pty claims against Equitas w/prejudice; Court Action:
                         Signed; Court Action Date: 02/15/2001; Judge: Patrick D. Gilroy; 3rd
                         Party Defendant: EQUITAS HOLDINGS LIMITED 3rd Party Defendant:
                         EQUITAS POLICYHOLDERS TRUST LI 3rd Party Defendant: EQUITAS
                         MANAGEMENT SERVICES

Gilroy, Patrick D.        Comment: approve substitution of atty; Court Action: Signed; Court
                         Action Date: 02/20/2001; Judge: Patrick D. Gilroy; Defendant: CERTAIN
                         UNDERWRITERS AT LLOYDS Privately Retained: HOLLIS K
                         MCMILAN 3rd Party Defendant: CERTAIN LONDON MARKET
                         INSURANC

Comment: 2nd-affirmative defenses counterclaims & 3rd pty claims; Defendant: TEKTRONIX INC

Comment
3rd Party Defendant: EQUITAS LIMITED 3rd Party Defendant: EQUITAS REINSURANCE
LIMITED

03/09/2001 Judgment ▾

Judicial Officer          Comment
Gilroy, Patrick D.        Court Action: Signed; Court Action Date: 03/09/2001; Judge: Patrick D.
                          Gilroy;

03/14/2001 Notice - Judgment Entry ▾

Comment
Conversion - Extended Connections: JOSEPH L RUBY Conversion - Extended Connections:
JOHN G NEVIUS Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections:
ROBERT M HORKOVICH Privately Retained: SCOTT J KAPLAN Conversion - Extended
Connections: FINLEY T HARCKHAM Privately Retained: DIANE L POLSCER Conversion -
Extended Connections: MICHAEL GEVERTZ Conversion - Extended Connections: RICHARD P
LEWIS Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections:
SANGEETA SINGAL Conversion - Extended Connections: HELEN A BOYER Privately Retained:
ALBERT J BANNON Conversion - Extended Connections: THOMAS M JONES Conversion -
Extended Connections: BRUCE R ROME Privately Retained: JAMES T WALDRON Privately
Retained: WILLIAM G EARLE Privately Retained: DON H MARMADUKE Conversion - Extended
Connections: MARTIN R BAACH Defendant: 1-100 DOES Privately Retained: CURT H FEIG
Privately Retained: DAVID STANLEY AMAN

03/14/2001 Judgment - Stipulated ▾

Judicial Officer          Comment
Gilroy, Patrick D.        Comment: & order dismissing w/prejudice cross-claims; Court Action:
                          Signed; Court Action Date: 03/14/2001; Judge: Patrick D. Gilroy; ;
                          DEF:CONTINENTAL CASUALTY COMPANY

03/15/2001 Motion - Rule 21 ▾

Comment
Comment: points & authorities (w/ attached motion under seal); Defendant: CERTAIN
UNDERWRITERS AT LLOYDS

03/15/2001 Affidavit ▾

Comment
Comment: Hollis K McMilan in support of motion;

03/21/2001 Request - Admission ▾

Comment
Comment: 1st-to Tektronix; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

03/22/2001 Notice - Judgment Entry ▾

Comment
Defendant: 1-100 DOES Conversion - Extended Connections: FINLEY T HARCKHAM Conversion
- Extended Connections: MICHAEL GEVERTZ Conversion - Extended Connections: JOSEPH L
RUBY Conversion - Extended Connections: JOHN G NEVIUS Conversion - Extended
Connections: RICHARD P LEWIS Privately Retained: CURT H FEIG Privately Retained: TIMOTHY
DALY SMITH Conversion - Extended Connections: HELEN A BOYER Privately Retained: HOLLIS
K MCMILAN Conversion - Extended Connections: BRUCE R ROME Conversion - Extended
Connections: MARTIN R BAACH Privately Retained: DAVID STANLEY AMAN Conversion -
Extended Connections: ROBERT M HORKOVICH Privately Retained: JAMES T WALDRON
Privately Retained: SCOTT J KAPLAN Privately Retained: ALBERT J BANNON Conversion -
Extended Connections: THOMAS M JONES Privately Retained: DON H MARMADUKE
Conversion - Extended Connections: SANGEETA SINGAL Privately Retained: DIANE L
POLSCER Privately Retained: WILLIAM G EARLE

03/23/2001 Motion ▾

Comment
Comment: to associate out-of-state counsel; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

03/23/2001 Affidavit - Supporting Motion ▾

Comment
Comment: Belenette A Belen;

03/23/2001 Affidavit - Supporting Motion ▾

Comment: Hollis K McMilan;

03/30/2001 Other ▾

Comment: Joinder in London's Rule 21 Motion; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

03/30/2001 Opposition ▾

Comment: to London's & Wausau's motion for reconsideration of this courts 1-18-01 order &
Londons 2nd Rule 21 Motion; Defendant: TEKTRONIX INC

03/30/2001 Affidavit ▾

Comment: John G Nevious in support of opposition;

04/02/2001 Motion - Sanctions ▾

Comment: against certain Underwriters at Lloyds London & certain London Market Ins Companies;
Defendant: TEKTRONIX INC

Comment: proposed 3rd amended answer affirmative defenses/counter- claims & 3rd pty claims of def & 3rd pty pltf Tektronix; Defendant: TEKTRONIX INC

Bernstein, James E     Comment: on motion for admission of out-of-state counsel Belenette A Belen; Court Action: Signed; Court Action Date: 04/03/2001; Judge: James E Bernstein;

Comment: Brief for Certain Underwriters at Lloyds London & Certain London Market Insurance Companies Rule 21 Motion; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Comment: Brief for Certain Underwriters at Lloyds London & Certain London Market Ins Co's Rule 21 Motion; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: to Tektronix's motion for sanctions; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

04/05/2001 Affidavit - Supporting Motion ▾

Comment
Comment: Michael A Gevertz;

04/05/2001 Affidavit ▾

Comment
Comment: supplemental-Bruce J Rome;

04/06/2001 Affidavit ▾

Comment
Comment: Michael A Gevertz in support of certain underwriters at Lloyds London & certain London Mkt Ins Cos' Rule 21 Motions & in opposition to Tektronix's motion for sanctions; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

04/06/2001 Affidavit ▾

Comment
Comment: supplemental of Bruce J Rome in support of Certain Underwriters at Lloyds London &
Certain London Market Ins Co's Rule 21 motion & in opposition to Tektronix's mtn; Defendant:
CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET
INSURANC

04/11/2001 Affidavit - Opposing Motion ▾

Comment
Defendant: TEKTRONIX INC 3rd Party Plaintiff: TEKTRONIX INC

04/23/2001 Satisfaction ▾

Comment
3rd Party Defendant: EQUITAS REINSURANCE LIMITED 3rd Party Defendant: EQUITAS
HOLDINGS LIMITED 3rd Party Defendant: EQUITAS POLICYHOLDERS TRUST LI 3rd Party
Defendant: EQUITAS MANAGEMENT SERVICES

04/27/2001 Exhibit ▾

Comment
Comment: supplemental-in support of certain underwriters at Lloyds London & certain London Mkt
Ins Co Rule 21 Motion; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC
Defendant: CERTAIN UNDERWRITERS AT LLOYDS

04/27/2001 Affidavit ▾

Comment
Comment: Bob Coe;

05/03/2001 Judgment - Dismissal Stipulated ▾

Judicial Officer          Comment
Gilroy, Patrick D.        Comment: w/prejudice of Tektronix' x-clms agnst Granite St Ins Co &
                          Nat Union Fire Ins & 3rd pty claims agnst Ins Co of the St of
                          Pennsylvania; Court Action: Signed; Court Action Date: 05/03/2001;
                          Judge: Patrick D. Gilroy; ; DEF:GRANITE STATE INSURANCE
                          COMPAN

05/07/2001 Motion ▾

Comment
Comment: ORCP 30 to drop Travelers as a party; Defendant: TRAVELERS INDEMNITY
COMPANY Defendant: AETNA CASULTY AND SURETY COMPA

05/15/2001 Notice - Judgment Entry ▾

Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections: ROBERT M HORKOVICH Conversion - Extended Connections: FINLEY T HARCKHAM Conversion - Extended Connections: JOSEPH L RUBY Conversion - Extended Connections: JOHN G NEVIUS Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: BELENETTE A BELEN Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: SANGEETA SINGAL Conversion - Extended Connections: HELEN A BOYER Privately Retained: ALBERT J BANNON Conversion - Extended Connections: BRUCE R ROME Privately Retained: JAMES T WALDRON Conversion - Extended Connections: THOMAS M JONES Conversion - Extended Connections: RICHARD P LEWIS Conversion - Extended Connections: MICHAEL GEVERTZ Privately Retained: DON H MARMADUKE Conversion - Extended Connections: MARTIN R BAACH Defendant: 1-100 DOES Privately Retained: DIANE L POLSCER Privately Retained: WILLIAM G EARLE Privately Retained: CURT H FEIG Privately Retained: DAVID STANLEY AMAN

Conversion - Extended Connections: BRYAN BARBER Privately Retained: WILLIAM G EARLE

Conversion - Extended Connections: BRYAN BARBER

Comment: appendix of authorities suppor t motion to compel; Conversion - Extended Connections: BRYAN BARBER Plaintiff: EMPLOYERS INSURANCE OF WAUSAU Conversion - Extended Connections: JULIA MEZHINSKY 3rd Party Plaintiff: TEKTRONIX INC Conversion - Extended Connections: APRIL A FISHER Privately Retained: WILLIAM G EARLE

Comment: for a protective order w/ respect to confidential settlement information oral argmt rqstd; Defendant: TEKTRONIX INC

Comment: John G Nevius;

05/23/2001 Affidavit - Supporting Motion ▾

Comment
Comment: Richard P Lewis;

05/23/2001 Statement ▾

Comment

Comment: of conditional non-opposition to Travelers dismissal order; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

05/23/2001 Motion - Compel Production ▾

Comment

Comment: or for order of an in camera review; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

05/24/2001 Motion ▾

Comment

Comment: to compel against Certain Underwriters at Lloyd's London & Certain London Market Insurance Companies w/appendix); Defendant: TEKTRONIX INC

05/24/2001 Affidavit - Supporting Motion ▾

Comment

Comment: Robert M Horkovich;

05/24/2001 Motion ▾

Comment

Comment: to compel against Employers Ins of Wausau-oral argmt rqst w/appendix; Defendant: TEKTRONIX INC

05/24/2001 Affidavit - Supporting Motion ▾

Comment

Comment: John G Nevius;

05/24/2001 Order ▾

| Judicial Officer | Comment |
| --- | --- |
| Gilroy, Patrick D. | Comment: on ORCP 30 Motion to drop Travelers as a party; Court Action: Granted; Court Action Date: 05/23/2001; Judge: Patrick D. Gilroy; |

05/24/2001 Judgment - Stipulated ▾

| Judicial Officer | Comment |
| --- | --- |
| Gilroy, Patrick D. | Comment: & Order dismissing w/prejudice cross-claims against defs The Travelers Indemnity Co & Travelers Casualty & Surety Co fka The Aetna Casualty & Surety Co; Court Action: Signed; Court Action Date: 03/23/2001; Judge: Patrick D. Gilroy; ; DEF:TRAVELERS INDEMNITY COMPANY |

05/26/2001 Other ▾

Comment
Comment: Declaration of April Fisher in Support of Ptf Motion to Compel Further Response to First Req for Production Docs to Defendant Tektronix, Inc;

05/29/2001 Motion ▾

Comment
Comment: for a protective order with respect to confidential settlement information oral argmt rqstd; Defendant: TEKTRONIX INC

05/29/2001 Affidavit - Supporting Motion ▾

Comment
Comment: Richard P Lewis;

05/29/2001 Affidavit - Supporting Motion ▾

Comment
Comment: John G Nevius;

05/29/2001 Motion ▾

Comment
Comment: to compel against Certain Underwriters at Lloyds London & Certain London Market Ins Co's (w/appendix); Defendant: TEKTRONIX INC

05/29/2001 Affidavit - Supporting Motion ▾

Comment
Comment: Robert M Horkovich;

05/29/2001 Motion ▾

Comment
Comment: to compel against Employers Insurance of Wausau oral argmt rqstd (w/appendix I & II); Defendant: TEKTRONIX INC

05/29/2001 Affidavit - Supporting Motion ▾

Comment
Comment: John G Nevius;

06/01/2001 Motion - Compel Production ▾

Comment
Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: EQUITAS REINSURANCE LIMITED

06/01/2001 Other ▾

Comment
Comment: out of state authorities in support of motion;

06/01/2001 Affidavit ▾

Comment
Comment: Belenette A Belen in support of motion;

06/02/2001 Answer - Affirmative Defense ▾

Comment
Comment: & counterclaim to cmplnt of Employers Ins of Wausau; Defendant: CERTAIN
UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

06/06/2001 Motion ▾

Comment
Comment: for association of out-of- state counsel April A Fisher; Plaintiff: EMPLOYERS
INSURANCE OF WAUSAU

06/06/2001 Affidavit - Supporting Motion ▾

Comment
Comment: Belenette A Belen;

06/06/2001 Order ▾

Judicial Officer        Comment
Gilroy, Patrick D.       Court Action: Allowed; Court Action Date: 06/06/2001; Judge: Patrick D.
                        Gilroy;

06/11/2001 Other ▾

Comment
Comment: joinder to Wausau's motion to compel documents from Tektronix's five privilege logs;
3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN
UNDERWRITERS AT LLOYDS

06/11/2001 Affidavit - Supporting Motion ▾

Comment
Comment: Bruce J Rome;

06/14/2001 Order ▾

Judicial Officer        Comment
Gilroy, Patrick D.       Comment: Stipulation & Order regarding protection of confidentiality of
                        settlement information; Court Action: Signed; Court Action Date:
                        06/13/2001; Judge: Patrick D. Gilroy; Defendant: GRANITE STATE
                        INSURANCE COMPAN

Comment: in opposition to pltf's motion to compel production of documents or for an order of an in camera review; Defendant: TEKTRONIX INC

Comment: of Timothy Daly Smith in support of memorandum;

Comment: to London Underwriters' motion to compel; Defendant: TEKTRONIX INC

Comment: John G Nevius in support of opposition;

Comment: (copy) Kenneth J Skinner in support of opposition;

Comment: (copy) Timothy Dale in support of opposition;

Comment: (copy) to Tektronixs motion to compel production of documents; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Belenette Belen in support of opposition (copy);

Comment: (copy) Eileen Gentle in support of opposition;

Comment
Comment: (copy) appendix of out-of- state authorities in support of opposition;

06/19/2001 Affidavit ▾

Comment
Comment: Kenneth J Skinner in support of Tektronixs opposition to London Underwriters Motion to Compel; Defendant: TEKTRONIX INC

06/19/2001 Affidavit ▾

Comment
Comment: Timothy Daly Smith in support of Tektronixs opposition to London Underwriters Motion to Compel; Defendant: TEKTRONIX INC

06/19/2001 Affidavit ▾

Comment
Comment: Belenette A Belen in support of opposition of Certain Underwirters at Lloyds London & Certain London Market Ins Co's to Tektronixs motion to compel; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

06/21/2001 Affidavit - Supporting Motion ▾

Comment
Comment: OF UNDERWRITERS' MOTION FOR PROTECTIVE ORDER RE TEKTRONIX SUBPOENA DUCES TECUM OF LOPER COE & ASSOCIATES; Conversion - Extended Connections: BRUCE R ROME

06/21/2001 Motion ▾

Comment
Comment: FOR PROTECTIVE ORDER RE TEKTRONIX'S SUBPOENA DUCES TECUMOF LOPER, COE & ASSOCIATE (ORAL HRG REGUESTED); Privately Retained: HOLLIS K MCMILAN Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

06/25/2001 Certificate - Service ▾

Comment
Comment: RE WAUSAU'S NOTICE OF JOINDER LOPER,COE & ASSOCIATES; TEKTRONIX INC; CONTINENTAL CASUALTY CO; GRANITE STATE INS COM & NATIONAL UNION FIRE INS COM OF PITTSBURG PA; Court Action: Mailed; Court Action Date: 06/25/2001;

06/25/2001 Motion - Protective Order ▾

Comment
Comment: re:tektronix's subpoena duces tecum of Loper Coe & Assoc. Joinder (Copy); Conversion - Extended Connections: BRYAN BARBER Conversion - Extended Connections: APRIL A FISHER

Comment: OF EILEEN GENTLE IN SUPPORT OF OPPOSITION OF CERTAIN UNDER-
WRITERS AT LLOYD'S LONDON & CERTAIN LONDON MARKET INSURANC COMP TO
TEKTRONIX INC MOTION TO COMPEL;

Comment: APPENDIX OF OUT-OF-STATE AUTHORITIES IN SUPPORT OF REPLY BRIEF TO
MOTION TO COMPEL PRODUCTION OF DOCUMENTS; 3rd Party Defendant: CERTAIN
LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: TO TEKTRONIX INC MOTION TO COMPEL; Plaintiff: EMPLOYERS INSURANCE OF
WAUSAU

Comment: DECLARATION OF BRYAN M BARBER IN SUPPORT OF PTF'S FIRST REQUEST
FOR PRODUCTION;

Comment: IN SUPPORT OF TEKTRONIX INC REPLY MEMO OF LAW IN SUPPORT OF ITS
MOTION TO COMPEL AGAINS CERTAIN UNDERWRITERS AT LLOYD LONDON & CERTAIN
LONDON MARKET INS COMPANIES; Conversion - Extended Connections: ROBERT M
HORKOVICH

Comment: MEMO OF LAW IN SUPPORT OF ITS MOTION TO COMPEL AGAINST CERTAIN
UNDERWRITERS AT LLOYDS LONDON & CERTAIN LONDON MARKET INSURANCE
COMPANIES; Defendant: TEKTRONIX INC 3rd Party Plaintiff: TEKTRONIX INC

Comment: JOHN B BERRINGER IN SUPPORT OF TEKTRONIX INC OPPOSITION TO
EMPLYERS INSURANCE OF WAUSAU'S MOTION TO COMPEL A FURTHER RESPONSE TO
ITS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS;

Comment: TO EMPLOYERS'S INSURANCE OF WAUSAU'S MOTION TO COMPEL A FURTHER RESPONSE TO ITS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS; Defendant: TEKTRONIX INC 3rd Party Plaintiff: TEKTRONIX INC

Comment: BRIEF IN SUPPORT OF MOTION TO COMPEL PRODUCTION; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: DECLARATION OF JULIE SJULLIE IN SUPPORT OF PLTF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEF TEKTRONIX INC;

Comment: TO TEKTRONIX'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Comment: OF POINTS & AUTORITIES IN SUPPORT OF EMPLOYERS INSURANCE OF WAUSAU'S MOTION TO COMPEL A FURTHER RESPONSE TO ITS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEF TEKTRONIX INC; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

06/26/2001 Motion - Compel Production ▼

Comment
Comment: A FURTHER RESPONSE TO ITS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEF TEKTRONIX INC; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

06/26/2001 Other ▼

Comment
Comment: APPENDIX OF OUT-OF-STATE AUTHORITIES IN SUPPORT OF OPPOSITION TO TEKTRONIX'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

06/27/2001 Affidavit ▼

Comment

Comment: IN SUPPORT OF TEKTRONIX'S OPPOSITION TO LONDON UNDER- WRITERS'
JOINDER OF WAUSAU'S FIRST MOTION TO COMPEL; Conversion - Extended Connections:
JOHN G NEVIUS

06/27/2001 Affidavit ▾

Comment

Comment: KENNETH J SKINNER IN SUPPORT OF TEKTRONIX'S OPPOSITION TO LONDON
UNDERWRITERS'JONDER OF WAUSAU'S FIRST MOTION TO COMPEL;

06/27/2001 Objection ▾

Comment

Comment: TO CERTAIN UNDERWRITERS AT LLOYD'S LONDON & CERTAIN LONDON
MARKET INSURANCE COMP JOINDER TO WAUSAU'S FIRST MOTION TO COMPEL
PRIVILEGED DOCUMENTS; Defendant: TEKTRONIX INC 3rd Party Plaintiff: TEKTRONIX INC

06/27/2001 Motion ▾

Comment

Comment: for protective order re Tektronix's notice of deposition of James Teff oral argmt rqstd;
Defendant: CERTAIN UNDERWRITERS AT LLOYDS

06/27/2001 Affidavit - Supporting Motion ▾

Comment

Comment: Eileen Gentle;

06/27/2001 Affidavit - Supporting Motion ▾

Comment

Comment: Bruce J Rome;

06/28/2001 Affidavit ▾

Comment

Comment: John G Nevius in support of Tektronix reply memo of law in support of its motion to
compel against Employers Ins of Wausau; Defendant: TEKTRONIX INC

06/28/2001 Reply ▾

Comment

Comment: Tektronix, Inc. Memo of Law in Support of its motion to Compel Against Employers Ins.
of Wausau; Conversion - Extended Connections: ROBERT M HORKOVICH

06/28/2001 Hearing ▾

Hearing Time
01:00 PM

Comment: Telephonic Conference; Status Hearing;

Comment: Eileen Gentle in support of motion for protective order re Tektronixs notice of depostion of James Teff; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Comment: answer,cross claim/answer aff. defense & Counterclaim & notic e appearance; Court Action: Served; Court Action Date: 06/29/2001; Conversion - Extended Connections: BRYAN BARBER Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: WILLIAM G EARLE

Comment: & counterclaim to 2nd amended complaint of def & 3rd pty pltf Tektronix; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: of appearance; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: to Tektronixs opposition to pltfs motion to compel production of documents or for order of an in camera review; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: to counterclaims/crossclaims & 3rd pty claims of def & 3rd pty pltf Tektronix; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: in opposition to Certain Underwriters at Lloyds London & Certain London Mkt Ins Co motion for protective order re Tektronixs subpoena duces tecum of Loper Coe & Assoc; Defendant: TEKTRONIX INC

07/04/2001 Reply ▼

Comment
Comment: to Tektronix Incs opposition to pltfs motion to compel a further response to its first request for production of documents; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

07/05/2001 Motion - Summary Judgment ▼

Comment
Comment: partial-re pre-tender cost; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

07/05/2001 Memorandum - Support Motion

07/05/2001 Affidavit - Supporting Motion ▼

Comment: Alan Gladstone;

Comment: reply in support of joinder an d aff. Michael Gevertz; Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: F SCOTT FARLEIGH Conversion - Extended Connections: BRYAN BARBER Privately Retained: TIMOTHY DALY SMITH Privately Retained: WILLIAM G EARLE

Comment: April A Fisher in support of reply;

Comment: to Certain Underwriters at Lloyds London & Certain London Market Ins Cos motion for protective order re Tektronix notice of deposition of James Teff; Defendant: TEKTRONIX INC

Comment: John Nevius in support of opposition;

Comment: in support of joinder to Wausau's motion to compel documents from Tektronixs five privilege logs; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Michael A Gevertz in support of reply;

07/03/2001 Case Notes ▼

Comment: Summary judgment assigned to RDH;

07/12/2001 Affidavit ▼

Comment: April A Fisher in support of pltf reply to Tektronixs opposition to pltfs motion to compel a further response to its 1st rqst for production of documents; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

07/12/2001 Reply ▼

Comment: brief in support of motion for protective order re Tektronixs subpoena duces tecum of Loper Coe & Assoc - oral argmt rqstd; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

07/12/2001 Other ▼

Comment: declaration of Belenette Belen in support of reply brief;

07/12/2001 Other ▼

Comment: compendum of out-of-state authorities for reply brief;

07/12/2001 Other ▼

Comment: declaration; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

07/12/2001 Motion ▼

Comment: to associate out-of-state counsel; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

07/19/2001 Affidavit - Supporting Motion ▼

Comment
Comment: Hollis McMilan;

07/19/2001 Affidavit - Supporting Motion ▼

Comment: Edward J Tafe;

Comment: Brief in support of motion for protective order re Tektronixs notice of deposition of James Teff; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: SLM; Bad faith claim stricken w/o leave to replead motion to compel against underwriters granted in part motion to compel against Wausa granted in part other motions granted;

Comment: to counterclaims of def Certain Underwriters at Lloyds London & Certain London Mkt Ins Co's; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

01:30 PM

Comment: set in court w/all attys;

07/24/2001 Judgment - Dismissal Stipulated ▼

Judicial Officer
Maurer, Steven L

Comment
Comment: w/out prejudice of pltfs clms agnst Granite St Ins Co & National Union Fire Ins Co; Court Action: Signed; Court Action Date: 07/23/2001; Judge: Steven L Maurer;

07/26/2001 Notice - Judgment Entry ▼

Comment
Conversion - Extended Connections: RICHARD P LEWIS Privately Retained: DIANE L POLSCER Conversion - Extended Connections: BRUCE R ROME Conversion - Extended Connections: JOSEPH L RUBY Conversion - Extended Connections: JOHN G NEVIUS Defendant: 1-100 DOES Privately Retained: JAMES T WALDRON Conversion - Extended Connections: HELEN A BOYER Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: FINLEY T HARCKHAM Conversion - Extended Connections: BELENETTE A BELEN Conversion - Extended Connections: SANGEETA SINGAL Conversion - Extended Connections: THOMAS M JONES Conversion - Extended Connections: MARTIN R BAACH Conversion - Extended Connections: MICHAEL GEVERTZ Privately Retained: DON H MARMADUKE Conversion - Extended Connections: ROBERT M HORKOVICH Conversion - Extended Connections: APRIL A FISHER

Privately Retained: WILLIAM G EARLE Privately Retained: ALBERT J BANNON Privately Retained: HOLLIS K MCMILAN Privately Retained: SCOTT J KAPLAN Privately Retained: CURT H FEIG Privately Retained: DAVID STANLEY AMAN

07/30/2001 Reply –

Comment: to cross-claim & 3rd pty claims of Certain Underwriters at Lloyds London & London Mkt Ins Co; Defendant: TEKTRONIX INC

07/30/2001 Hearing –

Hearing Time –

01:00 PM

Comment: Teleconference; set w/atty x phone & email **faxed to all attys**;

07/31/2001 Other –

Comment:

Comment: joinder in pltfs motion for partial summary judgment re pre-tender costs; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

07/31/2001 Affidavit –

Comment:

Comment: in support of joinder Hollis K McMilan;

07/31/2001 Other –

Comment:

Comment: compendium of out-of-state authorities in support of joinder;

07/31/2001 Order –

Judicial Officer –

Comment:

Maurer, Steven L          Comment: on motion for admission of out-of-state counsel; Court Action: Signed; Court Action Date: 07/31/2001; Judge: Steven L Maurer; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

07/31/2001 Request – Admission –

Comment:

Comment: to Tektronix - 2nd set; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

08/02/2001 Answer - Amended –

Comment

Comment: crossclaim & counterclaim to 2nd amended complaint of def & 3rd pty pltf Tektronix Inc; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

08/09/2001 Certificate - Service ▾

Comment

Comment: motion to compel ORCP39 depo f rom textronic and aff. Bruce Rome by FED EX & Fax; Court Action: Mailed; Court Action Date: 08/08/2001; Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: RICHARD P LEWIS

08/09/2001 Motion ▾

Comment

Comment: to compel deposition from Tektronix; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

08/09/2001 Affidavit - Supporting Motion –

Comment: Bruce J Rome;

08/13/2001 Motion - Compel Production ▾

Comment

Comment: re settlement agreement against Tektronix; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

08/13/2001 Brief –

Comment

Comment: Compendium of out-of-state authorities for motion to to compel settlement agreement;

08/13/2001 Affidavit –

Comment

Comment: Belenette A Belen in support of motion to compel production of settlement agreement;

08/13/2001 Affidavit –

Comment

Comment: Kenneth Skinner in support of Tektronixs opposition to Wausau & London defs motion for partial summary jgmt re pre-tender costs; Defendant: TEKTRONIX INC

08/13/2001 Opposition –

Comment

Comment: to Employers Ins of Wausau & The London defs motions for partial summary judgment re pre-tender costs; Defendant: TEKTRONIX INC

Comment: Richard P Lewis in support of opposition;

Comment: John G Nevius in support of opposition;

Comment: Compendium of out-of-state unreported & Federal Court cases cited in opposition;

Comment: Belenette A Belen in support of motion to compel production of settlement agreement; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Maurer, Steven L | Comment: from SLM to Attys re: signed Orders; cc; file; Court Action: Signed; Court Action Date: 08/20/2001; Judge: Steven L Maurer;

Comment: to amended cross-claim & 3rd pty claims of Certain Under- writers at Lloyds London & Mkt Ins Cos; Defendant: TEKTRONIX INC

Comment: of opposition to Lloyds Motion to compel production of settlement agreement; Defendant: TRAVELERS INDEMNITY COMPANY

Maurer, Steven L | Comment: re Tektronix Motion to Compel against Certain Underwriters at Lloyds & London Mkt Ins Co; Court Action: Signed; Court Action Date: 08/20/2001; Judge: Steven L Maurer; Defendant: TEKTRONIX INC

Maurer, Steven L    Comment: allow Certain Underwriters at Lloyds & Certain London Mkt
Ins motion for protective order re Tektronixs subpoena of Loper Coe &
Assoc; Court Action: Signed; Court Action Date: 08/20/2001; Judge:
Steven L Maurer; Defendant: TEKTRONIX INC

Maurer, Steven L    Comment: allow certain Underwriters at Lloyds & Certain London Mkt Ins
motion to compel against Tektronix; Court Action: Signed; Court Action
Date: 08/20/2001; Judge: Steven L Maurer;

Maurer, Steven L    Comment: dismissing Tektronix Contractual Bad Faith Claims Handling
cause of action; Court Action: Signed; Court Action Date: 08/20/2001;
Judge: Steven L Maurer;

Maurer, Steven L    Comment: on def Tektronix motion to compel against pltf; Court Action:
Signed; Court Action Date: 08/20/2001; Judge: Steven L Maurer;
Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Maurer, Steven L    Comment: on def Tektronix motion for a protective order w/respect to
confidential settlement info; Court Action: Signed; Court Action Date:
08/20/2001; Judge: Steven L Maurer; Plaintiff: EMPLOYERS
INSURANCE OF WAUSAU

Maurer, Steven L    Comment: on pltf motion to compel production of documents or for order
of an in camera review; Court Action: Signed; Court Action Date:
08/20/2001; Judge: Steven L Maurer; Plaintiff: EMPLOYERS
INSURANCE OF WAUSAU

Maurer, Steven L    Comment: on pltfs motion to compel further response to its first request
for production of documents to def Tektronix; Court Action: Signed;
Court Action Date: 08/20/2001; Judge: Steven L Maurer; Plaintiff:
EMPLOYERS INSURANCE OF WAUSAU

08/22/2001 Certificate - Service ▼

Comment

Comment: joinder, affidavit, motion to extend certain underwriters and by FedEx; Court Action:
Mailed; Court Action Date: 08/21/2001; Defendant: CONTINENTAL CASUALTY COMPANY
Privately Retained: SCOTT J KAPLAN Privately Retained: CARSON BOWLER Privately Retained:
DIANE L POLSCER Privately Retained: RICHARD A LEE Privately Retained: F SCOTT
FARLEIGH Conversion - Extended Connections: MICHAEL GEVERTZ Defendant: CERTAIN
UNDERWRITERS AT LLOYDS Conversion - Extended Connections: BRUCE R ROME Defendant:
TRAVELERS INDEMNITY COMPANY Privately Retained: BRETT SOMMERMEYER Plaintiff:
EMPLOYERS INSURANCE OF WAUSAU Privately Retained: ALBERT J BANNON Privately
Retained: DAVID STANLEY AMAN Privately Retained: DON H MARMADUKE Privately Retained:
JAMES T WALDRON

08/22/2001 Reply ▼

Comment

Comment: Brief in support of joinder in pltfs (Employers of Wausau) motion for partial summary
judgment re pre-tender cost; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party
Defendant: CERTAIN LONDON MARKET INSURANC

08/22/2001 Other ▼

Comment

Comment: joinder to Certain Underwriter at Lloys & Certain London Market Ins reply to Tektronix
opposition to Wausaus motion for partial summary judgment re pre-tender costs; Plaintiff:
EMPLOYERS INSURANCE OF WAUSAU

08/22/2001 Motion ▼

Comment

Comment: to extend & compel discovery against Certain Underwriters at Lloyds London & Certain
London Market Ins Co oral argmt rqstd; Defendant: TEKTRONIX INC

08/22/2001 Affidavit - Supporting Motion ▼

Comment
Comment: Robert M Horkovich;

08/22/2001 Affidavit ▼

Comment
Comment: Edward J Tafe in support of reply brief;

08/22/2001 Certificate - Service ▼

Comment

Comment: Reply Brief Support of Joinder Ptfs Motion for Partial Summ Jgmt/Aff of Edward J. Tafe
and Compendium Out-of-State Auth Reply Brief in support of Joinder/FED EX; Court Action:
Mailed; Court Action Date: 08/21/2001; Conversion - Extended Connections: FINLEY T

HARCKHAM Conversion - Extended Connections: RICHARD P LEWIS Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: SCOTT J KAPLAN

08/27/2001 Other ▾

Comment

Comment: Joinder to Certain Underwriter at Lloyds London & Certain London Mkt Ins Co Motion to Compel Production of Settle- ment Agreement against Tektronix; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

08/27/2001 Opposition ▾

Comment

Comment: to Certain Underwriters at Lloys London & Certain London Mkt Ins Co Motion to Compel Settlement Agreement; Defendant: TEKTRONIX INC

08/27/2001 Affidavit - Supporting Motion –

Comment: Robert M Horkovich;

Comment: Compendium of out-of-state authorities;

Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: 1-100 DOES

Comment: reply brief /support motion to compel production settlement agreement; Court Action: Mailed; Court Action Date: 08/27/2001; Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: RICHARD P LEWIS

Comment: to Certain Underwriters at Lloyds London & Certain London Mkt Ins Co motion to compel deposition; Defendant: TEKTRONIX INC

Comment: in support of opposition Robert M Horkovich;

08/28/2001 Other ▾

Comment
Comment: of out-of-state authorities for Tektronix opposition;

08/31/2001 Objection ▾

Comment
Comment: & response to affid of Kenneth J Skinner in support of Tektronixs opposition to
Wausau's & the London defs motion for partial summary judgment re pre-tender costs; 3rd Party
Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS
AT LLOYDS

08/31/2001 Motion ▾

Comment
Comment: to extend time to respond to Tektronix mtn to extend & compel discovery agnst Certain
Underwriters at Lloyds London & Certain London Mkt Ins Co svd 8-21-01-oral argmt rqstd; 3rd
Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN
UNDERWRITERS AT LLOYDS

08/31/2001 Affidavit - Supporting Motion ▾

Comment
Comment: Hollis K McMilan;

09/05/2001 Reply ▾

Comment
Comment: to Tektronix opposition to Certain Underwriters at Lloyds London & Certain London Mkt
Ins Cos motion to compel production of settlement agreement against Tektronix; Defendant:
CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET
INSURANC

09/05/2001 Certificate - Service ▾

Comment
Comment: reply opposition to motio to c ompel production of settlement agrement against
textronics and by FAX; Court Action: Mailed; Court Action Date: 09/04/2001; Conversion -
Extended Connections: RICHARD P LEWIS Privately Retained: SCOTT J KAPLAN

09/05/2001 Hearing - Summary Judgment ▾

Hearing Time
01:30 PM

Comment
Comment: Set w/attys x teleconf.;

09/06/2001 Reply ▾

Comment

Comment: Memorandum in support of motion to compel ORCP39C(6) deposition from Tektronix; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

09/10/2001 Trial - Court ▾

Hearing Time
09:00 AM

Cancel Reason
Cancelled

Comment
Event Status: Cancelled;

09/19/2001 Affidavit - Supporting Motion ▾

Comment

Comment: for summ jgmt re:failure to ex haust primary layer of insuran ce; Conversion - Extended Connections: BRUCE R ROME

09/19/2001 Motion - Summary Judgment ▾

Comment

Comment: re Tektronix failure to exhaust primary layer of insurance-oral argmt rqstd; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Motion - Opposition ▾

Comment

Comment: to Tektronixs motion to extend & compel discovery; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Affidavit - Supporting Motion ▾

Comment

Comment: Michael A Gevertz;

Certificate - Service ▾

Comment

Comment: opposition of certain underwri ters at Lloyd's and aff. Micha el Gevertz/by FAX; Court Action: Mailed; Court Action Date: 09/19/2001; Conversion - Extended Connections: RICHARD P LEWIS

Memorandum - Reply ▾

Comment: memorandum in support of Tektronix motion to extend & compel discovery against Certain Underwriters at Lloyds London & Certain London Mkt Ins; Defendant: TEKTRONIX INC

Maurer, Steven L    Comment: for commission to take out-of- state deposition w/mtn & affid (1 orig in file-1 orig to atty); Court Action: Signed; Court Action Date: 09/25/2001; Judge: Steven L Maurer; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: Commission to take out-of- state deposition & issue subpoena in a foreign jurisdic tion s/James Shofner 9-25-01 (1 orig in file-1 orig to atty);

Maurer, Steven L    Comment: Re: Motion Compel ORCP39(C)(6) & Underwriter's & Wasau's Mtn to Compel Production of Settle ment Agreement; Underwriters to prepare order cc; file; Court Action: Signed; Court Action Date: 09/26/2001; Judge: Steven L Maurer;

Comment: Robert M Horkovich in support of Tektronix's reply memo in support of motion to extend & compel discovery against Certain Underwriters at Lloyds & Certain Market Ins Co; Defendant: TEKTRONIX INC

Maurer, Steven L    Comment: Re: Wash Court of Appeals de- cision; no reexamination re- quired; Court Action: Signed; Court Action Date: 10/11/2001; Judge: Steven L Maurer;

Comment: of motion & motion to compel Tektronix Incs document production in response to Wausau's request for production of documents, set one; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

10/12/2001 Memorandum –

Comment: of points & authorities in support of motion to compel Tektronix document production;

Comment: April A Fishesr in support of motion;

Maurer, Steven L     Comment: on pltf & defs Certain Under- writers at Lloyds & Certain
Underwriting Syndicates at Lloyds Londons Motions for Partial Summary
Judgment re pre-tender costs; Court Action: Signed; Court Action Date:
10/15/2001; Judge: Steven L Maurer; Plaintiff: EMPLOYERS
INSURANCE OF WAUSAU

Comment: in support of Tektronix petition for fees from Certain Underwriters at Lloyds London &
Certain London Mkt Ins Co; Defendant: TEKTRONIX INC

Comment: Finley Harckham in support of Tektronix fee petition from Certain Underwriters at Lloyds
& Certain London Mkt Ins; Defendant: TEKTRONIX INC

Comment: to Certain Underwriters at Lloyds London & Certain London Mkt Ins Co Motion for
Summary Judgment re Tektronix failure to exhaust primary layer of insurance; Defendant:
TEKTRONIX INC

Comment: in support of opposition Richard P Lewis;

Comment: Robert M Horkovich re opposition;

Comment: Kenneth J Skinner re opposit- ion;

10/25/2001 Order ▼

Judicial Officer        Comment
Maurer, Steven L        Comment: allow in part & deny in part Certain Underwriters at Lloyds &
                        Certain London Mkt Ins Co motion to compel production of settlement
                        agreement against Tektronix; Court Action: Signed; Court Action Date:
                        10/24/2001; Judge: Steven L Maurer; Conversion - Extended
                        Connections: MICHAEL GEVERTZ

10/25/2001 Order ▼

Judicial Officer        Comment
Maurer, Steven L        Comment: allow Certain Underwriters at Lloyds & Certain London Mkt
                        Ins motion to compel ORCP 39C(6) deposition from Tektronix; Court
                        Action: Signed; Court Action Date: 10/24/2001; Judge: Steven L Maurer;
                        Conversion - Extended Connections: MICHAEL GEVERTZ

10/25/2001 Hearing ▼

Hearing Time
02:30 PM

Comment
Comment: Re: Tekronix Motion to Extend & Compel Discovery Against Cer tain Underwriters;

10/31/2001 Motion - Summary Judgment ▼

Comment
Comment: on no coverage due to breach of the notice condition of the policy; Plaintiff:
EMPLOYERS INSURANCE OF WAUSAU

10/31/2001 Memorandum ▼

Comment
Comment: of points & authorities in support of motion;

10/31/2001 Motion - Summary Judgment ▼

Comment
Comment: on no coverage for RCRA compliance costs; Plaintiff: EMPLOYERS INSURANCE OF
WAUSAU

10/31/2001 Memorandum - Support Motion ▼

Comment
Comment: re no coverage RCRA compliance costs;

10/31/2001 Other ▼

Comment
Comment: Appendix of authorities in support of motion;

10/31/2001 Motion - Summary Judgment ▾

Comment
Comment: on no coverage due to the sudden & accidental pollution exclusion; Plaintiff:
EMPLOYERS INSURANCE OF WAUSAU

10/31/2001 Memorandum - Support Motion

10/31/2001 Other ▾

Comment
Comment: evidence in support of Wausau's motion for summary judgment on no coverage due to
sudden & accidental polution exclusion;

10/31/2001 Other ▾

Comment
Comment: Appendix of Authorities in Support of Wausau's Motion for Summary Jgmt on no
coverage due to Sudden & Accidental Pollution Exclusion;

10/31/2001 Affidavit ▾

Comment
Comment: Bryan Barber in Support of Ptf Motion For Summary Judgment;

10/31/2001 Motion - Summary Judgment ▾

Comment
Comment: partial-on various affirmative defenses of the insurance companies-oral argmt rqstd;
Defendant: TEKTRONIX INC

10/31/2001 Memorandum - Support Motion

10/31/2001 Affidavit - Supporting Motion ▾

Comment
Comment: John G Nevius;

10/31/2001 Other ▾

Comment
Comment: compendium of out-of-state unreported & Federal Court cases cited in Tektronix motion
for partial summary jgmt on various affirmative defenses of the insurance co's;

10/31/2001 Affidavit ▾

Comment
Comment: of Scott J Kaplan in support of motion for partial summary judgment; Defendant:
TEKTRONIX INC

10/31/2001 Motion - Summary Judgment ▼

Comment
Comment: partial-on the duty to defend oral argmt rqstd; Defendant: TEKTRONIX INC

10/31/2001 Memorandum - Support Motion

10/31/2001 Affidavit - Supporting Motion ▼

Comment
Comment: John G Nevius;

10/31/2001 Affidavit - Supporting Motion ▼

Comment
Comment: Kenneth J Skinner;

10/31/2001 Other ▼

Comment
Comment: compendium of out-of-state unreported & Federal Court cases cited in Tektronix Incs motion for partial summary judgment on duty to defend;

11/01/2001 Other ▼

Comment
Comment: Evidence in support of motion;

11/01/2001 Motion - Summary Judgment ▼

Comment
Comment: re late notice-oral argmt rqst; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

11/01/2001 Certificate - Service

11/01/2001 Affidavit - Supporting Motion ▼

Comment
Comment: Edward J Tafe;

11/01/2001 Other ▼

Comment
Comment: Compendium of out-of state & non-published authorities in support of Certain Underwriter s at Lloyds & Certain London Mkt Ins Co motion for partial summary judgment re latenotice;

11/01/2001 Motion - Summary Judgment ▼

Comment
Comment: re sites w/no 3rd pty property damage during Underwriters policy periods-oral argmt rqst; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

11/01/2001 Affidavit - Supporting Motion ▾

Comment
Comment: Edward J Tafe;

11/01/2001 Other ▾

Comment
Comment: compendium of out-of-state & non-published authorities in support of Certain Underwriter at Lloyds & Certain London Mkt Ins Co motion;

11/01/2001 Certificate - Service

11/01/2001 Other ▾

Comment
Comment: joinder of Cert Underwriters at Lloyds London & Certain London Mkt Co to Wausau's motion for summary judgment re no coverage for RCRA compliance costs; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

11/01/2001 Affidavit ▾

Comment
Comment: Bruce J Rome in support of joinder;

11/01/2001 Affidavit - Service

11/01/2001 Motion - Summary Judgment ▾

Comment
Comment: re no coverage for damage to owned property; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

11/01/2001 Affidavit - Supporting Motion ▾

Comment
Comment: Belenette A Belen;

11/01/2001 Certificate - Service

11/02/2001 Other ▾

Comment
Comment: evidence in support of Wausaus motion for summary judgment on no coverage due for RCRA compliance costs; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

11/02/2001 Affidavit ▾

Comment
Comment: April A Fisher in support of pltfs motion for summary jgmt;

11/06/2001 Reply ▾

Comment
Comment: brief in support of Certain Underwriters at Lloyds & Cert London Mkt Ins Motion for Summary Judgment re Tektronix failure to exhaust primary layer of insurance; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

11/06/2001 Affidavit - Supporting Motion ▾

Comment
Comment: supplemental-Bruce J Rome;

11/06/2001 Motion - Compel Discovery ▾

Comment
Comment: testimony & require Tektronix to answer additional requests for admission; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

11/06/2001 Affidavit - Supporting Motion ▾

Comment
Comment: Belenette A Belen;

11/06/2001 Certificate - Service ▾

Comment
Comment: Motion to compel deposition testimony & answer additional req for admission/affidavit of Belenette Belen & by FED EX; Court Action: Mailed; Court Action Date: 11/05/2001; Conversion - Extended Connections: BRYAN BARBER Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: SCOTT J KAPLAN Privately Retained: DIANE L POLSCER Conversion - Extended Connections: RICHARD P LEWIS Privately Retained: TIMOTHY DALY SMITH Privately Retained: JAMES T WALDRON Privately Retained: WILLIAM G EARLE Privately Retained: CARSON BOWLER

11/09/2001 Opposition ▾

Comment
Comment: to Tektronix petition for fees; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

11/09/2001 Affidavit ▾

Comment: Bruce J Rome;

Proof of Service - Service ▼

Comment: Opposition to Tex's Petition for fees/Aff of Bruce J. Rome by FED EX and FAX; Court Action: Mailed; Court Action Date: 11/08/2001; Conversion - Extended Connections: BRYAN BARBER Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: SCOTT J KAPLAN Privately Retained: WILLIAM G EARLE

Motion Brief ▼

Comment: Joinder to Certain Underwriter at Lloyds & Certain London Mkt Ins Co Motion for Summary Judgment re: no coverage for damage to owned property; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Affidavit ▼

Comment: April A Fisher in support of joinder;

11/13/2001 Letter ▼

Comment: w/corrections for Motion for Summary Judgment on No Coverage Due to the Sudden & Accidental pollution exclusion as well as affid Bryan Barber in support of motion; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Hearing ▼

Hearing Time

01:00 PM

Cancelled

Comment: Tele Conf. Re: Briefing Sched for Summary Jgmnt Motions faxed to all attys; Event Status: Cancelled; Event Status Date: 11/14/2001;

Opposition ▼

Comment: to Certain Underwriters at Lloyds & London Mkt Ins Co's 11-5-01 motion to compel/cross motion for sanctions oral argmt rqstd; Defendant: TEKTRONIX INC

Affidavit ▼

Comment: Scott J Kaplan;

11/20/2001 Motion ▼

Comment

Comment: for leave to file surreply to Certain Underwriters at Lloyds London & Certain London Mkt Ins Cos' reply in support of mtn for smmry jgm re Tektronix failure to exhaust primary; Defendant: TEKTRONIX INC

11/20/2001 Affidavit - Supporting Motion ▼

---------------

Comment: Kenneth J Skinner;

11/20/2001 Tender ▼

---------------

Comment: (proposed) surreply to Certain Underwriters at Lloyds &London Mkt Ins Co reply in support of motion for summary judgment re Tektronix failure to exhaust primary layer of insurance;

11/20/2001 Motion - Enter ▼

---------------

Comment: settlement conference informat ion included in London Under- writers reply papers in supprt of mtn for smmry jgmt re exhau stion of primary layer of ins CONFIDENTIAL-FILED UNDER SEAL; Defendant: TEKTRONIX INC

11/21/2001 Exhibit ▼

---------------

Comment: substitute pages to exhibits D & F to the affidavit of Edward J Tafe in support of Motion for Summary Judgment re late notice dated 10-31-01; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

11/21/2001 Certificate - Service ▼

---------------

Comment: substitute pgs to exhibits d & f to the affidabit of Edward J Tafe in support of certain underwriters motion for partial summary jgmt;

11/21/2001 Other ▼

---------------

Comment: Amended Surreply to Certain Underwriters & Certain London Mkt reply in support of motion for summary jgmt re Tek's failure to exhaust primary layer of insurance-confidentia; Defendant: TEKTRONIX INC

11/21/2001 Affidavit ▼

---------------

Comment: Scott J Kaplan confidential-filed under seal;

Comment: compendium of out-of-state cases to Tektronixs amended surreply;

Comment: Hollis K McMilan in support of Underwriters response to Tektronix 5 post-reply submissions re Underwriters motion for smmry jgmt re Tektronixs failure (filed under seal); Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: to Tektronix 5 post-reply submissions re Underwriters motion for summary judgment re Tektronix failure to exhaust primary layer of insurance; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: 2nd supplemental of Bruce J Rome in support of Certain Underwriters & Certain London Mkt motion for summary jgmt; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: response to motion for summ jg mt & second supplemental aff. Bruce Rome by FAX; Court Action: Mailed; Court Action Date: 11/26/2001; Privately Retained: SCOTT J KAPLAN Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections: BRYAN BARBER Conversion - Extended Connections: FINLEY T HARCKHAM Privately Retained: WILLIAM G EARLE

Comment: Opposition Only - Response to submissions Re: Mo Summ Jgmt failure to exhaust primary layer of ins/by FAX 11/26/01; Conversion - Extended Connections: BRYAN BARBER Conversion - Extended Connections: FINLEY T HARCKHAM Privately Retained: HOLLIS K MCMILAN Privately Retained: SCOTT J KAPLAN Privately Retained: WILLIAM G EARLE

Comment: settlement conference inform- ation disclosed by London Underwriters & request for sanctions - supplemental; Defendant: TEKTRONIX INC

09:00 AM

Comment: Re: Certain Underwriters Mo for Summary Jgmnt Re Tek Failu to Exhaust Primary Layer of In;

Comment: Substitute pages to Exhibit 11 to the affidavit of Bryan Barber in support of pltfs motion for summary judgment on no coverage due to the sudden & accidental polution; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: in support of Certain Under- writers at Lloyds & Certain London Mkt Ins motion to compel deposition testimony & require Tektronix to ans add'l rqsts for admission;; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Michael A Gevertz in support of reply brief;

Comment: Reply Brief Supporting Motion to Compel Depo Testimony and answer add req for admission Aff of Michael Gevertz/FED EX; Court Action: Mailed; Court Action Date: 11/30/2001; Conversion - Extended Connections: BRYAN BARBER Privately Retained: HOLLIS K MCMILAN Privately Retained: WILLIAM G EARLE

Comment: combined statement of site facts in opposition to motions for summary judgment & partial summary judgment; Defendant: TEKTRONIX INC

Comment: ORCP 47E Scott J Kaplan in opposition to motions for summary judgment & partial summary judgment;

Comment: Kenneth J Skinner in opposit- ion to the ins co motions for summary judgment & partial summary judgment;

Comment: David St Louis in opposition to insurance co's motions for summary judgment;

Comment: Timothy Daly Smith in support of Tektronix combined state- ment of site facts in opposit- ion for motions for summary judgment & partial summary judgment;

Comment: to Certain Underwriters at Lloyds & Certain London Mkt Ins Co Motion for Summary Judgment re coverage for damage to owned property; Defendant: TEKTRONIX INC

Comment: in opposition to motion for summary judgment on coverage for RCRA compliance costs; Defendant: TEKTRONIX INC

Comment: John G Nevius in support of Tektronix Memo;

Comment: to Certain Underwriters at Lloyds & Cert London Mkt Ins Cos motion for summary judg- ment re sites w/no 3rd pty property damage during Underwriters Policy Periods; Defendant: TEKTRONIX INC

Comment: Finley T Harckham in support of opposition;

Comment: Compendum of out-of-state authorities for Tektronixs opposition to Certain Under- writers at Lloyds & Certain London Mkt Ins Co's motion for summary judgment re sites w/no; Defendant: TEKTRONIX INC

Comment: to the insurance companies motions for summary judgment on the ground of late notice; Defendant: TEKTRONIX INC

Comment: to Employers Ins of Wausau Motion for Summary Judgment on the sudden & accidental pollution exclusion; Defendant: TEKTRONIX INC

Comment: in support of Tektronixs opposition to the insurance companies motions for summary judgment on the ground of late notice & sudden & accidental pollution exclusion; Defendant: TEKTRONIX INC

Comment: to strike factual information & material included in Londons motion for summary judgment on the grounds of late notice; Defendant: TEKTRONIX INC

Comment: to Tektronix Incs motion for partial summary judgment on various affirmative defenses; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Bruce J Rome in support of opposition;

Comment: Opposition to Teks Motion for Partial Summ Jdgmt on various affirmative defenses/Affidavit of Bruce Rome/FED EX/FAX; Court Action: Mailed; Court Action Date: 12/05/2001; Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: BRYAN BARBER Privately Retained: HOLLIS K MCMILAN

Comment: & objections to evidence in support of Tektronix Motion for partial summary judgment regarding the duty to defend oral argmt rqstd; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

12/05/2001 Affidavit

Comment:

Comment: Edward J Tafe in support of opposition;

12/05/2001 Filed

Comment:

Comment: compendium of out-of-state authorities in support of opposition-oral argmt rqstd;

12/05/2001 Opposition

Comment:

Comment: to Tektronix motion for partial summary judgment on the duty to defend oral agmt rqstd; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

12/05/2001 Certificate - Service

Comment:

Comment: Opposition to Tek Incs Motion for Partial Summ Jgmt on Duty to Defend/Aff Edward J. Tafe Compendium Out-of-State Auth Opposition/Motion to Strike & Obj/Duty to Defend/FED EX; Court Action: Mailed; Court Action Date: 12/06/2001; Conversion - Extended Connections: BRYAN BARBER Privately Retained: HOLLIS K MCMILAN Privately Retained: WILLIAM G EARLE

12/05/2001 Opposition

Comment:

Comment: & joinder to Certain Under- writers at Lloyds & Certain London Mkt Ins Co opposition to Tektronix motion for partial summary judgment on various affirmative defenses; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

12/05/2001 Filed

Comment:

Comment: Evidence in support of Emp Ins of Wausau opposition & joinder to Certain Underwriter at Lloyds & Certain London Mkt Ins opposition to Tektronx motion for partial summary; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

12/05/2001 Affidavit

Comment:

Comment: April A Fisher;

12/05/2001 Filed

Comment: appendix of out-of-state authorities in support of opposition & joinder to Certain Underwriters & Certain London Kt Ins opposition to Tektronix motion; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: Opposition & Joinder to Motion for Partial Summ Jdgmt Various Affirm Def/Evidence in Support Aff of April Fisher/Appendix of Out-of-State Authorities Express Mail/Next Day Del/FAX; Court Action: Mailed; Court Action Date: 12/05/2001; Conversion - Extended Connections: MICHAEL GEVERTZ Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: HOLLIS K MCMILAN Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: JOHN G NEVIUS Conversion - Extended Connections: FINLEY T HARCKHAM Conversion - Extended Connections: RICHARD P LEWIS Conversion - Extended Connections: BRUCE R ROME Privately Retained: WILLIAM G EARLE

Comment: & joinder to Certain Underwrit ers & Certain London Mkt Ins opposition to Tektronix motion for partial summary jgmt on duty to defend & Wausaus cross motion for partial summry jgm; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: evidence in support of Employers Ins of Wausuas opposition & joinder to Certain Juderwriters at Loyds & Certain London Mkt Ins opposition to Tektronix motion; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: David Frangiamore;

Comment: April A Fisher;

Comment: apppendix out-of-state auth in spprt of Empl Ins Wausaus oppositon & joinder to Cert Underwriters & Cert London Mkt opp to Tektronix mtn prtl smmy jgmt on duty to defend &; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: Opp & Joinder to Tek Inc's Motion for Partial Summ Jgmt Re: Duty to Defend/Evidence in Supp of/Aff April Fisher/Aff David Frangiamore/Appendix of Out-of-State Auth/Express Mail; Court Action: Mailed; Court Action Date: 12/05/2001; Conversion - Extended Connections: RICHARD P LEWIS Conversion - Extended Connections: JOHN G NEVIUS Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: FINLEY T HARCKHAM Conversion - Extended Connections: MICHAEL GEVERTZ Conversion - Extended Connections: ROBERT M HORKOVICH Conversion - Extended Connections: BRUCE R ROME Privately Retained: WILLIAM G EARLE Privately Retained: HOLLIS K MCMILAN Privately Retained: SCOTT J KAPLAN

Comment: joinder to Cert Underwriters at Lloyds & Certain Mkt motion to strike & objection to evidence in spprt of Tektronix motin for partial smmry jgmt on duty to defend; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: Ex 1 to affidavit of Kenneth J. Skinner in Opposition to the Ins. Co's motions for summ. jgmt and partial summ jgmt;

Comment: Joinder in Wausau's cross-mtn for prtl smmry jgmt re no duty to defend; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Comment: Memorandum in support of Tektronix petition for fees from Certain Underwriters at Lloyds & Certain London Mkt Ins Co; Defendant: TEKTRONIX INC

Comment: John G Nevius in support of reply;

Comment: John G Nevius in support of Tektronix reply memo re its petition for fees from London Underwriters; Conversion - Extended Connections: JOHN G NEVIUS

Comment: to Tektronix Incs combined statement of site facts in opposition to motions for summary judgment & partial summary judgment; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: Evidence in support of Wausau response to Tektronix combined statement of site facts in opposition to motions for summary judgment & partial summary judgment;

Comment: Bryan M Barber in support response;

Comment: Response to Teks Stmts of Site Facts in Opp to Mo/Summary Jdt Evidence in Supp of Response Aff/Bryan Barber Overnite Exp; Court Action: Mailed; Court Action Date: 12/28/2001; Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: BRUCE R ROME Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: ROBERT M HORKOVICH Conversion - Extended Connections: MICHAEL GEVERTZ Conversion - Extended Connections: FINLEY T HARCKHAM Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections: RICHARD P LEWIS Conversion - Extended Connections: JOHN G NEVIUS Privately Retained: WILLIAM G EARLE

Comment: to Tektronix opposition to Wausaus motion for summary judgment on no coverage for RCRA compliance costs; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: evidence in support of reply;

Comment: April A Fisher in support of reply;

Comment: appendix of authorities in support of reply;

Comment: evidence in support of Tektronix oppositions to the insurance co's motions for summary judgment & request for discovery; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: April A Fisher;

Comment: Motion to Strike Evidence in Support of Tek Incs Opposition to Motion Summ Jgmt/Request for Discovery/Aff April Fisher Overnight Express; Court Action: Mailed; Court Action Date: 12/28/2001; Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: RICHARD P LEWIS Conversion - Extended Connections: MICHAEL GEVERTZ Conversion - Extended Connections: BRUCE R ROME Conversion - Extended Connections: JOHN G NEVIUS Privately Retained: HOLLIS K MCMILAN Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: FINLEY T HARCKHAM Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: WILLIAM G EARLE

Comment: to Tektronix opposition to Wausaus motion for summary judgment on the sudden & accidental pollution exclusion; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: evidence in support of its reply to Tektronix opposition to Wausaus motion for summary judgment;

Comment: April A Fisher in support of reply;

Comment: reply to tektronix opositon , wausau's evidence in support o f reply, aff April Fisher & ap pendi of authorities by mail and fed ex; Court Action: Mailed; Court Action Date: 12/28/2001; Privately Retained: HOLLIS K MCMILAN Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: MICHAEL GEVERTZ Conversion - Extended Connections: RICHARD P LEWIS Privately Retained: WILLIAM G EARLE

Comment: appendix of authorities in support of its reply;

Comment: to Tektronix opposition to Wausaus motion for summary judgment on no coverage due to breach of the notice condition of the policy; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: evidence in support of its reply to Tektronix opposition;

Comment: April A Fisher;

Comment: appendix of authorities in support of its reply;

Comment: Memorandum in support of Tektronix Motion for Partial Summary Judgment on Various Affirmative Defenses on the insurance companies; Defendant: TEKTRONIX INC

Comment: memorandum in support of Tektronix motion for partial summary judgment & opposition to jgmt & opposition to insurance co's cross motions on duty to defend; Defendant: TEKTRONIX INC

Comment: John G Nevius in support of Tektronix reply memo;

Comment: compendium of out-of-state unreported & federal authorities for reply memo in support of Tektronix motion for prtl smmry jgmt on various affirm defenses & reply memo; Defendant: TEKTRONIX INC

Comment: to London Underwriters motion to strike; Defendant: TEKTRONIX INC

12/10/2001 Motion - Summary Judgment =

Comment =

Comment: re Tektronix nondisclosure concealment and/or misrep- respentation of material information-oral argmt rqstd; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

12/10/2001 Copy =

Comment =

Comment: Appendix of Out-of-State auth for reply of undwriters in Support of Motion for Summary Jgmt re Teks Nondisclosure;

12/10/2001 Affidavit =

Comment =

Comment: Peter S Wilson in support of motion for summary judgment;

12/10/2001 Affidavit =

Comment =

Comment: Michael A Gevertz in support of Motion for Summary Judgment;

12/10/2001 Certificate - Service =

Comment =

Comment: Motion for Summ Jgmt Re: Teks Nondisclosure etc of material information/Aff Peter Wilson Affidavit of Michael Gevertz FED EX/FAX; Court Action: Mailed; Court Action Date: 12/28/2001; Conversion - Extended Connections: BRYAN BARBER Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: SCOTT J KAPLAN Privately Retained: WILLIAM G EARLE

12/10/2001 Reply =

Comment =

Comment: in support of Certain Under- writers at Lloyds & Certain London Mkt Ins Motion for Summary Judgment re late notice - oral argmt rqstd; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

12/10/2001 Copy =

Comment =

Comment: compendium of out-of-state authority for reply in support of motion for smmry jgmt oral hrg rqstd;

12/10/2001 Certificate - Service =

Comment: compendium of out-of-state aut hority, reply in support of ce rtain underwriters, and reply in support of certain underwri ters at Lloyd's Londaon by mail and fed ex; Court Action: Mailed; Court Action Date: 12/28/2001; Conversion - Extended Connections: BRYAN BARBER Privately Retained: HOLLIS K MCMILAN Privately Retained: WILLIAM G EARLE

Comment: in support of motion for summary judgment re sites w/no 3rd pty property damage during Underwriters policy periods-oral argmt rqstd; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Comment: Corrected Motion for Summary Judgment re Sites w/no 3rd pty property damage during Underwriters policy periods oral argmt rqstd; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Comment: Reply brief in support of motion for summary judgment re no coverage for damage to owned property; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Affid Belenette Belen in support of reply brief;

Comment: appendix of out-of-state authorities in support of motion for summary judgment;

Comment: Motion for Summary Judgment re alleged missing policies; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Comment: affid Belenette Belen in support of motion;

Comment: appendix of out-of-state authorities in support of mtn smmry jgmt;

---

Comment: Errata to Wausau's reply to Tektronix's opposition to Wausau's motion for summary judgment on no coverage due to breach of the notice condition of the policy; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

---

Comment: Scott Kaplan in opposition to Employers Ins of Wausau's & Certain London Mkt Ins Motion to Strike evidence in support of Tektronix oppositns to Ins Cos motions for summry jgmt; Defendant: TEKTRONIX INC

---

Comment: certain underwriters Lloyd's L ondon and opposition to Tektro nics motion to strike factual info. & material in motion for summ jgmt re:late notice by mail and fed ex; Court Action: Mailed; Court Action Date: 01/11/2002; Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: BRYAN BARBER Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections: RICHARD P LEWIS Privately Retained: WILLIAM G EARLE

---

Comment: to Tektronixs motion to strike factual information & material in motion for summary judgment re late notice; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

---

09:00 AM

Comment: SLM/TAPE MOTIONS HEARD;

---

Maurer, Steven L

Comment: granting summary judgment re Tektronix Incs breach of contract claim; Court Action: Signed; Court Action Date: 01/15/2002; Judge: Steven L Maurer; Defendant: CONTINENTAL CASUALTY COMPANY 3rd Party Plaintiff: AIU INSURANCE COMPANY

---

Comment: to the Ins Co's motion to strike; Defendant: TEKTRONIX INC

---

Comment: John G Nevius;

---

Maurer, Steven L        Comment: re Certain Underwriters at Lloyds & Certain London Mkt Ins
                        motion to compel deposit- ion testimony & motion to require Tek to
                        answer addit'l rqsts for admissions; Court Action: Signed; Court Action
                        Date: 01/22/2002; Judge: Steven L Maurer;

---

Comment: To Tektronix Inc Post-Hearing Opposition to the Insurance Companies' Motion to Strike;
Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON
MARKET INSURANC

---

Comment: Response to Tek's Post-Hearing Opposition to Ins Companies' Motion to Strike/FED
EX; Court Action: Mailed; Court Action Date: 01/25/2002; Privately Retained: CARSON BOWLER
Conversion - Extended Connections: RICHARD P LEWIS Privately Retained: HOLLIS K MCMILAN
Privately Retained: JAMES T WALDRON Conversion - Extended Connections: BRYAN BARBER
Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: FINLEY T
HARCKHAM Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained:
DIANE L POLSCER Privately Retained: SCOTT J KAPLAN Privately Retained: WILLIAM G
EARLE

---

Comment: to Certain Underwriters Lloyds & Certain London Mkt Ins Motion for Summary
Judgment re alleged missing policies- filed under seal; Defendant: TEKTRONIX INC

---

Comment: Robert M Horkovich pursuant to ORCP47F in opposition to Cert Underwriters at Loyds
& Cert London Mkt Ins Motion for summry jgmt re alleged missing policies-filed under seal;

---

Comment: Robert M Horkovich in support of Tektronix opposition to Cert Underwriters Lloyds & Cert Mkt Ins Co motion for summry jgmt re alleged missing policies-filed under seal;

Comment: (FAX) Ronald Hendy in support of Tektronixs opposition to London's Motion for Summary Judgment re alleged missing policies; Defendant: TEKTRONIX INC

Comment: Compendium of out-of-state unreported & federal authorit- ies for Tektronix Incs opposition to Cert Underwriters Lloyds & Cert London Mkt Ins mtn smmry jgmt re alleged miss; Defendant: TEKTRONIX INC

Comment: to London Underwriters motion for summry jgmt re Tektronixs nondisclosure-concealment and/ or misrepresentation of material information-filed under seal; Defendant: TEKTRONIX INC

Comment: Robert M Horkovich pursuant to Cert Underwriters Lloyds & Cert London Mkt Ins motion for smmry jgmt re Tektronixs non- disclosure concealment and/or misrepresentatn-under seal; Defendant: TEKTRONIX INC

Comment: John G Nevius in support of Tektronixs opposition to London Underwriters motion for summary judgment re Tektronixs nondisclosusre concealment and/or misreprsntatn -und seal; Defendant: TEKTRONIX INC

Comment: (fax) Ronald Hendy in support of Tektronixs opposition to London Underwriters mtn for smmry jgmt re Tektronixs non- disclosure concealment and/or misrepsentatn of matrl info; Defendant: TEKTRONIX INC

Comment: compendium of out-of-state unreported & federal authorit- ies for Tektronix Incs opposition to London Underwriters motion for smmry jgmt re alleg ed misrepresentation; Defendant: TEKTRONIX INC

01/28/2002 Affidavit ▼

Comment: Ronald Hendy in suport of Tek opposition to Londons motion for Summry Jgmt re: Alleged missing policies; Defendant: TEKTRONIX INC

01/28/2002 Affidavit ▼

Comment: Ronald Hendy in support of Tek opposition to London mtn for summry jgmt re Teks nondiscl- osure concealment and/or misprepresentation of material information;

01/28/2002 Motion ▼

Comment: for protective order as to Tektronixs 12-26-01 notice of seven (7) additional depositions; Defendant: TEKTRONIX INC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

01/30/2002 Affidavit - Supporting Motion ▼

Comment: Bruce J Rome;

01/28/2002 Affidavit ▼

Comment: Gale Coles;

01/28/2002 Copy ▼

Comment: Affid William Maitland;

01/28/2002 Copy ▼

Comment: affid Joanne Kingston;

01/28/2002 Copy ▼

Comment: affid Richard Bowes;

01/28/2002 Certificate - Service ▼

Comment: Motion for Protective Order re Additional Depos/Aff of Rome/ Bowes/Coles/Kingston/Maitland in support of protective order FED EX/FAX; Court Action: Mailed; Court Action Date: 01/29/2002; Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections: BRYAN BARBER Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: WILLIAM G EARLE Privately Retained: SCOTT J KAPLAN

Comment: in opposition to Underwriters motion for protective order filed under seal (seal broken when received-resealed); Defendant: TEKTRONIX INC

Comment: Kenneth Skinner Re: London Und Writers Mo for a Protective Or;

Comment: John G. Nevius in support of Teks Opp to London Undwriters Motion for Protective Order as to Teks Notice 12/26/01 of Seven Additional Depositions;

Comment: & objections to evidence in support of Tektronix opposition to motion for summary judgment re alleged missing policies-oral argmt rqstd; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: in support of Certain Under- writers & Certain London Mkt Ins motion for summary judgmen judgment for alleged missing policies; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Michael A Gevertz in support of reply brief;

Comment: Belenette A Belen for reply brief;

Comment: Peter S Wilson in support of reply brief;

Comment: Eric Williams in support of reply brief;

Comment: Appendix of out-of-state authorities in support of reply brief;

Comment: in support of motion for summary judgment re Tektronixs nondisclosure concealment and/ or misrepresentation of material information; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Affidavit of Ronald Hendy; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: supplemental-Peter S Wilson in support of Underwriters & Certain London Mkt Ins motion for summary judgment re Tektronixs nondisclosure concealment and/or; Defendant: CERTAIN UNDERWRITERS AT LLOYDS Conversion - Extended Connections: SANGEETA SINGAL

Comment: of Eric I Williams in support of Underwriters & Certain London Mkt Ins motion for summary judgment re Tektronixs nondisclosure concealment and/ or misrepresentation; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Reply Brief/Summary Jgmt for Alleged Missing Policies/Affs
Gevertz/Belen/Wilson/Williams Appendix/Motion to Stike FED EX/FAX; Court Action: Mailed; Court Action Date: 02/08/2002; Conversion - Extended Connections: ROBERT M HORKOVICH Conversion - Extended Connections: BRYAN BARBER Privately Retained: TIMOTHY DALY SMITH Privately Retained: SCOTT J KAPLAN Privately Retained: HOLLIS K MCMILAN Privately

Retained: JAMES T WALDRON Privately Retained: CARSON BOWLER Conversion - Extended
Connections: RICHARD P LEWIS Conversion - Extended Connections: FINLEY T HARCKHAM
Privately Retained: DIANE L POLSCER Privately Retained: WILLIAM G EARLE

Comment: David Graves in support of Underwriters motion for protective order; Defendant:
CERTAIN UNDERWRITERS AT LLOYDS

Comment: Bruce J Rome in support of Underwriters Motion for summary judgment re Tektronixs
nondisclosure concealment and/ or misrepresentation of material information; Defendant:
CERTAIN UNDERWRITERS AT LLOYDS

Comment: Reply in Support of Motion for Summ Jgmt Re: Nondisclosure Motion/Strike/Aff Ronald
Hendy Supp/Aff of Peter Wilson/Aff Eric Williams/Aff David Graves Aff Bruce Rome/FAX and FED
EX; Court Action: Mailed; Court Action Date: 02/08/2002; Conversion - Extended Connections:
ROBERT M HORKOVICH Privately Retained: SCOTT J KAPLAN Privately Retained: HOLLIS K
MCMILAN Conversion - Extended Connections: BRYAN BARBER Privately Retained: WILLIAM G
EARLE

Comment: for motion for protective order as to Tektronixs 12-26-01 notice of 7 additional
depositions; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: certain exhibits of Tektronix in its oppositions to Underwriters (1) motion for summary
judgmnt re concealment and (2) motion for protective order & (3) Ken Skinner affid; Defendant:
CERTAIN UNDERWRITERS AT LLOYDS

Comment: Bruce J Rome in support of Underwriters motions to strike;

Comment: Reply Motion for Protective Order as to 12/26/01 Notice of 7 Add Depos/Motion to
Strike certain exh in Opp to Motions Aff of Bruce Rome FED EX/FAX; Court Action: Mailed; Court

Action Date: 02/12/2002; Conversion - Extended Connections: ROBERT M HORKOVICH
Conversion - Extended Connections: BRYAN BARBER Privately Retained: SCOTT J KAPLAN
Privately Retained: HOLLIS K MCMILAN Privately Retained: WILLIAM G EARLE

02/13/2002 Motion - Summary Judgment ▾

Comment

Comment: re alleged missing policies; 3rd Party Defendant: CERTAIN LONDON MARKET
INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

02/13/2002 Affidavit - Supporting Motion ▾

Comment: Belenette A Belen;

Comment: appendix of out-of-state authorities in support of Underwriters & Cert London Mkt Ins
motion for summary judgment re alleged missing policies;

Comment: to Certain Underwriters at Lloyds & Certain London Mkt Ins motion to strike & object-
ions to evidence in support of Tektronix opposition to motion for summry jgmt re missing pol;
Defendant: TEKTRONIX INC

Comment: Robert M Horkovich in support of Tektronix opposition;

Comment: compendium of out-of-state authorities for Tektronix opposition to Certain Under- writers
& Certain London Mkt Ins Co motion to strike;

Comment: to London Underwiters motions to strike affids of Ronald Hendy; Defendant:
TEKTRONIX INC

02/13/2002 Hearing - Summary Judgment ▾

Hearing Time
09:00 AM

Comment

Comment: Remaining Summary Judgment Motions/set in court **est time one day***;

Comment: corrected compendium; Court Action: Mailed; Court Action Date: 02/13/2002;
Conversion - Extended Connections: BRYAN BARBER Privately Retained: SCOTT J KAPLAN
Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections: RICHARD P LEWIS
Privately Retained: DIANE L POLSCER Privately Retained: JAMES T WALDRON Privately
Retained: WILLIAM G EARLE

Comment: Corrected compendium of out- of-state authority for reply in support of Underwriters &
Certain London Mkt Ins Cos motion for summary judgment re late notice oral hrg rqstd; Defendant:
TEKTRONIX INC

Comment: brief in support of Underwriters & Certain London Mkt Ins Co motion to strike &
objections to evidence in support of Tektronixs opposit- ion to motion for partial; Defendant:
CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET
INSURANC

Comment: Belenette Belen in support of reply;

Comment: Reply brief/Motion to Strike and Objections to Evidence RE: Missing Policies/Affidavit of
Belenette Belen/FED EX; Court Action: Mailed; Court Action Date: 02/19/2002; Conversion -
Extended Connections: BRYAN BARBER Privately Retained: HOLLIS K MCMILAN Privately
Retained: WILLIAM G EARLE

Maurer, Steven L    Comment: Re: Denial of Motion to Strike issue/Order signed presented
by Underwriters cc; file; Court Action: Signed; Court Action Date:
02/20/2002; Judge: Steven L Maurer;

Maurer, Steven L

Comment: on Underwriters motion for protective order as to additional depositions; Court Action: Signed; Court Action Date: 02/20/2002; Judge: Steven L Maurer;

Maurer, Steven L    Comment: on insurance companies motion for summary judgment based on late/lack of notice; Court Action: Signed; Court Action Date: 02/20/2002; Judge: Steven L Maurer;

Maurer, Steven L    Comment: on Tekronix' motions for partial summary judgment as to certain affirmative defenses; Court Action: Signed; Court Action Date: 02/20/2002; Judge: Steven L Maurer;

Maurer, Steven L    Comment: on Insurance companies motion for summary judgment as to representation/concealment; Court Action: Signed; Court Action Date: 02/20/2002; Judge: Steven L Maurer;

Maurer, Steven L    Comment: on insurance companies motion for summary judgment as to RCRA compliance costs; Court Action: Signed; Court Action Date: 02/20/2002; Judge: Steven L Maurer;

Maurer, Steven L    Comment: on Tektronix' & insurance companies crossmotions for summary judgmnt as to duty to defend; Court Action: Signed; Court Action Date: 02/20/2002; Judge: Steven L Maurer;

Comment: supplemental-Peter S Wilson in support of Underwriters & Certain London Mkt Ins motion for summary judgment re Tektronixs nondisclosure concealment &/or misrepresent; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Comment: Peter S Wilson in support of reply brief of Underwriters & Certain London Mkt motion for summary judgment re alleged missing policies; Defendant: CERTAIN UNDERWRITERS AT LLOYDS Conversion - Extended Connections: SANGEETA SINGAL

02/22/2002 Certificate - Service ▼

Comment:

Comment: Supplemental Affidavit of Peter Wilson Motion Summ Jgmt Re: Teks Nondisclosure/Aff of Peter Wilson in support of Reply brief/Alleged missing documents; Court Action: Mailed; Court Action Date: 02/21/2002; Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections: ROBERT M HORKOVICH Conversion - Extended Connections: BRYAN BARBER Privately Retained: DIANE L POLSCER Privately Retained: SCOTT J KAPLAN Privately Retained: CARSON BOWLER Conversion - Extended Connections: RICHARD P LEWIS Conversion - Extended Connections: FINLEY T HARCKHAM Privately Retained: JAMES T WALDRON Privately Retained: TIMOTHY DALY SMITH Privately Retained: WILLIAM G EARLE

Comment:

Comment: supplemental-John G Nevius re Underwriters motions for summary judgment re coverage for damage to owned property are re sites w/no 3rd pty property damage during; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment:

Comment: supplemental-Robert M Horkovich in support of Tektronixs opposition to Underwriters & Cert London Mkt motion to strike & objections to evidence in support of; Defendant: TEKTRONIX INC

Comment:

Comment: to & motion to strike the supplemental affidavit of John G Nevius re Underwriters Mtn for Smmry Jgmt re coverage for dmgs to owned property & re sites w/no 3rd pty prop dmg; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Comment:

Comment: Objections/Motion to Strike Supp/Aff John Nevius/Motions for Summ Jdgmt Re: Coverage for Damage to Property/FED EX; Court Action: Mailed; Court Action Date: 02/25/2002; Conversion - Extended Connections: BRYAN BARBER Privately Retained: DIANE L POLSCER Privately Retained: HOLLIS K MCMILAN Privately Retained: CARSON BOWLER Privately Retained: WILLIAM G EARLE

Comment: supplemental-of Ronald Hendy to clarify the record with respect to London affiants messrs Wilson & Williams; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: & objections to the supplement al affid of Robert Horkovich; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Motion to Strike and Objection of Supplemental Affidavit of Robert Horkovich/FED EX; Court Action: Mailed; Court Action Date: 02/26/2002; Conversion - Extended Connections: BRYAN BARBER Privately Retained: HOLLIS K MCMILAN Privately Retained: WILLIAM G EARLE

Comment: supplemental (original) of Ronald Hendy to clarify the record w/respect to London Underwriters affiants messrs Wilson & Williams; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: supplemental affidavit of Ronald Hendy dated 2-25-02; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Motion to Strike Supplemental Aff of Ronald Hendy/FED EX/FAX; Court Action: Mailed; Court Action Date: 02/27/2002; Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections: ROBERT M HORKOVICH Conversion - Extended Connections: BRYAN BARBER Privately Retained: SCOTT J KAPLAN Privately Retained: WILLIAM G EARLE

Comment: SLM/Tape Motions;

02/28/2002 Hearing - Summary Judgment ▾

Hearing Time
09:00 AM

03/01/2002 Order ▾

Maurer, Steven L    Comment: on insurance companies motions to strike decided on 1-15-02; Court Action: Signed; Court Action Date: 02/28/2002; Judge: Steven L Maurer; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Comment: address change for pro hac vice atty; Conversion - Extended Connections: BRYAN BARBER Conversion - Extended Connections: APRIL A FISHER

Maurer, Steven L    Comment: granting summary judgment on claim of no coverage for diminution of value of owed property; Court Action: Signed; Court Action Date: 03/04/2002; Judge: Steven L Maurer;

Maurer, Steven L    Comment: denying summary judgment on owned property exclusion defense; Court Action: Signed; Court Action Date: 03/04/2002; Judge: Steven L Maurer;

Maurer, Steven L    Comment: allowing in part & denying in part 3rd pty defs motion for summary judgment based on no 3rd pty damage during policy periods; Court Action: Signed; Court Action Date: 03/04/2002; Judge: Steven L Maurer;

Maurer, Steven L    Comment: on motions to strike & order denying summary judgment on missing policies defense; Court Action: Signed; Court Action Date: 03/04/2002; Judge: Steven L Maurer;

Comment: notice deposition David St Louis; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: notice deposition Mavis Kent; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Cancelled Motion -

Comment:

Comment: to phase trial (5/28/02) oral argmt rqstd; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Cancelled Affidavit -

Comment:

Comment: Michael A Gevertz;

Cancelled Combined - Return -

Comment:

Comment: Motion to Phase Trial/Aff of Michael Gevertz FED EX/FAX; Court Action: Mailed; Court Action Date: 02/08/2002; Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: BRYAN BARBER Privately Retained: HOLLIS K MCMILAN Privately Retained: WILLIAM G EARLE

04/12/2002 Other

Comment:

Comment: joinder to Certain Underwriter s & Lloyds & Certain London Mkt Ins motion to phase trial; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Cancelled Combined - Return -

Comment:

Comment: Ins/Joinder Motion Phase Trial; Court Action: Mailed; Court Action Date: 04/12/2002; Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: MICHAEL GEVERTZ Conversion - Extended Connections: BRUCE R ROME Conversion - Extended Connections: JOHN G NEVIUS Privately Retained: HOLLIS K MCMILAN Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: FINLEY T HARCKHAM Conversion - Extended Connections: RICHARD P LEWIS Privately Retained: WILLIAM G EARLE

04/19/2002 Notice - Hearing

04/22/2002 Opposition ▼

Comment
Comment: to London Underwriters motion to phase trial; Defendant: TEKTRONIX INC

04/22/2002 Affidavit ▼

Comment

Comment: John G Nevius;

04/29/2002 Motion ▼

Comment
Comment: to realign parties oral argmt rqstsd; Defendant: TEKTRONIX INC

04/29/2002 Memorandum - Support Motion

Comment: compendium of out-of-state federal & unreported authorit- ies for Tektronix Memo of Law in support of motion to realign parties; Defendant: TEKTRONIX INC

09:00 AM

Set-Over Attorney

Comment: Set in court **estimated time 2/3 weeks**; Event Status: Set-Over Aty; Event Status Date: 02/25/2002;

Comment: to Tektronix's oppostion to Certain Underwriters at Lloyds & Certain London Mkt Ins motion to phase trial; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: Reply in support/Motion to Phase Trial/FED EX and FAX; Court Action: Mailed; Court Action Date: 05/06/2002; Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: HOLLIS K MCMILAN Privately Retained: WILLIAM G EARLE

Comment: in support of Certain Under- writers at Lloyds & Certain London Mkt Ins Cos motion to phase trial; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Comment: PDG/Crawford Settled;

05/09/2002 Hearing - Settlement Conference ▾

09:00 AM

Comment: to Tektronix motion to realign parties; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: memo of law in support of mtn to realign parties; Defendant: TEKTRONIX INC

01:00 PM

Comment: Telephonic Hearing on the Record; agreed est. 20/30 minutes;

Comment: re chemicals not present in groundwater & for which Tektronix has not made an insurance claim; Defendant: TEKTRONIX INC

09:00 AM

Cancelled

Comment: Set in court TAKE OFF DOCKET PER SANDRA; Event Status: Cancelled;

Comment: in support of its motion in limine re the standard for interpreting the expected/ intended language of the CGL Insurance policies/motion in limine # 1; Defendant: TEKTRONIX INC

05/29/2002 Memorandum - Support Motion ▾

Comment
Comment: in limine re the putative known loss defenses/motion in limine # 2; Defendant:
TEKTRONIX INC

05/29/2002 Memorandum ▼

Comment
Comment: in support of its motion in limine re the relevant release for purposes of the pollution
exclusion/motion in limine # 3; Defendant: TEKTRONIX INC

05/29/2002 Memorandum - Support Motion ▼

Comment
Comment: in limine re exclusion of evidence that Tektronix allegedly violated a law regulation rule
or ordicance motion in limine # 5; Defendant: TEKTRONIX INC

05/29/2002 Memorandum - Support Motion ▼

Comment
Comment: in limine re exclusion of evidence that Tektronix accepted waste from off-site for
treatment in the 1990s motion in limine # 6; Defendant: TEKTRONIX INC

05/29/2002 Memorandum ▼

Comment
Comment: in support of its motion in limine re indivisible damages motion in limine # 7; Defendant:
TEKTRONIX INC

05/29/2002 Memorandum ▼

Comment
Comment: in support of its motion in limine to preclude introduct- ion of undisclosed evidence
motion in limine # 8; Defendant: TEKTRONIX INC

05/29/2002 Memorandum - Support Motion ▼

Comment
Comment: in limine that insurance agents/broekrs are agents of Wausau/motion in limine # 9;
Defendant: TEKTRONIX INC

05/29/2002 Memorandum ▼

Comment
Comment: in support of its motion in limine re voluntary payments motion in limine # 10;
Defendant: TEKTRONIX INC

05/29/2002 Brief - Trial ▼

Comment
Defendant: TEKTRONIX INC

Comment: Finley T Harckham in support of Tektronix trial brief & memo in support of motions in limine; Defendant: TEKTRONIX INC

Comment: compendium of out-of-state federal & unreported authorit- ies in support of Tektronix incs trial brief & memoranda in support of motions in limine Vol 1 of 2; Defendant: TEKTRONIX INC

Comment: compendium of out-of-state federal & unreported authorities in support of Tektronixs trial brief & memo in support of motions in limine volume 2; Defendant: TEKTRONIX INC

Comment: in support of its request for judicial notice; Defendant: TEKTRONIX INC

Comment: introductory jury instructions; Defendant: TEKTRONIX INC

Comment: jury verdict form concerning building 93; Defendant: TEKTRONIX INC

Comment: jury verdict form concerning the Beaverton Campus; Defendant: TEKTRONIX INC

Comment: for association of out-of- state counsel Julia Mezhinsky pro hac vice; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: declaration of Julia Mezhinsky in support of motion;

05/29/2002 Affidavit - Supporting Motion ▼

Comment: to exclude evidence of tektron ix; Privately Retained: WILLIAM G EARLE

UNOPPOSED MOTION ▼

Comment: to exclude evidence of Tektronix (1) RCRA compliance costs (2) labor costs (3) pre-tender costs as damages; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

UNOPPOSED AFFIDAVIT ▼

Comment: April A Fisher;

UNOPPOSED EXHIBIT ▼

Comment: appendix of authorities in support of Employers Ins of Wausaus motion;

UNOPPOSED MOTION IN LIMINE ▼

Comment: to exclude evidence; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

UNOPPOSED MOTION IN LIMINE ▼

Comment: to limit Tektronix potential recovery to one occurence limit; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

UNOPPOSED BRIEF - TRIAL ▼

Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

UNOPPOSED EXHIBIT ▼

Comment: evidence in support of pltf trial brief/motions in limine & trial memos; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

UNOPPOSED EXHIBIT ▼

Comment: appendix of authorities in support of pltf trial brief trial memos & motions in limine to exclude evidence; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: proposed; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: legal brief supporting jury instructions;

Comment: Julia Mezhinsky in support of pltf replies to Tektronix trial brief/motins in limine & requested introductory jury instructions; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: for judicial notice in support of pltf replies to Tektronix trial brief/motions in limine & requested introductory jury instructions; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: appendix of authorities in support of pltf replies to Tektronix trial brief/motions in limine & requested intro- ductory jury instructions; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: of law in opposition to pltfs mtn in limine to limit Tektronix potential recovery to one occurrence limit; Defendant: TEKTRONIX INC

Comment: in opposition to Wausaus motions in limine to exclude evidence; Defendant: TEKTRONIX INC

Comment: to Wausau's motion to exclude evidence of Tektronix RCRA Compliance costs 2) labor costs & 3) pretender costs as damages; Defendant: TEKTRONIX INC

Comment: Robert M Horkovich in support of Tektronix Incs opposition to Wausaus motions to exclude evidence; Defendant: TEKTRONIX INC

Comment: compendium of out-of-state federal & unreported authorities in support of Tektronix Incs opposition to Wausaus motions to exclude evidence; Defendant: TEKTRONIX INC

Comment: requested-No 42; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: requested No 43; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: requested-no 44; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Maurer, Steven L          Comment: allow assoc out-of-state counsel Julia Mezhinsky (no address); Court Action: Signed; Court Action Date: 06/03/2002; Judge: Steven L Maurer; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: To Def's motion in limine & jury instructions; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: Proposed EPA rules; Defendant: TEKTRONIX INC

Hearing Time
09:00 AM

Comment
Comment: Oral argument for pretrial sub missions two days;

06/10/2002 Memorandum - At Law ▾

Comment
Comment: re labor costs are damages; Defendant: TEKTRONIX INC

06/10/2002 Hearing ▾

Hearing Time
09:00 AM

Comment
Comment: court hrgs for courts legal determinations two days;

06/17/2002 Opposition ▾

Comment
Comment: to Tektronix memo of law re labor costs are damages; Plaintiff: EMPLOYERS
INSURANCE OF WAUSAU

06/17/2002 Trial - Twelve Person Jury ▾

Hearing Time
09:00 AM

Comment
Comment: two weeks;

Comment: re cleanup costs are not ordinary costs of doing business; Defendant: TEKTRONIX INC

01:15 PM

Comment: Telephone Conference;

Comment: on application of the qualified polluters exclusion; Defendant: TEKTRONIX INC

Comment: John G Nevius in support of Tektronix trial memo on applicatin of the qualified polluters exclusion;

Comment: compendum of out-of-state unreported & federal authorit- ies in support of Tektronix trial memo on application of qualified polluters exclusion;

Comment: re rqst to present evidence of probable settlement; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: to exclude DEQ invoices; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: offer of proof re parties mutual intent & understanding of contract; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: offer of proof re probable settlement; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: in opposition to Wausaus motions in limine (set II) & offers of proof; Defendant: TEKTRONIX INC

Comment: Robet M Horkovich in support of memo;

Comment: to Tektronixs trial memo on application of the qualified polluters exclusion; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: to Wausaus motion to exclude DEQ invoices; Defendant: TEKTRONIX INC

Comment: Scott J Kaplan in opposition to Wausaus motion;

09:00 AM

Comment: Jury/Est. Three Weeks;

Comment: proposed; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: joint stip re trial exhibits; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

09:00 AM

Set-Over Court

Comment: Jury/Est. Two Weeks; Event Status: Set-Over Court; Event Status Date: 07/11/2002;

Comment: jury verdict form re bldg 10/12; Defendant: TEKTRONIX INC

Comment: jury verdict form re bldg 46/48 parking lot; Defendant: TEKTRONIX INC

Comment
Comment: jury verdict form re bldg 02; Defendant: TEKTRONIX INC

08/13/2002 Request ▾

Comment
Comment: jury verdict form re Beaverton Creek; Defendant: TEKTRONIX INC

08/13/2002 Request ▾

Comment
Comment: jury verdict form re bldg 93; Defendant: TEKTRONIX INC

08/14/2002 Request ▾

Comment
Comment: jury verdict form concerning bldg 40/16/surface impoundmnts; Defendant: TEKTRONIX INC

08/16/2002 Return - Service Civil Subpoena ▾

Comment
Comment: Dave St Louis; Court Action: Served; Court Action Date: 07/30/2002;

08/16/2002 Return - Service Civil Subpoena ▾

Comment
Comment: Max Hiatt; Court Action: Served; Court Action Date: 07/28/2002;

08/16/2002 Return - Service Civil Subpoena ▾

Comment
Comment: Frank Deaver; Court Action: Served; Court Action Date: 07/28/2002;

08/16/2002 Return - Service Civil Subpoena ▾

Comment
Comment: John P Mahoney; Court Action: Served; Court Action Date: 07/29/2002;

08/16/2002 Return - Service Civil Subpoena ▾

Comment
Comment: Donald B Sasse; Court Action: Served; Court Action Date: 07/31/2002;

08/16/2002 Return - Service Civil Subpoena ▾

Comment
Comment: Gerald Davies; Court Action: Served; Court Action Date: 07/31/2002;

08/16/2002 Return - Service Civil Subpoena ▾

Comment
Comment: Chester A Schink; Court Action: Served; Court Action Date: 07/27/2002;

08/16/2002 Return - Service Civil Subpoena ▾

Comment: James C Brown; Court Action: Served; Court Action Date: 06/06/2002;

Comment: re Building 93;

Comment: The Building 46/48 Parking Lot (Tektronix dollar damages $5,063.00);

Comment: Building 10/12 (Tektronix dollar damages $87,913.00);

Comment: Building 02 (Tektronix dollar damages $815,360.00);

Comment: Beaverton Creek (Tektronix dollar damages $25,447.00);

Comment: Building 46/16/surface impoundments (Tektronix dollar damages $967,654.00);

Comment: for entry of judgment of dismissal w/prejudice (sealed); Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

09/03/2002 Affidavit - Supporting Motion ▾

Comment
Comment: (sealed);

09/13/2002 Motion ▾

Comment
Comment: cross motion for entry of judgment & alternatively for specific performance-oral argmt rqstd-confidential filed under seal (not sealed when rec'd); Defendant: TEKTRONIX INC

09/13/2002 Memorandum - Support Motion

09/13/2002 Affidavit - Supporting Motion ▾

Comment
Comment: cross-motion for entry of jgmt & alternatively for specific performance & in oppositon to Underwriters motion for entry of judgment-confidential-filed under seal (rec'd not sealed);

09/13/2002 Motion ▾

Comment
Comment: for judgment nonwithstanding verdict; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

09/13/2002 Notice ▾

Comment
Comment: of motion for judgment non- withstanding verdict; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

09/13/2002 Affidavit - Supporting Motion ▾

Comment
Comment: Julia Mezhinsky;

09/13/2002 Certificate - Service ▾

Comment
Comment: Notice of Motions for Judgment Nonwithstanding Verdict and Aff of Julia Mezhinsky Overnight Express; Court Action: Mailed; Court Action Date: 09/12/2002; Conversion - Extended Connections: JOHN G NEVIUS Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: FINLEY T HARCKHAM Conversion - Extended Connections: MICHAEL GEVERTZ Conversion - Extended Connections: RICHARD P LEWIS Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: BRUCE R ROME Privately Retained: WILLIAM G EARLE

09/30/2002 Affidavit ▾

Comment
Comment: supplemental-Bruce Rome in oppostn to Tektronix crossmtn & in support of Underwriters mtn for entry of jgmt of dismissal w/prejudice FILED UNDER SEAL; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Michael Gevertz in opposition to Tektronix crossmtn & in support of Underwriters motion for entry of jgmt of dismissal w/prejudice FILED UNDER SEAL; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: in support of motion for entry of jgmt of dismissal w/prejudice & in opposition to Tektronix crossmtn FILED UNDER SEAL; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: To Wausaus motion for partial judgment notwithstanding the verdict; Defendant: TEKTRONIX INC

Comment: Scot Kaplan in support of Tektronix opposition;

Comment: of non-opposition re Certain Underwirters at Lloyds & Certain London Mkt Ins motion for entry of jgmt of dismissal w/prejudice of Tektronix cross action & Tekronix crossmotion; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: in support of motion for entry of jgmt of dismissal w/prejudice & in opposition to Tektronix crossmotion FILED UNDER SEAL; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Michael Gevertz in opposition to Tektronix crossmotin & in support of Underwriters motion for entry of jgmt of dismissal w/prejudice FILED UNDER SEAL; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: Bruce J Rome in opposition to Tektronix crossmotion & in support of Underwriters motion for entry of jgmt of dismissal w/prejudice FILED UNDER SEAL; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: in support of its motion for judgment notwithstanding the verdict; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: Julie Mezhinsky in support of reply;

Comment: Reply in Support of Motion for Jdgmt notwithstanding Verdict Affidavit of Julia Mezhinsky Overnight Express; Court Action: Mailed; Court Action Date: 10/07/2002; Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: FINLEY T HARCKHAM Conversion - Extended Connections: MICHAEL GEVERTZ Conversion - Extended Connections: JOHN G NEVIUS Privately Retained: TIMOTHY DALY SMITH Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections: BRUCE R ROME Privately Retained: WILLIAM G EARLE Conversion - Extended Connections: RICHARD P LEWIS

Comment: supplemental of Scott J Kaplan in opposition to motion for judgment notwithstanding the verdict; Defendant: TEKTRONIX INC

Comment: for leave to file surreply confidential-filed under seal oral argmt rqstd; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Comment: (proposed) surreply in support of motion for entry of jgmt of dismissal w/prejudice in in oppositon to Tektronix cross motion confidential-filed under seal; Defendant: CERTAIN UNDERWRITERS AT LLOYDS 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC

Comment
Comment: Hollis K McMilan in support of Underwriters surreply filed under seal;

10/10/2002 Other ▾

Comment
Comment: compendium of out-of-state authorities for underwriters surreply to Tektronix reply memo in support of Tektronix cross motion for jgmt confidential-filed under seal; Defendant: CERTAIN UNDERWRITERS AT LLOYDS

10/10/2002 Objection ▾

Comment
Comment: to Tektronix evidence confidential-filed under seal; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

10/10/2002 Motion ▾

Comment
Comment: amended-for jgmt notwithstand- ing verdict; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

10/10/2002 Affidavit - Supporting Motion ▾

Comment
Comment: Bryan M Barber;

10/10/2002 Certificate - Service ▾

Comment
Comment: Amended Motion for Judgment Nonwithstanding Verdict/Aff of Bryan Barber/By Hand Delivery; Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections: ROBERT M HORKOVICH Conversion - Extended Connections: JOHN G NEVIUS Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: RICHARD P LEWIS Conversion - Extended Connections: FINLEY T HARCKHAM Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: BRUCE R ROME Conversion - Extended Connections: MICHAEL GEVERTZ Privately Retained: WILLIAM G EARLE

10/10/2002 Hearing ▾

Hearing Time
01:00 PM

Comment
Comment: Re: Lloyds Motion to Dimiss & JNOV Motions; 1/2 Day;

10/21/2002 Motion ▾

Comment
Comment: to seal exhibits & transcript of 10/10/02 hearing-unopposed; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

10/21/2002 Affidavit - Supporting Motion ▼

Comment: Hollis K McMilan;

Maurer, Steven L    Comment: sealing exhibits & transcript of 10-10-02 hrg on Certain Underwriters at Lloyds & Certain London Mkt Ins motion for entry of jgmt of dismissal w/prejudice & Tektronix cross-; Court Action: Signed; Court Action Date: 10/23/2002; Judge: Steven L Maurer;

Comment: opening brief on allocation of damages from property damage; Defendant: TEKTRONIX INC

Comment: Richard Lewis in support of opening brief;

Comment: in support of allocation trial brief; Privately Retained: WILLIAM G EARLE

Comment: appendix of authorities in sup port of allocation trail brief; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: compendum of out-of-state & federal authorities in support of Tektronix opening brief on allocation of damages from property damage;

Maurer, Steven L    Comment: extending hold open period fourteen days; Court Action: Signed; Court Action Date: 11/20/2002; Judge: Steven L Maurer; 3rd Party Defendant: CERTAIN LONDON MARKET INSURANC Defendant: CERTAIN UNDERWRITERS AT LLOYDS

Comment: to Wausaus opening brief on allocation; Defendant: TEKTRONIX INC

Comment: John G Nevius in support of opposition to Wausaus opening brief on allocation;

Comment: compendium of out-of-state & federal authorities in support of Tektronix opposit- ion to Wausaus opening brief on allocation;

01:00 PM

Comment: Telephone Conference Barber; Kaplan; Horkovich;

Defendant: TEKTRONIX INC Privately Retained: SCOTT J KAPLAN

Comment: under seal;

Comment: to Post-trial request for judicial notice; Defendant: TEKTRONIX INC Privately Retained: SCOTT J KAPLAN

09:00 AM

Cancelled

Comment: SET W/BARBER, KAPLAN & HARKHAM ALL DAY HEARING; Event Status: Cancelled; Event Status Date: 12/16/2002;

01/07/2003 Hearing ▾

Hearing Time
09:00 AM

Comment
Comment: ALL DAY HEARING;

02/21/2003 Statement - Attorney Fees ▾

Comment
Defendant: TEKTRONIX INC Privately Retained: SCOTT J KAPLAN

02/21/2003 Affidavit ▾

Comment
Comment: of H. Paul Montgomery re: Tektronix's expert witness fees & other Tek. costs;

02/24/2003 Statement - Attorney Fees ▾

Comment
Conversion - Extended Connections: JOHN G NEVIUS Defendant: TEKTRONIX INC

02/24/2003 Memorandum - At Law ▾

Comment
Comment: in support; Defendant: TEKTRONIX INC Conversion - Extended Connections: JOHN G
NEVIUS

02/24/2003 Exhibit ▾

Comment
Comment: Vol. I; Defendant: TEKTRONIX INC

02/24/2003 Exhibit ▾

Comment
Comment: Vol. II; Defendant: TEKTRONIX INC

03/24/2003 Motion - Compel Production ▾

Comment
Comment: re: attys fees & costs sought from Wausau; Conversion - Extended Connections:
BRYAN BARBER Conversion - Extended Connections: JULIA MEZHINSKY

03/24/2003 Affidavit - Supporting Motion ▾

Comment
Privately Retained: WILLIAM G EARLE

01:00 PM

Comment: 1:00 pm; in the courtroom;

Maurer, Steven L    Comment: on pltf motion to compel prod of docmnts re atty fees & cost sought from Wasau; Court Action: Signed; Court Action Date: 04/24/2003; Judge: Steven L Maurer; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Maurer, Steven L    Comment: Re: method of allocation;start of allocation periods; end of allocation periods; allocation periods & proportions; Policy stacking issues; duty to defen cc; file originals to attys; Court Action: Signed; Court Action Date: 05/15/2003; Judge: Steven L Maurer;

Comment: in support of Ptfs fee/cost proposal; Conversion - Extended Connections: JULIA MEZHINSKY

Comment: in support of fee petition; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Court Action: Mailed; Court Action Date: 06/17/2003; Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: JOHN G NEVIUS Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: ROBERT M HORKOVICH Conversion - Extended Connections: FINLEY T HARCKHAM Conversion - Extended Connections: RICHARD P LEWIS Privately Retained: WILLIAM G EARLE

06/18/2003 Affidavit - Supplemental ▼

Comment
Comment: julia mezhinsky; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

06/18/2003 Motion - Strike ▼

Comment

Comment: aff of J Mezhinsky in supp of ptf's fee/cost propsl oral arg req; Room: CVMO; Time: 7:00AM; Defendant: TEKTRONIX INC Privately Retained: SCOTT J KAPLAN

06/26/2003 Hearing ▾

Hearing Time
01:00 PM

Comment
Comment: Telephone Conf. 20-30 minutes;

07/08/2003 Affidavit - Supporting Motion ▾

Privately Retained: SCOTT J KAPLAN

Maurer, Steven L          Comment: setting post-trial brief; Court Action: Signed; Court Action
                          Date: 07/09/2003; Judge: Steven L Maurer;

Comment: Support Wausau's Proposed Form of Judgment and Opposition to Tektronix's Proposed Judgment; Conversion - Extended Connections: JULIA MEZHINSKY Conversion - Extended Connections: BRYAN BARBER

Comment: Proposed ORCP 67 B Money and Declaratory Judgments/FAX only; Conversion - Extended Connections: MICHAEL GEVERTZ Conversion - Extended Connections: BRYAN BARBER Privately Retained: WILLIAM G EARLE

Comment: Proposed ORCP 67B Money and Declaratory Jdgmts/Not Signed; Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: ROBERT M HORKOVICH

Comment: Wausau's Proposed ORCP 67B Money and Declaratory Jdgmt Not Signed; Privately Retained: WILLIAM G EARLE

Comment
Comment: JULIE SJULLE in support Ptf opposition to Tek Motion Compel;

07/22/2003 Objection ▼

Comment
Comment: Opposition Tek motion compel production; Room: CVMO; Time: 7:00AM; Plaintiff:
EMPLOYERS INSURANCE OF WAUSAU

07/22/2003 Other ▼

Comment
Comment: Appendix of authorities support of opposition; Plaintiff: EMPLOYERS INSURANCE OF
WAUSAU

07/22/2003 Certificate - Service ▼

Comment
Comment: overnight mail; Conversion - Extended Connections: RICHARD P LEWIS Conversion -
Extended Connections: FINLEY T HARCKHAM Conversion - Extended Connections: ROBERT M
HORKOVICH Privately Retained: WILLIAM G EARLE Privately Retained: SCOTT J KAPLAN

07/28/2003 Affidavit - Supporting Motion ▼

Comment: of julie sjullie; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: Further support Motion to Compel; Room: CVMO; Time: 7:00AM; Defendant:
TEKTRONIX INC

3rd Party Plaintiff: TEKTRONIX INC

Comment: IN OPPOSITION TO PROPOSED FORFEITURE BY WAUSAU OF PRE- JGMT
INTEREST; Room: CVMO; Time: 7:00AM; 3rd Party Plaintiff: TEKTRONIX INC

Maurer, Steven L          Comment: re: proposed orders to compel production of Wausau's Billing
Records cc; file; Court Action: Signed; Court Action Date: 10/27/2003;
Judge: Steven L Maurer;

**10/28/2003 Order - Compelling Production** ▾

Judicial Officer
Maurer, Steven L

Comment
Court Action: Signed; Court Action Date: 10/27/2003; Judge: Steven L
Maurer;

**12/16/2003 Memorandum** ▾

Comment
Comment: in support of; Defendant: TEKTRONIX INC

**12/17/2003 Hearing** ▾

Hearing Time
01:30 PM

Comment
Comment: Re: Judgment;

**12/30/2003 Notice - Judgment Entry** ▾

Comment
Conversion - Extended Connections: BRYAN BARBER Conversion - Extended Connections:
FINLEY T HARCKHAM Privately Retained: DIANE L POLSCER Privately Retained: ALBERT J
BANNON Conversion - Extended Connections: SANGEETA SINGAL Conversion - Extended
Connections: JULIA MEZHINSKY Privately Retained: JAMES T WALDRON Conversion -
Extended Connections: ROBERT M HORKOVICH Conversion - Extended Connections: HELEN A
BOYER Conversion - Extended Connections: THOMAS M JONES Privately Retained: TIMOTHY
DALY SMITH Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: APRIL
A FISHER Conversion - Extended Connections: JOSEPH L RUBY Conversion - Extended
Connections: JOHN G NEVIUS Conversion - Extended Connections: BRUCE R ROME Defendant:
1-100 DOES Privately Retained: HOLLIS K MCMILAN Conversion - Extended Connections:
BELENETTE A BELEN Conversion - Extended Connections: MICHAEL GEVERTZ Conversion -
Extended Connections: RICHARD P LEWIS Privately Retained: DON H MARMADUKE Conversion
- Extended Connections: MARTIN R BAACH Privately Retained: DAVID STANLEY AMAN
Privately Retained: WILLIAM G EARLE Privately Retained: CURT H FEIG

**12/30/2003 Judgment** ▾

Judicial Officer
Maurer, Steven L

Comment
Court Action: Signed; Court Action Date: 12/30/2003; Judge: Steven L
Maurer;

**02/06/2004 Notice - Cross Appeal** ▾

Comment
Appellant-Cross-Respondent/Respondent: TEKTRONIX INC

**02/06/2004 Notice - Appeal** ▾

Comment

Comment: and designation of record.; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: Re: Retrospective Premium Rating Plans;

Comment: of judicial notice for alloca- tion trial; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: appendix of authorities in support of opposition to open- ing brief on allocation of damages from property damages; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: in support of opposition to opening brief on allocation of damages from property damage; Privately Retained: WILLIAM G EARLE

Comment: of Julia Mezhinsky in support of Pltfs. opposition to open- ing brief on allocation of damages from property damages; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: Support Wausau Allocation Trial Brief attaching sub. ex- hibit of 14 Julia Mezhinsky; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: AMENDED-in support of Pltfs. allocation trial brief (CONFIDENTIAL - filed under seal); Privately Retained: WILLIAM G EARLE

Comment: to Opening Brief on Alloca- tion of damages from property damage; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: reply, aff. and appendix; Court Action: Mailed; Court Action Date: 12/05/2002; Privately Retained: TIMOTHY DALY SMITH Defendant: CONTINENTAL CASUALTY COMPANY Defendant: TEKTRONIX INC Privately Retained: HOLLIS K MCMILAN Privately Retained: SCOTT J KAPLAN Privately Retained: WILLIAM G EARLE

Comment: Opposition to Opening Brief; Court Action: Mailed; Court Action Date: 11/22/2002; Privately Retained: SCOTT J KAPLAN Defendant: TEKTRONIX INC Privately Retained: TIMOTHY DALY SMITH

Comment: Affidavit of Julia Mezhinsky; Court Action: Mailed; Court Action Date: 11/22/2004; Privately Retained: TIMOTHY DALY SMITH Privately Retained: SCOTT J KAPLAN Defendant: TEKTRONIX INC Defendant: CERTAIN UNDERWRITERS AT LLOYDS Privately Retained: WILLIAM G EARLE

Comment: rq. judicial notice of facts; Court Action: Mailed; Court Action Date: 12/03/2002; Privately Retained: SCOTT J KAPLAN Privately Retained: TIMOTHY DALY SMITH Defendant: TEKTRONIX INC Defendant: CERTAIN UNDERWRITERS AT LLOYDS Privately Retained: WILLIAM G EARLE

Comment: af. Julia Mezhinskyt; Court Action: Mailed; Court Action Date: 12/05/2002; Privately Retained: TIMOTHY DALY SMITH Privately Retained: SCOTT J KAPLAN Defendant: CERTAIN UNDERWRITERS AT LLOYDS Defendant: TEKTRONIX INC Privately Retained: WILLIAM G EARLE

Comment: obj. to motion to strike evidence; Court Action: Mailed; Court Action Date: 12/03/2002; Privately Retained: TIMOTHY DALY SMITH Defendant: TEKTRONIX INC Defendant: CERTAIN UNDERWRITERS AT LLOYDS Privately Retained: SCOTT J KAPLAN Privately Retained: WILLIAM G EARLE

Comment: to motion to strike evidence in support of opening brief; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: Julie Mezhinsky in support of reply in support of its allo- cation trial brief; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: Appendix of Authorities in support of reply in support of Allocation Trial Brief; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: of notice of appeal on third party def.; Court Action: Mailed; Court Action Date: 02/16/2004; Privately Retained: WILLIAM G EARLE

Comment: FILE IN VAULT/ROOM 11 **SEE OCIE OR MARY P.**;

Comment: and proof of service.Reporter, Kellie M. Humiston.Vol.II.In the vault with the case and exhibits.;

Comment: supersedeas; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: compedium of out of state un- reported & Federal authorities; Defendant: TEKTRONIX INC

Comment: on Fee Petition-Spreadsheets of Anderson, Kill & Olick revised fees and expenses; Defendant: TEKTRONIX INC

Comment: response to pltf's objections to fee petition; Privately Retained: SCOTT J KAPLAN

Comment: to hearing brief on fee petition; Defendant: TEKTRONIX INC

Comment: on fee petition; Defendant: TEKTRONIX INC

Comment: revised hearing brief on fee petition; Defendant: TEKTRONIX INC

06/10/2004 Hearing ▾

09:00 AM

Comment: Re: Attorneys Fees (2 days);

Comment: Bryan M. Barber in support of pltf's response;

Comment: to def Tektronix's brief re: revised fee petition; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

Comment: Wausau's response to Tektronix brief regarding fee petition; Defendant: TEKTRONIX INC

08/05/2004 Judgment - Dismissal ▾

| Judicial Officer | Comment |
|---|---|
| Maurer, Steven L | Comment: stipulated as to def. 7, 8, & 20 only; Court Action: Signed; Court Action Date: 08/05/2004; Judge: Steven L Maurer; ; ATY:KAPLAN SCOTT J; ATY:MCMILAN HOLLIS K; PTF:EMPLOYERS INSURANCE OF WAUSAU |

08/11/2004 Transcript - Appeal ▾

Comment

Comment: Volumes XXIIII. court reporter Moore Henderson Allen and Thomas placed in vault w/file;

08/24/2004 Motion - Relief From Default –

Comment: and fifth extension of time to prepare and file trans.; Privately Retained: WILLIAM G EARLE

Comment: and proof of service.Reporter, Heather Ingram.Vol.I.Put in vault with the file and other trans.;

Comment: and proof of service.Reporter, Jan Harrie. Vol. II;

Comment: correct transcript stipulated; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU Privately Retained: WILLIAM G EARLE

Comment: to correct transcript; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU Privately Retained: WILLIAM G EARLE

Maurer, Steven L          Comment: correcting transcript; Court Action: Signed; Court Action Date: 09/23/2004; Judge: Steven L Maurer; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU Privately Retained: WILLIAM G EARLE

Maurer, Steven L          Comment: granting reporters motion to make corrections to transcript; Court Action: Signed; Court Action Date: 10/26/2004; Judge: Steven L Maurer;

Maurer, Steven L

Comment
Comment: as to Attorneys Fees originals to attys (cc; file) fax then mailed; Court Action: Signed; Court Action Date: 10/29/2004; Judge: Steven L Maurer; Conversion - Extended Connections: ROBERT M HORKOVICH Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: FINLEY T HARCKHAM Conversion - Extended Connections: BRYAN BARBER Privately Retained: WILLIAM G EARLE

---

11/09/2004 Order - Settling Transcript ▼

Judicial Officer
Maurer, Steven L

Comment
Court Action: Signed; Court Action Date: 11/05/2004; Judge: Steven L Maurer; Privately Retained: WILLIAM G EARLE

---

11/15/2004 Judgment - Supplemental - Creates Lien ▼

Judicial Officer
Maurer, Steven L

Comment
Court Action: Signed; Court Action Date: 11/15/2004; Judge: Steven L Maurer;

---

11/18/2004 Notice - Judgment Entry ▼

Comment
Privately Retained: TIMOTHY DALY SMITH Privately Retained: JAMES T WALDRON Conversion - Extended Connections: SANGEETA SINGAL Conversion - Extended Connections: JULIA MEZHINSKY Conversion - Extended Connections: BRUCE R ROME Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: ROBERT M HORKOVICH Conversion - Extended Connections: MICHAEL GEVERTZ Privately Retained: DON H MARMADUKE Conversion - Extended Connections: APRIL A FISHER Conversion - Extended Connections: FINLEY T HARCKHAM Conversion - Extended Connections: THOMAS M JONES Conversion - Extended Connections: HELEN A BOYER Conversion - Extended Connections: RICHARD P LEWIS Defendant: 1-100 DOES Conversion - Extended Connections: BRYAN BARBER Privately Retained: DIANE L POLSCER Conversion - Extended Connections: JOSEPH L RUBY Conversion - Extended Connections: JOHN G NEVIUS Conversion - Extended Connections: MARTIN R BAACH Appellant-Cross-Respondent/Respondent: TEKTRONIX INC Conversion - Extended Connections: BELENETTE A BELEN Privately Retained: WILLIAM G EARLE Privately Retained: CURT H FEIG Privately Retained: DAVID STANLEY AMAN

---

12/01/2004 Statement - Attorney Fees ▼

Comment
Comment: supplemental costs, disburse- ments; Privately Retained: SCOTT J KAPLAN 3rd Party Plaintiff: TEKTRONIX INC

---

12/02/2004 Statement ▼

Comment
Comment: supplemental/re:atty fees, costs/disbursements submitted by atty John Nevius-New York; Defendant: CONTINENTAL CASUALTY COMPANY Privately Retained: SCOTT J KAPLAN

---

12/06/2004 Statement - Attorney Fees ▼

Comment

Comment: supplemental; 3rd Party Plaintiff: TEKTRONIX INC Privately Retained: SCOTT J KAPLAN

12/14/2004 Notice - Amended Appeal

12/21/2004 Transcript - Appeal ▾

Comment

Comment: and proof of service.Reporter, Tamara Aufdermauer.;

12/22/2004 Undertaking - Appeal ▾

Comment: plaintiff's supplemented; Privately Retained: WILLIAM G EARLE

12/27/2004 Motion ▾

Comment: for extension of time.;

01/07/2005 Request - Information ▾

Comment: mail request sent 1/7 srm;

01/11/2005 Letter ▾

Maurer, Steven L          Comment: re: supplemental statement of attys fees & costs submitted x Tek; no objection filed Tek to submit Judgment originals mailed to attys; cc; file; Court Action: Signed; Court Action Date: 01/11/2005; Judge: Steven L Maurer;

01/18/2005 Motion ▾

Comment: motion to correct transcript of 5/10/05 hearing; Privately Retained: SCOTT J KAPLAN Privately Retained: WILLIAM G EARLE

02/01/2005 Order ▾

Maurer, Steven L          Comment: re:stipulated motion to cor- rec transcript of 5/10/04 hrg.; Court Action: Signed; Court Action Date: 02/01/2005; Judge: Steven L Maurer; Privately Retained: WILLIAM G EARLE

02/08/2005 Judgment - General Creates Lien ▾

Judicial Officer

| Maurer, Steven L | Comment |
|---|---|
| | Court Action: Signed; Court Action Date: 02/08/2005; Judge: Steven L Maurer; |

02/11/2005 Notice - Judgment Entry -

Privately Retained: DON H MARMADUKE Conversion - Extended Connections: BRYAN BARBER Conversion - Extended Connections: FINLEY T HARCKHAM Conversion - Extended Connections: JOSEPH L RUBY Privately Retained: TIMOTHY DALY SMITH Conversion - Extended Connections: BELENETTE A BELEN Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: SANGEETA SINGAL Privately Retained: JAMES T WALDRON Conversion - Extended Connections: THOMAS M JONES Conversion - Extended Connections: JULIA MEZHINSKY Conversion - Extended Connections: BRUCE R ROME Conversion - Extended Connections: JOHN G NEVIUS Conversion - Extended Connections: RICHARD P LEWIS Conversion - Extended Connections: ROBERT M HORKOVICH Conversion - Extended Connections: MICHAEL GEVERTZ Conversion - Extended Connections: APRIL A FISHER Conversion - Extended Connections: MARTIN R BAACH Conversion - Extended Connections: HELEN A BOYER Defendant: 1-100 DOES Privately Retained: DIANE L POLSCER Privately Retained: WILLIAM G EARLE Appellant-Cross-Respondent/Respondent: TEKTRONIX INC Privately Retained: CURT H FEIG Privately Retained: DAVID STANLEY AMAN

| Maurer, Steven L | Comment: settling May 10,2004,trans.; Court Action: Signed; Court Action Date: 02/18/2005; Judge: Steven L Maurer; Privately Retained: WILLIAM G EARLE |
|---|---|

Comment: second amended notice of app- eal.Sent copy to Kym Byam;

Comment: for file,etc.from court of appeals.;

Comment: sent file and transcripts Volumes XXX to court of appeal;

Comment: TRIAL/HEARINGS; SIGNED BY ATYS DELANEY AND TEIGEN; Room: EXRC; Time: 7:00AM; Event Status: Cancelled; Event Status Date: 04/09/2007;

Comment
Comment: Box 1 Volume 1-8/Index sent to the Court of Appeals/A123664;

07/11/2006 Receipt ▾

Comment
Comment: from court of appeals showing 99files,I trans.,1 box of sealed documents.;

08/20/2006 Jury - Instructions

~~CATEGORY AFFDAV - COUNSL~~ ▾

~~Comment~~
Comment: of Julia Mezhinsky: in support of ptf's fee/cost; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

~~CATEGORY MOTN - FILED~~ ▾

~~Comment~~
Comment: Oral argument req; Defendant: TEKTRONIX INC Privately Retained: CHARLES F HINKLE

~~CATEGORY REPLY~~ ▾

~~Comment~~
Comment: to Ptf's objection to Tektroni x's supplemental fee petition; Defendant: TEKTRONIX INC Privately Retained: SCOTT J KAPLAN

~~CATEGORY EXHIB~~ ▾

~~Comment~~
Comment: Atty Fee Exhibits held in Rm 11a; remanded from appeals; ck status; Room: EXRC; Event Status: Cancelled; Event Status Date: 11/25/2009;

~~CATEGORY AFFDAV~~ ▾

~~Comment~~
Comment: of John Nevius;

~~CATEGORY AFFDAV~~ ▾

~~Comment~~
Comment: of Julia Mezhinsky in support of Ptf's memorandum in support of it's fee petition; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

~~CATEGORY EXHIB~~ ▾

~~Comment~~
Comment: fee cost proposal; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU

09/19/2007 Other ▼

   Comment

   Comment: appendix of authorities of Julia Mezhinsky;

09/19/2007 Affidavit - Opposing Motion ▼

   Comment: to Tektronix petition for attorney fees; Privately Retained: WILLIAM G EARLE

   Comment: on Tektronix m/ to compel production of ptf's billing records;

   Comment: to Tektronx m/to compel produc tion of billing records; Defendant: TEKTRONIX INC

   Comment: re: order on Tektronx m/to compel; Privately Retained: WILLIAM G EARLE

   Comment: re: Pre jgmt interest;

12/19/2007 Judgment - Supplemental - Creates Lien

12/19/2007 Judgment - Supplemental - Creates Lien

12/24/2007 Order - Remand on Appeal ▼

   Comment

   Comment: and Reversed on Appeal/Judges Edmonds/Brewer/Schuman/Costs allowed/payable by Rsp on Appeal/Cross-Rsp on Cross-Appl; Court Action: Signed; Court Action Date: 12/19/2007;

12/24/2007 Notice - Judgment Entry ▼

   Comment

   Privately Retained: CHARLES F HINKLE Privately Retained: WILLIAM G EARLE

12/24/2007 Notice - Judgment Entry ▼

   Comment

   Privately Retained: CHARLES F HINKLE Privately Retained: WILLIAM G EARLE

01/10/2008 Receipt ▾

Comment
Comment: 11 Boxes/Files/Exhs returned Ct of Appeals/Missing 4 boxes;

03/11/2008 Case Notes ▾

Comment
Comment: Additional boxes recd;

04/22/2008 Request - Information ▾

Comment
Comment: Mail req rec'd from Davis Roth well Completed 04.18.08 sc;

02/25/2009 Notice - Hearing

03/17/2009 Order - Disposition ▾

Judicial Officer
Maurer, Steven L

Comment
Comment: Telephone Conference held; trial set for 10/05/09; Court
Action: Signed; Court Action Date: 03/17/2009; Judge: Steven L Maurer;

03/17/2009 Hearing - Conference Call ▾

Hearing Time
08:30 AM

Comment
Comment: TELEPHONE CONFERENCE to set up briefing & trial schedule. IN CHAMBERS; attorneys to
confer- ence together and contact the court at 503-722-2732; Est length of time: 15 Minute(s)

03/18/2009 Notice - Trial

04/22/2009 Notice ▾

Comment
Comment: of address/firm name change; Conversion - Extended Connections: BRYAN BARBER

04/23/2009 Motion ▾

Comment
Comment: for appointment of settlement master; Conversion - Extended Connections: ROBERT M
HORKOVICH Privately Retained: SCOTT J KAPLAN Conversion - Extended Connections: FINLEY
T HARCKHAM Conversion - Extended Connections: BRYAN BARBER Privately Retained:
WILLIAM G EARLE

04/28/2009 Order - Stipulated ▾

Judicial Officer

Maurer, Steven L

**Comment**

Comment: James T. McDermott as settle- ment master; Court Action: Signed; Court Action Date: 04/22/2009; Judge: Steven L Maurer;

08/14/2009 Motion - In Limine ▾

Comment

Comment: 2.1 - 2.6 for Trial after Remand; Privately Retained: SCOTT J KAPLAN Defendant: TEKTRONIX INC

08/14/2009 Declaration ▾

Comment

Privately Retained: SCOTT J KAPLAN

08/21/2009 Notice - Hearing

08/24/2009 Offer ▾

Comment

Comment: Offer to Allow Jmgt on def Tektronix Counterclaims; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU Privately Retained: WILLIAM G EARLE

08/28/2009 Offer ▾

Comment

Comment: Offer to allow Jgmt on def Tektronix's Counterclaim; Privately Retained: SCOTT J KAPLAN Privately Retained: FINLEY T HARCKHAM Privately Retained: WILLIAM G EARLE

08/31/2009 Offer ▾

Comment

Comment: ptf's offer to allow jgmt on def Tektronix's countercl; Plaintiff: EMPLOYERS INSURANCE OF WAUSAU Privately Retained: WILLIAM G EARLE Pro Hac Vice Attorney: BRYAN BARBER

09/11/2009 Hearing ▾

Hearing Time

08:30 AM

Comment

Comment: TELEPHONE CONF/IN CHAMBERS re: pretrial scheduling Court will initiate call; Est length of time: 15 Minute(s)

10/06/2009 Trial - Twelve Person Jury ▾

Hearing Time

09:00 AM

Settled

Comment
Comment: Matter reported settled by attys at telephone conference of 9/01/09; Event Status: Cancelled; Settled; Event Status Date: 10/02/2009;

11/13/2009 Closed

11/13/2009 Judgment - General Creates Lien ▾

| Judicial Officer | Comment |
|---|---|
| Maurer, Steven L | Court Action: Signed; Court Action Date: 11/13/2009; Judge: Steven L Maurer; |

11/16/2009 Satisfaction ▾

Comment
Comment: Monetarily only; Privately Retained: SCOTT J KAPLAN

11/20/2009 Notice - Judgment Entry ▾

Comment
Conversion - Extended Connections: BELENETTE A BELEN Privately Retained: SCOTT J KAPLAN Defendant: GRANITE STATE INSURANCE COMPAN Defendant: CONTINENTAL CASUALTY COMPANY Conversion - Extended Connections: BRUCE R ROME Conversion - Extended Connections: JOSEPH L RUBY Conversion - Extended Connections: MICHAEL GEVERTZ 3rd Party Defendant: EQUITAS LIMITED Conversion - Extended Connections: THOMAS M JONES Conversion - Extended Connections: HELEN A BOYER 3rd Party Plaintiff: AIU INSURANCE COMPANY 3rd Party Defendant: EQUITAS REINSURANCE LIMITED Conversion - Extended Connections: SANGEETA SINGAL Defendant: NATIONAL UNION FIRE INSURANCE 3rd Party Defendant: INSURANCE COMPANY OF PENNSYLVA Conversion - Extended Connections: MARTIN R BAACH Defendant: 1-100 DOES Appellant-Cross-Respondent/Respondent: TEKTRONIX INC Privately Retained: WILLIAM G EARLE Defendant: AETNA CASULTY AND SURETY COMPA

11/25/2009 Exhibit - Purge ▾

Comment
Comment: TRL/HG: 5-10-04; Plaintiff's Exbs. F102 (twice), F103-F105; Defendant's Exbs. F1-F16; APPEAL PERIOD LAPSED; by 4PM; Room: EXPG; Event Status: Cancelled; Event Status Date: 01/16/2010; Privately Retained: FINLEY T HARCKHAM Privately Retained: SCOTT J KAPLAN Pro Hac Vice Attorney: ROBERT M HORKOVICH Privately Retained: WILLIAM G EARLE Pro Hac Vice Attorney: BRYAN BARBER

11/25/2009 Notice - Exhibit Purge

12/14/2009 Return - Mail ▾

Comment
Comment: unable to fwd; Conversion - Extended Connections: MICHAEL GEVERTZ

12/13/2009 Return - Mail -

Comment: unable to fwd; Conversion - Extended Connections: BELENETTE A BELEN

12/14/2009 Return - Mail -

Comment: unable to fwd; Conversion - Extended Connections: SANGEETA SINGAL

12/14/2009 Return - Mail -

Comment: unable to fwd; Conversion - Extended Connections: BRUCE R ROME

01/11/2010 Order -

Maurer, Steven L          Comment: For Disposition of Exhibits; Court Action: Signed; Court Action Date: 01/11/2010; Judge: Steven L Maurer;

01/16/2010 Exhibit -

Comment: Disposed of Ptf. Exbs. F102 (twice), F103-F105; Def's Exbs F1-F16 on 1/16/10;

## Financial

TEKTRONIX INC
|  |  |  |
| --- | --- | --- |
| Total Financial Assessment |  | $135.00 |
| Total Payments and Credits |  | $135.00 |

| | | | | |
| --- | --- | --- | --- | --- |
| 9/16/1999 | Transaction Assessment | | | $135.00 |
| 9/16/1999 | Counter Payment | Receipt # 649397 | TEKTRONIX INC | ($135.00) |

AIU INSURANCE COMPANY
|  |  |  |
| --- | --- | --- |
| Total Financial Assessment |  | $2,445.50 |
| Total Payments and Credits |  | $2,445.50 |

| | | | | |
|---|---|---|---|---|
| 11/2/2001 | Transaction Assessment | | | $18.00 |
| 11/2/2001 | Counter Payment | Receipt # 819147 | UNKNOWN | ($18.00) |
| 8/29/2002 | Transaction Assessment | | | $2,395.00 |
| 8/29/2002 | Counter Payment | Receipt # 884901 | UNKNOWN | ($2,395.00) |
| 1/24/2003 | Transaction Assessment | | | $30.00 |
| 1/24/2003 | Counter Payment | Receipt # 917764 | UNKNOWN | ($30.00) |
| 11/10/2011 | Transaction Assessment | | | $2.50 |
| 11/10/2011 | Counter Payment | Receipt # 1788167 | UNKNOWN | ($2.50) |

CONTINENTAL CASUALTY COMPANY
Total Financial Assessment $135.00
Total Payments and Credits $135.00

| | | | | |
|---|---|---|---|---|
| 2/22/2000 | Transaction Assessment | | | $135.00 |
| 2/22/2000 | Counter Payment | Receipt # 682022 | CONTINENTAL CASUALTY COMPANY | ($135.00) |

GRANITE STATE INSURANCE COMPAN
Total Financial Assessment $135.00
Total Payments and Credits $135.00

| | | | | |
|---|---|---|---|---|
| 10/25/1999 | Transaction Assessment | | | $135.00 |
| 10/25/1999 | Counter Payment | Receipt # 658207 | FEIG, CURT H | ($135.00) |

NATIONAL UNION FIRE INSURANCE
Total Financial Assessment $135.00
Total Payments and Credits $135.00

| | | | | |
|---|---|---|---|---|
| 2/3/2000 | Transaction Assessment | | | $135.00 |
| 2/3/2000 | Counter Payment | Receipt # 678669 | FEIG, CURT H | ($135.00) |

EMPLOYERS INSURANCE OF WAUSAU
Total Financial Assessment $1,167.25
Total Payments and Credits $1,167.25

| | | | | |
|---|---|---|---|---|
| 8/3/1999 | Transaction Assessment | | | $167.00 |
| 8/3/1999 | Counter Payment | Receipt # 639860 | EARLE, WILLIAM G | ($167.00) |
| 8/19/1999 | Counter Payment | Receipt # 643526 | UNKNOWN | ($5.00) |
| 9/13/1999 | Counter Payment | Receipt # 648283 | UNKNOWN | ($0.50) |
| 3/22/2000 | Transaction Assessment | | | $2.25 |
| 3/22/2000 | Counter Payment | Receipt # 689874 | UNKNOWN | ($2.25) |

| 3/28/2000 | Counter Payment | Receipt # 690793 | UNKNOWN | ($42.00) |
| 12/7/2000 | Counter Payment | Receipt # 746592 | UNKNOWN | ($1.00) |
| 1/23/2001 | Counter Payment | Receipt # 755676 | UNKNOWN | ($3.50) |
| 3/15/2001 | Counter Payment | Receipt # 767241 | UNKNOWN | ($2.50) |
| 5/7/2001 | Counter Payment | Receipt # 779540 | UNKNOWN | ($2.00) |
| 7/17/2001 | Counter Payment | Receipt # 795485 | UNKNOWN | ($4.25) |
| 10/25/2001 | Counter Payment | Receipt # 817642 | UNKNOWN | ($4.25) |
| 11/13/2001 | Counter Payment | Receipt # 820647 | UNKNOWN | ($1.25) |
| 10/30/2002 | Counter Payment | Receipt # 898756 | UNKNOWN | ($100.00) |
| 11/6/2002 | Counter Payment | Receipt # 900158 | UNKNOWN | ($27.00) |
| 11/7/2002 | Counter Payment | Receipt # 900590 | UNKNOWN | ($2.00) |
| 1/13/2003 | Counter Payment | Receipt # 914826 | EARLE, WILLIAM G | ($70.00) |
| 2/25/2003 | Counter Payment | Receipt # 925117 | UNKNOWN | ($39.50) |
| 5/1/2003 | Transaction Assessment | | | $30.00 |
| 5/1/2003 | Counter Payment | Receipt # 941069 | UNKNOWN | ($30.00) |
| 9/16/2003 | Counter Payment | Receipt # 971651 | UNKNOWN | ($10.00) |
| 1/26/2004 | Counter Payment | Receipt # 1000174 | EARLE, WILLIAM G | ($5.00) |
| 2/18/2004 | Counter Payment | Receipt # 1005841 | UNKNOWN | ($20.00) |
| 1/7/2005 | Counter Payment | Receipt # 1085881 | UNKNOWN | ($1.00) |
| 4/17/2007 | Counter Payment | Receipt # 1303023 | UNKNOWN | ($149.75) |
| 4/24/2007 | Counter Payment | Receipt # 1304645 | UNKNOWN | ($35.25) |
| 4/14/2008 | Counter Payment | Receipt # 1403313 | UNKNOWN | ($300.00) |
| 4/17/2008 | Counter Payment | Receipt # 1404715 | UNKNOWN | ($1.50) |
| 4/18/2008 | Counter Payment | Receipt # 1405010 | UNKNOWN | ($300.00) |
| 5/9/2008 | Counter Payment | Receipt # 1411211 | UNKNOWN | ($8.25) |
| 5/12/2008 | Counter Payment | Receipt # 1411460 | UNKNOWN | ($0.75) |
| 6/9/2008 | Counter Payment | Receipt # 1419223 | UNKNOWN | ($13.00) |
| 11/19/2009 | Transaction Assessment | | | $10.00 |
| 11/19/2009 | Counter Payment | Receipt # 1576349 | UNKNOWN | ($10.00) |

Exhibit N

## Case Information

030403995 | CERTAIN UNDERWRITERS AT LLOYDS VS. MASSACHUSETTS BONDING & INSURA

Case Number
030403995

Court
MUL Civil

File Date
04/14/2003

Case Type
Declaratory Judgment

Case Status
Appeal

## Party

Plaintiff
CERTAIN UNDERWRITERS AT LLOYDS

Active Attorneys ▾

Lead Attorney
FOLAWN, JOHN
Retained

Defendant
CONTINENTAL INSURANCE COMPANY

    Aliases
    *DBA* CNA INSURANCE COMPANIES

Active Attorneys -
Lead Attorney
POLSCER, DIANE L
Retained

---

Defendant
BENEFICIAL FIRE AND CASUALTY I

    Aliases
    *OBO* STONEBRIDGE LIFE INSURANCE COM
    *SUC* JC PENNEY LIFE INSURANCE COMPA

Active Attorneys -
Lead Attorney
CARSON, CHRISTOPHER T
Retained

---

Defendant
GLENS FALLS INSURANSE COMPANY

    Aliases
    *DBA* CNA INSRUANCE COMPANIES

Active Attorneys -
Lead Attorney
POLSCER, DIANE L
Retained

---

Defendant
INDUSTRIAL INDEMNITY COMPANY

    Aliases
    *OBO* UNITED STATES FIRE INSURANCE

Active Attorneys -
Lead Attorney
WEEKS, ERIN
Retained

# Disposition Events

09/08/2005 Judgment ▾

---

Judicial Officer
Gernant, David

Judgment Type
Judgment - General Creates Lien

---

Monetary Award
    Signed Date: 09/08/2005
    Total: $1175.00
    Comments: Post-jgm inter...

---

11/16/2011 Judgment ▾

---

Judicial Officer
Unassigned, Judge

Judgment Type
Judgment Enforce Appellate Jgm

---

Monetary Award
    Signed Date: 11/16/2011
    Total: $1537.85
    Comments: Int simp 9% p...

03/25/2014 Judgment ▾

Judicial Officer
YOU, YOULEE Y

Judgment Type
Judgment - Supplemental Creates Lien

Monetary Award
    Signed Date: 03/21/2014
    Total: $985.00
    Comments: Post-JGM sim...

04/01/2014 Judgment ▾

Judicial Officer
YOU, YOULEE Y

Judgment Type
Judgment - Supplemental Creates Lien

Monetary Award
    Signed Date: 03/31/2014
    Total: $770.00
    Comments: Post-JGM sim...

04/29/2014 Judgment ▾

Judicial Officer
YOU, YOULEE Y

Judgment Type
Judgment - Supplemental Creates Lien

Monetary Award
    Signed Date: 04/25/2014
    Total: $613.00
    Comments: Post jgm simp...

## Events and Hearings

04/14/2003 Complaint ▼

Comment
Comment: Contribution; Declaratory JGM; NOT SUBJECT TO MANDATORY ARBITRAION;

04/28/2003 Return - Service Summons ▼

Comment
Comment: Serving Barbara Hasler; Court Action: Served; Court Action Date: 04/23/2003;

04/28/2003 Return - Service Summons ▼

Comment
Comment: Serving Barbara Hasler; Court Action: Served; Court Action Date: 04/23/2003;

04/28/2003 Return - Service Summons ▼

Comment
Comment: Serving Barbara Hasler; Court Action: Served; Court Action Date: 04/23/2003;

04/28/2003 Return - Service Summons ▼

Comment
Comment: Serving Barbara Hasler; Court Action: Served; Court Action Date: 04/23/2003;

04/28/2003 Return - Service Summons ▼

Comment
Comment: Serving Tracy Wasson; Court Action: Served; Court Action Date: 04/23/2003;

04/28/2003 Return - Service Summons ▼

Comment
Comment: Serving Barbara Hasler; Court Action: Served; Court Action Date: 04/23/2003;

05/20/2003 Certificate - Service ▼

Comment
Comment: Serving Kathleen Rohde w/sum mons; Court Action: Served; Court Action Date:
04/24/2003;

05/20/2003 Certificate - Mailing ▼

Comment
Comment: w/summons; Court Action: Served; Court Action Date: 04/24/2003;

05/20/2003 Certificate - Service ▼

Comment
Comment: Serving Samantha Doe; Court Action: Served; Court Action Date: 04/24/2003;

05/20/2003 Certificate - Mailing ▼

Comment
Comment: w/summons; Court Action: Mailed; Court Action Date: 04/24/2003;

05/20/2003 Certificate - Service ▼

Comment
Comment: Serving Janet Carswell; Court Action: Served; Court Action Date: 04/24/2003;

05/22/2003 Return - Service Summons ▼

Comment
Comment: Serving Tracy Wasson; Court Action: Served; Court Action Date: 05/09/2003;

05/29/2003 Answer - Affirmative Defense ▼

Comment
Comment: And Counterclaim;

06/18/2003 Answer

06/23/2003 Affidavit - Service

06/30/2003 Answer - Affirmative Defense

07/14/2003 Answer - Affirmative Defense

07/21/2003 Judgment - Dismissal Stipulated ▼

Judicial Officer

KOCH, DALE R

Comment
Comment: w/o prejudice w/o costs DEF 7 ONLY; Court Action:
Signed; Court Action Date: 07/21/2003; ; DEF:HOME INDEMNITY
COMPANY; JUD:KOCH_ DALE_ R; PTF:CERTAIN UNDERWRITERS
AT LLOYDS

07/23/2003 Notice - Rule 7 - 91 Day

07/30/2003 Notice - Judgment Entry

07/30/2003 Answer - Affirmative Defense ▾

Comment
Comment: And Counterclaims;

08/04/2003 Answer - Affirmative Defense ▾

Comment
Comment: Counterclaim and Cross-Claims;

08/15/2003 Answer - Affirmative Defense

09/23/2003 Answer

10/24/2003 Assignment - Trial Judge ▾

Comment
Room: TDRK;

10/28/2003 Notice - Printed

11/18/2003 Notice ▾

Comment
Comment: of chang eof addres for Diane L Polscer;

12/01/2003 Order - Postponement ▾

Judicial Officer
KOCH, DALE R

Comment
Comment: w/motion reset trial in regular course-Granted; Court Action: Signed; Court Action Date: 11/28/2003; Judge: DALE R KOCH;

12/08/2003 Notice ▾

Comment
Comment: for change of address for Erin E Weeks;

12/17/2003 Notice - Printed

12/17/2003 Hearing - Summary Judgment ▾

Hearing Time
04:30 PM

Cancel Reason
Cancelled

Result
Cancelled

Comment
Comment: Russell Pike OFF-cancelled by moving party (no order to reset); Event Status: Cancelled; Est length of time: 30 Minute(s)

12/19/2003 Order ▾

Judicial Officer
KOCH, DALE R

Comment
Comment: staying def Highlands Insuranc Co 60 days from 11/6/03 to 1/5/04;w/attached letter+copy injunction & appt receiver frm district court of travis cty texas #gv304537; Room: XDSM; Court Action: Signed; Court Action Date: 12/19/2003; Judge: DALE R KOCH;

12/29/2003 Call - Civil ▾

9:00 AM

Set-Over Ptf

Set-Over

Comment: 1st Setting -; Event Status: Set-Over Ptf; Event Status Date: 12/16/2003;

Amiton, Marshall L.    Comment: w/motion.Reset the trial to 9/30/04 date certain-Granted;
Court Action: Signed; Court Action Date: 01/15/2004; Judge: Marshall
L. Amiton;

Amiton, Marshall L.    Comment: reset the trial to 9/30/04 date certain-Granted; Court Action:
Signed; Court Action Date: 01/15/2004; Judge: Marshall L. Amiton;

Comment: of appearance ex parte for motion to setover trial;

01/28/2004 Notice - Printed

01/30/2004 Notice - Printed ▾

Comment
Comment: Mr Gordon req notice/did not get addr change into ojin;

02/20/2004 Call - Civil ▾

Hearing Time
9:00 AM

Cancel Reason
Set-Over Def

Result
Set-Over

Comment
Comment: - - Reason for this call setting PTF atty Folawn, discovery incomplete ( 2-3 weeks ); Event
Status: Set-Over Def;

03/16/2004 Certificate - Alternative Dispute Resolution ▾

Comment
Comment: Mediation;

03/19/2004 Certificate - Alternative Dispute Resolution

03/22/2004 Affidavit - Service ▾

Comment
Comment: copy of Cert of Alternative dispute resolution; Court Action: Mailed; Court Action
Date: 03/19/2004;

04/09/2004 Certificate - Alternative Dispute Resolution ▾

Comment
Comment: RE: Judicial Settlement Conf. (Amended);

04/09/2004 Certificate - Alternative Dispute Resolution ▾

Comment
Comment: RE: Judicial Settlment Conf. 3/4/04;

04/09/2004 Certificate - Service ▾

Comment
Comment: Served amended certificate of Alternative Dispute Resolution by mail upon counsel
on 4/6/04;

05/05/2004 Certificate - Alternative Dispute Resolution

05/20/2004 Motion - Summary Judgment

05/20/2004 Memorandum - Support Motion

05/20/2004 Affidavit - Supporting Motion

Comment: of david j ryan w/attached;

05/20/2004 Continue

Comment: pursuant to slr 5.015(8);

06/01/2004 Order

KOCH, DALE R          Comment: Specially Assigning Case to Judge Gernant for all Pre-Trial
                      anb Trial Matters; Court Action: Signed; Court Action Date:
                      06/01/2004; Judge: DALE R KOCH;

06/01/2004 Hearing - Case Management

2:20 PM

Comment: re complex case designation; Est length of time: 10 Minute(s)

06/04/2004 Assignment - Trial Judge

Judicial Officer            Comment
Gernant, David             Comment: Pre-Trial and Trial; Room: TDJG;

06/17/2004 Motion ▾

Comment
Comment: for Admission of Thomas M Jones Pro Hac Vice;

06/17/2004 Affidavit - Supporting Motion ▾

Comment
Comment: of Thomas M Jones w/attached; Judge: DAVID GERNANT ALL MATTERS;

06/17/2004 Order ▾

Judicial Officer            Comment
Wilson, Janice R           Comment: Granting Motion for Admission of Thomas M Jones Pro Hac
                           Vice; Court Action: Signed; Court Action Date: 06/17/2004; Judge:
                           Janice R Wilson;

06/17/2004 Motion ▾

Comment
Comment: for Admission of Micahel D Handler Pro Hac Vice;

06/17/2004 Affidavit - Supporting Motion ▾

Comment
Comment: w/attached;

06/17/2004 Order ▾

Judicial Officer            Comment
Wilson, Janice R           Comment: Granting Motion for Admission of Michael D Handler Pro
                           Hac Vice; Court Action: Signed; Court Action Date: 06/17/2004; Judge:
                           Janice R Wilson;

06/18/2004 Order ▼

Gernant, David — Comment: ptf to file motion on defense cost issue by 7/30/04;response by 10/29/04;tentative trial 3/7/05 thru 3/17/05; Court Action: Signed; Court Action Date: 06/18/2004; Judge: David Gernant;

06/18/2004 Hearing - Status Check ▼

Hearing Time

9:00 AM

Est length of time: 20 Minute(s)

06/24/2004 Order ▼

Gernant, David — Comment: Stip; For Entry of Protective Order; Court Action: Signed; Court Action Date: 06/24/2004; Judge: David Gernant;

06/29/2004 Order - Protected ▼

Gernant, David — Comment: Confidential materail shall be used only for purposes of this litigation; all materials to be designated as confident- ial pursuant to this protect- ive order; Court Action: Signed, Court Action Date: 06/29/2004; Judge: David Gernant;

07/09/2004 Hearing - Summary Judgment ▼

Hearing Time
9:15 AM

Cancel Reason
Cancelled

Cancelled

Event Status: Cancelled; Event Status Date: 07/07/2004; Est length of time: 30 Minute(s)

Comment: to file document under seal;

Amiton, Marshall L.    Comment: DEF s motion to file document under seal requesting the
                       Settlement agreement to be sealed; Court Action: Signed; Court
                       Action Date: 07/21/2004; Judge: Marshall L. Amiton;

Comment: partial re atty fees;

Comment: no 5 to affidavit of russell w pike filed under seal;

07/22/2004 Affidavit - Supporting Motion ▼

Comment
Comment: of russell w pike w/attached;

07/30/2004 Motion - Summary Judgment ▼

Comment
Comment: partial re: defs duty to de- fend zidell w/supporting memo w/attached;

Motion - Summary Judgment ▼

Comment: partial;

Motion -

Comment: file document under seal;

Motion -

Comment: documents under seal of the court A;

Motion Affidavit -

Comment: of John Folawn in support of PTF s motion for parrtial summary judgment w/attached;

Motion Affidavit -

Comment: of Mark Edwin Johnson in support of PTF s motion for partial summary judgment;

08/09/2004 Judgment - Limited Dismissal ▼

| Judicial Officer | Comment |
|---|---|
| KOCH, DALE R | Comment: stipulated w/prej w/o money award as to def RLI ONLY; does not create jgmt lien; Court Action: Signed; Court Action Date: 08/06/2004; ; DEF:RLI_INSRUANCE COMPANY; JUD:KOCH_ DALE_ R; PTF:CERTAIN UNDERWRITERS AT LLOYDS |

08/11/2004 Notice - Judgment Entry

08/12/2004 Motion ▾

Document

Comment: to file document under seal;

08/12/2004 Order ▾

Judicial Officer          Document

Bearden, Frank L          Comment: DEF 2 requesting settlement agreement in ZRZ Realty et al
                         v Beneficial Fire & Casualty Ins et al to be sealed; Court Action:
                         Signed; Court Action Date: 08/12/2004; Judge: Frank L Bearden;

08/12/2004 Motion ▾

Document

Comment: to file document under seal w/supporting affidavit & certificate of service /s/ Century
Indemnity;

08/12/2004 Order ▾

Judicial Officer          Document

Bearden, Frank L          Comment: def Century Insurance motion to file document under seal
                         re settlement agreement in case 970806226;w/cert of service; Court
                         Action: Signed; Court Action Date: 08/11/2004; Judge: Frank L
                         Bearden;

08/12/2004 Motion ▾

Document

Comment: joinder in motion for partial summary judgment re atty fees by Century Indemnity Co
w/defs Continental Ins & Glens Falls motions;

08/13/2004 Affidavit - Supporting Motion ▾

Comment

Comment: Pamela Lang w/exhibits 2 & 3 (exhibit 1 filed under seal);

08/13/2004 Other ▾

  Comment
  Comment: exhibit 1 under seal to Pamela Longs affidavit;

08/30/2004 Motion - Summary Judgment ▾

  Comment
  Comment: partial re: defense costs;

08/30/2004 Affidavit - Supporting Motion ▾

  Comment
  Comment: pamela lang w/attached;

08/30/2004 Motion ▾

  Comment
  Comment: stay;

08/30/2004 Affidavit - Supporting Motion ▾

  Comment
  Comment: pamela lang w/attached;

09/01/2004 Certificate - Service ▾

  Comment
  Comment: of stipulated judgment od dismissal w/prejudice as to Maine Bonding Casualty co. on
  9/1/04;

09/01/2004 Judgment - Limited Dismissal ▾

  Judicial Officer
  KOCH, DALE R

Comment

Comment: stipulated as to def 4 ONLY w/prej w/o money award; does not create jgmt lien; Court Action: Signed; Court Action Date: 09/01/2004; ; DEF:MAINE BONDING AND CASUALTY COM; JUD:KOCH_ DALE_ R; PTF:CERTAIN UNDERWRITERS AT LLOYDS

09/03/2004 Notice - Judgment Entry

Comment: joinder in defs continental insurance co and glens falls insurance co s motion for partial summary jgmt re atty fees; Defendant: NATIONAL UNION FIRE INSURANCE

Comment: michael d handler in support of joinder;

Comment: for partial stay;

9:00 AM

Cancelled

Cancelled

Comment

Comment: Date Certain KAL Settle Conf: Fair *ASSIGNED TO JG.GERNANT* Reason for this call setting DEF atty Polscer, settlement conf. w/Judge LaMar 3/4/04 ( 2 weeks ); Event Status: Cancelled;

10/04/2004 Other ▾

Comment

Comment: Joinder s in DEF s Century Indemnity Co. motion to stay; Defendant: BENEFICIAL FIRE AND CASUALTY I

10/05/2004 Other ▾

Comment

Comment: joinder to century indemnity co s motion to stay; Defendant: CONTINENTAL INSURANCE COMPANY Defendant: GLENS FALLS INSURANSE COMPANY

10/06/2004 Order ▾

Judicial Officer
Gernant, David

Comment
Comment: reply 11/12/04 12/10/04 for oral argument @ 2pm (DISREGARD ENTERED DATE SHOULD BE 10/6/04) (found in file not entered); Court Action: Signed; Court Action Date: 10/06/2004; Judge: David Gernant;

10/22/2004 Notice - Hearing

10/25/2004 Memorandum - Opposing Motion ▾

Comment

Comment: to PTF s motion for psrtial summary jdugment as to duty to DEF Zidell, moition for Summary judgment;

10/25/2004 Notice ▾

Comment

Comment: of change of address for Richard A lee;

10/29/2004 Response

Comment: to motions for summary jgm.l re: defense costs & atty fees **Filed under Seal**;

10/29/2004 Affidavit

Comment: of of John Folawn in support of PTF s resp. to motion for summary judgment re: defenses cost & atty fees **Filed under seal**;

10/29/2004 Motion

Comment: for leave to file documents under seal;

10/29/2004 Motion

Comment: to file document under seal;

10/29/2004 Memorandum

Comment: opposition to ptfs motion for partial summary jgmt re: duty to defend;

10/29/2004 Affidavit

Comment: of russell w pike w/attached;

10/29/2004 Motion

Comment: SECOND; to file document under seal;

10/29/2004 Memorandum ▾

Comment
Comment: opposition and cross-motion for partial summary jgmt re: defense costs;

10/29/2004 Affidavit ▾

Comment
Comment: of michael d handler w/attached;

10/29/2004 Certificate - Service

10/29/2004 Certificate - Service

10/29/2004 Order ▾

Judicial Officer
Bearden, Frank L

Comment
Comment: GRANTING DEF US Fire insurance Co. s motion to file document under seal; Court Action: Signed; Court Action Date: 10/29/2004; Judge: Frank L Bearden;

10/29/2004 Other ▾

Comment
Comment: Joinder of US Fire Ins. in Beneficial Fire s & the Continental Ins. Co. & the Glenn Falls Ins. Co. motion for summary judgment; Defendant: INDUSTRIAL INDEMNITY COMPANY

10/29/2004 Affidavit ▾

Comment
Comment: of Richard A Lee in support of US Fire Ins. Co. Joinder in Beneficial Fire s & Glenns Falls motion for partial summary judgment d;

10/29/2004 Other ▾

Comment
Comment: Exhibit 1 to the affid. of Richard A Lee in support of motion for partial summary
judgment (Filed under seal); Defendant: INDUSTRIAL INDEMNITY COMPANY

10/29/2004 Affidavit ▼

Comment
Comment: of Pamela Lang in support of DEF s response to PTF s motion for partial summary
judgment;

10/29/2004 Response ▼

Comment
Comment: by Century Indemnity Co to ptfs motion for partial summ judgment as to def duty to
defend and cross motion for partial summ judgment re same;

10/29/2004 Other ▼

Comment
Comment: joinder of US Fire Insurance Co in Beneficial Fire memo in opposition to ptfs motion
for partial summary judgment re duty to defend and cross motion partial summ judgment;

10/29/2004 Affidavit - Supporting Motion ▼

Comment
Comment: Richard A Lee;

10/29/2004 Order ▼

Judicial Officer
Bearden, Frank L

Comment
Comment: granting US Fire Insurance Co motion to file under seal
w/exhibit 1; Court Action: Granted; Court Action Date: 10/29/2004;

11/05/2004 Order ▼

Judicial Officer

Gernant, David

Comment

Comment: PTF s motion for stay DENIED DEF s motion for stay is neither granted nor denied at this time,and will rule pending motion summ/jgmt-oral argument set for 12/10/04; Court Action: Signed; Court Action Date: 11/05/2004; Judge: David Gernant;

11/12/2004 Other ▾

Comment

Comment: joinder in reply for partial summary jgmt re: defense costs FILED UNDER SEAL;
Defendant: NATIONAL UNION FIRE INSURANCE

11/12/2004 Other ▾

Comment

Comment: joinder in reply for partial summary jgmt re: atty fee claims FILED UNDER SEAL;
Defendant: NATIONAL UNION FIRE INSURANCE

11/12/2004 Affidavit ▾

Comment

Comment: of michael d handler in supp- ort of joinder w/attached;

11/12/2004 Certificate - Service

11/12/2004 Memorandum - Reply ▾

Comment

Comment: in support of motion for par- tial summary jgmt re atty fee claim;

11/12/2004 Memorandum - Reply ▾

Comment

Comment: to london s opposition to mo- tion for summary jgmt re: stat attys fees;

11/12/2004 Reply ▾

Comment
Comment: in support of motion for summary judgment re: defense costs;

11/12/2004 Affidavit ▾

Comment
Comment: second of Pamela Lang in suppo rt of def century indemnity motion for partila summary judgmentr re: defense costs;

11/12/2004 Affidavit ▾

Comment
Comment: of Dean Dechaine in support of def s Century Indemnity Co. s motion for partial summary judgment re: defense;

11/12/2004 Reply ▾

Comment
Comment: to def s response to motion for summary judgment re: defense costs;

12/09/2004 Judgment - Limited Dismissal ▾

Judicial Officer
KOCH, DALE R

Comment
Comment: stipulated w/prej w/o money award does not create jgm lien; Court Action: Signed; Court Action Date: 12/09/2004; ; DEF:MASSACHUSETTS BONDING &amp; INSURA; JUD:KOCH_ DALE_ R; PTF:CERTAIN UNDERWRITERS AT LLOYDS

12/10/2004 Hearing - Oral Argument ▾

Hearing Time
2:00 PM

Comment
Est length of time: 3 Hour(s)

12/13/2004 Notice - Judgment Entry

01/13/2005 Order - Court Protective ▼

Judicial Officer
Gernant, David

Comment
Comment: stipulated re: reporting of proceedings by stenographic means; Court Action: Signed; Court Action Date: 01/13/2005; Judge: David Gernant;

01/13/2005 Judgment - Limited Dismissal ▼

Judicial Officer
Gernant, David

Comment
Comment: w/o prej w/o money award; does not create jgmt lien; Court Action: Signed; Court Action Date: 11/12/2004; ; DEF:HIGHLANDS INSURANCE COMPANY; JUD:GERNANT_ DAVID_; PTF:CERTAIN UNDERWRITERS AT LLOYDS

01/17/2005 Notice - Judgment Entry

03/07/2005 Trial - Twelve Person Jury ▼

Hearing Time
9:00 AM

Comment
Comment: Order of dismissal pending per plaintiff atty; will cancel trial date once received - hb; Est length of time: 8 Hour(s)

03/28/2005 Order - Stipulated ▼

Judicial Officer
Gernant, David

Comment
Comment: re sealed documents;all docs previously filed under seal may be unsealed; Court Action: Signed; Court Action Date: 03/28/2005; Judge: David Gernant;

04/28/2005 Notice ▼

Comment

Comment: of asoc of counsel; that John Folawn is hereby assoc. w/ counsel for ptf;

### 07/14/2005 Order - Substituting Attorney ▾

| Judicial Officer | Comment |
|---|---|
| KOCH, DALE R | Comment: of John Folawn of Kirklin Folawn LLP for PTF s; Court Action: Signed; Court Action Date: 07/15/2005; Judge: DALE R KOCH; |

### 09/08/2005 Order ▾

| Judicial Officer | Comment |
|---|---|
| Gernant, David | Comment: DEF s partial summary judgment re: costs & atty fees GRANTED PTF s motion for partial summary judgment DENIED; Court Action: Signed; Court Action Date: 09/08/2005; Judge: David Gernant; |

### 09/08/2005 Closed

### 09/08/2005 Judgment - General Creates Lien ▾

| Judicial Officer | Comment |
|---|---|
| Gernant, David | Comment: w/Money Award; Court Action: Signed; Court Action Date: 09/08/2005; ; JUD:GERNANT_ DAVID_ |

### 09/19/2005 Notice - Judgment Entry

### 09/26/2005 Notice - Appeal ▾

Comment
Comment: from 9/16/05 judgment by Judge David Gernant w/attached designation of record;

### 11/17/2005 Certificate ▾

Comment
Comment: of notice to reporter/transcri ber re transcript due date 11/20/05;

Comment: re 3/7/05 hearing before the Honorable Judge Gernant Iva Osman court transcriber;

Comment: of filing and proof of service /s/ Iva Osman;

Comment: re 12/10/04 proceedings before Honorable David Gernant /s/ Teach Reporting Inc;

Comment: of filing & proof of mailing;

Comment: of time (14 days)from 11/21/05 to 12/6/05 /s/ Colleen McCarty;

Comment: sent to COA - A129974 10 files, 2 trans & 9 sealed filings;

File sent to Court of Appeals - A129974. Returned from Court of Appeals 12/02/11.

11/09/2011 Substitution of Attorney ▾

Comment
Comment: Re Atty Carson in Place of Atty Kilmer;

11/16/2011 Order - Reversing On Appeal ▾

Comment
Comment: in part;

11/16/2011 Order - Remand on Appeal

11/16/2011 Remove - Inactive Status

11/16/2011 Judgment - Enforce Appellate ▾

Comment
Comment: A129974 w/Money Award Reversed in part and remanded Reconsideration
allowed/former opinion modified & adhered to as modified Effective date Oct 25 2011; ;
DEF:CONTINENTAL INSURANCE COMPANY; DEF:BENEFICIAL FIRE AND CASUALTY I;
DEF:NATIONAL UNION FIRE INSURANCE; DEF:INDUSTRIAL INDEMNITY COMPANY

11/16/2011 Reinstated ▾

Comment
Room: REIN;

11/18/2011 Notice - Judgment Entry

12/05/2011 Return - Mail ▾

Comment
Comment: NOEJ - RTS UTF Not Deliverable as Addressed;

12/06/2011 Miscellaneous ▾

Comment
Comment: Returned from COA - A129974 10 Files & Sealed Exhibits;

01/13/2012 Substitution of Attorney ▾

Comment
Comment: Re Atty Brown in Place of Atty Mintzer;

06/26/2012 Hearing - Case Management ▾

Hearing Time
02:40 PM

Comment
Comment: CALL/Trial - N/A CASE RETURNED FROM COURT OF APPEALS ON 12/6/11; Est length
of time: 10 Minute(s)

06/27/2012 Order - Designating Complex Case ▾

Judicial Officer          Comment
Waller, Nan G             Comment: w/Motion From Conference w/ Presiding Judge;
                          Designating Case as Complex & Assigning Case to Judge You for All
                          Pre-Trial & Trial Matters;; Court Action: Signed; Court Action Date:
                          06/27/2012; Judge: Nan G Waller;

07/11/2012 Assignment - Trial Judge ▾

Judicial Officer          Comment
YOU, YOULEE Y             Comment: Complex;

07/25/2012 Hearing - Case Management ▾

Hearing Time
11:00 AM

Comment
Est length of time: 1 Hour(s)

08/22/2012 Motion ▾

Comment
Comment: for admission Kenneth H Sumner pro hac vice for DEF;

08/22/2012 Declaration ▾

Comment
Comment: in support of mo/pro hac vice w/cert of compliance;

08/22/2012 Order ▾

Judicial Officer
YOU, YOULEE Y

Comment
Comment: allowing Kenneth H Sumner pro hac vice for National Unions; Court Action: Signed; Court Action Date: 08/16/2012; Judge: YOULEE Y YOU;

09/17/2012 Motion - Summary Judgment

09/17/2012 Declaration ▾

Comment
Comment: of Christopher T Carson in supp f Def 2s mot f/summ jgm w/att;

09/17/2012 Motion - Summary Judgment ▾

Comment
Comment: Phase One mot Timing and Scope of Londons Contribution claim mot f/part summ jgm re scope of Londons contribution claim;

09/17/2012 Memorandum ▾

Comment
Comment: Phase one motion Timing/scope of Londons contribution claim Memo of pts and authorities in supp of Defs mot for part summ jgm re scope of Londons contribution claims;

09/17/2012 Declaration ▾

Comment
Comment: Phase one mot Timing/scope of Londons contribution claim declar of Thomas W
Brown in supp of Defs mot/part summ jgm re scope/Londons contribution claim w/att;

09/17/2012 Declaration ▾

Comment
Comment: of Richard A Lee in supp of mot for summ jgm on Def 5s claim for equitable relief
w/att;

09/17/2012 Motion - Summary Judgment ▾

Comment
Comment: re applicability of ORS 465.480(5);

09/17/2012 Motion - Summary Judgment ▾

Comment
on Plaintiff's Claim for Equitable Contribution.

09/28/2012 Motion ▾

Comment
Comment: f/spec admiss of Eliot R Hudson pro hac vice;

09/28/2012 Declaration ▾

Comment
Comment: of Christopher T Carson in supp of mot for spec admiss of Eliot R Hudson pro hac
vice w/att;

09/28/2012 Order ▾

Judicial Officer

YOU, YOULEE Y          Comment
                       Comment: ALLOWING application f/admiss of Eliot R Hudson pro hac
                       vice; Court Action: Signed; Court Action Date: 09/26/2012; Judge:
                       YOULEE Y YOU;

10/08/2012 Motion - Summary Judgment

Comment: Cross motions for summ jgm;

10/05/2012 Memorandum

Comment: re comm law equitable contri- bution;

10/05/2012 Memorandum

Comment: re ORS 465.480(4);

10/05/2012 Memorandum - PLTFF

Comment: re case;

10/05/2012 Memorandum

Comment: re exhaustion of policy limits;

10/05/2012 Declaration

Comment: of John Folawn in supp of Ptfs cross mots for summ jgm w/att;

10/05/2012 Motion

to Defer Ruling on Defendant U.S. Fire Insurance Co.'s Motion for Summary Judgment in Order
to Take Discovery.

Comment: f/expedited discovery as to Def 9 w/att;

Comment: in Support of Motion for Summary Judgment;

Comment: to London s Opposition Re Common Law Equitable Contribution;

Comment: in Support of Motion for Summary JGM and Opposition To Ptf s Cross-Motion for
Summary JGM re Equitable Contribution;

Comment: in Support of Motion for Summary JGM and Opposition To Ptf s Cross-Motion for
Summary JGM;

Comment: to Ptfs Motion for Summary Judgment;

Supplemental of Richard A. Lee in Support of Motion for Summary Judgment on Plaintiff's Claim for Equitable Contribution.

Comment: to Def 9 Atty Re Nonpayment of $100 for Motion for Summary Judgment; Show Cause Hearing Will Be Set in 10 Business Days if Fee Not Paid; Room: AFO ; Event Status: Cancelled;

Comment: DEF United States Fire Insur- ance Companys RESP to Londons MOT to defer ruling on US Fires MOT for summary jgm in order to take discovery (US Fire not a named DEF);

Comment: in support w/attached;

Comment: to London s Motion for Expedited Discovery;

9:30 AM

Comment: Expedited Discovery; Est length of time: 15 Minute(s)

11/01/2012 Motion ▼

Comment
Comment: to reset oral argument on Ptfs mot f/summ jgm w/att;

11/08/2012 Motion ▼

Comment
Comment: to reset oral argument on sum/jgmt;

11/09/2012 Hearing - Summary Judgment ▼

Hearing Time
9:00 AM

Comment
Est length of time: 3 Hour(s)

11/16/2012 Order - Stipulated ▼

Judicial Officer
YOU, YOULEE Y

Comment
Comment: re reporting of proceedings by steno means re hearing of
11/9/12 Official rec w/b that of steno; Court Action: Signed; Court
Action Date: 11/09/2012; Judge: YOULEE Y YOU;

12/14/2012 Hearing - Case Management ▼

Hearing Time
3:30 PM

Comment
Comment: Parties may appear by phone.; Est length of time: 30 Minute(s)

12/17/2012 Order - Summary Judgment ▼

Judicial Officer
YOU, YOULEE Y

Comment
Comment: On Defs mots f/summ jgm and Ptfs cross motion f/summ jgm Defs mot f/summ jgm DENIED and Ptfs cross motion f/summ jgm GRANTED SEE FILE FOR COMPLETE DETAILS; Court Action: Signed; Court Action Date: 12/14/2012; Judge: YOULEE Y YOU;

12/24/2012 Response ▾

Comment
Comment: to National Unions First Request for Admissions;

01/10/2013 Hearing - Case Management ▾

Hearing Time
8:30 AM

Comment
Est length of time: 30 Minute(s)

01/14/2013 Letter ▾

Comment
Comment: Dated 1/7/13 TO: Jg You From: John Folawn Re: Status con- ference;

01/14/2013 Letter ▾

Comment
Comment: Dated 1/9/13 TO: Jg You From: Atty Chris Carson RE: Identifying issues during case management conference;

02/01/2013 Order ▾

Judicial Officer
YOU, YOULEE Y

Comment
Comment: Re Application of ORS 465.480 (4) For reasons discussed the court finds ORS 465.480(4) d/n apply to this case SEE FILE FOR COMPLETE DETAILS; Court Action: Signed; Court Action Date: 01/31/2013; Judge: YOULEE Y YOU;

03/04/2013 Trial - Twelve Person Jury  –

Hearing Time

9:00 AM

Cancel Reason

Cancelled

Result

Cancelled

Comment

Event Status: Cancelled; Event Status Date: 12/05/2012; Est length of time: 9 Hour(s)

03/04/2013 Trial - Subsequent Day  –

Hearing Time

9:00 AM

Cancel Reason

Cancelled

Result

Cancelled

Comment

Event Status: Cancelled; Event Status Date: 07/26/2012; Est length of time: 9 Hour(s)

03/04/2013 Trial - Subsequent Day  –

Hearing Time

9:00 AM

Cancel Reason

Cancelled

Result

Cancelled

Comment

Event Status: Cancelled; Event Status Date: 12/05/2012; Est length of time: 9 Hour(s)



9:00 AM

Cancelled

Cancelled

Event Status: Cancelled; Event Status Date: 12/05/2012; Est length of time: 9 Hour(s)

9:00 AM

Cancelled

Cancelled

Event Status: Cancelled; Event Status Date: 12/05/2012; Est length of time: 9 Hour(s)

9:00 AM

Cancelled

Cancelled

Event Status: Cancelled; Event Status Date: 12/05/2012; Est length of time: 9 Hour(s)

03/09/2013 Trial - Subsequent Day ▾

Hearing Time
9:00 AM

Cancel Reason
Cancelled

Result
Cancelled

Comment
Event Status: Cancelled; Est length of time: 9 Hour(s)

04/11/2013 Hearing - Case Management ▾

Hearing Time
3:30 PM

Cancel Reason
Set-Over Court

Result
Set-Over

Comment
Comment: Scheduling conference; Event Status: Set-Over Court; Event Status Date: 04/12/2013; Est length of time: 30 Minute(s)

04/12/2013 Motion - Summary Judgment

04/12/2013 Declaration ▾

Comment
Comment: of John Folawn in supp of Ptfs mot for summ jgm re Londons conduct w/equitable w/att;

04/26/2013 Hearing - Case Management ▾

Hearing Time
1:30 PM

Comment
Comment: Scheduling conference; Est length of time: 30 Minute(s)

04/29/2013 Stipulation ▾

Comment
Comment: Allowing Ptfs to File Amended Complaint;

04/29/2013 Complaint - Amended ▾

Comment
Comment: Contribution; Declaratory Judgment; NOT SUBJECT TO MANDATORY
ARBITRATION;

05/07/2013 Response ▾

Comment
Comment: To Ptfs Motion For Summary Jgm Re: London s Conduct Was Equitable;

05/08/2013 Answer - Affirmative Defense ▾

Comment
Comment: to Ptfs amended complaint;

05/08/2013 Notice ▾

Comment
Comment: ch of addr for Def 8s counsel;

05/09/2013 Memorandum - Opposing Motion ▾

Comment
Comment: For Partial Summary Jgm Re: Equitable Conduct;

05/09/2013 Declaration ▼

Comment
Comment: of Christopher T. Carson w/attached;

05/09/2013 Declaration ▼

Comment
Comment: of Christopher T. Carson In Support of Memo In Opposition To Ptf s Motion For
Partial Summary Jgm Re: Equitable Conduct w/attached;

05/09/2013 Opposition ▼

Comment
Comment: Joinder To Beneficial Fire Casualty Ins. Opposition To Ptfs Motion For Partial Sum-
mary Judgmetn Re: Equitable Conduct; Defendant: NATIONAL UNION FIRE INSURANCE

05/13/2013 Answer - Affirmative Defense ▼

Comment
Comment: counterclaim and crossclaim against the other Defs;

05/13/2013 Hearing - Summary Judgment ▼

Hearing Time
9:00 AM

Cancel Reason
Set-Over Attorney

Result
Set-Over

Comment
Event Status: Set-Over Aty; Event Status Date: 04/26/2013; Est length of time: 2 Hour(s)

05/15/2013 Answer ▼

Case 16-03127-rld    Doc 95    Filed 11/30/16

Comment
Comment: to Ptfs amended complaint;

05/17/2013 Reply ▾

Comment
Comment: In Support of Motion For Summary Jdgm Re London s Con- duct Was Equitable;

05/22/2013 Answer - Affirmative Defense ▾

Comment
Comment: to Ptfs 10 and 3s crossclaims;

05/22/2013 Order ▾

Judicial Officer          Comment
YOU, YOULEE Y           Comment: Re Reporting of Proceedings by Stenographic Means for
                         Hearing; Court Action: Signed; Court Action Date: 05/22/2013; Judge:
                         YOULEE Y YOU;

05/22/2013 Hearing - Summary Judgment ▾

Hearing Time
10:00 AM

Comment
Est length of time: 2 Hour(s)

05/31/2013 Answer - Affirmative Defense ▾

Comment
Comment: to amended complaint;

06/03/2013 Order - Summary Judgment ▾

Judicial Officer
YOU, YOULEE Y

Case 16-03127-rld    Doc 95    Filed 11/30/16

Comment

Comment: on Ptfs mot f/part summ jgm re equitable conduct Evidence of Ptfs conduct m/b relevant t/iss addtntl time need f/dis- cover Def 2/all othr Defs req und ORCP 47F ALLOWED C FILE; Court Action: Signed; Court Action Date: 05/31/2013; Judge: YOULEE Y YOU;

06/04/2013 Hearing ▾

Hearing Time
11:00 AM

Comment
Comment: Scheduling conference; Est length of time: 1 Hour(s)

06/13/2013 Motion - Summary Judgment ▾

Comment
Comment: For Partial Summary JGM RE Contribution Based on Policy Limits;

06/13/2013 Declaration ▾

Comment
Comment: w/Attached;

07/11/2013 Memorandum - Opposing Motion ▾

Comment
Comment: For Partial Summary Jdgm Re Contribution Based On Policy Limits & In Support of Cross Motion For Partial Summary Jgm Re Time on The Risk;

07/11/2013 Declaration ▾

Comment
Comment: Christopher T Carson In Suppo- rt of Def s Memo In Opposition To Ptf s Mo For Partial Summ- ary Jgm Re Contribution Based On Policy Limits In Support of Cross Mo For Part. Sum Jgm;

Comment: to Ptfs mot for part summ jgm re contribution on policy limits;

Comment: of Richard A Lee in supp of Def 9s mot for part summ jgm re contribution based on policy limits w/att;

Comment: to Def 9 re nonpayment of $100 fee for response to summary judgment motion; show cause hearing will be set in ten business days if fee not paid; Room: AFO ; Event Status: Cancelled;

Comment: to Def 2s mot for part summ jgm re contribution based on policy limits and cross mot f/part summ jgm re time on the risk;

Comment: To Dismiss Amended Complaint;

Comment: of Christopher P Carson In Support of Def s Motion To Dismiss Amended Complaint Based on Good Faith Settlement w/attached;

Comment: for renewal of ord allowing admiss of Kenneth H Sumner pro hac vice;

Comment: of Thomas W Brown in supp of mot f/renewal of order allow admiss of Kenneth H Sumner pro hac vice w/att;

Waller, Nan G          Comment: Renewing ord allowing admiss of Kenneth H Sumner pro hac vice; Court Action: Signed; Court Action Date: 07/29/2013; Judge: Nan G Waller;

Comment: of Christopher T Carson In Support of Def s Motion To Dismiss Amended Complaint Based on Good Faith Settlement w/attached;

YOU, YOULEE Y          Comment: Renewing Allowing Admission of Kenneth H Sumner Pro Hac Vice; Court Action: Signed; Court Action Date: 07/26/2013; Judge: YOULEE Y YOU;

8:30 AM

Cancelled

Cancelled

Comment
Comment: Morning Only; Event Status: Cancelled; Event Status Date: 04/26/2013; Est length of time:
4 Hour(s)

08/06/2013 Trial - Subsequent Day ▼

Hearing Time
8:30 AM

Cancel Reason
Cancelled

Result
Cancelled

Comment
Comment: Morning Only; Event Status: Cancelled; Event Status Date: 04/26/2013; Est length of time:
4 Hour(s)

08/07/2013 Trial - Subsequent Day ▼

Hearing Time
8:30 AM

Cancel Reason
Cancelled

Result
Cancelled

Comment
Comment: Morning Only; Event Status: Cancelled; Event Status Date: 04/26/2013; Est length of time:
4 Hour(s)

08/08/2013 Reply ▼

Comment: On Motion For Partial Summary Jgm Re Contribution Based On Policy Limits & Opposition To Defs Cross Motions For Partial Summary Jdgm Re Time On The Risk;

Comment: Courtney C Dippel In Support of Ptf s Reply On Mo For Par- tial Summary Jgm Re Policy Limits & In Opposition To Defs Cross Motions For Partial Sum -mary Jgm Re Time On The Risk;

Comment: To Beneficial s Motion To Dismiss Amended Complaint;

Comment: of John Folawn In Support of Ptf s Opposition To Beneficial Motion To Dismiss w/attached;

Comment: In Support of Cross-Motion for Partial Simmary JGM Re Time on The Risk;

Comment: In Support of Motion to Dismiss Amended Complaint;

Comment: of Christopher T Carson in Support of Def 2 s Reply in Support of Motion to Dismiss Amended Complaint w/Attached;

Comment: Joinder to Def 2 s Reply Memorandum in Support of Cross-Motion for Partial Summary JGM Re Time on the Risk;

YOU, YOULEE Y        Comment: Re: Reporting of Proceedings Of Stenographic Means; Court Action: Signed; Court Action Date: 08/20/2013; Judge: YOULEE Y YOU;

9:00 AM

Comment: Pltf MSJ on Allocation Def Motion to Dismiss SB814; Est length of time: 3 Hour(s)

Comment: Supplemental; On Senate Bill 814 & Beneficial s Motion To Dismiss; Plaintiff: CERTAIN UNDERWRITERS AT LLOYDS

Comment: and resp to Ptfs suppl brief on Senate Bill 814;

Comment: of Christopher T Carson in supp of Def 2s mot to strike and Resp to Ptfs suppl brief on Senate Bill 814 w/att;

Comment: to Def 2s mot to strike;

Comment: for ord allowing admiss of Eliot R Hudson pro hac vice;

YOU, YOULEE Y  Comment: renewing ord allowing Eliot R Hudson pro hac vice; Court Action: Signed; Court Action Date: 09/17/2013; Judge: YOULEE Y YOU;

Comment: Against Defendant Fire and Casualty Insurance Company s Affirmative Defenses;

Comment: Against Defendant US Fire Insurance Company s Affiramtive Defenses;

Comment: Against Defendant The Continental Insurance Company & Glen Falls Insurance Company s Affirmative Defenses w/Attached;

Comment: to Ptfs ORCP 21 D mot;

Comment: of Andrew S Moses in supp of Defs 10 & 3s resp to Ptfs ORCP 21D mot w/att;

Comment: re affirmative defenses w/att;

Comment: for ord that the Courts 10/28/13 opinion applies e- qually t/Def 10 for itself and as succ b/merger t/Glens Falls Insur Co;

Comment: of Andrew S Moses in supp of Def 10 f/itself & b/merg to Glens Falls Insurance Cos mot f/ord w/att;

YOU, YOULEE Y     Comment: Although the court could d/m action based on lack of evid by ptfs, becasue SB814 was only recently enacted, the court allows limited discovery on good faith of settlement; Court Action: Signed; Court Action Date: 10/28/2013; Judge: YOULEE Y YOU;

Comment
Comment: of Eliot R Hudson In Support of Response In Opposition To Ptf s Rule 21 Motions
Re: Af- firmative Defenses;

11/15/2013 Hearing - Pre-Trial Conference ▾

Hearing Time
10:00 AM

Cancel Reason
Cancelled

Result
Cancelled

Comment
Event Status: Cancelled; Event Status Date: 11/12/2013; Est length of time: 2 Hour(s)

11/29/2013 Motion ▾

Comment
Comment: Def 9s joinder in Def 10s mot f/ord that the Courts 10/28/13 opinion applies equally to
Def 10;

11/29/2013 Declaration ▾

Comment
Comment: of Heather A Bowman in supp of Def 9s joinder in Def 10s mot f/ord that Courts
10/28/13 opinion applies equally to Def 10 w/att;

12/09/2013 Trial - Twelve Person Jury ▾

Hearing Time
9:00 AM

Cancel Reason
Cancelled

Result

Cancelled

Comment
Event Status: Cancelled; Event Status Date: 11/13/2013; Est length of time: 9 Hour(s)

12/10/2013 Trial - Subsequent Day ▾

Hearing Time
9:00 AM

Cancel Reason
Cancelled

Result
Cancelled

Comment
Event Status: Cancelled; Event Status Date: 11/13/2013; Est length of time: 9 Hour(s)

12/11/2013 Trial - Subsequent Day ▾

Hearing Time
9:00 AM

Cancel Reason
Cancelled

Result
Cancelled

Comment
Event Status: Cancelled; Event Status Date: 11/13/2013; Est length of time: 9 Hour(s)

12/12/2013 Trial - Subsequent Day ▾

Hearing Time
9:00 AM

Cancel Reason
Cancelled

Cancelled

Event Status: Cancelled; Event Status Date: 11/13/2013; Est length of time: 9 Hour(s)

9:00 AM

Cancelled

Cancelled

Event Status: Cancelled; Event Status Date: 11/13/2013; Est length of time: 9 Hour(s)

10:00 AM

Comment: Motion that Jd Order applies to Def Continental Ins.; Est length of time: 2 Hour(s)

| YOU, YOULEE Y | Comment: & sum jgm/counter/x-claims; US US Fire Ins Co & Def 10 mot GRANTED; PTF amend cmplnt DISM w/prej; Def 10 counter/x-clms DISM w/o prej; & x-Sum jgm mot DENIED*C File For Details*; Court Action: Signed; Court Action Date: 02/28/2014; Judge: YOULEE Y YOU; |
|---|---|

Comment
Comment: as to underlying settlements;

03/03/2014 Closed

03/03/2014 Judgment - Limited Dismissal ▼

Judicial Officer
YOU, YOULEE Y

Comment
Comment: as to Def 6 w/prejudice & w/o costs Does not create a jgm
lien; Court Action: Stipulated; Court Action Date: 02/28/2014; ;
DEF:NATIONAL UNION FIRE INSURANCE; JUD:YOU_ YOULEE_
YIM_; PTF:CERTAIN UNDERWRITERS AT LLOYDS

03/03/2014 Judgment - General Dismissal ▼

Judicial Officer
YOU, YOULEE Y

Comment
Comment: w/prej; Def 3 & 10 counter/x- claims dismissed w/o prej;
Defs entitled prevailing party fees & costs in supp jgm Does not create
a jgm lien; Court Action: Signed; Court Action Date: 02/28/2014; ;
JUD:YOU_ YOULEE_ YIM_; PTF:CERTAIN UNDERWRITERS AT
LLOYDS

03/17/2014 Notice - Judgment Entry

03/17/2014 Notice - Judgment Entry

03/20/2014 Bill - Cost ▼

Comment
Comment: Totalling $958.00 as to DEF 2 ONLY w/ attached;

03/25/2014 Judgment - Supplemental - Creates Lien ▼

Judicial Officer
YOU, YOULEE Y

Comment
Comment: w/Money Award as to PTf 1; Court Action: Signed; Court
Action Date: 03/21/2014; ; JUD:YOU_ YOULEE_ YIM_

03/31/2014 Notice - Judgment Entry

03/31/2014 Bill - Cost ▾

> Comment
> Comment: Total $613.00;

04/01/2014 Bill - Cost

04/01/2014 Judgment - Supplemental - Creates Lien ▾

> Judicial Officer
> YOU, YOULEE Y
>
> Comment
> Comment: w/Money Award; Court Action: Signed; Court Action Date: 03/31/2014; ; JUD:YOU_ YOULEE_ YIM_

04/04/2014 Notice - Judgment Entry

04/16/2014 Notice - Appeal ▾

> Comment
> Comment: from 3/17 jg w/designation of record w/attached (COPY) & submitted by Excess Ins Co;

04/17/2014 Notice - Amended Appeal ▾

> Comment
> Comment: from 3/17 jg w/designation of record w/attached (COPY);

04/21/2014 Notice ▾

> Comment
> Comment: of Deposit In Lieu Of Under- taking For Costs On Appeal;

04/21/2014 Notice ▾

Comment
Comment: of Association of Linda B Chap -man & Jeffrey D Laveson are associated w/John
Folawn & Courtney C Dippel of Folawn Alterman & Richardson LLP;

04/29/2014 Judgment - Supplemental - Creates Lien ▾

Judicial Officer          Comment
YOU, YOULEE Y          Comment: W/Money Award W/Attached; Court Action: Signed; Court
Action Date: 04/25/2014; ; JUD:YOU_ YOULEE_ YIM_

05/04/2014 Notice - Judgment Entry

05/12/2014 Certificate ▾

Amended; of Notice to Court Reporter/Transcriber /s/Transcript Coordinator

05/12/2014 Certificate ▾

of Notice to Court Reporter/Transcriber /s/Transcript Coordinator

05/12/2014 Certificate ▾

of Filing of Transcript 8/20/13 Motion /s/Shannon K. Krska

05/12/2014 Certificate ▾

of Filing of Transcript 11/9/12 motion /s/Shannon K. Krska

05/12/2014 Certificate ▾

of Filing of Transcript 5/22/13 motion /s/Shannon K. Krska

Amended; of Filing of Transcript 8/20/13 motion /s/Shannon K. Krska

Amended; of Filing of Transcript 11/9/12 motion /s/Shannon K. Krska

Amended; of Filing of Transcript 5/22/13 motion /s/Shannon K. Krska

Amended; of Prep & Serve of Transcript (COA# A156649)

COA A156649

of Prep & Service of Transcript /s/Julie A. Colling

2nd Amended of Notice to Court Reporter/Transcriber /s/Transcript Coordinator

07/15/2014 Certificate ▾

Comment
Amended of Prep and Service of Transcript CA A156649 /s/Shannon K Krska

07/24/2014 Notice ▾

Comment
of Change of Mailing Address

08/29/2014 Certificate ▾

Comment
of Filing of Transcript

07/08/2015 Notes - Correspondence ▾

Comment
Sent to COA - A156649. File submitted electronically, 1 envelope of sealed filings submitted via shuttle.

## Financial

CONTINENTAL INSURANCE COMPANY
Total Financial Assessment                                          $435.00
Total Payments and Credits                                         $435.00

| | | | | |
|---|---|---|---|---|
| 5/29/2003 | Transaction Assessment | | | $135.00 |
| 5/29/2003 | Counter Payment | Receipt # 3725088 | CONTINENTAL INSURANCE COMPANY | ($135.00) |
| 9/18/2012 | Transaction Assessment | | | $100.00 |
| 9/18/2012 | Counter Payment | Receipt # 6252598 | CONTINENTAL INSURANCE COMPANY | ($100.00) |
| 10/23/2012 | Transaction Assessment | | | $100.00 |
| 10/23/2012 | Counter Payment | Receipt # 6277690 | CONTINENTAL INSURANCE COMPANY | ($100.00) |
| 5/7/2013 | Counter Payment | Receipt # 6426809 | CONTINENTAL INSURANCE COMPANY | ($100.00) |

BENEFICIAL FIRE AND CASUALTY I

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $774.00 |
| | Total Payments and Credits | | | $774.00 |
| 7/14/2003 | Transaction Assessment | | | $135.00 |
| 7/14/2003 | Counter Payment | Receipt # 3758229 | BENEFICIAL FIRE AND CASUALTY I | ($135.00) |
| 12/8/2004 | Transaction Assessment | | | $39.00 |
| 12/8/2004 | Counter Payment | Receipt # 4115472 | BENEFICIAL FIRE AND CASUALTY I | ($39.00) |
| 9/17/2012 | Counter Payment | Receipt # 6252081 | BENEFICIAL FIRE AND CASUALTY I | ($100.00) |

| | | | | |
|---|---|---|---|---|
| 10/22/2012 | Transaction Assessment | | | $100.00 |
| 10/22/2012 | Counter Payment | Receipt # 6277425 | BENEFICIAL FIRE AND CASUALTY I | ($100.00) |
| 10/22/2012 | Counter Payment | Receipt # 6277426 | BENEFICIAL FIRE AND CASUALTY I | ($100.00) |
| 5/9/2013 | Counter Payment | Receipt # 6427953 | BENEFICIAL FIRE AND CASUALTY I | ($100.00) |
| 7/11/2013 | Transaction Assessment | | | $100.00 |
| 7/11/2013 | Counter Payment | Receipt # 6472766 | BENEFICIAL FIRE AND CASUALTY I | ($200.00) |

INDUSTRIAL INDEMNITY COMPANY

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $335.00 |
| | Total Payments and Credits | | | $335.00 |
| 6/30/2003 | Transaction Assessment | | | $135.00 |
| 6/30/2003 | Counter Payment | Receipt # 3746332 | INDUSTRIAL INDEMNITY COMPANY | ($135.00) |
| 11/1/2012 | Transaction Assessment | | | $100.00 |
| 11/1/2012 | Counter Payment | Receipt # 6283783 | INDUSTRIAL INDEMNITY COMPANY | ($100.00) |
| 7/19/2013 | Transaction Assessment | | | $100.00 |
| 7/19/2013 | Counter Payment | Receipt # 6478010 | INDUSTRIAL INDEMNITY COMPANY | ($100.00) |

CERTAIN UNDERWRITERS AT LLOYDS

|  |  |  |  | Total Financial Assessment | $451.50 |
|  |  |  |  | Total Payments and Credits | $451.50 |
| 4/14/2003 | Transaction Assessment |  |  |  | $167.00 |
| 4/14/2003 | Counter Payment | Receipt # 3694841 | CERTAIN UNDERWRITERS AT LLOYDS | | ($167.00) |
| 7/30/2004 | Transaction Assessment |  |  |  | $39.00 |
| 7/30/2004 | Counter Payment | Receipt # 4025473 | CERTAIN UNDERWRITERS AT LLOYDS | | ($39.00) |
| 9/29/2004 | Counter Payment | Receipt # 4066210 | CERTAIN UNDERWRITERS AT LLOYDS | | ($39.00) |
| 10/8/2012 | Counter Payment | Receipt # 6269046 | CERTAIN UNDERWRITERS AT LLOYDS | | ($100.00) |
| 4/12/2013 | Transaction Assessment |  |  |  | $100.00 |
| 4/12/2013 | Counter Payment | Receipt # 6407611 | CERTAIN UNDERWRITERS AT LLOYDS | | ($100.00) |
| 4/10/2014 | Transaction Assessment |  |  |  | $6.50 |
| 4/10/2014 | Counter Payment | Receipt # 6664960 | UNKNOWN | | ($6.50) |